UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____

ANDRE BISASOR,
     Plaintiff

Vs.                         CASE NO.: 1:25-CV-00251

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC,
And MARY K. DONAIS,
     Defendants
_____

### DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**I.**     **INTRODUCTION**

Through his Complaint, Plaintiff Andre Bisasor asserts claims for defamation, libel, false light/invasion of privacy, tortious interference with advantageous relations, intentional infliction of emotional distress ("IIED"), civil conspiracy, abuse of process, violation of 42 U.S.C. §1981, i.e., civil rights violations, violations of New Hampshire RSA 358-A, i.e., the New Hampshire Consumer Protection Act ("CPA"), breach of fiduciary duty, breach of implied contract and breach of implied covenant of good faith and fair dealing, and aiding and abetting defamation. Defendants, Craig Donais ("Donais"), Donais Law Offices PLLC and Mary K. Donais (collectively "Donais Defendants") move to dismiss Plaintiff's claims as the claims are time-barred and the statements upon which the claims rest are absolutely privileged, among other grounds argued herein. Plaintiff's claims all concern alleged statements made in 2019 and 2020 by or on behalf of Donais to the courts, police, or other public bodies or organizations. *Complaint, ¶¶ 65, 78, 83, 87, 129, 130-132, 147, 152, 217-223, 238, 314-315.*

On June 20, 2022, Plaintiff filed another action against Donais[1] and others based upon the complained-of statements in the Bristol Superior Court in Massachusetts.  *See 1:23-CV-00374-JL-TSM[2], Doc. 18*, Transfer of State Court Record, pp. 4 and 11.  On May 4, 2023, Plaintiff filed his First Amended Complaint.  *See Original Action Doc. 1-4, p. 4*.  On June 12, 2023, the matter was removed to the USDC in Massachusetts.  On July 27, 2023, the matter was transferred to this court.

On September 26, 2023, the Donais Defendants filed their Motion to Dismiss Plaintiff's First Amended Complaint in the Original Action. *Original Action Doc. 70, 70-1.*   In the instant Complaint, Plaintiff brings nearly identical causes of action against the Donais Defendants, now evidently based on New Hampshire law rather than the original complaint under Massachusetts law.  Compare, *Original Action Doc. 18, pp. 40-131, with Doc. 1-1.*  In the instant action, he has added an additional claim of defamation (Count I) and replaced the M.G.L. c. 93A count with a NH RSA 358-A count.  On November 6, 2023 and November 20, 2023, Plaintiff filed objections to the Donais Defendants' Motion to Dismiss.  *Original Action Doc. 97 and Doc. 118.*

On March 12, 2024, Plaintiff filed a Motion to Amend with his proposed <u>Second</u> Amended Complaint attached.  *Original Action Doc. 159 and 159-1.*  On March 13, 2024, Plaintiff filed his "Corrected" Motion to Amend with a corrected proposed <u>Second</u> Amended Complaint attached *Original Action Doc. 161 and 161-1.*  The proposed Second Amended Complaint outlined the same 13 counts found in the First Amended Complaint but added G.L. c. 176D claim against two John Doe Companies.

---

[1] Plaintiff also sued Donais in Middlesex Superior Court, Docket No. 2081CV000087, alleging defamatory statements of the exact same type and nature, which claims were dismissed on August 2, 2021 and in New Hampshire for similar causes of action.  Plaintiff appealed the dismissal of the Massachusetts action on a pro se ex parte appeal to the Massachusetts Appeals Court, Docket No. 2021-P-0965 ("Andre Bisassor [sic] v. Craig Donais") which was dismissed by the Massachusetts Appeals Court.  Plaintiff's wife has also filed two grievances against Defendant Craig Donais with the New Hampshire Attorney Discipline Office alleging the same Complaints.  Plaintiff and Plaintiff's wife have also filed another civil action against Defendant Craig Donais in New Hampshire in Hillsborough Superior Court North, Docket 226-2020-cv-00027.

[2] This action will hereinafter be referred to as the Original Action.

On June 3, 2024, Plaintiff filed a Notice of Voluntary Dismissal without Prejudice Pursuant to F.R.C.P. 41(a)(1)(A)(i). *See Original Action, Doc. 234, attached hereto as Exhibit A.* On June 3, 2025, Plaintiff filed the Complaint in the instant action, identifying it as a "[Re-Filed] Complaint and Demand for Jury Trial." *See Doc. 1-1, p .4.*

Pursuant to Fed. R. Civ. P. 12(b)(6), Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC now move that the Complaint be dismissed on the grounds that (a) Plaintiff's claims are entirely time-barred, (b) all statements by or on behalf of Donais are absolutely privileged, (c) Plaintiff has entirely failed to allege sufficient facts to state a cause of action against Mary Donais, (d) each count separately fails to state a cause of action, as outlined below, and (e) the complaint fails to comply with Rule 8, inasmuch as it is not a short and concise pleading. Plaintiff's Complaint should be dismissed.

## II.    ALLEGATIONS IN COMPLAINT

Plaintiff alleges the following in his Complaint:

1. On January 9, 2017[3], Plaintiff and Donais spoke for about 7 minutes, wherein Donais said that he could not undertake representation of Plaintiff as he "was too busy to take on this case on short notice." *Doc. #1-1, ¶ 863.*

2. In or around March 16, 2017, Donais made statements in an affidavit about Plaintiff regarding race discrimination. *Doc. 1-1, ¶¶ 234, 268, 281, 283 891.*

3. Plaintiff alleges that the statements from 2017 were republished to the Attorney Discipline Office ("ADO"). *Doc. 1-1, ¶ 87.*

4. On June 11, 2019, Donais made a report to the police. *Doc. 1-1, ¶ 219*

5. In June of 2019, Donais exchanged emails with Officer Nate Linstad,[4] stating:

   > I wanted to check with you about a potential criminal issue. I have a potential client who I declined who has filed an action against me, but now claims that they have a recording of my conversation with them. If they have a recording

---

[3]Plaintiff does not seek recovery for statements made in 2017. *Doc. #1-1, ¶ 858.*

[4]Although not alleged in the Complaint, Officer Linstad is a member of the Manchester NH Police Department.

of a conversation with me, it was done without my consent or knowledge, which would be a violation of the wiretap statute, as NH is a two-party state.  I would also not put it past them that they actually fabricated a recording, and claims that it is part of a conversation that they had with me.  You will note that they admit to this recording in the last sentence of the paragraph at the top of Page 3 in this PDF.  Can I file a police report on this and start a process to determine whether this is worthy of prosecution?  [].?

*Doc. 1-1, ¶ 223.*

6. In June 2019, Donais told the police that Plaintiff "challenged my declination, at which point I told him my practice does not include racial discrimination cases, and even if I did, I would need [to] perform a check for conflicts before undertaking representation. Upon hearing this, Andre became upset and asserted that Attorney O'Brien had represented to him that I would take his case. This was very strange since I had made the exact opposite statement to Attorney O'Brien. I recall repeatedly telling Andre that I was not interested in the case, that the timeline was unworkable, and that representation in discrimination cases was not within my practice. He noted that I did real estate work, and questioned why I was declining to represent him such that he intimated I was discriminating against him which I immediately denied since it was not true.   I then ended our telephone conversations."  *Doc. 1-1, ¶ 152.*

7. On June 18, 2019, Donais told Officer Dan Whelan of the Manchester Police Department in a recorded interview that "I would also not put it past them that they actually fabricated a recording, and claims that it was part of a conversation that they had with me" and "candidly, I wouldn't put it past them to have a recording and to have altered or doctored, the recording, because their grasp on reality is very tenuous."   *Doc. 1-1, ¶¶ 231-232, 87, 284.*

8. Plaintiff contends that Donais engaged in reckless speculation based upon a "vague non-specific sentence in a letter to the ADO from plaintiff's wife, that stated as follows: '(Note: There is also a recording that the plaintiff would like to share with the Discipline Office to prove the dishonesty of Mr. Donais.)'".  *Doc. 1-1,¶ 217.*

9. In August 2020, Donais made false statements and accusations claiming that the plaintiff was a violent criminal and a dangerous criminal threat.  *Doc. 1-1, ¶¶ 62, 125, 132.*

10. Plaintiff alleges that co-defendant Mary Donais "assists [her husband] with his law practice/law business" and "encouraged, knew of, and assisted [her husband] with his defamatory emails to the police about the plaintiff."  *Doc. 1-1, ¶¶ 22, 312, 641-642.*

11. Plaintiff alleges that "from the events in 2017 and again in 2019 and 2020," "Defendant published" various false and defamatory statements.  *Doc. 1-1, ¶¶ 1032, 1034.*

104403367

### III.    <u>STANDARD OF REVIEW</u>

In ruling on a F. R. Civ. P. 12(b)(6) motion, the trial court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory."  *Martin v. Applied Cellular Tech.*, 284 F.3d 1, 6 (1st Cir.2002).  A motion to dismiss for failure to state a claim upon which relief is proper when a complaint fails to allege "a plausible entitlement of relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007).  The allegations in the complaint must "possess enough heft to 'sho[w]' that the pleader is entitled to relief."  *Id.*

> Determining whether a complaint states a plausible claim for relief, will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – that the pleader is entitled to relief.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (internal citations omitted).

The court need not accept as true "bald assertions" or conclusions of law.  *Resolution Trust Corp. V. Driscoll*, 985 F.2d 44, 48 (1st Cir.1993) "'A pleading that offers labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft V. Iqbal*, 556 U.S. 662, citing *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555 (2007).  The motion should be granted when, "viewed in this manner, it appears beyond a doubt that the plaintiff can prove no set of Complaints in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Affirmative defenses can be raised in a motion to dismiss if "facts establishing the defense [are] . . . clear on the face of the plaintiff's pleadings" (internal quotations omitted).  *Aldahonda-Rivera v. Parke Davis & Co.*, 882 F.2d 590, 591 (1st Cir.1989).

The Court may consider "documents [outside the pleadings] the authenticity of which are not disputed by the parties . . . or . . . documents sufficiently referred to in the complaint." *Beane v. Dana S. Beane & Co., P.C.*, 160 N.H. 708 (2010), citing *Watterson v. Page*, 987 F.2d 1, 3 (1993).

IV.    **ARGUMENT**

    A.    **PLAINTIFF'S COMPLAINT IS TIME-BARRED**

        1.    **Plaintiff's Complaint, filed more than Four Years after the August 2020 alleged Statements, is Time-Barred**

Count IX, which alleges a violation of 42 USC § 1981, is governed by a four-year statute of limitations. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). A three-year statute of limitations governs the remaining 13 counts. *See RSA 508:4, I, see also Therrien v. Sullivan*, 153 N.H. 211, 213, (2006) (a "cause of action arises, thereby triggering the running of the three-year statute, once all the elements necessary for such a claim are present.") Plaintiff makes allegations of acts in 2019 and 2020. His suit, filed nearly five years later after the alleged August 2020 statements is time-barred. Thus, Plaintiff must prove "that an exception applies to toll the statute of limitations such that his [ ] claim would be timely filed." *Furbush v. McKittrick*, 149 N.H. 426, (2003). No such exception exists here, and his claims should be dismissed.

        2.    **The Savings Statute does not save Plaintiff's Time-Barred claims.**

Plaintiff alleges that the savings statute saves his otherwise time-barred claims. *Doc. 1.1, ¶¶ 833-835.* He further contends that based upon the "applicable Massachusetts renewal/savings statute, I assert that the claims going back to 2017 are preserved. If the Massachusetts renewal statute applies, then all the claims going back to 2017 are preserved." *Doc. 1.1., ¶ 833.*

The Massachusetts Appeals Court has stated that the purpose of the savings statute, M.G.L. c. 260, § 32, is "to relieve a person who, in the exercise of due diligence, within the time limited

6

by the general statute of limitations, has attempted to enforce a claim by suit, and has failed in such attempt by reason of some matter of form, which can be remedied in a new proceeding, and which does not affect the merits of his case." *Cannonball Fund, Ltd. v. Dutchess Capital Mgmt., LLC*, 84 Mass. App. Ct. 75, 84–85 (2013). "The inquiry does not turn solely on whether the first suit was voluntarily or involuntarily dismissed, although that is certainly a factor to be considered." *Cannonball* at 88. Similarly, the New Hampshire savings statute, NH RSA 508:10 provides that "[i]f judgment is rendered against the plaintiff in an action brought within the time limited therefor, or upon a writ of *error* thereon, and the right of action is not barred by the judgment, a new action may be brought thereon in one year after the judgment." (emphasis added.)

The New Hampshire "statute benefits suitors who are compelled to abandon their present action, whether by their own act or the act of the court, when either would leave them with a cause of action, yet undetermined. A second action will be precluded where the amended complaint fails to cure the deficiency." *Fastrack Crushing Services, Inc. v. Abatement International/Advatex Associates, Inc.*, 153 N.H. 284, 289 (2006) (internal citations and quotations omitted). It "allows a plaintiff, under certain circumstances, to bring a second suit within one year following disposition of a prior action." *Arsenault v. Scanlon*, 139 N.H. 592, 594 (1995).

Here, Plaintiff filed a notice of voluntary dismissal without prejudice pursuant to F.R.C.P. 41(a)(1)(A)(i). *See Ex. A*. Plaintiff gave no reason for the dismissal in his notice, other than he had the "absolute right" to voluntarily dismiss the case. *Id.* At the time of the dismissal, all defendants had pending motions to dismiss. The Donais Defendants moved for dismissal on substantially similar grounds as argued herein, i.e., (a) all statements by or on behalf of Donais are absolutely privileged, (b) Plaintiff has entirely failed to allege sufficient facts to state a cause of action against Mary Donais, (c) each count separately failed to state a cause of action, and (d) the

plaintiff did not comply with Rule 8, inasmuch as it is not a short and concise pleading. *Original Action, Doc. 70, 70-1.* Also, to the extent that certain causes of action are based upon (in whole or in part) either (a) a 2017 telephone call between Donais and Plaintiff, (b) a March 2017 affidavit filed by Donais in another matter, or (c) Donais' June 18, 2019 statements to the Manchester Police, such causes of action were time barred. *Id.*

Plaintiff did not dismiss the Original Action to remedy a matter of form or cure a deficiency, and the Massachusetts Savings Statute does not assist him. For example, dismissal for a lack of personal jurisdiction is considered a dismissal arising out of matters of form. *Rodi v. Southern New England School of Law*, 389 F.3d 5, 18 (2004). In *Rodi*, the First Circuit Court of Appeals commented that the savings statute was enacted to ensure that where a plaintiff has been *defeated* by some matter *not affecting the merits*, some defect or informality, which he can remedy or avoid by a new process, this statute of limitations shall not prevent him from doing so. *Rodi* at 18, citing *Coffin v. Cottle*, 33 Mass. (16 Pick.) 383, 386 (1835). In *Cannonball*, the plaintiffs dismissed their claims because they had an objectively reasonable expectation that the court would dismiss its claims on jurisdictional grounds. Such is not the case here.

Here, no deficiency has been "cured[5]." Rather, to avoid the likely dismissal on the merits, Plaintiff voluntarily dismissed his suit only to refile a nearly identical suit a year later. He does not benefit from the savings statute. Moreover, Plaintiff never presented a cause of action under the NH CPA in his original action or a separate count for defamation, so the savings statute is inapplicable to Plaintiff's Counts I and X.

### 3. <u>Certain Claims were Time-Barred in the Original Action such that even if the Savings Statute applies, the claims remain time-barred</u>

---

[5]Should Plaintiff claim that his change from a claim under the Massachusetts CPA (c. 93A) to the New Hampshire CPA (RSA 358-A) somehow cures a defect or other error, this is insufficient. Such a claim could have been made through a motion to amend in the Original Action.

104403367

Plaintiff's contract-based claims, his CPA violation claim (Counts I-III and IX-X), and any claims based upon acts prior to June 18, 2019 were time-barred at the time of the filing of the Original Action and remain time-barred.  As argued infra, none of these claims state a cause of action for which relief may be granted.  Additionally, these claims are entirely time-barred, as the events upon which each count is based – involving a potential consumer transaction, potential attorney/client relationship and/or potential contract between Donais and Plaintiff – *all occurred in 2017*.  Specifically, on January 9, 2017, Plaintiff and Donais spoke about potential representation.  Later in 2017, Donais submitted an affidavit in court about this communication in another matter.  Plaintiff does not, and cannot, allege any other events that form the basis of these claims.  Any claims based upon the events of 2017 were time-barred at the time Plaintiff filed his original complaint on June 20, 2022, more than five years later.

## B.    DEFENDANTS' STATEMENTS ARE PRIVILEGED

Statements made in the course of judicial proceedings are *absolutely* privileged from civil actions.  *McGranahan v. Dahar*, 119 N.H. 758, 763 (1979).  Specifically:

> statements made in the course of judicial proceedings are absolutely privileged from civil actions, provided they are pertinent to the subject of the proceeding. . . . The rule reflects a determination that the potential harm to an individual is far outweighed by the need to encourage participants in litigation, parties, attorneys, and witnesses, to speak freely in the course of judicial proceedings.  This rule does not assume that all persons who participate in judicial proceedings are free from malice.  Rather, it reflects a determination that the need to protect honest participants from vexatious litigation to vindicate themselves is so important that the law will not risk subjecting them to defamation suits merely in order that the occasional malicious participant may be penalized in damages. (internal citations omitted).

*McGranahan* at 763.  The question of pertinence or relevance is one of law, which can properly be decided on the pleadings on a motion to dismiss.  *McGranahan* at 766.  A statement "is presumed relevant unless [Plaintiff] demonstrates that it was 'so palpably irrelevant to the subject

matter of the controversy that no reasonable man can doubt its irrelevancy or impropriety.'" *McGranahan* at 766.

The First Circuit, citing <u>McGranahan</u> with approval, opined that the privilege provides "very broad protection" and extends "to any civil claim arising from statements made in the course of a judicial proceeding." *Hugel v. Milberg, Weiss, Bershad, Hynes & Lerach, LLP*, 175 F.3d 14, 16-17 (1999). In *Hugel*, plaintiff sued four law firms claiming defamation in connection with statements made in a complaint. The First Circuit stated that "it clear that the Supreme Court of New Hampshire views the privilege to extend to any civil claim arising from statements made in the course of a judicial proceeding." *Hugel*, 175 F.3d at 17.

The absolute privilege extends to statements made during attorney disciplinary proceedings, *McGranahan* at 763, and applies even though the challenged statements were not made in a courtroom. *Provencher v. Buzzell-Plourde Associates*, 142 N.H. 848, 854 (1998) citing *Bruce v. Byrne-Stevens & Associates Eng.*, 113 Wash. 2d 123, 776 P.2d 666, 673 (Wash. 1989) (the "privilege or immunity is not limited to what a person may say under oath while on the witness stand. It extends to statements or communications in connection with a judicial proceeding.") In *Provencher*, defendants testified as expert witnesses regarding the value of the plaintiff's property at an eminent domain hearing. Plaintiff subsequently brought an action against defendants, alleging that defendants gave inaccurate appraisals while testifying. Defendants moved to dismiss on the basis of immunity. *Provencher* at 850. The New Hampshire Supreme Court concluded that certain communications are absolutely privileged and therefore immune from civil suit and affirmed the lower court's dismissal of plaintiff's complaint.

A plain reading of Plaintiff's complaint demonstrates that his claims stem from Donais' role as a litigant or respondent in various civil matters before various courts and before the ADO.

As in *McGranahan*, there "is little question here of pertinency." *McGranahan* at 765. Plaintiff's allegations against the Donais Defendants rest upon Donais' actions as they related to the various court actions, attorney discipline proceedings and other judicial proceedings, all of which were initiated by either Plaintiff or his wife. The allegations about the supposed conduct of Donais are plainly pertinent and relevant to the underlying matters referenced in the complaint. The statements include the following: (a) a June 18, 2019 report to the police about the possibility of a wiretap violation and Donais' opinion that "I wouldn't put it past them to have a recording and to have altered or doctored, the recording, because their grasp on reality is very tenuous" *Doc. 1-1, ¶ 130*, (b) a June, 2019 email with the police about a "potential criminal issue" *Doc. 1-1, ¶ 223*, (c) a March 2017 filing of an affidavit with the court and its republishing to the ADO, wherein Donais, according to Plaintiff, falsely accuses him of racism during their January, 2017 telephone call, *Doc. 1-1, ¶¶ 234, 268, 281, 283 891*, and (d) an August, 2020 report to police *Doc. 1-1, ¶¶ 62, 125, 132*. He also vaguely alludes to statements made during, among other things, "settlement negotiations" involving Donais' attorney. *Doc. 1-1, ¶¶ 126, 1012, fn 10.* All are plainly pertinent to the disciplinary proceedings and/or the various court actions filed by Plaintiff. There is an absolute litigation privilege that precludes liability based upon such actions. All acts taken or statements made in connection with Donais' status as a litigant or respondent are absolutely privileged. See also *Lath v. Oak Brook Condominium Owners' Association*, 2018 WL 566825 *4. To the extent Plaintiff claims statements were made to family and other third parties, these statements are bald assertions or conclusions of law, which this court need not accept. *Resolution Trust Corp.*, at 48.

The privilege also extends to any statements Donais made to the police. *McGranahan v. Dahar*, at 769. The absolute privilege even applies if the statement was not made in good faith.

*Hungerford v. Jones*, 988 F. Supp. 22, 27 (1997).  In *Hungerford*, the plaintiff brought a defamation claim against his daughter's therapist for statements she made to the police and to the prosecutor.  In dismissing the defamation claim, the *Hungerford* court noted that the "only limitation on the protection of the privilege provided by *McGranahan* requires that the statements be 'pertinent to the subject matter of the proceeding [and] the privilege does not require good faith or even an absence of malice in making the statements."  *Hungerford*, at 27.

Where, as here, no criminal charges are brought as a result of the statements, "the harm suffered by the person thus accused is minimal" and the potential harm to a person's reputation is outweighed by the substantial interest of society in encouraging citizens to report suspected criminal activity."  *McGranahan*, at 768.  The rule reflects a determination that the potential harm to an individual is far outweighed by the need to encourage participants in litigation, parties, attorneys, and witnesses, to speak freely in the course of judicial proceedings.  "Except in extreme cases, for which malicious prosecution or abuse of process are adequate remedies, a person wrongfully accused of a crime must bear that risk, lest those who suspect wrongful activity be intimidated from speaking about it to the proper authorities for fear of becoming embroiled themselves in the hazards of interminable litigation."  *McGranahan* at 769.  The Donais Defendants enjoy an absolute privilege related to the complained of conduct.  Plaintiff's complaint should be dismissed.

### C.    FAILURE TO ALLEGE SUFFICIENT FACTS AS AGAINST DEFENDANT MARY DONAIS

Other than through conclusory statements and bald assertions, Plaintiff makes no allegations of fact as against Donais' wife, Mary Donais.  While he alleges that Mary Donais "assists [her husband] with his law practice/law business" and "encouraged, knew of, and assisted [her husband] with his defamatory emails to the police about the plaintiff," *Doc. 1-1, ¶¶ 22, 312,*

*641-642,* he alleges no ***act*** by Mary Donais. There is not a single non-speculative allegation against Mary Donais to support any claim against her[6]. Plaintiff's Complaint against Mary Donais should be dismissed.

### D. FOR THE REASONS ABOVE AND AS OUTLINED BELOW, EACH COUNT ALLEGED BY PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED

#### 1. <u>Count I Breach of Fiduciary Duty</u>

Under New Hampshire law, "[a] fiduciary relationship has been defined as a comprehensive term and exists wherever influence has been acquired and abused or confidence has been reposed and betrayed." *Brzica v. Trustees of Dartmouth College,* 147 N.H. 443, 447 (2002) (quoting *Lash v. Cheshire County Savings Bank,* 124 N.H. 435, 438 (1984)). In Count I, Plaintiff appears to allege, over the course of 90 paragraphs, *see Doc. 1-1, ¶¶ 335-424,* that Donais violated an "ethical and fiduciary" obligation to avoid conflicting representation and by discussing a potential client with the police. *Doc. 1-1, ¶¶ 338, 388, 414.* He contends that unspecified confidences were discussed, e.g., *Doc. 1-1, ¶¶ 385, 390,* while simultaneously claiming Donais' statements to, among others, the police are false. *Doc. 1-1, ¶¶ 387.* To the extent Plaintiff bases his contention on his 7-minute telephone conversation on January 9, 2017 and Donais' March 2017 court appearance and affidavit which he submitted to Court, any such fiduciary obligation is time-barred.

Also, Donais never represented Plaintiff. Plaintiff, in this count, alleges that Donais was his "prospective attorney." *Doc. 1-1, ¶ 414.* Thus, Donais never *owed a duty* to Plaintiff, and there was no fiduciary relationship. In addition to being time-barred and any statement upon which the

---

[6] Plaintiff's headings indicate that he brings claims against Mary Donais of defamation, aiding and abetting defamation, interference with contractual and advantageous relations, IIED and possibly breach of implied covenant of good faith and fair dealing, a CPA violation, and civil conspiracy.

claim is made being absolutely privileged, Plaintiff fails to allege sufficient facts against Defendants to state a claim of breach of fiduciary duty upon which relief may be granted. Count I should be dismissed.

### 2. **Counts II and III Breach of Implied Contract and Breach of Implied Covenant of Good Faith and Fair Dealing**

There was no contract between any Donais Defendant and Plaintiff. In Counts II and III, Plaintiff does not allege an express contract, nor could he. In a blatant attempt to avoid dismissal, Plaintiff contends that he was Donais' client. *Doc. 1-1, ¶ 436.* However, he clearly was not, and acknowledges this elsewhere in his Complaint. *Doc. 1-1, ¶¶ 13, 83.a, 223, 414.* Indeed, Plaintiff's Complaint, read as a whole, demonstrates that there was no attorney-client relationship, Donais never undertook representation of Plaintiff, and Donais never agreed to undertake any action on behalf of Plaintiff. This was made clear to Plaintiff when Donais filed an affidavit in March of 2017 related to his brief conversation with Plaintiff. There was no contract, so there can be no breach of contract.

Plaintiff also contends that Donais and his law practice, under this prospective relationship, breached the implied covenant of good faith and fair dealing. To prevail on a claim of a breach of the implied covenant, Plaintiff must allege facts to support a finding that the Donais Defendants acted in a manner that was inconsistent with the parties' agreed-upon common purpose and expectations and that Plaintiff was harmed by the allegedly breaching party's conduct. *DeVries v. St. Paul Fire and Marine Insurance Co.*, 716 F.2d 939, 941-944 (1st Cir. 1983); *Livingston v. 18 Mile Point Drive, Ltd.*, 158 N.H. 619, 645 (2009). Here, Plaintiff uses the buzzwords, but he offers no facts to support his cause of action, i.e., he claims an "agreed-upon common purpose" *Doc. 1-1, ¶¶ 429, 443, 671*, but Plaintiff does not state what that agreement (because there was no agreement) was or any "common purpose" to which the two agreed. Moreover, to the extent

14

the initial call to Donais is at all actionable, it occurred on January 9, 2017, more than eight years before Plaintiff filed the instant suit.  Counts II and III should be dismissed.

### 3.  Count IV, Count V and Count VI Defamation, Defamation Per Se/libel Per Se and Defamation/Libel of Private Citizen

As indicated above, all of the complained of statements are privileged.  While Plaintiff provides broad sweeping allegations of persons to whom statements were made, Plaintiff only identifies statements made in connection with court proceedings, ADO proceedings[7] or reports to the police.  Counts IV through VI should be dismissed.

### 4.  Count VII False Light Invasion of Privacy

First, for reasons stated infra, Count VII is time-barred and rests upon absolutely privileged statements.  Moreover, Count VII must be dismissed as New Hampshire does not recognize such a cause of action.  *Richards v. Union Lead Corporation*, 2024 N.H. 49, 176 N.H. 789, 803 (2024) ("we see no reason to recognize a cause of action for false light invasion of privacy when recovery for that tort is substantially duplicated by torts already established in this state)[8].

### 5.  Count VIII Aiding and Abetting Defamation

Plaintiff alleges that Mary Donais "encouraged, knew of, and assisted [her husband] with his defamatory emails to the police about the plaintiff."  *Doc. 1-1, ¶¶ 641-642*.  There are no other facts alleged as to Mary Donais' acts.  Plaintiff provides no substantive information, other than to label Donais' wife an aider and abettor to his supposed wrongful conduct.  This is insufficient to state a cause of action for aiding and abetting defamation.

---

[7] The Donais Defendants note that the ADO dismissed the grievances filed against Donais by Plaintiff's spouse.

[8] Should Plaintiff argue that *Hamberger v. Eastman*, 106 N.H. 107 (1964) recognized such a cause of action, it did not.  While the *Hamberger* court outlined four separate torts involving invasion of privacy, it only addressed in the "present case [ ] the tort of intrusion upon the plaintiffs' solitude or seclusion."  *Hamberger*, 106 N.H. at 110.

104403367

Also, the New Hampshire Supreme Court has never recognized a claim for "aiding and abetting" breach of fiduciary duty, fraud, or similar intentional tort claims. *Archdiocese of San Salvador v. FM International, LLC*, Civil No. 05-cv-237-JD, Opinion No. 2006 DNH 102, at *23-24 (D.N.H. Sep. 7, 2006). Thus, even if this Court concludes that the New Hampshire Supreme Court would recognize this cause of action, Plaintiff fails to allege a cognizable cause of action as a matter of law.

Count VIII should be dismissed.

### 6. <u>Count IX Racial Harassment and Violation of Civil Rights 42 U.S.C. § 1981</u>

In Count IX, Plaintiff alleges that the Donais Defendants violated 42 U.S.C. § 1981. A § 1981 claim requires the making or enforcing of a contract, and the complaint "must initially identify an impaired 'contractual relationship' § 1981(b), under which the plaintiff has rights." *Holder v. Gienapp*, 2007 WL 952039, *2 (internal citations omitted). See also *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479-480 (2006). Here, there was no contract, nor has Plaintiff pled a contract. Again, he uses buzzwords, but provides no substantive facts. He has not identified a specific contract nor has he indicated how his contractual relationship in connection with an identified contract was impaired. To the extent Plaintiff argues that his attempt to retain Donais as counsel satisfies the contract requirement of § 1981, the claim is time-barred. The communication about possible representation occurred on January 9, 2017, more than eight years before Plaintiff filed his suit on June 3, 2025. Count IX should be dismissed.

### 7. <u>Count X Violation of NH RSA 358-A</u>

The NH CPA provides a civil damages remedy for "unfair method[s] of competition or any unfair or deceptive act[s] or practice[s] in the conduct of any trade or commerce within this state." N.H. RSA 358-A:2. "[N]ot all conduct in the course of trade or commerce falls within its

104403367

protection." *Barrows v. Boles*, 141 N.H. 382, 390 (1996). "The objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." *Id*. Ordinary or routine claims for breach of contract and negligence are not subject to the CPA. *Id.*; *McNeal v. Lebel*, 157 N.H. 458, 469-70 (2008).

Plaintiff claims that the Donais Defendants violated the CPA by lying about communications he had with Plaintiff, various statements to others, and allegedly avoiding service of a subpoena. *Doc. 1-1, ¶¶ 711, 713*. Plaintiff does not allege any acts that implicate the commercial aspects of the practice of law as opposed to the actual practice of law, so his claim fails as a matter of law. *See Judge David A. Anderson's 12/9/21 order in the matter of Stewart v. Ang et al, Docket No. 216-2019-CV-00305, attached hereto as Exhibit B*. The sound reasoning of Judge Anderson's order, applying a "business/professional distinction when interpreting CPA claims against professionals," dictates that dismissal of Count X is warranted, as Plaintiffs' allegations do not implicate any business or entrepreneurial interests. *See Ex. B, p. 14*. Here, as in *Stewart*, Plaintiff does not allege any wrongdoing in connection with any pricing or other commercial activity involved in Donais' law practice.

The Donais Defendants further notes (as did Judge Anderson) that previously, the practice of law fell within the scope of the exemption in NH RSA 358-A:3 then in place. *Averill v. Cox*, 145 N.H. 328, 332 (2000) reaffirming *Rousseau v. Eshleman,* 128 N.H. 564, 567 (1986). The exemption analyzed in *Averill* has since been repealed. As was noted by Judge Anderson, though, the New Hampshire Supreme Court, when reconsidering its *Rousseau* holding, held that the CPA's "prohibition against unfair or deceptive commercial activity applies to the commercial activities of attorneys," i.e., pricing versus noncommercial activities that constitute the actual practice of law. *Ex. D at p. 12*, citing *Rousseau v. Eshleman*, 129 N.H. 306, 311 (1987).

Finally, the Donais Defendants again state that any claim under the CPA is time-barred. To the extent Plaintiff may be considered a consumer and/or there was an actionable consumer relationship between Donais and Plaintiff, it occurred in 2017. Plaintiff's Complaint, filed on June 3, 2025, is time-barred. Count X should be dismissed.

### 8. Count XI Abuse of Judicial and Administrative Process

To sustain a claim of abuse of process, Plaintiff must allege and prove the following "elements: (1) a person used (2) legal process, whether criminal or civil, (3) against the party (4) primarily to accomplish a purpose for which it is not designed and (5) caused harm to the party (6) by the abuse of process.' [citations omitted]. In order for a party to commit an abuse of process, *some court authority or jurisdiction* must be used." (emphasis added.) *Tessier v. Rockefeller, 162 N.H. 324, 335 (2011).* "Moreover, an action for abuse of process is concerned with the improper use of process <u>after</u> it has been issued. Thus, liability is not imposed for the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings. Rather liability is imposed for the subsequent misuse of process after it has been properly obtained." *New England Backflow, Inc. v. Gagne*, 172 N.H. 655, 672 (2019) (emphasis in original; internal citations omitted). Further "[t]here is no liability where a party has done nothing more than carry out the process to its authorized conclusion, even though with ulterior intentions." *Id*. at 673. Since Plaintiff has not alleged – nor could he – that any legal process issued against him or that legal process was misused, dismissal of this count is warranted. Notably, the Donais Defendants have never affirmatively sought any relief as a plaintiff against Bisasor.

Plaintiff attempts to get around the lack of any legal process having issued against him by alleging that the Donais Defendants "misused police reports and litigation." *Doc. 1-1, ¶ 772.*

However, Plaintiff once again simply uses the buzzwords without actual facts to support the elements of his claim.  Count XI should be dismissed.

### 9.  Count XII Tortious Interference with Advantageous Relations

In New Hampshire,

> "One who intentionally and improperly interferes with the performance of a contract ... between another and a third person by inducing or otherwise *causing the third person not to perform the contract,* is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract. Thus, where contractual obligations were performed, there can be no claim for tortious interference with contractual relations.

(internal citations and quotations omitted; emphasis in original.)  *Tessier* at 337.  To establish liability, Plaintiff must allege (1) an economic relationship with a third party; (2) the defendant knew of this relationship; (3) the defendant *intentionally* and *improperly* interfered with this relationship; and (4) the plaintiff was damaged by such interference." (emphasis in original)  *Id*., citing *Hughes v. N.H. Div. of Aeronautics*, 152 N.H. 30, 40–41, 871 A.2d 18 (2005).  In Count XII, Plaintiff again does little more than provide recitals of the elements of the cause of action along with conclusory statements.  Plaintiff also does not allege a single fact as against Mary Donais and the Donais Law Offices PLLC upon which to base his claim.

Plaintiff, having the benefit of the Donais Defendants' motion to dismiss in the Original Action, adds that he had a "contractual relationship with the state police/police department including the state police chief," *Complaint, ¶¶ 760-761,* but he does not provide the date of the contract, the named parties to the contract or any other information to establish that a contract existed.  Plaintiff also does not allege any facts to meet his burden of showing that another did not perform under a contract.  He vaguely and without substantive facts claims that Donais somehow knew about his contractual relationship (a necessary element) because it is on his Linked-in profile.  *Complaint, ¶¶ 322, 768.*  Plaintiff's suggestion that he later could not obtain legal assistance, *Doc.*

*1-1, ¶ 755,* is insufficient, as it is not an existing contract into which the Donais Defendants purportedly interfered, and there are no facts alleged from which this Court could infer any causal link between Plaintiff's supposed inability to obtain legal assistance and any act by the Donais Defendants.  Plaintiff also bases his claims against Donais in Count XII upon absolutely privileged communications *Complaint, ¶¶ 769, 778,* as argued above.  Stripping away bald assertions and conclusions of law, Plaintiff has failed to establish an entitlement to relief upon a theory of tortious interference with advantageous relations.  Count XII should be dismissed.

### 10. <u>Count XIII Intentional Infliction of Emotional Distress</u>

"New Hampshire law does not recognize a cause of action for wrongful infliction of emotional distress where the factual predicate sounds in defamation."  *Provencher v. CVS Pharmacy*, 145 F.3d 5, 12 (1st Cir. 1998), citing *DeMeo v. Goodall*, 640 F.Supp. 1115, 1116 (D.N.H. 1986).  Thus, emotional distress that results from harm to reputation and good name caused by the publication of defamatory statements cannot give rise to a separate action for IIED.  Rather, mental and emotional harm resulting from damage to reputation may be compensated in the form of damages for emotional distress in the defamation action.  *Moss v. Camp Pemigewassett, Inc.*, 312 F.3d 503, 510-511 (1st Cir. 2002), citing *DeMeo* at 1116.

Therefore, as in *Moss*, the IIED claim here can only be demonstrated through evidence of emotional distress purportedly caused by the Donais Defendants that is distinct from the emotional distress Plaintiff claims was caused by the allegedly defamatory statements upon which Plaintiff brought claims for libel and libel per se.  While Plaintiff, again now having the benefit of the Defendants' motions to dismiss and objection to motion to further amend his complaint in the Original Action, now alleges that his IIED claim is "distinct," *see Doc. 1-1, ¶ 804,* from the defamation claim, he offers no facts to support this allegation; he merely once again comports his

allegations to case law without support.  As against Mary Donais, he offers no facts whatsoever to support his allegations.  Plaintiff offers only bald assertions and legal conclusions.  Count XIII should be dismissed.

### 11. Count XIV Civil Conspiracy

In New Hampshire, "[a] civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful by unlawful means." *Jay Edwards, Inc. v. Baker*, 130 N.H. 41, 47 (1987) (quotation omitted).  "Its essential elements are: (1) two or more persons (including corporations); (2) an object to be accomplished (i.e., an unlawful object to be achieved by lawful or unlawful means or a lawful object to be achieved by unlawful means); (3) an agreement on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." *Id.*  If a plaintiff's complaint includes "[r]eferences to conspiracy and conspiratorial conduct" but those references "are mere legal assertions, unsupported by factual content," then "the plaintiff's pleadings stand bare of those essential facts that would give rise to any cognizable legal cause of action" and "do not meet the applicable test, which requires that a plaintiff's pleadings, on their face, assert a cause of action if the claim is to survive a motion to dismiss." *Id.* at 47-48. *See also Censabella v. Town of Weare*, 2017 WL 3917154 *3-4 (DNH 2017).

Plaintiff contends that Donais, Mary Donais, and Russell Hilliard engaged in a conspiracy to cause him harm, and Mary Donais "conspire[ed] to defame the plaintiff."  *Doc. 1-1, ¶ 817.*  Plaintiff alleges no overt act by Mary Donais.  As between Hilliard and Donais, the vague and conclusory allegations all relate to litigation in which Hilliard was representing Donais as a client, and any such communications between them would be absolutely privileged (even if actionable).

21

*Doc. 1-1, ¶ 826.*  Plaintiff also fails to allege facts upon which this Court may find an unlawful overt act.

Such conclusory allegations and surmise cannot substitute for sufficient facts, "are not entitled to the assumption of truth," and do not support a claim of civil conspiracy. *Censabella,* 2017 WL 3917154 *4 (citing *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1ˢᵗ Cir. 2009)).  Notably, Plaintiff in his complaint in the Original Action alleged that Donais *may have* acted "alone."  *See Original Action, Doc. 1-3, ¶ 803*.  Thus, it is clear that his claims of conspiracy are *entirely speculative*.  Count XIV should be dismissed.

### E.    PLAINTIFF'S COMPLAINT VIOLATES FEDERAL RULE OF CIVIL PROCEDURE 8

Plaintiff's Complaint fails to comply with F.R.Civ.P. Rule 8(a).  Plaintiff's Complaint totals 100 single-spaced pages, refers to six exhibits (although no exhibits were filed in the State Court), and contains 14 counts for relief pled in 1043 paragraphs against four defendants.  The Donais Defendants have expended considerable time and expense preparing motions to dismiss in the Original Action, which Plaintiff now seeks to revive.  The Donais Defendants have had to review proposed voluminous Amended Complaints, to include *Original Action Doc. 159-1*, and *Doc. 161-1*, filed on March 13, 2024.  The Donais Defendants now have had to respond to the instant complaint – essentially a third amended complaint.

F.R.Civ.P. Rule 8(a) defines the content and structure of an acceptable pleading.  "A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . ."  F.R.Civ.P. 8(a).  The purpose behind Rule 8(a) is to "afford the opposing party fair notice of the claims asserted against him and the grounds on which those claims rest."  *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995). Plaintiff's lengthy "details minutiae" that has "little to no bearing on the core of the claims"

alleged.  *Carney v. Town of Weare*, 2016 WL 320128 * 4.  For example, Plaintiff begins to outline the five "Parties" in section II of his complaint, utilizing 30 paragraphs over two single-spaced pages.  *Complaint, ¶¶ 12-41*.  He improperly references insurance.  *Complaint, ¶¶ 37-38*.  He provides lengthy narratives recounting the law, e.g., his "summary of defamation law principles," which runs over four single-spaced pages.  *Complaint, ¶¶ 487-520*.  He is repetitive in his allegations and cites to irrelevant law, e.g., see *Complaint, ¶¶ 751-759, 772, 779,* where Plaintiff cites the elements of intentional interference with a contractual relationship three times, with, in part, citation to Massachusetts law.  Given the prolix and repetitive narrative of events, Plaintiff's Complaint violates Rule 8.

The Court has the inherent power to strike the complaint as unduly prolix and onerous, and it should do so.  *Kalika v. Boston & Main Corporation*, USDC Civil Action no. 15-14043-GAO (Plaintiff's 131 page and 130 exhibit "overlong"  complaint "utterly fails to comply with [ ] 8(a)" and is stricken per Order dated 4/21/16); *Kuehl v. Federal Deposit Ins. Corp.*, 8 F.3d 905, 906 (1st Cir. 1993), (Court of Appeals affirmed the dismissal under Rule 41(b) of a 43-page amended complaint containing 36 counts pled against 30 defendants in violation of Rule 8(a)); *Jackson v. Polaroid*, 181 F.3d 79, 1999 WL 525956 (1st Cir. 1999) (unpublished) (affirming district court's dismissal of Plaintiff's 180-page second amended complaint containing more than 350 paragraphs and more than 80 counts); *Kueter v. Rancourt*, 89 F.3d 823 (1st Cir. 1996) (affirming Magistrate Judge's dismissal of Plaintiff's 100-page second amended complaint); *Goldstein v. Harvard University*, 74 F.3d 1224 (1st Cir. 1996) (affirming district court order dismissing Plaintiff's 258-page complaint); *Greg Beech Logistics LLC v. Skanska USA Bdg., Inc.*, 2014 WL 4656503, 5 (D. Mass., August 5, 2014) (over 122-page, 456-paragraph complaint incorporating an affidavit with 248 pages of exhibits stricken); *United States ex rel. LeBlanc v. Raytheon Co.*, 1995 WL 352987,

2 (D. Mass. May 15, 1992) (205-page complaint containing 678 paragraphs and attaching 54 exhibits dismissed); *Martin v. Hunt*, 28 F.R.D. 35 (D. Mass. 1961) (complaint with exhibits consisting of 47 pages and 77 paragraphs dismissed). Here, Defendants "already [have had to expend] considerable time and expense" preparing this motion to dismiss, an objection to plaintiff's motion to amend (related to his proposed Second Amended Complaint in the Original Action), motions to dismiss in the Original Action, and reviewing two lengthy proposed Second Amended Complaints. *Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1993). Plaintiff's Refiled Complaint, like his First Amended Complaint and proposed Second Amended Complaint in the Original Action, still fails to comply with F.R.Civ.P. Rule 8(a).

## V.    <u>CONCLUSION</u>

For all the foregoing reasons, Craig S. Donais, Mary K. Donais and Donais Law Offices PLLC, respectfully request that this Court:

A.    Dismiss Plaintiff's Complaint with prejudice; and

B.    Grant such other and further relief as is equitable and just.

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG DONAIS, DONAIS LAW OFFICES
PLLC and MARY K. DONAIS

*/s/ Linda M. Smith*

Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
(603) 622-3400

24

104403367

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing to all parties in this action by serving same via electronic mail to:

Andre Bisasor, Pro Se
679 Washington Street, Suite #8-206
Attleboro, MA 02703
quickquantum@aol.com

William Saturley, Esq.
Daniel R. Sonneborn, Esq.
Preti Flaherty
60 State Street, Suite 1100
Boston, MA 02109
wsaturley@preti.com
dsonneborn@preti.com


Date:   July 8, 2025              */s/ Linda M. Smith*
                                           Linda M. Smith

104403367