UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____
                                        )
ANDRE BISASOR,                          )
     Plaintiff,               )
                                        )
vs.                                     )
                                        )
CRAIG S. DONAIS, RUSSELL F.             )    Case No. 1:25-cv-00251-SE-AJ
HILLIARD, DONAIS LAW OFFICES            )
PLLC, and MARY K. DONAIS,               )
     Defendants.              )
                                        )
_____)

## MEMORANDUM IN SUPPORT OF DEFENDANT RUSSELL F. HILLIARD'S AND MOTION TO DISMISS

### I.    INTRODUCTION

The Court should dismiss all claims against Defendant Russell F. Hilliard ("Hilliard") pursuant to Fed. R. Civ. P. 12(b)(6), as Plaintiff's Complaint fails to state a claim against him.

Plaintiff's Complaint alleges the following claims against Hilliard: Defamation (Count IV), Aiding and Abetting Defamation (Count VIII), Abuse of Judicial and Administrative Process (Count XI), Tortious Interference with Advantageous Relations (Count XII), Intentional Infliction of Emotional Distress (Count XIII), and Civil Conspiracy (Count XIV).

All claims are barred by the applicable statute of limitations.

Moreover, Each of Plaintiff's claims against Hilliard arise from Hilliard's legal representation of co-Defendant Craig Donais in litigated or administrative matters initiated by or involving the Plaintiff. *See* Complaint generally, and at ¶¶ 934-1030. But the well-recognized "absolute legal privilege" bars each of those claims.

Finally, each of the counts against Hilliard fail on their own terms to state a claim for which relief can be granted.

The Motion to Dismiss should be granted.

1

## II.    BACKGROUND

Plaintiff, Andre Bisasor ("Bisasor") filed a similar action against Hilliard, and co-defendants Craig Donais and Donais Law Offices, PLLC in the Bristol (MA) Superior Court on June 20, 2022 (the "Original Action"). *See Bisasor v. Donais, et al.*, United States District Court for the District of New Hampshire, 1:23-cv-00374-JL-TSM, Doc. no. 18. Bisasor filed an Amended Complaint on May 4, 2023, adding new parties, including current co-defendant Mary Donais. *See* Original Action Doc. no. 1-4. The Original Action was removed to the United States District Court for the District of Massachusetts on June 12, 2023, and was transferred to the District of New Hampshire on July 27, 2023.

On October 26, 2023, Hilliard filed a Motion to Dismiss the First Amended Complaint in the Original Action. *See* Original Action at Doc. nos. 81 and 81-1. Bisasor sought leave to file a Second Amended Complaint and a "Corrected" Second Amended Complaint. *Id.* at Doc. no. 159, 159-1, 161, 161-1.

After multiple, lengthy hearings regarding the Defendants' Motions to Dismiss and Plaintiff's Motions to Amend, Bisasor filed a "Notice of Voluntary Dismissal without Prejudice Pursuant to F.R.C.P. 41(a)(1)(A)(i)." *Id.* at Doc. no. 234.

One year later, on June 3, 2025, Bisasor filed the instant Complaint, which is styled as a "[Re-Filed] Complaint and Demand for Jury Trial. *See* Doc. no. 1-1, p.4.

Whether in the Original Action or the current matter, all of Bisasor's iterations of the Complaint take issue with actions of the Defendants with respect to Defendant Craig Donais' decision to decline to represent Plaintiff in an unrelated matter and the events that have followed, and further allege that false reports were made to the police to try to intimidate and retaliate against Plaintiff. *See* Complaint, generally. As in the Original Action, the lengthy Complaint states throughout that the alleged damages caused by Hilliard arise out of his representation of Craig Donais in matters regarding Bisasor and Plaintiff goes into detail alleging issues with Mr. Hilliard's representation of Mr. Donais in other lawsuits and before the New Hampshire Attorney Discipline Office. *Id.* at ¶¶ 934-1030.

2

Bisasor alleges that Mr. Donais made several false statements about him that were defamatory, damaging to his reputation, and injurious to his legal rights. *Id.* at ¶ 5. Bisasor alleges wrongdoing by Hilliard because "he was highly aware that Defendant Donais' statements to the police about the plaintiff were false" and "allowed Defendant Donais to publish false statements about the Plaintiff . . ." *Id.* at ¶¶ 118-119. Bisasor seeks to hold Hilliard liable for "aiding and abetting" false and defamatory statements made by other third parties, and not Hilliard himself.

The false and defamatory statements and other wrongdoing alleged by Bisasor which might be able to be credited to Hilliard, *id.* at ¶ 285-306 and 934-1030, fall within the absolute legal privilege. Plaintiff seeks to hold Hilliard liable for "aiding and abetting" Donais in his tortious and wrongful acts. *Id.* at ¶ 287. While Plaintiff states, without any support, that Hilliard's "couselling and assisting Donais" included matters that do not involve litigation or a judicial proceeding (*id.* at 289), all allegations leveled against Hilliard relate and arise out of his representation of Donais.

## III.    STANDARD OF REVIEW

A defendant is entitled to relief under Rule 12(b)(6) if the complaint fails to make factual allegations sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "Determining whether a complaint states a plausible claim for relief will…be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss, the court employs a two-pronged approach. *See Ocasio-Hernandez v. Fortuno-Burset*, 640 F. 3d 1, 12 (1st Cir. 2011). First, the court screens the complaint for statements "that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." *Id.* A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed. *Id.* Second, the court credits as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then determines if the claim is plausible. *Id.* The plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of improper conduct. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The "make-or-break standard is that

3

those allegations and inferences, taken as true, must state a plausible, not a merely conceivable, case for relief." *Sepluveda-Villarini v. Dep't of Educ.*, 628 F. 3d 25, 29 (1st Cir. 2010); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

## IV.    **ARGUMENT**

### A. **All Claims are Time Barred**

All claims alleged against Hilliard in Plaintiff's Complaint are subject to a three-year statute of limitations. *See RSA 508:4, I*.[1] The acts Bisasor complains of that he alleges Hilliard "aided and abetted" Craig Donais in occurred or accrued in 2019 and 2020. Styling this lawsuit as a "Re-Filed" version of the Original Action does not save Bisasor or act as an exception such that this Complaint is considered timely filed. *See Furbush v. McKittrick*, 149 N.H. 426, (2003).

Neither Massachusetts nor New Hampshire law helps Bisasor here. Bisasor first relies on Massachusetts law for the application of the savings statute to revive his otherwise time-barred claims (using the "applicable Massachusetts renewal/savings statute, I assert that the claims going back to 2017 are preserved. If the Massachusetts renewal statute applies, then all the claims going back to 2017 are preserved."). *See* Complaint at ¶ 833. The Massachusetts savings statute, M.G.L. c. 260, § 32[2] does not apply here. The purpose of that statute is "to relieve a person who, in the exercise of due diligence, within the time limited by the general statute of limitations, has attempted to enforce a claim by suit, and has failed in such attempt by reason of some matter of form, which can be remedied in a new proceeding, and which does not affect the merits of his case." *Cannonball Fund, Ltd. v. Dutchess Capital Mgmt., LLC*, 84 Mass. App. Ct. 75, 84–85 (2013). "The inquiry does not turn solely on

---

[1] The claims are: Defamation (Count IV), Aiding and Abetting Defamation (Count VIII), Abuse of Judicial and Administrative Process (Count XI), Tortious Interference with Advantageous Relations (Count XII), Intentional Infliction of Emotional Distress (Count XIII), and Civil Conspiracy (Count XIV).

[2] The statute provides: "If an action duly commenced within the time limited in this chapter is dismissed for insufficient service of process by reason of an unavoidable accident or of a default or neglect of the officer to whom such process is committed or is dismissed because of the death of a party or for any matter of form, or if, after judgment for the plaintiff, the judgment of any court is vacated or reversed, the plaintiff or any person claiming under him may commence a new action for the same cause within one year after the dismissal or other determination of the original action, or after the reversal of the judgment; and if the cause of action by law survives the executor or administrator or the heir or devisee of the plaintiff may commence such new action within said year."

23207699.1

whether the first suit was voluntarily or involuntarily dismissed, although that is certainly a factor to be considered." *Id.* at 88. The Appeals Court noted "We emphasize that nothing in our opinion should be taken to endorse the strategic initiation or dismissal of litigation for the purpose of taking advantage of the extension provided by the savings statute. There must be 'no indication in the record that the plaintiff attempted for dilatory purposes to prolong the limitations period by reliance on the statute.'" *Id.* at footnote 27, quoting *Boutiette v. Dickinson*, 54 Mass.App.Ct. 817, 819 (2002).

The New Hampshire savings statute, NH RSA 508:10 says "[i]f judgment is rendered against the plaintiff in an action brought within the time limited therefor, or upon a writ of error thereon, and the right of action is not barred by the judgment, a new action may be brought thereon in one year after the judgment." As applied, the New Hampshire savings statute "benefits suitors who are compelled to abandon their present action, whether by their own act or the act of the court, when either would leave them with a cause of action, yet undetermined. A second action will be precluded where the amended complaint fails to cure the deficiency." *Fastrack Crushing Services, Inc. v. Abatement International/Advatex Associates, Inc.,* 153 N.H. 284, 289 (2006) (internal citations and quotations omitted). The statute "allows a plaintiff, under certain circumstances, to bring a second suit within one year following disposition of a prior action." *Arsenault v. Scanlon*, 139 N.H. 592, 594 (1995).

Bisasor cannot take advantage of either the New Hampshire or Massachusetts savings statutes to revive his claim. Rather than risking dismissal of the Original Action, Bisasor filed a Notice of Voluntary Dismissal Without Prejudice Pursuant to F.R.C.P. 41(a)(1)(A)(i). *See* Original Action at Doc. no. 234. At that time, this Court had conducted several hours of argument on Bisasor's Motions to Amend and the Defendants' Motions to Dismiss. No reasons were provided for the dismissal and the current Complaint largely mirrors the versions of the Complaint that were filed or Bisasor sought to file in the Original Action. The Original Action was not dismissed to remedy a deficiency or for reasons that the savings statute might apply to, like personal jurisdiction or other reasons that do not go to the merits of the case. *See, e.g., Rodi v. Southern New England School of Law*, 389 F.3d 5, 18 (2004); *Cannonball Fund Ltd.*, 84 Mass. App. Ct. 74.

5

Bisasor has not cured any deficiency with the new Complaint, which he styles as being "[Re-Filed]." To the extent that he has alleged new claims against Hilliard, those do not benefit from the savings statute. Rather, when faced with potential dismissal under Rule 12, he voluntarily dismissed the Original Action, and then re-filed a nearly identical lawsuit against Hilliard a year later. The Original Action was not dismissed for lack of personal jurisdiction or by the Court for a similar technical reason such that it would be unfair to bar the claims by the applicable statute of limitations. Bisasor voluntarily chose to dismiss the Original Action after potential fatal issues (that still exist in the current Complaint) were raised and his attempts to amend were pending. The savings statute cannot reward Bisasor's behavior in this instance. His claims against Hilliard are time-barred and the Complaint should be dismissed.

**B. <u>The Absolute Legal Privilege Protects Hilliard from any Claims and for any Statements Hilliard made Related to Prior Proceedings in which he Represented Craig Donais Against Bisasor</u>.**

The Complaint states throughout its lengthy allegations that the alleged damages caused by Hilliard arise out of his prior representation of Craig Donais in matters regarding Bisasor. *See* Complaint, generally, and specifically ¶¶ 934-1030. Even if the allegations in the Complaint are true (which Hilliard denies), the absolute legal privilege precludes Bisasor's causes of action against Hilliard. Bisasor simply saying otherwise does not defeat the privilege.

"It is well-settled in New Hampshire that 'certain communications are absolutely privileged and therefore immune from civil suit.'" *Lath v. Manchester, NH*, 2018 DNH 013 (D.N.H. 2018) (Apr. 9, 2018), quoting *Pickering v. Frink*, 123 N.H. 326, 328 119 (1983). *See also McGranahan v. Dahar*, 119 N.H. 758, 762-63 (1979). An absolute privilege is "tantamount to an immunity" and "not conditioned on the actor's good faith." *Id*. "Because an absolute privilege bars an injured party from recovering any recompense, it 'must be reserved for those situations where the public interest is so vital and apparent that it mandates complete freedom of expression without

6

inquiry into a defendant's motives.'" *McGranahan*, 119 N.H. at 762, quoting *Supry v. Bolduc*, 112 N.H. 274, 276 (1972).

Statements made in the course of judicial proceedings are one class of communications that are absolutely privileged from liability in civil actions, if the statements are pertinent or relevant to the proceedings. *McGranahan*, 119 N.H. at 763. Whether a statement is "pertinent or relevant" is a matter of law and can be decided at this stage. *Id.* at 766.

"A statement is presumed relevant unless the person allegedly [injured] demonstrates that it was so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy or impropriety.**"** *Id.* at 766 (quotation omitted); *Provencher*, 142 N.H. at 853 (parallel citations omitted). "The requirement of pertinence eliminates protection for statements made needlessly and wholly in bad faith." *McGranahan*, 119 N.H. at 763 (applying privilege to statements made in petition for interpleader). The party seeking to defeat the legal privilege bears the burden of rebutting the presumption of relevancy and "[a]ll doubts are to be resolved in favor of pertinency or relevancy." *McGranahan*, 119 N.H. at 766 (citations omitted). If statements are made regarding potential criminal charges, but no criminal charges are brought as a result of the statements, "the harm suffered by the person thus accused is minimal" and the potential harm to a person's reputation is outweighed by the substantial interest of society in encouraging citizens to report suspected criminal activity." *Id.* at 768.

The First Circuit, in interpreting *McGranahan*, held that the privilege provides "very broad protection" and extends "to any civil claim arising from statements made in the course of a judicial proceeding." *Hugel v. Milberg, Weiss, Bershad, Hynes & Lerach, LLP*, 175 F.3d 14, 16-17 (1999). The First Circuit approvingly wrote that "it is clear that the Supreme Court of New Hampshire

23207699.1

views the privilege to extend to any civil claim arising from statements made in the course of a judicial proceeding." *Id.* at 17.

The absolute privilege is not limited to statements made in a courtroom or in pleadings. It also extends "to both formal and informal complaints and statements to a prosecuting authority as part of the initial steps in a judicial proceeding, and as such [are] entitled to absolute immunity from an action for defamation." *McGranahan*, 119 N.H. at 770. Similarly, "[t]he same absolute immunity or privilege applies to statements made to the city or county attorney or those investigating a suspected crime." *Id.* citing *Vogel v. Gruaz*, 110 U.S. 311 (1884); *Bergman v. Hupy*, 64 Wis.2d 747 (1974). *See also Doyle v. YMCA of New Hampshire*, 2023 DNH 107 (D.N.H. 2023) (August 23, 2023).

The scope of the privilege includes statements made before suit is brought. "[P]ertinent pre-litigation communications between a witness and a litigant or attorney are absolutely privileged from civil liability if litigation was contemplated in good faith and under serious consideration by the witness, counsel, or possible party to the proceeding at the time of the communication." *Provencher v. Buzzell-Plourde Associates*, 142 N.H. 848, 855, 711 A.2d 251, 256 (1998) (citations omitted).

The absolute privilege also extends to statements made in disciplinary board hearings. *See Reenstierna v. Currier*, 873 F.3d 359 (1st Cir. 2017) (applying absolute litigation privilege in claim against witness testifying at disciplinary board hearing before the New Hampshire Real Estate Appraisal Board and affirming dismissal of claims for violation of New Hampshire's Consumer Protection Act, defamation, and tortious interference with the appraiser's advantageous business relations).

23207699.1

Hilliard's only involvement with Bisasor is through his representation of Mr. Donais in matters involving Bisasor. Where, as here, it is indisputable that the alleged defamatory statements were made during or incidental to legal proceedings arising from that representation (including an attorney discipline proceeding), and Bisasor's cause of action seeks to hold the speaker (Hilliard) liable for defamation and other injuries related to said statements, those statements are protected by the absolute legal privilege.

The privilege protects Hilliard from the exact type of claims Bisasor has filed against him. All of Bisasor's claims against Hilliard must be dismissed.

### C. Separately, each Count Alleged by Plaintiff Fails to State a Claim Upon Which Relief may be Granted.

Plaintiff's Complaint alleges the following claims against Hilliard: Defamation (Count IV), Aiding and Abetting Defamation (Count VIII), Abuse of Judicial and Administrative Process (Count XI), Tortious Interference with Advantageous Relations (Count XII), Intentional Infliction of Emotional Distress (Count XIII), and Civil Conspiracy (Count XIV). None of the claims can survive scrutiny; they all fail to state a claim upon which relief can be granted.

#### 1. Count IV: Defamation

"To establish defamation, there must be evidence that a defendant failed to exercise reasonable care in publishing, without a valid privilege, a false and defamatory statement of fact about the plaintiff to a third party." *See Independent Mechanical Contractors v. Gordon T. Burke & Sons*, 138 N.H. 110, 118 (1993). To succeed, Plaintiff must prove that Hilliard published a false or defamatory statement of fact to a third-party who understood the defamatory meaning of the statement. *Moss v. Camp Pemigewasset, Inc.*, 312 F.3d 507 (1st Cir. 2002). "A given statement is defamatory if 'it tends to so harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.'" *Faigin v. Kelly*, 978

9

F. Supp. 420, 424 (D.N.H. 1997) citing *Restatement (Second) of Torts* § 558. Additionally, the allegedly defamatory words "must be read in the context of the publication taken as a whole." *Duchesnaye v. Munro Enterprises, Inc.*, 125 N.H. 244, 249 (1984), citing *Morrissette v. Cowette*, 122 N.H. 732 (1982). Substantial truth is an absolute defense to defamation. *Thomas v. Tel Publ'g Co.*, 155 N.H. 314, 355 (2007). "In the law of defamation, truth is defined as substantial truth, as it is not necessary that every detail be accurate. In other words, literal truth is not required so long as the imputation is substantially true as to the justify the gist or sting of the remark." *Id.* at 335.

Any alleged defamatory statements by Hilliard are protected by the absolute privilege, as detailed above. Even if the privilege did not apply, Bisasor does not adequately state a claim upon which relief may be granted for Counts IV of the Complaint. Simply alleging that Hilliard allowed Donais to publish allegedly false statements is not enough. The summaries of false and defamatory statements alleged by Bisasor that can be credited to Hilliard lack details to support a claim under Rule 12(b)(6) and are solely related to judicial proceedings, the ADO, and the police. Count IV should be dismissed.

### 2. Count VIII: Aiding and Abetting Defamation

The claim for aiding and abetting defamation should be dismissed because such a claim is not recognized by New Hampshire Courts. *See Archdiocese of San Salvador v. FM International, LLC*, 2006 DNH 102, at *23-34 (D.N.H. Sept. 7, 2006). Even if this sort of claim were recognized, the allegations against Hilliard fail to state a claim.

Bisasor alleges that Hilliard had an "active role" in publication of false statements to police in August 2020 because, based solely on Bisasor's belief, he *may* have "drafted, reviewed, offered revisions or edits" to an email on which Hilliard was subsequently copied. *Id.* at ¶ 637. There are no substantive allegations regarding the specific role Hilliard *might* have played to make the email

23207699.1

defamatory. Because the claim is not recognized by New Hampshire courts, and even if it were, Plaintiff fails to state a claim, Count VIIII should be dismissed.

### 3. Count XI: Abuse of Judicial and Administrative Process

In order to prove a claim of abuse of process, Bisasor must prove that: (1) Hilliard used (2) legal process, whether criminal or civil, (3) against Bisasor, (4) primarily to accomplish a purpose for which it is not designed, and (5) caused harm to Bisasor (6) by the abuse of process. *Tessier v. Rockefeller*, 162 N.H. 324, 335 (2011). An action for abuse of process is concerned with the improper use of process after it has been issued. Id. As such, "liability is not imposed for the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings. Rather, liability is imposed for the subsequent misuse of process after it has been properly obtained." *Id.*

Bisasor has not – and cannot – allege that any legal process has been issued against him by Hilliard or that once initiated, that legal process issued against him was misused. Hilliard's involvement is solely as a result of legal actions initiated by Bisasor. Bisasor's vague and unsupported allegations regarding "misused police reports and litigation" by "Defendants" (and without any specific allegation against Hilliard himself) do not state a claim. *See* Complaint at ¶ 772. Aside from being protected by the litigation privilege, Count XI must be dismissed for failure to state a claim.

### 4. Count XII: Tortious Interference with Advantageous Relations

To properly state a claim for tortious interference with advantageous relations, Bisasor needs to allege "(1) an economic relationship with a third party; (2) the defendant knew of this relationship; (3) the defendant *intentionally* and *improperly* interfered with this relationship; and (4) the plaintiff was damaged by such interference." *Tessier v. Rockefeller*, 162 N.H. 324, 337

11

(2011) (emphasis in original), citing *Hughes v. N.H. Div. of Aeronautics*, 152 N.H. 30, 40–41 (2005). And more specifically,

> One who intentionally and improperly interferes with the performance of a contract ... between another and a third person by inducing or otherwise *causing the third person not to perform the contract,* is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract. Thus, where contractual obligations were performed, there can be no claim for tortious interference with contractual relations.

*Tessier*, 162 N.H at 337 (emphasis in original). Bisasor claims he had "contractual relationships" and "affiliations" with the state police/police department including the chief and the NAACP. He does not provide any other details about the contract, who the other parties are, or any other information to suggest that a contract actually exists. There is also no allegation that Hilliard knew of these alleged contracts, which is required to prevail on this claim. Instead, he suggests – with no factual support – that Hilliard aided, abetted, and sanctioned Donais's statements to the police. *See* Complaint at ¶ 775. Bisasor fails to allege sufficient facts of an interference with a business/contractual relationship – let alone intentional and improper interference – to support a claim. Count XII should be dismissed.

### 5. <u>Count XIII: Intentional Infliction of Emotional Distress</u>

In *Morancy v. Morancy*, 134 N.H. 493, 495-96 (1991), the New Hampshire Supreme Court adopted the definition of intentional infliction of emotional distress contained in the Restatement of Torts § 46: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." While the tort is recognized in New Hampshire, it is not recognized where the underlying claim sounds in defamation. *Provencher v. CVS Pharmacy*, 145 F.3d 5, 12 (1st Cir. 1998), citing *DeMeo v. Goodall*, 640 F.Supp. 1115, 1116 (D.N.H. 1986). Any damages for emotional harm may be recovered in the defamation claim. *Moss*

23207699.1

*v. Camp Pemigewasset, Inc.*, 312 F.3d 503, 510-511 (1st Cir. 2002), citing *DeMeo*, 640 F.Supp. at 1116.

Bisasor alleges that this claim is "distinct" from the alleged emotional distress caused by the alleged defamatory statements (*see* Complaint at ¶ 804), but the facts alleged within this section of the Complaint do not state any distinct facts to support this claim. His unsupported allegations and legal conclusions cannot form the basis for this claim, which he ties into his other claims. As such, Count XIIII should be dismissed.

### 6. <u>Count XIV: Civil Conspiracy</u>

New Hampshire courts define civil conspiracy as "a combination of two or more persons by concerted action to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful by unlawful means." *Moore v. Mortgage Electronic Registrations Systems, Inc., et al.*, 2012 DNH 021, *51 (D.N.H. January 27, 2012), quoting *Jay Edwards, Inc. v. Baker*, 130 N.H. 41, 47 (1987), quoting 15A *C.J.S. Conspiracy* § 1(1), at 596 (1967). The elements of a cause of action for civil conspiracy are "(1) two or more persons (including corporations); (2) an object to be accomplished (i.e. an unlawful object to be achieved by lawful or unlawful means or a lawful object to be achieved by unlawful means); (3) an agreement on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." *Id.*

Bisasor alleged that Craig Donais, Mary Donais, and Hilliard engaged in a conspiracy to cause him harm and that through actions taken in representing Craig Donais, Hilliard somehow was part of a civil conspiracy. While denied, those actions are absolutely privileged. Even if they were not, Bisasor cannot sustain a claim for civil conspiracy. In the Original Action, Bisasor alleged that Craig Donais "may have acted alone." *See* Doc. 103, ¶ 803. That is proof this claim is purely speculative. This Court has rejected implied civil conspiracy claims. *Moore v. Mortgage*

*Electronic Registrations Systems, Inc., et al.*, 2012 DNH 021, *51 (D.N.H. January 27, 2012).

Furthermore, no "overt" act has been alleged. These conclusory allegations are insufficient under

Rule 12. Count XIV should be dismissed.

## V. <u>CONCLUSION</u>

As detailed above, the Court has several avenues to dismiss this matter: (1) because the statute

of limitations bars all claims, (2) due to the absolute privilege afforded Hilliard as counsel for Craig

Donais, or (3) because Plaintiff has failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,
The Defendant,
RUSSELL F. HILLIARD,
By his attorneys,

Dated: July 10, 2025

*/s/ Daniel R. Sonneborn*
Daniel R. Sonneborn, NH Bar #20947
dsonneborn@preti.com
Preti Flaherty Beliveau & Pachios, PLLP
P.O. Box 1318
57 North Main Street
Concord, NH 03302-1318
T: (603) 410-1500

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true copy of this document to be served via electronic filing on all counsel of record on July 10, 2025 and will be served on Plaintiff, Andre Bisasor by first-class mail and electronic mail as follows:

Andre Bisasor, Pro Se
679 Washington Street, Suite #8-206
Attleboro, MA 02703
quickquantum@aol.com

*/s/ Daniel R. Sonneborn*
Daniel R. Sonneborn

23207699.1