UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251|ANDRE BISASOR v. CRAIG DONAIS, et. al

Andre Bisasor,
Natalie Anderson,
Plaintiffs
v.
Craig S. Donais,
Mary K. Donais,
Donais Law Offices, PLLC,
Russell F. Hilliard,
Upton Hatfield,
Amy Messer,
Defendants.

### **PLAINTIFFS' MOTION TO REMAND CASE TO NEW HAMPSHIRE SUPERIOR COURT**

1. Plaintiffs hereby respectfully move this Court to remand this action to the New Hampshire Superior Court, Hillsborough County Northern District, pursuant to 28 U.S.C. § 1447(c), on the grounds that this Court lacks subject matter jurisdiction over this action. In support of this Motion, Plaintiffs state as follows:

### **I. INTRODUCTION**

2. This motion is filed based on the recent amendments to the complaint and the absence of any federal jurisdiction following the elimination of all federal claims, notably the Section 1981 claim, through the timely filing of an amended complaint on July 29, 2025.
3. As the amendments were properly filed within the permissible period under Federal Rule of Civil Procedure 15(a)(1)(B), and the original federal jurisdiction purportedly relied upon no longer exists, the federal court is compelled to remand this matter to state court under the mandate of the recent Supreme Court decision in Royal Canin U.S.A., Inc. v. Wullschleger, which emphasizes that removal jurisdiction ceases when federal claims are eliminated, leaving only state law claims.

### **II. PROCEDURAL BACKGROUND**

4. This action was originally filed in New Hampshire Superior Court, Hillsborough County Northern District on June 3, 2025, as case number 216-2025-CV-00529.
5. Defendants removed this action to federal court on July 2, 2025 pursuant to 28 U.S.C. § 1441, asserting federal question jurisdiction based on Plaintiff's Section 1981 civil rights claim (Count IX).
6. The defendants removed the case to this federal court before being served process in state court and before the state court deadline for service of process expired[1].
7. The sole federal claim in the case was Section 1981 race discrimination federal claim.
8. Following removal, Plaintiff amended his complaint on July 29, 2025 to eliminate the Section 1981 claim that formed the basis for removal.
9. The amended complaint now contains only state law claims arising under New Hampshire law.
10. This amended complaint was filed within 21 days of the 7-8-25 filing of a motion to dismiss by the Donais defendants, after removal from state court.
11. This amended complaint was the first amended complaint filed in this case, including NH Superior Court or this NH federal court.
12. This amended complaint was filed as a matter of right without permission of the court or assent by the defendants, which the plaintiff is allowed to do under Federal Court Rule 15.
13. This amended complaint has removed/eliminated the sole federal claim in this case, upon which the defendants grounded their removal. Therefore, this federal court does not have jurisdiction over this case. This federal court has lost subject matter jurisdiction over this case.

---

[1] This is also known as "snap removal", which is a dubious practice that is looked upon unfavorably by some federal courts.

14. This Motion to Remand is timely filed (within 30 days of removal) and seeks remand based on the Court's lack of subject matter jurisdiction following Plaintiff's amendment.

## III. STANDARD FOR REMAND

15. A federal court must remand a case to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The burden of establishing federal subject matter jurisdiction rests on the party seeking to invoke it. Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 8 (1983).
16. Federal courts are courts of limited jurisdiction and may exercise jurisdiction only as authorized by the Constitution and Congress. Any doubts about federal jurisdiction should be resolved in favor of remand. Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013).

## IV. ARGUMENT
### A. The Supreme Court's Decision in Royal Canin Mandates Remand

17. The United States Supreme Court recently clarified in Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22 (2025), that when a plaintiff amends a complaint, after removal, to eliminate all federal claims, the federal court loses subject matter jurisdiction and must remand the case to state court.
18. In Royal Canin, the Court held unanimously that when an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims.
19. The Court explained that when a plaintiff, after removal, cuts out all her federal-law claims, federal-question jurisdiction dissolves, and consequently, with any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well.
20. The Court distinguished between cases where federal claims are dismissed by the court versus cases where they are removed by plaintiff's amendment, noting that an amended pleading deletes them for good, whereas an appellate court may yet revive the dismissed federal claims.

### B. This Case is Directly Controlled by Royal Canin

21. The facts here are analogous to Royal Canin:
    a. <u>Original Federal Claims</u>: The initial complaint contained a federal civil rights claim under 42 U.S.C. § 1981 (Count IX), which purportedly provided the basis for removal.
    b. <u>Post-Removal Amendment</u>: After removal, Plaintiff amended the complaint to remove all references to the Section 1981 claim, eliminating the federal question that enabled removal.
    c. <u>Only State Claims Remain</u>: The amended complaint now contains exclusively state law claims under New Hampshire law.
    d. <u>No Continuing Federal Jurisdiction</u>: Under Royal Canin, this Court's original federal question jurisdiction "dissolves" once the federal claims are excised by amendment, and supplemental jurisdiction over the state claims "disappears as well."

### C. Further on Basis For Motion

22. The basis for this motion is rooted in the fundamental principle that federal courts are courts of limited jurisdiction and only have authority over cases involving federal questions or complete diversity.
23. In this case, following the removal of the case from the New Hampshire Superior Court in Hillsborough County, the plaintiff filed a First Amended Complaint explicitly removing all federal claims, including the Section 1981 claim.
24. The amended complaint explicitly states that no federal jurisdiction exists and requests remand to the state court.
25. The amendments were timely, executed within the 21-day window provided by Federal Rule of Civil Procedure 15 after the defendant's motion to dismiss was filed, satisfying the procedural requirements for amendments as a matter of right.
26. Since the federal claims are now fully abandoned, federal jurisdiction no longer exists.
27. There are no grounds for this court to have jurisdiction over this case including under diversity of citizenship because the case was filed in the defendants' forum state of New Hampshire and all of the defendants in this case are citizens of New Hampshire.

28. Therefore, this case must be remanded to the NH Superior Court under the precedent set by the US Supreme Court under the Royal Cahn case, earlier this year.

## C. The Court Lacks Diversity Jurisdiction

29. Even absent federal question jurisdiction, this Court lacks diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a resident of Massachusetts, all defendants are all residents/citizens of New Hampshire and thus complete diversity does not exist between the parties.

## D. Jurisdiction Is Proper In The NH Superior Court

30. Jurisdiction is proper in the NH Superior Court as the defendants are all citizens of New Hampshire and the defendants waived any personal jurisdiction challenge in New Hampshire when they requested and received a transfer of the case from Massachusetts federal court to New Hampshire, in the previous iteration of this case (i.e. before it was voluntarily dismissed NH Federal Court on June 3, 2024, and timely re-filed in NH Superior Court on June 3, 2025, under the NH savings statute).

## E. Procedural Prerequisites Met

31. All procedural prerequisites for remand have been satisfied, including the timely filing of the amended complaint within the period allowed under Federal Rule of Civil Procedure 15.
32. There has been no undue delay, and the amendments clearly demonstrate that federal jurisdiction is now absent.
33. As the law mandates, the Court should remand this matter promptly to the New Hampshire Superior Court of Hillsborough County for further proceedings consistent with state law.

## F. The New Hampshire Savings Statute Does Not Create Federal Jurisdiction

34. Plaintiff's invocation of New Hampshire's savings statute (RSA 508:10) does not confer federal jurisdiction. The savings statute is a procedural mechanism under state law that allows refiling of certain claims within one year of dismissal. As the New Hampshire Supreme Court has explained, RSA 508:10 "serves to permit an action to be brought after the [statute of] limitation[s]" has expired under certain circumstances. This state law procedural rule does not create a federal question or alter the jurisdictional analysis under 28 U.S.C. § 1367.

## V.  THE COURT LACKS SUBJECT MATTER JURISDICTION

35. Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).
36. A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).
37. Because federal courts are courts of limited jurisdiction and because of federalism concerns, there is a presumption against removal jurisdiction. (See Kokkonen v. Guardian Life Ins. Co. of Am. (1994) 511 U.S. 375, 377 [holding that presumption against jurisdiction exists because federal courts are courts of limited jurisdiction]; Shamrock Oil & Gas Corp. v. Sheets (1941) 313 U.S. 100, 108-09 [indicating that federalism concerns and Congressional intent mandate strict construction of removal statutes].).
38. Under § 1447(c), the Court may remand the case "at any time" based on the lack of subject matter jurisdiction. When a district court discovers it lack jurisdiction over a removed case, the court should remand the case immediately. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999).
39. Likewise, once a party raises by motion, the issue of lack of jurisdiction, an immediate remand is appropriate.
40. Given the above, this Court's lack of subject matter jurisdiction, this Court should remand this matter immediately.

### VI. REMAND IS REQUIRED/MANDATORY UNDER 28 U.S.C. § 1447(C)

41. Under Royal Canin and 28 U.S.C. § 1447(c), remand is mandatory when a federal court lacks subject matter jurisdiction. The Court explained that a district court considering a complaint devoid of original and supplemental jurisdiction must remand the case to state court.
42. Thus, under 28 U.S.C. § 1447(c), federal courts are required to remand cases when jurisdiction is lacking, and the Court is obligated to do so sua sponte if it becomes apparent that the federal jurisdictional basis has been removed or eliminated.
43. The recent precedent set by the US Supreme Court in Royal Canin underscores that such a remand is mandatory when the federal claims are entirely dropped, as the law now stands.
44. Furthermore, where, as here, the plaintiff has explicitly requested remand in the amended complaint and no federal claims remain, the Court's authority to retain jurisdiction is extinguished.
45. In addition, there is technically no need for any separate motion for remand because the Federal Rules and applicable law recognize that the court's jurisdiction is dependent on the allegations of the complaint.
46. When federal jurisdiction is dependent on federal claims, their removal or elimination results in the case being in the proper jurisdiction of the state courts.
47. The removal should be set aside in light of the amendments that strip the case of any federal question.
48. The Court's obligation to remand when jurisdiction ceases is clear, and the plaintiffs respectfully request that this Court exercise its authority accordingly.

### VII. ADDITIONAL GROUNDS FOR REMAND

#### A. Additional Background

49. There is another first-filed similar proceeding, in New Hampshire Superior Court, Hillsborough County Northern District, related to this case that was pending prior to removal to federal court, with case number 216-2020-CV-00027. That case involves the same or similar or related matters that are closely tied to the issues of this case.
50. The removal of this case to federal court was intended to disrupt, frustrate and prejudice the proceedings in NH Superior Court.
51. That case was filed on January 3, 2020 in New Hampshire Superior Court, Hillsborough County Northern District against 21 defendants involving a dispute that primarily centered on events occurring at a Hilton Hotel property. Defendant Craig Donais was a defendant in that case and was represented by Russell Hilliard in that case.
52. Shortly after the initial filing of the case, the case was paused due to the Covid pandemic throughout 2020 and 2021.
53. In 2021, the defendants engaged in private settlement negotiations with the plaintiff and arrived at a settlement on monetary amount in April 2021, with agreement to work on the contract language thereafter. The defendants agreed that plaintiff should not serve process while negotiating settlement as that would disrupt the settlement process and require defendants to start filing motions in the NH Superior Court case. The plaintiff thus sought extensions for the deadline to serve process from the NH superior court due to the agreed-upon private settlement negotiations underway that had resulted in settlement agreement on monetary with contract finalization remaining.
54. While the contract language was being worked on, Craig Donais backed out of the settlement at the last minute, in early January 2022, without giving any reason for doing so [NB: It was later discovered that Donais only agreed to engage in settlement discussions along with the 20 other Hilton Hotels defendants, in order to delay and sabotage the settlement process]. Donais also immediately entered appearance in the case, before being served process, and before the deadline for service expired, seeking dismissal for delay in service of process (which the defendants had agreed to). The plaintiff then obtained a new summons from the NH superior court clerk, with/since only Craig Donais was now to be served, and the clerk issued a deadline for service for April 2022. Donais then filed a motion to vacate the new summons claiming that the clerk had no authority to issue summons here. The NH Superior Court held a hearing on the motions to dismiss and to vacate summons, and confirmed the deadline set by the clerk office. The plaintiff served process on Donais before the deadline set by the court. Thereafter, the contract was finalized shortly

4

thereafter and final execution of the contract, settling out 20 defendants, occurred end of March 2022/early April 2022. Donais was the only defendant remaining with claims against him that are similar or related to the ones in this case.

55. Thereafter, the NH Superior Court denied the motion to dismiss and the motion to vacate the summons as having no merit[2]. Donais filed motions to reconsider which were also denied. Donais then filed another motion to dismiss, this time combining the motion to dismiss based on delayed service and the motion to vacate summons, and repackaging them under a motion to dismiss for insufficient service of process. Donais did this so that he could trigger a special rule that allow for motions for insufficient service of process to be appealed immediately to the NH Supreme Court.

56. Before the NH Superior Court could rule on the repackaged new motion to dismiss, Donais then filed an immediate interlocutory appeal to the NH Supreme Court on the grounds of insufficient service of process because of the delayed service of process. Donais requested a stay on the case pending appeal. The NH Superior Court granted the stay. The NH Superior Court case remained on hiatus while on appeal in the NH Supreme Court, for about two years until 2024 when the high court returned the case to the NH Superior Court for ruling on the pending new motion to dismiss but retained jurisdiction over the case. Once in state court, the defendant requested that he be allowed to supplement or revise his pending motion to dismiss and the NH Superior Court allowed him to do so. Thereafter, after vigorous litigation over the motions to dismiss, for the remainder of 2024, the NH Superior Court finally denied dismissal in November 2024 and ordered that the matter be sent back to the NH Supreme Court for final disposition of the pending appeal. On 2-27-25, the NH Supreme Court declined/denied the appeal and sent the case back to the NH Superior Court to proceed.

57. However, it should be noted that, while the matter was on appeal at the NH Supreme Court for two years, plaintiff filed suit against Donais (and the other defendants named in this case) in Bristol Superior Court in Massachusetts in June 2022, in order to preserve certain statute of limitations issues and to preserve other rights, especially while the other NH case was stalled on appeal in NH supreme court, and since it was unclear how that matter would proceed in terms of being dismissed for service of process insufficiency (which would be without prejudice if that occurred). The defendants then removed that Massachusetts case to Massachusetts Federal Court. After the plaintiff promptly filed a motion to amend the complaint, the defendants then filed motions to dismiss but also requested the MA federal court transfer the case to the NH federal court. The MA federal court granted the transfer without addressing any of the merits or any of the pending motions.

58. Then, the matter proceeded in NH federal court, primarily focusing on resolving a motion to amend the complaint, with all other dispositive matters stayed until after disposition of the motion to amend the complaint.

59. The plaintiff also had filed a motion to stay the NH federal court case because of the pending parallel first-filed NH Superior Court case, which had just been revived in February 2025 after return from the NH supreme court. Plaintiff argued that it would not be right to litigate two related cases, one in federal court and one in NH Superior Court at the same time.

60. However, before the NH federal court decided this issue or the motion to amend the complaint, the plaintiff filed for voluntary dismissal, in part[3], on the grounds that the two cases needed to be heard in one forum and that the NH Superior Court was the best forum because the NH Superior Court case was first filed in 2020, and had moved along further procedurally having adjudicated 4 motions to dismiss, and thus rather than pursuing a stay in federal court, it made better sense to voluntarily dismiss the case and re-file it in NH Superior Court with the goal of seeking consolidation with the first filed NH Superior Court case.

61. Specifically, the plaintiff stated, on page 1 of the filing pertaining to the reasons for voluntary dismissal, as follows:

---

[2] It should be noted that the plaintiff contends that these were absolutely frivolous arguments, and the state court's rejection of them supports this contention.

[3] There are other procedural issues and other issues related to how the case got into NH federal court that were part of the grounds for voluntary dismissal.

5

In filing this notice of voluntary dismissal without prejudice, the plaintiff preserves all rights afforded by law including but not limited to pursuing first-filed cases in state courts (that were previously filed before this case was filed and removed the federal court) and which, especially the NH state court case, is at a further stage than this case but which largely have been obstructed and delayed by the bad faith maneuvers of the defendants in state court. Rather than pursue a stay of this case in this court in favor of first filed parallel state court litigation, which motion is still pending, it simply makes better sense to voluntarily dismiss this case, at this point in time.

Given that the state court proceedings have resumed and are underway, and further ahead of this case, and given the hardships of having two or more cases with the same or similar claims proceed at the same time, imposed on me as a pro se plaintiff, with ADA issues and limited resources, it simply makes better sense to voluntarily dismiss this case, at this point in time.

62. See also screenshot of filing pertaining to the voluntary dismissal below citing, in part, the need to consolidate the two parallel proceedings in one court.

> Case 1:23-cv-00374-JL-TSM    Document 232    Filed 06/03/24    Page 1 of 6
>
> UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
> ANDRE BISASOR, Plaintiff,
> v.
> CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
> UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
> Case No.1:23-cv-00374-JL
>
> **ADDENDUM/STATEMENT OF CLARIFICATION REGARDING NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO F.R.C.P. 41(a)(1)(A)(i)**
>
> 1. Although not required under the rules, I would like to make the following additional statement about the notice of voluntary dismissal which is being concurrently filed with this statement, as follows.
>
> 2. In filing this notice of voluntary dismissal without prejudice, the plaintiff preserves all rights afforded by law including but not limited to pursuing first-filed cases in state courts (that were previously filed before this case was filed and removed the federal court) and which, especially the NH state court case, is at a further stage than this case but which largely have been obstructed and delayed by the bad faith maneuvers of the defendants in state court. Rather than pursue a stay of this case in this court in favor of first filed parallel state court litigation, which motion is still pending, it simply makes better sense to voluntarily dismiss this case, at this point in time.
>
> 3. Moreover, the ruling of this court on my pending motion to stay, may be appealed by either party, since a motion for stay of this nature would be treated as an injunction under Section 1291 pertaining to the federal appellate process, and would be immediately appealable both ways on an interlocutory basis whether granted or denied. This will likely spawn further satellite litigation that will tie up resources and this case. This would create hardship for me in having to expend time and resources on an appeal on this matter even if I win. Hence, it simply makes better sense to voluntarily dismiss this case, at this point in time.
>
> 4. Given that the state court proceedings have resumed and are underway, and further ahead of this case, and given the hardships of having two or more cases with the same or similar claims proceed at the same time, imposed on me as a pro se plaintiff, with ADA issues and limited resources, it simply makes better sense to voluntarily dismiss this case, at this point in time.

63. This is exactly what the plaintiff did. On June 3, 2025, the plaintiff re-filed the voluntarily dismissed federal court case in the same NH superior court district (under the NH savings statute), and then on June 5, 2025, moved for consolidation with the first-filed NH state court case. See screenshot of docket below.



64. Donais objected to consolidation of the cases.
65. Then Donais, on July 7, 2025, right before the NH superior court was anticipated to just about rule on the consolidation (in accordance with the time allowed for objections and replies before ruling), further objected again to consolidation on grounds of his removal to federal court.
66. See screenshot below of Donais' filing.

> File Date: 7/7/2025 3:22 PM
> Hillsborough Superior Court Northern District
> E-Filed Document
>
> STATE OF NEW HAMPSHIRE
>
> HILLSBOROUGH COUNTY                SUPERIOR COURT
> NORTHERN DISTRICT
>
> #216-2020-cv-00027
>
> Natalie Anderson, et al.
>
> v.
>
> Hilton Hotels Worldwide, Inc., et al.
>
> **OBJECTION TO "PLAINTIFF'S NATALIE ANDERSON'S MOTION FOR HEARING ON PLAINTIFFS' MOTION TO CONSOLIDATE CASES"**
>
> Craig S. Donais, defendant in the above matter, hereby objects to "plaintiff's Natalie Anderson's motion for hearing on plaintiffs' motion to consolidate cases," on the following grounds:
>
> 1. On July 2, 2025, the new lawsuit that is the subject of the consolidation request (Case No. 216-2025-CV-00529) was removed to the federal district court.
> 2. Accordingly, this motion should be denied as moot.

67. It is thus clear that Donais intended his removal to disrupt, block, interfere with consolidation of the two related sate court cases and to frustrate the plaintiff's intent to consolidate both cases in one state court forum.

### B. The Court Should Remand Because Defendants Have Engaged in Forum-Shopping And Gamesmanship To Avoid Imminent Consolidation of Related State Court Proceedings

68. This matter was removed solely out of forum shopping and for purposes of avoiding imminent consolidation of similar cases in state court.
69. On June 2025, the plaintiff filed a motion to consolidate this action with a first-filed case in NH Superior Court. The purpose of filing the new action in the same court was to seek and obtain consolidation in NH Superior Court.
70. Thus, removal was highly prejudicial to the plaintiff, who has had to deal with the delays in federal court for claims that were intended to be adjudicated in state court.
71. Even though this matter should be remanded for the elimination of federal jurisdiction reason alone, this matter should also be remanded on equitable grounds. Where the matter was removed for unfair or improper purposes (i.e. forum shopping or gamesmanship), either equitable remand is appropriate.

72. Such strategic maneuvering are precisely the type of scenario that federal courts find constitute forum shopping and warrant abstention from accepting jurisdiction. As the U.S. District Court for the Southern District of New York noted while ordering remand in Little Rest Twelve, Inc. v. Visan, 458 B.R. 44, 60 (S.D.N.Y. 2011), "the removal petition[] produce[s] an unmistakable impression of forum-shopping…, which appeared to remove the cases to avoid the state court forum…*shortly before the state court judge was about to issue a decision.*". So it is here, and remand is equally warranted.
73. The defendants have employed, in state court, the unsavory litigation tactic of a snap removal before service, seeking to disrupt the proper consolidation of the same two cases in state court.
74. They removed the case to this court to avoid/circumvent the consolidation of state court proceedings. This removal was clearly an effort to game the system and to throw off the plaintiff.

### C. Plaintiff Has Been Harmed By Removal

75. The costs and harms attributable to the removal-and-remand process accrue even if the errant defendant removed the case on the basis of reasonable arguments with the purest of intentions, but even much more where the intentions are impure. The defendant's actions have wrought needless litigation costs upon the plaintiff but also have frustrated judicial economy.
76. The most obvious costs of the removal are "private harms", those tangible and intangible costs imposed directly upon the plaintiff who must argue the jurisdictional issues in the case. A plaintiff has suffered other costs in opposing the defendant's actions. But such expenses are only a small subset of all private harms, for when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims. As a result, by the very act of removing a case, the defendant has delayed the state court proceedings which, in turn, has worked to the disadvantage of the plaintiff. Thus, improper removal confers some benefit upon the defendant at the expense of the innocent plaintiff.
77. This removal has created disruption for plaintiff, as a non-lawyer, by disrupting a motion to consolidate was on the eve of being decided by the state court.
78. Plaintiff also have had to deal with or address things on an emergency basis in this court given the expedited schedule in this court, which impacts other important deadlines in the other case in state court.
79. This has put plaintiff at further disadvantage.
80. This removal should not have occurred and it was done out of pure gamesmanship. This is another factor that goes to support remand.
81. These are simply supporting arguments for remand but this remand motion is not dependent upon them. These, at a minimum, provide further context, to show why remand is not only proper but also in the interests of justice.

### VIII. CONCLUSION

82. In conclusion, the plaintiffs respectfully requests that this Court, upon consideration of this motion and the accompanying amended complaint, promptly issue an order remanding the case to the New Hampshire Superior Court.
83. The plaintiff further requests that the Court notify all parties of this remand and that any pending motions or proceedings be stayed or dismissed in accordance with the remand order.
84. This mandate enforces two fundamental principles in federal jurisprudence: 1) federal courts are courts of limited jurisdiction; thus, all doubts should be weighed against removal and in favor of remand; and 2) a plaintiff gets to choose his or her forum to bring the lawsuit.
85. Therefore, for the reasons stated above, Plaintiffs' move the Court to remand the case to state court.
86. If for any reason, the court needs more information before ruling, or is inclined to not immediately grant remand, then in the alternative, the plaintiffs' request hearing on this motion to remand prior to ruling.
87. Note: Although this is motion is in essence a dispositive motion (as it would end the case in this court if granted, the Plaintiff nonetheless informed the defendants of the motion to remand, via email, and conferred with the defendants on this motion.

### IX. PRAYER FOR RELIEF

88. Following the Supreme Court's clear directive in Royal Canin, this Court lacks subject matter jurisdiction over Plaintiff's amended complaint, which contains only state law claims. The federal civil rights claim that

enabled removal has been eliminated by amendment, destroying both original federal question jurisdiction and supplemental jurisdiction over the related state claims.

89. WHEREFORE, Plaintiff respectfully requests that this Honorable Court:
   a. Grant this Motion to Remand;
   b. Remand this action to the New Hampshire Superior Court, Hillsborough County Northern District;
   c. Grant such other relief as this Court deems just and proper[4].

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor, Pro Se

/s/ Natalie Anderson
Natalie Anderson, Pro Se

August 1, 2025

### CERTIFICATE OF SERVICE

This is to certify that copies of this filing was/will be served on all parties and counsel of record.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor, Pro Se

---

[4] If the defendants advance frivolous arguments to oppose remand when it is clear that remand is required, and if they misstate the law or offer misleading references or false statements of fact, the plaintiff also ask for sanctions upon the defendants and their counsel.