UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____

ANDRE BISASOR and NATALIE
ANDERSON,
    Plaintiffs

Vs.                                    CASE NO.: 1:25-CV-00251

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC,
MARY K. DONAIS, UPTON HATFIELD
and AMY MESSER,
    Defendants

_____

### DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND CASE TO NEW HAMPSHIRE SUPERIOR COURT

Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC (the "Donais Defendants"), by their attorneys, hereby oppose Plaintiffs' Motion to Remand this Case to State Court (Doc. 15). The Donais Defendants request that this Honorable Court deny the Plaintiff's Motion as there is complete diversity in this action, such that this Court has jurisdiction. Briefly, while Plaintiffs no longer assert a federal claim in their amended complaint, this court still has jurisdiction as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. The Donais Defendants further state as follows:

### ARGUMENT

**I.    The Court Should Not Remand This Action Because Diversity Jurisdiction Exists.**

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

104484944.v1

citizens of different States." 28 U.S.C. § 1332. Federal diversity jurisdiction exists where "there is complete diversity of citizenship between [the parties] and the amount in controversy exceeds $75,000.00, exclusive of interests and costs." *Carrozza v. CVS Pharmacy Inc.*, 992 F.3d 44, 53 (1st Cir. 2021) (Where the plaintiff did not propose a clear alternative to a previous stated amount, the previously stated amount was sufficient to satisfy the amount in question element of federal diversity jurisdiction.) The "defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-88 (2014).

Plaintiffs improperly contend in their motion that the court lacks diversity jurisdiction. See *Doc. 15, ¶ 30*. Therein, though, Plaintiffs agree that "Plaintiff is a resident of Massachusetts [and] all defendants are all residents/citizens of New Hampshire." *Id*. The allegations in Plaintiffs' amended complaint confirm this. All defendants reside in New Hampshire for jurisdictional analysis. See *Doc. 13, ¶¶ 41, 46, 51, 60, 65; Doc. 15, ¶ 27*. Both Plaintiffs reside in Massachusetts. See *Doc. 13, ¶¶ 37, 39*. As such, there is complete diversity of citizenship between all plaintiffs and all defendants.

The amount in controversy is in excess of $75,000.00. See *Doc. 13, ¶¶ 481, 573, 991, 1011*. Plaintiffs, in their Prayer for Relief, directly seek amounts well above $75,000. See *Doc. 13, ¶ 1011*. Therefore, diversity jurisdiction exists and the Court should deny Plaintiff's Motion to Remand.

II. **Plaintiffs' Are Incorrect that this Court May not Exercise Diversity Jurisdiction.**

Plaintiffs argue that this Court may not exercise diversity jurisdiction, since Bisasor originally filed the Complaint in "defendants' forum state of New Hampshire and all of the defendants in this case are citizens of New Hampshire." See *Doc. 15, ¶ 27*. Plaintiffs rely upon *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025). The Donais Defendants concede that there is no explicit federal question under the amended complaint. See *Doc. 13* generally. However, under *Royal Canin*,

the removal of the federal claim dictates only that "the federal court loses its supplemental jurisdiction over the state-law claims." *Royal Canin*, 604 U.S. at 25-26, 30. The *Royal Canin* court further held that the "appropriateness of federal jurisdiction [ ] depends on the substance of the suit – the legal basis of the claims (federal or state?) and the citizenship of the parties (diverse or not?) [ ] So in a removed no less than in an original case, the rule that jurisdiction follows the operative pleading services a critical function. It too ensures that the case, as it will actually be litigated, merits a federal forum." *Id*. at 38-39. The Donais Defendants do not contend that this Court retains supplemental jurisdiction. Rather, this Court should deny remand because under the operative complaint, *Doc. 13*, this Court still has jurisdiction as argued infra, i.e., the substance of the amended complaint establishes diversity jurisdiction.

Also, snap removal is "a permissible litigation tactic under the removal statute." *Hanson v. Depot LBX, Inc.*, 756 F. Supp. 3d 56, 59 (W.D. Va. 2024) (citations omitted). In *Hanson*, the plaintiff's motion to remand after the snap removal by a forum defendant was denied. *Hanson*, 756 F. Supp. at 75. "If a defendant seeking to remove a case establishes federal jurisdiction, then a court should proceed to hear the case absent a procedural defect in the removal. This is consistent with the general rule that federal courts are bound by a virtually unflagging obligation to exercise the jurisdiction given them. Thus, if two conditions are met – (1) a defendant successfully establishes federal subject matter jurisdiction and (2) plaintiff fails to establish a procedural defect in removal – then the Court should generally allow for removal." *Hanson*, 756, F.756 at 62 (internal citations, quotations and ellipsis removed). The Donais Defendants properly removed this matter, and this Court still has jurisdiction. See also *Leahy v. Omni Hotels Management Corporation*, 560 F. Supp 3d 496 (D. N.H. 2021).

In *Leahy*, this Court (McCafferty, J.) denied a motion to remand. A Massachusetts plaintiff brought suit in New Hampshire state court against a Texas/Delaware Corporation and a "Jane Doe" employee related to an injury she sustained at the corporation's New Hampshire hotel. The corporate defendant removed the case. Through discovery, Jane Doe was identified as a New Hampshire resident at the time of the filing of the Complaint. While the *Leahy* case is not squarely on point, like in *Leahy*, the forum defendant rule was not a factor in the court's maintaining jurisdiction. Now that the matter has been removed, and Plaintiff amended his complaint to, in part, add an additional plaintiff and additional defendants, the forum defendant rule does not defeat this Court's jurisdiction. The amended complaint continues to retain complete diversity among plaintiffs and defendants. Plaintiffs' Motion to Remand should be denied.

## CONCLUSION

For all the foregoing reasons as well as any grounds raised in any objection filed by co-defendants in this matter, Craig S. Donais, Mary K. Donais and Donais Law Offices PLLC, respectfully request that this Court deny the Plaintiff's Motion to Remand this Case to New Hampshire State Court.

.

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG DONAIS, DONAIS LAW OFFICES
PLLC and MARY K. DONAIS

Date: August 15, 2025

*/s/ Linda M. Smith*
_____
Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
(603) 622-3400

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing to all parties in this action by serving same via electronic mail to:

| | |
|---|---|
| Andre Bisasor, Pro Se<br>101 Middlesex Turnpike, #270<br>Burlington, MA 01801<br><u>quickquantum@aol.com</u><br><br>Natalie Anderson, Pro Se<br>101 Middlesex Turnpike, #270<br>Burlington, MA 01801<br><u>liberty_6@msn.com</u> | Daniel R. Sonneborn, Esq.<br>Preti Flaherty<br>60 State Street, Suite 1100<br>Boston, MA 02109<br><u>wsaturley@preti.com</u><br><u>dsonneborn@preti.com</u> |

Date:  August 15, 2025 　　　　　　　　　　　*/s/ Linda M. Smith*　　　　
　　　　　　　　　　　　　　　　　　　　　　　Linda M. Smith