UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251|ANDRE BISASOR v. CRAIG DONAIS, et. al

Andre Bisasor,
Natalie Anderson,
Plaintiffs
v.
Craig S. Donais,
Mary K. Donais,
Donais Law Offices, PLLC,
Russell F. Hilliard,
Upton Hatfield,
Amy Messer,
Defendants.

## PLAINTIFF'S EMERGENCY MOTION TO STAY BRIEFING AND FILING OF MOTION TO DISMISS PENDING DECISION ON REMAND

### I. INTRODUCTION

1. Plaintiff Andre Bisasor respectfully moves this Court for an emergency stay of all briefing deadlines and proceedings related to Defendants' motions to dismiss the First Amended Complaint until after this Court has decided Plaintiff's Motion to Remand. As demonstrated herein, fundamental principles of judicial economy, jurisdictional primacy, and fairness to litigants mandate such a stay, particularly in light of the recent Supreme Court decision in Royal Canin U.S.A., Inc. v. Wullschleger and the law of the case established by Judge Saint-Marc's prior rulings in this matter.

### II. STATEMENT OF FACTS

2. On July 29, 2025, Plaintiffs filed their First Amended Complaint, eliminating the sole federal question claim (42 U.S.C. § 1981) that provided the basis for Defendants' removal to federal court.

3. On August 1, 2025, Plaintiffs timely filed their Motion to Remand, demonstrating that this Court lacks subject matter jurisdiction over the amended complaint containing only state law claims. Despite this clear jurisdictional defect, Defendants oppose any stay of their motion to dismiss briefing and insist that both jurisdictional and merits issues should be litigated simultaneously.

4. The present motion arises from Defendants' refusal to consent to a reasonable stay request. During conferral efforts documented in the attached email correspondence (see **Exhibit 1 and 2**)[1], the Hilliard Defendants' counsel initially provided evasive responses about their position, claiming they could not agree to a stay because jurisdictional timing "is the Court's decision." When pressed on this manifestly non-responsive answer, counsel eventually revealed their true position: they believe "the case should move forward and that the remand issue and a motion to dismiss can be filed and potentially argued simultaneously." This approach contradicts established law and would waste judicial resources while potentially prejudicing Plaintiffs.

### III. LEGAL STANDARD

5. Federal courts possess inherent authority to manage their dockets efficiently and prevent the waste of judicial resources. As the Supreme Court observed in Landis v. North American Co., 299 U.S. 248, 254-55 (1936), "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Courts regularly exercise this power to stay merits proceedings when fundamental jurisdictional questions are pending, recognizing that resolution of jurisdiction must precede consideration of the merits.

### IV. ARGUMENT
### A. The Supreme Court's Decision in Royal Canin Mandates Remand, Making Any Motion to Dismiss Premature and Wasteful

6. The recent unanimous Supreme Court decision in Royal Canin U.S.A., Inc. v. Wullschleger, No. 23-677, 2025 WL 96212 (U.S. Jan. 15, 2025), directly governs the jurisdictional issue presented here and compels remand.

---

[1] NB: See **Exhibits 3 and 4** for email exchanges with the Donais defendants.

7. In Royal Canin, the Court held unequivocally that "when an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims."

8. The Court reasoned that federal jurisdiction depends on "what the new complaint says," and that "the amended complaint becomes the operative one; and in taking the place of what has come before, it can either create or destroy jurisdiction."

9. Here, Plaintiffs' First Amended Complaint eliminated every reference to federal law, leaving only state law claims arising under New Hampshire statutes and common law.

10. Under Royal Canin, this Court's jurisdiction "dissolves" because there is no longer any "federal anchor" for the case. The Supreme Court made clear that in such circumstances, "supplemental jurisdiction over the residual state claims disappears as well," requiring immediate remand.

11. Given this controlling Supreme Court precedent, any motion to dismiss the amended complaint in federal court would be an exercise in futility.

12. The Court lacks jurisdiction to consider the merits of Defendants' arguments, and any ruling on a motion to dismiss would be rendered meaningless when the inevitable remand occurs.

13. Judicial economy demands that the jurisdictional question be resolved first, as confirmed by numerous district courts that have stayed merits motions pending remand decisions.

## B. The Law of the Case Doctrine Compels a Stay Based on Judge Saint-Marc's Prior Ruling

14. The law of the case doctrine provides an independent basis requiring the requested stay.

15. The law of the case "doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). The doctrine applies in criminal as well as civil cases, see United States v. Nechy, 827 F.2d 1161, 1164 (7th Cir.1987). Note: Under established First Circuit precedent, once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case. See also United States v. Monsisvais, 946 F.2d 114, 116 (10th Cir. 1991)("The law of the case doctrine also serves the purposes of discouraging panel shopping at the court of appeals level and assuring district court compliance with the decisions of the appellate court. See Heathcoat v. Potts, 905 F.2d 367, 370 (11th Cir.1990)"). This applies with equal force to ensure consistency within the same litigation

16. As this Court is well aware, in the prior iteration of this litigation (Case# 1:23-cv-00374), Judge Talesha Saint-Marc specifically ordered that briefing on motions to dismiss be stayed pending resolution of the remand motion. The docket reflects that on December 1, 2023, Judge Saint-Marc entered an order staying all dispositive motion deadlines until after remand was decided, recognizing that jurisdictional questions must be resolved before merits issues can be properly addressed.

> "…Because an accepted amended complaint would moot the pending motions to dismiss (doc. nos. 70, 81), LR 15.1(c), further briefing on defendants' motions to dismiss and Bisasor's related motions to "declare choice of law" and to strike (doc. nos. 112, 113, 117) is stayed pending further order of the court...Additionally, the parties agreed that given the court's focus on Bisasor's motion to remand and his forthcoming motion to amend, no further motions will be filed except, to the extent necessary, a motion for jurisdictional discovery related to the pending motion to remand, which is due on or before December 11."

17. Note: The above order flowed from what was said in the attendant hearing on November 30, 2023. Also, it should be noted that the defendants were the ones to argue and request, during the hearing, that no further motions should be filed until after remand and amendment were resolved [and the defendants cannot and will not contradict that they said this without risking sanctions for being dishonest with this court]. They cannot now argue the opposite position and should be judicially estopped from doing so, especially since the court accepted the argument from defendants and entered it as part of the 12-1-23 order. See Asarco, LLC v. Noranda Mining, Inc., 844 F.3d 1201, 1207 (10th Cir. 2017) (quoting New Hampshire, 532 U.S. at 749–50)("Judicial estoppel is an equitable remedy designed to 'protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'"). In determining whether to apply judicial estoppel, courts typically inquire as to whether: 1) a party's later position is clearly inconsistent with its earlier position; 2) a party has persuaded a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or second court was misled"; and 3) the party seeking to assert the inconsistent position would derive an unfair advantage if not estopped. Bradford v. Wiggins, 516 F.3d 1189, 1194 (10th Cir. 2008).

18. Judge Saint-Marc's determination that remand should precede dispositive motion briefing constitutes the law of this case and should be followed here.

19. Thus, the law and prior orders in this case, including the directive from Judge Saintmarc, underscore that the question of remand must be decided first, as it is the threshold issue that governs all subsequent proceedings. The explicit language from the court order entered on December 1, 2023, recognizes that the remand motion should be decided prior to any substantive motions, including motions to dismiss, and this remains the law of the case.

### C. Fundamental Principles of Judicial Economy Support a Stay

20. Courts routinely stay proceedings when subject matter jurisdiction is contested because resolving jurisdictional questions first promotes judicial efficiency and prevents waste of resources.

21. Case law supports the proposition that courts should stay proceedings involving substantive motions until jurisdiction is properly addressed. Courts across jurisdictions have recognized that resolving jurisdictional issues at the earliest possible stage conserves resources and prevents unnecessary rulings on merits when the court lacks the authority to hear the case in the first place.

22. The Supreme Court has emphasized, in cases such as Steel Co. v. Citizens for Better Environment, 523 U.S. 83 (1991), that federal courts must confine themselves within the limits of their jurisdiction and refrain from ruling on substantive issues if jurisdiction is lacking. In that case, the high court said:

> "We decline to endorse such an approach because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers. This conclusion should come as no surprise, since it is reflected in a long and venerable line of our cases. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 7 Wall. 506, 514 (1869). "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." Great Southern Fire Proof Hotel Co. v. Jones, supra, at 453. The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception." Mansfield, C. & L. M. R. Co. v. Swan, 111 U. S. 379, 382 (1884)."

> "While some of the above cases must be acknowledged to have diluted the absolute purity of the rule that Article III jurisdiction is always an antecedent question, none of them even approaches approval of a doctrine of "hypothetical jurisdiction" that enables a court to resolve contested questions of law when its jurisdiction is in doubt. Hypothetical jurisdiction produces nothing more than a hypothetical judgment-which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning. Muskrat v. United States, 219 U. S. 346, 362 (1911); Hayburn's Case, 2 Dall. 409 (1792). Much more than legal niceties are at stake here. The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the courts from acting at certain times, and even restraining them from acting permanently regarding certain subjects. See United States v. Richardson, 418 U. S. 166, 179 (1974); Schlesinger v. Reservists Comm. to Stop the War, 418 U. S. 208, 227 (1974). For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires."

23. Similarly, the District of Massachusetts has often recognized the propriety of staying proceedings where the jurisdictional determination is pending because proceeding simultaneously on merits and jurisdiction would be inefficient and potentially prejudicial.

24. The court should grant a stay pending resolution of a motion to remand because whether the court has subject-matter jurisdiction should be addressed before the court decides the merits of the case.

25. Absent a stay, the resources that Plaintiffs have to expend to respond to the motion to dismiss will have been unnecessarily wasted if the court lacks jurisdiction.

26. The reasoning is straightforward and compelling. If this Court determines it lacks subject matter jurisdiction, any time and resources devoted to briefing and deciding a motion to dismiss will have been completely wasted.

27. Conversely, if the Court finds it has jurisdiction, the motion to dismiss can proceed with no harm to any party. The asymmetric risk counsels strongly in favor of resolving jurisdiction first.

28. Thus, because the Court's jurisdiction remains a jurisdictional threshold issue, it is a fundamental principle that litigating any substantive motion, such as a motion to dismiss, without first resolving jurisdictional questions would be a waste of judicial resources. If the Court determines that it lacks subject matter jurisdiction over this

action due to the elimination of federal claims following the amendment, then responding to or litigating the motion to dismiss would constitute a futile endeavor, insofar as a case without jurisdiction should not proceed in the federal forum. Accordingly, the entire pursuit of briefing and adjudication on the motion to dismiss at this stage would be rendered meaningless and contribute to unnecessary expenditure of judicial and litigant resources.

### D. The Addition of a New Plaintiff Creates Unfair Burdens That Support a Stay

29. Plaintiff Natalie Anderson was added as a second plaintiff in the First Amended Complaint. As a new party to this federal litigation, she requires time to understand the jurisdictional issues and the implications of the remand motion. Forcing her to simultaneously litigate complex remand issues and respond to complex dispositive motions, creates an unreasonable burden, particularly given that she proceeds pro se alongside the primary plaintiff.

30. The addition of a new plaintiff fundamentally changes the procedural posture and requires careful consideration of how remand affects her claims differently from those of the original plaintiff. Requiring simultaneous briefing on jurisdiction and merits issues places her at a significant disadvantage and denies her the opportunity to focus adequate attention on the threshold jurisdictional questions that will determine the proper forum for her claims.

### E. Parallel State Court Proceedings Will Be Unnecessarily Duplicated

31. Plaintiffs have significant ongoing obligations in the related New Hampshire Superior Court action, where an amended complaint addressing similar issues is currently being adjudicated. That case is further ahead of this case and this case was intended to be consolidated with the state court case (as explained in the plaintiff's motion to remand). See **Exhibit 5** for state court docket.

32. As detailed in the Motion to Remand, Plaintiff specifically refiled this case in state court with the intention of seeking consolidation of related proceedings in the same state court.

33. Defendants' removal was calculated to disrupt this consolidation and force Plaintiffs to litigate substantially similar issues in multiple forums.

34. If this Court were to adjudicate a motion to dismiss under federal standards while the state court simultaneously considers related claims under state procedural rules and state-based substantive standards, the result would be inconsistent rulings, wasted judicial resources, and potential preclusion issues that would complicate any eventual consolidation.

35. Such duplication serves no legitimate purpose and creates exactly the kind of inefficiency that stay orders are designed to prevent.

36. Furthermore, requiring the plaintiffs, who have recently added a new and distinct plaintiff, to prepare and respond to a motion to dismiss in the midst of this jurisdictional inquiry would impose an undue burden.

37. So, in sum, since the plaintiffs have already engaged in ongoing proceedings in the New Hampshire Superior Court, where their amended complaint is currently under adjudication, simultaneous litigation of a motion to dismiss in federal court risks duplicative proceedings; an such duplication would be inefficient and inconsistent, as it would compel the plaintiffs to address the merits of dismissal under a different standard than the state court, thereby creating the potential for conflicting rulings.

### F. Defendants Will Suffer No Prejudice From a Brief Stay

38. Defendants cannot identify any cognizable harm from a brief stay pending resolution of the remand motion.

39. The case was only recently removed to federal court, no trial date has been set, and discovery has barely begun.

40. A stay of several weeks to resolve jurisdiction will cause no meaningful delay in the ultimate resolution of the case, particularly if it results in remand to the state forum where the case belongs.

41. In contrast, Plaintiffs face significant prejudice without a stay. They must expend limited resources preparing responses to dispositive motions that may become moot, while simultaneously briefing complex jurisdictional issues. They face the prospect of inconsistent rulings in federal and state court, and their ability to seek consolidation of related proceedings in state court is frustrated by Defendants' insistence on federal court motion practice.

### G. The Remand Decision Should Be Straightforward

42. The remand decision should be fairly straightforward. The federal claims have been removed via amendment of the complaint. The court lost jurisdiction at the moment the amended complaint was filed. The court has no

authority to adjudicate the case on the merits including any motion to dismiss. This court should rule promptly on the motion to remand and remand the case forthwith. There is no grounds for delay.

### H. Defendants Cannot Have It Both Ways

43. The defendants requested an extension until September 3, 2025 to file a motion to dismiss the amended complaint, which was due on August 12, 2025. The defendants cannot have it both ways. If they wanted to litigate both at the same time, then they should have filed their motion to dismiss on time on August 12, 2025. Yet, they want to benefit from extending the deadline while still requiring the motion to remand to be litigated at the same time as the motion to dismiss. This is clearly a self-serving unfair approach designed to give all advantages to the defendants while disadvantaging the plaintiffs.

44. The defendants to take their time to line up all their defenses while giving plaintiffs no room to defend against their defenses. See **Exhibit 3 and 4** for email exchanges with counsel for the Donais defendants who blatantly confirmed that they want an extension for themselves but no extension for the plaintiffs on the same matter. This is pure gamesmanship designed to try to outmaneuver the plaintiffs using tactics, rather than engaging in a fair process. The court should not countenance this.

### I. Defendant's Opposition To Remand Will Likely Be In Bad Faith and Should Be Sanctioned

45. The defendants will likely try some bad faith attempt to oppose remand but there is no legitimate grounds to oppose remand. Any attempt to oppose remand will likely be based on grabbing at straws, using misleading arguments, misstating the law, or the facts, or doing things that have been rejected by the federal court, in order to try to drag out the inevitable remand. Such a bad faith attempt should be sanctioned as it will waste resources on a matter that the defendants know is fairly straightforward. The rules of conduct require candor with the tribunal, which includes accurately stating the law and not twisting the law or misstating what case law is, or engaging in futile tactics to delay remand. That the defendants will try this is evidenced by the fact that the plaintiff sought to confer with the defendants on the motion to remand and on this motion to stay and the defendants refused to confer in good faith, including refusing to have a conferring call, refusing to state what their position is on remand (in the case of the counsel for Donais defendants) and/or refusing to state why they would oppose remand (in the case of counsel for the Hilliard defendants). They did so because they do want the plaintiff to point out that their basis is contrary to law, is futile or in bad faith and violates candor to the tribunal. They wanted plausible deniability to file their opposition first without the conferring process providing the checks and balances against filing bad faith meritless opposition.

46. Furthermore, the defendants refused to answer why the issue of jurisdiction should not be resolved first before addressing the merits of the case (they gave non-responsive answers simply saying they don't agree with a stay and saying they simply wish the case to move forward, which didn't tell plaintiff anything). See again **Exhibit 3 and 4** for email exchanges with counsel for the Donais defendants It was quite obvious that the defendants didn't want to confer on this or tell the actual reason because they didn't want plaintiff to know the underlying real reasons until after they filed opposition to the motion to remand. It was the same deceptive basis for why they didn't want to confer on the motion to remand as plaintiff had requested. They simply didn't want plaintiff to say anything about their real reasons on the record through the conferring process that will show that their reasons are not legitimate or that would it make more clear that their reasons are in bad faith, which would prevent them from being able to say with a straight face that their arguments are in good faith or that they accord with the ethical duty of candor with the court.

47. Now, as the filing of this motion, only the Donais defendants filed an opposition; and true to form and as predicted, the opposition to the motion to remand (as filed by the Donais defendants shortly ago) was filled with untenable positions and a questionable/dubious approach, citing diversity when they know that such argument cannot withstand scrutiny.

48. Thus, it can be seen that the entire game-playing with the conferring process that has occurred was intended to provide cover for the defendants to make such misstatements about the law, to try to twist the law, to make tenuous frivolous arguments, to use fringe theories the courts have rejected, to use theories that don't apply to this situation, and to make untrue or misleading statements or characterizations about the facts or the law, in order to try to wrongly delay remand or to frivolously oppose remand without proper legal basis.

49. When the Hilliard defendants file their opposition to remand today, it too (like the filing by the Donais defendants) will grab at straws and make bad faith arguments that have no valid basis in law, intended to try to wrongly delay

remand, by introducing frivolous points intended to confuse the court or obfuscate the fact their argument, including diversity, is wholly untenable and cannot be legitimately applied to this situation. (See again **Exhibit 1 and 2** for email exchanges with counsel for the Hilliard defendants.). This is grounds for sanctions.

50. Note: The issue of remand is a highly scrutinized area of law and the courts are more willing to issue sanctions for any gameplaying that results in improper delay or frustrating the inevitable remand.

## J. Defendants' Actions Suggest Strategic Gamesmanship That Warrants Judicial Intervention

51. The email correspondence attached to this motion reveals Defendants' apparent strategy to overwhelm Plaintiffs with simultaneous proceedings rather than allow orderly resolution of jurisdictional questions.

52. When asked during conferral to consent to a reasonable stay, Defendants' counsel initially provided evasive responses before ultimately admitting they prefer to litigate jurisdiction and merits simultaneously. This approach has no basis in law or logic and appears designed primarily to burden Plaintiffs and complicate their ability to focus on the dispositive jurisdictional issues.

53. Defendants' refusal to reveal the basis for their opposition to remand until their brief is filed suggests an intent to "blindside" Plaintiffs with arguments that could have been discussed during conferral.

54. This violates the spirit of the conferral requirements of this court and the principle that litigation should proceed in an orderly fashion with transparency between the parties.

55. The Court should not countenance such gamesmanship when a simple stay would promote orderly resolution of the case.

## K. New Defendant Need To Be Served | The Necessity of Proper Service and Ensuring All Defendants Have an Opportunity to Respond

## New Defendant Needs to Be Served Before Proceeding on Jurisdictional Issues

56. Defendant Amy Messer needs to be served and given an opportunity to not only file her own response to the amended complaint but she needs to be given a chance to file a response to the motion to remand. She may in fact agree with remand and this court should be willing to hear her response on this issue.

57. The other defendants will likely try to speak for her, trying to guess what she might say, but this is improper. Defendant Messer is entitled to assert her own position to not have it improperly hijacked by the other defendants. The non-state defendants (Donais defendants and Hilliard defendants) evidently wants the court to litigate motions to dismiss without all of the defendants being brought into the case and having a chance to assert their position.

58. Defendant Amy Messer is entitled to assert her own position on the motion to remand and should not have that opportunity foreclosed by proceedings conducted before she has been properly served and given a chance to respond. Courts have recognized that allowing proceedings to continue without all parties being properly served can result in significant prejudice.

59. The other defendants (Donais defendants and Hilliard defendants) cannot and should not be permitted to speak for Amy Messer or presume what her position might be on critical jurisdictional issues. Each defendant has an independent right to assert their own defenses and positions regarding jurisdiction.

60. Amy Messer may in fact agree with remand to state court, particularly given that she is a state court judge who may prefer that matters involving her official conduct be adjudicated in state court where questions under state law may be more appropriately addressed. This Court should afford her the opportunity to present her own position rather than having it determined in her absence.

61. Courts routinely stay proceedings when new defendants are added to ensure all parties can meaningfully participate.

62. The requirement under 28 U.S.C. § 1446(b)(2)(A) that "all defendants who have been properly joined and served must join in or consent to the removal of the action" contemplates that defendants should be served before jurisdictional issues are finally determined. While this provision specifically addresses removal, the underlying principle of ensuring all defendants can participate in jurisdictional determinations applies equally to remand proceedings.

63. Proceeding with motions to dismiss without ensuring Amy Messer has been served and given an opportunity to respond would deprive her of due process and could result in inconsistent or conflicting positions among defendants that could complicate the proceedings and waste judicial resources.

64. A brief stay to allow service on Amy Messer and provide her reasonable time to respond to the remand motion would: (a) eliminate the prejudice to her of having jurisdictional issues decided in her absence; (b) prevent the hardship of potentially inconsistent rulings if she later challenges the court's jurisdiction; and (c) promote judicial efficiency by ensuring all parties' positions are considered before making the important determination of whether this case should proceed in federal or state court.

65. The non-state defendants' apparent desire to rush forward with motions to dismiss while excluding a key defendant from jurisdictional proceedings raises concerns about procedural fairness and suggests an attempt to prevent Amy Messer from potentially supporting remand to state court where she may prefer these issues be litigated.

66. This situation is distinguishable from typical removal cases where all defendants have been served because here, a new defendant with potentially different interests has been added through amendment but not yet brought into the case through proper service. Courts have recognized that amended complaints adding new defendants can significantly alter the jurisdictional analysis.

67. Therefore, this Court should stay the briefing and consideration of the pending motions to dismiss and any opposition to the motion to remand until Defendant Amy Messer has been properly served and given a reasonable opportunity to respond to the jurisdictional issues presented, including the motion to remand. This approach ensures due process, promotes judicial efficiency, and upholds the fundamental principle that all parties should have a meaningful opportunity to be heard on issues affecting their rights and interests.

68. Defendant Messer is entitled to notice, service, and an individual response. Her right to respond becomes even more critical given that the other defendants' apparent strategic position involves obfuscating or even prejudicing her stance, possibly to influence the Court's decision improperly. Furthermore, the other defendants' effort to proceed with merits motions, such as motions to dismiss, without all key defendants being properly joined and having the opportunity to assert their defenses undermines fundamental principles of fair process and judicial economy. This approach, effectively trying to litigate the case's merits before resolving the threshold jurisdictional question, runs counter to controlling authority, notably the law of the case established by Judge Saint-Marc, which recognizes that jurisdictional determinations should precede dispositive rulings and that the case should be remanded before merits are addressed. Accordingly, Plaintiff respectfully requests that the Court stay any further proceedings, including briefing and adjudication of the motion to dismiss, until Defendant Messer has been formally served and has had an opportunity to respond if she chooses. This stay is necessary to ensure that all parties are properly and fairly represented, that the Court can consider all relevant defenses, and that the Court maintains jurisdictional integrity by addressing jurisdictional issues before merits. Such an approach aligns with the Court's prior order and promotes judicial efficiency, fairness, and consistency in adjudicating this matter.

69. This supports a stay in order to allow remand to be properly addressed before addressing the merits of the case.

**L. The Court Has Already Issued A Stay Order For The Case Regarding Scheduling Order**

70. This Court has already recognized the appropriateness of staying certain case proceedings until a later time. On July 29, 2025, this Court entered an order stating:

> "Given the issues raised in the motion, the court finds good cause to extend the deadline for issuing the scheduling order pursuant to Fed. R. Civ. P. 16(b) to after the rescheduled pretrial conference."

71. This order demonstrates that the Court has already determined that "good cause" exists to postpone certain case management activities due to the "issues raised in the motion" to dismiss. The Court's recognition that the pending dispositive motions create sufficient uncertainty to warrant delaying the scheduling order supports Plaintiff's request for a similar stay of briefing deadlines.

72. The Court's July 29 order reflects the practical reality that proceeding with case management activities while fundamental jurisdictional and substantive challenges remain unresolved creates inefficiency and potential waste of judicial resources. If the Court found good cause to stay the scheduling order based on the issues raised in the motion to dismiss, the same reasoning logically supports staying the briefing schedule on that very motion until the more fundamental question of this Court's subject matter jurisdiction is resolved.

73. Furthermore, the Court's decision to extend the scheduling order deadline "to after the rescheduled pretrial conference" demonstrates the Court's recognition that the pending motions create sufficient uncertainty about the case's trajectory to warrant postponing normal case progression. This approach is entirely consistent with Plaintiff's request to stay motion to dismiss briefing until after the remand motion is decided.

74. The Court's existing stay order thus provides precedential support within this very case for the requested stay, as both orders seek to avoid inefficient use of judicial resources while fundamental threshold issues remain pending.

## V. CONCLUSION

75. The Supreme Court's recent decision in Royal Canin makes clear that this Court lacks jurisdiction over Plaintiffs' amended complaint containing only state law claims.

76. Judge Saint-Marc's prior ruling established the law of this case that remand should be decided before dispositive motions.

77. Fundamental principles of judicial economy, fairness, and orderly case management all support staying briefing on Defendants' motion to dismiss until the jurisdictional question is resolved.

78. Defendants' insistence on simultaneous briefing serves no legitimate purpose and appears calculated to burden Plaintiffs and frustrate the orderly resolution of this litigation. The Court should reject this approach and grant the requested stay to ensure that jurisdictional questions are resolved before scarce judicial and party resources are devoted to potentially moot merits arguments.

79. This stay will serve the interests of judicial economy, preserve resources, uphold the law of the case, and prevent prejudice to the plaintiffs' rights.

80. For the foregoing reasons, Plaintiffs respectfully request that this Court enter an order staying all briefing, deadlines and proceedings related to Defendants' motions to dismiss the First Amended Complaint until after the Court has ruled on Plaintiffs' Motion to Remand.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

August 15, 2025

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor

# Exhibit 1

## Fw: Aug 22 deadline

From:   Andre Bisasor (quickquantum@aol.com)

To:     msmith@preti.com

Cc:     dsonneborn@preti.com; wsaturley@preti.com

Date:   Friday, August 15, 2025 at 11:34 AM EDT


Dear Michael Smith,

I understand that you are the managing partner for he Preti Flaherty law firm and that you supervise attorneys Dan Sonneborn and William Saturley. I also understand that as supervising attorney, you are responsible for ensuring that those under your supervision adhere to the rules of conduct for lawyers. I also understand that if an attorney under your supervision is, has or is about to violate the rules of conduct, this can be brought to your attention as the supervising attorney under the rules of conduct and that you are charged with ensuring they do not violate both the spirit and the letter of the rules of ethics.

Both Dan and William have an ethical duty to be truthful to the court. Employing arguments that have no valid basis in law violates the duty of candor to the court as well as other rules of ethics. In the below case, the basis for remand is pretty unassailable.  The only way for Dan and/or William, your firm, to oppose remand is to employ tenuous arguments that are frivolous, fringe or rejected by the courts. They cannot legitimately say that the court has federal question jurisdiction. The court lost federal question jurisdiction the moment the amended complaint was filed with the removal of the sole federal claim. The court does not have jurisdiction at this point and nothing they say can give the court jurisdiction after it lost it. Yet, I am concerned that Dan and William are going to play games with the truth and facts and push the envelope in order to wrongly oppose or delay remand. If they go ahead and misstate the law or quote old law that is not current or utilize controversial or fringe theories that have not been accepted by the court, this will violate the duty of candor. This is a critical point. The issue of remand is a highly scrutinized area of law and the courts are more willing to issue sanctions for any gameplaying that results in improper delay or frustrating the inevitable remand.

The email chain below further shows points regarding this matter.  Please review carefully and take note of this important matter.

Sincerely,
Andre Bisasor


----- Forwarded Message -----
**From:** Andre Bisasor <quickquantum@aol.com>
**To:** William C. Saturley <wsaturley@preti.com>
**Cc:** Daniel R. Sonneborn <dsonneborn@preti.com>; Linda Smith <lsmith@morrisonmahoney.com>; Edwin Landers <elanders@morrisonmahoney.com>
**Sent:** Friday, August 15, 2025 at 10:17:09 AM EDT
**Subject:** Fw: Aug 22 deadline

> Dear William, I see that you are listed as a partner on this case. I am bringing to your attention the below email which highlights concerns about the duty of candor to the court in the below case. Because you are a listed partner on this case, I will be seeking to hold you accountable for any violations of the duty of candor that is accomplished with your name listed as a partner on this case. I am concerned that Dan is going to file an opposition to a motion to remand that violates the duty of candor to the court. In addition, it seems that you are a supervising attorney for Dan at your law firm, and so it is my understanding also that you are required to ensure that he does not violate the rules of ethics. I also understand that I, as opposing party, can bring this to your attention under the rules of ethics/conduct for lawyers.

Please take note of the below.

Sincerely
Andre Bisasor

Sincerely,
Andre Bisasor

----- Forwarded Message -----
**From:** Andre Bisasor <quickquantum@aol.com>
**To:** Smith, Linda <lsmith@morrisonmahoney.com>
**Cc:** Landers, Edwin <elanders@morrisonmahoney.com>; Sonneborn, Daniel R. <dsonneborn@preti.com>
**Sent:** Friday, August 15, 2025 at 10:08:06 AM EDT
**Subject:** Re: Aug 22 deadline

Dan, please note that my statement below *"So, to be clear, if you make misstatements about the law or try to twist the law or make tenuous frivolous arguments or use fringe theories the courts have rejected or make untrue or misleading statements or characterizations about the facts or the to law, in order to try to wrongly delay remand or to frivolously oppose remand without proper legal basis, I will be seeking to hold you and your partners accountable to the full extent possible.",* also applies to you and your partners, as well as to Linda and her partners.

You have an ethical duty to be truthful to the court. Employing arguments that have no valid basis in law violates the duty of candor to the court as well as other rules of ethics.

The basis for remand is pretty unassailable. I think you all know this. The only way for you to oppose remand is to employ tenuous arguments that are frivolous, fringe or rejected by the courts. You cannot say that the court has federal court jurisdiction. The court lost federal court jurisdiction the moment the amended complaint was filed with the removal of the sole federal claim. The court does not have jurisdiction at this point and nothing you say can give the court jurisdiction after it lost it. You all know the current case law on this. yet, if you still go ahead and misstate the law or quote old law that is not current or you utilize controversial or fringe theories that have not been accepted by the court, this will violate the duty of candor. This is a critical point. The issue of remand is a highly scrutinized area of law and the courts are more willing to issue sanctions for any gameplaying that results in improper delay or frustrating the inevitable remand. I want to exhort you to not do any such thing.

-Andre

p.s. Also, there is a correction to the below: "from both Dan and you, and you just responded below."

On Friday, August 15, 2025 at 09:38:08 AM EDT, Andre Bisasor <quickquantum@aol.com> wrote:

Linda,

To be clear, you filed a motion to extend time without fully or properly conferring with me. You waited 2 weeks, until just before the deadline to file your response to the amended complaint, to reach out to me and then when I tried to confer by seeking clarification, you answered some but not all of my questions. So I then followed up saying you missed some of my questions and while I was waiting for an answer, you went ahead and filed your motion to extend time, and made it seem as though you answered my questions and that I simply didn't give a position on your motion. This was misleading and unfair. The court granted your

motion without any response from me including no opposition from me. Yet I was still, in good faith, trying to get answers to my questions up until yesterday evening from both Dan did you, and you just responded below.

If I had opposed your motion, the court may have done something different. By telling the court, that I didn't give a position on your motion, the court did not have an indication of whether I agreed or disagreed. So it granted it. Whereas on Dan's motion, he said I didn't agree and the court has not ruled on his as of yet.

Either way, you didn't allow enough time or opportunity to confer on your motion and rushed to file your motion on essentially the same day you raised the motion. That does not accord with the rules on conferring. You could have waited until the next day as Dan did.

Regarding my asking for assent on the yet to be filed motion to dismiss, Dan indicated that he would agree to a reasonable request for extension of time ( in principle) or something to that effect. I simply was asking if you took the same position. You seem to suggest that my question is premature or not valid. Yet Dan did this very thing that I am asking you about. The reason I ask now is that it avoids further or unnecessary conferring later on this point when it is related and relevant now and when it is raised because you were seeking extension of time now on the same subject matter.

You say you don't agree to a stay (i.e. to my request for a stay of my filing an opposition to your forthcoming motion to dismiss my amended complaint until after the motion to remand is resolved by the court). You have not answered why the issue of jurisdiction should not be resolved first before addressing the merits of the case, which is what my question is about. You saying you don't agree with a stay is non responsive and you saying you wish the case to move forward doesn't tell me anything. It seems quite obvious that you don't want to confer on this or tell me the actual reason because you don't want me to know the underlying real reasons until after you file your opposition to the motion to remand. It seems like pretty much the same reason why you don't want to confer on the motion to remand as I've requested. It seems you simply don't want me to say anything about your real reasons on the record through the conferring process that will show that your reasons are not legitimate or that would it make more clear that your reasons are in bad faith, so that you can try to say your arguments are in good faith or that they accord with the ethical duty of candor with the court. This tells me that your opposition to the motion to remand wil likely be filled with untenable positions and a questionable /dubious approach.

Why else would you not confer on this or hide your reasons from me. I will see if I am right when you file your opposition today.

So, to be clear, if you make misstatements about the law or try to twist the law or make tenuous frivolous arguments or use fringe theories the courts have rejected or make untrue or misleading statements or characterizations about the facts or the to law, in order to try to wrongly delay remand or to frivolously oppose remand without proper legal basis, I will be seeking to hold you and your partners accountable to the full extent possible.

- Andre


On Friday, August 15, 2025 at 08:38:43 AM EDT, Smith, Linda <lsmith@morrisonmahoney.com> wrote:


Mr. Bisasor,

We obtained an extension without your assent which you are free to try as well.  The court granted our request because there was merit to it.  You will have to show there is merit to any motion you choose to file in order for the court to allow it.

You have asked for assent on a motion to extend a deadline to respond to a motion that has not yet been filed.  We repeat, we are not authorized to provide you with an extension at this time.

You have asked the reason our clients will not assent to a motion to stay the opposition to the anticipated motion to dismiss to plaintiffs' amended complaint.  Our clients do not agree that a stay is needed, and they wish to move forward with this case.  We do not agree to a stay.

You have asked our position on remand.  We will file our clients' opposition by the end of the day, which will outline the reasons.

You have asked to confer about your intention to file a motion for sanctions and an ethics complaint.  We will oppose any motion for sanctions, and we do not concur with any such motion.  We do not need to confer on this motion.  We also do not need to confer on any ethics complaint you may wish to file.

Regards,

Linda Smith


**Linda Smith**
Partner

MORRISON MAHONEY LLP
650 Elm Street, Suite 201
Manchester, NH  03101
T (603) 518-1971 | F (603) 622-3466
LSmith@morrisonmahoney.com | www.morrisonmahoney.com

Connecticut | Massachusetts | New Hampshire | New Jersey | New York | Rhode Island | United Kingdom


The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmissions, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Thursday, August 14, 2025 5:40 PM
**To:** Smith, Linda <LSmith@morrisonmahoney.com>
**Cc:** Landers, Edwin <ELanders@morrisonmahoney.com>; Sonneborn, Daniel R.

<dsonneborn@preti.com>
**Subject:** Re: Aug 22 deadline

---

| **External Email from Andre Bisasor <quickquantum@aol.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.** |
| --- |

---

p.s. I meant "my request to confer by phone briefly".


On Thursday, August 14, 2025 at 05:39:09 PM EDT, Andre Bisasor <quickquantum@aol.com> wrote:


Linda:


So, to be clear, you wanted [and received] an extension to file your new motion to dismiss to the amended complaint, but you won't agree to any extension, not even in principle, to respond to your new motion to dismiss? Can you let me know why you seem to think its okay to get an extension but not okay for me to get an extension on the same matter?


Also, circling back to items I raised before:


What is the reason why you won't assent to a motion to stay the opposition to the new motion to dismiss?


Also, what is your position on remand?


My request to confer on these items as well as on a motion for sanctions and for an ethics complaints, was directed to you and Ed as well. I did not see a response.


-Andre


On Thursday, August 14, 2025 at 05:26:59 PM EDT, Smith, Linda <lsmith@morrisonmahoney.com> wrote:


We have not even filed our clients' motion to dismiss yet. In any event, we are not authorized to provide any extension at this time. To be clear, we have until September 3, 2025 to file a responsive pleading. We do not know when between now and September 3rd that we will file our clients' motion.

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Thursday, August 14, 2025 5:08 PM
**To:** Smith, Linda <LSmith@morrisonmahoney.com>
**Cc:** Landers, Edwin <ELanders@morrisonmahoney.com>; Sonneborn, Daniel R. <dsonneborn@preti.com>
**Subject:** Re: Aug 22 deadline

---

External Email from Andre Bisasor <quickquantum@aol.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.

---

Linda: Will you agree to a reasonable request for extension of the deadline to file response to your new motion to dismiss to be filed on Sept 3, as Dan indicated he would do, when the time comes?

-Andre

On Thursday, August 14, 2025 at 04:15:47 PM EDT, Smith, Linda <lsmith@morrisonmahoney.com> wrote:

> Mr. Bisasor,
>
> Our clients can agree that your response to both our motion to dismiss to your Original refiled 2025 complaint and your response to our anticipated motion to dismiss to your and Ms. Anderson's amended complaint filed on July 29, 2025, will both be due 14 days after the filing of a motion to dismiss the amended complaint, consistent with the court rules.
>
> ---
>
> **From:** Andre Bisasor <quickquantum@aol.com>
> **Sent:** Thursday, August 14, 2025 10:36 AM
> **To:** Smith, Linda <LSmith@morrisonmahoney.com>
> **Cc:** Sonneborn, Daniel R. <dsonneborn@preti.com>; Landers, Edwin <ELanders@morrisonmahoney.com>
> **Subject:** Re: Aug 22 deadline
>
> ---
>
> External Email from Andre Bisasor <quickquantum@aol.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.
>
> ---
>
> Linda:

My question is this email thread has to do with the Aug 22 deadline to file a response to your 7-8-25 motion to dismiss. Dan stated he would agree to making first to be the same as whenever the second will be due.

Do you agree with Dan's position.

Andre

On Thursday, August 14, 2025 at 10:06:13 AM EDT, Smith, Linda <lsmith@morrisonmahoney.com> wrote:

Mr. Bisasor,

There were multiple emails of earlier this week, which I have just now briefly reviewed.  We also do not assent to your filing a motion to stay briefing on the motions to dismiss until after the motion to remand is decided.

Our clients agree with the above statement.

Regards,

**Linda Smith**
Partner
**MORRISON MAHONEY LLP**
650 Elm Street, Suite 201, Manchester, NH  03101
T (603) 518-1971 | F
LSmith@morrisonmahoney.com | www.morrisonmahoney.com

Connecticut | Massachusetts | New Hampshire | New Jersey | New York | Rhode Island | United Kingdom

The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material.  Any review, retransmissions, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited.  If you received this in error, please contact the sender and destroy any copies of this information.

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Thursday, August 14, 2025 8:08 AM
**To:** Smith, Linda <LSmith@morrisonmahoney.com>; Daniel R. Sonneborn <dsonneborn@preti.com>
**Subject:** Re: Aug 22 deadline

**External Email from Andre Bisasor <quickquantum@aol.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.**

Linda: could you please respond?


Andre


On Wednesday, August 13, 2025 at 03:04:27 PM EDT, Andre Bisasor <quickquantum@aol.com>
wrote:



Linda: Do you take the same position as Dan, on the August 22 deadline for the motion to dismiss the original
complaint?


Andre

# Exhibit 2

## RE: Bisasor et al v. Donais et al

From:   Sonneborn, Daniel R. (dsonneborn@preti.com)

To:     quickquantum@aol.com; liberty_6@msn.com; lsmith@morrisonmahoney.com

Cc:     elanders@morrisonmahoney.com

Date:   Tuesday, August 12, 2025 at 03:34 PM EDT

Andre,

The motion was filed before I saw your email. Please see attached for the as-filed version.

Thank you,
Dan

**Daniel R. Sonneborn**
Director
Preti Flaherty

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Tuesday, August 12, 2025 3:30 PM
**To:** liberty_6@msn.com; Smith, Linda <lsmith@morrisonmahoney.com>; Sonneborn, Daniel R.
<DSonneborn@preti.com>
**Cc:** Landers, Edwin <elanders@morrisonmahoney.com>
**Subject:** Re: Bisasor et al v. Donais et al

**Note:** *** This email originated from outside of Preti. Please do not click on any links or open attachments
unless you can verify the sender and content.***

Please attach this email chain to your motion. Thanks, Andre

On Tuesday, August 12, 2025 at 03:28:21 PM EDT, Sonneborn, Daniel R. <dsonneborn@preti.com> wrote:

> Andre,
>
> Unfortunately I am not. I have a conflict starting at 3:30 P.M. for several hours. I am going to file my motion now
> and indicate we have conferred but you do not assent. If you have additional items to raise, please send an email
> and if I can respond, I will.
>
> Thanks,
> Dan
>
> **Daniel R. Sonneborn**
> Director
> Preti Flaherty
>
> **From:** Andre Bisasor <quickquantum@aol.com>
> **Sent:** Tuesday, August 12, 2025 3:23 PM

**To:** liberty_6@msn.com; Smith, Linda <lsmith@morrisonmahoney.com>; Sonneborn, Daniel R. <DSonneborn@preti.com>
**Cc:** Landers, Edwin <elanders@morrisonmahoney.com>
**Subject:** Re: Bisasor et al v. Donais et al

---

<u>Note:</u> **\*\*\* This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.\*\*\***

---

Dan,

Are you available to have a quick conferring phone call at around 4pm today?  I have some remaining unresolved concerns that I think can better be more quickly resolved by a quick call rather than by email at this juncture.


-Andre



On Tuesday, August 12, 2025 at 03:11:56 PM EDT, Sonneborn, Daniel R. <dsonneborn@preti.com> wrote:


> Andre,
>
>
> I assent to your request to file any response to the first motion to dismiss at the same time as the second motion to. What that, please confirm I can represent your assent on my motion. **Ms. Anderson:** can you please respond as well?
>
>
> Thanks,
> Dan
>
>
> **Daniel R. Sonneborn**
> Director
> Preti*Flaherty*
>
> ---
>
> **From:** Andre Bisasor <quickquantum@aol.com>
> **Sent:** Tuesday, August 12, 2025 2:54 PM
> **To:** liberty_6@msn.com; Smith, Linda <lsmith@morrisonmahoney.com>; Sonneborn, Daniel R. <DSonneborn@preti.com>
> **Cc:** Landers, Edwin <elanders@morrisonmahoney.com>
> **Subject:** Re: Bisasor et al v. Donais et al

**Note:** *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.*****

Dan, because the response to the first motion to dismiss is due on 8-22-25, in 10 days, so I need to address that now, not in the future (i.e. not when the time comes as you suggest). So, I need your assent now on a motion to stay response to that one due on 8-22-25.

Andre

On Tuesday, August 12, 2025 at 02:50:35 PM EDT, Sonneborn, Daniel R. <dsonneborn@preti.com> wrote:

Andre,

I am not able to provide a position on the potential other motions you are considering but we can confer if/when that time comes. Please provide  yes or no response as to whether you assent to my original request for an extension, which I assented to when you requested earlier in this matter. And Ms. Anderson, if you can please respond too I would appreciate that. I plan to file shortly.

Thank you,

Dan

**Daniel R. Sonneborn**
Director
617.226.3852 Tel
dsonneborn@preti.com
Bio | LinkedIn | Twitter | preti.com

PretiFlaherty
60 State Street
Suite 1100
Boston, MA 02109

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Tuesday, August 12, 2025 2:34 PM
**To:** liberty_6@msn.com <liberty_6@msn.com>; Smith, Linda <lsmith@morrisonmahoney.com>; Sonneborn, Daniel R. <DSonneborn@preti.com>
**Cc:** Landers, Edwin <elanders@morrisonmahoney.com>
**Subject:** Re: Bisasor et al v. Donais et al

**Note:** *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.*****

p.s. Correction: "Just to be clear, I was not asking for you to agree to an indefinite extension on a **response to the** potential motion to dismiss the amended complaint."


-Andre


On Tuesday, August 12, 2025 at 02:30:20 PM EDT, Andre Bisasor <quickquantum@aol.com> wrote:



Dan,


Just to be clear, I was not asking for you to agree to an indefinite extension on the potential motion to dismiss the amended complaint. I was asking for agreement (in principle) to a reasonable request for extension to respond to any potential motion to dismiss, once the motion to remand is decided (i.e., perhaps 30 days after remand is decided or something to that effect). If you agree to this in principle, then I would file an assented-to motion to that effect, which it would be up to the court to grant it or adjust it.  Based on your proposed date of 9-3-25 to file a responsive pleading, then my response would be due on 9-17-25. That means, I would definitely have to file a motion to extend time from 9-17-25. We know this as of now based on your request and I would in effect be assenting to that entire timeline of events by me assenting to your request. That is why this is tricky for me and why this is so inter-related. So, to make this simpler, would you, alternatively, agree to a motion to the court by me to stay a response to all motions to dismiss, including the current one due on 8-22-25 to the first motion to dismiss of 7-10-25 (which is due 10 days from now and I will need to file a motion to extend that or to moot that as well), as well as any to be filed by you on 9-3-25 to the amended complaint?  This way it addresses both motions to dismiss. I need to get agreement on these from now because these are things I need to file shortly as well.


Conversely, would it make sense to you to ask the court to stay your deadline to file an amended complaint until after remand is decided?


Lastly, I had asked if you intend to oppose remand. But you have not answered that as yet,


Please let me know. I think some of my points above addresses the issues in a fair way.


Look forward to your reply.


Andre Bisasor

On Tuesday, August 12, 2025 at 02:07:41 PM EDT, Sonneborn, Daniel R. <dsonneborn@preti.com> wrote:

Andre,

I cannot agree to indefinitely extend any deadline to respond to a potential motion to dismiss until after the motion for remand is decided as I do not know the timeframe the Court might look at for the motions. But like with this request and your earlier request, I expect to be able to agree to a reasonable extension request if you need one to respond to a motion to dismiss. As for the current motions to dismiss, there has been no action taken on them since the Amended Complaint filing so I am not able to answer your question.

Please let me know if I have your assent on my motion to extend. I also need to hear from Ms. Anderson.

Thank you,

Dan

**Daniel R. Sonneborn**
Director
PretiFlaherty

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Tuesday, August 12, 2025 1:54 PM
**To:** liberty_6@msn.com; Smith, Linda <lsmith@morrisonmahoney.com>; Sonneborn, Daniel R. <DSonneborn@preti.com>
**Cc:** Landers, Edwin <elanders@morrisonmahoney.com>
**Subject:** Re: Bisasor et al v. Donais et al

Note: *** **This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***

Dan,

I appreciate your writing this email [rather than filing a motion to extend time while ignoring my response below, acting as though I denied assent and making it seem as though my questions were answered, as Linda did yesterday in filing her motion yesterday without answering my reply email and without answering my questions. Note: The defendants had two weeks to address this issue but waited

until the day before the due date to reach out to me. I still responded fairly quickly and early yesterday morning, so I was prompt in my response, and thus it is not my fault if Linda felt pressure to file yesterday, the same day that the issue was raised (technically, she sent her email on Saturday on a weekend, which I did not get until Monday, while you emailed me on Monday about this request). Either way, she could have responded to my email below (even if only to say that she refuses to answer my reply email below). But she left me hanging without a response (her email was non-responsive to my questions below), and then filed her motion any way. This is not kosher. And it is misleading. Moreover, it is not commensurate with the conferring requirement under the rules.]

So, let me clarify why I am asking my questions:

My understanding is that the local rule requirement to seek to confer before filing a motion means that there should be some attempt to communicate about/ address the issues raised in or by the motion. I am unclear on certain things that are inter-related to your request. It is not unreasonable to confer on those inter-related things as part of conferring on your request.

The procedural posture of the case is that the complaint has been amended and the sole federal claim has been removed, thus depriving the court of jurisdiction. This makes planning for further motion practice problematic. For example, I do not want to expend time and effort in responding to a motion to dismiss when the court has no jurisdiction over the case and while a motion to remand is pending. Moreover, I do not know if you are going to oppose remand and if so, on what grounds. That is also why I asked that question also. I do not want to be addressing litigation around remand with a deadline to oppose a motion to dismiss looming.

Therefore, I **would like to know if you agree to an extension on responding to any response to the amended complaint, until after the motion to remand is resolved. And do you agree that the filing of the amended complaint moots your 7-10-25 motion to dismiss and that the August 22, 2025 deadline to file a response to your current motion to dismiss is moot.** Note: I do not want to worry about fighting to get an extension to respond to your motion, after you received an extension.

This is a legitimate point. This is not my making unwarranted demands. This goes to clarity. I do not have the ability to make an uninformed response without your addressing these points. Also, it goes to reciprocity and fairness in asking me to assent without wanting to assent yourself.

Please let me know so I can know how best to respond to your inter-related request.

Sincerely,

Andre Bisasor

On Tuesday, August 12, 2025 at 09:26:16 AM EDT, Sonneborn, Daniel R. <dsonneborn@preti.com> wrote:

Ms. Anderson and Mr. Bisasor,

I can accept service for Upton & Hatfield. I will file a similar waiver today like I did for Mr. Hilliard.

I reiterate my request for an extension until September 3rd for Mr. Hilliard to respond to the Amended Complaint. This request is not conditioned on anything else raised in your prior inquiries so if each of you can please let me know on the extension I would appreciate it, as I plan to file by early afternoon.

Thank you,

Dan

**Daniel R. Sonneborn**
Director
PretiFlaherty

---

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Monday, August 11, 2025 9:58 AM
**To:** liberty_6@msn.com; Sonneborn, Daniel R. <DSonneborn@preti.com>; Smith, Linda <lsmith@morrisonmahoney.com>
**Cc:** Landers, Edwin <elanders@morrisonmahoney.com>
**Subject:** Re: Bisasor et al v. Donais et al

**Note:** *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***

Linda,

I didn't see a response to #3. I'm let me rephrase:

Do you agree that your new MTD to be filled, would render the current extension of time to 8-22-25 to oppose the current MTD as moot? And will you agree to an extension of time to oppose the new MTD until after remand is resolved (if required, depending on how the motion to remand is resolved)?

Andre

On Monday, August 11, 2025 at 09:47:58 AM EDT, Smith, Linda <lsmith@morrisonmahoney.com> wrote:

We have not yet determined our position on your motion to remand. We seek an extension since your new complaint adds multiple counts, and we require more time to evaluate the 82-page complaint and prepare a responsive pleading. We likely will file a motion to dismiss as our responsive pleading.

---

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Monday, August 11, 2025 8:28 AM
**To:** Smith, Linda <LSmith@morrisonmahoney.com>; liberty_6@msn.com; Sonneborn, Daniel R. <dsonneborn@preti.com>
**Cc:** Landers, Edwin <ELanders@morrisonmahoney.com>
**Subject:** Re: Bisasor et al v. Donais et al

> **External Email from Andre Bisasor <quickquantum@aol.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.**

---

Dear Linda and Dan,

I have a few questions regarding your emails below seeking extension of the time to respond to the amended complaint.

1. Are you seeking an extension because of the need to resolve the motion to remand first?

2. Do you intend to file a motion to dismiss (not an answer) by the proposed extended date of 9-3-25? and thus, this would be a new MTD to replace the current MTD (which would render the current extension of time to 8-22-25 to oppose the current MTD as moot)?

3. Will you agree to an extension of time to oppose the new MTD until after remand is resolved (if required, depending on how the motion to remand is resolved)?

4. Do you intend to oppose the motion to remand? If so, on what grounds?

5. Do you think a hearing on the motion to remand is necessary?

6. For Dan, regarding the new defendant Upton and Hatfield, will you accept service?

Sincerely,

Andre Bisasor

On Monday, August 11, 2025 at 07:46:40 AM EDT, Sonneborn, Daniel R. <dsonneborn@preti.com> wrote:

Good morning,

I assent to this request.

**Ms. Anderson and Mr. Bisasor:** I am requesting the same extension. Can you please let me know if you assent?

Thanks,

Dan

**Daniel R. Sonneborn**
Director
617.226.3852 Tel
dsonneborn@preti.com
Bio | LinkedIn | Twitter | preti.com

PretiFlaherty
60 State Street
Suite 1100
Boston, MA 02109

---

**From:** Smith, Linda <LSmith@morrisonmahoney.com>
**Sent:** Saturday, August 9, 2025 11:38:14 AM
**To:** Andre Bisasor <quickquantum@aol.com>; liberty_6@msn.com <liberty_6@msn.com>
**Cc:** Landers, Edwin <ELanders@morrisonmahoney.com>; Sonneborn, Daniel R. <DSonneborn@preti.com>
**Subject:** Bisasor et al v. Donais et al

**Note:** \*\*\* This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.\*\*\*

Dear Mr. Bisasor and Ms. Anderson,

We request an assent from each of you to an extension of time until September 3, 2025, to file a responsive pleading to your amended complaint.  Please advise as to whether you each assent to this request.  If so, it would be our intention to file the attached proposed motion, with an assent as is indicated in paragraph 6 of the proposed motion.

Regards,

Linda Smith

**Linda Smith**
Partner
**MORRISON MAHONEY LLP**
650 Elm Street, Suite 201, Manchester, NH  03101
T (603) 518-1971 | F
LSmith@morrisonmahoney.com | www.morrisonmahoney.com

Connecticut | Massachusetts | New Hampshire | New Jersey | New York | Rhode Island | United Kingdom

The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material.  Any review, retransmissions, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited.  If you received this in error, please contact the sender and destroy any copies of this information.

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at

dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

 ECF 18 - Motion Extend Responsive Pleading ddl (Hilliard) 08 12 25.pdf
178.5 kB

# Exhibit 3

## Re: Aug 22 deadline

From:  Andre Bisasor (quickquantum@aol.com)

To:    ggarcia@morrisonmahoney.com

Cc:    lsmith@morrisonmahoney.com; elanders@morrisonmahoney.com; dsonneborn@preti.com

Date:  Friday, August 15, 2025 at 11:59 AM EDT

Dear Grace Garcia,

Please note that, after I sent you the below email to review Linda Smith and Ed Landers conduct including with respect to a bad faith opposition to a motion to remand, Linda Smith and Ed Landers, after receiving the below emails, hurried up to file an opposition to the motion to remand. This clearly was done to try to avoid accountability and they filed it any way when they had all day to do so by today's date. This is questionable conduct at best. They were required to allow the supervising attorney to review their conduct and filing before rushing to do so way before the deadline would pass.

It should be noted that, true to form and as predicted, the opposition filed by Linda and Ed contains bad faith improper arguments to oppose remand, citing diversity, when such arguments are not legitimate, are frivolous and cannot withstand legal scrutiny. If you review their filing, this should be clear to you.

Sincerely,
Andre Bisasor

On Friday, August 15, 2025 at 11:11:42 AM EDT, Andre Bisasor <quickquantum@aol.com> wrote:

> Dear Grace Garcia
>
> I understand that you are the managing partner for Morrison Mahoney and that you supervise attorneys Linda Smith and Ed Landers. I also understand that as supervising attorney, you are responsible for ensuring that those under your supervision adhere to the rules of conduct for lawyers. I also understand that if an attorney under your supervision is, has or is about to violate the rules of conduct, this can be brought to your attention as the supervising attorney under the rules of conduct and that you are charged with ensuring they do not violate both the spirit and the letter of the rules of ethics.
>
> Both Linda and Ed have an ethical duty to be truthful to the court. Employing arguments that have no valid basis in law violates the duty of candor to the court as well as other rules of ethics. In the below case, the basis for remand is pretty unassailable. The only way for Linda and Ed, your firm, to oppose remand is to employ tenuous arguments that are frivolous, fringe or rejected by the courts. They cannot legitimately say that the court has federal question jurisdiction. The court lost federal question jurisdiction the moment the amended complaint was filed with the removal of the sole federal claim. The court does not have jurisdiction at this point and nothing they say can give the court jurisdiction after it lost it. Yet, I am concerned that Linda and Ed are going to play games with the truth and facts and push the envelope in order to wrongly oppose or delay remand. If they go ahead and misstate the law or quote old law that is not current or utilize controversial or fringe theories that have not been accepted by the court, this will violate the duty of candor. This is a critical point. The issue of remand is a highly scrutinized area of law and the courts are more willing to issue sanctions for any gameplaying that results in improper delay or frustrating the inevitable remand.
>
> There are other things that are troubling in terms of the conduct of Linda and/or Ed.

The email chain below further shows other points regarding the conduct of Linda and Ed with respect to me as the opposing party.

Please review carefully and take note of this important matter.

Sincerely,
Andre Bisasor

----- Forwarded Message -----
**From:** Andre Bisasor <quickquantum@aol.com>
**To:** Smith, Linda <lsmith@morrisonmahoney.com>
**Cc:** Landers, Edwin <elanders@morrisonmahoney.com>; Sonneborn, Daniel R. <dsonneborn@preti.com>
**Sent:** Friday, August 15, 2025 at 09:38:08 AM EDT
**Subject:** Re: Aug 22 deadline

Linda,

To be clear, you filed a motion to extend time without fully or properly conferring with me. You waited 2 weeks, until just before the deadline to file your response to the amended complaint, to reach out to me and then when I tried to confer by seeking clarification, you answered some but not all of my questions. So I then followed up saying you missed some of my questions and while I was waiting for an answer, you went ahead and filed your motion to extend time, and made it seem as though you answered my questions and that I simply didn't give a position on your motion. This was misleading and unfair. The court granted your motion without any response from me including no opposition from me. Yet I was still, in good faith, trying to get answers to my questions up until yesterday evening from both Dan did you, and you just responded below.

If I had opposed your motion, the court may have done something different. By telling the court, that I didn't give a position on your motion, the court did not have an indication of whether I agreed or disagreed. So it granted it. Whereas on Dan's motion, he said I didn't agree and the court has not ruled on his as yet.

Either way, you didn't allow enough time or opportunity to confer on your motion and rushed to file your motion on essentially the same day you raised the motion. That does not accord with the rules on conferring. You could have waited until the next day as Dan did.

Regarding my asking for assent on the yet to be filed motion to dismiss, Dan indicated that he would agree to a reasonable request for extension of time ( in principle) or something to that effect. I simply was asking if you took the same position. You seem to suggest that my question is premature or not valid. Yet Dan did this very thing that I am asking you about. The reason I ask now is that it avoids further or unnecessary conferring later on this point when it is related and relevant now and when it is raised because you were seeking extension of time now on the same subject matter.

You say you don't agree to a stay (i.e. to my request for a stay of my filing an opposition to your forthcoming motion to dismiss my amended complaint until after the motion to remand is resolved by the court). You have not answered why the issue of jurisdiction should not be resolved first before addressing the merits of the case, which is what my question is about. You saying you don't agree with a stay is non responsive and you saying you wish the case to move forward doesn't tell me anything. It seems quite obvious that you don't want to

confer on this or tell me the actual reason because you don't want me to know the underlying real reasons until after you file your opposition to the motion to remand. It seems like pretty much the same reason why you don't want to confer on the motion to remand as I've requested. It seems you simply don't want me to say anything about your real reasons on the record through the conferring process that will show that your reasons are not legitimate or that would it make more clear that your reasons are in bad faith, so that you can try to say your arguments are in good faith or that they accord with the ethical duty of candor with the court. This tells me that your opposition to the motion to remand wil likely be filled with untenable positions and a questionable /dubious approach.

Why else would you not confer on this or hide your reasons from me. I will see if I am right when you file your opposition today.

So, to be clear, if you make misstatements about the law or try to twist the law or make tenuous frivolous arguments or use fringe theories the courts have rejected or make untrue or misleading statements or characterizations about the facts or the to law, in order to try to wrongly delay remand or to frivolously oppose remand without proper legal basis, I will be seeking to hold you and your partners accountable to the full extent possible.

- Andre


On Friday, August 15, 2025 at 08:38:43 AM EDT, Smith, Linda <lsmith@morrisonmahoney.com> wrote:


Mr. Bisasor,


We obtained an extension without your assent which you are free to try as well.  The court granted our request because there was merit to it.  You will have to show there is merit to any motion you choose to file in order for the court to allow it.


You have asked for assent on a motion to extend a deadline to respond to a motion that has not yet been filed.  We repeat, we are not authorized to provide you with an extension at this time.


You have asked the reason our clients will not assent to a motion to stay the opposition to the anticipated motion to dismiss to plaintiffs' amended complaint.  Our clients do not agree that a stay is needed, and they wish to move forward with this case.  We do not agree to a stay.


You have asked our position on remand.  We will file our clients' opposition by the end of the day, which will outline the reasons.


You have asked to confer about your intention to file a motion for sanctions and an ethics complaint.  We will oppose any motion for sanctions, and we do not concur with any such motion.  We do not need to confer on this motion.  We also do not need to confer on any ethics complaint you may wish to file.


Regards,

Linda Smith

**Linda Smith**
Partner

MORRISON MAHONEY LLP
650 Elm Street, Suite 201
Manchester, NH 03101
T (603) 518-1971 | F (603) 622-3466
LSmith@morrisonmahoney.com | www.morrisonmahoney.com

Connecticut | Massachusetts | New Hampshire | New Jersey | New York | Rhode Island | United Kingdom

The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmissions, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Thursday, August 14, 2025 5:40 PM
**To:** Smith, Linda <LSmith@morrisonmahoney.com>
**Cc:** Landers, Edwin <ELanders@morrisonmahoney.com>; Sonneborn, Daniel R. <dsonneborn@preti.com>
**Subject:** Re: Aug 22 deadline

**External Email from Andre Bisasor <quickquantum@aol.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.**

p.s. I meant "my request to confer by phone briefly".

On Thursday, August 14, 2025 at 05:39:09 PM EDT, Andre Bisasor <quickquantum@aol.com> wrote:

Linda:

So, to be clear, you wanted [and received] an extension to file your new motion to dismiss to the amended complaint, but you won't agree to any extension, not even in principle, to respond to your new motion to dismiss? Can you let me know why you seem to think its okay to get an extension but not okay for me to get an extension on the same matter?

Also, circling back to items I raised before:

What is the reason why you won't assent to a motion to stay the opposition to the new motion to dismiss?

Also, what is your position on remand?

My request to confer on these items as well as on a motion for sanctions and for an ethics complaints, was directed to you and Ed as well. I did not see a response.

-Andre

On Thursday, August 14, 2025 at 05:26:59 PM EDT, Smith, Linda <lsmith@morrisonmahoney.com> wrote:

> We have not even filed our clients' motion to dismiss yet.  In any event, we are not authorized to provide any extension at this time.  To be clear, we have until September 3, 2025 to file a responsive pleading. We do not know when between now and September 3rd that we will file our clients' motion.
>
> **From:** Andre Bisasor <quickquantum@aol.com>
> **Sent:** Thursday, August 14, 2025 5:08 PM
> **To:** Smith, Linda <LSmith@morrisonmahoney.com>
> **Cc:** Landers, Edwin <ELanders@morrisonmahoney.com>; Sonneborn, Daniel R. <dsonneborn@preti.com>
> **Subject:** Re: Aug 22 deadline
>
> > **External Email from Andre Bisasor <quickquantum@aol.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.**
>
> Linda: Will you agree to a reasonable request for extension of the deadline to file response to your new motion to dismiss to be filed on Sept 3, as Dan indicated he would do, when the time comes?
>
> -Andre
>
> On Thursday, August 14, 2025 at 04:15:47 PM EDT, Smith, Linda <lsmith@morrisonmahoney.com> wrote:

Mr. Bisasor,

Our clients can agree that your response to both our motion to dismiss to your Original refiled 2025 complaint and your response to our anticipated motion to dismiss to your and Ms. Anderson's amended complaint filed on July 29, 2025, will both be due 14 days after the filing of a motion to dismiss the amended complaint, consistent with the court rules.

---

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Thursday, August 14, 2025 10:36 AM
**To:** Smith, Linda <LSmith@morrisonmahoney.com>
**Cc:** Sonneborn, Daniel R. <dsonneborn@preti.com>; Landers, Edwin <ELanders@morrisonmahoney.com>
**Subject:** Re: Aug 22 deadline

---

> **External Email from Andre Bisasor <quickquantum@aol.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.**

---

Linda:

My question is this email thread has to do with the Aug 22 deadline to file a response to your 7-8-25 motion to dismiss. Dan stated he would agree to making first to be the same as whenever the second will be due.

Do you agree with Dan's position.

Andre

On Thursday, August 14, 2025 at 10:06:13 AM EDT, Smith, Linda <lsmith@morrisonmahoney.com> wrote:


Mr. Bisasor,

There were multiple emails of earlier this week, which I have just now briefly reviewed. We also do not assent to your filing a motion to stay briefing on the motions to dismiss until after the motion to remand

is decided.


Our clients agree with the above statement.


Regards,

**Linda Smith**
Partner
**MORRISON MAHONEY LLP**
650 Elm Street, Suite 201, Manchester, NH 03101
T (603) 518-1971 | F
LSmith@morrisonmahoney.com | www.morrisonmahoney.com

Connecticut | Massachusetts | New Hampshire | New Jersey | New York | Rhode Island | United Kingdom

The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmissions, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Thursday, August 14, 2025 8:08 AM
**To:** Smith, Linda <LSmith@morrisonmahoney.com>; Daniel R. Sonneborn <dsonneborn@preti.com>
**Subject:** Re: Aug 22 deadline

> **External Email from Andre Bisasor <quickquantum@aol.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.**

---

Linda: could you please respond?


Andre


On Wednesday, August 13, 2025 at 03:04:27 PM EDT, Andre Bisasor <quickquantum@aol.com> wrote:



Linda: Do you take the same position as Dan, on the August 22 deadline for the motion to dismiss the original complaint?

Andre

# Exhibit 4

## Re: Bisasor et al v. Donais et al

From:   Andre Bisasor (quickquantum@aol.com)

To:     liberty_6@msn.com; dsonneborn@preti.com; lsmith@morrisonmahoney.com

Cc:     elanders@morrisonmahoney.com

Date:   Monday, August 11, 2025 at 09:57 AM EDT

Linda,

I didn't see a response to #3. I'm let me rephrase:

Do you agree that your new MTD to be filled, would render the current extension of time to 8-22-25 to oppose the current MTD as moot? And will you agree to an extension of time to oppose the new MTD until after remand is resolved (if required, depending on how the motion to remand is resolved)?

Andre

> On Monday, August 11, 2025 at 09:47:58 AM EDT, Smith, Linda <lsmith@morrisonmahoney.com> wrote:
>
>
> We have not yet determined our position on your motion to remand. We seek an extension since your new complaint adds multiple counts, and we require more time to evaluate the 82-page complaint and prepare a responsive pleading. We likely will file a motion to dismiss as our responsive pleading.
>
> ---
>
> **From:** Andre Bisasor <quickquantum@aol.com>
> **Sent:** Monday, August 11, 2025 8:28 AM
> **To:** Smith, Linda <LSmith@morrisonmahoney.com>; liberty_6@msn.com; Sonneborn, Daniel R. <dsonneborn@preti.com>
> **Cc:** Landers, Edwin <ELanders@morrisonmahoney.com>
> **Subject:** Re: Bisasor et al v. Donais et al
>
> > **External Email from Andre Bisasor <quickquantum@aol.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.**
>
> ---
>
> Dear Linda and Dan,
>
> I have a few questions regarding your emails below seeking extension of the time to respond to the amended complaint.

1. Are you seeking an extension because of the need to resolve the motion to remand first?

2. Do you intend to file a motion to dismiss (not an answer) by the proposed extended date of 9-3-25? and thus, this would be a new MTD to replace the current MTD (which would render the current extension of time to 8-22-25 to oppose the current MTD as moot)?

3. Will you agree to an extension of time to oppose the new MTD until after remand is resolved (if required, depending on how the motion to remand is resolved)?

4. Do you intend to oppose the motion to remand? If so, on what grounds?

5. Do you think a hearing on the motion to remand is necessary?

6. For Dan, regarding the new defendant Upton and Hatfield, will you accept service?

Sincerely,

Andre Bisasor

On Monday, August 11, 2025 at 07:46:40 AM EDT, Sonneborn, Daniel R. <dsonneborn@preti.com> wrote:

Good morning,

I assent to this request.

**Ms. Anderson and Mr. Bisasor:** I am requesting the same extension. Can you please let me know if you assent?

Thanks,

Dan

**Daniel R. Sonneborn**
Director
617.226.3852 Tel
dsonneborn@preti.com

Bio | LinkedIn | Twitter | preti.com

PretiFlaherty
60 State Street
Suite 1100
Boston, MA 02109

**From:** Smith, Linda <LSmith@morrisonmahoney.com>
**Sent:** Saturday, August 9, 2025 11:38:14 AM
**To:** Andre Bisasor <quickquantum@aol.com>; liberty_6@msn.com <liberty_6@msn.com>
**Cc:** Landers, Edwin <ELanders@morrisonmahoney.com>; Sonneborn, Daniel R. <DSonneborn@preti.com>
**Subject:** Bisasor et al v. Donais et al

<u>Note:</u> *** **This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.*****

Dear Mr. Bisasor and Ms. Anderson,

We request an assent from each of you to an extension of time until September 3, 2025, to file a responsive pleading to your amended complaint. Please advise as to whether you each assent to this request. If so, it would be our intention to file the attached proposed motion, with an assent as indicated in paragraph 6 of the proposed motion.

Regards,

Linda Smith

**Linda Smith**
Partner
**MORRISON MAHONEY LLP**
650 Elm Street, Suite 201, Manchester, NH 03101
T (603) 518-1971 | F
LSmith@morrisonmahoney.com | www.morrisonmahoney.com

Connecticut | Massachusetts | New Hampshire | New Jersey | New York | Rhode Island | United Kingdom

The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmissions, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

# Exhibit 5

**Hillsborough North**

# Case Summary

### Case No. 216-2020-CV-00027

| | | | |
|---|---|---|---|
| **Natalie Anderson, et al v Hilton Hotels Worldwide Inc., et al** | § | Location: | **Hillsborough North** |
| | § | Judicial Officer: | **Messer, Amy B** |
| | § | Filed on: | **01/03/2020** |

---

## Case Information

|  | |
|---|---|
| Case Type: | Tort-Intentional |
| Case Status: | **10/21/2022    Pleading(s) Pending** |
| | 06/24/2022    Appealed to Supreme Court |
| | 01/03/2020    Pending |
| Case Flags: | **Judge Conflict** |
| | *DAA; NWD* |

---

## Assignment Information

**Current Case Assignment**

| | |
|---|---|
| Case Number | 216-2020-CV-00027 |
| Court | Hillsborough North |
| Date Assigned | 01/03/2020 |
| Judicial Officer | Messer, Amy B |

---

## Party Information

| | | |
|---|---|---|
| **Plaintiff** | **Anderson, Natalie** | **Pro Se** |
| | | (617)710-7093(H) |
| | | 119 Drum Hill Road, #233 |
| | | Chelmsford, MA 01824 |
| | | liberty_6@msn.com |

**Bissasor, Andre**

**Pro Se**
(781)492-5675(H)
119 Drum Hill Rd. #233
Chelmsford, MA 01824

**Defendant**     **Akridge, Dave**

  #88

**Arnold, Stephen**

  #88

**Aufiero, Marie**

  #88

**Aufiero, Richard**

  #88

**Blackstone Group Inc.**

  #88

**Burgos, Sergio**

  #88

**Dasilva, Cindy**

  #88

**Donais, Craig**

**Hilliard, Russell F. ESQ**
*Retained*
603-369-4645(F)
603-224-7791(W)
Upton & Hatfield LLP
10 Centre St
PO Box 1090
Concord, NH 03302
rhilliard@uptonhatfield.com

**Flatley, John J.**

  #88

**Gonzalez, Nanette**

  #88

**Gray, Jonathan**

  #88

**Great American Hotel Group**

  #88

**Hilton Hotels Worldwide Inc.**

  #88

**Homewood Suites of Nashua**

  #88

**John Flatley Company**

  #88

**Michaud, Shelagh**

  #88

**Nassetta, Chris**

  #88

**Robitaille, Adam**

  #88

**Snow, Brian**

  #88

**Terrell, Karl**

  #88

**Yeager, Karen**

  #88

**Attorney - OTHER**    **Donais, Craig S ESQ**


        **Michaud, Shelagh C.N. ESQ**

---

## Events and Orders of the Court

---

01/03/2020                                                          Index # 1
        Complaint - Civil
          *Filer: Natalie Anderson*

01/03/2020    📄                                                    Index # 2

Appearance
    *of Pro Se Plt*

01/03/2020    📄                                                    Index # 3

Other
    *Complaint*

01/09/2020    📄                                                    Index # 4

Summons on Complaint
    *Env #960307 (NO SERVICE)*

02/12/2020    📄                                                    Index # 5

Motion to Extend Time for Service
    *Filer: Natalie Anderson*

02/21/2020    Granted    (Judicial Officer: Anderson, David A)
    *Env #1044548*

04/23/2020    📄                                                    Index # 6

Motion to Extend Time for Service
    *Second/Plt*

05/04/2020    Granted    (Judicial Officer: Anderson, David A)
    *Env #1134062*

05/29/2020    📄                                                    Index # 7

Appearance
    *of Pro Se Plt Andre Bissasor*

05/29/2020    📄                                                    Index # 8

Email-Address Notification or Change
    *Plt Andre Bissasor*

05/29/2020    📄

Request for Reissued Summons
    *Plt*

06/03/2020    📄                                                    Index # 9

Summons on Complaint
    *Env 1174719 (NO SERVICE)*

07/07/2020    📄                                                    Index # 10

Motion to Extend Time for Service
    *Third/Plts*

07/14/2020    Granted    (Judicial Officer: Anderson, David A)
    *Env #1232560*

| 09/16/2020 | Motion to Extend Time for Service<br>*Fourth/Plts* | Index # 11 |

| 09/17/2020 | Consumer Protection Letter<br>*Sent to DOJ with Complaint* | Index # 12 |

09/17/2020    Granted    (Judicial Officer: Anderson, David A)
*env 1330019*

| 12/11/2020 | Motion to Extend Time for Service<br>*Fifth/Plts* | Index # 13 |

12/14/2020    Granted    (Judicial Officer: Anderson, David A)
*Env. 1470288*

| 02/12/2021 | Motion to Extend Time for Service<br>*Sixth/Plts* | Index # 14 |

| 02/12/2021 | Motion to Seal<br>*Sixth Motion to Extend Time/Plts* | Index # 15 |

02/15/2021    Granted    (Judicial Officer: Anderson, David A)
*env# 1572349*

02/15/2021    Granted    (Judicial Officer: Anderson, David A)
*env# 1572361*

| 04/16/2021 | Motion to Seal<br>*duplicate #18/Plts* | Index # 16 |

| 04/16/2021 | Motion to Extend Time for Service<br>*60 days-Seventh/Plts* | Index # 17 |

| 04/16/2021 | Motion to Seal<br>*Seventh Motion to Extend Time - Plfs* | Index # 18 |

04/19/2021    Granted    (Judicial Officer: Anderson, David A)
*Env #1692044*

04/19/2021    Granted    (Judicial Officer: Anderson, David A)
*Env #1692044*

| 05/21/2021 | Motion to Extend Time for Service<br>*120 days-(8th) Final/Plt* | Index # 19 |

| | | |
|---|---|---|
| 05/21/2021 | Motion to Seal<br>*Final mo to extend time for service/Plts* | Index # 20 |
| 05/24/2021 | Granted    (Judicial Officer: Anderson, David A)<br>*env# 1751087* | |
| 07/12/2021 | Motion to Continue<br>*7-20-21 hg and allot 1 hour-Emergency-Plt* | Index # 21 |
| 07/13/2021 | Denied    (Judicial Officer: Anderson, David A)<br>*Env # 1833606* | |
| 07/15/2021 | Other<br>*Notice of Filing/Plt* | Index # 22 |
| 07/15/2021 | Motion for Clarification<br>*of Order of 7-13-21/Plt* | Index # 23 |
| 07/15/2021 | Motion to Seal<br>*Motion for Clarification/Plt* | Index # 24 |
| 07/15/2021 | Granted    (Judicial Officer: Anderson, David A)<br>*Env # 1839049* | |
| 07/15/2021 | Granted in Part    (Judicial Officer: Anderson, David A)<br>*Env # 1839049* | |
| 07/20/2021 | **Motion Hearing**   (9:30 AM)   (Judicial Officer: Anderson, David A)<br>*Webex - (AMENDED NOTICE -WEBEX) Mo to Extend Time to Serve Process or File Stipulation fo Dismissal (WEBEX) Env #1752392 - Amended NOH 1833749 (Third Amended Env # 1839049)*<br>*Hearing Held* | |
| 07/20/2021 | Granted    (Judicial Officer: Anderson, David A)<br>*Env # 1844155* | |
| 10/25/2021 | Motion to Extend Time for Service<br>*(9th) Plts* | Index # 25 |
| 10/25/2021 | Motion to Seal<br>*mo to extend time to serve-Plts* | Index # 26 |
| 10/27/2021 | Granted    (Judicial Officer: Anderson, David A)<br>*Env 2013516* | |
| 10/27/2021 | Granted    (Judicial Officer: Anderson, David A)<br>*Env 2013516* | |

| | | |
|---|---|---|
| 11/24/2021 | Motion to Extend Time for Service<br>*(10th) Final-Plts* | Index # 27 |
| 11/24/2021 | Motion to Seal<br>*mo ext time for service-Plts* | Index # 28 |
| 11/29/2021 | Granted    (Judicial Officer: Anderson, David A)<br>*(Env 2067019)* | |
| 11/29/2021 | Granted    (Judicial Officer: Anderson, David A)<br>*(Env 2067019)* | |
| 01/06/2022 | Motion to Extend Time for Service<br>*(11th)-Plts* | Index # 29 |
| 01/06/2022 | Motion to Seal<br>*mo ext time for service (#29)-Plts* | Index # 30 |
| 01/11/2022 | Granted    (Judicial Officer: Anderson, David A)<br>*Env 2133900* | |
| 01/11/2022 | Granted    (Judicial Officer: Anderson, David A)<br>*Env 2133900* | |
| 01/12/2022 | Appearance<br>*Special of Russell F. Hilliard, Esq. for Def Craig Donais*<br>Party:   Defendant Donais, Craig<br>*Special of Russell F. Hilliard, Esq. for Def Craig Donais* | Index # 31 |
| 01/12/2022 | Motion to Dismiss<br>*for Failure Timely Serve Complaint/Def Craig Donais* | Index # 32 |
| 01/13/2022 | Motion<br>*to Unseal Record/Dft Donais*<br>Party:   Defendant Donais, Craig<br>*to Unseal Record/Dft Donais* | Index # 33 |
| 01/26/2022 | Obj-Motion to Dismiss<br>*Filer: Natalie Anderson* | Index # 34 |
| 01/26/2022 | Obj-Motion<br>*to Unseal Record/Plf* | Index # 35 |

01/26/2022    Index # 36

Motion
    *to Disqualify Counsel/Plf*

01/26/2022    Index # 37

Objection
    *to Appearance of Russell Hilliard/Plf*

01/26/2022    Index # 38

Motion
    *for Hearing on Pending Motions/Plf*

01/27/2022    Index # 42

Motion
    *for Sanctions and or Default as to Dft Donais or Atty Hilliard/Plts*

01/27/2022    Index # 43

Motion to Strike
    *Motion to Dism/Plt*

01/28/2022    Index # 39

Notice of Intent to Reply
    *to Objection to Motion to Dismiss/Def Donais*
    Party:   Defendant Donais, Craig
    *to Objection to Motion to Dismiss/Def Donais*

01/28/2022    Index # 40

Notice of Intent to Reply
    *to Obj to Mot to Unseal Record/Def Donais*
    Party:   Defendant Donais, Craig
    *to Obj to Mot to Unseal Record/Def Donais*

01/28/2022    Index # 41

Notice of Intent to Reply
    *to Obj to Hilliard Special Appearance/Def Donais*
    Party:   Defendant Donais, Craig
    *to Obj to Hilliard Special Appearance/Def Donais*

02/04/2022    Index # 44

Obj-Motion
    *for Sanctions or Default/Def Craig Donais*
    Party:   Defendant Donais, Craig
    *for Sanctions or Default/Def Craig Donais*

02/04/2022    Index # 45

Obj-Motion
    *to Disqualify Counsel/Def Craig Donais*
    Party:   Defendant Donais, Craig
    *to Disqualify Counsel/Def Craig Donais*

02/04/2022     Index # 46

Obj-Motion to Strike
*Mot to Dismiss + Mot to Unseal Record/Def Craig Donais*
Party:   Defendant Donais, Craig
*Mot to Dismiss + Mot to Unseal Record/Def Craig Donais*

02/04/2022     Index # 47

Response to Objection
*to Motion to Dismiss/Def Craig Donais*
Party:   Defendant Donais, Craig
*to Motion to Dismiss/Def Craig Donais*

02/04/2022     Index # 48

Response to Objection
*to Motion to Unseal Record/Def Craig Donais*
Party:   Defendant Donais, Craig
*to Motion to Unseal Record/Def Craig Donais*

02/04/2022     Index # 49

Response to Objection
*to Special Appearance/Def Craig Donais*
Party:   Defendant Donais, Craig
*to Special Appearance/Def Craig Donais*

02/04/2022     Index # 50

Response
*to Motion for Hearing on Pending Motions/Def Craig Donais*
Party:   Defendant Donais, Craig
*to Motion for Hearing on Pending Motions/Def Craig Donais*

02/07/2022     Index # 51

Notice of Intent to Reply
*to 2/4/22 filings-Plts*

02/08/2022     Index # 52

Motion
*to File Surreply to Obj. to Mo to Dismiss/Plts*

02/08/2022     Index # 53

Notice of Potential Conflict
*in March 2022-Dft Donais*
Party:   Defendant Donais, Craig
*in March 2022-Dft Donais*

02/14/2022     Index # 54

Response
*to resp to Mo for Hg on Pending Mos -Plts*

| | | |
|---|---|---|
| 02/15/2022 | Response to Objection<br>*to Mo to strike and Unseal Record -Plts* | Index # 55 |
| 02/16/2022 | Response to Objection<br>*to Motion for Sanctions - Plf* | Index # 56 |
| 02/17/2022 | Obj-Motion<br>*to File Surreplies- Def Donais*<br>Party:   Defendant Donais, Craig<br>*to File Surreplies- Def Donais* | Index # 57 |
| 02/17/2022 | Notice of Intent to Reply<br>*to obj mo file surreply to MTD-Plts* | Index # 58 |
| 02/18/2022 | Response to Objection<br>*to Mot to Disqualify Counsel/Plf* | Index # 59 |
| 02/23/2022 | Motion to Strike<br>*Untimely Replies/Def Craig Donais*<br>Party:   Defendant Donais, Craig<br>*Untimely Replies/Def Craig Donais* | Index # 60 |
| 02/28/2022 | Response to Objection<br>*to Mo sur reply -Plts* | Index # 61 |
| 03/01/2022 | Response to Objection<br>*(CORRECTED AMENDED) to Mo to file Sur reply Craig Donais -Plts* | |
| Index # 62 | | |
| 03/01/2022 | Request for Reissued Summons<br>*on all Defs -Plts* | |
| 03/03/2022 | Summons on Complaint<br>*- NEW (Env 2221351)* | Index # 63 |
| 03/03/2022 | **Service**<br>Donais, Craig<br>Served: 04/14/2022 | |

03/04/2022                                                      Index # 64

Motion to Vacate
  *Issuance of New Summons - Def-Craig Donais*
  Party:   Defendant Donais, Craig
  *Issuance of New Summons - Def-Craig Donais*

03/04/2022                                                      Index # 65

Motion to Strike
  *the Motion to Vacate/Plts*

03/04/2022                                                      Index # 66

Other
  *Notice of Settlement as to all Dfts except Craig Donais/Plt*

03/08/2022

Court Order    (Judicial Officer: Messer, Amy B)
  *Rule 39 Notice and Hearing Notice on All Pending Motions (Env 2229455 and us mail to dfts)*
Index # 67

03/14/2022                                                      Index # 68

Obj-Motion to Strike
  *Dft Donais*
  Party:   Defendant Donais, Craig
  *Dft Donais*

03/14/2022                                                      Index # 69

Obj-Motion to Vacate
  *Issuance of New Summons/Plf*

03/16/2022                                                      Index # 70

Notice of Intent to Reply
  *to Obj to Mo to Vacate Issuance of New Summons - Def Donais*
  Party:   Defendant Donais, Craig
  *to Obj to Mo to Vacate Issuance of New Summons - Def Donais*

03/16/2022                                                      Index # 71

Notice of Intent to Reply
  *to Obj. to Mo to Strike/Plts*

03/24/2022                                                      Index # 72

Response to Objection
  *to Mo to Vacate Issuance of New Summons - Def Donais*
  Party:   Defendant Donais, Craig
  *to Mo to Vacate Issuance of New Summons - Def Donais*

03/24/2022                                                      Index # 73

Response to Objection
  *to Mo to Strike -Plts*

03/25/2022                                                                    Index # 74

Response to Objection
    *to Mo to Strike Corrected -Plts*

03/27/2022                                                                    Index # 75

Obj-Motion to Strike
    *Untimely Replies/Plts*

03/27/2022                                                                    Index # 76

Motion to Strike
    *Def Donais' Pleadings/Plts*

03/30/2022                                                                    Index # 77

Court Order    (Judicial Officer: Messer, Amy B)
    *Re: Time Allotted for Hearing on Pending Motions (Env 2271274)*

03/30/2022

Notice of Intent to Reply
    *to refiled Obj Mo to Strike Plaintiffs' Untimely Replies/Def Craig Donais*
    Party:   Defendant Donais, Craig
    *to refiled Obj Mo to Strike Plaintiffs' Untimely Replies/Def Craig Donais*

Index # 78

04/04/2022                                                                    Index # 79

Obj-Motion to Strike
    *Pleadings/Dft Donais*
    Party:   Defendant Donais, Craig
    *Pleadings/Dft Donais*

04/04/2022                                                                    Index # 81

Returned Mail
    *to Richard Aufiero*

04/04/2022                                                                    Index # 82

Returned Mail
    *to Marie Aufiero*

04/04/2022                                                                    Index # 83

Returned Mail
    *to Shelagh Michaud*

04/05/2022                                                                    Index # 80

Response to Objection
    *to Motion to Strike Untimely Replies/Dft Donais*
    Party:   Defendant Donais, Craig
    *to Motion to Strike Untimely Replies/Dft Donais*

04/05/2022      Index # 84

Other
*Table of Pending Motions -Def Craig*
Party:  Defendant Donais, Craig
*Table of Pending Motions -Def Craig*

04/05/2022      Index # 85

Response to Objection
*to Mo to Strike -Plts*

04/06/2022

**Hearing on Pending Motions**  (2:30 PM)  (Judicial Officer: Messer, Amy B)
*WEBEX (Env 2229455) Amended Env 2271274*
*Hearing Held*

04/06/2022      Index # 86

Other
*notice pertaining to notices of settlement*

04/06/2022      Index # 87

Stipulation
*as to the Aufiero defendants*

04/06/2022      Index # 88

Neither Party Docket Markings
*all but Craig Donais*

04/07/2022 Approved   (Judicial Officer: Messer, Amy B)
*Env 2285671*

04/07/2022 Approved   (Judicial Officer: Messer, Amy B)
*Env 2285671*

04/08/2022 Denied   (Judicial Officer: Messer, Amy B)
*Env 2289612*

04/08/2022 Denied   (Judicial Officer: Messer, Amy B)
*Env 2289612*

04/08/2022 Denied   (Judicial Officer: Messer, Amy B)
*Env 2289612*

04/08/2022 Moot   (Judicial Officer: Messer, Amy B)
*Env 2289612*

04/08/2022 Granted   (Judicial Officer: Messer, Amy B)
*Env 2289612*

04/08/2022 Denied   (Judicial Officer: Messer, Amy B)
*Env 2289612*

04/08/2022    Denied    (Judicial Officer: Messer, Amy B)
              *Env 2289612*

04/08/2022    Denied    (Judicial Officer: Messer, Amy B)
              *Env 2289612*

04/08/2022    Denied    (Judicial Officer: Messer, Amy B)
              *Env 2289612*

04/08/2022    Granted    (Judicial Officer: Messer, Amy B)
              *Env 2289612*

04/14/2022    Service
              *Craig Donais*

04/21/2022    📄                                                          Index # 89
              Motion to Reconsider
                  *Order on Motion to Dismiss/Dft Donais*
                  *Party:   Defendant Donais, Craig*
                  *Order on Motion to Dismiss/Dft Donais*

04/21/2022    📄                                                          Index # 90
              Motion to Reconsider
                  *Order on Motion to Unseal Record/Dft Donais*
                  *Party:   Defendant Donais, Craig*
                  *Order on Motion to Unseal Record/Dft Donais*

04/21/2022    📄                                                          Index # 91
              Motion to Reconsider
                  *Order on Motion to Vacate Issuance New Summons/Dft Donais*
                  *Party:   Defendant Donais, Craig*
                  *Order on Motion to Vacate Issuance New Summons/Dft Donais*

05/05/2022    📄                                                          Index # 92
              Obj-Motion to Reconsider
                  *Order on mo dismiss-Plts*

05/05/2022    📄                                                          Index # 93
              Obj-Motion to Reconsider
                  *order on mo vacate issuance of summons-Plts*

05/05/2022    📄                                                          Index # 94
              Obj-Motion to Reconsider
                  *order on mo unseal record-Plts*

05/05/2022    📄                                                          Index # 95
              Notice of Intent to Reply
                  *to obj mo reconsider order on mo dismiss-Def-Donais*
                  *Party:   Defendant Donais, Craig*
                  *to obj mo reconsider order on mo dismiss-Def-Donais*

05/05/2022     Index # 96

Notice of Intent to Reply
    *to obj mo reconsider order on mo unseal-Def-Donais*
    Party:   Defendant Donais, Craig
    *to obj mo reconsider order on mo unseal-Def-Donais*

05/05/2022     Index # 97

Notice of Intent to Reply
    *to obj mo reconsider order on mo vacate-Def-Donais*
    Party:   Defendant Donais, Craig
    *to obj mo reconsider order on mo vacate-Def-Donais*

05/07/2022     Index # 98

Motion to Strike
    *Motions for Reconsideration of Mot Dismiss/Plf*

05/07/2022     Index # 99

Motion to Strike
    *Mo for Reconsideration of Mo Unseal Record/Plf*

05/07/2022     Index # 100

Return of Service
    *on Craig Donais*

05/09/2022     Index # 101

Affidavit of Service
    *Confirmation of Service on Craig Donais-Plts*

05/13/2022     Index # 102

Motion to Dismiss
    *Due to Insuff Service Process - Def Donais*
    Party:   Defendant Donais, Craig
    *Due to Insuff Service Process - Def Donais*

05/13/2022     Index # 103

Response to Objection
    *to Mo to Reconsider #92 - Def Donais*
    Party:   Defendant Donais, Craig
    *to Mo to Reconsider #92 - Def Donais*

05/13/2022     Index # 104

Response to Objection
    *to Mo to Reconsider Order on Mo to Unseal #94 - Def Donais*
    Party:   Defendant Donais, Craig
    *to Mo to Reconsider Order on Mo to Unseal #94 - Def Donais*

05/13/2022

Response to Objection
*to Mo to Reconsider Order on Mo to Vacate New Summons #93 - Def Donais*
Party:   Defendant Donais, Craig
*to Mo to Reconsider Order on Mo to Vacate New Summons #93 - Def Donais*

Index # 105

05/13/2022

Obj-Motion
*to Strike re Motion for Reconsideration Order Motion to Dismiss/Dft Donais*
Party:   Defendant Donais, Craig
*to Strike re Motion for Reconsideration Order Motion to Dismiss/Dft Donais*

Index # 106

05/13/2022

Obj-Motion
*to Strike re Motion for Reconsideration Order Motion to Unseal/Dft Donais*
Party:   Defendant Donais, Craig
*to Strike re Motion for Reconsideration Order Motion to Unseal/Dft Donais*

Index # 107

05/16/2022                                                      Index # 108

Notice of Intent to Reply
*to file mo to file surreply-Plts*

05/16/2022                                                      Index # 109

Notice of Intent to Reply
*to obj mo strike mo recon re MTD-Plts*

05/16/2022                                                      Index # 110

Notice of Intent to Reply
*to obj mo strike mo recon re mo unseal-Plts*

05/16/2022

Notice of Intent to Reply
*to obj mo strike mo recon re mo vacate-Plts (need mo to file surreply)*

Index # 111

05/23/2022                                                      Index # 112

Motion
*for Hg on New Mo Dismiss-Plfs*

05/23/2022                                                      Index # 113

Obj-Motion to Dismiss
*for Insufficiency of Process - Plfs*

05/23/2022                                                      Index # 114

Response to Objection
*#106 - Plfs*

05/23/2022      📄                                                Index # 115
                Response to Objection
                *#107 - Plfs*

05/25/2022      📄
                Court Order    (Judicial Officer: Messer, Amy B)
                *on Motion to Reconsider Order on Motion to Unseal Records (Env 2373319)*
Index # 116

05/25/2022      📄
                Court Order    (Judicial Officer: Messer, Amy B)
                *on Motion to Reconsider Order on Motion to Dismiss - DENIED (Env 2373319)*
Index # 118

05/25/2022      Denied    (Judicial Officer: Messer, Amy B)
                *See Index # 118*

05/25/2022      Vacated
                *in Part, see Index # 116*

05/25/2022      📄                                                Index # 119
                Notice of Intent to Reply
                *to Obj to Mo to Dismiss/Dft*
                *Party:   Defendant Donais, Craig*
                *to Obj to Mo to Dismiss/Dft*

05/25/2022      📄                                                Index # 120
                Response to Objection
                *to Mo to Strike Corrected #114/Plt*

05/25/2022      📄                                                Index # 121
                Response to Objection
                *to Mot to Strike Corrected #115/Plt*

05/25/2022      Order Made    (Judicial Officer: Messer, Amy B)
                *See Index # 116*

05/25/2022      Order Made    (Judicial Officer: Messer, Amy B)
                *See Index # 118*

05/26/2022      📄                                                Index # 117
                Court Order    (Judicial Officer: Messer, Amy B)
                *on Motion to Disqualify - DENIED (Env 2373319)*

05/26/2022      📄                                                Index # 122
                Response
                *to Mo for Hg-Def-Donais*
                *Party:   Defendant Donais, Craig*
                *to Mo for Hg-Def-Donais*

05/31/2022     Index # 123
Notice of Intent to Reply
*to resp to motion for hrg on mo to dismiss/Pltf's*

05/31/2022     Index # 124
Response to Objection
*to Motion to Dismiss/Def Donais*
Party:   Defendant Donais, Craig
*to Motion to Dismiss/Def Donais*

05/31/2022     Index # 125
Motion for Clarification
*of 5-25-22 Order on Mo Reconsider (#116)/Plf*

05/31/2022     Index # 126
Motion
*to File Surreply to Resp to Obj to MTD/Plfs*

06/01/2022     Index # 127
Motion
*for Approval to File 3 Confidential Docs Under Seal-Plfs*

06/03/2022     Index # 128
Response to Objection
*to Mo for Hearing on Def MTD-Plfs*

06/09/2022     Index # 129
Obj-Motion
*to Mo to Modify or Clarify Court's 5/25/22 Order - Def Donais*
Party:   Defendant Donais, Craig
*to Mo to Modify or Clarify Court's 5/25/22 Order - Def Donais*

06/09/2022
Obj-Motion
*to Mo Seeking Approval to File 3 Confidential Documents Under Seal - Def Donais*
Party:   Defendant Donais, Craig
*to Mo Seeking Approval to File 3 Confidential Documents Under Seal - Def Donais*
Index # 130

06/13/2022     Index # 131
Notice of Intent to Reply
*to Obj #130/Plts*

06/13/2022     Index # 132
Notice of Intent to Reply
*to Obj. #129/Plts*

06/21/2022     Granted     (Judicial Officer: Messer, Amy B)
*Env 2418996*

06/24/2022     Index # 133

Notice of Appeal to Supreme Court
*Def-Donais*
   Party:   Defendant Donais, Craig
   *Def-Donais*

06/24/2022     Index # 134

Other
   *Appendix to Rule 7 Notice of Discretionary Appeal-Def-Donais*
   Party:   Defendant Donais, Craig
   *Appendix to Rule 7 Notice of Discretionary Appeal-Def-Donais*

06/24/2022     Index # 135

Response to Objection
   *to mo clarify 5-25-22 order (#116)-Plts*

06/24/2022     Index # 136

Response to Objection
   *to mo to file 3 confidential docs-Plts*

06/30/2022     Index # 139

Response
   *Surreply to Response to Obj to Mot Dismiss-Plfs*

07/01/2022     Index # 137

Court Order     (Judicial Officer: Messer, Amy B)
   *on Stay of Proceedings (Env 2439990)*

07/01/2022     Index # 138

Supreme Court Order
   *re: Docketing and E-Filing*

07/01/2022     Index # 140

Motion
   *to issue findings re imminence of settlement at 7-20-21 hg-Plts*

07/01/2022     Index # 141

Motion
   *to Affirm issuance of Summons or alt Allow Ext Time-Plts*

07/07/2022

Response
   *to Mo to Issue Findings re Imminence of settlement at 7-20-21 hg-Def-Donais*
   Party:   Defendant Donais, Craig
   *to Mo to Issue Findings re Imminence of settlement at 7-20-21 hg-Def-Donais*

Index # 142

07/07/2022    Index # 143

Response
*to Mo to Affirm Issuance of Summons-Def-Donais*
Party:   Defendant Donais, Craig
*to Mo to Affirm Issuance of Summons-Def-Donais*

09/06/2022

Supreme Court Order
*-Partially Remanded to Superior Court to allow ruling on Pending Mo to Dismiss filed by Craig*
*Donais after Service of Process*
Index # 144

09/09/2022    Index # 145

Motion
*to Remind Ct of Pending Mot for Hearing on MTD-Plf*

09/19/2022    Index # 146

Response
*to Motion to Remind Court - Def Donais*
Party:   Defendant Donais, Craig
*to Motion to Remind Court - Def Donais*

09/22/2022    Index # 147

Notice of Intent to Reply
*to Response to Mo/Plt*

10/04/2022    Index # 148

Supreme Court Order
*re: Motion for Clarification Regarding Remand*

10/21/2022    Denied    (Judicial Officer: Messer, Amy B)
*Env 2632036*

10/21/2022    Denied    (Judicial Officer: Messer, Amy B)
*Env 2632036*

10/21/2022    Denied    (Judicial Officer: Messer, Amy B)
*Env 2632036*

10/21/2022    Index # 149

Court Order    (Judicial Officer: Messer, Amy B)
*as to Motion to Modify or Clarify (Env 2632036)*

10/24/2022    Index # 150

Other
*Notice of Pending Supreme Court Motions/Dft Donais*
Party:   Defendant Donais, Craig
*Notice of Pending Supreme Court Motions/Dft Donais*

11/02/2022          Index # 151
Notice of Appeal to Supreme Court
*Plts*

11/02/2022          Index # 152
Motion to Stay
*Plt-Andre Bissasor*

11/08/2022          Index # 154
Obj-Motion
*to Stay Proceedings/Dft*
Party:   Defendant Donais, Craig
*to Stay Proceedings/Dft*

11/08/2022          Index # 155
Notice of Intent to Reply
*to Obj. to Mo to Stay/Plt*

11/10/2022          Index # 153
Supreme Court Order
*Re: Docketing and E-Filing*

11/21/2022          Index # 156
Response to Objection
*to Mo to Stay/Plts*

11/28/2022     Order Made     (Judicial Officer: Messer, Amy B)
*Env 2694346*

11/28/2022          Index # 157
Other
*Notice of Untimely Filing of Reply (#156)-Def-Donais*
Party:   Defendant Donais, Craig
*Notice of Untimely Filing of Reply (#156)-Def-Donais*

03/16/2023          Index # 158
Supreme Court Order
*- Appeal Dismissed*

03/20/2024          Index # 159
Supreme Court Order
*Copy of Court Order of September 30, 2022*

03/20/2024          Index # 160
Supreme Court Order
*Plaintiff's 3./24/23 Motion for Reconsideration is denied.*

03/20/2024          Index # 161
Supreme Court Order
*Plaintiffs 10/12/22 Motion to Reconsider is denied*

03/20/2024      Index # 162

Supreme Court Certificate
*Re: Request Motion for Reconsidereation Denied*

03/20/2024      Index # 163

Supreme Court Certificate
*re: Appeal Dismissed.*

04/01/2024      Index # 164

Other
*Status Report RE; Supreme Court Appeal-Def Craig Donais*
Party:   Defendant Donais, Craig
*Status Report RE; Supreme Court Appeal-Def Craig Donais*

04/15/2024      Index # 165

Motion
*to Reset Deadlines - Def Craig*
Party:   Defendant Donais, Craig
*to Reset Deadlines - Def Craig*

04/29/2024      Index # 166

Court Order      (Judicial Officer: Messer, Amy B)
*- Stay lifted. Deadlines set, see order (Env 3611661)*

05/06/2024      Other      Index # 172
*Request for Accomodations under ADA (SEALED)*

05/06/2024      Index # 173

Court Order      (Judicial Officer: Messer, Amy B)
*as to redacted documents (Env 3624803)*

05/07/2024      Index # 167

Motion to Extend Time for Service
*REDACTED*

05/07/2024      Index # 168

Motion to Extend Time for Service
*REDACTED*

05/07/2024      Index # 169

Motion to Extend Time for Service
*REDACTED*

05/07/2024      Index # 170

Motion to Extend Time for Service
*REDACTED*

05/07/2024      Index # 171

Motion to Extend Time for Service
*REDACTED*

05/20/2024                                                  Index # 174
Other
*Notice re Submission of Supplement to MTD-Def Craig Donais*
Party:   Defendant Donais, Craig
*Notice re Submission of Supplement to MTD-Def Craig Donais*

05/21/2024    Index # 175
Other
*Notice of re-filing/Plts*

05/21/2024    Index # 176
Motion for Interlocutory Appeal
*Amended/Plts*

05/22/2024    Court Order    (Judicial Officer: Messer, Amy B)    Index # 177
*EX-PARTE ORDER - SEALED*

05/22/2024    Other
*Envelope # 3654842 Envelope # 365405 w/ Clerk's Decision Stamp*
Index # 177

05/30/2024    Index # 178
Obj-Motion
*for Interlocutory Appeal-Def Craig Donais*
Party:   Defendant Donais, Craig
*for Interlocutory Appeal-Def Craig Donais*

06/03/2024    Index # 179
Notice of Intent to Reply
*to Obj to Mo for Interlocutory Appeal-Plf*

06/10/2024    Index # 180
Response to Objection
*to Mo for Interlocutory Appeal-Plf*

06/28/2024    Index # 181
Court Order    (Judicial Officer: Messer, Amy B)
*on Motion for Interlocutory Appeal - DENIED (Env # 3721399)*

07/01/2024
Other
*Notice of Intent to File Mo to Reconsider and Other Related Motions to Re Seal -Plts*
Index # 182

07/02/2024    Index # 183
Other
*Donais' Supplement to Mo to Dismiss*
Party:   Defendant Donais, Craig
*Donais' Supplement to Mo to Dismiss*

| | | |
|---|---|---|
| 07/03/2024 | Motion to Extend | Index # 184 |
| | *time to file Obj to Supplemental Motion to Dismiss - Plt* | |
| 07/10/2024 | Other | Index # 185 |
| | *Request for Accomodations under ADA - EX PARTE (SEALED)* | |
| 07/10/2024 | Obj-Motion | Index # 186 |
| | *to Extend Time Time to Object to Mo to Dismiss/Dft Donais* | |
| | Party:   Defendant Donais, Craig | |
| | *to Extend Time Time to Object to Mo to Dismiss/Dft Donais* | |
| 07/15/2024 | Notice of Intent to Reply | Index # 187 |
| | *to Obj to Motion to Extend Time-Plf* | |
| 07/18/2024 | Court Order    (Judicial Officer: Messer, Amy B) | Index # 188 |
| | *UNDER SEAL (Env 3753904)* | |
| 07/23/2024 | Objection | |
| | *to Further Requests for Accommodations and Extensions-Def Craig Donais* | |
| | Party:   Defendant Donais, Craig | |
| | *to Further Requests for Accommodations and Extensions-Def Craig Donais* | |
| Index # 189 | | |
| 07/29/2024 | Ex Parte Motion | Index # 190 |
| | *Sealed Document -Plt Andre* | |
| 07/29/2024 | Motion to Seal | Index # 191 |
| | *re Court Order 7-19-24 -Plt Andre* | |
| 07/31/2024 | Response to Objection | |
| | *to Further Requests for Accommodations and Extensions-Plf Bisasor* | |
| Index # 194 | | |
| 08/01/2024 | Court Order    (Judicial Officer: Messer, Amy B) | |
| | *on Request for Accommodation - UNREDACTED UNDER SEAL (Env 3776785)* | |
| Index # 192 | | |
| 08/01/2024 | Court Order    (Judicial Officer: Messer, Amy B) | Index # 193 |
| | *on Request for Accommodation - REDACTED (Env 3776681)* | |
| 08/01/2024 | Order Made    (Judicial Officer: Messer, Amy B) | |
| | *- Placed under Seal, but document is not ex-parte (Env 3776681)* | |
| 08/08/2024 | Ex Parte Motion | Index # 195 |
| | *Plt* | |
| 08/08/2024 | Motion to Seal | Index # 196 |
| | *Ex Parte Motion/Plt* | |

08/09/2024    Ex Parte Motion                                                                Index # 197
                  *to Continue Deadlines/Plt*

08/09/2024    Other                                                                          Index # 198
                  *Attachment to Ex Parte Motion/Plt*

08/09/2024    Motion to Seal                                                                 Index # 199
                  *Ex Parte Motion/Plt*

08/11/2024                                                               Index # 200
              Court Order    (Judicial Officer: Messer, Amy B)
                  *on Request for Accommodation as to Bisasor (Env 3791823)*

08/12/2024    Granted    (Judicial Officer: Messer, Amy B)
                  *Env 3794116*

08/12/2024    Granted    (Judicial Officer: Messer, Amy B)
                  *Env 3794116*

08/12/2024    

              Court Order    (Judicial Officer: Messer, Amy B)
                  *on Request for Accommodation as to Natalie Anderson (Env 3794628)*
Index # 201

09/12/2024

Other
     *Supplement to Standing Objection re; Further Requests for Accommodations-Def Craig Donais*
        Party:   Defendant Donais, Craig
     *Supplement to Standing Objection re; Further Requests for Accommodations-Def Craig Donais*
Index # 202

10/07/2024

Other
     *2nd Supplement to Standing Obj RE Further Requests for Accommodations-Def Craig Donais*
        Party:   Defendant Donais, Craig
     *2nd Supplement to Standing Obj RE Further Requests for Accommodations-Def Craig Donais*
Index # 203

10/21/2024                                                               Index # 204
              Obj-Motion to Dismiss
                  *for Insufficiency of Process-Plf Bisasor*

10/24/2024                                                               Index # 205
              Notice of Intent to Reply
                  *to Obj to Supp MTD-Def Craig Donais*
                     Party:   Defendant Donais, Craig
                  *to Obj to Supp MTD-Def Craig Donais*

10/28/2024

Other
    *Notice of Refiling Affidavit that Was Never Actually Filed-Plf Andre Bissasor*

Index # 206

10/28/2024                                              Index # 207

Affidavit
    *iso Obj to Def Crag Donais' Supp to MTD-Plf Andre Bisasor*

10/30/2024                                              Index # 208

Response to Objection
    *to Mo to Dismiss for Insufficiency of Process -Def Craig*
    Party:   Defendant Donais, Craig
    *to Mo to Dismiss for Insufficiency of Process -Def Craig*

10/30/2024

Response
    *to Supplemental standing Obj Re Requests for Accommodations - Plt*

Index # 209

10/30/2024                                              Index # 210

Motion
    *to Default or Sanction Def Donais-Plfs*

10/31/2024                                              Index # 211

Motion
    *for Hearing on Motions/Plt*

10/31/2024                                              Index # 212

Motion
    *to file Surreply Supplement to Motion to Dismiss/Plt*

11/01/2024                                              Index # 213

Motion to Strike
    *Def Craig Supplement to Motion to Dismiss - Plts*

11/01/2024                                              Index # 214

Motion
    *for Leave to issue Subpoena - Plts*

11/12/2024                                              Index # 215

Obj-Motion
    *to Default #210 - Def Craig*
    Party:   Defendant Donais, Craig
    *to Default #210 - Def Craig*

11/12/2024          Obj-Motion                                                    Index # 216
                      *for Leave to File Surreply #212 - Def Craig*
                        Party:   Defendant Donais, Craig
                      *for Leave to File Surreply #212 - Def Craig*

11/12/2024          Obj-Motion                                                    Index # 217
                      *for Leave to Issue Subpoena #214 - Def Craig*
                        Party:   Defendant Donais, Craig
                      *for Leave to Issue Subpoena #214 - Def Craig*

11/12/2024          Obj-Motion                                                    Index # 218
                      *to Strike Supplement to Motion to Dismiss #213 - Def Craig*
                        Party:   Defendant Donais, Craig
                      *to Strike Supplement to Motion to Dismiss #213 - Def Craig*

11/12/2024          Obj-Motion                                                    Index # 219
                      *for Hearing #211 - Def Craig*
                        Party:   Defendant Donais, Craig
                      *for Hearing #211 - Def Craig*

11/13/2024          Notice of Intent to Reply                                     Index # 220
                      *to Index's #215 - #219 - Plts*

11/14/2024          Court Order    (Judicial Officer: Messer, Amy B)              Index # 221
                      *on Motion to Dimsiss - DENIED (Env 3954666)*

11/14/2024          Denied    (Judicial Officer: Messer, Amy B)
                      *as Moot ((Env 3954666))*

11/14/2024          Denied    (Judicial Officer: Messer, Amy B)
                      *(Env 3954666)*

11/14/2024          Motion to Compel                                             Index # 222
                      *Def Craig Donais to Respond to Plt Affidavit - Plt*

11/15/2024          Other                                                         Index # 223
                      *Exhibits 1 thru 17 iso Mo to Compel Def Donais to Respond-Plf*

11/15/2024          Other
                      *Notice of Intent to File a Motion to Clarify Nov 14, 2024 Court Order-Plfs*

Index # 224

11/22/2024                                                          Index # 225
  Other
      *Notice of Necessary Supreme Court Filing-Def Donais*
      Party:   Defendant Donais, Craig
      *Notice of Necessary Supreme Court Filing-Def Donais*

11/22/2024                                                          Index # 226
  Motion to Strike
      *Notice of Supreme Ct Filing-Plfs*

11/22/2024                                                          Index # 227
  Response
      */Obj to Def Donais Notice of Supreme Court Filing-Plfs*

11/22/2024                                                          
  Other
      *Amended Notice of Intent to File a Mo Modify or Clarify 11/14/24 Order-Plfs*
Index # 228

11/22/2024                                                          Index # 229
  Response to Objection
      *to Mo for Default and/or Sanctions-Plfs*

11/22/2024                                                          Index # 230
  Response to Objection
      *to Mo for Leave to Issue Subpoena-Plfs*

11/22/2024                                                          Index # 231
  Response to Objection
      *to Mo for Hrg on Pending Mots-Plfs*

11/22/2024                                                          Index # 232
  Other
      *Notice of Reminder of the Prior Pending Motions-Plfs*

11/22/2024                                                          Index # 233
  Motion
      *for Case Management Conference-Plfs*

11/25/2024                                                          Index # 234
  Obj-Motion to Compel
      *Response to Plfs Affidavit-Def Donais*
      Party:   Defendant Donais, Craig
      *Response to Plfs Affidavit-Def Donais*

11/25/2024                                                          Index # 235
  Motion for Clarification
      *or to Modify 11/15/24 Order-Plfs*

| 11/25/2024 | Withdrawal | Index # 236 |
| | *of First Motion to Modify or Clarify Court's 11-15-24 Order-Plfs* | |

| 11/25/2024 | Motion for Clarification | Index # 237 |
| | *or to Modify 11-15-24 Order-Plf Bisaor (2nd)* | |

| 11/25/2024 | Motion for Clarification | Index # 238 |
| | *or to Modify 11-15-24 Order-Plf Natalie Anderson* | |

| 11/25/2024 | Other | Index # 239 |
| | *Exhibits 3-11 for Plf Bisaor Mo Clarify/Modify 11-15-24 Order* | |

| 11/25/2024 | Motion to Seal | Index # 240 |
| | *ADA Request-Plf Bisaor* | |

| 11/25/2024 | Other | Index # 241 |
| | *ADA Request-Redacted-Plf Bisaor* | |

| 11/25/2024 | Motion to Reconsider | Index # 242 |
| | *Mot Strike Defs Supplement-Plfs* | |

| 11/26/2024 | Ex Parte Motion | Index # 243 |
| | *Filer: Andre Bissaor* | |

| 11/26/2024 | Ex Parte Motion | Index # 244 |
| | *for Accommodation under American Dis Act - Plts* | |

| 11/26/2024 | Motion to Seal | Index # 245 |
| | *ADA Request - Plts* | |

| 11/27/2024 | Motion | Index # 246 |
| | *for Disclosure of Potential Conflicts (Emergency)- Plfs* | |

| 12/02/2024 | Denied    (Judicial Officer: Messer, Amy B) | |
| | *Env 3981098* | |

| 12/02/2024 | Denied    (Judicial Officer: Messer, Amy B) | |
| | *Env 3981171* | |

| 12/02/2024 | Denied    (Judicial Officer: Messer, Amy B) | |
| | *Env 3981947* | |

12/02/2024      Index # 247

Obj-Motion
*for Case Management Conference - Def Craig S. Donais*
Party:   Defendant Donais, Craig
*for Case Management Conference - Def Craig S. Donais*

12/02/2024      Index # 248

Obj-Motion to Strike
*Notice of Supreme court filing #226 - Def Craig Donais*
Party:   Defendant Donais, Craig
*Notice of Supreme court filing #226 - Def Craig Donais*

12/02/2024      Index # 249

Notice of Intent to Reply
*to Obj to Motion to Compel - Plts*

12/03/2024      Index # 250

Response to Objection
*to Motion to Compel - Plts*

12/03/2024      Index # 251

Other
*Exhibit to Response to Motion to Compel*

12/04/2024      Index # 252

Motion to Stay
*- Plts*

12/04/2024      Index # 253

Other
*Exhibit to Mo to Stay - Plts*

12/05/2024      Index # 254

Obj-Motion
*to Clarify 11-15-24 Order/Dft*
Party:   Defendant Donais, Craig
*to Clarify 11-15-24 Order/Dft*

12/05/2024      Index # 255

Obj-Motion
*to Clarify 11-15-24 Order/Dft*
Party:   Defendant Donais, Craig
*to Clarify 11-15-24 Order/Dft*

12/05/2024      Index # 256

Obj-Motion to Reconsider
*Motion to Strike Supplement/Dft*
Party:   Defendant Donais, Craig
*Motion to Strike Supplement/Dft*

12/05/2024    Obj-Motion to Seal                                           Index # 257
              *ADA Request/Dft*
              Party:  Defendant Donais, Craig
              *ADA Request/Dft*

12/05/2024    Response                                                     Index # 258
              *to Plfs' Request for Accommodation under ADA/Dft*
              Party:  Defendant Donais, Craig
              *to Plfs' Request for Accommodation under ADA/Dft*

12/05/2024    Motion                                                       Index # 259
              *for court to issue findings of fact - Plts*

12/06/2024    Obj-Motion                                                   Index # 260
              *to Issue Findings of Fact -Def*
              Party:  Defendant Donais, Craig
              *to Issue Findings of Fact -Def*

12/06/2024    Obj-Motion                                                   Index # 261
              *of Potential Conflicts of Interest or for Recusal -Def*
              Party:  Defendant Donais, Craig
              *of Potential Conflicts of Interest or for Recusal -Def*

12/06/2024    Obj-Motion                                                   Index # 262
              *to Stay -Def*
              Party:  Defendant Donais, Craig
              *to Stay -Def*

12/09/2024    Notice of Intent to Reply                                    Index # 263
              *to Def Objs filed 12/2, 12/5 and 12/6/2024-Plfs*

12/09/2024    Response to Objection                                        Index # 264
              *to Mo Strike Notice of Supreme Court Filing-Plfs*

12/09/2024    Response to Objection                                        Index # 265
              *to Mo Stay Proceedings-Plfs*

12/10/2024    Response to Objection                                        Index # 266
              *#233 to Motion for Case Management Hearing - Plts*

12/10/2024                                                          Index # 267

Response to Objection
 *#259 to Motion for the court to issue findings of fact - Plt Andre*

12/10/2024                                                          Index # 268

Response to Objection
 *#259 to Motion for the court to issue finding of facts - Plt Natalie*

12/10/2024


Motion
 *for the court to more explicitly affirm the clerk of court's 3-3-22 issuance of a new summons on a*
 *Nunc Pro Tunc basis - Plt*

Index # 269

12/11/2024      Denied      (Judicial Officer: Messer, Amy B)
                 *Env 4000938*

12/11/2024                                                          Index # 271

Motion to Reconsider
 *12-3-24 Order on Mot for Default and/or Sanctions-Plf Bisasor*

12/11/2024      Denied      (Judicial Officer: Messer, Amy B)
                 *Env 4000938*

12/11/2024                                                          Index # 272

Motion for Interlocutory Appeal
 *Plf Bisasor*

12/11/2024                                                          Index # 273

Response to Objection
 *to Mo Reconsider Mo Strike Supplement-Plf Bisasor*

12/11/2024                                                          Index # 274

Response to Objection
 *to Mo Disclosure of Potential Conflicts-Plf Bisasor*

12/11/2024      Denied      (Judicial Officer: Messer, Amy B)
                 *Env 4000938*

12/11/2024      Denied      (Judicial Officer: Messer, Amy B)
                 *Env 4000938*

12/11/2024      Denied      (Judicial Officer: Messer, Amy B)
                 *Env 4000938*

12/12/2024

Court Order     (Judicial Officer: Messer, Amy B)
*Requiring Clerk to Provide Supreme Court with Order on Defendant's Second Motion to Dismiss (Env 4000938)*
Index # 270

12/12/2024     Order Made     (Judicial Officer: Messer, Amy B)
*Env 4000938*

12/12/2024     Denied     (Judicial Officer: Messer, Amy B)
*Env 4000938*

12/12/2024                                                               Index # 275

Motion for Interlocutory Appeal
*Corrected-Plf Bisasor*

12/12/2024                                                               Index # 276

Response to Objection
*to Mo Clarify or Modify 11-15-24 Order-Plf Bisasor*

12/12/2024

Other
*Copy of Notice with Orders Sent to NH Supreme Court (Env 4000938)*

Index # 277

12/13/2024

Motion to Reconsider
*Court Order Denying Motion for Leave to Issue Subpoena-Plf Bissasor*

Index # 279

12/13/2024

Other
*Supplement to Response to Obj to Motion to Issue Findings of Fact-Plf Bissasor*

Index # 280

12/16/2024     Court Order     (Judicial Officer: Messer, Amy B)          Index # 278
*on Pending Motions (#s 240, 243, 244 and 245) Env 4007162*

12/16/2024     Denied     (Judicial Officer: Messer, Amy B)
*Without Prejudice, see Index #278 (Env 4007162)*

12/16/2024     Denied     (Judicial Officer: Messer, Amy B)
*Without Prejudice, see Index # 278 Env 4007162*

12/16/2024     Granted     (Judicial Officer: Messer, Amy B)
*See Index # 278 Env 4007162*

12/16/2024     Granted     (Judicial Officer: Messer, Amy B)
*See Index #278 Env 4007162*

12/16/2024



Other

    *Notice of Intent to File Mo to Reconsider Courts Order Denying Mo to Issue Findings-Plf Bissasor*

Index # 281

12/17/2024    

Motion to Reconsider

    *Motion to Affirm Issuance of Summons Nunc Pro Tunc-Plf Bissasor*

Index # 282

12/17/2024                 Index # 283

Motion

    *for Limited Discovery from the Clerk's Office-Plf Bissasor*

12/17/2024                 Index # 284

Motion to Reconsider

    *Court Order on Motion to Issue Findings of Fact-Plf Anderson*

12/17/2024    

Motion to Reconsider

    *Court Order on Motion to Issue Findings of Fact filed in 2022-Plf Bissasor*

Index # 285

12/19/2024    

Obj-Motion to Reconsider

    *Mot of Plf Anderson for Court to Issue Findings of Facts-Def Craig Donais*
    Party:   Defendant Donais, Craig
    *Mot of Plf Anderson for Court to Issue Findings of Facts-Def Craig Donais*

Index # 286

12/19/2024    

Obj-Motion to Reconsider

    *Mo of Plf Bisasor for Court to Issue Findings of Fact or for Interlocutory Appeal*
    Party:   Defendant Donais, Craig
    *Mo of Plf Bisasor for Court to Issue Findings of Fact or for Interlocutory Appeal*

Index # 287

12/19/2024



Obj-Motion to Reconsider

    *of Bisasor Order re Plfs' Mot for Leave to Issue Subpoena or for Interlocutory Appeal*
    Party:   Defendant Donais, Craig
    *of Bisasor Order re Plfs' Mot for Leave to Issue Subpoena or for Interlocutory Appeal*

Index # 288

12/19/2024    Obj-Motion for Interlocutory Appeal    Index # 289
*(Corrected #275)-Def Donais*
Party: Defendant Donais, Craig
*(Corrected #275)-Def Donais*

12/19/2024    Obj-Motion    Index # 290
*for Limited Discovery from Clerk's Office-Def Donais*
Party: Defendant Donais, Craig
*for Limited Discovery from Clerk's Office-Def Donais*

12/19/2024    Obj-Motion for Interlocutory Appeal    Index # 291
*re Mot for Default and Sanctions (#272)-Def Donais*
Party: Defendant Donais, Craig
*re Mot for Default and Sanctions (#272)-Def Donais*

12/19/2024    Obj-Motion to Reconsider
*of Bisasor Re Denial of Plfs' Mot for Default and Sanctions-Def Donais*
Party: Defendant Donais, Craig
*of Bisasor Re Denial of Plfs' Mot for Default and Sanctions-Def Donais*
Index # 292

12/19/2024    Obj-Motion to Reconsider    Index # 293
*of Bisasor Re Mot to Affirm Issuance of Summons Nunc Pro Tunc*
Party: Defendant Donais, Craig
*of Bisasor Re Mot to Affirm Issuance of Summons Nunc Pro Tunc*

12/20/2024    Motion to Reconsider    Index # 294
*Mo Compel Def to Resp to Affidavit-Plf Anderson*

12/20/2024    Motion to Reconsider    Index # 295
*Mot Compel Def Donais to Resp to Plf Affidavit-Plf Bisasor*

12/30/2024    Obj-Motion to Reconsider    Index # 296
*Mo to Compel Def Donais to Resp to Plf Affidavit-Def Donais*
Party: Defendant Donais, Craig
*Mo to Compel Def Donais to Resp to Plf Affidavit-Def Donais*

12/30/2024      📄                                                                        Index # 297

        Obj-Motion to Reconsider
        *Mo to Compel Donais to Resp to Plf Affidavit-Def Donais*
        Party:   Defendant Donais, Craig
        *Mo to Compel Donais to Resp to Plf Affidavit-Def Donais*

01/03/2025    Denied    (Judicial Officer: Messer, Amy B)
        *(Env # 4037127)*

01/03/2025    Denied    (Judicial Officer: Messer, Amy B)
        *(Env # 4037127)*

01/03/2025    Denied    (Judicial Officer: Messer, Amy B)
        *(Env # 4037127)*

01/03/2025    Denied    (Judicial Officer: Messer, Amy B)
        *(Env # 4037127)*

01/03/2025    Denied    (Judicial Officer: Messer, Amy B)
        *(Env # 4037127)*

01/07/2025      📄                                                                        Index # 298

        Court Order    (Judicial Officer: Messer, Amy B)
        *Omnibus Order Ruling on all Oustanding Pleadings (Env 4037127)*

01/07/2025    Denied    (Judicial Officer: Messer, Amy B)
        *see order # 298 (Env # 4037127)*

01/07/2025    Denied    (Judicial Officer: Messer, Amy B)
        *see order # 298 (Env # 4037127)*

01/07/2025    Denied    (Judicial Officer: Messer, Amy B)
        *see order # 298 (Env # 4037127)*

01/07/2025    Denied    (Judicial Officer: Messer, Amy B)
        *see order # 298 (Env # 4037127)*

01/07/2025    Denied    (Judicial Officer: Messer, Amy B)
        *see order # 298 (Env # 4037127)*

01/07/2025    Denied    (Judicial Officer: Messer, Amy B)
        *(Env # 4037127)*

01/07/2025    Denied    (Judicial Officer: Messer, Amy B)
        *see order # 298 (Env # 4037127)*

01/07/2025    Denied    (Judicial Officer: Messer, Amy B)
        *see order # 298 (Env # 4037127)*

01/07/2025    Denied    (Judicial Officer: Messer, Amy B)
        *see order # 298 (Env # 4037127)*

01/07/2025    Order Made    (Judicial Officer: Messer, Amy B)
          *see order # 298 (Env # 4037127)*

03/04/2025    📄                                              Index # 299
        Supreme Court Order
          *-Appeal Declined*

03/14/2025    📄                                              Index # 300
        Motion to Dismiss
          *for Failure to State a Claim-Def Craig Donais*
          Party:   Defendant Donais, Craig
          *for Failure to State a Claim-Def Craig Donais*

03/17/2025    📄                                              Index # 301
        Supreme Court Certificate
          *Appeal Declined.*

03/24/2025    📄                                              Index # 302
        Motion to Strike
          *Def's MTD and for Sanctions-Plfs*

03/25/2025    📄                                              Index # 303
        Obj-Motion to Dismiss
          *Plf*

03/25/2025    📄                                              Index # 304
        Notice of Intent to Reply
          *to Obj to Mo to Dismiss-Def Craig Donais*
          Party:   Defendant Donais, Craig
          *to Obj to Mo to Dismiss-Def Craig Donais*

03/31/2025    📄                                              Index # 305
        Obj-Motion to Strike
          *Motions to Dismiss and for Sanctions/Dft*
          Party:   Defendant Donais, Craig
          *Motions to Dismiss and for Sanctions/Dft*

04/01/2025    📄                                              Index # 306
        Notice of Intent to Reply
          *to Obj Mo Strike-Plfs*

04/09/2025    📄
        Motion
          *for Entry of Default & Default Judgment for Failure to Answer-Plfs*
Index # 307

04/14/2025                                                          Index # 308
Obj-Motion
*Entry of Default -Def Craig*
    Party:   Defendant Donais, Craig
    *Entry of Default -Def Craig*

04/14/2025                                                          Index # 309
Notice of Intent to Reply
    *to Obj to Motion for Entry of Default-Plfs*

04/14/2025                                                          Index # 310
Response to Objection
    *to Motion to Strike Motion to Dismiss-Plfs*

04/14/2025
Motion
    *for Hearing on Motion for Entry of Default and Motion to Stike the MTD-Plfs*
Index # 311

04/21/2025                                                          Index # 312
Response
    *to Motion for Hearing -Def Craig*
    Party:   Defendant Donais, Craig
    *to Motion for Hearing -Def Craig*

04/21/2025                                                          Index # 313
Response to Objection
    *to Motion for Entry of Default-Plfs*

04/23/2025                                                          Index # 314
Notice of Intent to Reply
    *to Response to Motion for Hearing-Plfs*

04/28/2025                                                          Index # 315
Court Order     (Judicial Officer: Messer, Amy B)
    *on Pending Motions (Env 4250630)*

04/28/2025     Denied     (Judicial Officer: Messer, Amy B)
    *See Index # 315*

04/28/2025     Denied     (Judicial Officer: Messer, Amy B)
    *See Index # 315*

04/28/2025     Denied     (Judicial Officer: Messer, Amy B)
    *See Index # 315*

04/29/2025
Other
    *Notice of Intent to File Motion for Reconsideration of 4-29-25 Order-Plfs*
Index # 316

05/06/2025                                                          Index # 317
            Motion
                *for Case Management Conf-Renewed- Andre Bissasor*

05/07/2025
            Motion to Reconsider
                *April 29, 2025 Court Order on Motion to Strike-Plf Natalie Anderson*

Index # 318

05/09/2025                                                          Index # 319
            Motion to Reconsider
                *Order on Default Judgment/Plt*

05/09/2025                                                          Index # 320
            Motion for Interlocutory Appeal
                *Plt*

05/10/2025                                                          Index # 321
            Motion to Reconsider
                *Order on Motion for Hearing and Motion to Strike/Plt*

05/12/2025                                                          Index # 322
            Motion
                *for recon re Mo to Strike - Plt*

05/12/2025                                                          Index # 324
            Motion
                *to Stay Resolution of Mo to Dismiss for Leave to Appeal-Plf*

05/13/2025    Motion to Seal                                        Index # 323
                *Confid ADA Request - Plt*

05/13/2025                                                          Index # 325
            Motion
                *for Hearing - Plt*

05/16/2025                                                          Index # 326
            Obj-Motion to Reconsider
                *4-29-25 Order re Default Judgment-Def Donais*
                Party:   Defendant Donais, Craig
                *4-29-25 Order re Default Judgment-Def Donais*

05/16/2025                                                          Index # 327
            Obj-Motion to Reconsider
                *4-29-25 Order re Hearing on Mots to Strike + Default-Def Donais*
                Party:   Defendant Donais, Craig
                *4-29-25 Order re Hearing on Mots to Strike + Default-Def Donais*

05/16/2025                                                                    Index # 328

Obj-Motion to Reconsider
*4-29-25 Order re Mot to Strike Motion to Dismiss-Def Donais*
Party:   Defendant Donais, Craig
*4-29-25 Order re Mot to Strike Motion to Dismiss-Def Donais*

05/16/2025                                                                    Index # 329

Obj-Motion to Reconsider
*Mo to Strike Defs 5th Pre Answer Mo to Dismiss-Def Donais*
Party:   Defendant Donais, Craig
*Mo to Strike Defs 5th Pre Answer Mo to Dismiss-Def Donais*

05/16/2025                                                                    Index # 330

Obj-Motion to Stay
*Resolution of Motion to Dismiss-Def Donais*
Party:   Defendant Donais, Craig
*Resolution of Motion to Dismiss-Def Donais*

05/16/2025                                                                    Index # 331

Response
*to Motion for Interlocutory Appeal-Def Donais*
Party:   Defendant Donais, Craig
*to Motion for Interlocutory Appeal-Def Donais*

05/16/2025                                                                    Index # 332

Response
*to Motion for Hearing on Motion to Dismiss-Def Donais*
Party:   Defendant Donais, Craig
*to Motion for Hearing on Motion to Dismiss-Def Donais*

05/16/2025                                                                    Index # 333

Response
*to Renewed Motion for Case Management Conference-Def Donais*
Party:   Defendant Donais, Craig
*to Renewed Motion for Case Management Conference-Def Donais*

05/19/2025                                                                    Index # 334

Notice of Intent to Reply
*to Multiple Objections/Responses-Plfs*

05/19/2025                                                                    Index # 335

Motion
*to Convert the New MTD to MSJ-Plf Natalie Anderson*

05/20/2025

Motion
*to Supplement Plt Brief Placeholder Obj to Def new Motion to Dismiss - Plts*

Index # 336

05/20/2025

Obj-Motion
*to Convert Motion to Dismiss to Summary Judgment-Def Craig Donais*
Party:   Defendant Donais, Craig
*to Convert Motion to Dismiss to Summary Judgment-Def Craig Donais*

Index # 337

05/21/2025                                                                 Index # 338

Notice of Intent to Reply
*to Obj to Mo to Convert Mo to Dismiss-Plfs*

05/21/2025                                                                 Index # 339

Obj-Motion
*to Supplement Brief Obj to Mo to Dismiss -Def Craig*
Party:   Defendant Donais, Craig
*to Supplement Brief Obj to Mo to Dismiss -Def Craig*

05/23/2025                                                                 Index # 340

Motion to Amend Complaint
*Plfs*

05/27/2025                                                                 Index # 341

Notice of Intent to Reply
*to Obj to Mo to Supplement Brief Placeholder-Plf*

05/28/2025                                                                 Index # 342

Response to Objection
*to Motion for Interlocutory Appeal-Plf Natalie Anderson*

05/28/2025                                                                 Index # 343

Response to Objection
*to Mo to Stay Resolution-Plf Natalie Anderson*

05/28/2025                                                                 Index # 344

Response to Objection
*to Renewed Motion for Case Management-Plf Natalie Anderson*

05/28/2025

Response to Objection
*to Mo to Reconsider 4-29-25 Order Denying Mo to Strike New MTD-Plf Natalie Anderson*
Index # 345

05/28/2025                                                                 Index # 346

Response to Objection
*to Motion for Hrg on MTD-Plf Natalie Anderson*

05/28/2025                                                                 Index # 347

Response to Objection
*to Mo to Reconsider 4-29-25 Order Denying Default Judgment-Plf*

05/28/2025

Response to Objection
*to Mo to Reconsider 4-59-25 Order on Mo to Strike-Plf Natalie Anderson*

Index # 348

05/30/2025                                                                                Index # 349

Withdrawal
*of Notice of Intent to Reply to Obj to Mo to Dism/Dft*
Party:   Defendant Donais, Craig
*of Notice of Intent to Reply to Obj to Mo to Dism/Dft*

05/30/2025                                                                                Index # 350

Obj-Motion
*for Leave to File 1st Amended Complaint/Dft*
Party:   Defendant Donais, Craig
*for Leave to File 1st Amended Complaint/Dft*

06/02/2025                                                                                Index # 351

Other
*Notice RE Filing Under Seal (Index #323)-Def Donais*
Party:   Defendant Donais, Craig
*Notice RE Filing Under Seal (Index #323)-Def Donais*

06/03/2025

Notice of Intent to Reply
*to Obj to Mo for Leave to File Amended Complaint-Plf Natalie Anderson*

Index # 352

06/03/2025                                                                                Index # 353

Response to Objection
*to Motion to Convert/Plt*

06/03/2025                                                                                Index # 354

Response to Objection
*to Motion to Supplement/Plt*

06/04/2025

Other
*Notice of Filing of Re Filed Complaint and Intent to Consolidate-Andre Bissasor*

Index # 355

06/05/2025        Denied      (Judicial Officer: Messer, Amy B)
*Env 4321995*

06/05/2025        Denied      (Judicial Officer: Messer, Amy B)
*Env 4321995*

06/05/2025        Denied      (Judicial Officer: Messer, Amy B)
*Env 4321995*

06/05/2025    Denied    (Judicial Officer: Messer, Amy B)
      *Env 4321995*

06/05/2025    Denied    (Judicial Officer: Messer, Amy B)
      *Env 4321995*

06/05/2025    📄                                                           Index # 356
Court Order    (Judicial Officer: Messer, Amy B)
      *on Motion to Dismiss ( (Env 4322006))*

06/05/2025    Court Order    (Judicial Officer: Messer, Amy B)    Index # 357
      *on Motiont o Seal (Env 4322006)*

06/05/2025    Order Made    (Judicial Officer: Messer, Amy B)
      *(Env 4322006)*

06/05/2025    Denied    (Judicial Officer: Messer, Amy B)
      *Env 4321995*

06/05/2025    Denied    (Judicial Officer: Messer, Amy B)
      *Env 4321995*

06/05/2025    Denied    (Judicial Officer: Messer, Amy B)
      *Env 4321995*

06/05/2025    Denied    (Judicial Officer: Messer, Amy B)
      *(Env 4322006)*

06/05/2025    Denied    (Judicial Officer: Messer, Amy B)
      *(Env 4322006)*

06/05/2025    📄                                                           Index # 358
Motion to Consolidate
      *with case 216-2025-CV-00529-Plfs*

06/11/2025    📄                                                           Index # 359
Motion
      *for ADA Accommodation (Emergency)-Plf Andre*

06/12/2025    📄
Obj-Motion
      *for ADA Accommodation Motion Relating to Extensions - Def Craig Donais*
      Party:   Defendant Donais, Craig
      *for ADA Accommodation Motion Relating to Extensions - Def Craig Donais*
Index # 360

06/13/2025    📄                                                           Index # 361
Response to Objection
      *to ADA Accommodation Mot Re Ext of Time/Plf Andre Bisasor*

06/16/2025    Obj-Motion                                                      Index # 362
             *to Consolidate Cases/Dft Donais*
                 Party:   Defendant Donais, Craig
                 *to Consolidate Cases/Dft Donais*

06/16/2025    Other                                                           Index # 363
                 *Notice re 5-13-25 ADA Accommodation/Plt*

06/17/2025    Notice of Intent to Reply                                       Index # 364
                 *to Obj Mo Consolidate-Plfs*

06/22/2025    Denied     (Judicial Officer: Messer, Amy B)
                 *Env 4352687*

06/25/2025    Other                                                           Index # 365
                 *Exhibit to Mo to Seal - Plt Andre*

06/25/2025    Motion to Seal                                                  Index # 366
                 *Mo ADA - Plt*

06/25/2025    Ex Parte Motion                                                 Index # 367
                 *for ADA - Plt*

06/25/2025    Ex Parte Motion                                                 Index # 368
                 *corrected re ADA - Plt*

06/25/2025    Motion to Seal                                                  Index # 369
                 *corrected ADA Mo - Plt*

06/26/2025    Other                                                           Index # 370
                 *Notice re Filings Under Seal and Lack of Service-Def Donais*
                 Party:   Defendant Donais, Craig
                 *Notice re Filings Under Seal and Lack of Service-Def Donais*

06/26/2025    Response to Objection                                           Index # 371
                 *to Motion to Consolidate Cases/Plt*

06/26/2025    Motion                                                          Index # 372
                 *for Hearing on Pfs Mo to Consolidate-Plf*

06/26/2025    Motion                                                          Index # 373
                 *to Defer Ruling on Plf Mo to Consolidate-Plf*

06/29/2025    Granted     (Judicial Officer: Messer, Amy B)
                 *(Env 4365128)*

| | | |
|---|---|---|
| 06/30/2025 | Other | Index # 374 |
| | *Request for Accommodation/Plt* | |
| 06/30/2025 | Motion to Seal | Index # 375 |
| | *Request for Accommodation filed Ex Parte/Plt* | |
| 06/30/2025 | Court Order    (Judicial Officer: Messer, Amy B) | Index # 376 |
| | *on Request for Accommodation (Env 4365128)* | |
| 06/30/2025 | Denied | |
| | *see order # 376* | |
| 06/30/2025 | Denied    (Judicial Officer: Messer, Amy B) | |
| | *see order # 376* | |
| 06/30/2025 | Order Made    (Judicial Officer: Messer, Amy B) | |
| | *(Env 4365128)* | |
| 07/01/2025 | Other | Index # 377 |
| | *Sealed Ex Parte Medical Documentation* | |
| 07/01/2025 | Ex Parte Motion | Index # 378 |
| | *to Seal Medical Documentation/Plt* | |
| 07/01/2025 | Granted in Part    (Judicial Officer: Messer, Amy B) | |
| | *Env 4370280* | |

07/01/2025   Other
    *Emergency Notice of Filing Conf Sealed Med Docs iso ADA Request-Plf*

Index # 379

| | | |
|---|---|---|
| 07/01/2025 | Motion to Seal | Index # 380 |
| | *Emergency Notice of Filing Conf Sealed Med Docs-Plf* | |
| 07/07/2025 | 📄 | Index # 381 |

Obj-Motion
    *for Hearing on Motion to Consolidate Cases-Def Craig Donais*
    Party:   Defendant Donais, Craig
    *for Hearing on Motion to Consolidate Cases-Def Craig Donais*

| | | |
|---|---|---|
| 07/07/2025 | 📄 | Index # 382 |

Obj-Motion
    *to Defer Ruling on Motion to Consolidate-Def Donais*
    Party:   Defendant Donais, Craig
    *to Defer Ruling on Motion to Consolidate-Def Donais*

07/10/2025   📄

Notice of Intent to Reply
    *to Obj to Motion to Defer Ruling on Mo to Consolidate and Obj to Mo for Hrg-Plfs*

Index # 383

07/18/2025    Motion to Withdraw
              *the Motion to Consolidate, Motion for Hearing and Motion to Defer/Plts*
Index # 384

07/29/2025    Motion
              *for ADA Accommodation to Exceed Page Limits Renewed SEALED/Plts*
Index # 385

07/29/2025    Motion to Seal                                    Index # 386
              *Renewed ADA Motion/Plts*

07/30/2025    Withdrawn
              *See Index # 384*

07/30/2025    Withdrawn
              *See Index # 384*

07/30/2025    Withdrawn
              *See Index # 384*

07/30/2025    Granted    (Judicial Officer: Messer, Amy B)
              *Env 4419720*

07/30/2025    Response
              *to Mo for ADA Accommodation to Exceed Pg Limit and for Hrg - Def Craig Donais*
              Party:   Defendant Donais, Craig
              *to Mo for ADA Accommodation to Exceed Pg Limit and for Hrg - Def Craig Donais*
Index # 387

07/31/2025    Response                                          Index # 388
              *to Response to Mo for ADA Accommodation/Plts*

08/01/2025    Ex Parte Motion                                   Index # 389
              *to Clarify Deadline of 8/6/25 -Plts*

08/01/2025    Amended Complaint                                 Index # 390
              *- Plt (EXCEEDS PAGE LIMIT SET BY COURT OF 25 PAGES)*

08/01/2025    Response
              *to Plfs' Emergency Motion to Clarify/Confirm 8/6/25 Deadline - Def Craig*
              Party:   Defendant Donais, Craig
              *to Plfs' Emergency Motion to Clarify/Confirm 8/6/25 Deadline - Def Craig*
Index # 391

08/03/2025    Order Made    (Judicial Officer: Messer, Amy B)
     *Env 4425686*

08/03/2025    Order Made    (Judicial Officer: Messer, Amy B)
     *Env 4425842*

08/04/2025    Granted    (Judicial Officer: Messer, Amy B)
     *Env 4427143*

08/04/2025        Index # 392
Withdrawal
     *of Amended Complaint-Plfs*

08/05/2025    Ex Parte Motion    Index # 393
     *for Additional Page Limit for Amended complaint-Plf*

08/05/2025    Motion to Seal    Index # 394
     *Motion for Page Limit Addition-Plf*

08/05/2025    Other    Index # 395
     *Attachment Documentation as to Ex Parte-Sealed*

08/05/2025    Motion to Seal    Index # 396
     *Attachment Documentation as to Ex Parte*

08/05/2025        Index # 397
Notice of Appeal to Supreme Court
     *Plf*

08/05/2025        Index # 398
Motion to Stay
     *Pending the Supreme Court Appeal-Plf*

08/05/2025    Granted    (Judicial Officer: Messer, Amy B)
     *Env 4432012*

08/05/2025    Granted    (Judicial Officer: Messer, Amy B)
     *Env 4432012*

08/06/2025    Motion    Index # 399
     *for Additional Page Limit for Amended Complaint-Redacted-Plf*

08/06/2025    Motion to Seal
     *the Redacted Version of Mo for Additional Page Limit for Amended Complaint-Plf*
Index # 400

08/06/2025        Index # 401
Obj-Motion
     *to Stay Pending Appeal-Def Donais*
     Party: Defendant Donais, Craig
     *to Stay Pending Appeal-Def Donais*

| | | |
|---|---|---|
| 08/06/2025 | Response to Objection<br>*to Motion to Stay Proceedings-Plf* | Index # 402 |
| 08/06/2025 | Denied    (Judicial Officer: Messer, Amy B)<br>*Env 4432012* | |
| 08/06/2025 | Amended Complaint<br>*Jury Trial* | Index # 403 |
| 08/06/2025 | Affidavit<br>*iso First Amended Complaint-Plf* | Index # 404 |
| 08/07/2025 | Denied    (Judicial Officer: Messer, Amy B)<br>*Env 4435202* | |