UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251 | ANDRE BISASOR v. CRAIG DONAIS, et. al

Andre Bisasor,
Natalie Anderson,
Plaintiffs
v.
Craig S. Donais,
Mary K. Donais,
Donais Law Offices, PLLC,
Russell F. Hilliard,
Upton Hatfield,
Amy Messer,
Defendants.

## PLAINTIFFS' EMERGENCY MOTION TO CLARIFY WHETHER AUGUST 22 DEADLINE FOR OPPOSING DEFENDANTS' FIRST MOTIONS TO DISMISS ARE MOOT IN LIGHT OF AMENDED COMPLAINT

1. Plaintiff Andre Bisasor respectfully moves this Court, on emergency basis, to clarify whether the August 22, 2025 deadline for opposing Defendants' first motions to dismiss are moot in light of Plaintiff's First Amended Complaint filed on July 29, 2025, which supersedes the original complaint under established federal practice.

## I. PROCEDURAL BACKGROUND

2. On July 8, 2025, the Donais Defendants filed their Motion to Dismiss for Failure to State a Claim, directed at the original complaint.

3. On July 10, 2025, the Hilliard Defendants filed their Motion to Dismiss for Failure to State a Claim, directed at the original complaint. NB: This motion to dismiss was filed late, after the 7 day deadline required by the rules and the law.

4. On July 29, 2025, Plaintiff filed a First Amended Complaint as a matter of right under Federal Rule of Civil Procedure 15(a)(1)(B), within 21 days of the defendants' first motion to dismiss.

5. On August 5, 2025, this Court granted Plaintiff's motion to extend the deadline for responding to the motion to dismiss, extending the deadline to August 22, 2025.

6. The pending question is whether this deadline remains applicable when the motion to dismiss targets a complaint that has been superseded by an amended complaint.

7. This issue arises because when the plaintiff sough to confer with the defendants, they told the plaintiff that he should or must file an opposition to the motion to dismiss the original complaint at the same time as the filing of an opposition to any new forthcoming motion to dismiss the amended complaint.

8. This puts plaintiff in the precarious position of having to contemplate responding to two motions to dismiss, one directed at the original complaint and the other directed at the amended complaint.

9. The plaintiff believes this contrary to law and represents an attempt by the counsel for the defendants to take advantage of the plaintiff's pro se status.

10. See screenshot of email from counsel for the Donais defendants on this issue.



11. See screenshot of email from counsel for the Hilliard defendants on this issue.



## II. LEGAL STANDARD

12. Under well-established federal practice, an amended complaint supersedes the original complaint and renders it of no legal effect. Once an amended complaint is filed, the original pleading no longer performs any function in the case. Federal courts routinely hold that motions directed at an original complaint become moot when that complaint is superseded by an amended complaint.

## III. ARGUMENT
### A. The First Amended Complaint Supersedes the Original Complaint

13. Federal Rule 15(a)(1)(B) permits a plaintiff to amend a complaint once as a matter of right within "21 days after service of a motion under Rule 12(b), (e), or (f)." Here, Plaintiff properly exercised this right by filing the First Amended Complaint on July 29, 2025, within 21 days of Defendants' July 8, 2025 motion to dismiss.

14. The First Amended Complaint completely replaces and supersedes the original complaint. As the Eastern District of Washington explained: "Because the Defendants' motion to dismiss targeted the Plaintiff's [original] Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot."

### B. Majority Circuit Practice Deems Such Motions Moot

15. In most circuits, including the 1st, 3rd, 6th, and 8th Circuits, an amended complaint automatically moots a pending motion to dismiss and creates a duty to respond to the amended complaint. The general rule is that "the filing of an amended complaint normally moots a motion to dismiss the original complaint."

16. As the Southern District of Ohio explained: "Because amended complaints supersede the original pleading, the filing of the amended complaint in this case did technically render the pending motion to dismiss moot."

### C. The August 22 Deadline No Longer Serves Any Purpose

17. Since the Defendants' current motions to dismiss are directed at the original complaint, and that complaint no longer exists as a matter of law, there is no operative pleading for Plaintiff to defend. The August 22 deadline to respond to a motion attacking a non-existent complaint serves no judicial purpose.

## IV. REQUEST FOR CLARIFICATION

18. Plaintiff respectfully requests this Court clarify that:
    a. The First Amended Complaint filed on July 29, 2025 supersedes the original complaint;
    b. Defendants' motions to dismiss, which targets the original complaint, are therefore moot;
    c. The August 22, 2025 deadline for responding to the motion to dismiss the original complaint no longer applies; and
    d. If Defendants wish to challenge the First Amended Complaint, they must file a new motion to dismiss directed at the operative pleading.

## VI. CONCLUSION

19. For the foregoing reasons, Plaintiff respectfully requests this Court issue an order clarifying that the August 22, 2025 deadline for opposing Defendants' first motions to dismiss the original complaint are moot in light of the superseding First Amended Complaint.

20. This is an emergency because the relevant deadline expires next week on Friday, August 22, 2025.

21. Please also take note of the emergency motion to stay briefing/response to the motion to dismiss until after remand is decided, that was also filed today.
22. Please grant a pro se liberal construction to this filing.
23. Plaintiff sought to confer with the defendants about this issue but the defendants did not agree that the first motion to dismiss the original complaint was moot and instead required that plaintiff filed two oppositions to the motions to dismiss as shown above by the screenshots of emails from counsel for the defendants.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor, Pro Se

August 15, 2025

## CERTIFICATE OF SERVICE

This is to certify that copies of this filing was/will be served on all parties and counsel of record.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor, Pro Se