UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| ANDRE BISASOR and<br>NATALIE ANDERSON,<br>    Plaintiffs,<br><br>v.<br><br>CRAIG S. DONAIS, RUSSELL F.<br>HILLIARD, DONAIS LAW OFFICES<br>PLLC, MARY K. DONAIS, UPTON &<br>HATFIELD, LLP, and AMY MESSER,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:25-cv-00251-SE-AJ |

### DEFENDANTS RUSSELL F. HILLIARD'S AND UPTON & HATFIELD, LLP'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND (Doc. no. 15)

NOW COME Defendants Russell F. Hilliard and Upton & Hatfield, LLP and submit the following Opposition to Plaintiff's Motion to Remand (Doc. no. 15). Despite Plaintiff's recent withdrawal of the sole federal claim asserted, this Court continues to have subject matter jurisdiction because at the time of removal, there was diversity of citizenship between the parties and the amount in controversy exceeds $75,000, and diversity jurisdiction was not the sole basis for removal.[1]

"If a defendant seeking to remove a case establishes federal jurisdiction, then a court should proceed to hear the case absent a procedural defect in the removal." *Hanson v. Depot LBX, Inc.*, 756 F. Supp. 3d 56, 62 (W.D. Va. 2024). This is consistent with "the general rule that federal courts

---

[1] Plaintiff's Motion to Remand at Paragraph 29 incorrectly states that "this Court lacks diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a resident of Massachusetts, all defendants are all residents/citizens of New Hampshire and thus complete diversity does not exist between the parties." The Supreme Court has held that "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff" and "diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978). Plaintiff admits that he is a resident of a different state than all defendants. The fact that the defendants are all residents of New Hampshire does not destroy diversity jurisdiction because Plaintiff is not a New Hampshire resident. The same is true under the Amended Complaint. All Plaintiffs are residents of Massachusetts and all Defendants are residents of Massachusetts.

23300341.2

are bound by a 'virtually unflagging obligation ... to exercise the jurisdiction given them.'" *Id.* citing, *Chase Brexton Health Services, Inc. v. Maryland*, 411 F.3d 457, 462 (4th Cir. 2005) (quoting *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976)).

> A. **At the time of removal, the Court had subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332, and the Forum Defendant Rule does not strip this Court of subject matter jurisdiction despite the withdrawal of a federal question.**

This matter was properly removed pursuant to 28 U.S.C. § 1331 which provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" because Plaintiff asserted a federal claim against Defendant Craig Donais. At the time of removal (and as of this filing), this Court also had subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States . . ." ) because the Plaintiff was a resident of Massachusetts and all Defendants were residents of New Hampshire.[2] Plaintiff alleged damages of at least $1,850,000. *See* Original Complaint at ¶ 1042.

28 U.S.C. § 1441(b) limits removal jurisdiction in diversity cases and provides that "[a] civil action otherwise removable *solely* on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (the "Forum Defendant Rule") (emphasis added). As mandated by the plain language of the statute, the Forum Defendant Rule limits the removability of an action in the presence of a properly joined and served defendant who is a citizen of the forum if that is the sole basis for removal, but once a case has been removed the rule cannot be used to strip the federal courts of subject matter jurisdiction conferred by Section

---

[2] The same remains true under the Amended Complaint.

1332. "When the statute's language is plain, the sole function of the courts . . . is to enforce it according to its written terms." *Doyle v. Huntress, Inc.*, 419 F.3d 3, 8 (1st Cir. 2005) (quoting *Dodd v. United States*, 545 U.S. 353, 359 (2005)).

The plain language of Section 1332(a)(1) is clear that at the time of removal, this Court had subject matter jurisdiction due to diversity of citizenship of the parties and the amount in controversy being met. While the Forum Defendant Rule limits removal based "solely" on jurisdiction conferred under 1332(a), "[t]he forum defendant rule . . . is only applicable at the time a notice of removal is filed." *Leahy v. Omni Hotels Management Corporation, et al.*, 2021 DNH 128 P, 560 F. Supp. 3d 496, 499 (D.N.H. 2021), quoting *Spencer v. U.S. Dist. Ct. for N. Dist. of Ca.*, 393 F.3d 867, 871 (9th Cir. 2004). *See also Devore v. Transp. Tech. Corp.*, 914 F. Supp. 355, 357 (W.D. Mo. 1996) (holding that "§ 1441(b) should be interpreted to apply only before removal" and that it does not "work[ ] retroactively after removal"). The Forum Defendant Rule is a rule about when actions may and may not be removed; it "does not implicate the court's subject matter jurisdiction," *Leahy*, 560 F. Supp. 3d at 499, and thus cannot be the basis for stripping a federal court of jurisdiction post-removal.

In analyzing the interplay between statutes that provide original subject matter jurisdiction such as Sections 1331 (federal question) and 1332 (diversity) and those governing removal such as Section 1441 and 1442, Courts have succinctly summarized the dynamic as follows:

> In § 1441(a), Congress gave defendants the right to remove from state to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," "[e]xcept as otherwise expressly provided by Act of Congress." Congress provided otherwise in the forum-defendant rule by prohibiting removal of a "civil action otherwise removable solely on the basis of the jurisdiction under [§] 1332(a) ... if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b)(2).
>
> Unlike other statutory provisions that unequivocally govern district-court jurisdiction, *e.g.*, 28 U.S.C. § 1331 (granting "original jurisdiction" over federal-question

cases), neither § 1441(a) nor § 1441(b)(2) "speak in jurisdictional terms," suggesting Congress did not mean for them to have "jurisdictional attributes," *Henderson*, 562 U.S. at 438 [131 S.Ct. 1197] (internal quotation marks omitted). The text of the forum-defendant rule reinforces this point, as it recognizes that jurisdiction over removed cases does not come from § 1441(a) but elsewhere. *See* § 1441(b)(2) (referring to removability "on the basis of the jurisdiction under [§] 1332(a)").

Thus, § 1441(a) on its face is not a jurisdiction-granting provision, and § 1441(b)(2) on its face is not a jurisdiction-stripping provision. Instead, § 1441(a) gives certain state-court defendants access to a federal forum that already possesses subject-matter jurisdiction over the type of action being removed. The forum-defendant rule, in turn, narrows the class of defendants who are entitled to exercise this right. Simply put, the rule strips forum defendants of the statutory right to remove; it does not strip district courts of jurisdiction they otherwise have to adjudicate the sorts of actions forum defendants might attempt to remove.

*Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1054 (8th Cir. 2020).

Another court has observed that:

If a defendant seeking to remove a case establishes federal jurisdiction, then a court should proceed to hear the case absent a procedural defect in the removal. This is consistent with "the general rule that federal courts are bound by a 'virtually unflagging obligation ... to exercise the jurisdiction given them.' " *Chase Brexton Health Services, Inc. v. Maryland*, 411 F.3d 457, 462 (4th Cir. 2005) (quoting *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). Thus, if two conditions are met – (1) a defendant successfully establishes federal subject matter jurisdiction and (2) plaintiff fails to establish a procedural defect in removal – then the Court should generally allow for removal.

*Hanson v. Depot LBX, Inc.*, 756 F. Supp. 3d 56, 62 (W.D. Va. 2024).

Plaintiff's reliance on *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025) is misplaced. *Royal Canin* was a matter where federal question jurisdiction appeared to be the sole basis for the federal court's subject matter jurisdiction.[3] But as detailed above, at the time of removal, this Court had subject matter jurisdiction under both Section 1331 (federal question)

---

[3] The *Royal Canin* decision also notes that Section 1332 provides federal courts with original jurisdiction over diversity suits ("If a statute confers federal jurisdiction over a suit, not only the plaintiff but also the defendant can get it into federal court. Take the 'arising under' statute: It grants federal district courts 'original jurisdiction' over cases presenting a federal question. § 1331; see § 1332 (similarly providing 'original jurisdiction' over diversity suits))." 604 U.S. at 27.

4

and Section 1332 (diversity). Plaintiff's withdrawal of all federal claims via an Amended Complaint does not deprive this Court of the subject matter jurisdiction it has pursuant to Section 1332. Thus, because: (1) this Court maintains original subject matter jurisdiction based on Section 1332, (2) the case was properly removed due to the existence of a federal question at the time (and as such Section 1332 was not "solely" the basis for removal), and (3) the Forum Defendant Rule, Section 1441(b)(2), "is not a jurisdiction-stripping provision" (*Holbein*, 983 F.3d at 1054), the Motion to Remand should be denied.[4]

WHEREFORE, Defendants Russell F. Hilliard and Upton & Hatfield, LLP respectfully request this Court deny Plaintiff's Motion to Remand, along with any other relief the Court deems proper.

Respectfully submitted,<br>
The Defendants,<br>
RUSSELL F. HILLIARD and<br>
UPTON & HATFIELD, LLP,<br>
By their attorneys,

Dated: August 15, 2025

*/s/ Daniel R. Sonneborn*
Daniel R. Sonneborn, NH Bar #20947
dsonneborn@preti.com
Preti Flaherty Beliveau & Pachios, PLLP
P.O. Box 1318
57 North Main Street
Concord, NH 03302-1318
T: (603) 410-1500

---

[4] The Motion to Remand contains several other arguments by Mr. Bisasor as to why the removal was unfair to him. *See* Paragraphs 49-81. Nothing argued by Mr. Bisasor defeats the absolute right to remove a case to federal court when the circumstances warrant, and while he believes his serial lawsuits should be consolidated, no other party agrees and no court has ruled in favor of consolidation.

## **CERTIFICATE OF SERVICE**

      I hereby certify that I caused a true copy of this document to be served via electronic filing on all counsel of record and Andre Bisasor on August 15, 2025 and will be served on Plaintiff, Natalie Anderson by first-class mail and electronic mail as follows:

Natalie Anderson, Pro Se
101 Middlesex Turnpike, #270
Burlington, MA 01801
liberty_6@msn.com

                                           */s/ Daniel R. Sonneborn*
                                           Daniel R. Sonneborn

6
23300341.2