UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR and NATALIE
ANDERSON,
    Plaintiffs

Vs.                              CASE NO.: 1:25-CV-00251

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC,
MARY K. DONAIS, UPTON HATFIELD
and AMY MESSER,
    Defendants

### DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO STAY BRIEFING AND FILNG OF MOTION TO DISMISS PENDING DECISION ON REMAND

Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC (the "Donais Defendants"), by their attorneys, hereby oppose Plaintiff Andre Bisasor's ("Plaintiff") Emergency Motion to Stay Briefing and Filing of Motion to Dismiss Pending Decision on Remand ("Plaintiff's Motion"). See *Doc. 21*. The Donais Defendants request that this Honorable Court deny the Plaintiff's Motion as there is no good reason to stay this matter.

### BACKGROUND

Through their First Amended Complaint (the "FAC") in this action, Plaintiffs Andre Bisasor and Natalie Anderson assert claims for defamation, tortious interference with contractual relationship and other advantageous relations, intentional infliction of emotional distress, civil conspiracy, violations of RSA 354-B/common-law discrimination, violations of New Hampshire RSA 358-A, i.e., the New Hampshire Consumer Protection Act, breach of fiduciary duty, breach of implied contract, breach of contract and breach of implied covenant of good faith and fair dealing, interference "with settlement contract," "vicarious liability," "direct corporate liability," "alter ego liability," "professional entity liability under RSA 358-A," and negligence/malpractice. See *Doc. 13* generally.

1

Plaintiff originally brought this action against most defendants in the Superior Court of Massachusetts in Bristol County on June 20, 2022. See Bristol County Superior Court Docket case summary, Massachusetts State Court Docket for *Andre Bisasor v. Russell F. Hilliard*, et al, Docket No. 2273CV00430 attached hereto as *Exhibit A*. This matter was removed to this court on June 12, 2023. *Ex. A, pp. 4-5*. The Superior Court of Massachusetts in Bristol County considers the case disposed of as it was removed to the U.S. District Court. *Ex. A*. This case was ultimately litigated in this Court. See *Docket 1:23-CV-00374*.

More than two years prior to that filing, Plaintiff sued Defendant Craig Donais alone in the Superior Court of Massachusetts in Middlesex on January 10, 2020. See Middlesex County Superior docket case summary, Massachusetts State Court Docket for *Andre Bissasor v. Craig Donais*, Docket No. 2081CV00087, attached hereto as *Exhibit B*. The Middlesex matter was dismissed on August 2, 2021. *Exhibit B, Docket No. 22*. Plaintiff appealed. *Exhibit B, Docket No. 28*. On February 4, 2025, the Middlesex matter was closed after the unsuccessful appeal. *Exhibit B, p. 12*.

Plaintiff also filed a claim in the New Hampshire courts against Craig Donais and twenty-one other defendants on January 3, 2020. See Hillsborough Superior Court, Northern District, docket case summary, New Hampshire State Court Docket for *Natalie Anderson et al v. Hilton Hotels Worldwide, Inc.* et al, attached hereto as *Exhibit C*. This matter remains pending against Donais only. On August 6, 2025, Plaintiffs filed an amended complaint against Donais, after the Court dismissed the claims with a right to amend subject to certain conditions. See *Exhibit C, entries at Index ## 356 and #403*.

Plaintiff initiated the instant action a year after he dismissed the removed Bristol County action. See USDC, District of New Hampshire case summary, *Bisasor v. Donais et al*, 1:23-CV-00374-JL-TSM, attached hereto as *Exhibit D*, *entry at Doc. 234*.

**ARGUMENT**

I. **The Court Should Deny Plaintiff's Motion Because It Would Be Unfair To The Defendants To Stay This Case.**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Hewlett-Packard Co., Inc. v. Berg, 61 F.3d 101, 105 (1st Cir. 1995) (citing Landis v. North Amer. Co., 299 U.S. 248 (1936)). Plaintiff seeks a stay of all briefing and other deadlines until after a ruling on Plaintiff's Motion to Remand. The Donais Defendants object to a stay, given the more than five years of litigation between Bisasor against Donais, none of which have survived the motion to dismiss stage. See generally, *Exhibits A, B, C and D*. To grant a stay would be prejudicial to the Donais Defendants.

The Donais Defendants need to move forward to a resolution of Plaintiff's claims against them. The Donais Defendants are in the process of seeking a dismissal of the FAC, whether here or in state court (regardless of the outcome of Bisasor's Motion to Remand which should be denied). Any attempt by Plaintiff to say that the grant or denial of a remand somehow changes the course of this case, such that a stay is warranted, is without merit. It would be unfair and prejudicial to the Donais Defendants to enter a stay in this matter when all original defendants have filed a Motion to Dismiss, which should dispose of this action, and are prepared to respond to the FAC as well.

Plaintiff refers to the law of the case doctrine as compelling a stay. See *Doc. #21, ¶¶14-19*. It does not. This is a separate case, and an order in the *1:23-CV-00374* action does not control. Additionally, the procedural posture was somewhat different, as is clearly demonstrated by a review of the entire order, which provides as follows:

> ENDORSED ORDER: On November 30, 2023, the court held a case management conference. During the conference, the court addressed several pending motions and its intended approach in ruling on them. As discussed during the conference,

> plaintiff Andre Bisasor's motion to amend his complaint (doc. no. 83 ) is denied without prejudice to being refiled in a manner that complies with the court's local rules, e.g., LR 15.1, on or before January 18, 2024. The court granted Bisasor's request for the January 18 deadline because of his assurance that it gives him sufficient time given all his circumstances and the other deadlines he faces in this and other cases. As such, no further extensions will be provided. Because an accepted amended complaint would moot the pending motions to dismiss (doc. nos. 70 , 81 ), LR 15.1(c), further briefing on defendants' motions to dismiss and Bisasor's related motions to "declare choice of law" and to strike (doc. nos. 112 , 113 , 117 ) is stayed pending further order of the court. Bisasor's reply with respect to the motion to remand (doc. no. 84 ) is due on or before December 11, and Bisasor shall comply with the page limits set forth in LR 7.1(e)(1). With Bisasor's agreement, there will be no extensions to that deadline. Additionally, the parties agreed that given the court's focus on Bisasor's motion to remand and his forthcoming motion to amend, no further motions will be filed except, to the extent necessary, a motion for jurisdictional discovery related to the pending motion to remand, which is due on or before December 11.
> The court addressed Bisasor's motion to clarify (doc. no. 82 ) during the conference, so that motion is granted in that the court explained the matter to Bisasor. The motion is otherwise denied. Bisasor's motion for reasonable accommodation (doc. no. 109 ) is denied without prejudice. The accommodation Bisasor identified in the hearing, a standing extension of the court's filing deadlines, is not appropriate, but the court will consider reasonable extensions on a case-by-case basis when circumstances warrant, as it has done throughout this matter. Bisasor's motion to exceed the page limits (doc. no. 114 ) for his objection to the Donais defendants' motion to dismiss is denied as stated on the record. Bisasor's motion to stay briefing deadlines (doc. no. 111 ) is granted to the extent stated in this order and otherwise denied. Bisasor's motion to confirm the time allotted and agenda for the case management conference (doc. no. 131) is denied as moot.
> So Ordered by Magistrate Judge Talesha L. Saint-Marc.(ko) (Entered: 12/01/2023)

*Ex. D, entry at 12/1/2023*.

Plaintiff also argues that adding a new plaintiff warrants a stay. Again, it does not. While Plaintiff's spouse, *Doc. 13,* § 40 signed the filed amended complaint, *Doc. 13, p. 82*, her addition in no way warrants a stay.

Next, Plaintiff argues that a parallel state court proceeding will be unnecessarily duplicated. First, Plaintiff also has filed a motion to stay in that proceeding. See *Doc. 21, Ex. 5, p. 89, entry for Index #398*. Also, if this litigation does address "similar issues" as in the instant case, then there is an issue of improper claim splitting. In short, Plaintiff put himself into a position of having

4

multiple matters being litigated in different courts.  He cannot ask this Court to await a decision in another court so that he might then have a second bite of the apple in this court.  This would be prejudicial to the Donais Defendants.

Finally, contrary to Plaintiff's allegations, the Donais Defendants would be prejudiced from any delay in this action given the years' long multiple vexatious litigations by Plaintiff.

## CONCLUSION

For all the foregoing reasons, Craig S. Donais, Mary K. Donais and Donais Law Offices PLLC, respectfully request that this Court deny the Plaintiff's Emergency Motion to Stay Briefing and Filing of Motion to Dismiss Pending Decision on Remand.

    Respectfully submitted,

    FOR THE DEFENDANTS,
    CRAIG DONAIS, DONAIS LAW OFFICES
    PLLC and MARY K. DONAIS

Date: August 22, 2025        */s/ Linda M. Smith*
    Edwin F. Landers, Jr., #17297
    elanders@morrisonmahoney.com
    Linda M. Smith, #265038
    lsmith@morrisonmahoney.com
    Center of New Hampshire Office Tower
    650 Elm Street, Suite 201
    Manchester, NH 03101
    (603) 622-3400

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was this day forwarded to all counsel via the Court's ECF system.

| | |
|---|---|
| Andre Bisasor, Pro Se<br>101 Middlesex Turnpike, #270<br>Burlington, MA 01801<br>quickquantum@aol.com | Daniel R. Sonneborn, Esq.<br>Preti Flaherty<br>60 State Street, Suite 1100<br>Boston, MA 02109<br>wsaturley@preti.com<br>dsonneborn@preti.com |
| Natalie Anderson, Pro Se<br>101 Middlesex Turnpike, #270<br>Burlington, MA 01801<br>liberty_6@msn.com | |

Date:   August 22, 2025                                */s/ Linda M. Smith*
                                                                          Linda M. Smith