# Exhibit B

## 2081CV00087 Bissasor, Andre vs. Donais, Craig

- Case Type:
- Torts
- Case Status:
- Closed
- File Date
- 01/10/2020
- DCM Track:
- A - Average
- Initiating Action:
- Defamation
- Status Date:
- 08/02/2021
- Case Judge:
-
- Next Event:
-

All Information | Party | Event | Tickler | Docket | Disposition

### Party Information

**Bissasor, Andre**
**- Plaintiff**

| Alias | Party Attorney |
|-------|----------------|
|       | - Attorney |
|       | - Pro Se |
|       | - Bar Code |
|       | - PROPER |
|       | - Address |
|       | - Phone Number |

**More Party Information**

**Donais, Craig**
**- Defendant**

| Alias | Party Attorney |
|-------|----------------|

**More Party Information**

### Events

| Date | Session | Location | Type | Event Judge | Result |
|------|---------|----------|------|-------------|--------|
| 03/05/2020 02:00 PM | Civil L2 CR16 | Courtroom 710 | 1 Trial Hearing | | Rescheduled |
| 03/25/2020 02:00 PM | Civil L2 CR16 | Courtroom 710 | 1 Trial Hearing | | Rescheduled-Covid-19 emergency |
| 07/15/2020 02:00 PM | Civil L2 CR16 | Courtroom 710 | 1 Trial Hearing | | Rescheduled |
| 09/22/2020 03:30 PM | Civil L2 CR16 | Courtroom 710 | 1 Trial Hearing | | Rescheduled |
| 10/16/2020 12:00 PM | Civil L2 CR16 | Courtroom 710 | 1 Trial Hearing | | Rescheduled |
| 11/13/2020 10:30 AM | Civil L2 CR16 | Courtroom 710 | 1 Trial Hearing | | Held as Scheduled |
| 11/30/2021 02:00 PM | Civil L2 CR16 | | Status Review | Sarrouf, Camille | Held as Scheduled |

### Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---------|-----------|----------|----------|----------------|
| Service | 01/10/2020 | 04/09/2020 | 90 | 02/23/2021 |
| Answer | 01/09/2020 | 05/08/2020 | 120 | 02/23/2021 |

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Rule 12/19/20 Served By | 01/09/2020 | 05/08/2020 | 120 | 02/23/2021 |
| Rule 12/19/20 Filed By | 01/09/2020 | 06/08/2020 | 151 | 02/23/2021 |
| Rule 12/19/20 Heard By | 01/09/2020 | 07/07/2020 | 180 | 02/23/2021 |
| Rule 15 Served By | 01/09/2020 | 03/04/2021 | 420 | 02/23/2021 |
| Rule 15 Filed By | 01/09/2020 | 04/05/2021 | 452 | 02/23/2021 |
| Rule 15 Heard By | 01/09/2020 | 04/05/2021 | 452 | 02/23/2021 |
| Discovery | 01/09/2020 | 12/29/2021 | 720 | 02/23/2021 |
| Rule 56 Served By | 01/09/2020 | 01/28/2022 | 750 | 02/23/2021 |
| Rule 56 Filed By | 01/09/2020 | 02/28/2022 | 781 | 02/23/2021 |
| Final Pre-Trial Conference | 01/09/2020 | 06/27/2022 | 900 | 02/23/2021 |
| Judgment | 01/09/2020 | 01/09/2023 | 1096 | 02/23/2021 |
| 1 Trial entry of dismissal NISI | 01/30/2020 | 02/13/2020 | 14 | 03/23/2020 |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 01/10/2020 | Case assigned to: DCM Track A - Average was added on 01/10/2020 | | |
| 01/10/2020 | Complaint electronically filed. | 1 | Image |
| 01/10/2020 | Civil action cover sheet filed. | 2 | Image |
| 01/10/2020 | Affidavit of Indigency and request for waiver substitution of state payment of fees and costs filed without Supplemental affidavit | 3 | Image |
| 01/30/2020 | One Trial entry of dismissal nisi S.J.C. "Order Regarding Amount in Controversy". ORDER: After review of the complaint and the civil cover sheet which only stated under "Statement of Damages" that "*claims for damages exceed $25,000*," the court preliminarily finds that plaintiff has failed to make sufficient pleading regarding the amount necessary to proceed in the superior court. Judge: Freniere, Hon Diane | 4 | Image |
| 02/12/2020 | Plaintiff Andre Bissasor's Request for hearing and response concerning damages amount/order on dismissal nisi. | 5 | Image |
| 02/24/2020 | The following form was generated: Notice to Appear Sent On: 02/24/2020 09:06:30 | | |
| 02/24/2020 | ORDER: NOTIFICATION OF HEARING FOLLOWING REQUEST ON ISSUE OF DISMISSAL FOR WANT OF PROCEDURAL AMOUNT This hearing is scheduled after the court's receipt of plaintiff's timely request for a hearing on the issue of dismissal for want of procedural amount. Plaintiff will serve a copy of this notice on all parties to this action no less than 7 days prior to the scheduled hearing. An affidavit of notification must be filed with the court no later than the date of the hearing. The affidavit will state: (1) to whom notification was made; (2) date and manner of notification; and (3) address to which notification was made. Judge: Freniere, Hon Diane | 6 | Image |
| 02/26/2020 | Plaintiff Andre Bissasor's Request for continuance of hearing and request for adjusted time to serve notice of hearing on Defendant | 7 | Image |
| 02/27/2020 | Endorsement on Request for Continuance of Hearing and Request for Adjusted Time to Serve Notice of Hearing on Defendant (#7,0): ALLOWED The clerk shall reset the service deadlines consistent with hearing on this matter which will be rescheduled for March 25, 2020 at 2 pm. Judge: Freniere, Hon Diane | | Image |
| 02/27/2020 | Event Result:: 1 Trial Hearing scheduled on: 03/05/2020 02:00 PM Has been: Rescheduled    For the following reason: Request of Plaintiff Hon Diane Freniere, Presiding Staff: Beatriz E Van Meek, Assistant Clerk Magistrate | | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 02/27/2020 | The following form was generated:<br><br>Notice to Appear<br>Sent On: 02/27/2020 14:45:49 | | |
| 03/18/2020 | Plaintiff Andre Bissasor's EMERGENCY Request for Continuance of Hearing Due to COVID-19 | 8 | <br>Image |
| 03/23/2020 | Court orders rescheduling due to State of Emergency surrounding the Covid-19 virus.: 1 Trial Hearing scheduled on:<br>    03/25/2020 02:00 PM<br>Has been: Rescheduled-Covid-19 emergency<br>Hon Diane Freniere, Presiding<br>Staff:<br>    Beatriz E Van Meek, Assistant Clerk Magistrate | | |
| 03/23/2020 | Endorsement on Motion to continue / reschedule an event Hearing of 3/25/2020 (dismissed for failure to meet jurisdictional amount) (#8.0): ALLOWED<br>the request for continuance. A new date to be determined after April 21, 2020 or as soon as practicable in accordance with SJC & Superior Court Orders. | | <br>Image |
| 04/01/2020 | The following form was generated:<br>A Notice to Appear was generated and sent to:<br>Plaintiff: Andre Bissasor<br>Defendant: Craig Donais | | |
| 06/29/2020 | The following form was generated:<br><br>Notice to Appear<br>Sent On: 06/29/2020 10:31:44 | | |
| 07/07/2020 | Plaintiff Andre Bissasor's EMERGENCY Request for continuance of hearing due to covid-19. | 9 | <br>Image |
| 07/10/2020 | Event Result:: 1 Trial Hearing scheduled on:<br>    07/15/2020 02:00 PM<br>Has been: Rescheduled     For the following reason: Request of Plaintiff<br>Hon Diane Freniere, Presiding<br>Staff:<br>    Beatriz E Van Meek, Assistant Clerk Magistrate | | |
| 07/10/2020 | Endorsement on Motion to continue / reschedule an event Hearing regarding jurisdictional amount (#9.0): ALLOWED<br>By 9/15/2020, plaintiff must submit an affidavit that provides the court with all information he deems relevant to the jurisdictional determination. Balancing the parties' interests, plaintiff is required to appear by Zoom on 9/22/2020 to be heard. Failure to appear will result in dismissal without prejudice. Plaintiff must provide the asst. clerk with his email in order for a Zoom invite to be sent. The clerk's email is beatriz.van-meek@jud.state.ma.us and must be provided by 9/1/20.<br><br>Judge: Freniere, Hon Diane | | <br>Image |
| 09/16/2020 | Event Result:: 1 Trial Hearing scheduled on:<br>    09/22/2020 03:30 PM<br>Has been: Rescheduled     For the following reason: Request of Plaintiff<br>Hon Diane Freniere, Presiding<br>Staff:<br>    Beatriz E Van Meek, Assistant Clerk Magistrate | | |
| 09/16/2020 | The following form was generated:<br><br>Notice to Appear<br>Sent On: 09/16/2020 11:47:33<br>Notice Sent To: Andre Bissasor 119 Drum Hill Rd #233, Chelmsford, MA 01824<br>Notice Sent To: Craig Donais 444 Willow St, Manchester, NH 03101 | | |
| 09/17/2020 | The following form was generated:<br><br>Notice to Appear<br>Sent On: 09/17/2020 16:36:47<br>Notice Sent To: Andre Bissasor 119 Drum Hill Rd #233, Chelmsford, MA 01824<br>Notice Sent To: Craig Donais 444 Willow St, Manchester, NH 03101 | | |
| 10/14/2020 | Plaintiff Andre Bissasor's Motion to Continue Hearing | 10 | <br>Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|

| 10/14/2020 | Event Result:: 1 Trial Hearing scheduled on:<br>      10/16/2020 12:00 PM<br>Has been: Rescheduled      For the following reason: Request of Plaintiff<br>Hon. Christopher K Barry-Smith, Presiding<br>Staff:<br>      Beatriz E Van Meek, Assistant Clerk Magistrate | | |
| 10/14/2020 | The following form was generated:<br><br>Notice to Appear<br>Sent On: 10/14/2020 14:41:16<br>Notice Sent To: Andre Bissasor 119 Drum Hill Rd #233, Chelmsford, MA 01824<br>Notice Sent To: Craig Donais 444 Willow St, Manchester, NH 03101 | | |
| 10/14/2020 | Endorsement on Motion to continue / reschedule an event Hearing (#10.0): ALLOWED<br>Based on plt's representation that he is undergoing medical treatment to address medical issues, which presumably, prevent him from attending the hearing he requested to revisit the Court's "preliminary" finding that plaintiff has failed to make sufficient pleading regarding the amount necessary to proceed in superior court, this Friday's hearing (10/16/2020) is continued to November. While the Court has scheduled this matter twice before as a result of the COVID emergency, plt has requested continuances 2 prior times. No further continuances will be ALLOWED. The November date will be a firm date. The complaint was filed nearly a year ago. The plt is reminded that he must comply with the Order issued by the Court on 2/24/2020 @ P#6. | | Image |
| 11/12/2020 | Affidavit<br><br>PLAINTIFF'S AFFIDAVIT CONCERNING DAMAGES AMOUNT FOR CRAIG DONAIS CASE | 11 | Image |
| 11/12/2020 | Affidavit<br><br>PLAINTIFF'S AFFIDAVIT OF NOTIFICATION | 12 | Image |
| 11/13/2020 | Event Result:: 1 Trial Hearing scheduled on:<br>      11/13/2020 10:30 AM<br>Has been: Held as Scheduled<br>Hon. Christopher K Barry-Smith, Presiding<br>Staff:<br>      Beatriz E Van Meek, Assistant Clerk Magistrate | | |
| 11/19/2020 | Endorsement on Submission of Affidavit Concerning Damages Amount for Craig Donais Case (#11.0):<br>Other action taken<br>See order on page 14:<br><br>Because plaintiff identified damages of $25,000 on his civil action cover sheet, after notice a hearing was held on 11/13/2020 concerning whether plaintiff satisfied the jurisdictional amount requirements of Superior Court. Although I am skeptical of the damages explanations advanced by plaintiff in his affidavit and at hearing, given the limited circulation of the allegedly defamatory statements at issue, at this juncture, I am restrained to accept as true the complaint's allegations and not assess deeply the merits of the case. Given the uncertainty inherent in gauging the value of reputational harm and defamation damages, plaintiff has alleged facts that conceivably could result in jurisdictional amount being satisfied. For these reasons, the case will remain in Superior Court. | | Image |
| 02/23/2021 | JUDGMENT OF DISMISSAL (1-88) entered, service not completed for any party by deadline review.<br><br>Judge: White, Jr., Hon. William M | 13 | Image |
| 02/23/2021 | Document:<br>A Judgment of Dismissal 1-88 was generated and sent to:<br>Plaintiff: Andre Bissasor 119 Drum Hill Rd #233, Chelmsford, MA 01824<br>Defendant: Craig Donais 444 Willow St, Manchester, NH 03101 | | |
| 03/23/2021 | Self-Represented Plaintiff Andre Bissasor's Motion to<br>Extend Time to File a Notice of Appeal and/or other Alternative Relief | 14 | Image |
| 03/25/2021 | Docket Note: Letter sent to Plaintiff in response to e-mail | | |
| 03/29/2021 | MEMORANDUM & ORDER:<br><br>MEMORANDUM & ORDER:<br><br>MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION TO VACATE DISMISSAL PURSUANT TO STANDING ORDER 1-88<br><br>  Plaintiff Andre Bisasor pro se ("Biasosor") filed this Complaint in the Superior Court on January 9, 2020. At the time the complaint was filed, a tracking order issued that contained the various deadlines established for the different stages of litigation.<br><br>  In docket paper #14, Biasasor's motion to extend time to file a notice of appeal, and/or other alternative relief, he seeks to vacate the dismissal entered pursuant to the Sixth Amended Standing Order 1-88 relating to time standards. Notwithstanding Biasasor's claims that others failed to notify him of deadlines, | 15 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | the choice to proceed with a civil action belongs to Biasasor as it would with any civil litigant. It is the responsibility of each litigant to be aware of the deadlines in his/her case and to accomplish the goals for each stage. The tracking order sets forth the court's expectation for each stage. Dates for when particular filings are due on the face of the tracking order. No special favor is conveyed on any party. If there is an extended period of inactivity, the matter may be dismissed based on time standards. | | |
| | That Biasasor may have appeared in court in November 2020 is not dispositive of the tracking order's requirements. As he was aware of the tracking order deadlines, Biasasor was on notice as to when the various deadlines would expire or had expired. it was incumbent on him to seek an extension of the tracking order deadlines as it now is. | | |
| | Accordingly, the motion to vacate dismissal is ALLOWED | | |
| | ORDER | | |
| | For the foregoing reasons, the motion to vacate dismissal is ALLOWED. The court further Orders Plaintiff to file a motion to extend the tracking order on or before April 16, 2021. Failure to file a motion to extend the tracking order, without good cause, may result in dismissal of this action. | | |
| | William M. White, Jr. Justice of the Superior Court | | |
| | Judge: White, Jr., Hon. William M | | |
| 04/15/2021 | Plaintiff Andre Bissasor's Motion to extend tracking order pursuant to the court's 3-29-21 | 16 | Image |
| 04/22/2021 | Endorsement on Motion to extend tracking deadline(s) (#16.0): Other action taken EXPANDED ENDORSEMENT on plaintiff's motion to extend tracking order.  The Motion is ALLOWED in part and insofar as the deadlines are identified herein: | | Image |
| | -Service of process upon named defendant      July 16, 2021 | | |
| | -Answer      August 23, 2021 | | |
| | -Rule 12 motion served by      August 27, 2021 | | |
| | -Rule 12 package filed with the court by      September 28, 2021 | | |
| | -Rule 15 motion served by      April 15, 2022 | | |
| | -Rule 15 package filed with the Court by      May 16, 2022 | | |
| | -Discovery to be completed by      May 31, 2022 | | |
| | -Rule 56 motion served by      July 1, 2022 | | |
| | -Rule 56 package filed with the Court by      August 1, 2022 | | |
| | -Final Pre-Trial Confernce to be scheduled by      October 28, 2022 | | |
| | -Final Trial Conference and Trial Date to be determined. | | |
| | So ORDERED Dated 4/21/21 | | |
| | Judge: Sarrouf, Camille | | |
| 07/08/2021 | Plaintiff Andre Bissasor's Motion to Extend Time To Serve Process On The Defendant Due To Settlement Reached | 17 | Image |
| 07/12/2021 | Endorsement on Motion to extend time to serve process (#17.0): DENIED After review the order or April 21, 2021 remains in effect. | | Image |
| | Judge: Sarrouf, Camille | | |
| 07/15/2021 | Plaintiff Andre Bissasor's EMERGENCY Motion to Reconsider The Court's 7-12-21 Order On Motion To Extend Time To Serve Process on The Defendant Due To Settlement Reached | 18 | Image |
| 07/15/2021 | Plaintiff Andre Bissasor's EMERGENCY Motion to Impound Settlement Communications | 19 | Image |
| 07/16/2021 | Plaintiff Andre Bissasor's EMERGENCY Motion to temporarily relieve or stay today's deadline to serve process until Judge Sarrouf returns on Monday | 20 | Image |
| 07/16/2021 | Endorsement on Motion to Temporarily relieve or stay today's deadline to serve process until Judge Saffouf returns on Monday.  After review, motion is (#20.0): DENIED Plaintiff's paper #18 is docketed and pending.  (Endorsed by Judge Buxton and Plaintiff notified by phone and email on 7/16/20) | | Image |
| 07/16/2021 | Plaintiff Andre Bissasor's Motion to Judge Sarrouf To Temporarily Relieve or Stay The 7-16-21 Deadline To Serve Process On The Defendant Until Judge Sarrouf Returns On Monday In Light Of Judge Sarrouf's Absence From Session | 21 | Image |
| 07/19/2021 | Endorsement on Motion to Reconsider The Court's 7-12-21 Order On Motion To Extend Time To Serve Process On The Defendant Due To Settlement Reached (#18.0): DENIED Case was filed with the court on January 10, 2020.  After multiple extensions the decision of 7.12.21 stands as no valid or justifiable reason has been forwarded to reconsider. | | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 07/19/2021 | Endorsement on Motion to Impound Settlement Communications (#19.0): DENIED without prejudice. If any matter, paper, document or agreement is to come before the court a hearing would be held to determine whether impoundment is appropriate.<br><br>Judge: Sarrouf, Camille | | Image |
| 07/19/2021 | Endorsement on Motion to Judge Sarrouf To Temporarily Relieve Or Stay The 7-16-21 Deadline To Serve Process On The Defendant Until Judge Sarouf Returns On Monday In Light Of Judge Sarouf's Absence From Session (#20.0): DENIED<br>In light of the July 12, 2021 order and denial of the motion for reconsideration (Paper #18), the motion is denied. | | Image |
| 08/02/2021 | JUDGMENT OF DISMISSAL (1-88) entered, service not completed for any party by deadline review.<br><br>Judge: Sarrouf, Camille | 22 | Image |
| 08/02/2021 | Document:<br><br>Judgment of Dismissal 1-88<br>Sent On: 08/02/2021 11:06:27<br>Notice Sent To:  Andre Bissasor 119 Drum Hill Rd #233, Chelmsford, MA 01824 | | |
| 08/23/2021 | Affidavit<br><br>of Service and Motion to Vacate 1-88 Dismissal<br><br>Applies To: Bissasor, Andre (Plaintiff) | 23 | Image |
| 08/23/2021 | Affidavit<br><br>of Service and Motion to Vacate 1-88 Dismissal (Amended)<br><br>Applies To: Bissasor, Andre (Plaintiff) | 24 | Image |
| 08/23/2021 | Plaintiff Andre Bissasor's Notice to<br>withdrawall of the prior two filings of the affidavit of service and motion to vacate 1-88 dismissal | 25 | Image |
| 08/23/2021 | Affidavit<br><br>of service and motion to vacate 1-88 dismissal  ( second amended ) | 26 | Image |
| 08/26/2021 | Endorsement on Motion to Vacate 1-88 Dismissal (#26.0): DENIED<br>For the reasons previously stated in setting the deadlines for service of process the motion/request made by the plaintiff is Denied. Dated 8/24/21<br><br>Judge: Sarrouf, Camille | | Image |
| 08/27/2021 | Plaintiff Andre Bissasor's EMERGENCY Motion for<br>Clarification and request for Findings of Fact and Rulings of Law | 27 | Image |
| 08/27/2021 | Plaintiff Andre Bissasor's EMERGENCY Request for<br>Hearing | 27.1 | Image |
| 08/31/2021 | Endorsement on Motion for Clarification And Request For Findings Of Fact And Rulings Of Law (#27.0): DENIED<br><br>Judge: Sarrouf, Camille | | Image |
| 09/01/2021 | Notice of docket entry received from Appeals Court<br>NOTICE OF DOCKET ENTRY: Please take note that, with respect to the Motion to file late notice of appeal filed by Andre Bissasor, (Paper #1), on September 1, 2021 | 28 | Image |
| 09/01/2021 | Notice of docket entry received from Appeals Court<br>NOTICE OF DOCKET ENTRY: Please take note that, with respect to the Motion to Waive entry fee (IMPOUNDED) filed by Andre Bissasor. The Motion to Waive entry fee is allowed conditionally, subject to review and further order. See G.L. c. 261, s. 27C(1)(2)(& (3). (Paper #4), on September 2, 2021, the following order was entered on the docket of the above-referenced case: | 29 | Image |
| 09/01/2021 | Notice of docket entry received from Appeals Court<br>NOTICE OF DOCKET ENTRY: Please take note that on September 1, 2021, the above referenced matter has been entered on the single justice docket of the Appeals Court. | 30 | Image |
| 09/01/2021 | NOTICE OF APPEAL:  I, the plaintiff, hereby file this notice of appeal of a decision entered on 8/2/2021 by Judge Camille Sarrouf of the Middlesex Superior Court of Massachusetts wherein he entered a judgment of dismissal for lack of service, which was erroneously entered, as follows:<br><br>Applies To: Bissasor, Andre (Plaintiff) | 31 | Image |
| 10/05/2021 | Notice of docket entry received from Appeals Court<br>NOTICE OF DOCKET ENTRY: Please take note that, respect to the Status report filed by Andre Bissasor. (Paper #7), on October 5, 2021, the following order was entered on the docket of the above-referenced | 32 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | case: RE#7: Appellate proceedings stayed to 11/04/2021. Status report due then as to the filing and disposition of the motion for reconsideration. | | |
| 10/07/2021 | Notice of assembly of record sent to Counsel | 33 | |
| 10/07/2021 | Notice to Clerk of the Appeals Court of Assembly of Record | 34 | Image |
| 10/07/2021 | Appeal: Statement of the Case on Appeal (Cover Sheet). | 35 | Image |
| 10/21/2021 | Notice of docket entry received from Appeals Court NOTICE OF DOCKET ENTRY: Please take note that on October 21, 2021, the above referenced matter has been entered on the single justice docket of the Appeals Court. | 36 | Image |
| 10/21/2021 | Notice of docket entry received from Appeals Court ORDER (RE#1): Treating the within as a motion seeking leave to late docket the appeal that the petitioner represents he received the notice of assembly on 10/12/21 from the trial court, no action is necessary as the 14-day deadline for docketing the appeal under Mass. R. A. P. 10 has not expired yet. To the extent the petitioner wants to pursue the appeal, he is to proceed by paying the entry fee, or filing a motion to waive supported by a current affidavit of indigency, and a civil appeal entry form on or before 10/26/21. To the extent the petitioner seeks leave to delay docketing that appeal because he is not ready to proceed to briefing the matter, that request for relief is denied. The proper course is for the petitioner to docket the appeal timely and then file a motion to stay the appeal, to the extent necessary, following the entry of the appeal in the Appeals Court. (Blake, J.) Notice/attest | 36.1 | |
| 10/21/2021 | Affidavit of Indigency and request for waiver substitution of state payment of fees and costs filed without Supplemental affidavit (IMPOUNDED) | 37 | Image |
| 10/26/2021 | Plaintiff Andre Bissasor's EMERGENCY Motion and Affidavit for the Recusal of Judge Camille Sarrouf | 38 | Image |
| 10/26/2021 | Plaintiff Andre Bissasor's Notice of "Letter of Request to Chief Justice of the Trial Court" | 39 | Image |
| 10/27/2021 | Plaintiff Andre Bissasor's Motion for Reconsideration | 40 | Image |
| 10/27/2021 | Exhibits/Appendix | 40.1 | |
| 10/28/2021 | Appeal entered in Appeals Court on 10/26/2021 docket number A.C. No. 2021-P-0960 | 41 | Image |
| 10/28/2021 | Endorsement on Application (P#37 - Affidavit of Indigency) - The transcript sought, for a hearing on the jurisdictional amount which the plaintiff prevailed on does not appear to have any significance for the present Appeal and therefore is DENIED without prejudice for a showing how that hearing is relevant. Judge: Sarrouf, Camille (IMPOUNDED) | | |
| 10/28/2021 | Endorsement on Motion for recusal of Judge Camille Sarrouf (#38.0): DENIED After review DENIED. There being no legal or rational basis for the requested relief. Judge: Sarrouf, Camille | | Image |
| 10/28/2021 | Endorsement on Motion for reconsideration of the Court's 8/26/21 denial of Plaintiff's motion to vacate 1-88 dismissal and the Court's 8/27/21 denial of Plaintiff's motion for clarification (#40.0): DENIED After review of the full docket for this case initially filed in January 2020, and my initial Order of 4-22-21 and Plaintiff's failure to adhere to the deadlines set, the Motion is DENIED. Judge: Sarrouf, Camille | | Image |
| 10/29/2021 | Plaintiff Andre Bissasor's Motion for Clarification of the Court's 10-28-21 Denial of Plaintiffs Motion for Reconsideration of Vacatur of 1-88 Dismissal | 42 | Image |
| 11/01/2021 | Endorsement on Motion for Clarification of the Court's 10-28-21 Denial of Plaintiffs Motion for Reconsideration of Vacatur of 1-88 Dismissal (#42.0): Other action taken The Order setting deadlines was unambiguous. Service of process was not effectuated by the date provided. The case was dismissed and is now under appeal. Judge: Sarrouf, Camille | | Image |
| 11/04/2021 | Plaintiff Andre Bissasor's Notice of Appeal Pursuant to G.L.c 261, 27D Relating to the Court's 10-28-21 Denial Request for Waiver of Costs | 43 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 11/08/2021 | Plaintiff Andre Bissasor's Motion for clarification and/or reconsideration of the Court's 10-28-21 denial of plaintiff's motion for recusal of Judge Camille Sarrouf | 44 | Image |
| 11/16/2021 | Endorsement on Motion for clarification and/or reconsideration of the Court's 10-28-21 denial of plaintiff's motion for recusal of Judge Camille Sarrouf (#44,0): Other action taken<br>The case has been DISMISSED. Filing and refiling motions seeking clarification and/or reconsideration of an unambiguous ruling is not warranted especially while the matter is on appeal. Therefore, again, DENIED.<br><br>Judge: Sarrouf, Camille | | Image |
| 11/17/2021 | Notice of docket entry received from Appeals Court<br>NOTICE OF DOCKET ENTRY: Please take note that, with respect to the Motion of Appellant to stay appellate proceedings filed by Andre Bissasor. (Paper #5), on November 16, 2021, the following order was entered on the docket: RE#5: The plaintiff has filed a motion to stay appellate proceedings for several reasons including his appeal from an order entered by a judge of the Middlesex Superior Court | 45 | Image |
| 11/17/2021 | Notice of docket entry received from Appeals Court<br>NOTICE OF DOCKET ENTRY: Please take note that, with respect to the Motion of Appellant to stay appellate proceedings filed by Andre Bissasor. (Paper #1), on November 16, 2021, the following order was entered on the docket: RE#1: It has come to the court's attention that on 9/1/2021 | 46 | Image |
| 11/17/2021 | The following form was generated:<br><br>Notice to Appear<br>Sent On: 11/17/2021 10:30:51<br>Notice Sent To: Andre Bissasor 679 Washington Street #8-206, Attleboro, MA 02703 | | |
| 11/17/2021 | The following form was generated:<br><br>Notice to Appear<br>Sent On: 11/17/2021 10:31:37<br>Notice Sent To: Andre Bissasor 679 Washington Street #8-206, Attleboro, MA 02703<br>    Plaintiff to appear in person or via Zoom. Zoom info included in Notice  ID: 161 414 2061  Passcode: 134547 | | |
| 11/17/2021 | Notice of docket entry received from Appeals Court<br>NOTICE OF DOCKET ENTRY: Please take note that, with respect to the Petition pursuant to G.L. c. 231, s. 118 filed by Andre Bissasor. (Paper #5), on November 16, 2021 | 47 | Image |
| 11/29/2021 | Second Notice of Appeal<br><br>Applies To: Bissasor, Andre (Plaintiff) | 48 | Image |
| 11/30/2021 | Event Result::  Status Review scheduled on:<br>    11/30/2021 02:00 PM<br>Has been: Held as Scheduled<br>Camille Sarrouf, Presiding<br>Appeared:<br>    Plaintiff    Andre Bissasor<br><br>Staff:<br>    Matthew Day, Assistant Clerk Magistrate<br>    Douglas Nagengast, Assistant Clerk Magistrate | | |
| 12/01/2021 | Affidavit of Indigency and request for waiver substitution of state payment of fees and costs filed without Supplemental affidavit<br>(IMPOUNDED) | 49 | |
| 12/01/2021 | Endorsement on Application<br><br>(Affidavit of Indigency - P#49) - ALLOWED. For purposes of hearing and findings for Plaintiff's Appeal. (IMPOUNDED)<br><br>Judge: Sarrouf, Camille | | |
| 12/02/2021 | Notice of docket entry received from Appeals Court<br>NOTICE OF DOCKET ENTRY: Please take note that on December 1, 2021, the following entry was made on the docket of the above-reference case: ORDER RE#10: The order of 11/16/21 on #5 is to stand. Plaintiff's request for leave to file a motion for state payment of costs of the transcript of the G.L. c. 261, s. 27C hearing scheduled for 11/30/21, is denied without prejudice to renewal after entry of an order on the motion for funds pursuant to G.L. c 261, s. 27B, form which plaintiff is entitled to appeal. | 50 | Image |
| 12/07/2021 | Endorsement on Application<br><br>EXPANDED ENDORSEMENT on plaintiff's request for waiver of fees for transcript of hearings, a motion for recusal, and oral motions for further impoundment and disclosure of ex-parte communications pursuant to SJC Rule 2.9. After due consideration and review the following Orders are issued relative to the plaintiff, Andre Bissasor's ("Andre"), requests for relief: | 51 | |

| Docket Date | Docket Text | File Ref Nbr. | *Image Avail.* |
|---|---|---|---|

Pursuant to G.L. c.261 §27B and 27C a hearing was held on November 30, 2021, via Zoom , to determine whether the transcript sought by the plaintiff, Andre Bissasor ("Andre") was reasonably necessary to allow for the prosecution of his appeal of the dismissal of his action by this Court. After initially, and without hearing, denying Andre's request I find, for the reasons stated by him, including but not limited to the statement of his claim, the manner in which he felt he was actively prosecuting his claim against the defendant and thereafter stating the desire/need for the transcript, Andre has met his burden and therefore the Affidavit of Indigency is accepted and the transcript fee is hereby waived related to the November 13, 2020 hearing. The request on Paper #37 is therefore ALLOWED.

Andre further seeks to have this Court (Sarrouf, J.) recused from hearing and/or ruling on matters associated with this action for: 1) racial bias; 2) issues/concerns I personally knew/know the defendant; 3) alleged ex-parte communications with the defendant; and 4) no legal or rational basis for the Court's ruling(s). A hearing was held on November 30, 2021 to address each allegation allowing Andre to express and/or detail the issues he raised. After hearing and consideration, as detailed below, I find the issues to be premised upon, simply and/or seemingly, mere conjecture, conspiracy theories and/or biased assumptions. The following are discussion and rulings on each allegation:

Racial bias. Andre asserts, wrongfully, that premised upon the illegal and irrational decision reached following his failure to adhere to the Order I issued on April 21, 2021, that racial bias and/or implicit bias played a/any part in my ruling(s). Having never met or encountered Andre it was assumed, by him, that I had read the complaint prior to issuing a decision in his case and knew he was a person of color. I did not and had not assumed anything related to his case other than knowledge he was a pro se litigant and, again, seeking additional time to effectuate service of process upon the defendant (contemplated to be up to 18 months pursuant to the Order). Therefore, prior to dismissal of his action the only ruling was that of the extension to effectuate the service of his complaint (filed January 9, 2020), which was Allowed on April 17, 2021 (Paper #17) . I find the suspicions and conclusions reached related to bias/implicit bias to be baseless and without merit;

Issues/Concerns of a personal relationship with defendant. Andre alleges I knew/know the defendant based upon an allegation defendant and I attended the same law school  during the 1990's. During the hearing I indicated I had never met nor did/do I know the defendant. A concern was then raised relative the April 17, 2021 ruling in which the defendant was given an extended period of time to answer the complaint when/if served which seemingly bolstered plaintiff's suspicion. That as well was explained as a usual ruling for those who would be served and in receipt of delayed pleadings. I find the suspicions and conclusions reached by Andre to be baseless and without merit; and

Ex-parte communications with defendant. Andre demanded an investigation, pursuant to SJC Rule 2.9, be undertaken with regard to ex-parte communications by defendant with the session clerk, clerk's office and/or me. After discussion and review of Canon 2, I found no basis for Andre's claim of impropriety. At no time, as mentioned during the hearing, had any word or information reached me or my lobby regarding communication with the named defendant. The only ex-parte communications I was aware of where those of Andre and such never were considered in any decision reached by me. I explained the Rule 9A process utilized in Middlesex/Lowell and concluded examination or investigation into ex-parte communication(s), or allegations thereof, would not be relevant as none were ever relayed, intimated and/or discovered by me. Again, I reiterated that I had allowed Andre's motion in April and set deadlines based upon the lengthy (then likely to be 18 moths) delay in effectuating service of process. I find the suspicions and conclusions reached, premised upon ex-parte communications in allowing Andre's motion in April 2021, to be baseless and without merit.

Therefore, for the reasons stated herein Andre's motion for recusal is DENIED.

Andre, orally, seeks, pursuant to G.L. c.261 §27B and 27C, a motion to impound the present hearing and additionally seeks waiver of fees in the expected ordering of a transcript. At the beginning of the hearing Andre sought to remove the named defendant, Craig Donais, from the Zoom hearing. Mr. Donais was informed and indeed removed as he is not a party to the action, having never been served, and therefore his removal and grant of Andre's oral motion is ALLOWED  as a continuation, per se, of the prior ruling/approval based upon the subject matter(s) being discussed. After hearing I find, for the reasons stated by Andre, including but not limited to his statement of claims, the manner in which he felt he was still attempting to actively prosecute his claim against the defendant and thereafter stating the desire/need for the transcript, that Andre has met his burden therefore the Affidavit of Indigency is accepted and the transcript fee is hereby waived related to the November 30, 2021 hearing.

SO ORDERED.

Judge: Sarrouf, Camille

(see scanned image for additional footnotes)

| 02/01/2022 | CD of Transcript of 11/13/2020 10:30 AM 1 Trial Hearing received from Louise Waddell. 1 | 52 | |
| 01/18/2023 | Notice of docket entry received from Appeals Court<br>NOTICE OF DOCKET ENTRY: Please take note that, with respect to the Status Report filed by Andre Bissasor. (Paper #23), on January 18, 2023, the following Order Was Entered on the Docket. Dated: | 53 | Image |
| 06/11/2024 | Notice of assembly of record sent to Counsel | 54 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 06/11/2024 | Notice to Clerk of the Appeals Court of Assembly of Record | 55 | |
| 06/11/2024 | Appeal: Statement of the Case on Appeal (Cover Sheet). | 56 | Image |
| 06/21/2024 | CD of Transcript of 11/30/2021 02:00 PM Status Review received from Sherri L. Breach. 1 | 57 | Image |
| 07/03/2024 | Notice of docket entry received from Appeals Court<br>ORDER: The online trial court docket reflects that on 6/21/24, a CD of the 11/30/21 hearing was received. Accordingly, the stay of appellate proceedings is vacated. The appellant's brief and appendix are due on or before 08/12/2024. As this appeal has been pending since 10/26/21, no further enlargements should be anticipated. The appellant is referred to the Appeals Court Help Center webpage, specifically, https://www.mass.gov/service-details/appeals-court-briefs as to how to prepare a brief and appendix. In the alternative, the appellant may file an informal brief and appendix pursuant to the pilot program. | 58 | |
| 08/08/2024 | Notice of docket entry received from Appeals Court<br>NOTICE OF FAILURE TO ENTER APPEAL TIMELY:<br>NOTICE: On June 11, 2024, the Middlesex Superior Court transmitted a notice of assembly to the Appeals Court in the above-referenced case, pursuant to Mass. R.A.P. 9(e). The Appeals Court received the notice on June 11, 2024.<br><br>Pursuant to Rule 10(a)(1) of the Massachusetts Rules of Appellate Procedure, each appellant has 14 days from receipt of the notice of assembly to docket the appeal in the Appeals Court by paying the required entry fee or moving for waiver of the fee on grounds of indigency.<br><br>As of today's date, August 7, 2024, no appellant has entered the appeal pursuant to Mass. R.A.P. 10(a)(1). This notice is sent for informational purposes only and does not constitute a dismissal of the appeal. If an appellant or cross-appellant in this matter wishes to pursue the appeal, the party must file a motion to the single justice for leave to docket the appeal late. Otherwise, an appellee may file a motion to dismiss the appeal in the trial court. See Mass. R.A.P. 10(c). | 59 | Image |
| 08/08/2024 | Notice of docket entry received from Appeals Court<br>ORDER: Taking into consideration the plaintiff's request for an accommodation pursuant to the ADA (accompanied by medical documentation), and the plaintiff's representation that this will be his last request for an enlargement of time, the plaintiff's request for an enlargement of time to file his brief and appendix is allowed to 12/5/24. There will be no further enlargements. (Blake, J.). *Notice/Attest. | 60 | Image |
| 01/08/2025 | Notice of docket entry received from Appeals Court<br>NOTICE OF DOCKET ENTRY<br><br>Please take note that, with respect to the Affidavit of indigency (IMPOUNDED) filed for Andre Bissasor (received on 1/7/25) (Paper #39), on January 8, 2025, the following order was entered on the docket:<br><br>RE#39: The request for waiver of the cost of a copy of the entire trial court file contained within is denied without prejudice to renewal in the trial court. This appeal will not be stayed pending a decision by the trial court on the within request. See 1/8/25 order. (Toone, J.) *Notice/attest | 61 | Image |
| 01/09/2025 | Affidavit of Indigency and request for waiver substitution of state payment of fees and costs filed without Supplemental affidavit | 62 | |
| 01/10/2025 | Endorsement on Request for Waiver, Substitution or State Payment of Fees & Costs (Affidavit of Indigency) (#62.0): Other action taken<br>ALLOWED as to the request for a copy of the Court file for this matter. The clerk's office shall provide a paper copy of the file to the plaintiff by regular mail at no cost. | | |
| 01/13/2025 | Docket Note: Plaintiff called this morning requesting the copy of the court file to be sent to 119 Drum Hill Rd #233 Chelmsford, MA 01824. | | |
| 01/13/2025 | Docket Note: Plaintiff called a second time to provide a new correct address to send the copy of the file (101 Middlesex Turnpike #270 Burlington, MA 01803). Previous address was given by error. | | |
| 01/14/2025 | Affidavit of Indigency and request for waiver substitution of state payment of fees and costs filed without Supplemental affidavit | 63 | |
| 01/15/2025 | Endorsement on Submission of Affidavit of Indigency (#63.0): ALLOWED<br>After review, the request for a digital copy of the court file for this matter in lieu of a hardcopy is ALLOWED, where it is needed in this format for appellant brief purposes. Future requests for copies of case files in this or other cases will be addressed on a case by case basis.<br><br>Dated: January 15, 2025. Notice sent on 01/15/2025 | | |
| 01/16/2025 | Docket Note: CD of court file sent to 101 Middlesex Turnpike #270 Burlington, MA 01803 | | |
| 01/22/2025 | Plaintiff Andre Bissasor's EMERGENCY Motion to impound the courts 12-7-21 order | 64 | Image |
| 01/27/2025 | Endorsement on Motion to Impound the Court's 12/7/21 Order (#64.0): DENIED<br>EXPANDED ENDORSEMENT on plaintiff's request Emergency Motion to Impound the Court's 12-7-21 Order (Paper #64) filed with this Court on January 22, 2025. Plaintiff is moving, on an emergency basis, now some thirty-seven (37) months after docketing, to impound an Order which addressed multiple issues including, but not limited to, the plaintiff's request for waiver of fees for processing and obtaining a | 65 | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | transcript(s) for prosecution of his appeal. Under the Commonwealth's Trial Court Rule VIII: Uniform Rules of Impoundment Procedure Rule 2(b)(3) seeking to impound a decision already on the docket the court shall: A motion may be made for impoundment of information that is currently contained in the case record. Upon receipt of such a motion, the clerk shall remove the subject material from the case record and withhold it from public dissemination pending the court's ruling on the motion. A hearing on the motion shall be held within three days unless otherwise agreed by the parties or ordered by the court. <br><br>Rule 7(a) and (b) further state the hearing process and the standard by which the court is to adjudge the issue(s) presented, as follows: (a) Hearing required:  The court may enter an order of impoundment for good cause shown and in accordance with applicable law only after a hearing, except as provided in URIP Rule 2(b)(3), URIP Rule 3(a), or URIP Rule 7(e). During the hearing, those present shall preserve the confidentiality of the material that is at issue. A record of the proceedings, including the record of any in camera hearing, shall be preserved stenographically or by a recording device. (b) Good cause:  In determining good cause, the court shall consider all relevant factors, including, but not limited to, (i) the nature of the parties and the controversy, (ii) the type of information and the privacy interests involved, (iii) the extent of community interest, (iv) constitutional rights, and (v) the reason(s) for the request. Agreement of all parties, interested nonparties, or other persons in favor of impoundment shall not, in itself, be sufficient to constitute good cause. <br><br>First and foremost, there seems to be no emergent circumstance based upon the passage of time and therefore addressing same on an emergency basis doesn't seem appropriate, and further, whether an evidentiary hearing is required depends on the facts already known to the judge presiding over the ongoing proceedings. Commonwealth v. Silva, 448 Mass. 701, 709 (2007). Here, I am somewhat familiar with the case and its present posture even though it's some three plus years from its last hearing and decision.    Massachusetts has long recognized a common-law right of access to case records. New England Internet Café, LLC v. Clerk of the Superior Court for Criminal Business in Suffolk County, 462 Mass. 76, 82-83 (2012), citing Republican Co. v. Appeals Court, 442 Mass. 218, 222 (2004). Such case records are presumptively public documents. Id. at 83, citing Republican Co., 442 Mass. at 222-223. See also Boston Herald, Inc. v. Sharpe, 432 Mass. 593, 604 (2000); Newspapers of New England, Inc. v. Clerk-Magistrate of the Ware Div. of the Dist. Court Dep't, 403 Mass. 628, 631-632, 637 (1988). Impoundment is an exception to the general rule in favor of public access. Republican Co., 442 Mass. at 223, citing Commonwealth v. Blondin, 324 Mass. 564, 571 (1949). The court may restrict public access to case records where "good cause" is shown. Commonwealth v. George W. Prescott Pub. Co., LLC, 463 Mass. 258, 263 (2012). To determine whether good cause is shown, the court must balance the rights of the parties by considering all relevant factors, including, but not limited to, the nature of the parties and the controversy, the type of information and the privacy interests involved, the extent of community interest, and the reason for the request. New England Internet Café, LLC v. Clerk of the Superior Court for Criminal Business in Suffolk County,  462 Mass. 76, 83 (2012). Although the plaintiff's affidavit, which may contain sensitive information, is/has been impounded, the decision of December 7, 2021 (which has been a publicly accessible document since it was docketed) contains no sensitive/private information and therefore there is no good cause shown to restrict same by impounding what has been public since December 2021. Therefore, for the reasons stated herein the plaintiff's motion seeking impoundment is DENIED. SO ORDERED. Dated: January 27, 2025 | | |
| 01/29/2025 | Self-Represented Plaintiff Andre Bissasor's EMERGENCY Motion for Reconsideration of Court's 1/27/25 Order | 66 | Image |
| 01/29/2025 | Self-Represented Plaintiff Andre Bissasor's EMERGENCY Motion to Disclose Ex-parte communications | 67 | Image |
| 01/29/2025 | Exhibits/Appendix | | Image |
| 01/30/2025 | Endorsement on Motion for reconsideration (#66) and Motion to disclose (#67) (#66.0): DENIED OMNIBUS EXPANDED ENDORSEMENT on plaintiff's Emergency Motion to Reconsider the Court's Order (issued three days ago) Denying Motion to Impound the 12/7/2021 Order (Paper # 66), and plaintiff's Motion to Disclose Ex-Parte Communications on the Record (Paper #67) .   (see scanned image 3 pages) . <br><br>Therefore, plaintiff's Emergency Motion to Reconsider the Court's Order (issued three days ago) Denying Motion to Impound the 12/7/2021 Order (Paper # 66), and Plaintiff's Motion to Disclose Ex-Parte Communications on the Record (Paper #67), are both DENIED. SO ORDERED. Dated: January 30, 2025 | 68 | Image |
| 01/30/2025 | Self-Represented Plaintiff Andre Bissasor's Motion for Hearing on Motion for reconsideration | 69 | Image |
| 02/03/2025 | Endorsement on Motion for Hearing on Motion to Reconsider (#69.0): DENIED The decision already decided and docketed the Motion is Moot <br><br>Judge: Sarrouf, Camille | | Image |
| 02/04/2025 | Notice of docket entry received from Appeals Court Please take note that on February 3, 2025, the following entry was made on the docket of the above-referenced case: | 70 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | ORDER: The brief submitted by the appellant on 1/30/25 is not accepted for filing because it exceeds by 28 pages, the 35-page limit granted to the appellant as a reasonable accommodation in my order of 1/24/25. See notice of rejection issued this date. As the appellant did not comply with the 1/24/25 order, the request to reinstate his appeal contained in the request for reasonable accommodations filed on 1/23/25, is denied. Pursuant to M.A.C. 19.0(c), the clerk shall forthwith notify the lower court and the parties that this appeal has been dismissed. (Toone, J.) *Notice/attest/Sarrouf, J. | | |
| 02/04/2025 | Court received Rule 19.0 Dismissals of Appeals and Reports in all Cases for Lack of Prosecution related to appeal<br>(a) Appellant's Brief or Appendix.<br>(1) Filing Deadline. The appellant is required to file a brief and appendix within the time required or permitted by Mass. R. A. P. 19 or any enlargement.<br><br>(2) Notice of Intent to Dismiss Appeal. Whenever an appellant has not served or filed a brief or appendix within the time required or permitted by Mass. R. A. P. 19 or any enlargement, the clerk shall notify the attorney of record for such appellant, or any self-represented appellant, and all other parties or their attorneys of record that, as to that appellant, the appeal (or report made pursuant to Mass. R. A. P. 5) will be dismissed for lack of prosecution unless, within 21 days of the date of the notice, the clerk shall receive (A) a motion by that appellant to enlarge to a date certain set forth in the motion the time for serving and filing the brief or appendix, and (B) an affidavit of the attorney of record for the appellant, or the self-represented appellant, which shall set forth good cause for the enlargement in accordance with the provisions of Mass. R. A. P. 14(b) and 15.<br><br>(3) Dismissal of Appeal. If a motion and affidavit identified in Appeals Court Rule 19.0(a)(2) are not received by the clerk within the prescribed 21-day period, the clerk shall forthwith (A) enter notice of dismissal of the appeal as to that appellant for lack of prosecution, (B) notify the parties of such dismissal, and (C) note such dismissal on the docket. The clerk shall not send notice of the dismissal to the lower court except as provided in Appeals Court Rule 19.0(c).<br><br>(b) Appellant's Status Report.<br>(1) Notice of Intent to Dismiss Appeal. Whenever an appellant, prior to filing a brief, has not served or filed a status report within the time ordered by the court, the clerk shall notify the attorney of record for such appellant, or any self-represented appellant, and all other parties or their attorneys of record that, as to that appellant, the appeal will be dismissed for lack of prosecution unless, within 21 days of the date of the notice, the clerk shall receive (A) a motion by that appellant to enlarge the time for serving and filing the status report, (B) an affidavit of the attorney of record for the appellant, or the self-represented appellant, which shall set forth good cause for the enlargement in accordance with the provisions of Mass. R. A. P. 14(b) and 15, and (C) the status report.<br><br>(2) Dismissal of Appeal. If a motion, affidavit, and status report are not received by the clerk within the prescribed 21-day period, the clerk shall forthwith (A) enter notice of dismissal of the appeal as to that appellant for lack of prosecution, (B) notify the parties of such dismissal, and (C) shall note such dismissal on the docket. The clerk shall not send notice of the dismissal to the lower court except as provided in Appeals Court Rule 19.0(c).<br><br>(c) Motion to Reinstate Appeal Before Notice of Dismissal is Sent to the Lower Court; Notice of Dismissal to the Lower Court. The clerk shall notify the lower court and the parties that the appeal has been dismissed as to that particular appellant unless, prior to the expiration of 14 days from the clerk's entry of notice of dismissal of the appeal, the appellant serves and files (1) a motion to reinstate the appeal and for leave to file a late brief or appendix or status report and (2) the brief or appendix or status report (whichever documents are overdue). A single justice may grant such relief, in which case the appeal shall proceed. If the single justice denies the motion to reinstate the appeal, the clerk forthwith shall notify the lower court and the parties that the appeal has been dismissed.<br><br>(d) Motion to Reinstate Appeal After Notice of Dismissal is Sent to Lower Court. After the clerk has notified the lower court of a dismissal of an appeal for lack of prosecution, the appellant may file a motion for reinstatement of the appeal.<br>(1) Criminal cases. An appeal in a criminal case may be reinstated by a single justice who determines that a motion and an affidavit of the attorney of record for the appellant, or the self-represented appellant, establish either (A) the existence of a meritorious case, or (B) that the defendant was deprived of his or her right of direct appeal as a result of an act or omission of counsel after the appeal had been entered in this court.<br><br>(2) Civil cases. An appeal in a civil case may be reinstated by a single justice who determines that a motion and an affidavit of the attorney of record for the appellant, or the self-represented appellant, establish (A) excusable neglect for the lack of prosecution, and (B) the existence of a meritorious case. | | |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Dismissed No Service 1-88 | 08/02/2021 | |

| Disposition | Date | Case Judge |
|---|---|---|
| | | |

Due to the system maintenance, MassCourts.org (including the Attorney Portal) will be unavailable between 2PM on Friday, August 29 and 6AM Tuesday, September 2. All case search, calendar functionality, and ePay, will be unavailable during this time. ✖