UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251|ANDRE BISASOR v. CRAIG DONAIS, et. al

Andre Bisasor,
Natalie Anderson,
Plaintiffs
v.
Craig S. Donais,
Mary K. Donais,
Donais Law Offices, PLLC,
Russell F. Hilliard,
Upton Hatfield,
Amy Messer,
Defendants.

# PLAINTIFF NATALE ANDERSON'S EMERGENCY MOTION TO EXTEND TIME TO FILE REPLY TO DEFENDANTS' OPPOSITIONS TO MOTION TO REMAND; AND ASSENT TO PLAINTIFF BISASOR'S EXTENSION MOTION

1. Plaintiff Natalie Anderson ("Plaintiff Anderson") respectfully moves this Court for an emergency extension of time to file replies to Defendants' [two separate] oppositions to Plaintiff's Motion to Remand, of 21 days, to September 12, 2025 (with expedited ruling requested). In support of this Motion, Plaintiff Anderson state as follows.

2. On 8-20-25, Plaintiff Andre Bisasor ("Plaintiff Bisasor") filed an emergency extension of time to file replies to Defendants' [two separate] oppositions to Plaintiff's Motion to Remand, of 21 days, to September 12, 2025 (with expedited ruling requested).

3. First, it should be noted that Plaintiff Anderson herby assents to the motion made by Plaintiff Bisasor. Second, Plaintiff Anderson only recently became a party to this case. Plaintiff Anderson needs an extension of time to research for herself her own arguments and positions to further address the new arguments and positions that the defendants' came up with for the first time in their oppositions to remand. She is entitled to do so. Third, it should also be noted that Plaintiff Anderson, as a separate plaintiff, has the right to file her own replies to the two separate oppositions filed by the defendants.

4. Further, it should be noted that, in his motion, Plaintiff Bisasor provided an excerpt or preview of the type of arguments that he intends to make in his replies to the two separate oppositions by the defendants, and which preview of arguments further need to be researched and confirmed upon the advice of legal counsel, and thus time is needed to do so. Plaintiff Bisasor did not make all of the arguments he intends to make. His motion to extend time to reply was only made on 8-20-25, within 3 business days of receiving the two oppositions to remand [filed on 8-15-22], and thus his extension motion only previews an excerpt to the arguments to be made to both of the oppositions. Furthermore, Plaintiff Bisasor needs time to narrow and refine his arguments properly given the plethora of issues raised by the two oppositions, which the 3 business days wherein he was rushed to file his extension motion in, did not allow for[1].

5. It should be noted that, today, the Donais defendants filed an opposition to Plaintiff Bisasor's motion, opposing the arguments beyond the extension request itself. In other words, they appear not to oppose the extension itself but oppose the arguments regarding remand that were previewed (but not completed) in the motion.

6. It should be noted that the Donais defendants did not address the substance of the rebuttal arguments that were previewed or excerpted. A blanket opposition does not address these arguments. The Donais defendants apparently did not address these arguments specifically, because they evidently have no good faith response, otherwise they would have stated them. This goes to the issue of sanctions, as clearly they intentionally are seeking to delay remand, in bad faith, when they have no basis in law to do so, as indicated in Plaintiff Bisasor's motion to extend time.

---

[1] This also goes to certain confidential issues that plaintiff Bisasor has previously alerted the court to, under seal.

1

7. The Donais defendants' response confirms they cannot address the substance of Plaintiff Bisasor's rebuttal arguments. For example, there is no response from them to fatal jurisdictional defects. The Donais defendants ignore that their removal notice never mentioned diversity jurisdiction. They provide no authority for retroactive invocation of 28 U.S.C. § 1332. They fail to address the forum defendant rule's absolute prohibition when forum defendants have not been served, as shown under Gentile, and other rulings of this very court. They cannot distinguish controlling First Circuit precedent. The Donais defendants' failure to substantively respond to Plaintiff's preview arguments demonstrates they have no valid legal response. Their silence on the merits speaks volumes.

8. It should be remembered that the Defendants ambushed Plaintiffs with new jurisdictional theories. Defendants' removal notice cited only federal question jurisdiction. Their opposition suddenly invokes diversity jurisdiction for the first time. Plaintiffs had no notice of this radical shift in legal theory. Despite multiple requests for conferral, defendants refused to disclose their position. This blindsided approach necessitated explanation in the extension motion.

9. It should further be noted that the Donais defendants mentioned, in their opposition today, something about the scope of the motion to extend time to reply. First, there is no scope limit to a motion to extend time to reply. A party is free to preview or assert any argument in their motion to extend time to reply as they may deem necessary to support the motion. In this instance, there are unique or extraordinary circumstances where the defendants have suddenly advanced brand new theories of jurisdiction long after they are allowed to do and for which they are prohibited from doing so. This blindsided the plaintiffs. This was intentionally done even after plaintiff asked the defendants several times if they intend to oppose remand and if so, what is the basis for opposition to remand. As shown in the email communications attached to the motion to stay briefing in the motion to dismiss, counsel for the Donais defendants specifically told plaintiff Bisasor that she did not know her position on remand when he asked her [around] two days before the deadline. Then on the due date of opposition, she still refused to tell him the bases when he asked again. These are special circumstances where the plaintiff is now left to address new arguments made in an opposition in a reply for the first time. This is not fair or right.

10. Further, the plaintiffs do not know how the court will proceed, or if it will grant remand now without need for a reply, or if it will hold a hearing on remand, or what else it might do, etc. Thus, in order to protect himself, Plaintiff Bisasor provided a preview of the rebuttal to the defendant's sudden new arguments made in their oppositions, which he did not have an opportunity to address before. Thus, the preview was provided in an abundance of caution and was reasonable under the circumstances.

11. Second, the rules envision that a party can preview arguments in a motion to extend time to reply, that are to be made in a reply, just like the rules envision that a motion for permission to file a reply should include or attach arguments thereto.

12. Also, federal courts regularly allow argument previews in extension motions. Courts understand that parties may need to outline complex issues to justify extensions. The length of defendants' oppositions (multiple substantive arguments) itself demonstrates the need for additional time. Defendants cannot complain about detail when their opposition raised new theories requiring extensive research.

13. Further, both the Donais defendants and the Hilliard defendants filed separate oppositions to remand. Plaintiff Bisasor is entitled to file two replies to those two oppositions to remand. The fact that he combined some of his arguments into a preview in one motion to extend time to file replies, does not preclude him from filing two separate motions to extend time to reply or two separate replies to each opposition. The Donais defendants are simply nitpicking here because they evidently know they do not have any basis in law to support their opposition to remand and they are again grabbing at straws for a "hail mary pass".

14. And further, Plaintiff Anderson is entitled to file her own replies as well. The defendants cannot use the one motion to extend time to file replies, by plaintiff Bisasor, to limit his ability to file separate replies to the separate oppositions by the defendants or limit the ability of plaintiff Anderson to file separate replies to the separate oppositions of the defendants. This argument by the Donais defendants is thus a red herring smokescreen designed to distract the court from the real issue here, which relates to the fact that the defendants do not have a leg to stand on and that they intentionally advanced bad faith meritless oppositions to remand that cannot

withstand scrutiny, wherein they have no argument against the rebuttal previewed in plaintiff Bisasor's motion to extend time to reply.

15. Defendants complain about 70 paragraphs[2] over 8 pages, yet their own opposition to remand spans multiple pages with extensive arguments, and raised complex jurisdictional issues requiring detailed response. Plaintiff Bisasor extension's motion reflects the scope of defendants' meritless arguments, not bad faith. Further, they fail to cite any controlling authority on proper extension motion content.

16. The bottom line is that the Donais Defendants' opposition to plaintiff Bisasor's extension motion is a transparent attempt to prevent Plaintiffs from adequately responding to their frivolous opposition to remand. Having conceded they do not oppose the extension itself, defendants now seek to penalize Plaintiff Bisasor for providing the Court with a preview of the legal defects in their remand opposition. This tactical maneuver further demonstrates defendants' bad faith conduct throughout this litigation. The Donais Defendants' inability to address the substance of Plaintiffs' arguments confirms what the preview demonstrated: their opposition to remand is legally frivolous and designed solely to delay the inevitable remand this case requires under controlling law.

17. Federal Rule 6(b)(1)(A) requires "good cause" for extensions. Courts routinely require movants to explain why additional time is needed. Plaintiff Bisasor properly demonstrated the complexity of defendants' newly raised arguments. The preview showed why 21 days is necessary for proper research and response by the plaintiffs.

18. After initially refusing assent, the Donais defendants stated: "After reconsideration, our clients will not oppose this request." This unqualified statement waives procedural objections. Having agreed not to oppose, defendants cannot now seek to undermine the motion through collateral attacks on its content. Yet, now, they in blanket manner, oppose remand arguments that they cannot refute. This creates artificial controversy to delay inevitable remand. This is classic dilatory tactics designed to frustrate Plaintiffs' state court choice. It further underscores the bad faith of the defendants throughout including snap removal in violation of this circuit's jurisprudence, refusal to confer on remand despite multiple requests, evasive conferral tactics (refusing to disclose opposition basis), and frivolous opposition to remand raising prohibited theories. This opposition appears to be a desperate attempt to deflect from their substantive weaknesses on the remand motion by manufacturing a procedural controversy where none exists.

19. Plaintiff Anderson requests a pro se liberal construction to this pleading and to that of Plaintiff Bisasor.

20. WHEREFORE, Plaintiff Anderson assents to the request by Plaintiff Bisasor and respectfully requests that this Court grants the motion to extend time to file replies, extends the deadline for Plaintiffs to file replies brief by twenty-one (21) days from the current deadline; ignore the Donais defendants' procedural objections as waived; consider Rule 11 sanctions for defendants' pattern of frivolous filings and bad faith conduct; and grants such other relief as the Court deems just and proper; and in the alternative, grant immediate remand if the court decides that because it will grant remand promptly, it does not need further reply from the plaintiffs. Otherwise, the plaintiffs request time to file their replies properly and also to hold a hearing on remand as well.

Respectfully submitted,
/s/ Natalie Anderson
Natalie Anderson

August 22, 2025

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served to the defendants in this case.

/s/ Natalie Anderson
Natalie Anderson

---

[2] Note: Plaintiff Bisasor as a pro se party tends to separate each sentence into its own paragraph, which lawyers do not often do. Also, a good portion of his motion involves citing block texts from court opinions rather than only citing the case itself (plaintiffs do not know how to formally cite the page numbers of court opinions).