UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251|ANDRE BISASOR v. CRAIG DONAIS, et. al

Andre Bisasor, Natalie Anderson, Plaintiffs

v.

Craig S. Donais, Mary K. Donais, Donais Law Offices, PLLC, Russell F. Hilliard, Upton Hatfield, Amy Messer, Defendants.

# PLAINTIFF' ANDRE BISASOR EMERGENCY MOTION TO FILE REPLY TO THE DONAIS DEFENDANT'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO STAY BRIEFING AND FILING OF MOTION TO DISMISS PENDING DECISION ON REMAND

1. Plaintiff Andre Bisasor respectfully submits this emergency Motion to Reply to the Donais Defendants' Opposition to Plaintiff's Motion to Stay Briefing on Motion to Dismiss Pending Decision on Remand. Grounds for this motion include the fact that the Donais defendants filed today an opposition to the motion citing new arguments that the plaintiffs could not have addressed before until receiving this motion. Also, the Donais defendants refused to confer on the motion to stay when plaintiffs requested such conference including by phone call in order to obtain concurrence or narrow the issues in good faith. The defendants' conduct has necessitated the need to reply. A preview of the arguments to be made in the reply are as follows.

## I. INTRODUCTION AND OVERVIEW OF KEY POINTS

2. The Donais Defendants' opposition fundamentally mischaracterizes both the law and the facts, while completely failing to address the controlling Supreme Court precedent in Royal Canin U.S.A., Inc. v. Wullschleger that mandates immediate remand of this case. Their arguments reveal the very gamesmanship and bad faith conduct that Plaintiff predicted and that courts routinely condemn.

3. Further, the Donais defendants mis-frames the plaintiffs' motion as seeking a stay on the entire proceedings, when in fact the plaintiffs are only seeking a stay on the requirement of the plaintiff to have to file oppositions to the defendants' motions to dismiss the first amended complaint (which have not yet been filed but they asked the court for an extension of 3 weeks to file), until after remand is decided, so that the plaintiffs do not have to waste resources preparing oppositions to two motions to dismiss, if the court has no jurisdiction over the case.

4. Also, the defendants wrongly accuse the plaintiff of vexatious litigation, which is untrue and unfair. None of the related cases were filed in bad faith and no court has ruled on the merits of this case or have found bad faith in anything the plaintiffs have done in seeking to obtain relief in court. The MA cases were either removed to federal court by the defendants, and then transferred to this court (and then voluntarily dismissed and then re-filed in state court, which was then again removed to this court by the defendants), or were dismissed for lack of service of process without prejudice in Massachusetts. By the way, the defendants wrongly try to mislead this court about what occurred in the Middlesex superior court and the MA appeals court. First, Craig Donais lied to that court claiming he did not receive service process by the due date, when in fact the plaintiff served him under the long arm statute via certified mail. Donais blatantly lied to that court about not receiving the mailing, which is a violation of the rules of conduct and which is further actionable if referred to the bar association. But, at the time, the Middlesex superior court, in taking Donais word for it, allowed dismissal for lack of service by the due date, which was without prejudice and not on the merits. Plaintiff appealed the lack of service dismissal without prejudice, to the MA appeals court. The MA appeals court later dismissed the appeal only because the briefing filed by the plaintiff did not meet the technical briefing requirements for appeal in that court, but it was not dismissed on the merits and plaintiff, according to the clerks of that court, can seek to have that appeal reinstated since it was dismissed solely on a technical briefing requirement, which can be cured. But Plaintiff has not pursued further appeal or reinstatement because the cases in NH since have been proceeding and plaintiff wanted to consolidate all claims in one court. The whole reference to the Middlesex superior court case and MA appeals court was thus intentionally misleading. Either way, that is irrelevant to the issue before this court now.

5. Further, the Donais defendants also state in their opposition, that:

> The Donais Defendants need to move forward to a resolution of Plaintiff's claims against them. The Donais Defendants are in the process of seeking a dismissal of the FAC, whether here or in state court (regardless of the outcome of Bisasor's Motion to Remand which should be denied). Any attempt by Plaintiff to say that the grant or denial of a remand somehow changes the course of this case, such that a stay is warranted, is without merit. It would

be unfair and prejudicial to the Donais Defendants to enter a stay in this matter when all original defendants have filed a Motion to Dismiss, which should dispose of this action, and are prepared to respond to the FAC as well.

6. But this is disingenuous. The plaintiff is saying that this court does not have jurisdiction over the case and the plaintiffs' are entitled to have their motion to remand decided first, before any motion to dismiss the amended complaint is filed or decided. The defendants have not even yet filed their motion to dismiss the amended complaint and this is because they asked for 22 days extension to do so. Yet, they somehow want the motion to remand, which was filed 3 weeks ago on 8-1-25, to not be decided first, and that somehow this court should wait on the defendants for 3 weeks to file their motion to dismiss and then delay ruling on the motion to remand, so that the plaintiff must be forced to prepare oppositions to the motion to dismiss while the motion to remand is still pending. This is untenable if not absurd and they are only making this argument because the plaintiffs are pro se and they think they can pressure the plaintiffs to make a mistake if they have are over-burdened and overwhelmed.

7. Note: The Donais defendants state that plaintiff asked for a stay in state court in NH. But this is disingenuous. Note that they did not state why the plaintiff asked for a stay in state court in NH – it was related to an appeal to the NH Supreme Court that deals with the allowance of the defendant to file a fifth successive new pre-answer motion to dismiss, 3 years after it was due, and the failure to file answer when it was due. This appeal could end the case in plaintiffs' favor. The stay requested has nothing to do with parallel litigation in federal court. The defendants thus has tried to intentionally mislead this court. This is sanctionable conduct. Moreover, the request for stay was denied by the superior court. Also, the defendants failed to mention that the superior court allowed the plaintiff to file an amended complaint to supersede the original complaint, which was the subject of non-binding dismissal. The amended complaint has been filed in NH superior court and is operative and pending. That case is further ahead of this case and these facts support the bases for consolidation in that one state court in NH.

8. Further key points include:
   a. Jurisdictional Primacy Misunderstanding: The defendants fail to recognize that subject matter jurisdiction is a constitutional threshold requirement that must be resolved before any merits consideration. Their desire to "move forward" is irrelevant when the court lacks authority to proceed.
   b. Misapplication of Law of the Case Doctrine: The defendants incorrectly claim this is a "separate case" when it's actually the same litigation refiled after voluntary dismissal. Judge Saint-Marc's prior ruling staying motions to dismiss pending jurisdictional resolution applies with full force.
   c. Judicial Estoppel Issue: The defendants previously argued for and obtained the exact stay order they now oppose, making them judicially estopped from taking an inconsistent position.
   d. False Prejudice Claims: The defendants claim urgency while simultaneously having requested and received an extension until September 3rd for their own motion to dismiss, undermines their prejudice arguments.
   e. Mischaracterization of Claim Splitting: The defendants misapply claim splitting doctrine to what is actually an effort to prevent duplicative litigation through proper consolidation.
   f. Ignoring Royal Canin and other relevant circuit precedent: Most critically, the opposition completely fails to address the Supreme Court's recent Royal Canin decision, which definitively resolves the jurisdictional question and makes clear that federal courts lose jurisdiction when federal claims are eliminated through amendment. The defendants further ignore the Gentile court, and the R&R v. Bottomline court holdings that militate against their position.

## II. DEFENDANTS FUNDAMENTALLY MISUNDERSTAND JURISDICTIONAL PRIMACY

9. Defendants' opposition to the motion to stay briefing fundamentally misapprehends both the nature of jurisdictional determinations and the proper application of judicial economy principles. Their arguments reveal a strategic effort to force simultaneous litigation of threshold jurisdictional issues alongside merits-based motions, thereby creating the exact type of procedural inefficiency and potential waste of judicial resources that stay orders are designed to prevent. More troubling, their opposition completely ignores the controlling Supreme Court precedent in Royal Canin U.S.A., Inc. v. Wullschleger, which definitively resolves the jurisdictional question in Plaintiffs' favor and makes clear that any motion to dismiss would be an exercise in judicial futility.

10. The central flaw in Defendants' opposition lies in their failure to recognize that subject matter jurisdiction constitutes a threshold requirement that must be established before any court can properly exercise authority over a case. This is not merely a matter of procedural convenience or case management, but a fundamental

constitutional limitation on federal judicial power. As the Supreme Court emphasized in Steel Co. v. Citizens for Better Environment, federal courts must confine themselves within the bounds of their constitutional authority and cannot proceed to consider merits questions when their jurisdiction to hear the case is in doubt.

11. Defendants' assertion that they "need to move forward to a resolution" and that staying the case would be "unfair" completely misses this foundational principle. Courts do not have discretion to proceed with merits determinations when their authority to hear the case has been called into question through a properly filed motion to remand. The question is not what Defendants prefer or what might be most convenient for their litigation strategy, but what the Constitution and federal law require.

12. The Supreme Court's recent decision in Royal Canin makes this jurisdictional analysis straightforward. When Plaintiffs amended their complaint to eliminate all federal claims, this Court's jurisdiction "dissolves" because there is no longer any federal anchor for supplemental jurisdiction over the remaining state law claims. Under Royal Canin, the amended complaint becomes the operative pleading, and because it contains only state law claims, federal jurisdiction disappears entirely. Any attempt to proceed with a motion to dismiss under these circumstances would constitute the type of "hypothetical jurisdiction" that the Supreme Court has consistently rejected as producing nothing more than advisory opinions.

### III. THE LAW OF THE CASE DOCTRINE APPLIES WITH FULL FORCE

13. Defendants' attempt to distinguish Judge Saint-Marc's prior ruling by claiming this is a "separate case" reveals a fundamental misunderstanding of both the law of the case doctrine and the procedural history of this litigation. This is not a separate case but rather the same litigation that was voluntarily dismissed and refiled in state court, then removed again by the same defendants. The underlying claims, parties, and legal issues remain substantially identical to those addressed in Case No. 1:23-cv-00374.

14. The law of the case doctrine exists precisely to prevent the type of inconsistent judicial determinations that would result from allowing different approaches to fundamentally similar procedural questions within the same ongoing litigation. Judge Saint-Marc's December 1, 2023 order specifically stayed briefing on motions to dismiss pending resolution of jurisdictional questions, recognizing that courts must establish their authority to act before considering the substantive merits of any claim. That reasoning applies with equal force here, where the jurisdictional question is even more clear-cut under Royal Canin.

15. Furthermore, Defendants cannot escape the fact that they themselves argued for and obtained the very stay order they now seek to distinguish. During the November 30, 2023 hearing before Judge Saint-Marc, it was Defendants who requested that no further motions be filed pending resolution of the remand and amendment issues. They have not denied this fact. Having successfully advocated for this approach when it served their strategic interests, they are now judicially estopped from arguing the opposite position. Courts will not permit parties to adopt inconsistent positions depending on the tactical advantages they perceive, and Defendants' attempt to do so here undermines the integrity of the judicial process.

16. Thus, in sum, the defendants misstate the law of the case doctrine. In arguing that Judge Saint-Marc's prior order does not constitute law of the case because this is a "separate case", the defendants reveals a fundamental misunderstanding of both the law of the case doctrine and the procedural posture here. While this case has a different docket number, it involves the same parties, same claims, and same fundamental issues as the prior case. More importantly, Judge Saint-Marc's determination that remand issues should be resolved before dispositive motion briefing reflects sound judicial practice that should be followed here regardless of technical case boundaries. The law of the case doctrine serves "the purposes of discouraging... shopping... and assuring... compliance with the decisions of the appellate court." United States v. Monsisvais, 946 F.2d (10th Cir. 1991).

### IV. DEFENDANTS' PREJUDICE ARGUMENTS LACK MERIT

17. Defendants' claim that they would suffer prejudice from a brief stay pending resolution of the remand motion is both factually unsupported and legally irrelevant. They point to the history of prior litigation as if the mere passage of time creates some entitlement to proceed with merits determinations even when jurisdiction is lacking. This fundamentally misunderstands the nature of jurisdictional requirements, which cannot be waived or excused based on litigation history or the preferences of the parties.

18. More significantly, Defendants' prejudice argument is undercut by their own conduct in this case. They specifically requested and received an extension until September 3, 2025 to file their motion to dismiss, demonstrating that they themselves saw no urgency in proceeding immediately with merits briefing. Having

obtained this extension for their own tactical advantage, they cannot now claim prejudice from a brief stay that would resolve the threshold jurisdictional question first. Their position amounts to requesting the benefits of delayed briefing for themselves while denying Plaintiffs the opportunity to have jurisdictional issues resolved in the proper order.

19. The asymmetric nature of the potential harm strongly favors granting the requested stay. If the Court determines it lacks jurisdiction, any time and resources devoted to briefing and deciding a motion to dismiss will have been completely wasted. Conversely, if the Court finds it has jurisdiction after remand is denied, the motion to dismiss can proceed with no harm to any party. This asymmetric risk analysis has led courts consistently to resolve jurisdictional questions before proceeding to merits determinations.

20. Thus, the defendants cannot and have not articulated any cognizable harm from a brief stay on opposing or resolving any motion to dismiss. The Donais Defendants cannot identify any actual prejudice from a brief stay pending resolution of the jurisdictional question. No trial date has been set, discovery has not begun, and the case was only recently removed to federal court. A stay on opposing the motion to dismiss, of a few weeks will cause no meaningful delay in the ultimate resolution of the case. The court has to decide first if it has jurisdiction or not before it can reach the merits of a motion to dismiss. If it decides it does not have jurisdiction, then the court cannot decide any motion to dismiss.

21. It is eminently logical for the court to stay the motion to dismiss until after deciding remand. This is not controversial. The defendants are here insisting otherwise, in order to burden and oppress the pro se plaintiffs. It serves no other purpose.

22. While, on the other hand, in contrast, Plaintiffs face significant prejudice without a stay:
    a. They must expend limited resources preparing responses to dispositive motions that may become moot. This is bolstered by the court's ruling today that mooted the motions to dismiss the original complaint because of the filing of the amended complaint as of right. If plaintiff had to spend time drafting oppositions to those, it would have been a waste of time and would prevent the plaintiffs from focusing on the remand motion practice.
    b. They face the prospect of inconsistent rulings in federal and state court.
    c. Their ability to seek consolidation of related proceedings in state court is frustrated.
    d. A new plaintiff has been added who requires time to understand the complex jurisdictional issues.

## V. DEFENDANTS MISCHARACTERIZE CLAIM SPLITTING AND PARALLEL PROCEEDINGS

23. Defendants' argument about "improper claim splitting" fundamentally misapplies this doctrine to a situation involving jurisdictional stays. Claim splitting refers to the impermissible practice of dividing a single cause of action into multiple lawsuits to obtain tactical advantages or harass defendants. That doctrine has no application to the present situation, where Plaintiffs seek to have all their claims adjudicated in a single forum through consolidation in state court.

24. The parallel state court proceeding cited by Defendants does not create improper claim splitting but rather demonstrates exactly why a stay is necessary to prevent duplicative and inefficient litigation. Plaintiffs specifically refiled this case in state court with the intention of seeking consolidation of related proceedings. Defendants' removal was calculated to disrupt this consolidation and force Plaintiffs to litigate substantially similar issues in multiple forums simultaneously.

25. If this Court were to proceed with adjudicating a motion to dismiss under federal standards while the state court simultaneously considers related claims under state procedural rules, the result would be the exact type of inconsistent rulings, wasted judicial resources, and potential preclusion issues that judicial economy principles are designed to prevent. Defendants cannot create this inefficient bifurcation through their removal strategy and then claim that Plaintiffs' efforts to prevent such waste constitute improper claim splitting.

## VI. JUDICIAL ECONOMY STRONGLY FAVORS THE REQUESTED STAY

26. The fundamental principle underlying stay orders is the efficient allocation of scarce judicial resources. When a threshold issue like subject matter jurisdiction can potentially resolve an entire case, courts routinely stay other proceedings to avoid the waste that would result from detailed consideration of issues that may become moot.

27. Here, the jurisdictional analysis under Royal Canin is straightforward and should be resolved quickly. The Supreme Court has provided clear guidance that federal courts lose supplemental jurisdiction over state law

claims when all federal claims are eliminated through amendment. Once that determination is made, any motion to dismiss briefing in federal court becomes pointless because the case will be remanded to state court where different procedural standards and substantive law will apply.

28. Defendants' insistence on proceeding simultaneously with both jurisdictional and merits issues serves no legitimate judicial purpose. It cannot expedite the ultimate resolution of their claims because the jurisdictional question must be answered regardless. It can only create waste by forcing the parties and the Court to engage in detailed analysis of issues that will become moot when remand occurs.

29. The Court's recent extension of scheduling deadlines until after resolution of pending motions further demonstrates recognition that the current procedural posture creates uncertainty about the case's trajectory that warrants postponing normal case progression. This approach is entirely consistent with Plaintiffs' request to stay motion to dismiss briefing until the remand motion is decided.

30. Furthermore, far from supporting their position, the extensive litigation history demonstrates why consolidation in state court is appropriate. As Plaintiff explained in his Motion to Remand, he specifically refiled this case in state court with the intention of seeking consolidation with related proceedings involving the same parties and similar claims. The Donais Defendants' removal was calculated to disrupt this consolidation and force duplicative litigation in multiple forums. This serves no legitimate purpose and creates exactly the kind of inefficiency that stay orders are designed to prevent. Thus, judicial economy favors consolidation in state court.

## VII. CONTROLLING AUTHORITY SUPPORTS A STAY

31. Courts routinely stay proceedings when fundamental jurisdictional questions are pending. As the Supreme Court emphasized in Steel Co. v. Citizens for Better Environment, 523 U.S. 83 (1998), federal courts must "confine themselves within the limits of their jurisdiction and refrain from ruling on substantive issues if jurisdiction is lacking."

32. The Court explained that "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 7 Wall. 506, 514 (1869).

33. Here, under Royal Canin, this Court lacks jurisdiction to consider any merits issues. Proceeding with motion to dismiss briefing would violate these fundamental principles.

## VIII. THE DONAIS DEFENDANTS FAIL TO ADDRESS THE JURISDICTIONAL IMPERATIVE
### A. Royal Canin Compels Remand and Renders Motion to Dismiss Proceedings Futile

34. The Donais Defendants completely ignore the Supreme Court's unanimous decision in Royal Canin, which directly controls this case and requires immediate remand. Under Royal Canin, when "an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims." The Court made clear that federal jurisdiction depends on "what the new complaint says" and that "the amended complaint becomes the operative one."

35. Here, Plaintiffs eliminated all federal claims from their First Amended Complaint, leaving only state law claims. Under Royal Canin, this Court's jurisdiction "dissolves" because there is no longer any "federal anchor" for the case. Any motion to dismiss proceedings in federal court would therefore be an exercise in futility that wastes judicial resources.

### B. The Forum Defendant Rule Independently Bars Removal

36. Even if Royal Canin did not compel remand, the forum defendant rule under 28 U.S.C. § 1441(b)(2) provides an independent basis for remand, especially in this court and in this circuit. All defendants are citizens of New Hampshire, and the case was filed in New Hampshire Superior Court. This creates an absolute bar to diversity removal that the Donais Defendants cannot overcome through procedural gamesmanship.

## IX. THE DONAIS DEFENDANTS' LITIGATION HISTORY SUPPORTS A STAY

37. The Donais Defendants argue that their "more than five years of litigation" against Plaintiff weighs against a stay. This argument is both legally irrelevant and factually misleading. The extensive litigation history they cite actually demonstrates their pattern of strategic forum shopping and dilatory tactics designed to avoid accountability.

38. The Donais Defendants fail to mention that:
   a. They have never succeeded on the merits in any of these cases.
   b. Their multiple removals and procedural challenges have been designed to disrupt Plaintiff's chosen forums.
   c. The current removal was specifically timed to prevent consolidation with related proceedings in state court.

## X. CONCLUSION

39. Defendants' opposition fails to address the controlling legal authority, mischaracterizes established precedent, and ignores fundamental principles of judicial economy and constitutional limitations on federal court authority. Their arguments appear designed not to advance legitimate legal positions but rather to frustrate the orderly resolution of jurisdictional questions and force Plaintiffs to expend resources on potentially moot merits briefing. The Donais Defendants' opposition confirms that they have no legitimate basis for opposing remand and are engaged in bad faith gamesmanship designed to frustrate the orderly resolution of this litigation.
40. The Supreme Court's decision in Royal Canin provides clear guidance that this Court lacks jurisdiction over the amended complaint containing only state law claims. Judge Saint-Marc's prior ruling established the law of this case that jurisdictional questions should be resolved before dispositive motions. Basic principles of judicial economy and constitutional limitations on federal court authority mandate resolving the threshold jurisdictional question before proceeding to any consideration of the merits.
41. The interests of judicial economy, fairness, and orderly case management all support staying motion to dismiss briefing until the jurisdictional question is resolved. The Donais Defendants have identified no cognizable prejudice from such a stay, while Plaintiffs face significant harm without it.
42. For the foregoing reasons, Plaintiff respectfully requests that this Court grant the motion to reply to defendants' opposition and grant the Motion to Stay Briefing on Motion to Dismiss Pending Decision on Remand, including all briefing, deadlines and proceedings related to Defendants' motions to dismiss the First Amended Complaint until after the Court has ruled on Plaintiffs' Motion to Remand.
43. To the extent necessary, please treat the preview of arguments herein as the reply.
44. Please grant pro se liberal construction to this pleading.
45. This is an emergency given that the motion and opposition has been filed and the original motion was filed as an emergency.

Respectfully submitted,
/s/ Andre Bisasor
August 22, 2025                                                                                             Andre Bisasor

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor