UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251|ANDRE BISASOR v. CRAIG HILLIARD, et. al

## **NATALIE ANDERSON'S REPLY TO HILLIARD'S OPPOSITION TO MOTION TO REMAND**

1. Plaintiff Natalie Anderson files this reply to Hilliard's Objection to Plaintiff's Motion to Remand, as follows.

### A. Improper Legal Arguments Raised by Hilliard

2. Hilliard's opposition raise what appears to be improper or untenable legal arguments, that require substantial research and analysis to properly address. These legal arguments appear to lack proper support in law or proper legal basis in this court and in this circuit in particular. These oppositions to remand thus appear to be frivolous and to violate the duty of candor to the court under the rules of conduct for lawyers.

3. Specifically, it appears that the law of this court and circuit (and others) have foreclosed any legitimate ability of the defendants to invoke retroactive diversity jurisdiction that was never pled or asserted before by them in their notice of removal. Hilliard appear to be trying to invoke diversity jurisdiction for the first time in their oppositions, despite failing to cite 28 U.S.C. § 1332 or any scintilla of diversity bases, in their original Notice of Removal and despite the expiration of the 30-day removal deadline that has long passed. Thus, Hilliard's central argument rests on the [evidently] legally untenable theory that they can retroactively invoke diversity jurisdiction to save their removal despite having failed to cite this jurisdictional basis in their original Notice of Removal. Plaintiffs initial review of this matter indicates that this argument fails on multiple independent grounds, each of which is fatal to their position, as follows.

4. First, it should be noted that the court does not have jurisdiction under a federal question. Hilliard have conceded this point. Hilliard, however, now contend, for the first time in their oppositions, that the court has jurisdiction based on diversity of citizenship, in an effort to salvage against remand. But Hilliard appear to be wrong on this point. The court does not have jurisdiction over this case based on diversity of citizenship for several reasons. First, there is a difference between diversity of citizenship and jurisdiction based on diversity of citizenship. Actual diversity of citizenship is only but one component of diversity jurisdiction. There are other elements[1] of diversity jurisdiction that must be met in order for diversity jurisdiction to be conferred upon the federal court. For example, in order for diversity jurisdiction to be established, the notice of removal must state with specificity that the bases for removal is diversity jurisdiction. The notice of removal must also state specifically that each plaintiff is a citizen of a state that is different from the citizenship of each defendant. The citizenship of the plaintiff must be stated and the citizenship of each defendant must be stated specifically. [Alternatively, if this is not stated in the notice of removal, it is possible that this problem could potentially be overcome if it is stated in the original complaint filed in state court.]. Otherwise, diversity jurisdiction has not been established and the state court was never divested of jurisdiction. Also, not only must the citizenship of each party be stated specifically but diversity of citizenship must be alleged to have existed both at the time of removal AND at the time of the filing of the suit in state court. Without these things, diversity jurisdiction is not established. Further, in order to establish diversity jurisdiction, the defendants cannot be citizens of the state where the suit was originally filed. So, in other words, even if the plaintiff and the defendants are completely diverse in actuality, if the defendants are citizens of the forum state, diversity jurisdiction does not lie. This proves that actual diversity of citizenship is a necessary but not sufficient condition to establish or confer diversity jurisdiction on a federal court. The defendants in this case failed to meet all of the above requirements to establish diversity jurisdiction, as follows.

### B. Defendants Cannot Retroactively Invoke Diversity Jurisdiction

5. First, the Notice of Removal filed by defendants on July 2, 2025, cited only federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. The notice made no mention whatsoever of diversity jurisdiction under 28 U.S.C. § 1332. It contains no mention whatsoever of 28 U.S.C. § 1332 (diversity jurisdiction), or the diversity of citizenship between the parties, or the specific citizenship of any defendant, or complete diversity at the time of removal or filing. Federal law requires that the basis for removal be "distinctly and affirmatively alleged" in the removal petition, and defendants cannot now manufacture jurisdictional grounds

---

[1] See Samaan v. St. Joseph Hosp., No. 11-1480 (1st Cir. 2012), stating: "Removal, however, must sometimes satisfy other requirements as well. In a diversity case, unanimity is one such requirement. But before turning to that requirement, we must iron out a wrinkle that neither the parties nor the district court spotted. The defendants, though diverse from the plaintiff, are citizens of Maine (the forum state). The removal of a diversity case by an in-forum defendant transgresses 28 U.S.C. § 1441(b), which provides that unless the action is one "arising under" federal law, removal is permissible only if "none of the. . . defendants is a citizen of the State in which such action is brought." In light of this prohibition, it is readily apparent that the instant action, which is not one arising under federal law, was improperly removed.

that were never so pleaded. The Eastern District of Pennsylvania in Carlton Properties, Inc. v. Crescent City Leasing Corp., 212 F. Supp. 370, 372 (E.D. Pa. 1962), directly addressed this situation:

> "The petition for removal alleges diversity of citizenship at the time of the filing of the petition, but is altogether silent as to citizenship at the time suit was instituted... The record must show diversity at both times."…"[t]here has been no sufficient allegation of the diversity of citizenship required by 28 U.S.C. § 1332(c). In the absence of facts in the record upon which diversity jurisdiction can rest, this Court has no jurisdiction." Id.

6. Second, the temporal constraints governing removal are strictly enforced. Under 28 U.S.C. § 1446(b), defendants had thirty days from service to file their removal petition. That deadline expired long ago, and defendants cannot now assert entirely new jurisdictional theories. As the Supreme Court held in Jackson v. Allen, 132 U.S. 27, 34 (1889), when "*the citizenship of the parties at the commencement of the actions, as well as at the time the petitions for removal were filed, was not sufficiently shown*," the jurisdictional defect "*cannot be cured by amendment.*"

7. Further, the Supreme Court in Stevens v. Nichols, 130 U.S. 230, 232 (1889), held that "*[a] petition for removal which alleges the diverse citizenship of the parties in the present tense is defective, and if it does not appear in the record that such diversity also existed at the commencement of the action, the cause will be remanded.*"

8. Here, Hilliard made no allegation of diversity jurisdiction whatsoever, present tense or otherwise. This is not a "defective allegation" that can be amended; it is a complete absence of any diversity-based jurisdictional claim. The distinction between "missing" and "defective" jurisdictional allegations is crucial.

9. In Estate of Fitzpatrick v. Brehm, 580 F. Supp. 731, 734 (W.D. Ark. 1984), Western District of Arkansas said:

> "In the first place, the petition for removal is defective in several respects... [T]he law is well settled that a removing party must allege diversity both at the time of the filing of the suit in state court and at the time of removal... In the petition for removal, it is stated that 'the plaintiff was allegedly at the time this action was commenced a resident of Omaha, Nebraska.' In the first place, this falls far short of specifically alleging diversity of citizenship both at the time of filing of the suit in state court and at the time of removal as required."

10. Even allegations of mere "residency" in that case were insufficient. Here, in this case, Hilliard made no allegations whatsoever regarding diversity jurisdiction. The notice of removal did not allege diversity jurisdiction, nor did it allege diversity of citizenship, nor did it allege the citizenship of the defendants, nor did it allege diversity at the time of removal or at the time of filing suit. These multiple failures constitute substantial and substantive defects that forfeits any retroactive claim of diversity jurisdiction.

11. Third, multiple federal courts have consistently held that defendants cannot retroactively invoke diversity jurisdiction when their original removal petition was based solely on federal question jurisdiction.

12. In Carlton Properties, Inc. v. Crescent City Leasing Corp., 212 F. Supp. 370 (E.D. Pa. 1962), the court explained that where a petition for removal "*failed to allege a necessary jurisdictional fact,*" the court has "*no jurisdiction in this matter except to declare our want of jurisdiction.*" The court noted that "a different question would have been presented if the petition to amend had been filed within the statutory time," but emphasized that after the deadline expires, such amendments are impermissible.

13. Fourth, similarly, in Garza v. Midland National Insurance Co., 256 F. Supp. 12 (S.D. Fla. 1966), the court held that 28 U.S.C. § 1653, which allows amendment of "*defective allegations of jurisdiction,*" does not permit the addition of entirely new jurisdictional grounds. The court explained that "the statute refers only to 'defective' allegations of jurisdiction, not 'missing' allegations."

14. Where, as here, there was no allegation of diversity jurisdiction in the original petition, changing the jurisdictional basis after the statutory deadline is prohibited. The distinction between curing defective allegations and adding missing allegations is fundamental to removal jurisprudence.

15. As the Supreme Court explained in Southern Pacific Co. v. Stewart, 245 U.S. 359, 363 (1917), amendments may be permitted "*to make the allegations of the removal petition more accurate and certain when the amendment is intended to set forth in proper form the ground of removal already imperfectly stated.*"

16. However, Hilliard here seek not to perfect an existing allegation but to create an entirely new jurisdictional basis that was never contemplated in their original filing. This alone presents a fatal problem to Hilliard' arguments. Hilliard and his lawyers should know this as they are seasoned lawyers. This suggests that the defendants have advanced a position that they know constitutes a frivolous or untenable legal position based on the law and the circumstances of this case. This has potential ramifications for sanctions under Rule 11.

17. Further, Wormley v. Southern Pacific Transp. Co., (E.D.Tex. 1994) 863 F. Supp. 382 , 386 (Sep 7, 1994) states:

> Plaintiffs' cite two cases which stand for the proposition that no new allegations of jurisdiction can be made outside the time limits set out in Section 1446(b). These cases are, however, easily distinguishable from the case at hand. The cases cited by Plaintiffs merely state that a removing party may not bring up a entirely new allegation of jurisdiction after the thirty day amendment period. Amtrak, throughout the arguing of this belabored motion, has asserted only one basis for

jurisdiction; Amtrak has consistently argued that the United States' ownership of more than one-half of its stock gives it the option to remove this case to federal court. Plaintiffs' cases would be on point if Amtrak were to suddenly put forth diversity of citizenship or admiralty (or any other new source of jurisdiction) as an additional basis for jurisdiction.

18. This is exactly what Hilliard defendants in this case are trying to do. They are suddenly trying to "put forth diversity of citizenship…as an additional basis for jurisdiction."

19. See O'halloran v. University of Washington, 856 F.2d 1375, 1381 (Sep 8, 1988) which states:

    As noted above, the defendant must state the basis for removal jurisdiction in the petition for removal. Furthermore, the petition must be filed within thirty days of receiving the complaint. 28 U.S.C. § 1446(b). The petition cannot be amended to add a separate basis for removal jurisdiction after the thirty day period. Barrow Dev. Co. v. Fulton Ins. Co., 418 F.2d 316, 317 (9th Cir. 1969).

20. See also Miley v. Citibank (S. DAKOTA), N.A. (C.D.Cal. 1993) 863 F. Supp. 1156 , 1162 (Jan 13, 1993):

    Given the strength of Citibank's preemption argument and the strong public interest in developing a uniform and consistent body of federal banking law, the Court understands Citibank's desire to adjudicate this dispute in federal court. **But the Court cannot bend procedural rules for substantive ends and it seems quite clear that section 1653 was not intended to bail defendants out of the dilemma in which Citibank finds itself today.** Defendants who plead diversity jurisdiction as the grounds for removal may be entitled to amend their removal notices after the first 30 days to plead additional jurisdictional facts. See e.g., Barrow, supra. And defendants who plead federal question jurisdiction may be justified in switching the applicable code section on which such jurisdiction is premised. See e.g., National Audubon, supra. **But defendants are not entitled to plead diversity as the basis for removal in their initial removal notice and then switch their theory 180 degrees by pleading federal question jurisdiction as the applicable grounds for removal in their amended notice, as Citibank attempts to do here today.** To allow such a broad escape from the 30 day limit set by § 1446(b) would allow the exception on which Citibank relies to completely swallow the underlying rule and would violate the Ninth Circuit's clear holding that a notice of removal "cannot be . . . amended [after the first thirty days] to add allegations of substance but solely to clarify `defective' allegations of jurisdiction previously made." Barrow, 418 F.2d at 317 (citation omitted).

21. In similar fashion, this court should not "bend procedural rules" to "bail defendants out of the dilemma" in which they finds themselves today. Hilliard is not entitled to plead federal question as the basis for removal in their initial removal notice and then switch their theory 180 degrees by pleading diversity jurisdiction now.

22. Fifth, diversity is neither established in original complaint. The original complaint does not mention the citizenship of any of the defendants. The residence of Craig Donais and Mary Donais are mentioned but not their citizenship in the original complaint at the time of filing. Further, neither the residence nor the citizenship of Russell Hilliard is mentioned in the original complaint at the time of filing. Only the citizenship of the plaintiff is specified. This is not sufficient to establish diversity jurisdiction from the face of the original complaint. Thus, the defendants cannot rely on the original complaint to cover for their failures.

23. The defendants are seasoned lawyers. They know that they cannot overcome these defects in their notice of removal. But yet they persist in filing these [evidently] frivolous oppositions that has no legal merit whatsoever because these defects cannot be overcome. Their omissions, in not addressing these incurable defects, shows an attempt to mislead the court, constituting blatant violation of the rules of conduct per candor with the court.

24. It should be noted that because Hilliard defendants for the first time are raising diversity citizenship in their opposition, Plaintiffs only have a limited opportunity to address that, via a limited reply. This is wholly unfair. By failing to raise, mention or cite diversity citizenship and diversity jurisdiction previously in their notice of removal (or elsewhere), the defendants cannot now change the basis of the jurisdiction claim. And there was no notice given to the plaintiffs that this was a basis for removal. The plaintiff could not have known that Hilliard defendants would later change to assert diversity jurisdiction after the fact because there was not even a scintilla of an attempt to signal such intent (not even later when the plaintiff asked multiple times to confer on remand but the defendants refused to disclose the intent to assert diversity, even then).

25. At the outset, Hilliard defendants squarely and narrowly focused all their effort and firepower on federal question jurisdiction, which they evidently thought was all they needed to do because the federal question was clear and obvious to them at the time they removed the case. It did not occur to them to consider asserting any other basis for jurisdiction other than federal question. This was their mistake. So Hilliard forewent raising diversity jurisdiction and did not plead diversity nor the citizenship of the defendants. Even the cover sheet filed by Hilliard defendants did not cite diversity but intentionally left that blank because they never intended to employ or seek diversity jurisdiction. It is thus now too late. Hilliard defendants made their bed and they must lie in it.

26. Further, Hilliard defendants are contradicting the law of this circuit that reject "snap removal" gamesmanship.

27. In R&N Check Corp. v. Bottomline Technologies, Inc., 2013 DNH 154 (D.N.H. 2013), this very Court held: "*Many district courts have wrestled with this difficult question... It is not necessary to re-plow that ground; it is sufficient to simply*

*note that the court agrees with the thoughtful and thorough analysis presented by Judge Woodlock in Gentile... [T]he plain language of section 1441(b) requires at least one defendant to have been served before removal can be effected.*"

28. Similarly, the District of Massachusetts in Adams v. Beacon Hill Staffing Group, Civil Action No. 15-cv-11827-ADB (D. Mass. Oct. 21, 2015), following Gentile v. Biogen Idec, Inc., 934 F. Supp. 2d 313 (D. Mass. 2013), held that "*removal is improper until at least one defendant has been served*" and that "*[a] plaintiff thus may preserve its choice of state forum by serving the forum defendant before any others.*"

### C. The Forum Defendant Rule Categorically Prohibits This Removal

29. Similarly, Hilliard defendants are impermissibly seeking Forum Defendant Rule circumvention. Hilliard defendants appear to be attempting to contradict the law of the district courts in this circuit by attempting to circumvent the forum defendant rule under 28 U.S.C. § 1441(b)(2) despite all defendants being New Hampshire citizens. This statutory provision (28 U.S.C. § 1441(b)(2)) prohibits diversity-based removal when "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The application of this rule to the present case is straightforward and dispositive. In Lincoln Property Co. v. Roche, 546 U.S. 81, 84 (2005), the Supreme Court held that defendants may remove an action on diversity grounds only when "there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." This holding reflects the fundamental policy underlying the diversity statute: federal courts should not displace state court jurisdiction when there is no risk of local bias against out-of-state defendants. The forum defendant rule serves a particularly important function in preventing the type of strategic gamesmanship defendants have engaged in here. As the First Circuit has recognized, allowing forum defendants to remove such cases would create perverse incentives and undermine the careful balance Congress struck in the removal statutes. The NH federal district court has specifically applied this principle in R & N Check Corp. v. Bottomline Technologies, Inc. by precluding removal until proper service.

### D. Hilliard Defendants' Cited Cases Are Distinguishable and Non-Binding

30. Hilliard defendants' reliance on Leahy v. Omni Hotels Management Corporation is fundamentally misplaced because the factual circumstances of that case bear no resemblance to the present situation. In Leahy, the forum defendant was added to the case after removal had already occurred, creating a different legal question, where the Leahy court ruled that "the post-removal joinder of a forum defendant does not implicate the forum defendant rule, regardless of whether the rule is properly characterized as jurisdictional or procedural in nature."

31. Here, in this case, all defendants were forum defendants from the inception of the case, and thus the forum defendant rule prohibited removal from the outset.

32. Further, the Leahy court upheld the holding of the Gentile court that bars snap removals in this circuit, by saying:

> See also Gentile v. Biogen Idec, Inc., 934 F.Supp.2d 313, 316-18 (D. Mass. 2013) (holding that plain language of removal statute permits a properly served, non-forum defendant to remove before plaintiff effects service on a forum defendant). Because Morgan had been neither joined nor served at the time of removal, the forum defendant rule did not preclude Omni's removal.

33. This means that the Leahy court held that, in accordance with Gentile, if all defendants are forum defendants, removal is improper. In Leahy, because Morgan was only formally added as a defendant, after removal, the initial removal was not barred by the forum defendant rule. In this case, because all defendants were citizens of NH at the time of removal, removal is thus improper. This is the actual holding of Leahy. Moreover, because there was no non-forum defendants in this case, there was no exception that could allow for removal as the Gentile court held (and further upheld by Leahy). This is also consistent with Adams v. Beacon Hill Staffing, 1:15-cv-11827), D. Mass (2015), which states:

> The most thoughtful examination of this issue in this district was undertaken by Judge Woodlock in Gentile v. Biogen Idec, Inc., 934 F. Supp. 2d 313 (D. Mass. 2013). In Gentile, Judge Woodlock held that where removal is based on diversity of citizenship and there is both a forum and a non-forum defendant, "removal is improper until at least one defendant has been served." Gentile, 934 F. Supp. 2d at 314. Under this rule, "[a] plaintiff thus may preserve its choice of state forum by serving the forum defendant before any others." Id.
> 
> …
> 
> First, this Court overall agrees with the reasoning articulated in Gentile, which allows a plaintiff to preserve its choice of forum where there is a forum defendant and the rationale for diversity jurisdiction is therefore markedly less compelling. Gentile, 934 F. Supp. 2d at 314. Additionally, ruling consistent with Gentile will, at least in this district, help to simplify the "disarray on the question," id. at 316, and provide clarity to litigants involved in multi-defendant litigation with diverse parties and a combination of forum and non-forum defendants.
> 
> …

In sum, applying Gentile and consistent with the language and intent of the statute, Citrix's initial removal of this case was improper. In cases where the parties are diverse and one defendant is a citizen of the forum state, removal based on diversity is prohibited until at least one defendant has been served. If the non-forum defendant is served before the forum defendant, the non-forum defendant may remove. See Howard v. Genetech, Inc., No. 12-11153-DPW, 2013 WL 680200, at *1 (D. Mass. Feb. 21, 2013) (indicating that removal by the non-forum defendant would have been permissible if accomplished in the period after it had been served but before the forum defendant was served). If, on the other hand, the forum defendant is served first, removal is not permitted. Here, **because neither defendant had been served when Citrix purported to remove the action**, Citrix's removal was premature and impermissible.

34. The above case shows that in a case where all defendants are forum defendants and none of them have been served, removal is improper. Furthermore, this very court in R&N Check Corp. v. Bottomline Technologies, Inc., 2013 DNH 154 (D.N.H. 2013), agreed, by saying:

> Many district courts have wrestled with this difficult question of statutory construction and they have reached conflicting interpretations of section 1441(b)(2). See generally Gentile v. Biogen Idec, Inc., 934 F. Supp. 2d 313 (D. Ma. 2013) (collecting cases). It is not necessary to re-plow that ground; it is sufficient to simply note that the court agrees with the thoughtful and thorough analysis presented by Judge Woodlock in Gentile. Consistent with the holding in Gentile, the court concludes that "the plain language of section 1441(b) requires at least one defendant to have been served before removal can be effected." Id. at 316. See also Hawkins v. Cottrell, Inc., 785 F. Supp. 2d 1361 (N.D. Ga. 2011). As Judge Woodlock observed:
>
>> Precluding removal until at least one defendant has been served protects against docket trolls with a quick finger on the trigger of removal. Under the reading I have given to section 1441(b) here, plaintiffs legitimately seeking to join a forum defendant face the modest burden of serving that defendant before any others. If a plaintiff serves a non-forum defendant before serving a forum defendant, he has effectively chosen to waive an objection to the removal by a nimble non-forum defendant who thereafter removes the case before service upon a forum defendant named in the complaint. And, even when a forum defendant is served first, my reading anticipates a situation in which an unserved non-forum defendant may remove following service on a forum defendant, in hopes of arguing that joinder of the forum defendant was fraudulent. This reading of the statute thus accommodates the clear congressional purpose animating section 1441(b) - preventing abuse by plaintiffs in forum selection - while also closing an unintended loophole incentivizing parallel abuse by defendants seeking to escape a state forum in which a co-defendant is a citizen, all without doing violence to the plain language of the statute. Gentile, 934 F. Supp. 2d at 322-23.
>
> Because **Bottomline is the only defendant in this case, and because it had not yet been served when it removed the action to this court, removal was improper**.

35. Further, the Leahy court specifically noted that "the forum defendant rule is only applicable at the time a notice of removal is filed," but this observation supports plaintiffs' position rather than defendants'. At the time defendants filed their Notice of Removal, all defendants were New Hampshire citizens properly joined in a case filed in New Hampshire Superior Court. The forum defendant rule therefore prohibited the removal.

36. Defendants' citation to Hanson v. Depot LBX, Inc., 756 F. Supp. 3d 56 (W.D. Va. 2024), is similarly unavailing because it represents non-binding authority from outside the First Circuit and addresses factual circumstances that do not parallel this case. The Western District of Virginia's interpretation of removal law carries no precedential weight in the District of New Hampshire, and defendants provide no compelling reason why this court should adopt reasoning that conflicts with controlling First Circuit precedent and the weight of authority in this district. Moreover, the Hanson decision does not address the specific combination of factors present here: retroactive invocation of diversity jurisdiction, forum defendant rule violations, and the impact of Royal Canin on cases where federal claims have been eliminated by amendment. The decision therefore provides no guidance on the central legal issues that control this case.

37. Thus, consistent holdings of district courts in this Circuit establish that: a) snap removal is prohibited when forum defendants are present; b) service is required before removal can be effectuated; c) forum shopping gamesmanship isn't tolerated; d) Forum defendant rule can't be circumvented through procedural manipulation.

### E. Hilliard' Opposition Appears To Lack Any Reasonable Basis in Law

38. The legal position taken by Defendants appears to lack support in controlling First Circuit precedent and may constitute sanctionable conduct under Federal Rule 11. Fed. R. Civ. P. 11(b)(2) requires that legal contentions be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law."

39. Hilliard's diversity jurisdiction theory a) directly contradicts Supreme Court precedent in Jackson v. Allen and Stevens v. Nichols, b) ignores the absolute forum defendant rule bar of this court and circuit, c) attempts to add new jurisdiction theory that was never asserted before through post-hoc arguments, d) violates settled law in this circuit and the Supreme Court regarding removal notice requirements concerning assertion of jurisdictional basis.

40. Hilliard's objection appear to serve no purpose except to delay the inevitable remand and increase litigation costs.

Respectfully submitted,
/s/ Natalie Anderson
Natalie Anderson

September 12, 2025

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served to the defendants in this case.

/s/ Natalie Anderson
Natalie Anderson