UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251|ANDRE BISASOR v. CRAIG DONAIS, et. al

## BISASOR'S REPLY TO DONAIS DEFENDANTS' OBJECTION TO MOTION TO REMAND

1. Plaintiff Andre Bisasor ("Bisasor") files this reply to Donais Defendants' Objection to Plaintiff's Motion to Remand. Bisasor also incorporates Plaintiff Natalie Anderson's Reply To Donais' Objection to Remand[1].

### I. Introduction

2. Bisasor files this reply to Donais Defendants' Opposition to Plaintiff's Motion to Remand. The opposition lacks merit and mischaracterizes both the law and the procedural requirements governing removal jurisdiction. Donais defendants (simply "Donais" hereafter) attempt to retroactively invoke diversity jurisdiction after failing to plead it in their original Notice of Removal violates fundamental principles of removal law and should be rejected.

3. NB: Donais concede there no longer is any federal question jurisdiction upon filing of the amended complaint.

### II. Donais Defendants Failed to Properly Establish Removal Jurisdiction

4. The case must be remanded because Donais failed to meet their burden of establishing diversity jurisdiction. Removal statutes are strictly construed against removal, and all doubts are resolved in favor of remand. Donais' original notice of removal cited only federal question jurisdiction under 28 U.S.C. §1331 and supplemental jurisdiction under 28 U.S.C. §1367, with no mention whatsoever of diversity jurisdiction under 28 U.S.C. §1332.

5. Federal law requires that the basis for removal be "distinctly and affirmatively alleged" in the removal petition.

6. Donais cannot now manufacture jurisdictional grounds that were never pleaded. The distinction between missing and defective jurisdictional allegations is crucial and dispositive here. Where Donais made no allegation of diversity jurisdiction whatsoever in any of its prior filings including the notice of removal or any other attendant filing, this constitutes a complete absence of any diversity-based jurisdictional claim rather than a defective allegation that can be amended.

### III. Complete Diversity Was Not Established

7. Donais' assertion that complete diversity exists is fundamentally flawed. While Donais claims they are New Hampshire residents and plaintiff is a Massachusetts resident, mere allegations of residence are insufficient to establish citizenship for diversity jurisdiction purposes. Courts have consistently held that citizenship and residency are distinct concepts, and allegations of residence alone cannot establish diversity jurisdiction.

8. Donais failed to allege specifically the citizenship of each defendant at both the time of filing the suit in state court and at the time of removal, as required by law. The Notice of Removal contains no specific allegations regarding citizenship of Russell Hilliard, Craig Donais, Mary Donais, or any other defendant. This omission can't be cured retroactively. NB: Donais baldly asserts that the court had diversity jurisdiction at the time of removal. This is inconsistent with the fact that diversity jurisdiction is never automatically conferred or doesn't simply exist, without meeting all procedural requirements for diversity jurisdiction to be conferred to federal court.

### IV. Retroactive Invocation of Diversity Jurisdiction Is Prohibited

9. Donais cannot invoke diversity jurisdiction for the first time in their opposition papers after the 30-day removal deadline has expired. The temporal constraints governing removal are strictly enforced, and Donais defendants

---

[1] Note: Plaintiff Natalie Anderson ("Anderson") submitted a reply to Donais' Objection to Remand, at just before midnight on 9-12-25. But due to the brief time the e-filing system took to electronically process the submission, the e-filing system finally completed the processing just as the clock turned to midnight. It thus seems that Anderson's filing was made on 9-13-25, when in fact it was made on 9-12-25, literally just before midnight. To the extent tit could be strictly/rigidly construed as literally one second late in turning to midnight at the moment it was finally processed, plaintiffs assume that a hyper-technical stance will not be taken. Either way, though presumably not necessary, plaintiffs plead that there was a technical problem that delayed submission completion of Anderson's filing made on 9-12-25, prior to midnight. Further, Anderson's reply is also incorporated/attached hereto, in order to cover bases for the issue raised by the clerk's order dated 9-13-25, which stated: "*NOTICE of ECF Filing Error re: 30 Reply to Objection to Motion filed by Natalie Anderson, 31 Reply to Objection to Motion, filed by Natalie Anderson. The login and password used must equal the /s/ name on the pleading. Absent a court order authorizing plaintiff Anderson electronic filing, going forward, all plaintiff Anderson's filings shall be conventionally filed and served in accordance with the provisions of the Federal Rules of Civil Procedure and the local rules of this court. NO ACTION REQUIRED - FOR INFORMATIONAL PURPOSES ONLY AND MERELY INTENDED TO EDUCATE ALL PARTIES IN THE CASE. (vln)*." Although the clerk's order states it is for information purposes, intended to apply going forward, and that no action is required, Bisasor, in the abundance of caution, hereby incorporates by reference and attaches Anderson's reply as **Exhibit 1**, to preserve all rights/arguments, both directly and indirectly. For this and other reasons due to circumstances outside of his control (which aren't stated due to time), Bisasor asks this now-filed reply, only 2 business days late, be accepted.

had 30 days from service to file their removal petition. Once this deadline expired, the Donais defendants cannot assert entirely new jurisdictional theories.

10. Multiple federal courts have held that defendants can't retroactively invoke diversity jurisdiction when their original removal petition was based solely on federal question jurisdiction. The Supreme Court established in Jackson v. Allen that when citizenship of parties wasn't sufficiently shown in the removal petition, the jurisdictional defect "cannot be cured by amendment". Similarly, in Stevens v. Nichols, the Court held that defective diversity allegations require remand when diversity didn't exist at commencement of the [federal] action.

11. The distinction between curing defective allegations and adding entirely missing allegations is fundamental. Section 1653 permits amendment of defective jurisdictional allegations but does not allow the addition of entirely new jurisdictional grounds after the statutory deadline. Donais Defendants here seek not to perfect an existing allegation but to create an entirely new jurisdictional basis that was never contemplated in their original filing.

## V.  The Forum Defendant Rule Prohibits Removal

12. Even if diversity jurisdiction could be established, the forum defendant rule under 28 U.S.C. § 1441(b)(2) categorically prohibits this removal. All defendants are citizens of New Hampshire, the forum state where this action was filed. The statutory provision prohibits diversity-based removal when "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought".

13. The Supreme Court in Lincoln Property Co. v. Roche held that defendants may remove an action on diversity grounds only when there is complete diversity and no defendant is a citizen of the forum state. This fundamental policy prevents forum defendants from removing cases where there is no risk of local bias against out-of-state defendants. The First Circuit has consistently applied this principle, and this Court has specifically precluded removal in similar circumstances.

## VI. Donais' Reliance on Snap Removal Is Misplaced|Snap Removal Isn't Allowed in this Court/Circuit

14. In their objection, Donais defendants state: "Also, snap removal is "a permissible litigation tactic under the removal statute." Hanson v. Depot LBX, Inc., 756 F. Supp. 3d 56, 59 (W.D. Va. 2024)".

15. Donais thus relies on the concept of "snap removal," but this is not available here as it has been rejected by courts in this Circuit, including through decisions in Gentile v. Biogen Idec and related cases, that established that removal is improper until at least one defendant has been served, and that plaintiffs may preserve their choice of state forum by serving forum defendants first. This Court in R&N Check Corp. v. Bottomline Technologies specifically agreed with the Gentile analysis, holding that "the plain language of section 1441(b) requires at least one defendant to have been served before removal can be effected". The court emphasized that precluding removal until service protects against procedural gamesmanship and preserves the careful balance Congress struck in the removal statutes. Even courts that have permitted snap removal in other circuits have done so only in cases where non-forum defendants existed who could remove before forum defendants were served. Here, all defendants are forum defendants, making snap removal impossible under controlling circuit precedent.

16. Thus, the First Circuit and this District have categorically rejected snap removal as a permissible removal strategy. The attempt by Donais defendants to invoke snap removal doctrine runs directly contrary to controlling precedent in this jurisdiction and can't serve as basis for removal under any circumstances present in this case.

17. The District of New Hampshire has already spoken definitively on this issue in R&N Check Corp. v. Bottomline Technologies, Inc., where Judge McAuliffe explicitly agreed with and adopted the analysis from Gentile v. Biogen Idec, Inc., holding that "the plain language of section 1441(b) requires at least one defendant to have been served before removal can be effected." R&N Check Corp. v. Bottomline Techs., Inc., No. 13-cv-118-SM, 2013 WL 6150284, at *7 (D.N.H. Nov. 15, 2013). The court in R&N Check recognized that precluding removal until at least one defendant has been served "protects against docket trolls with a quick finger on the trigger of removal" and prevents defendants from exploiting "an unintended loophole incentivizing parallel abuse by defendants seeking to escape a state forum in which a co-defendant is a citizen." Id.

18. Similarly, the District of Massachusetts has consistently rejected snap removal attempts. In Gentile v. Biogen Idec, Inc., Judge Woodlock conducted a thorough analysis of the statutory language and concluded that Section 1441(b) requires service on at least one defendant before removal can be accomplished. Gentile v. Biogen Idec, Inc., 934 F. Supp. 2d 313, 316 (D. Mass. 2013). This holding was subsequently reaffirmed in Adams v. Beacon Hill Staffing Group, LLC, where the court held that the plain language of the removal statute demands that "at

least one defendant must have been served before removal can be effected." Adams v. Beacon Hill Staffing Grp., LLC, No. 15-cv-13116-DJC, 2015 WL 6182468, at *3 (D. Mass. Oct. 21, 2015).

19. The First Circuit itself has established that removal by forum defendants transgresses the removal statute. In Samaan v. St. Joseph Hospital, the court stated unequivocally that "[t]he removal of a diversity case by an in-forum defendant transgresses 28 U.S.C. section 1441(b)." Samaan v. St. Joseph Hosp., 670 F.3d 21, 27 (1st Cir. 2012). While the First Circuit in Novak v. Bank of New York Mellon Trust Co. noted that it has "left the question open" regarding snap removal more generally, it did so in a footnote, and the broader jurisprudence of the circuit demonstrates hostility to removal strategies that circumvent the forum defendant rule. Novak v. Bank of N.Y. Mellon Tr. Co., NA, 783 F.3d 910, 911 n.1 (1st Cir. 2015).

20. The reasoning underlying this circuit's rejection of snap removal is sound and based on fundamental principles of removal law. Courts in this jurisdiction recognize that permitting snap removal would create perverse incentives for defendants to engage in strategic and precipitous removals that circumvent the careful balance Congress struck in the removal statutes. As the Gentile court observed, the proper interpretation of the statute "accommodates the clear congressional purpose animating section 1441(b) - preventing abuse by plaintiffs in forum selection - while also closing an unintended loophole incentivizing parallel abuse by defendants seeking to escape a state forum in which a co-defendant is a citizen." Gentile, 934 F. Supp. 2d at 322-23.

21. Further, Donais defendants here cannot distinguish their case from the controlling precedent in R&N Check Corp., where the court faced nearly identical circumstances involving a single forum defendant attempting to remove before service. Just as in R&N Check, all defendants in this case are forum defendants, and their attempt to remove based on snap removal principles violates the established law of this district and circuit. The fact that defendants may invoke diversity jurisdiction rather than federal question jurisdiction does not alter the fundamental prohibition against snap removal that this court has already recognized.

22. This circuit's approach stands in direct contrast to other circuits that have permitted snap removal, such as the Second, Third, and Fifth Circuits. However, federal removal law is not uniform across all circuits, and defendants cannot rely on favorable precedent from other jurisdictions when controlling First Circuit precedent forecloses their removal strategy. The doctrine of snap removal, whatever its merits in other circuits, has been definitively rejected within this jurisdiction and cannot serve as a basis for removal here.

23. Thus, contrary to Donais defendants' assertions, they did not properly remove this matter in the first instance.

## VII.     Royal Canin Supports Remand

24. Donais Defendants' attempt to distinguish the Royal Canin U.S.A., Inc. case is unavailing. The Supreme Court's recent decision establishes that when federal question jurisdiction formed the basis for removal but federal claims are subsequently dismissed, the federal court loses supplemental jurisdiction and remand is required. While the federal question claim in this case was voluntarily dismissed through amendment, the principle remains the same: elimination of federal claims destroys the jurisdictional foundation that supported removal.

25. Further, Donais Defendants' interpretation of Royal Canin fundamentally misstates the Supreme Court's holding. The Court did not create an exception for cases where multiple jurisdictional grounds existed at removal. Instead, Royal Canin established that federal jurisdiction must be determined by examining "what the new complaint says" after amendment. The decision reaffirms that jurisdictional determinations are tied to the amended complaint without regard to the original filing, and this principle applies equally whether the case was originally filed in federal court or removed from state court.

26. The Royal Canin decision reinforces that plaintiffs are the "masters of their complaints" and can choose their preferred forum. The Court emphasized that federal jurisdiction depends on "what the new complaint says" after amendment. With no federal claims remaining, the Court does not have federal claim jurisdiction. And with no properly and timely pleaded diversity jurisdiction, this Court never had and does not have diversity jurisdiction. Thus, this Court lacks any basis to retain jurisdiction.

## VIII.     Donais Defendants' Cited Cases Are Distinguishable

27. Donais Defendants' reliance on cases from outside the First Circuit, particularly Hanson v. Depot LBX, Inc. from the Western District of Virginia, carries no precedential weight in this jurisdiction. The interpretation of removal law by courts in other circuits does not control here, particularly where it conflicts with established First Circuit precedent/courts in this Circuit, regarding snap removal and forum defendant rule requirements.

28. The Leahy v. Omni Hotels Management Corporation decision actually supports plaintiffs' position. That case involved the post-removal joinder of a forum defendant, creating entirely different legal circumstances from the present case where all defendants were forum defendants from inception. The Leahy court specifically upheld the Gentile holding that bars snap removals in this circuit.

29. It should further be noted that Donais defendants admit that "the Leahy case is not squarely on point". This confirms that the Court should really ignore the attempt to tenuously squeeze the Leahy case into the objection, trying to fit a "square into a round hole", when the fact is that it does not fundamentally support their position.

## IX. The Original Complaint Does Not Cure the Jurisdictional Defects

30. Donais Defendants cannot rely on the original state court complaint to establish diversity jurisdiction. The original complaint mentions only the residence of certain parties, not their citizenship, and fails to provide the specific citizenship allegations required for diversity jurisdiction. Moreover, neither the residence nor citizenship of all defendants is mentioned in the original complaint. This incomplete information cannot establish the complete diversity required for federal jurisdiction.

31. It should be noted that Donais defendants assert in their objection that "the substance of the amended complaint establishes diversity jurisdiction." But this is not the standard for establishing diversity jurisdiction, which must be asserted in the removal notice or the original complaint (not in an amended complaint). Donais' argument here fails for that reason. Furthermore, the fact that Donais assert that "the substance of the amended complaint establishes diversity jurisdiction", and remain silent as to the original complaint establishing diversity jurisdiction, is a tacit admission to the fact that Donais knows/concedes that diversity jurisdiction was not established in the original complaint nor in the removal documents (otherwise, they would have asserted it).

## X. Forfeiture of Amendment of the Notice of Removal

32. Donais Defendants did not seek leave to file an amended notice of removal nor moved this Court for permission to cure their jurisdictional omissions following the initial removal of this case, within 30 days after removal. This omission is significant and compounds the procedural flaws in their attempt to assert diversity jurisdiction at this late juncture. The statutory framework governing removal demands strict compliance with procedural requirements; 28 U.S.C. § 1446(b) sets forth a firm 30-day time limit for filing a notice of removal based on the grounds present in the initial pleading. Should defendants discover their initial notice of removal contains technical defects, federal law provides a pathway to amend such defects, typically under 28 U.S.C. § 1653. However, amendment is reserved for the correction of "defective allegations of jurisdiction," not for the wholesale addition of new, previously omitted jurisdictional grounds after the removal period has expired.

33. The impact of not even filing a proper motion to amend is that Donais forfeited the opportunity provided by federal procedure to even try to cure or assert a cure to jurisdictional defects. Courts in both New Hampshire and Massachusetts have recognized that a party wishing to amend its notice of removal must affirmatively seek leave of court and must do so with promptness. For example, in Liberty Mutual Ins. Co. v. Swirka, the District of New Hampshire struck a purported "amended notice of removal" that was filed without leave and outside the prescribed procedure, explicitly finding that such a filing required prior court approval and compliance with local rules. Similarly, in Nordin v. PB&J Resorts, LLC, the court noted that only amendments to cure minor technical defects may be allowed but only where parties properly and promptly request leave, and only if the amendment would not be futile. The latitude to amend does not extend indefinitely; it is constrained by federal limitations and by the principles of procedural fairness and judicial economy.

34. Moreover, as recognized in Lorensen v. Jenney Mfg. Co., from the District of Massachusetts, a notice of removal that fails on its face to make the necessary jurisdictional allegations is procedurally defective, and the failure to timely seek leave to cure such defects is not a trivial matter. The consequences for a defendant who fails to act diligently are not merely technical. Federal courts have emphasized that amendment should be permitted in service of substantive justice, not as a vehicle for tactical delay or to circumvent the clear statutory deadline; more than two and a half months after removal is manifestly outside these bounds.

35. This failure to file any amended notice of removal, or to file any motion seeking permission to amend the notice of removal, for such an extended period is a further indication that Donais defendants have abandoned, or forfeited, any right to assert new jurisdictional grounds. The absence of diligence and the preference for post hoc arguments in opposition cannot substitute for proper procedure. Allowing Donais defendants to now amend or

4

cure their notice without ever having moved the court would undermine the procedural safeguards of removal statutes, encouraging strategic delay and uncertainty. The courts, especially within this circuit, have repeatedly held that compliance with removal procedures is not a mere technicality but a fundamental requirement to preserve the integrity of federal jurisdiction. Judicial economy and fairness demand that the removal process not become a moving target, and the Donais defendants' conduct here falls short of the standards set by precedent.

36. Thus, Donais' failure to file an amended notice of removal or a motion to seek leave to amend, when well outside the 30-day statutory window, is fatal. It reflects an abandonment of the opportunity to even try to cure omissions, and it reflects a forfeiture of any alleged right to now invoke diversity jurisdiction. Procedural deadlines that govern removal are grounded in the need for clarity, finality, and the orderly administration of justice, and this Court should not abrogate those principles by countenancing untimely or unauthorized amendments.

37. NB: It also should be noted that Defendants also have fundamentally mischaracterized the recent Supreme Court decision in Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22 (2025).

## XI. Donais Defendants' Failed to Properly Confer and Hid/Concealed Diversity Claim From Plaintiffs

38. When Plaintiff requested to confer regarding the legal basis for Donais' anticipated opposition, as required by good faith practice, Donais' counsel refused to disclose their arguments prior to filing. [See exhibits that are attached to the emergency motion to stay briefing on the motions to dismiss, filed by plaintiff on 8-15-25, which are incorporated herein by reference]. This blindsided Plaintiffs leaving them without knowledge of specific legal theories Donais would now advance regarding new jurisdiction theories in opposition to remand.

39. The rules of conduct require candor with the tribunal, which includes accurately stating the law and not twisting the law or misstating what case law is, or engaging in futile tactics to delay remand. Plaintiff sought to confer with Donais on the motion to remand, and a related motion to stay, and they refused to: a) confer in good faith, b) have a conferring call, c) state what their position was on remand, and d) refused to state why they opposed remand. This was done because they didn't want plaintiff to point out that their basis was contrary to law, was futile or in bad faith, and ostensibly wanted plausible deniability to file their opposition first, without the conferring process providing checks/balances against filing bad faith meritless oppositions. The entire game-playing with the conferring process was intended to provide cover for Donais to make misstatements about the law/tenuous frivolous arguments, to use fringe theories the courts have rejected or that don't quite apply to this situation, and to make untrue/misleading characterizations about the facts or the law, in order to wrongly delay remand or to frivolously oppose remand without proper legal basis. This is grounds for sanctions. Note: The issue of remand is a highly scrutinized area of law and the courts are more willing to issue sanctions for any gameplaying that results in improper delay or frustrating the inevitable remand.

## XII.   Conclusion

40. In sum, the case should be remanded because: a) Diversity jurisdiction cannot be met; b) Diversity jurisdiction was not pled originally; c) The citizenship of each defendant was not pled originally nor stated in the original complaint; d) Snap removal is not permitted by this court or in this circuit; e) Defendants cannot change jurisdiction grounds after the fact, after 30 days beyond removal; f) Removal must be strictly construed under federal law; g) Defendants have not filed an amended notice of removal nor filed a motion to amend notice of removal, thus waived/forfeited the ability to seek post-hoc amendment.

41. Donais Defendants' opposition fails on multiple independent grounds, each of which is fatal to their position. They failed to plead diversity jurisdiction in their original Notice of Removal, cannot retroactively invoke such jurisdiction after the statutory deadline, are barred by the forum defendant rule, and lack any basis under controlling circuit precedent for snap removal. The recent Royal Canin decision further supports remand where federal question jurisdiction no longer exists. Thus, the opposition should be rejected, and the motion to remand granted. Justice requires that this case be returned to the NH Superior Court where it was properly filed.

## XIII.   Relief Requested

42. WHEREFORE, Plaintiffs respectfully request that this Court grant the Motion to Remand, or otherwise hold a hearing on the Motion to Remand, or grant such other relief as the Court deems just and proper.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

September 17, 2025

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor

Andre Bisasor

# Exhibit 1

UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251|ANDRE BISASOR v. CRAIG DONAIS, et. al

## **NATALIE ANDERSON'S REPLY TO DONAIS' OPPOSITION TO MOTION TO REMAND**

1. Plaintiff Natalie Anderson files this reply to Donais' Objection to Plaintiff's Motion to Remand, as follows.

### A. Improper Legal Arguments Raised by Donais

2. Donais' opposition raise what appears to be improper or untenable legal arguments, that require substantial research and analysis to properly address. These legal arguments appear to lack proper support in law or proper legal basis in this court and in this circuit in particular. These oppositions to remand thus appear to be frivolous and to violate the duty of candor to the court under the rules of conduct for lawyers.

3. Specifically, it appears that the law of this court and circuit (and others) have foreclosed any legitimate ability of the defendants to invoke retroactive diversity jurisdiction that was never pled or asserted before by them in their notice of removal. Donais appear to be trying to invoke diversity jurisdiction for the first time in their oppositions, despite failing to cite 28 U.S.C. § 1332 or any scintilla of diversity bases, in their original Notice of Removal and despite the expiration of the 30-day removal deadline that has long passed. Thus, Donais' central argument rests on the [evidently] legally untenable theory that they can retroactively invoke diversity jurisdiction to save their removal despite having failed to cite this jurisdictional basis in their original Notice of Removal. Plaintiffs initial review of this matter indicates that this argument fails on multiple independent grounds, each of which is fatal to their position, as follows.

4. First, it should be noted that the court does not have jurisdiction under a federal question. Donais have conceded this point. Donais, however, now contend, for the first time in their oppositions, that the court has jurisdiction based on diversity of citizenship, in an effort to salvage against remand. But Donais appear to be wrong on this point. The court does not have jurisdiction over this case based on diversity of citizenship for several reasons. First, there is a difference between diversity of citizenship and jurisdiction based on diversity of citizenship. Actual diversity of citizenship is only but one component of diversity jurisdiction. There are other elements[1] of diversity jurisdiction that must be met in order for diversity jurisdiction to be conferred upon the federal court. For example, in order for diversity jurisdiction to be established, the notice of removal must state with specificity that the bases for removal is diversity jurisdiction. The notice of removal must also state specifically that each plaintiff is a citizen of a state that is different from the citizenship of each defendant. The citizenship of the plaintiff must be stated and the citizenship of each defendant must be stated specifically. [Alternatively, if this is not stated in the notice of removal, it is possible that this problem could potentially be overcome if it is stated in the original complaint filed in state court.]. Otherwise, diversity jurisdiction has not been established and the state court was never divested of jurisdiction. Also, not only must the citizenship of each party be stated specifically but diversity of citizenship must be alleged to have existed both at the time of removal AND at the time of the filing of the suit in state court. Without these things, diversity jurisdiction is not established. Further, in order to establish diversity jurisdiction, the defendants cannot be citizens of the state where the suit was originally filed. So, in other words, even if the plaintiff and the defendants are completely diverse in actuality, if the defendants are citizens of the forum state, diversity jurisdiction does not lie. This proves that actual diversity of citizenship is a necessary but not sufficient condition to establish or confer diversity jurisdiction on a federal court. The defendants in this case failed to meet all of the above requirements to establish diversity jurisdiction, as follows.

### B. Defendants Cannot Retroactively Invoke Diversity Jurisdiction

5. First, the Notice of Removal filed by defendants on July 2, 2025, cited only federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. The notice made no mention whatsoever of diversity jurisdiction under 28 U.S.C. § 1332. It contains no mention whatsoever of 28 U.S.C. § 1332 (diversity jurisdiction), or the diversity of citizenship between the parties, or the specific citizenship of any defendant, or complete diversity at the time of removal or filing. Federal law requires that the basis for removal be "distinctly and affirmatively alleged" in the removal petition, and defendants cannot now manufacture jurisdictional grounds

---

[1] See Samaan v. St. Joseph Hosp., No. 11-1480 (1st Cir. 2012), stating: "Removal, however, must sometimes satisfy other requirements as well. In a diversity case, unanimity is one such requirement. But before turning to that requirement, we must iron out a wrinkle that neither the parties nor the district court spotted. The defendants, though diverse from the plaintiff, are citizens of Maine (the forum state). The removal of a diversity case by an in-forum defendant transgresses 28 U.S.C. § 1441(b), which provides that unless the action is one "arising under" federal law, removal is permissible only if "none of the. . . defendants is a citizen of the State in which such action is brought." In light of this prohibition, it is readily apparent that the instant action, which is not one arising under federal law, was improperly removed.

that were never so pleaded. The Eastern District of Pennsylvania in Carlton Properties, Inc. v. Crescent City Leasing Corp., 212 F. Supp. 370, 372 (E.D. Pa. 1962), directly addressed this situation:

> "The petition for removal alleges diversity of citizenship at the time of the filing of the petition, but is altogether silent as to citizenship at the time suit was instituted... The record must show diversity at both times."…"[t]here has been no sufficient allegation of the diversity of citizenship required by 28 U.S.C. § 1332(c). In the absence of facts in the record upon which diversity jurisdiction can rest, this Court has no jurisdiction." Id.

6. Second, the temporal constraints governing removal are strictly enforced. Under 28 U.S.C. § 1446(b), defendants had thirty days from service to file their removal petition. That deadline expired long ago, and defendants cannot now assert entirely new jurisdictional theories. As the Supreme Court held in Jackson v. Allen, 132 U.S. 27, 34 (1889), when "*the citizenship of the parties at the commencement of the actions, as well as at the time the petitions for removal were filed, was not sufficiently shown*," the jurisdictional defect "*cannot be cured by amendment*."

7. Further, the Supreme Court in Stevens v. Nichols, 130 U.S. 230, 232 (1889), held that "*[a] petition for removal which alleges the diverse citizenship of the parties in the present tense is defective, and if it does not appear in the record that such diversity also existed at the commencement of the action, the cause will be remanded*."

8. Here, Donais made no allegation of diversity jurisdiction whatsoever, present tense or otherwise. This is not a "defective allegation" that can be amended; it is a complete absence of any diversity-based jurisdictional claim. The distinction between "missing" and "defective" jurisdictional allegations is crucial.

9. In Estate of Fitzpatrick v. Brehm, 580 F. Supp. 731, 734 (W.D. Ark. 1984), Western District of Arkansas said:

> "In the first place, the petition for removal is defective in several respects... [T]he law is well settled that a removing party must allege diversity both at the time of the filing of the suit in state court and at the time of removal... In the petition for removal, it is stated that 'the plaintiff was allegedly at the time this action was commenced a resident of Omaha, Nebraska.' In the first place, this falls far short of specifically alleging diversity of citizenship both at the time of filing of the suit in state court and at the time of removal as required."

10. Even allegations of mere "residency" in that case were insufficient. Here, in this case, Donais made no allegations whatsoever regarding diversity jurisdiction. The notice of removal did not allege diversity jurisdiction, nor did it allege diversity of citizenship, nor did it allege the citizenship of the defendants, nor did it allege diversity at the time of removal or at the time of filing suit. These multiple failures constitute substantial and substantive defects that forfeits any retroactive claim of diversity jurisdiction.

11. Third, multiple federal courts have consistently held that defendants cannot retroactively invoke diversity jurisdiction when their original removal petition was based solely on federal question jurisdiction.

12. In Carlton Properties, Inc. v. Crescent City Leasing Corp., 212 F. Supp. 370 (E.D. Pa. 1962), the court explained that where a petition for removal "*failed to allege a necessary jurisdictional fact*," the court has "*no jurisdiction in this matter except to declare our want of jurisdiction*." The court noted that "a different question would have been presented if the petition to amend had been filed within the statutory time," but emphasized that after the deadline expires, such amendments are impermissible.

13. Fourth, similarly, in Garza v. Midland National Insurance Co., 256 F. Supp. 12 (S.D. Fla. 1966), the court held that 28 U.S.C. § 1653, which allows amendment of "*defective allegations of jurisdiction*," does not permit the addition of entirely new jurisdictional grounds. The court explained that "the statute refers only to 'defective' allegations of jurisdiction, not 'missing' allegations."

14. Where, as here, there was no allegation of diversity jurisdiction in the original petition, changing the jurisdictional basis after the statutory deadline is prohibited. The distinction between curing defective allegations and adding missing allegations is fundamental to removal jurisprudence.

15. As the Supreme Court explained in Southern Pacific Co. v. Stewart, 245 U.S. 359, 363 (1917), amendments may be permitted "*to make the allegations of the removal petition more accurate and certain when the amendment is intended to set forth in proper form the ground of removal already imperfectly stated*."

16. However, Donais here seek not to perfect an existing allegation but to create an entirely new jurisdictional basis that was never contemplated in their original filing. This alone presents a fatal problem to Donais' arguments. Donais and his lawyers should know this as they are seasoned lawyers. This suggests that the defendants have advanced a position that they know constitutes a frivolous or untenable legal position based on the law and the circumstances of this case. This has potential ramifications for sanctions under Rule 11.

17. Further, Wormley v. Southern Pacific Transp. Co., (E.D.Tex. 1994) 863 F. Supp. 382 , 386 (Sep 7, 1994) states:

> Plaintiffs' cite two cases which stand for the proposition that no new allegations of jurisdiction can be made outside the time limits set out in Section 1446(b). These cases are, however, easily distinguishable from the case at hand. The cases cited by Plaintiffs merely state that a removing party may not bring up a entirely new allegation of jurisdiction after the thirty day amendment period. Amtrak, throughout the arguing of this belabored motion, has asserted only one basis for

jurisdiction; Amtrak has consistently argued that the United States' ownership of more than one-half of its stock gives it the option to remove this case to federal court. Plaintiffs' cases would be on point if Amtrak were to suddenly put forth diversity of citizenship or admiralty (or any other new source of jurisdiction) as an additional basis for jurisdiction.

18. This is exactly what Donais defendants in this case are trying to do. They are suddenly trying to "put forth diversity of citizenship…as an additional basis for jurisdiction."

19. See O'halloran v. University of Washington, 856 F.2d 1375, 1381 (Sep 8, 1988) which states:

   As noted above, the defendant must state the basis for removal jurisdiction in the petition for removal. Furthermore, the petition must be filed within thirty days of receiving the complaint. 28 U.S.C. § 1446(b). The petition cannot be amended to add a separate basis for removal jurisdiction after the thirty day period. Barrow Dev. Co. v. Fulton Ins. Co., 418 F.2d 316, 317 (9th Cir. 1969).

20. See also Miley v. Citibank (S. DAKOTA), N.A. (C.D.Cal. 1993) 863 F. Supp. 1156 , 1162 (Jan 13, 1993):

   Given the strength of Citibank's preemption argument and the strong public interest in developing a uniform and consistent body of federal banking law, the Court understands Citibank's desire to adjudicate this dispute in federal court. **But the Court cannot bend procedural rules for substantive ends and it seems quite clear that section 1653 was not intended to bail defendants out of the dilemma in which Citibank finds itself today.** Defendants who plead diversity jurisdiction as the grounds for removal may be entitled to amend their removal notices after the first 30 days to plead additional jurisdictional facts. See e.g., Barrow, supra. And defendants who plead federal question jurisdiction may be justified in switching the applicable code section on which such jurisdiction is premised. See e.g., National Audubon, supra. **But defendants are not entitled to plead diversity as the basis for removal in their initial removal notice and then switch their theory 180 degrees by pleading federal question jurisdiction as the applicable grounds for removal in their amended notice, as Citibank attempts to do here today.** To allow such a broad escape from the 30 day limit set by § 1446(b) would allow the exception on which Citibank relies to completely swallow the underlying rule and would violate the Ninth Circuit's clear holding that a notice of removal "cannot be . . . amended [after the first thirty days] to add allegations of substance but solely to clarify `defective' allegations of jurisdiction previously made." Barrow, 418 F.2d at 317 (citation omitted).

21. In similar fashion, this court should not "bend procedural rules" to "bail defendants out of the dilemma" in which they finds themselves today. Donais is not entitled to plead federal question as the basis for removal in their initial removal notice and then switch their theory 180 degrees by pleading diversity jurisdiction now.

22. Fifth, diversity is neither established in original complaint. The original complaint does not mention the citizenship of any of the defendants. The residence of Craig Donais and Mary Donais are mentioned but not their citizenship in the original complaint at the time of filing. Further, neither the residence nor the citizenship of Russell Hilliard is mentioned in the original complaint at the time of filing. Only the citizenship of the plaintiff is specified. This is not sufficient to establish diversity jurisdiction from the face of the original complaint. Thus, the defendants cannot rely on the original complaint to cover for their failures.

23. The defendants are seasoned lawyers. They know that they cannot overcome these defects in their notice of removal. But yet they persist in filing these [evidently] frivolous oppositions that has no legal merit whatsoever because these defects cannot be overcome. Their omissions, in not addressing these incurable defects, shows an attempt to mislead the court, constituting blatant violation of the rules of conduct per candor with the court.

24. It should be noted that because Donais defendants for the first time are raising diversity citizenship in their opposition, Plaintiffs only have a limited opportunity to address that, via a limited reply. This is wholly unfair. By failing to raise, mention or cite diversity citizenship and diversity jurisdiction previously in their notice of removal (or elsewhere), the defendants cannot now change the basis of the jurisdiction claim. And there was no notice given to the plaintiffs that this was a basis for removal. The plaintiff could not have known that Donais defendants would later change to assert diversity jurisdiction after the fact because there was not even a scintilla of an attempt to signal such intent (not even later when the plaintiff asked multiple times to confer on remand but the defendants refused to disclose the intent to assert diversity, even then).

25. At the outset, Donais defendants squarely and narrowly focused all their effort and firepower on federal question jurisdiction, which they evidently thought was all they needed to do because the federal question was clear and obvious to them at the time they removed the case. It did not occur to them to consider asserting any other basis for jurisdiction other than federal question. This was their mistake. So Donais forewent raising diversity jurisdiction and did not plead diversity nor the citizenship of the defendants. Even the cover sheet filed by Donais defendants did not cite diversity but intentionally left that blank because they never intended to employ or seek diversity jurisdiction. It is thus now too late. Donais defendants made their bed and they must lie in it.

26. Further, Donais defendants are contradicting the law of this circuit that reject "snap removal" gamesmanship.

27. In R&N Check Corp. v. Bottomline Technologies, Inc., 2013 DNH 154 (D.N.H. 2013), this very Court held: "*Many district courts have wrestled with this difficult question... It is not necessary to re-plow that ground; it is sufficient to simply*

3

*note that the court agrees with the thoughtful and thorough analysis presented by Judge Woodlock in Gentile... [T]he plain language of section 1441(b) requires at least one defendant to have been served before removal can be effected.*"

28. Similarly, the District of Massachusetts in Adams v. Beacon Hill Staffing Group, Civil Action No. 15-cv-11827-ADB (D. Mass. Oct. 21, 2015), following Gentile v. Biogen Idec, Inc., 934 F. Supp. 2d 313 (D. Mass. 2013), held that "*removal is improper until at least one defendant has been served*" and that "*[a] plaintiff thus may preserve its choice of state forum by serving the forum defendant before any others.*"

### C. The Forum Defendant Rule Categorically Prohibits This Removal

29. Similarly, Donais defendants are impermissibly seeking Forum Defendant Rule circumvention. Donais defendants appear to be attempting to contradict the law of the district courts in this circuit by attempting to circumvent the forum defendant rule under 28 U.S.C. § 1441(b)(2) despite all defendants being New Hampshire citizens. This statutory provision (28 U.S.C. § 1441(b)(2)) prohibits diversity-based removal when "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The application of this rule to the present case is straightforward and dispositive. In Lincoln Property Co. v. Roche, 546 U.S. 81, 84 (2005), the Supreme Court held that defendants may remove an action on diversity grounds only when "there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." This holding reflects the fundamental policy underlying the diversity statute: federal courts should not displace state court jurisdiction when there is no risk of local bias against out-of-state defendants. The forum defendant rule serves a particularly important function in preventing the type of strategic gamesmanship defendants have engaged in here. As the First Circuit has recognized, allowing forum defendants to remove such cases would create perverse incentives and undermine the careful balance Congress struck in the removal statutes. The NH federal district court has specifically applied this principle in R & N Check Corp. v. Bottomline Technologies, Inc. by precluding removal until proper service.

### D. Donais Defendants' Cited Cases Are Distinguishable and Non-Binding

30. Donais defendants' reliance on Leahy v. Omni Hotels Management Corporation is fundamentally misplaced because the factual circumstances of that case bear no resemblance to the present situation. In Leahy, the forum defendant was added to the case after removal had already occurred, creating a different legal question, where the Leahy court ruled that "the post-removal joinder of a forum defendant does not implicate the forum defendant rule, regardless of whether the rule is properly characterized as jurisdictional or procedural in nature."

31. Here, in this case, all defendants were forum defendants from the inception of the case, and thus the forum defendant rule prohibited removal from the outset.

32. Further, the Leahy court upheld the holding of the Gentile court that bars snap removals in this circuit, by saying:

> See also Gentile v. Biogen Idec, Inc., 934 F.Supp.2d 313, 316-18 (D. Mass. 2013) (holding that plain language of removal statute permits a properly served, non-forum defendant to remove before plaintiff effects service on a forum defendant). Because Morgan had been neither joined nor served at the time of removal, the forum defendant rule did not preclude Omni's removal.

33. This means that the Leahy court held that, in accordance with Gentile, if all defendants are forum defendants, removal is improper. In Leahy, because Morgan was only formally added as a defendant, after removal, the initial removal was not barred by the forum defendant rule. In this case, because all defendants were citizens of NH at the time of removal, removal is thus improper. This is the actual holding of Leahy. Moreover, because there was no non-forum defendants in this case, there was no exception that could allow for removal as the Gentile court held (and further upheld by Leahy). This is also consistent with Adams v. Beacon Hill Staffing, 1:15-cv-11827), D. Mass (2015), which states:

> The most thoughtful examination of this issue in this district was undertaken by Judge Woodlock in Gentile v. Biogen Idec, Inc., 934 F. Supp. 2d 313 (D. Mass. 2013). In Gentile, Judge Woodlock held that where removal is based on diversity of citizenship and there is both a forum and a non-forum defendant, "removal is improper until at least one defendant has been served." Gentile, 934 F. Supp. 2d at 314. Under this rule, "[a] plaintiff thus may preserve its choice of state forum by serving the forum defendant before any others." Id.
> 
> …
> 
> First, this Court overall agrees with the reasoning articulated in Gentile, which allows a plaintiff to preserve its choice of forum where there is a forum defendant and the rationale for diversity jurisdiction is therefore markedly less compelling. Gentile, 934 F. Supp. 2d at 314. Additionally, ruling consistent with Gentile will, at least in this district, help to simplify the "disarray on the question," id. at 316, and provide clarity to litigants involved in multi-defendant litigation with diverse parties and a combination of forum and non-forum defendants.
> 
> …

4

In sum, applying Gentile and consistent with the language and intent of the statute, Citrix's initial removal of this case was improper. In cases where the parties are diverse and one defendant is a citizen of the forum state, removal based on diversity is prohibited until at least one defendant has been served. If the non-forum defendant is served before the forum defendant, the non-forum defendant may remove. See Howard v. Genetech, Inc., No. 12-11153-DPW, 2013 WL 680200, at *1 (D. Mass. Feb. 21, 2013) (indicating that removal by the non-forum defendant would have been permissible if accomplished in the period after it had been served but before the forum defendant was served). If, on the other hand, the forum defendant is served first, removal is not permitted. Here, **because neither defendant had been served when Citrix purported to remove the action**, Citrix's removal was premature and impermissible.

34. The above case shows that in a case where all defendants are forum defendants and none of them have been served, removal is improper. Furthermore, this very court in R&N Check Corp. v. Bottomline Technologies, Inc., 2013 DNH 154 (D.N.H. 2013), agreed, by saying:

> Many district courts have wrestled with this difficult question of statutory construction and they have reached conflicting interpretations of section 1441(b)(2). See generally Gentile v. Biogen Idec, Inc., 934 F. Supp. 2d 313 (D. Ma. 2013) (collecting cases). It is not necessary to re-plow that ground; it is sufficient to simply note that the court agrees with the thoughtful and thorough analysis presented by Judge Woodlock in Gentile. Consistent with the holding in Gentile, the court concludes that "the plain language of section 1441(b) requires at least one defendant to have been served before removal can be effected." Id. at 316. See also Hawkins v. Cottrell, Inc., 785 F. Supp. 2d 1361 (N.D. Ga. 2011). As Judge Woodlock observed:
>
>> Precluding removal until at least one defendant has been served protects against docket trolls with a quick finger on the trigger of removal. Under the reading I have given to section 1441(b) here, plaintiffs legitimately seeking to join a forum defendant face the modest burden of serving that defendant before any others. If a plaintiff serves a non-forum defendant before serving a forum defendant, he has effectively chosen to waive an objection to the removal by a nimble non-forum defendant who thereafter removes the case before service upon a forum defendant named in the complaint. And, even when a forum defendant is served first, my reading anticipates a situation in which an unserved non-forum defendant may remove following service on a forum defendant, in hopes of arguing that joinder of the forum defendant was fraudulent. This reading of the statute thus accommodates the clear congressional purpose animating section 1441(b) - preventing abuse by plaintiffs in forum selection - while also closing an unintended loophole incentivizing parallel abuse by defendants seeking to escape a state forum in which a co-defendant is a citizen, all without doing violence to the plain language of the statute. Gentile, 934 F. Supp. 2d at 322-23.
>
> Because **Bottomline is the only defendant in this case, and because it had not yet been served when it removed the action to this court, removal was improper**.

35. Further, the Leahy court specifically noted that "the forum defendant rule is only applicable at the time a notice of removal is filed," but this observation supports plaintiffs' position rather than defendants'. At the time defendants filed their Notice of Removal, all defendants were New Hampshire citizens properly joined in a case filed in New Hampshire Superior Court. The forum defendant rule therefore prohibited the removal.

36. Defendants' citation to Hanson v. Depot LBX, Inc., 756 F. Supp. 3d 56 (W.D. Va. 2024), is similarly unavailing because it represents non-binding authority from outside the First Circuit and addresses factual circumstances that do not parallel this case. The Western District of Virginia's interpretation of removal law carries no precedential weight in the District of New Hampshire, and defendants provide no compelling reason why this court should adopt reasoning that conflicts with controlling First Circuit precedent and the weight of authority in this district. Moreover, the Hanson decision does not address the specific combination of factors present here: retroactive invocation of diversity jurisdiction, forum defendant rule violations, and the impact of Royal Canin on cases where federal claims have been eliminated by amendment. The decision therefore provides no guidance on the central legal issues that control this case.

37. Thus, consistent holdings of district courts in this Circuit establish that: a) snap removal is prohibited when forum defendants are present; b) service is required before removal can be effectuated; c) forum shopping gamesmanship isn't tolerated; d) Forum defendant rule can't be circumvented through procedural manipulation.

### E. Donais' Opposition Appears To Lack Any Reasonable Basis in Law

38. The legal position taken by Defendants appears to lack support in controlling First Circuit precedent and may constitute sanctionable conduct under Federal Rule 11. Fed. R. Civ. P. 11(b)(2) requires that legal contentions be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law."

39. Donais' diversity jurisdiction theory a) directly contradicts Supreme Court precedent in Jackson v. Allen and Stevens v. Nichols, b) ignores the absolute forum defendant rule bar of this court and circuit, c) attempts to add new jurisdiction theory that was never asserted before through post-hoc arguments, d) violates settled law in this circuit and the Supreme Court regarding removal notice requirements concerning assertion of jurisdictional basis.

40. Donais' objection appear to serve no purpose except to delay the inevitable remand and increase litigation costs.

5

Respectfully submitted,

/s/ Natalie Anderson

Natalie Anderson

September 12, 2025

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was served to the defendants in this case.

/s/ Natalie Anderson

Natalie Anderson