UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251 | ANDRE BISASOR, et al. v. CRAIG S. DONAIS, et al.,

**PLAINTIFF ANDRE BISASOR'S EMERGENCY MOTION FOR HEARING ON REMAND AND [IN PARTICULAR] ON DONAIS DEFENDANTS' OBJECTION TO REMAND**

1. Plaintiff Andre Bisasor respectfully moves this Court for a hearing on the remand issue and specifically on Donais Defendants' Objection to Plaintiff's Motion to Remand, and attendant plaintiff's reply thereto, pursuant to 28 U.S.C. § 1447(c). This is an emergency because the plaintiff does not know the timetable for the court's disposition on the motion to remand.

## I. INTRODUCTION

2. The complexity of the jurisdictional issues presented, the Donais Defendants' contradictory and/or untenable objection arguments, and the significant procedural defects warrant oral argument to ensure proper resolution of these threshold jurisdictional questions.

3. After further reflection, and even though the plaintiffs referenced the request for hearing in other documents via replies to the objection to remand, plaintiff here takes the opportunity to formally request a hearing in its own motion, in particular on and/or in light of the Donais defendants' objection to remand.[1]

4. It is also unfair that the Donais defendants only mentioned their argument for opposing remand in their objection to remand, for the first time, thus leaving the plaintiffs to have to respond to/address these first time arguments via reply, limited by 5 pages. This is not a proper procedure for dealing with entirely new/ first-time asserted defenses against remand and arguments for diversity jurisdiction. Given this unequal terrain, the plaintiffs believe an oral hearing is therefore proper.

## II. GROUNDS FOR HEARING
### A. Overview

5. This motion arises from the Donais Defendants' improper removal of the case and their subsequent untenable objection to remand based on legally untenable arguments. After removing this case solely on federal question jurisdiction grounds, the Donais Defendants now attempt to manufacture diversity jurisdiction for the first time in their opposition briefs, a procedurally and substantively defective maneuver that violates established removal jurisprudence and warrants sanctions consideration.

### B. The Donais Defendants Must Explain Their Contradictory Position on Leahy

6. The Donais Defendants' opposition briefs present a fundamental contradiction that requires clarification through oral argument. While citing Leahy v. Omni Hotels as supporting authority, the Donais Defendants completely ignore that case's actual holding and attempt to use it for a proposition it explicitly rejects. This demands real-time explanation and real-time judicial scrutiny.

7. The Leahy decision specifically addressed the post-removal addition of forum defendants, not the situation presented here where all defendants were forum defendants from the case's inception. The Donais Defendants' reliance on Leahy while advocating for the opposite result demonstrates presents a problematic situation, reflecting either gross misunderstanding of the law or intentional misstatement designed to obfuscate the law or mislead or confuse this Court.

### C. Failure to Plead Diversity Jurisdiction Cannot Be Cured After the Fact

8. A hearing is necessary to address the fundamental jurisdictional defect in Donais Defendants' position: their complete failure to plead diversity jurisdiction in their Notice of Removal. Federal courts have consistently held that diversity jurisdiction must be specifically and affirmatively pleaded with citizenship details for each party. The Donais Defendants made no mention whatsoever of diversity jurisdiction, alleged no citizenship facts, and claimed no complete diversity in their removal notice.

9. This omission cannot be "baked in" through opposition briefs filed weeks after the statutory deadline expired. As established in cases like Carlton Properties and Garza v. Midland National Insurance, there is a

---

[1] NB: The plaintiff was also unable to prepare this motion before now due to a number of factors that including those that require confidential treatment and which the plaintiff won't go into at this juncture in order to avoid unnecessary complication and to keep this motion as simple as possible. Plaintiff can address this point in more detail if it becomes necessary.

1

critical distinction between "defective allegations" that can be amended under 28 U.S.C. § 1653 and "missing allegations" that cannot be supplied after removal deadlines expire. Defendants' attempt to blur this distinction requires careful judicial examination.

### D. Why Defendants Did Not Seek to Amend Their Pleading

10. The Donais Defendants' failure to move for leave to amend their removal notice under Federal Rule of Civil Procedure 15 creates a procedural gap that demands explanation. If the Donais Defendants genuinely believed they could establish diversity jurisdiction, the proper procedure was to file a motion to amend, not to simply assert new jurisdictional theories in opposition briefs.
11. This procedural failure is particularly egregious because it deprived Plaintiffs of their right to oppose such an amendment motion. The Court should inquire why the Donais Defendants chose to bypass established procedural safeguards and attempt to "bake in" jurisdictional allegations through the back door of opposition briefing.

### E. Sanctions Issues Require Immediate Attention

12. The Donais Defendants' opposition briefs demonstrate conduct that may warrant Rule 11 sanctions for advancing legally untenable or even frivolous arguments in bad faith. Their arguments are not merely incorrect but represent conduct that appears calculated to delay the inevitable remand through procedurally improper and substantively meritless positions.
13. The timing and manner of Donais Defendants' diversity jurisdiction argument suggests bad faith conduct. Despite multiple requests from Plaintiffs to confer about the basis for opposing remand, Donais Defendants' counsel refused to disclose their intended arguments. This refusal now appears calculated to prevent Plaintiffs from pointing out the legal deficiencies in Donais Defendants' position before they filed their untenable or arguably frivolous oppositions.

### F. Pro Se Disadvantage Requires Court Assistance

14. As pro se litigants, Plaintiffs are at a significant disadvantage in addressing the sudden appearance of new jurisdictional theories that were never mentioned, cited, alluded to, or signaled before. Research demonstrates that pro se litigants face uphill difficult odds in prevailing in federal court, often due to procedural disadvantages rather than weak substantive claims.
15. A hearing would provide Plaintiffs with the opportunity to be meaningfully heard on these new arguments and allow the Court to ensure that established procedural safeguards are not undermined by Donais defendants' conduct in asserting late, after-the-fact, post-hoc jurisdictional theories. The complexity of these issues and their sudden presentation warrant real-time clarification and judicial guidance.

### G. Parallel Proceeding and Equitable Arguments Require Clarification

16. The record requires clarification regarding parallel proceedings and equitable arguments that may affect the Court's jurisdiction and the appropriateness of remand. These issues involve complex factual and legal determinations that would benefit from oral examination and real-time judicial questioning.

## III. SPECIFIC ISSUES REQUIRING ORAL ARGUMENT
### A. Forum Defendant Rule Violations

17. The application of the forum defendant rule under 28 U.S.C. § 1441(b)(2) presents issues that require judicial attention. All Defendants in this case are citizens of New Hampshire, the forum state, which categorically prohibits diversity-based removal regardless of whether complete diversity otherwise exists.
18. Circuit precedent in cases like R&N Check Corp. v. Bottomline Technologies specifically rejects the type of "snap removal" gamesmanship that Defendants attempt here. The Court should examine whether the Donais Defendants' removal petition meets the strict requirements for diversity jurisdiction and complies with the forum defendant rule prohibition.

### B. Royal Canin Mandate Requires Immediate Remand

19. The Supreme Court's unanimous decision in Royal Canin U.S.A., Inc. v. Wullschleger provides controlling precedent that mandates remand and demonstrates the frivolous nature of Defendants' opposition. The

Court held explicitly that "when an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims."
20. Donais Defendants' fundamental mischaracterization of this holding suggest intentional or deliberate obfuscation or misstatement of law. A hearing would allow the Court to address these mischaracterizations directly and ensure that controlling Supreme Court precedent is properly applied.

### C. Evidence of Diversity Must Be Examined

21. If the Court is going to seriously entertain not immediately remanding this case, the actual evidence of diversity jurisdiction should then be examined. The Donais Defendants have provided no evidence of citizenship, no evidence of complete diversity, and no evidence that diversity existed at both the time of filing and the time of removal.
22. The absence of any factual support for diversity jurisdiction, combined with the procedural defects in asserting it for the first time in opposition briefs, requires judicial scrutiny through oral argument.

## IV. JUDICIAL EFFICIENCY AND CASE MANAGEMENT
### A. Real-Time Addressing Required

23. The Court would benefit from real-time addressing of how the Donais Defendants expect their jurisdictional theory to work in practice. Their position creates numerous logical and procedural inconsistencies that require immediate clarification:
    a. How can there be diversity jurisdiction without proper pleading?
    b. Why didn't they seek a motion to amend their pleading?
    c. How do they resolve the prohibition on attempting to cure missing allegations after statutory deadline?
    d. What is their response to controlling precedent in this Court and Circuit rejecting their position?

### B. Clarifying the Record

24. A hearing is necessary to clarify the record regarding the procedural history of this case, the basis for removal, and the legal standards governing remand. The complexity of these issues and their intersection with multiple areas of federal jurisdiction law warrant careful judicial examination.

### C. Tease Out Relevant Case Law

25. This Circuit's precedent on removal, diversity jurisdiction, and the forum defendant rule requires careful analysis and application to these specific facts. A hearing would allow the Court to "tease out" the relevant case law and ensure that controlling precedent is properly applied.

## V. CONCLUSION AND PRAYER FOR RELIEF

26. The jurisdictional issues presented in this case are governed by clear Supreme Court precedent that mandates remand. Royal Canin's unanimous holding eliminates any legitimate basis for opposing remand of a case where plaintiffs have eliminated all federal claims through amendment. The Donais Defendants' opposition brief demonstrates conduct that violates professional standards and wastes judicial resources through legally frivolous arguments.
27. An oral hearing would serve multiple important purposes: clarifying the application of Royal Canin to these circumstances, addressing the procedural defects in the Donais Defendants' removal, examining the forum defendant rule violations, and considering appropriate sanctions for conduct that appears designed to obstruct the proper administration of justice.
28. As a pro se litigant at a significant disadvantage, Plaintiff respectfully requests liberal construction of this pleading and the opportunity for meaningful participation in oral argument to clarify these complex jurisdictional issues.
29. The bottom line is that a hearing will benefit this Court in its decision-making and aid the Court to be fully apprised of the complete and thorough arguments in this matter so that justice may be served.
30. If the Court is inclined to remand the case immediately to state court, without hearing, then the plaintiff would not mind that result. But if the court in any way is inclined to entertain, in any way or even a little, the Donais defendants' argument against remand, then the plaintiff strongly requests a hearing on the matter, in light of all of the foregoing.
31. WHEREFORE, Plaintiffs respectfully request that this Court:

a. Remand the case immediately to state court without further action;
b. Grant this Motion for Hearing and schedule oral argument on Plaintiffs' Motion to Remand at the earliest practicable date, if the court is inclined to give any credence to any of the arguments advanced by the Donais defendants;
c. In that event, Require the Donais Defendants to explain their contradictory position regarding Leahy and other cases, and their failure to follow proper procedural requirements;
d. Address the sanctions issue and consider Rule 11 sanctions against the Donais Defendants for advancing legally untenable or frivolous arguments in bad faith;
e. Clarify the record regarding parallel proceedings, jurisdictional requirements, and applicable Circuit precedent;
f. Grant immediate remand to the New Hampshire Superior Court following the hearing;
g. Award Plaintiffs their costs and reasonable attorneys' fees incurred as a result of Donais Defendants' improper removal and frivolous opposition; and
h. Grant such other relief as the Court deems just and proper.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

September 22, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document has been served upon all parties.

/s/ Andre Bisasor
Andre Bisasor