UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____

ANDRE BISASOR and NATALIE
ANDERSON,
    Plaintiffs

Vs.                                 CASE NO.: 1:25-CV-00251

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC,
MARY K. DONAIS, UPTON HATFIELD
and AMY MESSER,
    Defendants
_____

### DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S OBJECTION TO EMERGENCY MOTION FOR HEARING ON REMAND AND [IN PARTICULAR] ON DONAIS DEFENDANTS' OBJECTION TO REMAND

Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC (the "Donais Defendants"), by their attorneys, hereby oppose Plaintiff Andre Bisasor's ("Plaintiff") Emergency Motion for Hearing on Remand ("Plaintiff's Motion"). See *Doc. 33*. The Donais Defendants take no position on whether the Court elects to schedule a hearing on the Motion to Remand, but provide this objection given the scope of the eight requests for relief, which include a request that the Motion to Remand be granted and that this Court "address" sanctions.

1. On August 1, 2025, Plaintiff Andre Bisasor ("Bisasor") filed his Motion to Remand. *Doc. 15*. On August 15, 2025, the Donais Defendants and co-defendant Russell Hilliard ("Hilliard") both filed objections to the motion to remand. *Doc. 20* and *Doc. 23*. On August 22, 2025, Bisasor filed, among other things, an Emergency Motion to File Reply to Defendants' Oppositions to Motion to Remand. *Doc. 27*. On August 26, 2025, this Court granted an extension of time until September 12, 2025, further ordering that the reply is limited to five pages. On September 13, 2025, Bisasor filed Natalie Anderson's Reply to Donais' Opposition to Motion to Remand and Natalie Anderson's Reply to Hilliard's

1

Opposition to Motion to Remand. *Doc. 30* and *Doc. 31*. Both replies are five full single-spaced pages in reduced font with less than 1-inch margins, plus a signature block on a sixth page.

2. The Donais Defendants note that Plaintiff's filings continue to violate LR 5.1(a). This rule has been brought to Bisasor's attention by this Court in the past, yet he continues to ignore the rule and this Court's admonishment. *See 1:23-CV-00374-JL, orders on October 30, 2023, November 17, 2023, and April 5, 2024*.

3. On September 17, 2025, Bisasor then filed Bisasor's Reply to Donais Defendants' Objection to Motion to Remand. *Doc. 32*. This filing also violates LR 5.1(a).

4. On September 22, 2025, Bisasor filed the instant motion. *Doc. 33*. In his request for relief, he first (and again) requests that this Court "remand the case immediately to state court without further action," *Doc. 33, ¶ 31a and f*. He then further requests a hearing, that this Court impose an obligation on the Donais Defendants "to explain" their position, that this Court "consider Rule 11 sanctions" against the Donais Defendants, for clarification of the record, and for his attorneys' fees. *Doc. 33, ¶ 31c, d, e and g*.

5. Plaintiff once again uses a motion with a seemingly simple request – a request for hearing – to make arguments and requests beyond the confines of a request for the hearing. *See, e.g., Doc. 24 and Doc. 25*. The Donais Defendants object to so much of Bisasor's motion that seeks anything beyond a request for a hearing.

6. First, there is no emergency. Bisasor contends that he filed it as an "emergency because the plaintiff does not know the timetable for the court's disposition on the motion to remand." This does not warrant expedited action.

7. Also, despite its title and opening paragraph, Bisasor's motion consists of further argument beyond the three (untimely) replies already filed by Plaintiffs to the oppositions to his Motion to Remand. Bisasor makes these arguments in a filing made 10 days after the deadline to file his reply, presenting arguments about the forum defendant rule and the case law he contends supports his position. See, e.g., *Doc. 33, ¶¶17-20*.

8. Again, the Donais Defendants take no position on whether this Court should order a hearing on the Motion to Remand. However, to the extent that Bisasor's motion seeks relief beyond the scheduling of a hearing, to include a request for this court to consider sanctions, Bisasor's motion should be denied.

Wherefore Craig Donais, Mary K. Donais and Donais Law Offices PLLC respectfully request that this Honorable Court:

A. Deny Plaintiff Andre Bisasor's Emergency Motion for Hearing on Remand and [in Particular] on Donais Defendants' Objection to Remand insofar as relief beyond a request for a hearing is requested;

B. Order Plaintiffs to comply with LR 5.1(a); and

C. Grant such other and further relief as is equitable and just.

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG DONAIS, DONAIS LAW OFFICES
PLLC and MARY K. DONAIS

Date: September 24, 2025

*/s/ Linda M. Smith*
Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
(603) 622-3400

104564723.v1

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was this day forwarded to all counsel via the Court's ECF system.

| | |
|---|---|
| Andre Bisasor, Pro Se<br>101 Middlesex Turnpike, #270<br>Burlington, MA 01801<br>quickquantum@aol.com | Daniel R. Sonneborn, Esq.<br>Preti Flaherty<br>60 State Street, Suite 1100<br>Boston, MA 02109<br>wsaturley@preti.com<br>dsonneborn@preti.com |
| Natalie Anderson, Pro Se<br>101 Middlesex Turnpike, #270<br>Burlington, MA 01801<br>liberty_6@msn.com | |

Date:   September 24, 2025                    */s/ Linda M. Smith*
                                                            Linda M. Smith

104564723.v1