UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Andre Bisasor and Natalie Anderson

    v.                                                                                                  Civil No. 25-cv-251-SE

Craig S. Donais, et al.

ORDER

Pro se plaintiff Andre Bisasor brought suit in New Hampshire state court against certain individuals and a law firm alleging several state-law claims and one federal claim. The defendants removed the case to this court on July 2, 2025, under 28 U.S.C. § 1441(a), based on federal question jurisdiction. See 28 U.S.C. § 1331. Bisasor and Natalie Anderson, who is also proceeding pro se, then filed an amended complaint in this court (doc. no. 13) in which they added certain defendants and alleged only state law claims, omitting the federal claim that had been the basis of federal question jurisdiction permitting removal. Based on their amended complaint, the plaintiffs move to remand the case to state court arguing that this court lacks subject matter jurisdiction. Doc. no. 15. The defendants object. For the reasons that follow, the court denies the motion to remand.[1]

Discussion

At the time of removal, the court had federal question jurisdiction under § 1331, and the case was properly removed on that jurisdictional basis. When the plaintiffs amended their

---

[1] The plaintiffs moved for a hearing on their motion to remand. Doc. no. 33. Because the court does not believe that oral argument would "provide assistance to the court," LR 7.1(d), that motion is denied.

complaint to omit the federal claim, however, they eliminated federal question jurisdiction. See Royal Canin U.S.A, Inc. v. Wullschleger, 604 U.S. 22, 39 (2025). They argue in their motion that this court now lacks subject matter jurisdiction, and remand is required under 28 U.S.C. § 1447(c).

The defendants, however, contend that diversity jurisdiction exists under 28 U.S.C. § 1332(a). In support, they highlight the plaintiffs' allegations that the plaintiffs are citizens of Massachusetts and the defendants are all citizens of New Hampshire, doc. no. 13, ¶¶ 37-65, and that the amount in controversy exceeds $75,000, id., ¶¶ 481, 573, 991, 1011.

In response, the plaintiffs argue that the court does not have diversity jurisdiction because neither the plaintiffs nor the defendants are diverse among themselves. However, that is not a requirement of diversity jurisdiction, and instead all plaintiffs must be diverse from all defendants. See Berkley Nat'l Ins. Co. v. Atl.-Newport Realty LLC, 93 F.4th 543, 549 (1st Cir. 2024) (holding that parties are completely diverse when "no plaintiff [is] a citizen of the same state as any defendant" (quotations omitted)). Therefore, based on the amended complaint, the parties have diverse citizenship, and the amount in controversy satisfies § 1332(a).

The plaintiffs offer other arguments in favor of remand, none of which is persuasive. For example, the plaintiffs contend that the court cannot exercise diversity jurisdiction because of 28 U.S.C. § 1441(b)(2), known as the forum defendant rule, which bars removal of actions under diversity jurisdiction when "a properly joined and served" defendant is a citizen of the forum state. Because the defendants are all citizens of New Hampshire, the plaintiffs argue, the forum defendant rule prevents them from invoking diversity jurisdiction.

There are two problems with the plaintiffs' argument. First, the forum defendant rule applies only when diversity of citizenship was the sole basis for removal. See, e.g., Clary v. Pennsylvania State Univ., No. 24-cv-6793, 2025 WL 757071, at *2 (E.D. Pa. Mar. 7, 2025).

When, as here, the defendants removed the case based on federal question jurisdiction, doc. no. 1 at 3, the forum defendant rule does not apply. Id. at *3 (denying the plaintiff's motion to remand where the diversity jurisdiction requirements were met, the defendant removed based on federal question jurisdiction, and the plaintiff amended his complaint to eliminate the federal claim). Second, the forum defendant rule is not jurisdictional. Holbein v. TAW Enters., Inc., 983 F.3d 1049, 1053–57 (8th Cir. 2020). That is, "the forum defendant rule governs only the removal of a case to federal court, not whether there is subject matter jurisdiction at all points after the case comes to federal court." Clary, 2025 WL 757071, at *2. Therefore, the plaintiffs' motion to remand on that basis is without merit.

The plaintiffs also argue that the defendants engaged in "snap removal," a litigation tactic that they claim is not permitted and which requires remand. Snap removal "occurs where a party removes the case before a forum-defendant is 'properly joined and served' in the case." Guerrero v. SFS Beauty CA LLC, No. 25-CV-1133-JES-KSC, 2025 WL 2460193, at *2 (S.D. Cal. Aug. 26, 2025). Although the defendants state in their notice of removal that they had "not formally been served with any process, pleadings, and order," doc. no. 1, ¶ 4, the court need not address the possible ramifications of snap removal because it is inapplicable here. "[S]nap removals occur only in diversity-based removal cases because snap removals are procedurally relevant only when the forum-defendant rule applies, and the forum-defendant rule does not apply to non-diversity based removals." Breitweiser v. Chesapeake Energy Corp., No. 3:15-CV-2043-B, 2015 WL 6322625, at *2 n.6 (N.D. Tex. Oct. 20, 2015); Kupferberg v. Baez, No. 24-cv-8653, 2025 WL 2346060, at *4 (S.D.N.Y. Aug. 13, 2025) (explaining snap removal). As discussed, the defendants removed this case based on federal question jurisdiction. Therefore, the issue of snap removal has no relevance here.

The case now has progressed beyond removal, when jurisdiction was properly based on the existence of a federal question under § 1331. The issue for remand at this point is whether subject matter jurisdiction currently exists in the absence of a federal question. Because the plaintiffs do not dispute that they are citizens of Massachusetts, that all defendants are citizens of New Hampshire, or that their claims meet the required amount in controversy, subject matter jurisdiction exists based on diversity of citizenship under 28 U.S.C. § 1332. Therefore, remand is not required.

## Conclusion

For the foregoing reasons, the plaintiffs' motion to remand (doc. no. 15) and motion for a hearing (doc. no. 33) are denied.

The court adds that none of the plaintiffs' filings in this case complies with Local Rule 5.1. Plaintiff Bisasor has been warned in other cases in this court that his repeated failure to adhere to the court's local rules, particularly Rule 5.1, "may result in the court striking the filing without further warning and denying any relief requested. See LR 5.2." Bisasor v. Donais et al., No. 1:23-CV-00374-JL (D.N.H. 2023) Apr. 29, 2024 End. Or. The court reminds the plaintiffs of the potential consequences of failing to follow the court's local rules in future filings.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

Dated: October 9, 2025

cc: Counsel of record.
    Andre Bisasor, pro se.
    Natalie Anderson, pro se.