UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____

ANDRE BISASOR and
NATALIE ANDERSON,
     Plaintiffs

Vs.                                        CASE NO.: 1:25-CV-00251

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC,
And MARY K. DONAIS, et al
     Defendants.
_____

**DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND
DONAIS LAW OFFICES PLLC'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

## I.    INTRODUCTION

Through their First Amended Complaint ("FAC"), Plaintiffs Andre Bisasor and Natalie Anderson assert claims for defamation, tortious interference with contractual relationship and other advantageous relations, intentional infliction of emotional distress ("IIED"), civil conspiracy, violations of RSA 354-B/common-law discrimination, violations of RSA 358-A (NH Consumer Protection Act), breach of fiduciary duty, breach of implied contract, breach of contract and breach of implied covenant of good faith and fair dealing, interference "with settlement contract," "vicarious liability," "direct corporate liability," "alter ego liability," "professional entity liability under RSA 358-A," and negligence/malpractice. Defendants Craig Donais ("Donais"), Donais Law Offices PLLC and Mary K. Donais ("Ms. Donais") (collectively "Donais Defendants") move to dismiss Plaintiffs' claims as the claims are time-barred and the statements upon which the claims rest are absolutely privileged, among other grounds argued herein. Plaintiffs' claims mostly concern alleged statements made in 2019 and 2020 by or on behalf of Donais to the courts, police or other public bodies or organizations. *D. 13, ¶¶ 78, 90, 92, 93, 102, 103, 217 218, 310, 385, 998-999, 1001*. The

claims made by newly added plaintiff Anderson against the Donais Defendants relate to settlement negotiations in another matter, *see D. 13, ¶¶ 755-774*, and thus are absolutely privileged.   To the extent Plaintiffs bring similar claims in another action, Plaintiffs are improperly splitting claims.

## II.    PROCEDURAL BACKGROUND

On 6/20/22, Bisasor filed another action against Donais[1] and others in the Bristol Superior Court.  *See 1:23-CV-00374-JL-TSM, D. 18 (the "2022 Action")*, Transfer of State Court Record, pp. 4, 11.  On 5/4/23, Bisasor filed an Amended Complaint.  *2022 Action D. 1-4, p. 4*.  The matter was removed to the USDC in Massachusetts, and on 7/7/23, was transferred to this court.   On 9/26/23, the Donais Defendants filed a Motion to Dismiss.  *2022 Action D. 70, 70-1*.  On 11/6/23 and 11/20/23, Bisasor filed objections.  *2022 Action D. 97 and D. 118*.

On 3/12/24 and 3/13/24, Bisasor filed a Motion to Amend and corrected motion, both with a proposed <u>Second</u> Amended Complaint.  *2022 Action D. 159, 159-1, 161 and 161-1*.  The Donais Defendants objected.  *2022 Action D. 168*.  On 6/3/24, Bisasor filed a Notice of Voluntary Dismissal without Prejudice Pursuant to F.R.C.P. 41(a)(1)(A)(i).  *2022 Action, D. 234, attached as Exhibit A*.

On 6/3/25, Bisasor filed the Complaint in the instant action.  *D. 1-1, p .4*.  On 7/29/25, Bisasor and Anderson filed the instant FAC, adding one plaintiff, two defendants and 14 additional counts.  *D. 13*.  In the FAC, they have removed counts for false light invasion of privacy, abuse of process, and aiding and abetting defamation.  Plaintiffs added additional claims of defamation (to

---

[1] Bisasor also sued Donais in Middlesex Superior Court, Docket No. 2081CV000087, alleging defamatory statements of the exact same type and nature, which claims were dismissed on August 2, 2021 and in New Hampshire for similar causes of action.  Plaintiff appealed the dismissal of the Massachusetts action on a pro se ex parte appeal to the Massachusetts Appeals Court, Docket No. 2021-P-0965 ("Andre Bisassor [sic] v. Craig Donais") which was dismissed by the Massachusetts Appeals Court in 2025.  Anderson also filed two grievances against Defendant Craig Donais with the New Hampshire Attorney Discipline Office alleging the same Complaints.  Plaintiffs also filed another civil action against Defendant Craig Donais in New Hampshire in Hillsborough Superior Court North, Docket 226-2020-CV-00027 (the "2020 Action").  The 2020 Action is still pending.

include a claim of defamation against Ms. Donais not previously made), repeat the NH CPA count (which replaced the M.G.L. c. 93A count in the 2022 Action), now bring a claim of racial discrimination under state law rather than federal law, and add a claim of "interference with settlement contract in 2021 and 2022." Plaintiffs also add claims against Donais' law practice for vicarious liability, direct corporate liability, alter ego liability, NH CPA violation, and professional negligent/malpractice. *D. 13, ¶¶ 891-913.*

Pursuant to Fed. R. Civ. P. 12(b)(6), Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC now move to dismiss the FAC on the grounds that (a) Plaintiffs' claims are time-barred, (b) all statements by or on behalf of Donais or Ms. Donais are absolutely privileged, (c) Plaintiffs have entirely failed to allege sufficient facts to state a cause of action against Ms. Donais, (d) each count separately fails to state a cause of action, as outlined below, (e) the FAC improperly splits claims in two lawsuits, and (f) the complaint fails to comply with Rule 8, inasmuch as it is not a short and concise pleading. Plaintiffs' Complaint should be dismissed.

## III.    ALLEGATIONS IN COMPLAINT

In the FAC, Plaintiffs allege the following:

1. On 1/9/17, Bisasor and Donais spoke only once on the phone for about 7 minutes. *D. 13, ¶¶ 103(e), 127, 198, 371-372, 424.*

2. During the 1/9/17 conversation, Donais declined to represent Plaintiffs in connection with a matter involving a Hilton Hotel. *D. 13,¶¶ 371, 381, 403, 423.*

3. Plaintiffs "never had any direct communications with Mary Donais." *D. 13, ¶ 127.*

4. Plaintiffs allege that by returning a phone call, Donais agreed "to engage in an attorney-client conversation." *D. 13, ¶ 372.*

5. In March of 2017, Donais made statements in an affidavit about Plaintiff regarding race discrimination. *D. 13, ¶ 217.*

6. Donais made written statements to others accusing Bisasor of race discrimination because Donais declined to represent Bisasor in a case against a defendant hotel, and Bisasor became upset and angry because Donais declined representation. *D. 13, ¶ 150.*

7.  Plaintiff alleges that the statements from 2017 were republished to the Attorney Discipline Office ("ADO").  *D. 13, ¶ 217.*

8.  In or about June of 2019, Donais made statements about the plaintiff to "members of the crime-line board/a non-profit organization."  *D. 13, ¶ 102.*

9.  In 2019, Donais contacted the Manchester NH Police.  *D. 13, ¶ 310.*

10.  In August 2020, Donais and Ms. Donais suggested to Manchester NH police contacts "that plaintiffs were dangerous and posed a violent criminal threat to them and [their] sons," were "mentally ill/crazy/had a tenuous grasp on reality," and had "bugged his office in fabricating his voice in a recording."  *D. 13, ¶¶ 103, 129, 229, 237, 240, 315.*

11.  Donais told his wife and others that his wife was afraid to be home during the day when he was at work because of the crazy criminally dangerous plaintiff.  *D. 13, ¶ 126.*

12.  In August, 2020, Ms. Donais "told her sons [ ] of these false statements. [ ] This is inferred from communications obtained via a right to know request…"  *D. 13, ¶ 812.*

13.  On 6/2/23, Donais made comments during a public comment forum to the New Hampshire Supreme Court Advisory Committee on Rules, a public comment forum established to receive input from members of the public, bench and bar regarding proposed court rule changes. *D. 13, ¶ 290, D. 14, ¶ 1(a).*

14.  At this hearing Donais stated that "plaintiff had engaged in specious untrue allegations with no merit against them and that plaintiff was fueled by personal animus and personal destruction of him and had deceptively weaponized and misused the attorney discipline process against him." *D. 13, ¶ 292.*

15.  Plaintiff (which Plaintiff is not identified) "had a contractual relationship with the Manchester NH Police/the Manchester NH police department including with the Manchester NH police chief" in 2019 and 2020.  *D. 13, ¶ 300.*

16.  Plaintiff received an email from Chief Carlo Capano indicating that they were interested in "moving forward" with an event.  *D. 13, ¶ 304.*

17.  Plaintiff alleges that co-defendant Ms. Donais "assists [her husband] with the law practice and business operations of Donais PLLC."  *D. 13, ¶ 889.*

## IV.    ADDITIONAL FACTS

This court "may also consider facts subject to judicial notice, implications from documents incorporated into the complaint, and concessions in [Plaintiffs'] response to the motion to dismiss.

*Breiding v. Eversource Energy*, 939 F.3d 47, 49 (1st Cir. 2019) (quoting *Arturet-Vélez v. R.J.*

*Reynolds Tobacco Co.*, 429 F.3d 10, 13 n.2 (1st Cir. 2005)) (internal quotations omitted) *Kyle v. Linden Care, LLC*, 2020 WL 1853508.  See also *Beane v. Dana S. Beane & Co., P.C.*, 160 N.H 708, 711 (2010).  Plaintiffs' assertion of fact in "a pleading is a judicial admission by which [they] normally [are] bound throughout the course of the proceedings." *Schott Motorcycle Supply, Inc. v. American Honda Motor Co., Inc.*, 976 F.2d 58, 61 (1992).  Plaintiffs referenced various events and interactions with Donais as well as another matter filed by Plaintiffs in 2020 against Donais and others and a 2023 Advisory Committee meeting with the Supreme Court.  Bisasor also provided specific statements he attributes to Donais in filings in the 2022 Action[2] as the basis for his claims.  Therefore, the Donais Defendants provide the following additional facts:

18. During the 1/9/17 7-minute call, Donais said that he could not undertake representation of Plaintiff as he "was too busy to take on this case on short notice." *D. 1-1, ¶ 863.*

19. In or around 3/16/17, Donais made statements in an affidavit about Plaintiff regarding race discrimination. *D. 1-1, ¶¶ 234, 268, 281, 283 891.*

20. In June of 2019, Donais exchanged emails with Officer Nate Linstad,[3] stating:

> I wanted to check with you about a potential criminal issue.  I have a potential client who I declined who has filed an action against me, but now claims that they have a recording of my conversation with them.  If they have a recording of a conversation with me, it was done without my consent or knowledge, which would be a violation of the wiretap statute, as NH is a two-party state.  I would also not put it past them that they actually fabricated a recording, and claims that it is part of a conversation that they had with me.  You will note that they admit to this recording in the last sentence of the paragraph at the top of Page 3 in this PDF.  **Can I file a police report on this and start a process to determine whether this is worthy of prosecution**?  [].?

(emphasis added.) *D. 1-1, ¶ 223.*

21. In June 2019, Donais told the police that Bisasor "challenged my declination, at which point I told him my practice does not include racial discrimination cases, and even if I did, I would need [to] perform a check for conflicts before undertaking representation. Upon hearing this, Andre became upset and asserted that Attorney O'Brien had represented to

---

[2]This is essentially Bisasor's fifth complaint in this matter.  See *2022 Action, D. 1.1* (first amended complaint filed in Bristol Superior Court), *159.1, 161.1*, and in the instant action *D. 1.1 and D. 13*.

[3]Officer Linstad is a member of the Manchester NH Police Department.

him that I would take his case. This was very strange since I had made the exact opposite statement to Attorney O'Brien. I recall repeatedly telling Andre that I was not interested in the case, that the timeline was unworkable, and that representation in discrimination cases was not within my practice. He noted that I did real estate work, and questioned why I was declining to represent him such that he intimated I was discriminating against him which I immediately denied since it was not true.   I then ended our telephone conversations." *D. 1-1, ¶ 152.*

22. On June 18, 2019, Donais told Officer Dan Whelan of the Manchester Police Department in a recorded interview that "I would also not put it past them that they actually fabricated a recording, and claims that it was part of a conversation that they had with me" and "candidly, I wouldn't put it past them to have a recording and to have altered or doctored, the recording, because their grasp on reality is very tenuous."   *D. 1-1, ¶¶ 231-232, 87, 284.*

23. Plaintiff contends that Donais engaged in reckless speculation based upon a "vague non-specific sentence in a letter to the ADO from plaintiff's wife, that stated as follows: '(Note: There is also a recording that the plaintiff would like to share with the Discipline Office to prove the dishonesty of Mr. Donais.)'".  *D. 1-1, ¶ 217.*

24. Plaintiff alleges that "from the events in 2017 and again in 2019 and 2020," "Defendant published" various false and defamatory statements. *D. 1-1, ¶¶ 1032, 1034.*

25. Attached hereto is a true and accurate copy of the docket summary in the matter of Andre Bisasor and Natalie Anderson v. Craig Donais et al, Case No. 216-2020-CV-00027 (the "2020 Action").  *See Exhibit B.*

26. In the 2020 Action, Plaintiffs sued Donais, Hilton Hotels Worldwide, Inc. and others, filing a complaint on January 3, 2020.  *Ex. B, p. 1.*

27. In the 2020 Action, Russell Hilliard represents Donais.  *Ex. B, p. 1.*

28. On 8/6/25, Plaintiffs filed an Amended Complaint in the 2020 Action.  *Ex. B, p, 26.*

29. Attached hereto as Exhibit C is a true and accurate copy of the Amended Complaint filed by Plaintiffs in the 2020 action on 8/6/25.  *Exhibit C.*

30. Attached hereto as Exhibit D is a true and accurate copy of the meeting minutes to the 6/2/23 meeting referenced in Plaintiffs' FAC.  *Exhibit D.*

## V.    <u>STANDARD OF REVIEW</u>

In ruling on a F. R. Civ. P. 12(b)(6) motion, the trial court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify

recovery on any cognizable theory." *Martin v. Applied Cellular Tech.*, 284 F.3d 1, 6 (1st Cir.2002). A motion to dismiss for failure to state a claim upon which relief is proper when a complaint fails to allege "a plausible entitlement of relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007). The allegations in the complaint must "possess enough heft to 'sho[w]' that the pleader is entitled to relief." *Id.*

> Determining whether a complaint states a plausible claim for relief, will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – that the pleader is entitled to relief.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (internal citations omitted).

The court need not accept as true "bald assertions" or conclusions of law. *Resolution Trust Corp. V. Driscoll*, 985 F.2d 44, 48 (1st Cir.1993) "'A pleading that offers labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft V. Iqbal*, 556 U.S. 662, citing *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555 (2007). The motion should be granted when, "viewed in this manner, it appears beyond a doubt that the plaintiff can prove no set of Complaints in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Affirmative defenses can be raised in a motion to dismiss if "facts establishing the defense [are] . . . clear on the face of the plaintiff's pleadings" (internal quotations omitted). *Aldahonda-Rivera v. Parke Davis & Co.*, 882 F.2d 590, 591 (1st Cir.1989). "The court is not bound, however, to accept <u>all</u> factual allegations in the complaint as true—it may disregard facts which are 'conclusively contradicted' by other sources of fact the court is entitled to consider on the motion. *Lister v. Bank of Am.,* 790 F.3d 20, 23 (1st Cir. 2015*)* (quoting *Soto-Negrón v. Taber Partners I,* 339 F.3d 35, 38 (1st Cir. 2003))." *Avanru Development Group, Ltd. v. Town of Swanzey, NH Zoning Board*, 777 F. Supp. 3d 63, 68 (2025). The Court may consider "documents [outside the pleadings] the authenticity of which are not disputed by the parties [or] documents

7

sufficiently referred to in the complaint." *Beane v. Dana S. Beane & Co., P.C.*, 160 N.H. 708

(2010), citing *Watterson v. Page*, 987 F.2d 1, 3 (1993).

## VI.    ARGUMENT

### A.    PLAINTIFFS' COMPLAINT IS TIME-BARRED

#### 1.    Plaintiffs' Complaint, filed more than Three Years after the August 2020 alleged Statements, is Time-Barred

A three-year statute of limitations governs Plaintiffs' claims. *See RSA 508:4, I; Therrien*

*v. Sullivan*, 153 N.H. 211, 213 (2006) (a "cause of action arises, thereby triggering the running of

the three-year statute, once all the elements necessary for such a claim are present.")  Plaintiffs

primarily make allegations of acts in 2019 and 2020.  Their suit, to the extent it relies on statements

prior to 6/3/22, is time-barred[4].  Thus, Plaintiff must prove "that an exception applies to toll the

statute of limitations such that his [ ] claim would be timely filed." *Furbush v. McKittrick*, 149

N.H. 426, (2003).  No such exception exists here, and Plaintiffs' claims must be dismissed.

#### 2.    The Savings Statute does not save Plaintiffs' Time-Barred claims.

Bisasor[5] alleges that the savings statute saves his otherwise time-barred claims. *D. 13, ¶¶*

*36, 71.*  He further contends that since he voluntarily dismissed the 2022 Action, he has "the right

to re-file the NH state court case." *D. 13, ¶ 71.*

The New Hampshire savings statute, NH RSA 508:10 provides that "[i]f judgment is

rendered against the plaintiff in an action brought within the time limited therefor, or upon a writ

of *error* thereon, and the right of action is not barred by the judgment, a new action may be brought

thereon in one year after the judgment." (emphasis added.)  The New Hampshire "statute benefits

suitors who are compelled to abandon their present action, whether by their own act or the act of

---

[4] The only event post 6/3/22 alleged in the FAC relates to a 6/2/23 advisory committee hearing.  For reasons discussed *infra*, absolute privilege bars this claim.

[5] Anderson was not a party to the 2022 Action and cannot raise any savings statute arguments. *D. 13, ¶ 39.*

the court, when either would leave them with a cause of action, yet undetermined.  **A second action will be precluded where the amended complaint fails to cure the deficiency**."  (emphasis added.)  *Fastrack Crushing Services, Inc. v. Abatement International/Advatex Associates, Inc.*, 153 N.H. 284, 289 (2006) (internal citations and quotations omitted).  It "allows a plaintiff, under certain circumstances, to bring a second suit within one year following disposition of a prior action." *Arsenault v. Scanlon*, 139 N.H. 592, 594 (1995).

Plaintiff filed a notice of voluntary dismissal without prejudice.  *See Ex. A.*  Plaintiff gave no reason for the dismissal in his notice, other than he had the "absolute right" to voluntarily dismiss the case.  *Id.*  At the time of the dismissal, all defendants had pending motions to dismiss.  The Donais Defendants moved for dismissal on substantially similar grounds as argued herein, i.e., (a) all statements by or on behalf of Donais are absolutely privileged, (b) Plaintiff has entirely failed to allege sufficient facts to state a cause of action against Ms. Donais, (c) each count separately failed to state a cause of action, and (d) Plaintiff did not comply with Rule 8, inasmuch as it is not a short and concise pleading.  *2022 Action, D. 70, 70-1.*  Also, to the extent that certain causes of action are based upon (in whole or in part) either (a) a 2017 telephone call between Donais and Plaintiff, (b) a March 2017 affidavit filed by Donais in another matter, or (c) Donais' June 18, 2019 statements to the Manchester Police, such causes of action were time-barred.  *Id.*

Plaintiff did <u>not</u> dismiss the 2022 Action to remedy a matter of form or cure a deficiency, and the Massachusetts Savings Statute does not assist him.  For example, dismissal for a lack of personal jurisdiction is considered a dismissal arising out of matters of form.  *Rodi v. Southern New England School of Law*, 389 F.3d 5, 18 (2004).  In *Rodi*, the First Circuit Court of Appeals commented that the savings statute was enacted to ensure that where a plaintiff has been *defeated* by some matter *not affecting the merits*, some defect or informality, which he can remedy or avoid by a new process, this statute of limitations shall not prevent him from doing so.  *Rodi* at 18, citing

*Coffin v. Cottle*, 33 Mass. (16 Pick.) 383, 386 (1835).  In *Cannonball*, the plaintiffs dismissed their claims because they had an objectively reasonable expectation that the court would dismiss its claims on jurisdictional grounds.  Such is not the case here.

Here, no deficiency has been "cured[6]," and Bisasor does not benefit from the savings statute. To avoid the likely dismissal on the merits, Bisasor voluntarily dismissed his suit only to refile a nearly identical suit a year later.  Also, he never presented a cause of action under the NH CPA in his 2022 Action, a separate count for defamation, a defamation claim against Ms. Donais, a supposed common law NH discrimination claim, a civil conspiracy claim with Ms. Donais, an interference with settlement claim, a professional malpractice claim, or his several alternative relief claims (Counts 23-26), so the savings statute is inapplicable to Counts 1, 8, 10, 12, 15, 22-27, and 30.

### 3.  Certain Claims were Time-Barred in the 2022 Action such that even if the Savings Statute applies, the claims remain time-barred

Plaintiffs' contract-based claims, breach of fiduciary duty claim, CPA violation claim and claims against Donais Law (Counts 5-8, 23-27), and any claims based upon acts prior to June 18, 2019 were time-barred at the time of the filing of the 2022 Action and remain time-barred.  As argued infra, none of these claims state a cause of action for which relief may be granted. Additionally, these claims are entirely time-barred, as the events upon which each count is based – involving a potential consumer transaction, potential attorney/client relationship and/or potential contract between Donais and Plaintiff – *all occurred in 2017*.  Specifically, on 1/9/17, Plaintiff and Donais spoke about potential representation.  Later in 2017, Donais submitted an affidavit in court about this communication.  Plaintiff does not, and cannot, allege any other events that form

---

[6]Should Plaintiff claim that his change from a claim under the Massachusetts CPA (c. 93A) to the New Hampshire CPA (RSA 358-A) somehow cures a defect or other error, this is insufficient.  Such a claim could have been made through a motion to amend in the 2022 Action.

104627877

the basis of these claims.  Any claims based upon the events of 2017 were time-barred at the time Plaintiff filed his original complaint on 6/20/22, more than five years later.

### B.    DEFENDANTS' STATEMENTS ARE PRIVILEGED

As argued in their Memorandum of Law in Support of Motion to Dismiss the 2025 Complaint, the Donais Defendants enjoy an absolute privilege related to the complained of conduct, and the FAC should be dismissed.  *D. 2-1, pp. 9-12*.  Briefly, statements made in the course of judicial proceedings are *absolutely* privileged from civil actions.  *McGranahan v. Dahar*, 119 N.H. 758, 763 (1979).  The First Circuit, citing *McGranahan* with approval, opined that the privilege provides "very broad protection" and extends "to any civil claim arising from statements made in the course of a judicial proceeding."  *Hugel v. Milberg, Weiss, Bershad, Hynes & Lerach, LLP*, 175 F.3d 14, 16-17 (1999).  The absolute privilege extends to statements made during attorney disciplinary proceedings, *McGranahan* at 763, and applies even though the challenged statements were not made in a courtroom.  *Provencher v. Buzzell-Plourde Associates*, 142 N.H. 848, 854 (1998) citing *Bruce v. Byrne-Stevens & Associates Eng.*, 776 P.2d 666, 673 (Wash. 1989) (the "privilege or immunity is not limited to what a person may say under oath while on the witness stand.  It extends to statements or communications in connection with a judicial proceeding.")

A plain reading of the FAC demonstrates that Plaintiffs' claims stem from Donais' role as a litigant or respondent in various civil matters before various courts and before the ADO. As in *McGranahan*, there "is little question here of pertinency."  *McGranahan* at 765.  Plaintiffs' allegations against the Donais Defendants rest upon Donais' actions as they related to the various court actions, attorney discipline proceedings and other judicial proceedings, all of which were initiated by Plaintiffs. The allegations about the supposed conduct of Donais are plainly pertinent and relevant to the underlying matters referenced in the complaint.  The statements include the following:  (a) a June 18, 2019 report to the police about the possibility of a wiretap violation and

11

Donais' opinion that "I wouldn't put it past them to have a recording and to have altered or doctored, the recording, because their grasp on reality is very tenuous" *D. 1-1, ¶ 130*, (b) a June, 2019 email with the police about a "potential criminal issue" *D. 1-1, ¶ 223*, (c) a March 2017 filing of an affidavit with the court and its republishing to the ADO, wherein Donais, according to Plaintiff, falsely accuses him of racism during their January, 2017 telephone call, *D. 1-1, ¶¶ 234, 268, 281, 283 891*, and (d) an August, 2020 report to police *D. 1-1, ¶¶ 62, 125, 132*. Plaintiffs also allege impropriety in connection with Donais' having withdrawn from settlement negotiations in connection with the 2020 Action. *D. 13, ¶¶ 756-763*. All are plainly pertinent to the disciplinary proceedings and/or the various court actions filed by Plaintiff. There is an absolute litigation privilege that precludes liability based upon such actions. All acts taken or statements made in connection with Donais' status as a litigant or respondent are absolutely privileged. See also *Lath v. Oak Brook Condominium Owners' Association*, 2018 WL 566825 *4. To the extent Plaintiff claims statements were made to family and other third parties, these statements are bald assertions or conclusions of law, which this court need not accept. *Resolution Trust Corp.*, at 48.

The privilege also extends to any statements Donais made to the police. *McGranahan v. Dahar*, at 769. The absolute privilege applies, even if the statement was not made in good faith. *Hungerford v. Jones*, 988 F. Supp. 22, 27 (1997). The Donais Defendants enjoy an absolute privilege related to the complained of conduct. Plaintiffs' complaint should be dismissed.

## C.    FAILURE TO ALLEGE SUFFICIENT FACTS AS AGAINST MS. DONAIS

Other than through conclusory statements and bald assertions, Plaintiffs make no allegations of facts as against Donais' wife, Ms. Donais. Plaintiffs largely regurgitate the allegations against Donais without providing any facts evidencing a statement of any kind by Ms. Donais. Compare *D. 13, ¶¶ 235-287*, with *D. 13, ¶¶ 834-874*. Plaintiffs speculate and infer defamation. *D. 13, ¶¶ 125, 137 and 812*. Plaintiffs further acknowledge having "never had any

direct communications with Mary Donais." *D. 13, ¶ 127*. There is not a single non-speculative allegation against Ms. Donais to support any claim against her, to include the allegations contained in Count 22. Plaintiffs speculate about communications between spouses and family members, see *D. 13, ¶ 836,* but provide no substantive allegations. Plaintiffs' FAC against Ms. Donais should be dismissed. Not only are the allegations time-barred[7], but Plaintiffs once again provide only conclusory and speculative allegations, which are insufficient. Count 22 should be dismissed

### D.     FOR THE REASONS ABOVE AND AS OUTLINED BELOW, EACH COUNT ALLEGED BY PLAINTIFFS FAILS TO STATE A CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED

#### 1.    Count 1 – Defamation and Defamation Per Se

All the complained of statements are privileged. Also, while Plaintiffs provide broad sweeping allegations of persons to whom statements were made, Plaintiffs only identify, in Plaintiff's 2022 Action, statements made in connection with court proceedings, ADO proceedings[8] or police reports. Other than statements in 2023 (discussed below), all of the alleged statements occurred no later than August of 2020 and are time-barred. Count 1 should be dismissed.

#### 2.    Count 2 – Defamation by Craig Donais made in a public meeting (as to Craig Donais and Donais Law Offices PLLC)

In Count 2, Plaintiffs allege that on 6/2/23, Donais made statements to the New Hampshire Supreme Court Advisory Committee. *D. 13, ¶ 290, D. 14, ¶ 1.* Plaintiffs do not provide any statements attributable to Donais. *D. 13, ¶¶ 290-295.* Plaintiffs provide conclusory statements about accusations and inferred allegations that "Donais basically publicly called Plaintiff a liar.[9]" *D. 13, ¶ 292.* Plaintiffs rely upon an inference – alleging that Donais "basically" called him a liar.

---

[7]The savings statute does not apply, as there was no claim in the 2022 Action that Mary K. Donais defamed anyone. The allegation was that Mary K. Donais aided and abetted defamation. See *2022 Action, D. 1-3, ¶ 697.*

[8] The Donais Defendants note that the ADO dismissed both grievances filed against Donais by Plaintiff's spouse.

[9]Bisasor also claims this was a violation of the Rules of Professional Conduct. *D. 13, ¶ 295.* A breach of the New Hampshire Rules of Professional Conduct is not a basis for civil liability. *Wong v. Ekberg, 148 N.H. 369 (2002).*

13

A review of the meeting minutes document that both Donais and Bisasor spoke against the proposed amendment to the rule.  See *Ex. D*.  The hearing was not about any issue between Donais and Bisasor.  This is insufficient to demonstrate a claim for relief.

Also, Plaintiffs' FAC is nearly identical to their pending amended complaint in the 2020 Action.  See *Ex. C, p. 18, ¶¶ 63-53*.  Plaintiffs should not be allowed to "vexatiously try out various grounds for recovery [ ] without the risk of later being precluded."  *University of New Hampshire v. April*, 115 N.H. 576, 580 (1975) (citations omitted).  "[P]iecemeal litigation strategy [violates] the doctrine against claim splitting and would defeat the interests of fairness and the economic use of scant judicial resources."  *U.S. v. Mottolo*, 107 F.R.D. 267, 268 (1985).  Defendants would be (and have already been) forced to defend multiple suits with the potential of inconsistent verdicts after Plaintiffs test their theories of relief in one jurisdiction before a final verdict in another jurisdiction.

 "[T]he test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit."  *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011).  "If the party challenging a second suit on the basis of claim splitting had to wait until the first suit was final, the rule would be meaningless. The second, duplicative suit would forge ahead until the first suit became final, all the while wasting judicial resources." *Id*. at 1219; *Sutcliffe Storage & Warehouse v. United States*, 162 F.2d 849, 851 (1st Cir. 1947) (affirming on claim-splitting grounds dismissal of three suits arising from same subject matter as fourth, prior suit filed); *Fernandes v. Quarry Hill Assos., L.P.*, WL 5439785 (D. Mass. 2010) (granting judgment on the pleadings due to pendency of prior-filed state suit).  The doctrine serves to protect the parties from "the vexation of concurrent litigation over the same subject matter." *Curtis v. Citibank, N.A.,* 226 F. 3d 133, 138 (2d Cir. 2000).  The claim splitting doctrine is applicable to

Plaintiffs' newly added allegations. It would be improper and burdensome to make any of the defendants defend the same claim in two or more courts. This count should be dismissed.

### 3. Count 3 – Interference with Contractual Relations by Donais (as to Donais and Donais Law Offices PLLC) and Count 4 – Interference with Advantageous Relations by Donais (as to Donais)

In New Hampshire,

"One who intentionally and improperly interferes with the performance of a contract ... between another and a third person by inducing or otherwise *causing the third person not to perform the contract,* is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.

(internal citations and quotations omitted; emphasis in original.) *Tessier v. Rockefeller*, 162 N.H. 324, 337 (2011). To establish liability, Plaintiff must allege (1) an economic relationship with a third party; (2) the defendant knew of this relationship; (3) the defendant *intentionally* and *improperly* interfered with this relationship; and (4) the plaintiff was damaged by such interference." (emphasis in original) *Id.*, citing *Hughes v. N.H. Div. of Aeronautics*, 152 N.H. 30, 40–41 (2005). "In the context of an intentional interference with prospective contractual relations claim, the court has limited actionable claims for the defendants' interference with already existing relationships that give rise to a reasonable expectation of economic advantage." *Preyer v. Dartmouth College*, 698 F.Supp. 20, 26 (1997) (citation omitted). The "economic relationship asserted by the plaintiff need not be reduced to a formal, written instrument, but there must be a promise, or the reasonable expectation of a promise, creating a duty recognized by law." *M & D Cycles, Inc. v. American Honda Motor Co., Inc.*, 208 F. Supp. 2d 115, 119 (2002). In Counts 3 and 4, Bisasor does little more than provide recitals of the elements of the cause of action along with conclusory statements.

Having the benefit of the Donais Defendants' prior filings, see *2022 Action D. 70 and 70-1* and *D. 2 and D. 2-1,* Plaintiffs add that in 2019 and 2020, Bisasor "had a contractual relationship

with the [ ] Manchester NH police department including with the Manchester NH police chief." *D. 13, ¶ 300.* This contradicts his 2025 Refiled Complaint, alleging a "contractual relationship with the **state** police/police department including the **state** police chief," (emphasis added.) *D. 1-1, ¶¶ 760-761.* Plaintiffs do not provide the date of the contract, the named parties to the contract, any information to establish that a contract existed, identify that another did not perform under a contract, or that they had a reasonable expectation of an *economic* relationship with another or sustained an economic loss. Plaintiffs without substantive facts claim that Donais knew about a 2019 or 2020 contractual relationship (a necessary element) because Donais "found plaintiff's Linked-in page which had that information about this since 2017." *D. 13, ¶ 309.* There are no facts alleged from which this Court could infer any causal link between Plaintiffs' supposed inability to obtain legal assistance and any act by the Donais Defendants. Plaintiffs also base their claims upon absolutely privileged communications, *D. 13, ¶ 315; D. 1-1, ¶¶ 223, 231-232, 284.* Stripping away bald assertions and conclusions of law, Plaintiffs fail to establish an entitlement to relief, and counts 3 and 4 should be dismissed.

### 4. <u>Count 5 - Breach of Fiduciary Duty (as to Craig Donais and Donais Law Offices PLLC</u>

"A fiduciary relationship has been defined as a comprehensive term and exists wherever influence has been acquired and abused or confidence has been reposed and betrayed." *Brzica v. Trustees of Dartmouth College*, 147 N.H. 443, 447 (2002) (quoting *Lash v. Cheshire County Savings Bank*, 124 N.H. 435, 438 (1984)). Plaintiffs appear to allege, over the course of six pages, *see D. 13, ¶¶ 398-482*, that Donais violated a fiduciary obligation by discussing a potential client with others. *D. 13, ¶¶ 434, 456, 466.* Plaintiffs contend that unspecified confidences were discussed, e.g., *D. 13, ¶¶ 387, 401,* while simultaneously claiming the statements were false and fabricated. *D. 13, ¶¶ 381, 401, 404.*

**Donais never represented Plaintiffs**, which Plaintiffs concede.  *D. 13, ¶¶ 399-400.* Donais never *owed a duty* to Plaintiff, and there was no fiduciary relationship.  In addition to being time-barred and based upon absolutely privileged statements, Plaintiffs fail to allege sufficient facts against Donais and Donais Law to state a claim of breach of fiduciary duty upon which relief may be granted.  Count 5 should be dismissed.

### 5. <u>Counts 6 and 7 Breach of Implied Contract (as to Craig Donais and Donais Law Offices PLLC) and Breach of Implied Covenant of Good Faith and Fair Dealing</u>

In Counts 6 and 7, Plaintiffs do not allege an express contract, nor could they.  There was no contract.  Plaintiffs' FAC, read as a whole, demonstrates that there was no attorney-client relationship, Donais never undertook representation of either Plaintiff, and Donais never agreed to undertake any action on behalf of Plaintiffs. See e.g., *D. 13, ¶¶ 485, 489, 491.*  This lack of representation was made clear to Plaintiffs when Donais filed his 3/2017 affidavit related to his 1/9/17 conversation with Bisasor.  *D. 1-1, ¶ 217.*

To avoid dismissal, Plaintiffs now contend that there was an "implied attorney-client relationship."  *D. 13, ¶¶ 494, 495, 500-501.*  Plaintiffs then cite to Massachusetts case, claiming that a voicemail message left by Bisasor for Donais assists in establishing this relationship.  *D. 13, ¶ 495-496.*  But Donais never "expressly or impliedly" agreed to give advice or assistance.  *Id.* Plaintiffs' FAC fails to allege facts to support an implied attorney-client relationship.  Plaintiffs' FAC read in conjunction with other admissions from Bisasor's filings in this matter and in the 2022 Action abundantly demonstrate that after a seven minute call on 1/9/17, Donais <u>declined</u> to represent either Plaintiff.  There is no surrounding circumstance that demonstrates ratification.  On the contrary, by 3/16/17, Donais supplied an affidavit in Court, which Plaintiffs allege defamed Bisasor.  *D. 1-1, ¶¶ 234, 268, 281, 283 891.*  Also, in his 2025 Refiled Complaint, Plaintiffs acknowledged that Donais was not their attorney.  *D. 1-1, ¶¶ 13, 83.a, 223, 414.*

17

Plaintiffs also contend that Donais and his law practice breached the implied covenant of good faith and fair dealing. Since there was no contract, there can be no such breach. Briefly, though, Plaintiffs must allege facts to support a finding that the Donais Defendants acted in a manner that was inconsistent with the parties' agreed-upon common purpose and expectations and that Plaintiffs were harmed by the allegedly breaching party's conduct. *DeVries v. St. Paul Fire and Marine Ins. Co.*, 716 F.2d 939, 941-944 (1st Cir. 1983); *Livingston v. 18 Mile Point Drive, Ltd.*, 158 N.H. 619, 645 (2009). Plaintiffs use the buzzwords but offer no facts, i.e., they claim an "agreed-upon common purpose" *D. 13, ¶¶ 511-512*, but do not state what that agreement was (because there was no agreement) or any "common purpose" which was agreed upon. Moreover, since the only communication occurred on 1/9/17, more than *eight* years before Plaintiffs filed the instant suit, any claim is time-barred. Counts 6 and 7 must be dismissed.

### 6. <u>Count 8 Violations of the NH Consumer Protection Statute and Count 26 – Professional Entity Liability Under RSA 358-A</u>

The NH CPA provides a civil damages remedy for "unfair method[s] of competition or any unfair or deceptive act[s] or practice[s] in the conduct of any trade or commerce within this state." N.H. RSA 358-A:2. "[N]ot all conduct in the course of trade or commerce falls within its protection." *Barrows v. Boles*, 141 N.H. 382, 390 (1996). "The objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." *Id*. Ordinary or routine claims for breach of contract and negligence are not subject to the CPA. *Id.*; *McNeal v. Lebel*, 157 N.H. 458, 469-70 (2008).

Plaintiffs claim that Donais and Donais Law violated the CPA by lying about communications Donais had with Plaintiff and various statements to others. *D. 13, ¶¶ 551-559*. Plaintiffs do not allege any act that implicates the commercial aspects of the practice of law, so this claim fails as a matter of law. *See Judge David Anderson's 12/9/21 order in Stewart v. Ang,*

*Docket No. 216-2019-CV-00305, attached hereto as Exhibit E.* The sound reasoning of Judge Anderson's order, applying a "business/professional distinction when interpreting CPA claims against professionals," dictates that dismissal of Count 8, as Plaintiffs' allegations do not implicate any business or entrepreneurial interests. *See Ex. E, p. 14.* As in *Stewart*, Plaintiffs do not allege any wrongdoing in connection with any pricing or other commercial activity. Again, having the benefit of the Donais Defendants' Motion to Dismiss, *see D. 2 and 2-1*, Plaintiffs use the buzzwords, see *D. 13, ¶ 550*, but offer no facts.

In addition to being time-barred, as any consumer transaction would have occurred in 2017, Plaintiffs' FAC fails to sufficiently allege a claim for a violation of the CPA, and Counts 8 and Count 26 should be dismissed.

### 7. <u>Count 10 Common-Law Civil Rights / Intentional Racial Interference and Race Discrimination Pursuant NH Law Against Discrimination (RSA 354-B) (as to Craig Donais)</u>

Plaintiffs allege that Donais violated NH RSA 354-B from March of 2019 through "at least 2020." *D. 13, ¶ 593.* Plaintiffs acknowledge "that RSA 354-B currently lacks a private cause of action" but that there is a pending bill that may permit a private cause of action. *D. 13, ¶ 603*[10]. Thus, Plaintiffs bring a common law claim for discrimination[11]. There is no common law claim for discrimination in New Hampshire. A discrimination claim is entirely statutory. Also, any such claim, even if actionable is time-barred. Plaintiffs claim acts no later 2020. Their complaint, five years later, is time-barred. Count 10 should be dismissed.

### 8. <u>Count 11 Intentional Infliction of Emotional Distress (as to Craig Donais and Donais Law Offices PLLC)</u>

---

[10]Even should this bill become law, it would not have retroactive application. Analysis of this issue is not needed to resolve this motion, though.

[11]Plaintiffs cite to three cases. *D. 13, ¶¶ 605-606.* Two do not relate to New Hampshire law and the third cite – *Fitzgerald v. University of Massachusetts, 2 F.3d 131 (1st Cir. 1993)* - brings one to a Fifth Circuit case about the bankruptcy code.

104627877

"New Hampshire law does not recognize a cause of action for wrongful infliction of emotional distress where the factual predicate sounds in defamation." *Provencher v. CVS Pharmacy*, 145 F.3d 5, 12 (1st Cir. 1998), citing *DeMeo v. Goodall*, 640 F.Supp. 1115, 1116 (D.N.H. 1986).  Thus, emotional distress that results from harm to reputation and good name caused by the publication of defamatory statements cannot give rise to a separate action for IIED.  Rather, mental and emotional harm resulting from damage to reputation may be compensated in the form of damages for emotional distress in the defamation action.  *Moss v. Camp Pemigewassett, Inc.*, 312 F.3d 503, 510-511 (1st Cir. 2002), citing *DeMeo* at 1116.

As in *Moss*, the IIED claim here can only be demonstrated through evidence of emotional distress that is distinct from the emotional distress Plaintiffs claim was caused by the allegedly defamatory statements.  While Plaintiffs, again having the benefit of the Defendants' other filings, now allege that the IIED claim is "distinct," *see D. 13, ¶ 651, 659,* from the defamation claim, they offer no facts to support this allegation.  As against Donais Law, Plaintiffs offer no facts whatsoever that the corporation acted in any manner that caused emotional distress.  Plaintiffs once again offer only bald assertions and legal conclusions.  Count 11 should be dismissed.

### 9. <u>Count 12 Civil Conspiracy (as to Craig Donais and Mary Donais) and Count 30 Civil Conspiracy to Injure Plaintiffs</u>

"A civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful by unlawful means." *Jay Edwards, Inc. v. Baker*, 130 N.H. 41, 47 (1987) (quotation omitted).  The elements are:

> (1) two or more persons (including corporations); (2) an object to be accomplished (i.e., an unlawful object to be achieved by lawful or unlawful means or a lawful object to be achieved by unlawful means); (3) an agreement on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof.

*Id.* If a complaint refers to "conspiracy and conspiratorial conduct" but those references "are mere legal assertions, unsupported by factual content," then the "pleadings stand bare of those essential facts that would give rise to any cognizable legal cause of action" and "do not meet the applicable test, which requires that a plaintiff's pleadings, on their face, assert a cause of action if the claim is to survive a motion to dismiss." *Id.* at 47-48.

In Count 12, Plaintiffs contend that Donais "in concert" with his wife, "held a power of coercion they would not have had they acted independently." *D. 13, ¶ 668.* In Count 30, Plaintiffs contend that Donais "in concert" with Donais Law "and or through its agent and alter ego" defamed Plaintiffs. *D. 13, ¶ 914.* Plaintiffs allege no facts upon which this Court may find an unlawful overt act. Such conclusory allegations and surmise cannot substitute for sufficient facts, are not entitled to the assumption of truth and do not support a claim of civil conspiracy. *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009). Notably, Bisasor in his 2022 Action complaint alleged that Donais *may have* acted "alone." *See 2022 Action, D. 1-3, ¶ 803.* Plaintiffs' claims of conspiracy are entirely speculative. Count 12 and Count 30 should be dismissed. Count 30 should also be dismissed as a corporation cannot conspire with its agents or employees. *Walker v. Providence Journal Co.*, 493 F.2d 82, 87 (1974).

### 10. Count 15 Interference with Settlement Contract [In 2021 and 2022]

Plaintiffs allege that Donais and Hilliard interfered with a settlement contract. In reviewing the FAC, *D. 13, ¶¶ 756-773*, the allegations pertain to settlement negotiations in the 2020 Action. See also *D. 1-1, ¶¶ 126, 1012, fn 10.* Since the allegations here entirely pertain to the litigation of another matter where Hilliard represents Donais, such actions are absolutely privileged, and this claim is barred. Plaintiffs concede this point, stating that they "will seek recovery for these events in the first-filed state court case in NH, first filed in Jan 2020 and thus timely in that case." *D. 13,*

*¶ 1003.*  Also, Plaintiffs allege actions in April of 2021 through January of 2022, *D. 13, ¶¶ 756-761,* which are time-barred.  Count 15 should be dismissed.

11. **Counts 23-25 Vicarious Liability Under Respondeat Superior; Direct Corporate Liability; Alter Ego Liability; Professional Entity Liability Under RSA 358-A**

In Counts 23-25, Plaintiffs make claims against Donais Law for "Vicarious Liability under Respondeat Superior" (Count 23), "Direct Corporate Liability" (Count 24), and "Alter Ego Liability" (Count 25).  None alleges a cause of action upon which relief may be granted.  Rather, Counts 23-25 merely allege theories of liability as against Donais Law.  They are not independent causes of action.  See generally *Marquay v. Eno*, 138 N.H. 708, 718-719 (1995).  Thus, Counts 23, 24 and 25 should be dismissed for this reason and as argued infra as it relates to Donais Law.

12. **Count 27 - Professional Negligence Malpractice**

Neither Donais nor Donais Law ever represented Plaintiffs.  See also the arguments made in Sections VI.D.4 and VI.D.5 above, which are incorporated by reference.  Briefly, to the extent the initial call to Donais is at all actionable, it occurred on 1/9/17, more than *eight* years before Plaintiffs filed the instant suit.  Count 27 must be dismissed.

E. **PLAINTIFFS' COMPLAINT VIOLATES FEDERAL RULE OF CIVIL PROCEDURE 8**

Plaintiffs' FAC, like Plaintiff's Complaint and his filings in the 2022 Action, fails to comply with F.R.Civ.P. Rule 8(a).  Plaintiffs' Complaint totals 82 single-spaced pages and contains 28 counts for relief pled in 1012 paragraphs against six defendants.  The Donais Defendants have expended considerable time and expense preparing motions to dismiss, *D. 7*, and an objection to Plaintiff's Motion to Amend his complaint a second time, *D. 23, 91, 159*, in the 2022 Action, and their Motion to Dismiss the refiled 2025 complaint in this action.  The Donais Defendants have had to review voluminous Amended Complaints (three – two in the 2022 Action

and the instant FAC). The Donais Defendants now have had to respond to the instant complaint – essentially a fifth amended complaint.

F. R. Civ. P. Rule 8(a) defines the content and structure of an acceptable pleading. "A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . ." F.R.Civ.P. 8(a). The purpose behind Rule 8(a) is to "afford the opposing party fair notice of the claims asserted against him and the grounds on which those claims rest." *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995). Plaintiffs detail minutiae that has "little to no bearing on the core of the claims" alleged. *Carney v. Town of Weare*, 2016 WL 320128 * 4. For example, they improperly reference insurance. *D. 13, ¶¶ 55-56.* They provide lengthy narratives recounting the law, e.g., *D. 13, ¶¶ 415-422.* They are repetitive in their allegations and cite to irrelevant law, e.g., see *D. 13, ¶¶ 240, 347, 387, 390, 402.* Given the prolix and repetitive narrative of events, Plaintiffs' Complaint violates Rule 8. The Court has the inherent power to strike the complaint as unduly prolix and onerous, and it should do so. Here, Defendants "already [have had to expend] considerable time and expense" preparing this motion to dismiss, an objection to plaintiff's motion to amend (related to his proposed Second Amended Complaint in the 2022 Action), motions to dismiss in the 2022 Action, and reviewing two lengthy proposed Second Amended Complaints. *Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1993). Plaintiffs' FAC, like his 2025 Refiled Complaint and his First Amended Complaint and proposed Second Amended Complaint in the 2022 Action, still fails to comply with F. R. Civ. P. Rule 8(a). Given that the Donais Defendants have raised this issue now for a fifth time, the dismissal should be *with prejudice*.

## V.    CONCLUSION

For all the foregoing reasons, Craig S. Donais, Mary K. Donais and Donais Law Offices PLLC, respectfully request that this Court:

23

104627877

A.    Dismiss Plaintiffs' Complaint *with prejudice*; and

B.    Grant such other and further relief as is equitable and just.

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG DONAIS, DONAIS LAW OFFICES
PLLC and MARY K. DONAIS

*/s/ Linda M. Smith*
Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
(603) 622-3400

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing to all parties in this action by serving same via electronic mail to:

Andre Bisasor, Pro Se
679 Washington Street, Suite #8-206
Attleboro, MA 02703
quickquantum@aol.com

Natalie Anderson, Pro Se
101 Middlesex Turnpike, #270
Burlington, MA 01801
liberty_6@msn.com

Daniel R. Sonneborn, Esq.
Preti Flaherty
60 State Street, Suite 1100
Boston, MA 02109
dsonneborn@preti.com

Date:   October 21, 2025

*/s/ Linda M. Smith*
Linda M. Smith

104627877