UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

# PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO F.R.C.P. 41(a)(1)(A)(i)

1. COMES NOW, Plaintiff, in the above-captioned case, and voluntarily dismisses the above-referenced action, without prejudice and in its entirety, with each party to bear his or her own costs, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) ("Rule 41(a)(1)(A)"). Defendants have not yet served an answer or moved for summary judgment. Under Rule 41(a)(1)(B), such dismissal is without prejudice. The plaintiff has not filed any prior notice of voluntary dismissal in any court, whether state or federal, previously to this. Therefore, the two-voluntary-dismissal rule has not been triggered to create prejudice.

2. Fed. R. Civ. P. 41 (a)(1)(A)(i) provides that under these circumstances, a plaintiff may voluntarily dismiss his or her case without leave of court. A voluntary dismissal under this subsection is without prejudice, unless the notice states otherwise. Fed. R. Civ. P. 41 (a)(1)(B). This notice explicitly states that it is without prejudice.

3. A plaintiff has an absolute right to voluntarily dismiss a case without prejudice, prior to service of an answer or motion for summary judgment[1], and can do so simply upon the filing of the notice of voluntary dismissal.

4. The notice of voluntary dismissal is effective upon filing and the clerk is required to immediately close the case without further notice or without further orders from the court. The notice of voluntary dismissal deprives the court of jurisdiction and the court lacks jurisdiction to entertain further actions after the filing of the notice of voluntary dismissal, as to do so would be a violation of law.

5. This does not constitute an adjudication on the merits and is not a final judgment of the court, but is a voluntary dismissal as by right under the law without prejudice.

---

[1] Although this is not relevant under Rule 41(a)(1)(A), it should be noted that this case is at an early stage of litigation, has had no discovery occur or even scheduled as yet, and no scheduling conference or Rule 16 conference has been set or occurred as yet, and no motion to dismiss is ripe for decision but has been stayed indefinitely, and no decision on the merits has occurred, none of which would prohibit this notice of voluntary dismissal in any event, but underscores the early stage nature of the litigation. NB: Defendants have had an ample opportunity to file an answer, especially after the case was transferred to this court from the MA federal court based on request/insistence of the defendants, but they have chosen to not do so.

1

Respectfully submitted,<br>
/s/ Andre Bisasor<br>
Andre Bisasor<br>
679 Washington Street, #8-206<br>
Attleboro, MA 02703<br>
T: 781-492-5675<br>
E: quickquantum@aol.com

June 3, 2024

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor<br>
Andre Bisasor<br>
679 Washington Street, #8-206<br>
Attleboro, MA 02703<br>
T: 781-492-5675<br>
E: quickquantum@aol.com

2