# NEW HAMPSHIRE SUPREME COURT
# ADVISORY COMMITTEE ON RULES

Minutes of Friday, June 2, 2023 Public Hearing and Meeting
NH Supreme Court
Supreme Court Courtroom
1 Charles Doe Drive
Concord, NH 03301

---

The public hearing was called to order at 12:30 p.m. by Justice Donovan, Committee Chair.  The following Committee members were present:

Abigail Albee, Esq., Sheriff Mark Brave, Hon. R. Laurence Cullen, Hon. N. William Delker, Justice Patrick E. Donovan, Hon. Michael H. Garner, Sean P. Gill, Esq., Sara Greene, Esq., Jeanne Herrick, Esq., Charles Keefe, Esq., Derek Lick, Esq., Susan Lowry, Esq., Representative Robert J. Lynn, Terri Peterson, Senator Donna Soucy, Janet Spalding, and Charles Stewart.  Timothy Gudas, Secretary to the Committee, Lorrie Platt, Esq., and Lisa Merrill, Recording Secretary, were also present.

1.  **PUBLIC HEARING**

Members of the public were invited to speak about proposed rule changes in dockets 2022-001, 2023-004, and 2023-005.

**A. 2022-001 <u>New Hampshire Supreme Court Rule 37(20)</u>**

Attorney Craig Donais spoke against the proposed amendment citing the possible exposure of confidential attorney-client communication.  He stressed the importance of protecting client information when a grievance against an attorney is filed by a third party.  In that situation, he explained, the identity of the client should be protected regardless of whether the name of the client is obtained by the Attorney Discipline Office from the attorney's files or from another source.  As proposed, the amendment allows the Attorney Discipline Office to publicly disclose information that Attorney Donais considers a client's confidential information.

Justice Donovan asked Attorney Donais whether he proposed specific language for the Committee to consider.  He did not, but offered to work with the Committee to draft language if necessary.

Attorney Lick and Attorney Donais discussed documents that constitute the file and noted that some may be confidential and not within the scope of an investigation.

Mr. Andre Bisasor of Attleboro, Massachusetts, attending remotely, also spoke in opposition to the proposed amendment. He began by stating that he missed the first six minutes of Attorney Donais's comments because the audio was not working. Citing the importance of transparency, Mr. Bisasor stated that the definition of what constitutes confidential information is vague and undermines transparency and accountability. He commented that the definition of the "public" file should not be amended and that the proposed amendment, by cutting back on public access, is inconsistent with the New Hampshire Constitution and New Hampshire court cases.

Mr. Bisasor referenced documents authored by Ms. Natalie Anderson sent to the Committee Secretary and handed out to members during the meeting. Justice Donovan reminded Mr. Bisasor that the Committee had imposed a deadline for the submission of information to the Committee which provides members with a sufficient opportunity to review the materials in preparation for the meeting.

Justice Donovan granted Mr. Bisasor another 3 minutes for his comments noting that Attorney Donais received 15 minutes to address the Committee. Ms. Anderson, who also attended the meeting remotely, yielded her time to address members of the Committee, to Mr. Bisasor. Mr. Bisasor asked that the record reflect his view that his comments are not welcome by the Chair or the Committee, an allegation that he has raised in an ongoing federal lawsuit that he has initiated against the Chair and the Committee.

Mr. Bisasor commented that the Attorney Discipline Office's existing redaction policy works effectively to protect confidential client information and that Attorney Donais's approach to confidentiality is overly expansive.

Mr. Bisasor asked the Committee to table a vote based upon his late submissions documenting his concerns and his request that he and Ms. Anderson submit additional comment to the Committee. He also asked that his name and the name of Ms. Anderson be redacted from the original proposal. With no questions for Mr. Bisasor, the Committee turned to the next agenda item.

### B. 2023-004  New Hampshire Rule of Evidence 1101(b)

Justice Donovan summarized the proposed rule amendment submitted by Judge David King that would exempt probable cause hearings in involuntary emergency admission (IEA) cases from the Rules of Evidence. Circuit Court Judge Ryan Guptill addressed the Committee in support of the amendment.

Judge Guptill summarized the current IEA process and suggested that the change would: (1) bring the rule in line with other probable cause

2

determinations, when the Rules of Evidence do not apply; (2) create necessary flexibility for all participants to evaluate all evidence in light of the emergency nature of these proceedings and the practical realities of non-lawyer filers and participants; and (3) be consistent with the rehabilitative purposes of IEAs, while still allowing the full trial if admission is to extend beyond 10 days.

Representative Lynn expressed concern about not applying the Rules of Evidence, given that a full trial generally does not subsequently occur and that the initial IEA hearing is, therefore, the trial.  Responding to Representative Lynn's comparison to probable cause determinations in criminal proceedings, Judge Guptill suggested that the purpose of the IEA process is to help an individual, not punish them, a purpose that differs from a criminal proceeding.

Attorney Greene and Judge Guptill discussed the IEA 10-day period and how it serves as a time limitation, which can be extended only by a petition for a longer-term commitment, a voluntary admission, or the occurrence of new events warranting a further 10-day period.  With no further questions for Judge Guptill, he completed his comments.

Concord Attorney Lauren Vallari spoke in opposition to the proposed rule change noting that hearsay should not be considered in the IEA process.  She emphasized the importance of the Rules of Evidence to protect individual rights during the process and noted that probable cause is a low standard.  She stated that the IEA hearing often is the critical hearing and that the Rules of Evidence do apply and should continue to apply in IEA hearings.

In response to Justice Donovan's invitation for questions, Attorney Keefe asked for contrasting perspectives from Judge Guptill and Attorney Vallari.  Judge Guptill stated that probable cause essentially permits the court to consider all evidence.  Attorney Vallari said that a case based upon probable cause with hearsay deprives an individual of their due process rights.

Attorney Amy Davidson agreed with Attorney Vallari's comments in opposition to the proposed amendment and emphasized that the Rules of Evidence are needed to protect the rights of clients.

With no further questions or comments, the Committee turned to the next agenda item.

### C. 2023-005  New Hampshire Rule of Evidence 804(b)

Circuit Court Administrative Judge David King submitted the proposed amendment to Rule 804(b) in order to restore the exception to the hearsay rule that governs statements made by a deceased person in actions by or against representatives of the deceased person.  According to Judge King, the type of evidence that the proposed amendment would admit is necessary in probate

cases, which often involve a determination of the intent of the decedent as testator or settlor.

Judge Delker asked what "or proceeding" means in the context of the proposed amendment and raised the question as to the applicability of the proposed amendment in criminal cases. Discussion between Judge Delker and Judge King ensued with a suggestion that perhaps the word proceeding is not needed. Judge Guptill commented that the proposed amendment could be modified to add "civil" to modify "proceeding."

With no further questions or comments, the public hearing concluded and the Committee turned to the next agenda item.

2. **DISCUSSION AND VOTE ON PUBLIC HEARING ITEMS**

   A. 2022-001 **Supreme Court Rule 37(20)**

Discussion of the subcommittee's proposed amendment ensued with Attorney Greene explaining that the Attorney Discipline Office gathers information from many sources. Information obtained from other sources does not make it confidential in the file. The proposed amendment limits the "public" file to the enumerated items.

Judge Delker asked why the definition of "public" file must be so narrow and why it should not include everything except confidential information, with Attorney Greene responding that the files can be voluminous.

Attorney Lick noted that the order of section 20(a)(1) and section 20(a)(2) should be flipped. The prior minutes show that the Committee agreed to reorder the sections so that the rule first defines the contents of the public file and then sets forth the exclusions.

Attorney Greene made a motion to recommend adoption of the proposed amendment as submitted by the subcommittee and with the reordering of section 20(a)(1) and section 20(a)(2) noted by Attorney Lick. Judge Delker moved to amend the motion, so that the proposed rule would be consistent with the current version of Rule 37(20) by treating the file as public except for specified items; Judge Delker's motion was seconded by Representative Lynn. Judge Delker's motion failed by an 8-8 vote, with Attorney Lowry having abstained.

On motion by Attorney Greene and seconded by Attorney Gill, the Committee voted to recommend adoption of the proposed amendment as submitted by the subcommittee and with the reordering of section 20(a)(1) and section 20(a)(2) noted by Attorney Lick.

### B.    2023-004 New Hampshire Rule of Evidence 1101(b)

Discussion and concerns were expressed regarding the Rules of Evidence and the probable cause standard in involuntary emergency admissions cases.

On motion by Representative Lynn and seconded by Mr. Stewart, the Committee voted to recommend adoption of the proposed rule change.

### C.    2023-005 New Hampshire Rule of Evidence 804(b)

On motion by Judge Delker and seconded by Attorney Gill, the Committee voted to recommend adoption of the proposed rule change with the addition of the word "civil" immediately before the word "action" and with "a" replacing "an" before "civil."

## 3.    ITEMS STILL PENDING BEFORE THE COMMITTEE

### A.    2022-006 New Hampshire Rule of Professional Conduct 3.8

Attorney Herrick reported that the subcommittee met and struggled with settling on a clear proposal. Attorney Gill added that the subcommittee's majority came up with the most reasonable approach, which avoids veering too far into an area for the Rules of Criminal Procedure. Attorney Keefe stated that he was in the minority of the subcommittee and commented that he spoke for members of the criminal-defense bar in supporting the original proposal to amend the rule.

On motion by Judge Delker and seconded by Attorney Gill, the Committee voted to recommend adoption of the subcommittee majority's proposed amendment.

### B.    2022-007 Rule of Criminal Procedure 11(c)

After discussion, and on motion by Attorney Keefe, and seconded by Attorney Greene, the Committee voted to schedule the proposed rule amendment for the next public hearing.

### C.    2022-013 Supreme Court Rule 51

Justice Donovan summarized the proposed rule amendment that would remove redundant and unnecessary language to streamline the court's rule-making process. A request for public comment was issued on March 17, 2023, and no comments were submitted to the Committee. Justice Donovan recommended the following revisions to the proposed rule amendment: in section 5(b), replacing "Secretary of the Committee" with "Supreme Court"; and in section 6(a), removing "as set forth in paragraph IV(3)(a)." Mr. Stewart

recommended the insertion of language concerning the establishment of deadlines for the submission of public comments, with Justice Donovan recommending the insertion of "set reasonable and mandatory deadlines for and" in section 3(g)(3) between "To" and "receive."

Mr. Bisasor requested an opportunity to provide oral comments concerning the proposed amendment to Rule 51. The request was denied because Rule 51 was not included as a topic of the public hearing.

On motion by Attorney Lowry and seconded by Attorney Greene, the Committee voted to recommend adoption of the proposed amendment with the additional language changes noted previously.

### D.   2022-014 Voluntary Corporations Formed for the Purpose of Providing Professional Legal Services to the Poor (RSA 292:1-a)

Attorney Gill provided an update on behalf of the subcommittee and requested additional time to prepare a written proposal. This item will be added to the September 15, 2023 agenda.

### E.   2022-015 Supreme Court Rule 42

There were no public comments received on the proposed rule amendment. Justice Donovan recommended replacing "return to" with "apply for" in the proposed amendment because some newly admitted bar members choose to begin on inactive status. Attorney Herrick and Justice Donovan also recommended deletion of the proposed amendment's final sentence, which includes "nunc pro tunc" language.

On motion by Representative Lynn and seconded by Attorney Greene, the Committee voted to recommend adoption of the proposed amendment with the additional language changes noted previously.

## 4.   NEW BUSINESS

### 2023-007 Superior Court Rule 37 and 2023-008 Circuit Court District Division Rule 3.37

Mr. Stewart asked why these changes are needed. Attorney Albee and Ms. Peterson responded that clerks of court are regularly receiving subpoenas to testify as to court records, even when certified copies of the records have been provided.

On motion by Mr. Stewart and seconded by Ms. Peterson, the Committee voted to recommend adoption of the proposed amendments to both rules.

**IOLTA <u>Supreme Court Rule 50</u>**

Attorney Lick provided a brief update on the Bar Association's discussions with various banks to take measures to "sweep" IOLTA accounts on a frequent basis to reduce the risks from bank failures. This item will be added to the September 15, 2023 agenda.

5.  **<u>MATTERS REFERRED BY JUSTICE DONOVAN TO THE COURT PURSUANT TO SUPREME COURT RULE 51(c)(3)</u>**

    **2023-006 <u>Supreme Court Rule 48</u>**

    Justice Donovan stated that this proposed amendment was referred by him directly to the Supreme Court, which has adopted the proposed amendment.

6.  **<u>REMAINING 2023 MEETING DATES</u>**

    Friday, September 15, 2023
    Friday, December 8, 2023

    On motion made and seconded, the Committee voted to adjourn. The meeting adjourned at 3:18 p.m.