UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251 | ANDRE BISASOR, et al. v. CRAIG S. DONAIS, et al.,

**PLAINTIFF ANDRE BISASOR'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING MOTION TO REMAND**

**I. INTRODUCTION**

1. This motion seeks reconsideration of the October 9, 2025 Order denying remand. The case was removed under 28 U.S.C. § 1441(a) solely on federal question grounds. The operative amended complaint eliminated the sole federal claim. Under Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 39 (2025), a post removal amendment deleting all federal claims requires remand where no independent ground for subject matter jurisdiction was properly invoked at removal. The defendants did not assert diversity jurisdiction in their notice of removal; they instead attempted to shift to diversity only in opposing remand. Section 1446(b) does not permit adding a new basis after the 30 day removal window; nor does § 1653 allow post deadline addition of a wholly new jurisdictional ground.

2. The order denied remand by treating diversity as available because, as the order states, plaintiffs "are citizens of Massachusetts and the defendants are all citizens of New Hampshire" and the "amount in controversy" is met; the order then reasons that "the issue for remand at this point is whether subject matter jurisdiction currently exists in the absence of a federal question" and concludes diversity jurisdiction exists on the face of the amended complaint; the order further states the forum defendant rule does not apply because removal was based on federal question and that it is not jurisdictional; and that snap removal is irrelevant because this was not a diversity removal order.

3. Respectfully, this analysis conflicts with the governing statutes and the Supreme Court's decision in Royal Canin; it also conflicts with the removal framework requiring strict pleading of jurisdictional bases within § 1446's deadline and prohibiting retroactive replacement of removal grounds.

**II. PROCEDURAL BACKGROUND AND KEY FACTS**

4. Removal occurred on July 2, 2025 based solely on federal question jurisdiction; the notice of removal cites § 1441(a) and § 1331; it does not assert § 1332 or diversity based removal.

5. The amended complaint was filed on July 29, 2025; it added defendants and removed all federal claims; the amended pleading alleges only state law claims and omits the § 1981 claim that underlay removal.

1

6. Plaintiffs moved to remand on August 1, 2025 because the amended complaint eliminated federal claims and no independent ground for federal jurisdiction had been properly invoked.

7. The motion to remand and replies explain that defendants did not timely assert diversity, that the forum defendant bar would apply to any diversity removal, and that defendants cannot recast the basis for removal after the deadline.

8. Defendants opposed remand and for the first time argued that diversity exists because plaintiffs are Massachusetts citizens and defendants are New Hampshire citizens; they argued that the amount in controversy exceeds $75,000 based on selected paragraphs in the amended complaint.

9. The court denied remand, finding post amendment diversity and concluding forum defendant and snap removal arguments were inapplicable or non jurisdictional.

### III. LEGAL STANDARD

10. A motion to reconsider an interlocutory order may be granted to correct clear error of law, prevent manifest injustice, or account for an intervening change in law or newly presented material facts. See District of New Hampshire Local Rule 7.2; Fed. R. Civ. P. 54(b); see also United States v. Roberts, 978 F.2d 17, 22 to 23 (1st Cir. 1992) noting inherent power to revise interlocutory orders prior to final judgment.

11. Remand determinations under § 1447(c) turn on subject matter jurisdiction.

12. Strict construction of removal statutes applies and doubts are resolved in favor of remand.

### IV. ARGUMENT
**A. Royal Canin requires remand where the amended complaint drops all federal claims and no independently and properly asserted ground supports federal jurisdiction**

13. The Supreme Court held that when a plaintiff amends the complaint post removal to delete all federal law claims, "the federal court no longer has jurisdiction to adjudicate the remaining state law claims" and must remand; Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 39 (2025).

14. The Court's rationale rests on both Article III and the statutory scheme; removal jurisdiction depends on the claims conferring it; once those claims are eliminated in the operative pleading, no federal question remains; supplemental jurisdiction does not sustain the action where the federal anchor has been removed; consequently the case must be returned to state court unless some distinct jurisdictional basis independently justifies federal jurisdiction.

15. The order quotes Royal Canin's central proposition that "they eliminated federal question jurisdiction" upon amendment.

16. Having correctly recognized that federal question jurisdiction was extinguished, the court then proceeded to ask whether diversity jurisdiction exists based on the amended complaint; however, Royal Canin directs remand in the absence of a properly invoked independent basis for removal; it does not authorize courts to sustain jurisdiction on a ground the removing party failed to plead within § 1446's window.

17. Royal Canin did not present a diversity preservation issue; it addressed a case removed on federal question and clarified that once those federal claims are dropped, federal jurisdiction ends; that holding aligns with the statutory structure that ties the propriety of removal to the notice of removal and its asserted bases.

**B. Diversity cannot be asserted for the first time after the § 1446(b) deadline to salvage federal jurisdiction**

18. Removal is effected by a notice filed within 30 days of service specifying the grounds for removal; 28 U.S.C. § 1446(a) and (b).

19. The jurisdictional basis must be properly stated in the notice.

20. A defendant may not add a wholly new ground after the 30 day period.

21. Section 1653 allows amendment to cure defective allegations of jurisdiction; it does not allow adding new jurisdictional grounds; see Newman Green, Inc. v. Alfonzo Larrain, 490 U.S. 826, 831 to 832 (1989) distinguishing curing defective allegations from creating jurisdiction; see also Barrow Dev. Co. v. Fulton Ins. Co., 418 F.2d 316, 317 to 318 (9th Cir. 1969) per curiam denying post deadline addition of diversity as a new ground; American Educators Fin. Corp. v. Bennett, 928 F. Supp. 1113, 1115 to 1116 N.D. Tex. 1996 similar; O'Halloran v. Univ. of Wash., 856 F.2d 1375, 1381 9th Cir. 1988 similar principle under § 1653.

22. The First Circuit has treated § 1653 as limited to curing technical defects in jurisdictional allegations and not providing an avenue to assert brand new subject matter jurisdiction not invoked in time; see D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125 to 127 1st Cir. 2011 recognizing limited curing and requiring precise jurisdictional allegations.

23. Here, defendants' notice of removal asserted only § 1331 federal question. The notice of removal did not assert § 1332. The defendants raised diversity for the first time in opposition to remand. The defendants

3

have instead relied on amended complaint allegations. But the removal deadline has long passed. Hence diversity cannot be adopted post hoc to defeat remand.

24. The order frames the inquiry as whether "subject matter jurisdiction currently exists" irrespective of the removal notice. That framing elides the statutory requirement that removal and continued federal jurisdiction must rest upon a ground properly invoked in the removal papers and within the statutory period; see 28 U.S.C. § 1446(b) and § 1447(c).

25. Otherwise, defendants could remove on one ground and then, if that ground fails, retroactively substitute another; the removal statutes do not permit this; see also Pullman Co. v. Jenkins, 305 U.S. 534, 537 to 538 1939 reaffirming the limited scope of removal and that removal jurisdiction is derivative of what is asserted and timely.

### C. Allowing a new basis after the deadline upends the strict construction of removal statutes and burdens plaintiffs with unpled federal jurisdiction

26. Removal statutes are strictly construed; any doubts are resolved in favor of remand; see Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 to 109 1941.

27. The order's approach invites defendants to hold diversity in reserve and spring it after federal claims are dropped; that would discourage prompt and accurate removal notices and encourage tactical sequencing; it also undermines plaintiffs' ability to shape their complaint; see Caterpillar Inc. v. Williams, 482 U.S. 386, 392 to 398 1987 master of the complaint on federal question.

28. Royal Canin affirms that plaintiffs may amend to drop federal claims and divest federal jurisdiction where defendants did not secure another ground within the removal framework.

### D. The forum defendant rule underscores why diversity would not have permitted removal in the first place and should not preserve jurisdiction now

29. The order states the forum defendant rule "applies only when diversity of citizenship was the sole basis for removal" and that it is not jurisdictional, citing Clary v. Pennsylvania State Univ., 2025 WL 757071 E.D. Pa. Mar. 7, 2025 and Holbein v. TAW Enters., Inc., 983 F.3d 1049, 1053 to 1057 8th Cir. 2020.

30. It may be that § 1441(b)(2) is a procedural bar rather than jurisdictional; however, that supports remand rather than denial. Because removal here was not based on diversity, diversity could not have carried removal initially due to the forum defendant bar since every defendant is a New Hampshire citizen.

31. Hence defendants could not have removed on diversity; therefore post removal, after federal claims are dropped, the court should not maintain jurisdiction on a ground that could not have supported removal at the outset and was not asserted in the notice. See 28 U.S.C. § 1441(b)(2); see also Pullman, 305 U.S. at 537 to 538 barring removal where properly joined forum defendants exist; and Holmstrom v. Peterson, 492 F.3d 833, 839 to 840 7th Cir. 2007 recognizing the forum defendant rule's import at removal.

32. The order's reliance on Clary is problematic here. Clary involved a defendant who removed on federal question and, after amendment, the court held diversity supported retention; but Clary is not binding in this circuit; more importantly, Clary does not confront § 1446(b)'s deadline and § 1653's limitation and does not analyze a case where all defendants are forum citizens and diversity was never pled.

33. In this case, the forum defendant bar would have squarely defeated a diversity removal; that undercuts any attempt to use diversity as an after the fact preservation hook.

### E. The amended complaint cannot create or supply a new removal ground that defendants failed to invoke

34. The order cites paragraphs in the amended complaint to find diversity. The pleading's citizenship allegations do not change the pleading and timing requirements under § 1446; jurisdictional facts may exist in reality; but the statutory scheme requires that the removing party invoke the basis timely in the notice.

35. Courts recognize that while § 1653 permits curing technical deficiencies, it does not permit adding a new ground; see Newman Green, 490 U.S. at 831 to 832; see also American Educators, 928 F. Supp. at 1115 to 1116; see D.B. Zwirn, 661 F.3d at 125 to 127.

36. The defendants cannot invoke new diversity basis for jurisdiction when it was not invoked in the notice of removal, especially once 30 days after removal has passed. The defendants have not met the statutory requirements for diversity jurisdiction.

### F. Royal Canin's logic forecloses maintaining jurisdiction based on a ground not invoked at removal

37. Royal Canin emphasizes that jurisdiction must persist under a valid ground; where the only asserted ground has been eliminated by amendment, the action must be remanded unless a separate, properly established jurisdictional basis exists; 604 U.S. at 39.

5

38. Nothing in Royal Canin authorizes a district court to search for another possible ground that was not invoked, was procedurally barred by § 1441(b)(2), and was not raised within § 1446's deadline. The order's "current existence" approach detaches the inquiry from the removal statutes and effectively allows post deadline substitution; that is clear error.

## V. RESPONDING TO SPECIFIC POINTS OF THE COURT'S ORDER

39. First, the court states plaintiffs argued that neither plaintiffs nor defendants are diverse among themselves. To the extent the court understood plaintiffs to assert that complete diversity requires intra side diversity, plaintiffs clarify that the point was not to demand intra side diversity but to show that diversity cannot be used at this juncture because it wasn't invoked in the notice, it was unavailable at removal due to § 1441(b)(2), and it is being raised only after the federal hook was removed. Plaintiffs do not dispute that they are Massachusetts citizens and defendants are NH citizens; the dispute is statutory and procedural.

40. Second, the court treats the forum defendant rule as irrelevant because removal was on federal question. Respectfully, that elides the statutory bar's function. The forum defendant rule expresses Congress's policy that diversity removal is unavailable when a forum citizen defendant is properly joined/served; it underscores why diversity couldn't have been a basis here and why it can't retroactively preserve jurisdiction.

41. Third, the court cites Clary and Holbein to say the forum defendant rule is non jurisdictional. But that supports remand because the defendants waived any diversity based removal by failing to assert it, and because the forum defendant bar would have blocked it in any event; the non-jurisdictional nature means it must be raised and applied at the removal stage; defendants never did.

42. Fourth, the court finds snap removal arguments irrelevant. Plaintiffs do not agree it is irrelevant. But even assuming arguendo it is, still remand here rests on Royal Canin and the unavailability and untimeliness of diversity; the existence of snap removal issues is not necessary to the outcome.

43. Fifth, the court concludes the operative question is whether "subject matter jurisdiction currently exists" and answers yes based on the amended complaint. Respectfully, that reframing contradicts Royal Canin and the statutory removal scheme. The question is whether there is a valid, timely invoked basis for federal jurisdiction after the federal claims are eliminated; because the answer is no, § 1447(c) requires remand.

## VI. FURTHER ARGUMENT AGAINST THE COURT'S RULING
### A. Defective Removal Petition:

44. Federal removal statutes are strictly construed. All jurisdictional bases for removal must be declared in the removal notice and within 30 days of service (28 U.S.C. 1446(b)), not raised for the first time months later in opposition to remand. Missing (not merely defective) allegations of diversity in the original notice cannot be "cured" post-hoc or by reference to later papers.

### B. Forum Defendant Rule Applies (if diversity was the basis):

45. Even if diversity jurisdiction existed, 28 U.S.C. 1441(b)(2) prohibits removal when any defendant is a citizen of the forum state, which is the case here, as all defendants are New Hampshire citizens. The judge incorrectly stated that the forum defendant rule applies only when removal is predicated on diversity. However, if the case transitions to diversity, the express statutory bar in 1441(b)(2) should preclude continued federal jurisdiction.

### C. No Retroactive Creation of Jurisdiction:

46. Defendants may not create an entirely new basis after the removal period expires; diversity must exist AND be pled at removal (see Stevens v. Nichols, Jackson v. Allen, etc.).

### D. Procedural Gamesmanship:

47. Allowing defendants to shift bases post-removal violates strict construction of removal statutes and encourages tactical manipulation, contrary to the standards articulated by SCOTUS, and the first circuit and other courts in this circuit.

### E. Defendant Waiver and Estoppel:

48. By failing to assert diversity initially, and by not moving to amend the removal notice within the 30-day window, defendants have waived any right to invoke diversity now. Diversity jurisdiction cannot be invoked after it has been waived.

49. The court is saying that the defendants did not plead diversity but that's okay because the plaintiffs pled it for them in the amended complaint?

50. What of the defendants did not oppose remand and simply remained silent? Could the court find that remand is denied because the court itself found diversity.

51. This clearly was not the intent of the plaintiffs. The court should not be using the plaintiffs pleading against them when the burden of asserting jurisdiction should fall on the defendants.

7

### F. First Circuit and Local Precedent:

52. The NH District and the First Circuit reject "snap removal," require strict adherence to the forum defendant rule, and do not allow untimely or misleading amendments.

### VII. UNTIMELY PLEADING OF DIVERSITY REQUIRES REMAND

53. The defendants did not plead diversity in the notice; they could not have removed on diversity due to § 1441(b)(2); they did not timely seek to amend the notice within 30 days; they instead invoked diversity only in opposition; that is insufficient under § 1446 and § 1653. Remand is therefore required.

54. The fact that complete diversity exists in this case but was not pled in the removal notice makes the court's error more clear-cut, not less, as follows:

#### 1. Royal Canin's Holding Is Even More Applicable

55. If the Supreme Court required remand in Royal Canin where no diversity existed at all, it certainly should require remand where diversity exists but was not properly invoked within the statutory deadline.

56. In Royal Canin U.S.A., Inc. v. Wullschleger, removal was based on federal question jurisdiction. There is no indication that the Supreme Court's decision was affected by diversity jurisdiction; diversity was not a primary issue. The removal was predicated on federal law claims, and the Supreme Court's holding concerns the effect of amending away those federal claims, not a scenario where diversity was an independent basis for removal or continuing jurisdiction.

57. The Supreme Court did not hold that federal jurisdiction would continue if the amended complaint left complete diversity between the parties and the amount in controversy was met; unless diversity jurisdiction was properly alleged as a ground for removal at the outset.

58. If diversity jurisdiction was not pled in the notice of removal, a defendant generally cannot retroactively add/amend grounds for diversity jurisdiction after the 30-day removal period (per 28 U.S.C. 1446(b)).

59. Defendants removed this case on federal question only, not diversity. After plaintiffs amended to drop all federal claims, defendants tried to assert diversity for the first time in opposition to remand. If complete diversity exist, but diversity was not stated in the original notice of removal, the court should not now permit removal to rest on diversity. Defendants cannot "switch" jurisdictional horses after the fact.

### 2. The Court's "Existing Diversity" Logic Is Flawed

60. The court's reasoning that diversity jurisdiction can be relied upon simply because the amended complaint reveals complete diversity ignores fundamental removal law:

    a. 28 U.S.C. § 1446(b) requires all grounds for removal to be stated within 30 days.

    b. Defendants cannot add new jurisdictional grounds after this deadline.

    c. The forum defendant rule (§ 1441(b)(2)) would have barred diversity removal anyway since all defendants are NH citizens.

### 3. This Creates a More Compelling Reconsideration Argument

61. The court has essentially said (this is a paraphrase of the court's logic): Even though defendants never pled diversity, and even though they couldn't have removed on diversity due to the forum defendant rule, I'll allow them to use diversity now because the amended complaint shows it exists.

62. This approach violates § 1446(b)'s strict deadline, ignores § 1441(b)(2)'s forum defendant bar, contradicts Royal Canin's requirement that remand is mandatory absent a properly invoked alternative ground, and encourages tactical gamesmanship by defendants.

### 4. The "Existing vs. Pled" Distinction Is Fatal to the Court's Reasoning

63. The court found that 'subject matter jurisdiction currently exists' based on citizenship allegations in the amended complaint. But Royal Canin requires remand unless defendants properly invoked an alternative jurisdictional ground within § 1446(b)'s deadline. The mere factual existence of complete diversity can't cure defendants' failure to timely plead it, especially where § 1441(b)(2) would've barred such removal anyway.

### 5. The Court's Equivalent of a "Floating Jurisdiction" Approach is Flawed

64. The court is applying what can be called the "floating jurisdiction" theory - that once the court had jurisdiction at removal (based on federal question), diversity can somehow "take over" or "maintain" that jurisdiction even though diversity was never pled as a basis for removal. This approach is fundamentally flawed under federal law and contradicts established removal jurisprudence for the following reasons:

### 1. Removal Jurisdiction Must Be Properly Invoked, Not Just "Exist"

65. The Supreme Court and circuit courts are clear:

    a. Federal jurisdiction exists only when properly invoked within statutory deadlines, not merely when the factual prerequisites exist.

    b. Removal is a statutory privilege, rather than a right, and the removing party must comply with the procedural requirements mandated in the statute.

    c. Federal courts are courts of limited jurisdiction and can only hear cases that the Constitution or the Congress of the United States has authorized.

    d. Strict compliance with removal statutes is required.

### 2. The Court's "Subject Matter Jurisdiction Currently Exists" Test Is Wrong

66. The court asked whether "subject matter jurisdiction currently exists" and found it does based on diversity shown in the amended complaint. But that's not the correct legal test.

67. The correct test is: Was diversity jurisdiction properly and timely invoked as a basis for removal under 28 U.S.C. § 1446? The answer is clearly NO.

### 3. Royal Canin Forecloses This "Floating Jurisdiction" Approach

68. Royal Canin held that when federal claims are eliminated, the case must be remanded unless there is another properly established jurisdictional basis. The Court did not say "unless complete diversity happens to exist factually."

69. The Supreme Court specifically focused on whether there was a proper alternative ground - not whether some alternative ground could theoretically be constructed post-hoc.

### 4. The Floating Jurisdiction Approach Creates a Massive Loophole That Congress Didn't Intend

70. Under the court's logic:

    a. Defendants could always remove on federal question (even weak ones)

    b. Wait to see if federal claims survive

    c. If federal claims fail, fall back on diversity (even if never pled and procedurally barred)

    d. The 30-day deadline becomes meaningless

    e. The forum defendant rule becomes meaningless

71. This eviscerates the removal statutes' careful structure.

### 5. The Court Ignored § 1441(b)(2)'s Forum Defendant Bar

72. Even if diversity "existed," it could never have been a valid basis for removal because:

    a. All defendants are NH citizens (forum defendants).

10

b. § 1441(b)(2) expressly bars removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought".

73. The court cannot use as a "backup" a jurisdictional basis that was statutorily prohibited from the start.

## VIII. OTHER POINTS

74. The court did not address the plaintiff's arguments.

75. The court did not hold a hearing.

76. Plaintiff requests a hearing on this motion for reconsideration. Plaintiff also requests reconsideration of the court's denial of the motion for remand.

77. Note: Plaintiff Anderson will file her own motion for reconsideration of the remand order.

## IX. CONCLUSION

78. The court erred by treating diversity jurisdiction as automatically available simply because complete diversity exists factually. But Royal Canin requires remand unless defendants properly invoked an alternative jurisdictional ground within § 1446's deadline. They did not.

79. Moreover, diversity removal was prohibited by § 1441(b)(2) since all defendants are forum citizens. Federal courts cannot maintain jurisdiction on a ground that (1) was never timely pled, (2) was procedurally barred from the outset, and (3) is being asserted only after the original basis for removal was eliminated. This approach conflicts with Royal Canin, violates § 1446's strict compliance requirements, and creates exactly the kind of post-hoc jurisdictional manipulation that removal statutes are designed to prevent.

80. The court's "floating jurisdiction" theory is legally unsound and creates a dangerous precedent that effectively nullifies removal law's foundational principles.

81. The court's acknowledgment that complete diversity exists factually but was never pled actually makes the reconsideration argument stronger. It shows the court improperly allowed defendants to invoke a new jurisdictional ground post-deadline and despite the forum defendant bar - exactly what Royal Canin and § 1446(b) prohibit.

82. Royal Canin does not allow federal courts to retain jurisdiction after elimination of federal claims unless diversity jurisdiction was timely and properly raised in the original removal notice. And defendants may not retroactively assert diversity jurisdiction months later.

83. The court's ruling treats diversity as freely substitutable once federal claims drop; that is inconsistent with § 1446(b), § 1653, and Royal Canin. The court's reasoning overlooks the statutory structure and Royal Canin's requirements.

84. The law and facts weigh in favor of remand.

85. The court's denial of remand also conflicts with Supreme Court and First Circuit precedent and is thus subject to reversal on appeal.

86. NB: To the extent that the court denies reconsideration, plaintiffs request certification for appeal to the first circuit as this is an important novel issue that qualified for interlocutory review.

## VIII.  RELIEF REQUESTED

87. For these reasons, the court should grant reconsideration and vacate the October 9, 2025 Order denying remand; grant the motion to remand; and remand this action to the Hillsborough County Superior Court, Northern District, under 28 U.S.C. § 1447(c). In the alternative, the court should order supplemental briefing limited to whether § 1446(b) and § 1653 permit defendants to add diversity jurisdiction for the first time after the 30 day removal period, where all defendants are forum citizens under § 1441(b)(2), and whether Royal Canin's mandate requires remand in these circumstances.

Respectfully submitted,
/s/Andre Bisasor
Andre Bisasor

Dated: October 23, 2025

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document has been served upon all parties.

/s/ Andre Bisasor
Andre Bisasor

### Certification of Consultation

As this motion pertains to a dispositive motion, the need to seek concurrence is not applicable. Yet, in any event, Plaintiffs previously attempted to obtain address the remand issues with defendant but to no avail. The defendants previously opposed remand.