UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR and NATALIE ANDERSON,
    Plaintiffs

Vs.                      CASE NO.: 1:25-CV-00251

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC,
MARY K. DONAIS, UPTON HATFIELD
and AMY MESSER,
    Defendants

**DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S OPPOSITION TO PLAINTIFF ANDRE BISASOR'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING MOTION TO REMAND**

    Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC (the "Donais Defendants"), by their attorneys, hereby oppose Plaintiff Andre Bisasor's Motion for Reconsideration of the Court's Order Denying Motion to Remand, stating as follows:

    1.    On October 9, 2025, this Court denied Plaintiffs' Motion to Remand. *See D. 35*. On October 23, 2025, Plaintiff Andre Bisasor[1] moved for reconsideration of this order. *See D. 37*. Bisasor seeks reconsideration, claiming that the Court's "analysis conflicts with the governing statutes and the Supreme Court's decision in Royal Canin; it also conflicts with the removal framework requiring strict pleading of jurisdictional bases within §1446's deadline and prohibiting retroactive replacement of removal grounds." *D. 37, ¶ 3*. Bisasor's motion should be denied, as there is no manifest error of fact or law. See LCivR 7.2.

---

[1] Only Plaintiff Andre Bisasor moves for reconsideration. Bisasor states that "Plaintiff Anderson will file her own motion for reconsideration of the remand order." *D. 37, ¶ 77*. She did not. It has now been more than 14 days since this Court denied the Motion to Remand, and any such motion by Ms. Anderson would be untimely.

2. First, Plaintiffs offer no new fact nor do they provide any error of fact.

3. Next, Bisasor again relies upon *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025) in seeking reconsideration. Plaintiff incorrectly contends that *Royal Canin* "directs remand in the absence of a properly invoked independent basis for removal". *D. 37 ¶ 16.* As argued in their objection to Plaintiffs' Motion to Remand, under *Royal Canin*, the removal of the federal claim dictates only that "the federal court loses its supplemental jurisdiction over the state-law claims." *Royal Canin*, 604 U.S. at 25-26, 30. The *Royal Canin* court further held that the "appropriateness of federal jurisdiction [ ] depends on the substance of the suit – the legal basis of the claims (federal or state?) and the citizenship of the parties (diverse or not?) [ ] So in a removed no less than in an original case, the rule that jurisdiction follows the operative pleading services a critical function. It too ensures that the case, as it will actually be litigated, merits a federal forum." *Id*. at 38-39.

4. This Court correctly held that it still has jurisdiction under the operative complaint, *Doc. 13*, because the substance of the amended complaint establishes diversity jurisdiction.

5. Bisasor repeatedly makes several attempts to avoid the clear import of his amended complaint – that diversity exists – and regurgitates arguments made in his Motion for Remand, but he offers no basis for this Court to reconsider its order of October 9, 2025. Simply put, the issue here is not the basis of removal but whether the Court has subject matter jurisdiction. The Court does, and Plaintiffs' motion was properly denied. Specifically, this Court properly addressed the question of whether it had subject matter jurisdiction under the operative complaint and, Plaintiff's claim that this was the improper inquiry is just wrong.

WHEREFORE, Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC request that this Honorable Court:

A. Deny Plaintiff's Motion for Reconsideration of the Court's Order Denying Motion to Remand; and

    B.    Grant such other and further relief as is equitable and just.

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG DONAIS, DONAIS LAW OFFICES
PLLC and MARY K. DONAIS

*/s/ Linda M. Smith*

_____
Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
(603) 622-3400

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing to all parties in this action by serving same via electronic mail to:

Andre Bisasor, Pro Se
679 Washington Street, Suite #8-206
Attleboro, MA 02703
quickquantum@aol.com

Natalie Anderson, Pro Se
101 Middlesex Turnpike, #270
Burlington, MA 01801
liberty_6@msn.com

Daniel R. Sonneborn, Esq.
Preti Flaherty
60 State Street, Suite 1100
Boston, MA 02109
wsaturley@preti.com
dsonneborn@preti.com

Date:  October 27, 2025                */s/ Linda M. Smith*
                                                 Linda M. Smith