STATE OF NEW HAMPSHIRE – HILLSBOROUGH SUPERIOR COURT NORTH
Case: #216-2020-CV-00027 | Natalie Anderson, et al v Hilton Hotels Worldwide Inc., et. al.

## PLAINTIFF ANDRE BISASOR'S EMERGENCY MOTION FOR CLARIFICATION ON LEAVE TO FILE REPLY TO DEFENDANT DONAIS'S OBJECTION TO MOTION FOR RECONSIDERATION OF REMAND

1. Plaintiff Andre Bisasor ("Bisasor") respectfully moves for [emergency] clarification on whether a motion for leave to file a reply to defendant Donais's objection to the motion for reconsideration on remand motion, is required.

2. Plaintiff believes that a motion to remand is a dispositive motion because it could terminate the case in federal court and thus is potentially case-ending. [Note: There is adequate case law that supports this position.]. So, if that is the case, then no motion to file reply is needed according to the rules because a motion for reconsideration on remand is similarly dispositive as the original motion to remand. Thus, plaintiffs would have 7 days to file a reply.

3. However, in the abundance of caution, plaintiff seeks clarification on the above, just in case there is a misunderstanding. If it is not considered by the court to be a dispositive motion, then plaintiff requests permission to file a reply. Given the importance of the remand issues, the potentially case-ending feature of the remand motion and attendant reconsideration motion, and the nature of defendant's objection (including but not limited to their unfair mischaracterization of plaintiff's pleading and arguments as well as other misleading statements made therein), a reply is appropriate. Further, plaintiff was limited to addressing the defendant's new assertion of diversity for the first time only in a reply to the motion to dismiss, and which reply was limited to only 5 pages. The plaintiffs have not had a proper opportunity to present their remand arguments, and further, no hearing was held on the remand motion. As pro se plaintiffs, this set up a disadvantage for them in being properly and meaningfully heard. There are additional reasons as well, which will be dealt with in a separate motion. Either way, reply is proper.

4. Note: Plaintiff Anderson cannot e-file her motion for reconsideration because the clerk office previously indicated that she must file any documents conventionally, by paper, because she was added as a plaintiff after permission was granted to the original plaintiff to e-file. See accompanying motion for efiling permission for Plaintiff Anderson.

5. This is styled as an emergency because plaintiff needs to know how to proceed and there is automatically a 7 day timeline implicated depending on the court's clarification. Otherwise, time is of the essence with respect to seeking permission to reply. Further, plaintiff ask for a reasonable time to file a reply, including time for Plaintiff Anderson

1

to receive permission to efile from the court. Plaintiff believes 14 days from the date of the court's order is reasonable.[1]

6. WHEREFORE, plaintiff Bisasor respectfully requests that this Court grant leave to plaintiffs to file a reply to ensure fundamental fairness and complete resolution of the procedural and substantive issues presented.

Respectfully submitted,<br>
/s/andre bisasor<br>
Andre Bisasor

Date: October 28, 2025

### CERTIFICATE OF SERVICE

I certify that the foregoing was served on all parties/counsel of record via the court's electronic filing system.

/s/ Andre Bisasor<br>
Andre Bisasor

### Certification of Consultation

As this motion pertains to a dispositive motion, the need to seek concurrence is not applicable. Yet, in any event, Plaintiff previously attempted to address the remand issues with defendant but to no avail. The defendants previously opposed remand. Further, because this is an emergency motion and time is of the essence, given the filing of an objection yesterday by the defendant, and the court could act any moment, there is no opportunity to seek to confer with the defendant and to await a response. This motion needs to be filed promptly. Further, given the hostile, contentious and uncooperative disposition of the defendant/defendants' counsel, it can be reasonably anticipated that they will not concur with any motion filed by plaintiffs.

---

[1] The plaintiff will file a separate filing addressing this issue of reasonable request for time.