UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251 |ANDRE BISASOR, Plaintiff, v. CRAIG DONAIS, et. al. Defendants.

## EMERGENCY MOTION TO EXTEND TIME TO FILE A RESPONSE TO DONAIS DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

1. Plaintiff moves on an emergency basis for an extension of time for plaintiffs to respond to the Donais defendants' motion to dismiss Plaintiff's First Amended Complaint.

2. On June 3, 2025, Plaintiff filed the original action in Hillsborough Superior Court, Northern District.

3. On July 2, 2025, Defendants removed this matter to this Court.

4. On July 8, 2025, Defendants filed their motion to dismiss the original complaint.

5. On July 29, 2025, Plaintiff filed an Amended Complaint. A responsive pleading from the defendants was due August 12, 2025.

6. On August 11, 2025, the Donais defendants filed a motion for an extension of time to respond to the first amended complaint on an emergency basis, requesting 3 weeks until September 3, 2025 to review the amended complaint and prepare a Response to the Plaintiff's Amended Complaint. See **Exhibit A.**

7. On August 12, 2025, the Court granted the extension.

8. On August 1, 2025, Plaintiffs filed a Motion to Remand seeking to return this case to NH Superior Court.

9. On August 15, 2025, the Donais Defendants filed their Opposition to Plaintiff's Motion to Remand.

10. On August 15, 2025, the Hilliard Defendants also filed their Opposition to Plaintiff's Motion to Remand.

11. On August 20, 2025, Plaintiffs requested extension to file their replies until September 12, 2025, which was granted on August 26, 2025.

12. On August 22, 2025, Plaintiff filed a motion to stay filing and briefing on any motion to dismiss amended complaint until after motion to remand was resolved, (citing the need to resolve remand before plaintiffs having to turn attention to dealing with any motions to dismiss), which was granted.

13. On or about September 13, 2025, Plaintiffs filed their replies to the objections to remand.

14. On October 9, 2025, the court denied the motion to remand.

15. On October 21, 2025, Donais defendants filed a motion to dismiss the amended complaint (which was almost 3 months after filing of the amended complaint). The Donais defendants did not await final disposition of the motion to remand as they knew that the reconsideration period was not passed and the plaintiffs indicated in their

1

motion to stay filing and briefing on motion to dismiss, that the stay should include time for reconsideration (if applicable). This motion to dismiss contained 6 attachments, and the entire motion to dismiss package had total of over 50 pages for the documents not including the amended complaint (which altogether with the amended complaint is over 150 pages).

16. On October 23, 2025, plaintiff filed a motion to reconsider the motion to remand.

17. On October 27, 2025, Donais defendants filed an objection to the motion to reconsider the motion to remand.

18. On October 28, 2025, plaintiff filed a motion to clarify regarding motion to reconsider the motion to remand and/or permission to file a reply to the defendants' objection to the motion to reconsider the motion to remand.

19. These other motions pertaining to remand are pending.

20. Given the date of the filing of the motion to dismiss, a response is due, by operation of the 14-day rule, on November 4, 2025, which is in 2 business days from now. Therefore, this is an emergency.

21. To this date, the Hilliard defendants have not filed a motion to dismiss the amended complaint (presumably because they are awaiting final disposition of the motion to reconsider remand, which is what the Donais defendants should have done). However, it should be noted that the Hilliard defendants previously agreed to reasonable extension of time for plaintiffs to file response to any motion to dismiss the amended complaint that they may file in the future.

22. Before filing this motion, Plaintiff contacted counsel for Donais defendants to request assent, via email, to this motion but they did not grant assent. It should be noted that the Donais' defendants took almost 3 months to file their new motion to dismiss but now [unfairly] withholds assent to any extension of time to respond to their motion to dismiss.  Their motion to dismiss contains complex arguments, as well as mischaracterizations, that require detailed analysis and careful response. As a pro se, the plaintiffs require additional time to address this motion to dismiss.

23. Further, the Donais defendants have not served the motion to dismiss on plaintiff Natalie Anderson. Plaintiff Anderson does not have electronic access in this case, which means that she does not receive notices from the e-filing system. After Anderson was added as a plaintiff after amendment of the complaint, she tried to efile

documents thereafter but was told she cannot do so because she has not been permitted to efile documents. Thus, she cannot efile documents, and she cannot and has not received notices from the court electronically. The defendants saw that entry by the clerk and thus were on notice that Anderson was not admitted into efiling and that they must therefore serve her by mail. They have not done so, instead ostensibly relying upon efiling notice to serve Anderson. Therefore, Anderson has not been served the Donais defendants' motion to dismiss. Neither did they serve her by email.

24. Thus, in light of the above, plaintiff respectfully request an extension of time for plaintiffs to respond to the Donais defendants' motion to dismiss amended complaint[1]. Plaintiffs request that the court determine an appropriate extension of time until after final disposition of the motion to reconsider remand.

25. Further, plaintiff request a hearing on this motion to extend time as necessary.

26. NB: Plaintiffs also will be seeking a case management hearing. Furthermore, the plaintiffs intend to file a motion to amend the complaint, after remand is fully resolved, which will moot the motion to dismiss if granted. Also, plaintiffs intend to request hearing on the motion to dismiss. There are other important motions that the plaintiff will need to file as there are important issues that need to be resolved before the case can move forward in this court, after remand is fully resolved. Plaintiffs will need time and opportunity to present these important issues to the court, all of which must be resolved before any resolution of any motion to dismiss.

27. Plaintiffs fully expected this case to be remanded based on the Royal Canin precedent and other precedents in this circuit. They were shocked that the court denied remand thus far. Plaintiffs are hoping the court will reconsider remand carefully including holding a hearing on the motion to reconsider motion to remand, so that plaintiffs can be properly heard on the motion to reconsider motion to remand. However, depending on the outcome of the reconsideration of remand, plaintiffs will need to address several important issues with the court, should this case remain in this court. Until remand is fully resolved, however, it appears that trying to address these issues now may be premature given that remand, should it be ultimately granted, would make them all moot.

28. WHEREFORE, Plaintiffs respectfully requests this Court grant this motion for extension of time; and grant such other and further relief as is reasonable and just.

---

[1] There are additional grounds for extension which will be dealt with separately in another filing.

3

Respectfully submitted,<br>
<u>/s/ Andre Bisasor</u><br>
Andre Bisasor

October 31, 2025

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to the defendants in this case.

<u>/s/ Andre Bisasor</u><br>
Andre Bisasor

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____

ANDRE BISASOR and NATALIE
ANDERSON,
    Plaintiffs

Vs.                                                                                    CASE NO.: 1:25-CV-00251

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC,
MARY K. DONAIS, UPTON HATFIELD
and AMY MESSER,
    Defendants
_____

### EMERGENCY MOTION OF DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S TO EXTEND TIME TO FILE A RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT

Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC (the "Donais Defendants"), by their attorneys, hereby moves on an emergency basis for an extension of time to respond to Plaintiff's Amended Complaint (Doc. 13).

1. On June 3, 2025, Plaintiff filed the instant complaint in Hillsborough Superior Court, Northern District. *See Doc. 1*.1

2. On July 2, 2025, Defendants removed this matter to this Court. *See Doc. 1*.

3. On July 8, 2025, Defendants filed their Motion to Dismiss. *See Doc. 2*.

4. On July 29, 2025, Plaintiff filed an Amended Complaint. *See Doc. 13*. The Amended Complaint added one plaintiff, two defendants, and 14 counts. Since a responsive pleading is due August 12, 2025, Defendants file this motion for an extension of time to respond to this Amended Complaint on an emergency basis.

104476051.v1

5. On August 1, 2025, Plaintiffs filed a Notice of Errata to First Amended Complaint. *See Doc. 14*.

6. Also on August 1, 2025, Plaintiffs filed a Motion to Remand. *See Doc. 15*.

7. Counsel requests until September 3, 2025 to review the 82-page amended complaint with their clients and prepare a Response to the Plaintiff's Amended Complaint.

8. Counsel for Defendants contacted Plaintiffs to request assent. Plaintiffs responded with several inquiries via email. After undersigned counsel responded, Defendants did not obtain Plaintiffs position on this motion.

WHEREFORE, Defendants respectfully requests this Honorable Court:

A. Grant this Motion for Extension to Time to File a Response to Plaintiff's Amended Complaint until September 3, 2025; and

B. Grant such other and further relief as is reasonable and just.

      Respectfully submitted,

      FOR THE DEFENDANTS,
      CRAIG DONAIS, DONAIS LAW OFFICES
      PLLC and MARY K. DONAIS

      */s/ Linda M. Smith*
      _____
      Edwin F. Landers, Jr., #17297
      elanders@morrisonmahoney.com
      Linda M. Smith, #265038
      lsmith@morrisonmahoney.com
      Center of New Hampshire Office Tower
      650 Elm Street, Suite 201
      Manchester, NH 03101
      (603) 622-3400

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing to all parties in this action by serving same via electronic mail to:

| | |
|---|---|
| Andre Bisasor, Pro Se<br>101 Middlesex Turnpike, #270<br>Burlington, MA 01801<br>quickquantum@aol.com | William Saturley, Esq.<br>Daniel R. Sonneborn, Esq.<br>Preti Flaherty<br>60 State Street, Suite 1100<br>Boston, MA 02109 |
| Natalie Anderson, Pro Se<br>101 Middlesex Turnpike, #270<br>Burlington, MA 01801<br>liberty_6@msn.com | wsaturley@preti.com<br>dsonneborn@preti.com |

Date:   August 11, 2025    */s/ Linda M. Smith*
                           Linda M. Smith

104476051.v1