UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251 |ANDRE BISASOR, Plaintiff, v. CRAIG DONAIS, et. al. Defendants.

## PLAINTIFF ANDRE BISASOR'S MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT RUSSELL F. HILLIARD

1. Plaintiff Andre Bisasor moves for entry of default against defendant Russell F. Hilliard under Federal Rule of Civil Procedure 55(a) for failure to respond to the amended complaint in a timely manner.

### A. Procedural Background

2. On July 29, 2025, plaintiffs filed their First Amended Complaint. The First Amended Complaint added defendants and eliminated all federal claims, pleading only state law causes of action.

3. Under Federal Rule of Civil Procedure 15(a)(3), defendant Hilliard had fourteen (14) days from service of the amended complaint to file a responsive pleading. The deadline was August 12, 2025.

4. Before that deadline, the court entered an order stating that defendants were "not required" to respond, pending resolution of plaintiffs' motion to remand. The order appeared to be permissive, not a firm stay prohibiting responsive pleadings.

5. On October 9, 2025, the court denied plaintiffs' motion to remand. Nearly one month has passed since that ruling. Co-defendant Donais filed a motion to dismiss on October 21, 2025. Defendant Hilliard has filed nothing. Hilliard has filed no responsive pleading, and taken no position regarding the First Amended Complaint.

### B. Default Is Appropriate Under Rule 55(a)

6. Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Defendant Hilliard has failed to plead or otherwise defend. More than three months have passed since service of the First Amended Complaint. More than four weeks have passed since the court's denial of remand. Hilliard has filed nothing.

7. Plaintiffs acknowledge the ambiguity of the court's prior order stating defendants were "not required" to respond, until ruling on remand, which appeared to be permissive. However, that order did not prohibit responsive pleadings. Co-defendant Donais interpreted the order as permissive and filed a motion to dismiss on October 21, 2025. If the court's denial of remand on October 9, 2025 means that Donais is allowed to file a motion to dismiss amended complaint, then that also means that Hilliard is required to respond to the amended complaint. If so, it

has been 4 weeks and no response from Hilliard. This meets the standard for failing to timely respond to the amended complaint. Normally, a defendant has 14 days to respond the amended complaint.

### C. The Claims Against Hilliard Are Distinct

8. The claims against Hilliard are separate and distinct from those against Donais. Hilliard's potential defenses differ from Donais's defenses. Hilliard cannot rely on co-defendant Donais's motion to dismiss to defend against claims unique to Hilliard arising from Hilliard's separate conduct and separate representation.

### D. Rule 12 Tolling Does Not Protect Hilliard

9. Federal Rule of Civil Procedure 12(a)(4) tolls the time to file a responsive pleading when a defendant files a Rule 12 motion. However, Hilliard has filed no such motion. Moreover, courts have recognized that one co-defendant's Rule 12 motion does not automatically toll the deadline for other co-defendants where claims are severable and defenses differ substantially. Here, the claims against Hilliard are sufficiently distinct that Donais's motion to dismiss should not toll Hilliard's separate obligation to respond. Permitting Hilliard to benefit from Donais's filing while remaining entirely silent creates a prejudicial unfair effect.

### E. No Valid Excuse Exists for Hilliard's Failure to Respond

10. Defendant Hilliard is represented by counsel. Counsel is experienced in federal litigation. Counsel participated in briefing on the motion to remand. Counsel knows the case is proceeding in federal court following the October 9, 2025 denial of remand. Counsel has observed co-defendant Donais file a motion to dismiss. Yet counsel has filed nothing on behalf of Hilliard.

### F. Procedural Asymmetry and Unfairness

11. This creates the asymmetry as follows:

    a. Donais chose to file motion to dismiss (aggressive posture).

    b. Hilliard chose not to file anything (passive posture).

    c. Plaintiff is caught having to respond to Donais while having to accept Hilliard's silence.

12. This is unfair because:

    a. Plaintiff obtained the stay in good faith to resolve jurisdictional issues first.

    b. Donais violated the spirit (if not the letter) of the stay by filing the motion to dismiss before remand is fully resolved.

    c. Hilliard benefits from waiting while plaintiff is forced to have deal with responding to Donais.

2

    d. This is procedurally asymmetric and creates an uneven playing field.

13. Plaintiffs do not know whether Hilliard's time is tolled, expired, or ongoing. If no tolling applies, entry of default is appropriate given:

    a. More than 14 days have passed since service of the amended complaint.

    b. The permissive stay did not prohibit responsive pleadings.

    c. Co-defendant Donais chose to file responsive pleading despite the stay.

    d. Hilliard has made no communication regarding the amended complaint.

    e. Hilliard cannot invoke tolling from a co-defendant's motion addressing different claims and different defendants.

14. Plaintiffs should not have to simultaneously:

    a. Respond to Donais's motion to dismiss.

    b. Guess whether or when Hilliard will file his own motion.

    c. Potentially face a second round of briefing if Hilliard later files.

    d. Navigate overlapping or conflicting deadlines.

15. Co-defendants have adopted opposite procedural postures:

    a. Donais filed aggressively despite the stay.

    b. Hilliard remains silent.

16. Plaintiffs face asymmetric burdens depending on which defendant they're addressing.

17. Co-defendants have adopted opposite procedural postures: Donais filed aggressively despite the stay, while Hilliard remains silent. Plaintiffs should not bear asymmetric burdens depending on which defendant they are addressing. The current situation allows Hilliard to observe Donais's motion, assess its success, and then decide his own course, an unfair tactical advantage. This is compounded by the fact that Hilliard has refused to concur with a motion for case management to address/clarify these issues.

### G. Alternative Relief: Clarification

18. If the court believes that default is inappropriate due to the permissive stay order or other factors, plaintiffs alternatively request clarification whether defendant Hilliard's time to respond is tolled by the prior permissive order, by Donais's motion to dismiss, or by plaintiffs' pending motion for reconsideration.

## H. Relief Requested

19. Plaintiffs respectfully request Entry of default against defendant Russell F. Hilliard under Federal Rule of Civil Procedure 55(a) or such other relief as the court deems just and proper.

20. Concurrence from defendants is assumed to not be required given tat this is a dispositive motion.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

November 7, 2025

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor

4