STATE OF NEW HAMPSHIRE – HILLSBOROUGH SUPERIOR COURT NORTH
Case: #216-2020-CV-00027 | Natalie Anderson, et al v Hilton Hotels Worldwide Inc., et. al.

**ANDRE BISASOR'S MOTION FOR SANCTIONS AGAINST DONAIS DEFENDANTS**

1. Plaintiff Andre Bisasor hereby moves this Court for sanctions against the Donais defendants and/or their counsel Attorney Linda Smith (and/or Ed Landers of/and Morrison Mahoney) Craig S. Donais. In support, plaintiff states:

2. Defense Counsel for the Donais defendants (Attorney Linda Smith "Ms. Smith") lied in her motion to dismiss filed on 10-21-25, that she served Natalie Anderson ("Anderson") by email. This is absolutely false.

3. Then she filed a late filed certificate of service today (over two weeks late) stating that Natalie Anderson was served by mail (with Anderson's email listed below Anderson's name and an Attleboro MA address). But the address she lists for Anderson (in Attleboro MA) is not the address for Anderson listed in this case and/or on the amended complaint. Ms. Smith knows that Anderson's correct address is listed as in Burlington MA. But she sidesteps this fact and proceeds to aver that she properly served Anderson by mail (though Ms. Smith states it was to the Attleboro MA and knows this is not the correct address)[1].

4. Ms. Smith thus has not served Anderson any of the documents she lists in her late filed certificate of service filed today including the motion to dismiss filed on 10-21-25. But rather than acknowledge this fact and come clean with the court in full candor, she seeks to obscure the truth and to mislead the court with misdirection and false assertions trying to create the misleading impression that she properly served Anderson these documents. Then, on top of that, today she files an opposition to plaintiffs' extension motion regarding response to Donais' new motion to dismiss, while lying about service to Anderson, using that as a basis to seek denial of relief as requested in plaintiff's extension motion. This is egregious willful sanctionable conduct.

5. The proper course of action was for Ms. Smith to acknowledge that she did not properly or correctly serve the 10-21-25 motion to dismiss on Anderson and agree to allow time for Anderson to respond in all fairness. But instead she seeks to unfairly prejudice the plaintiffs by intransigently seeking to hold Anderson to a motion to dismiss response deadline that cannot apply to Anderson because she was not served the motion to dismiss,

---

[1] Anderson has not received any such filings by mail whatsoever.

1

neither by mail nor by email[2], nor at all. This is truly dishonest conduct by Ms. Smith and it violates several rules of conduct including candor with the court, fairness to opposing counsel/parties, and misrepresentation.

6. Plaintiff Bisasor hereby moves for sanctions of default against the Donais defendants, or other appropriate sanction against the Donais defendants and/or their counsel, given the egregious and blatant nature of defense counsel Smith's lies, obfuscation and misrepresentations to the court that are designed to harm and prejudice the plaintiffs.

7. Note: Today, in her opposition, Ms. Smith suggests that service upon Bisasor is the same as service on Anderson. But this is clearly specious. The court itself stated in its 11-5-25 order that Bisasor and Anderson are not the same and cannot be treated as such, for purposes of e-filing. Therefore, Ms. Smith's assertion is clearly in bad faith, especially in light of the court's 11-5-25 order.

8. Concurrence is assumed to not be necessary given the dispositive nature of this motion.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

November 7, 2025

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor

---

[2] Moreover, Anderson has not agreed to receive service by email neither has Defendant asked her to agree to receive service by email. Either way, Ms. Smith's attempt to wiggle out of her failures and dereliction of duty fails miserably and cannot be salvaged through her bad faith meretricious anachronistic or retroactive attempts today after the fact.

2