UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR and
NATALIE ANDERSON,
    Plaintiff

Vs.                                                CASE NO.: 1:25-CV-00251

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC,
And MARY K. DONAIS, et al
    Defendants

### DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S OPPOSITION TO PLAINTIFF ANDRE BISASOR'S MOTION FOR SANCTIONS

Defendants, Craig Donais, Donais Law Offices PLLC and Mary K. Donais (collectively "Donais Defendants"), by and through their counsel, Morrison Mahoney LLP, respectfully submit this Opposition to Plaintiff Andre Bisasor's ("Bisasor") Motion for Sanctions, stating as follows:

1. On November 7, 2025, Bisasor filed his Motion for Sanctions Against the Donais Defendants, seeking sanctions claiming that the undersigned "lied in her motion to dismiss [ ] that she served Natalie Anderson ("Anderson") by email and then filed a certificate of service that stated service at an Attleboro address rather than a Burlington address. *See Doc. 52, ¶¶ 2-3*. Undersigned counsel did not lie, as is explained herein.

2. First, Bisasor misconstrues the Certificate of Service. It evidences service as indicated in the Certificate of Service on the date of the Certificate of Service, i.e., November 7, 2025. *See Doc. 48*. Given the recent motion practice concerning Anderson's request to participate in electronic filing, *see Doc. 40*, undersigned counsel learned that through inadvertence, conventional service had not been made on Anderson. Up until this point, Anderson had participated in this litigation with filing of documents. *See Docs. 15, 27, 29, 30, 31 and 40*. Despite

1

understanding that Anderson's husband received all pleadings and that Anderson had responded to various pleadings, e.g., *Doc 30 and 31*, undersigned counsel sought to ensure service was made conventionally upon Anderson of all documents and sent the emails that had inadvertently not been sent by her office previously. As is reflected in the Certificate of Service, *Doc. 48*, on November 7, 2025, undersigned counsel sent email[1] and hard copies of the listed pleadings to Anderson at the email address and mailing address listed in the court docket.

3. In addition to the docket, the Attleboro address appears in various pleadings, to include the initial complaint in this matter. *See Doc. 1.1, Doc. 7, Doc. 12, Doc. 12-1, Doc. 14, and Doc. 16*. In other pleadings, no address is reflected. *See Doc. 15* (Bisasor and Anderson), *Doc. 21* (Bisasor) *Doc. 22* (Bisasor), *Doc. 24* (Bisasor), *Doc. 27* (Anderson), *Doc. 28* (Bisasor), *Doc. 29* (Bisasor and Anderson), *Doc. 30* (Anderson), *Doc. 31* (Anderson) *Doc. 32* (Bisasor) *Doc. 33* (Bisasor), *Doc. 37* (Bisasor), *Doc. 39* (Bisasor), *Doc. 40* (Bisasor and Anderson), *Doc. 41* (Bisasor), *Doc. 50* (Bisasor), *Doc. 51* (Bisasor), *Doc. 52* (Bisasor). The Burlington address[2] appears only in the amended complaint as the address for both Bisasor and Anderson. *See Doc. 13*. Notably the amended complaint, *Doc. 13*, and the Notice of Errata to First Amended Complaint, *Doc. 14*, contain different addresses (one with the Attleboro address and one with the Burlington address).

4. While Bisasor, in filing the Amended Complaint, indicated a Burlington address for both he and his wife, no change of address or other documentation indicating a change of address has been filed with the Court. In addition to sending the documents via email, undersigned counsel elected to send the documents to the address indicated on the court docket.

5. Bisasor now seeks sanctions to include a default judgment. *Doc. 52, ¶6*.

---

[1] The email was sent personally by undersigned counsel.

[2] The Donais Defendants note that both the Attleboro address and the Burlington address are not residences but rather are UPS Store locations.

2

6.  The Donais Defendants and undersigned counsel deny any "lies," and respectfully suggest that given the above, no sanctions are warranted.

7.  There has been no prejudice whatsoever to Anderson who not only has received the Donais Defendants' filings as evidenced by her responding to certain filings, but also has had her interests protected by her husband's excessive and prolix filings.

8.  Plaintiff's motion should be denied, and no sanctions imposed.

Wherefore Craig Donais, Mary K. Donais and Donais Law Offices PLLC respectfully request that this Honorable Court:

A.  Deny Plaintiff Andre Bisasor's Motion for Sanctions; and

B.  Grant such other and further relief as is equitable and just.

    Respectfully submitted,
FOR THE DEFENDANTS,
CRAIG DONAIS, DONAIS LAW OFFICES
PLLC and MARY K. DONAIS

*/s/ Linda M. Smith*
Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
(603) 622-3400

104686592

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing to all parties in this action by serving same via the court's ECF system or first-class mail to:

| | |
|---|---|
| Andre Bisasor, Pro Se<br>quickquantum@aol.com | Daniel R. Sonneborn, Esq.<br>dsonneborn@preti.com |
| Natalie Anderson, Pro Se<br>679 Washington Street, Suite #8-206<br>Attleboro, MA 02703<br>liberty_6@msn.com<br>(Ms. Anderson served via first-class mail and email) | |

Date:   November 12, 2025          */s/ Linda M. Smith*
                                    Linda M. Smith

104686592