UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____

ANDRE BISASOR and
NATALIE ANDERSON,
     Plaintiff

Vs.                        CASE NO.: 1:25-CV-00251

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC,
And MARY K. DONAIS, et al
     Defendants
_____

## DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S OPPOSITION TO PLAINTIFF ANDRE BISASOR'S EMERGENCY MOTION FOR CASE MANAGEMENT CONFERENCE

     Defendants, Craig Donais, Donais Law Offices PLLC and Mary K. Donais (collectively "Donais Defendants"), by and through their counsel, Morrison Mahoney LLP, respectfully submit this Opposition to Plaintiff Andre Bisasor's ("Bisasor") Emergency Motion for Case Management Conference, stating as follows:

     1.     On November 7, 2025, Bisasor filed a 16-page emergency motion for a case management conference.  *See Doc. 50.*  Therein, Bisasor claims a need for a conference because of pending ADA requests, clarification of "e-filing procedures and ensure consistent application of rules," resolve service of process issues, address claimed bias and recusal concerns and ensure "equal treatment," establish a case schedule, "coordinate with related state proceedings," and "explore settlement prospects." *Doc. 50, ¶ 96.*

     2.     Leaving aside that there is no emergency warranting the filing of this motion on an emergency basis, there is no need for a case management conference. While the Donais Defendants will appear on any matter so ordered by the Court, the Donais Defendants oppose Bisasor's request for a case management conference at this time.

3.     First, given the procedural posture of the matter, it is premature to establish a case schedule. The Donais Defendants have a pending motion to dismiss. Upon information and belief, Hilliard also will refile a motion to dismiss. One party named in the Amended Complaint has not yet appeared (or evidently been served). There is no need to establish a case schedule yet.

4.     To the extent Bisasor requests a hearing on ADA requests, the Donais Defendants note that there are six documents that are not on listed in the publicly available case summary. *Doc. 42-47.* The Donais Defendants presume the documents have been filed under seal, but they have not received service of any of these documents and do not know what requests have been made or by whom. Nonetheless, an ADA request no doubt could be handled by the Court without the need for hearing.

5.     To the extent Bisasor seeks to "clarify" certain issues (e-filing, service of process, etc.), as this Court has previously advised Bisasor, a "court .. cannot give legal advice. *Perry v. Treseler*, Case No. 3:18-CV-30194-KAR, 202 WL 1877877, at *4 (D. Mass. Apr 15, 2020)." *See August 26, 2025 docket entry*. Thus, Bisasor's request for hearing to, essentially, receive instructions as to how to prosecute his claims is not warranted.

6.     Bisasor also seeks a hearing to "coordinate with related state proceedings." To the extent Bisasor references the 2020 Action (as defined in the Donais Defendants' Motion to Dismiss, *see Doc. 36-1*), this matter has been dismissed. *See November 9, 2025 Order, attached hereto as Exhibit A.* Even if coordination were appropriate, there is no state proceeding with which to coordinate. *See also Doc. 36-1, p. 14* regarding claim splitting and Doc. *36-3*.

7.     Bisasor's general allegations of bias, "recusal concerns" and a desire to ensure "equal treatment" also do not warrant a hearing. Simply, Bisasor's disagreement with action by this Court does not indicate a need for a case management conference.

2

Case 1:25-cv-00251-SE-AJ    Document 56    Filed 11/12/25    Page 3 of 4

8.      Finally, the Donais Defendants have no interest in exploring settlement prospects, particularly since they strongly believe that their Motion to Dismiss should dispose of this action. Moreover, a case management conference is not the vehicle through which to explore settlement.

9.      In sum, there is no need for a case management conference, and the Donais Defendants oppose Bisasor's motion which appears to be yet another attempt by Bisasor to delay and prolong this action.

Wherefore Craig Donais, Mary K. Donais and Donais Law Offices PLLC respectfully request that this Honorable Court:

A.      Deny Plaintiff Andre Bisasor's Emergency Motion for Case Management Conference; and

B.      Grant such other and further relief as is equitable and just.

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG DONAIS, DONAIS LAW OFFICES
PLLC and MARY K. DONAIS

*/s/ Linda M. Smith*
Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
(603) 622-3400

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing to all parties in this action by serving same via the court's ECF system or first-class mail to:

Andre Bisasor, Pro Se                          Daniel R. Sonneborn, Esq.
quickquantum@aol.com                      dsonneborn@preti.com

Natalie Anderson, Pro Se
679 Washington Street, Suite #8-206
Attleboro, MA 02703
liberty_6@msn.com
(Ms. Anderson served via first-class mail and
email)

Date:   November 12, 2025                  */s/ Linda M. Smith*
                                           Linda M. Smith

104686604