UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251 |ANDRE BISASOR v. CRAIG DONAIS, et. al.

### [CORRECTED][1] PLAINTIFF BISASOR'S REPLY TO THE DONAIS DEFENDANTS' OBJECTION TO PLAINTIFF BISASOR'S MOTION FOR SANCTIONS

1. Andre Bisasor ("Bisasor") submits this reply to the Donais defendants' objection to motion for sanctions.

## I. INTRODUCTION

2. Donais Defendants' counsel, Attorney Linda Smith ("Smith" or "Attorney Smith"), continues to engage in the same improper conduct that gave rise to the sanctions motion; rather than acknowledge her failure to properly serve Plaintiff Natalie Anderson ("Anderson") and correct the error, she doubles down in her objection, persists in refusing to serve Anderson at her correct address, and offers pretextual justifications for conduct that violates the Federal Rules of Civil Procedure. This reply addresses the Donais defendant's objections and demonstrates why sanctions are warranted.

## II. SUMMARY OF ARGUMENT

3. **Service Requirements:** Anderson's address, as stated in the amended complaint she signed, is Burlington, not Attleboro.

4. **Separate Service Required:** The Court's 9-15-25 and 11-5-25 order prohibiting Bisasor from filing papers from or for Anderson establishes that they must be treated as separate parties for all procedural purposes, including service. This principle prevents the Donais defendant from arguing that service on Bisasor suffices for Anderson.

5. **Bad Faith Conduct**: Attorney Smith's conduct evidences bad faith because she:

    i. Acknowledged Anderson's Burlington address in her 8-11-25 motion.

    ii. Knew from the 9-15-25 clerk's order that Anderson lacked ECF access.

    iii. Failed to serve Anderson the motion to dismiss.

    iv. When confronted, refused to correct the error and doubled down on improper service.

    v. Made the legally untenable argument that service on Bisasor equals service on Anderson.

6. **Email Service Without Consent**: Fed. R. Civ. P. 5(b)(2)(E) requires written consent for electronic service. Anderson never consented to email service and lacks ECF access to even receive such service.

---

[1] This is corrected due to incorrect case caption as well as other errors/correction in the document.

### III. ATTORNEY SMITH DID NOT EMAIL ANDERSON THE MOTION TO DISMISS

7.  Despite Smith's representations to this Court, she did not email Anderson the motion to dismiss on 10-21-25, as stated in the certificate of service attached to the motion to dismiss or the accompanying memorandum. Anderson was never sent any email with the motion to dismiss on 10-21-25. This is thus a false statement. This certificate of service is a certification by Smith to the court of a true fact regarding service and thus subject to Rule 11 as well as Rule 11 sanctions for false certification to the court. This is a very serious matter for an attorney. Even now Smith hides and obscures the truth that she did not in fact email Anderson the motion to dismiss on 10-21-25. This further is a false statement compounded by a lack of candor in subsequent statements. She still has not come clean in full candor to the court to make it clear that her certifications on 10-21-25 were untrue. Without a full-throated clear statement acknowledging that fact, Smith is obfuscating the truth. She continues to do so to this present moment.

8.  This was not an inadvertent error of sending a document to the wrong email address; rather, Smith simply did not email Anderson at all on 10-21-25 as she averred that she did in her certificate of service in the motion to dismiss/memorandum.

9.  Further, Anderson has not agreed to email service (outside of the ECF system), nor could she, as she does not have ECF access. Smith cannot unilaterally create her own service rules and impose email service on a party who has neither consented to such service nor has the means to receive it through the ECF system.

### IV. SMITH DID NOT SERVE ANDERSON AT THE BURLINTON ADDRESS EVEN THOUGH IT WAS LISTED AS THE SERVICE ADDRESS ON THE CERTIFICATE OF SERVICE OF THE 10-21-25 MOTION TO DISMISS

10. Smith did not serve Anderson by mail at her Burlington address even though Anderson's Bulington address was listed as the physical address on the certificate of service of the 10-21-25 motion to dismiss. See screenshot below.

Manchester, NH 03101
(603) 622-3400

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing to all parties in this action by serving same via electronic mail to:

Andre Bisasor, Pro Se
679 Washington Street, Suite #8-206
Attleboro, MA 02703
quickquantum@aol.com

Natalie Anderson, Pro Se
101 Middlesex Turnpike, #270
Burlington, MA 01801
liberty_6@msn.com

Daniel R. Sonneborn, Esq.
Preti Flaherty
60 State Street, Suite 1100
Boston, MA 02109
wsaturley@preti.com
dsonneborn@preti.com

Date:   October 21, 2025                    */s/ Linda M. Smith*
                                             Linda M. Smith

11. Smith repeated her averment (that service was made on Anderson by email and also listed Anderson's Burlington address as the physical address on the certificate of service) also on the Memorandum of Law that accompanied the motion to dismiss. See screenshot below.

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing to all parties in this action by serving same via electronic mail to:

Andre Bisasor, Pro Se
679 Washington Street, Suite #8-206
Attleboro, MA 02703
quickquantum@aol.com

Natalie Anderson, Pro Se
101 Middlesex Turnpike, #270
Burlington, MA 01801
liberty_6@msn.com

Daniel R. Sonneborn, Esq.
Preti Flaherty
60 State Street, Suite 1100
Boston, MA 02109
dsonneborn@preti.com

Date:   October 21, 2025                    */s/ Linda M. Smith*
                                             Linda M. Smith

12. The above shows irrefutable proof that Smith represented and certified that Smith served Anderson by email. When Smith made this averment, it was false. Smith never emailed Anderson the motion to dismiss or the accompanying memorandum on 10-21-25. Smith's frantic attempt to salvage the situation (some 17 days later, after the fact on or about 11-7-25, and/or after plaintiff raised concerns, or sought sanctions) doesn't retroactively make her 10-21-25 false certifications somehow now true.

13. The above further shows irrefutable proof that Smith wrote/accepted Anderson's Burlington address as the physical address on the certificate of service on 10-21-25. It is thus false for Smith to have indicated or implied that Smith served Anderson by mail at her Burlington address on 10-21-25. Smith never served Anderson by mail, on 10-21-25, to Anderson's Burlington address. Further, Smith never served Anderson at the Attleboro address on 10-21-25. Therefore, Smith never served Anderson at any email address or at any mailing address on 10-21-25, contrary to her representations on her 10-21-25 certificate of service.

14. Therefore, Smith's averments, in her certificate of service, was a complete and utter lie. There is no way around this fact. Smith is a seasoned attorney for a big law firm. How could she make averments of service like this and none of it be true?  This was intentional because she treated service on Bisasor as service on Anderson, so she took it upon herself in violation of the rules to simply not serve Anderson. Yet, it was bad enough to treat Anderson as Bisasor, but it is even worse to lie about service on Anderson when no service was made on Anderson at all. And to make matters worse, Smith now deflects, denies, "throws dust in the eyes", in order to hide/obscure the fact that these averments were false. Smith signed her name to this certificate of service. She cannot claim someone else signed it. Moreover, she cannot claim that she signed but intended to do it after but didn't. When she signed it, it was in past tense, not future tense. It was therefore false at the time of signing and it was false after she signed it.

15. Moreover, the fact that Snith did this on two occasions on two documents, i.e. that she made these false statements on two documents, is beyond excuse. This cannot be ignored or glossed over. When attorneys like Smith make certifications to the court, both the court and the opposing party must be able to rely on the truthfulness of such certifications. Smith's multiple false certifications on multiple points of fact are simply unacceptable.

## V.  ANDERSON'S ADDRESS IS BURLINGTON, NOT ATTLEBORO

16. Further, even while knowing that Smith made false certifications above, Smith still has embarked an obfuscation campaign designed to deflect attention away from her false certification acts, and to create an appearance that as of 11-7-25, she served Anderson properly. This is also incorrect.

17. The fundamental issue in this case is straightforward: Anderson's address for service is Burlington, Massachusetts, not Attleboro. To illustrate the problem with Smith's approach, if Bisasor stated his address as X in his pleadings, but Smith chose to serve him at address Y, such service would be invalid. Yet this is precisely what Smith is doing with Anderson. She is now choosing willfully to serve Anderson at Attleboro (address Y) when Anderson has clearly indicated her address as Burlington (address X). Why is Smith doubling down on serving Anderson at an address Anderson has never provided to this Court?

18. Anderson has never given this Court her address as Attleboro. The only address Anderson has personally signed her name to in this case is the Burlington address, which appears on the amended complaint. Anderson has not signed her name to any other address in this case.

19. Notably, when Smith sought an extension of time to respond to the amended complaint on 8-11-25, Smith also indicated service to Anderson at the Burlington address, thereby acknowledging Burlington was Anderson's proper address for service, prior to Smith's filing of the 10-21-25 motion to dismiss. See screenshot of the 8-11-25 certificate of service below.

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing to all parties in this action by serving same via electronic mail to:

Andre Bisasor, Pro Se
101 Middlesex Turnpike, #270
Burlington, MA 01801
quickquantum@aol.com

Natalie Anderson, Pro Se
101 Middlesex Turnpike, #270
Burlington, MA 01801
liberty_6@msn.com

William Saturley, Esq.
Daniel R. Sonneborn, Esq.
Preti Flaherty
60 State Street, Suite 1100
Boston, MA 02109
wsaturley@preti.com
dsonneborn@preti.com

Date:  August 11, 2025

*/s/ Linda M. Smith*
Linda M. Smith

20. Conversely, Smith references the Court site listing Attleboro for Anderson but this evidently is in error based on an outdated address from Bisasor's earlier pleadings, which is error by the Court (which Smith must know to be case). The Court cannot simply use an address for one plaintiff (Bisasor) as the address

for another plaintiff (Anderson), especially when the second new plaintiff lists her address as a different address. This principle is clearly articulated by the Court in its 9-15-25 notice and 11-5-25 order, which prohibited Bisasor from allowing his e-filing account to be used by Anderson, from e-filing documents on Anderson's behalf, and from e-filing documents bearing the signatures of both plaintiffs. The Court instructed that Anderson must use an account in her name only or file conventionally in her name.

21. This strict instruction from the Court demonstrates that neither the defendants nor the Court can treat Bisasor and Anderson as one entity, and that what applies to one cannot automatically apply to the other in terms of service, e-filing, and related administrative matters. If the Court has rigidly separated Bisasor and Anderson for e-filing purposes, requiring each to file separately and independently, then it follows logically that service requirements must also be applied separately and independently. Smith ignore this underlying principle when determining how to serve Anderson.

## VI. SMITH KNEW ANDERSON DID NOT HAVE E-FILING ACCESS

22. Upon the filing of the amended complaint, Smith knew that Anderson did not have e-filing access because no such access had been granted by the Court. Yet Smith has acknowledged service to Anderson's Burlington address in her 8-11-25 motion to extend time to respond to the amended complaint. Further, as of the 9-15-25 clerk's order, Smith knew with absolute certainty that Anderson did not have e-filing access or e-service capability/receipt and that service to Anderson by mail was required.

23. From that point forward, Smith filed several documents (about 7 or 8 in total) that were never served on Anderson at all, neither by email nor by mail. Smith is a seasoned attorney with substantial experience in the federal rules of this Court. There is no excuse for this failure. When Plaintiffs alerted the Court and defendants to the fact that Anderson was not served the motion to dismiss (via the 10-31-25 motion to extend time to respond to the motion to dismiss), Smith thereafter refused, or indicated refusal, to provide proper service to Anderson. Instead, Smith sought to hold Anderson to a 14-day deadline to respond to a motion to dismiss that Anderson was never served upon her, and Smith then further made the bad faith argument that service upon Bisasor constitutes service upon Anderson.

24. Thus, in Smith's view, Anderson must be made to suffer prejudice from the lack of proper service by Smith. This approach violates the rules of candor and fairness to opposing parties. Either the rules apply to Smith or they do not. This is willful and contumacious conduct.

## VII.    THE ERRATA DOCUMENT AND SIGNATURE LINES

25. Smith mentions, in her objection, the errata document filed on 7-31-25, as having the Attleboro address but conveniently omits the fact that the errata document contained only Bisasor's signature, not Anderson's. [NB: This was a template error reproducing prior signature line for Bisasor and since that one time the Attleboro has never been used again by Bisasor.]. Either way, Smith cannot ascribe an address to Anderson that she has never pled/listed. Smith cannot simply tret the plaintiffs as unified when that serves her argument.

## VIII.    BISASOR DID NOT FILE THIS CASE IN FEDERAL COURT

26. Plaintiff Bisasor did not file this case in this Court; it was removed by the defendants. The Court evidently assigned Bisasor's address to be Attleboro based on the signature line of the complaint filed in state court. No filing of a separate address document was made by Bisasor in this court. The only indication of Bisasor's address, by Bisasor, was through the signature line of the original complaint. This Court evidently used the address indicated in the signature line. Either way, Bisasor did not file a separate document designating his address in this court. Busasor also signed the Attleboro address to his name in pleadings in this court thereafter but filed prior to the amended complaint.

27. But, upon filing the amended complaint, Bisasor indicated a change of address to Burlington. However, Anderson, filing her name for the first time in this case via the amended complaint, designated the Burlington address as her address (which was not a change of address but the first listing of her address[2]). The Court should have taken note of Anderson's first listing of her address in the amended complaint signature line, just as it evidently noted Bisasor's address via the signature line of the original complaint.

---

[2] Hence there was no change of address for Anderson because no address for Anderson was or could have been previously listed for Anderson by the court, since she was only added as a plaintiff via the amended complaint and by signing her name to the amended complaint. Moreover, even if there was a change of address needed, Anderson does not have efiling access and cannot herself access the change of address filing designation/facility in the efiling system.

### IX. <u>ATTORNEY SMITH'S CONTINUED REFUSAL TO SERVE ANDERSON PROPERLY</u>

28. Smith still has not served Anderson at her correct address in Burlington. Even in the filing of the objection to sanctions on 11-12-25, and in the purported first time serving, on 11-7-25, of the 8 documents never previously served including the motion to dismiss, Smith purports to serve Anderson at Attleboro. Attleboro is not Anderson's correct address for service. Anderson has never listed this as her address in this case. This address is not valid for service to Anderson. This is grounds for sanctions.[3]

29. Further, Smith's purported email to Anderson is not proper or valid service. Smith has not previously emailed Anderson in this case, and Anderson hasn't consented to email service. This is not proper service under Fed.R.Civ.P. 5(b)(2)(E), which requires written consent for electronic service. Smith cannot simply violate the rules and do whatever she feels like doing, no matter how much she purports its justified.

30. It should be noted that Anderson is not here to speak for herself. She does not have e-filing access to file response or to represent that she received or did not receive any purported email service on after 11-7-25 as presented by Smith. Neither the defendants nor the Court can assume that emails from Smith have reached Anderson. Bisasor is not Anderson. Anderson needs to be given an opportunity to address the Court on whether she received any email from Smith on or after 11-7-25. Either way, email service to Anderson is not valid, especially without authorization from Anderson. Smith cannot by brute force insist on service on Anderson via email (without consent of Anderson) or via mail to an address that Anderson has not listed as her address.

31. If Bisasor had engaged in this same conduct toward Smith, the Court would undoubtedly chide Bisasor for doing so and possibly also threaten sanctions for not adhering to the rules. Then, if Bisasor defiantly persisted after such warning, to continue to serve Smith to an address that she indicated was incorrect and refused to serve her at her listed address on multiple occasions, the Court would swiftly sanction Bisasor for such contumacious conduct. This is what Smith has done here. She should be held to the same

---

[3] This is also on top of Smith's refusal to participate in telephone conference to address/resolve issues, that Bisasor previously requested. This willful refusal to abide by the spirit/letter of the rules, on multiple occasions, further together warrants sanctions.

standard and treatment as Bisasor is or would be. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-67 (1980) (federal courts have inherent power to sanction attorneys for bad faith conduct in litigation).

## X. SERVICE AT THE WRONG ADDRESS IS NOT VALID SERVICE

32. Smith's persistence in refusing to properly serve Anderson warrants sanctions. Service to Anderson at an address that is not Anderson's address is not valid service. Federal Rule of Civil Procedure 5(b)(2)(C) requires service by "mailing it to the person's last known address." Anderson's last known address, as indicated in the amended complaint signed by Anderson herself, is Burlington, Massachusetts.

33. See further on federal rules for service as follows:

> (b) Service: How Made.
> (1) Serving an Attorney. If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.
> (2) Service in General. A paper is served under this rule by:
> (A) handing it to the person;
> (B) leaving it:
> (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
> (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
> (C) mailing it to the person's last known address—in which event service is complete upon mailing;
> (D) leaving it with the court clerk if the person has no known address;
> (E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or
> (F) delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery.

34. None of the above was done or adhered to by Smith. She did not hand the documents to Anderson; she did not physically leave it at her office or at her known abode; she did not mail it to her last known address; she did not obtain consent to email it to Anderson. The bottom line is that Smith has not complied with the rules for service and now persists in flouting the rules for proper service of documents.

35. Further, Courts have recognized that service at an incorrect address is invalid and may be grounds for sanctions where such improper service is willful or in bad faith. See Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991) (federal courts possess inherent authority to sanction bad-faith conduct that abuses the judicial process). The US Supreme Court has affirmed that courts must ensure parties receive proper notice/opportunity to be heard, and that service rules exist to safeguard fundamental due process rights.

## XI. ATTORNEY SMITH RECOGNIZED BURLINGTON AS ANDERSON'S ADDRESS

36. Smith herself recognized the Burlington address for Anderson when seeking an extension to respond to

the amended complaint on 8-11-25.

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing to all parties in this action by serving same via electronic mail to:

Andre Bisasor, Pro Se
101 Middlesex Turnpike, #270
Burlington, MA 01801
quickquantum@aol.com

Natalie Anderson, Pro Se
101 Middlesex Turnpike, #270
Burlington, MA 01801
liberty_6@msn.com

William Saturley, Esq.
Daniel R. Sonneborn, Esq.
Preti Flaherty
60 State Street, Suite 1100
Boston, MA 02109
wsaturley@preti.com
dsonneborn@preti.com

Date:   August 11, 2025                    /s/ Linda M. Smith
                                           Linda M. Smith

37. So why has Smith changed from this acknowledgment, all of a sudden? And why refuse to serve

Anderson at the address she listed as her address at Burlington which Smith acknowledged on 8-11-25 (as

well even in her 10-21-25 motion to dismiss document)? Here is the reason inferred: Smith knows she

made false certifications in her 10-21-25 certificate of service. By now serving Anderson at the Attleboro,

and unnecessarily creating a fight over that, she can try to deflect from the fact that she made false

certifications on 10-21-25, which are serious sanctionable offenses. Either way, this is defiant,

contumacious, and intransigent conduct. Smith knows that Burlington is Anderson's address but refuses

to serve her there.

38. Smith cites Bisasor's documents filed before the amended complaint as support for continuing to serve

Anderson at Attleboro. This argument is specious and fallacious. Anderson did not file those earlier

documents; Bisasor did. Anderson's first and only personally signed designation of her address appears in

the amended complaint, where she clearly indicated Burlington as her address.

## XII.    THE DOUBLE STANDARD

39. Smith evidently wants to dictate where the plaintiffs must be served, override what plaintiffs state is their correct address, and override the Court's 11-5-25 order that prohibits treating Bisasor as Anderson.

40. Smith knows that the Court's 11-5-25 order means that Anderson must be served separately and correctly. This failure to adhere to the spirit/letter of the order and to be candid with the Court is deeply problematic.

41. Further, Smith recognized the importance of strict adherence to formatting and procedural rules when she adamantly complained about Bisasor's remand motion filings for failure to comply with double-spacing requirements. The Court quickly warned Bisasor about adhering to these formatting rules with a threat of penalty if done again. Yet here, Smith wants to give herself grace and leeway to violate service rules that are far more fundamental to due process than formatting requirements. As it is said in the scriptures, "those who live by the sword must die by the sword".

42. Further, the Court did not spare Bisasor an immediate warning regarding termination of e-filing privileges if he allowed his e-filing account to be used by Anderson, which the Court construed as not him complying with the rules for e-filing. If the Court is vigilant about relatively minor administrative points regarding e-filing, then the Court cannot ignore Smith's blatant violation of service rules. Fair is fair.

## XIII.    BAD FAITH AND WILLFUL CONDUCT

43. How difficult would it have been for Smith, in full and complete candor, to acknowledge her error and state: "*Your Honor, I made an error. I misspoke when I said I emailed Anderson the motion to dismiss on October 21, 2025, and I never served her by mail at all at that time. It was an oversight. I apologize to the Court. In light of the above and in fairness to the opposing party, I have no objection to the Court allowing an appropriate extension of time for Anderson to respond to the motion to dismiss, which I am today serving her properly for the first time at the Burlington address that she listed as her address on the amended complaint.*"

44. Why could she not do this? How would it hurt her or her client to do the right thing? The answer reveals much about the approach being taken in this litigation. Instead, Smith has chosen to defend the

11

indefensible, to double down on improper service, and to argue that Anderson should be held to a deadline for a motion she was never served.

45. This pattern of conduct evidences bad faith. The US Supreme Court has held that sanctions under a court's inherent authority require a finding of bad faith or conduct tantamount to bad faith. Roadway Express, Inc. v. Piper, 447 U.S. at 767. Bad faith may be established through willful disobedience of court rules, deliberate circumvention of procedural requirements, or persistent refusal to correct known errors. Here, Smith's conduct meets this standard.

46. Smith was aware of Anderson's Burlington address from the amended complaint. She acknowledged that address in her 8-11-25 filing. She also acknowledged that address in her very 10-21-25 filing that was never served on Anderson. She also was aware from the 9-15-25 clerk's order that Anderson did not have ECF access and required mail service Despite this knowledge, she failed to serve Anderson the motion to dismiss (and several other documents), misrepresented to the Court that she had provided email service, and when the error was brought to her attention, refused to correct it and instead argued that service on Bisasor suffices as service on Anderson.

47. This course of conduct is not inadvertent error; it is a deliberate strategy to disadvantage a pro se plaintiff. As recognized in Chambers v. NASCO, Inc., 501 U.S. at 46-47, courts possess inherent authority to sanction "a full range of litigation abuses," including conduct that, while not necessarily in violation of a specific rule, nonetheless "abuses the judicial process." Smith's conduct here constitutes such abuse on top of violating the rules for service as well as the spirit/letter of the court's 9-15-25 and 11-5-25 orders.

48. If Smith was operating in good faith, why not serve Anderson at both Attleboro and Burlington to ensure actual notice? Why scoff at Anderson's stated address in Burlington? Smith must pay a price for this conduct. This cannot be excused, ignored, or glossed over.

## XIV.  THE STANDARD FOR SANCTIONS

49. Local Rules for NH Federal Court 1.3 (a) state: "*Sanctions. Except as otherwise provided by law, the court may dismiss an action, entera default, or impose other sanctions it deems appropriate, for any violation of, or failure to comply with, the local rules.*"

50. Further, Federal courts possess inherent authority to impose sanctions for bad-faith conduct. Chambers v. NASCO, Inc., 501 U.S. 32 (1991). This inherent power exists alongside, and independent of, the sanctioning authority conferred by statute and the Federal Rules of Civil Procedure. The US Supreme Court has emphasized that courts must exercise this power with restraint and discretion, but that it is essential to "the orderly administration of justice." Id. at 43.

51. Sanctions under the court's inherent authority require a finding of bad faith or willful disobedience. Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1186 (2017). Bad faith is demonstrated where a party acts with knowledge that their conduct violates applicable rules and persists in that conduct despite being informed of the violation. Here, Smith's conduct satisfies this requirement. Smith intentionally has engaged in a serious of conduct that started with multiple false certifications and culminated in persistent refusal to serve Anderson in accordance with the rules and at her stated address in Burlington, replete with bad faith arguments to treat service on Bisasor as service on Anderson, contradicting the court's explicit orders.  Given that the bad faith contumacious conduct of Smith centers on the motion to dismiss and the lack of service thereof, then, at a minimum, an appropriate sanction would be to strike the motion to dismiss and proceed to Answer stage for the Donais defendants. The penalty must be something that deters future conduct and not merely a "slap on the wrist" that doesn't compel future compliance. See federal court rules: "*A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.*"

52. Alternatively, a default judgment is also within the range of appropriate sanctions given the persistent, repeated, flagrant and contumacious nature of the conduct involved. Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. at 1186.

## XV.    PREJUDICE TO ANDERSON

53. The Court's 9-15-25 and 11-5-25 orders make clear that Bisasor cannot file for Anderson. Therefore, the logical corollary is that Bisasor cannot receive filings for Anderson. If Bisasor and Anderson must file separately, they must also be served separately. Smith's argument that service on Bisasor constitutes service on Anderson directly contradicts the Court's orders and further prejudices Anderson. In fact,

Smith's approach would require Bisasor to receive filings on behalf of Anderson,[4] which ostensibly would cause Bisasor to agree to violate the court's 11-5-25 order or the equivalent principle therein.

## XVI.   THE RECORD IS NOT EXCESSIVE

54. Smith's assertion that Bisasor has engaged in excessive filings is demonstrably false. There have been around 10 filings by Bisasor in this case. This modest number of filings in a complex civil rights matter hardly rises to the level of excessive litigation, over the course of about 5 months, with multiple defendants. Indeed, many of these filings were necessary responses to motions filed by defendants themselves or were required to address mandatory procedural issues or otherwise to bring violations by the defendants to the Court's attention. Smith's characterization of Bisasor's filings as "excessive" or "prolix" is unsupported by the record and appears designed to prejudice the Court against Bisasor rather than address the substance of his concerns. Federal courts recognize that pro se litigants may require additional filings to navigate complex procedural requirements, and the modest number of filings here falls well within acceptable bounds. Furthermore, the motions filed by Bisasor generally have all been reasonable in length and reasonably presented, for a non-lawyer. This sweeping unfair generalization is an unfair mischaracterization by Smith intended to deflect and distract from her own violations. Even assuming arguendo that Bisasor's motions were somehow not as precisely drafted as a lawyer would, the US Supreme Court has ruled that pro se pleadings are not to be held to strict, rigid or stringent standards.[5]

## XVII.   DONAIS DEFENDANT'S STRATEGY AND ITS BROADER IMPLICATIONS

55. Smith appears to believe she is entitled to special treatment and deference, that she can violate service rules with impunity while pro se plaintiffs are held to exacting standards on matters far less consequential than fundamental due process requirements. This double standard cannot stand.

56. There is no respect by Smith for Plaintiffs as parties before this Court. She is employing an oppressive litigation strategy designed to gain every possible advantage, fair or unfair. Bisasor's motions have been not excessive or prolix; they have been necessary to protect rights, in the face of this overly aggressive

---

[4] It should be noted that Anderson neither has efiling access nor Pacer access. Bisasor does not have Pacer access either.
[5] Further, there are other considerations that Bisasor cannot go into here publicly.

litigation approach by Smith. This kind of conduct should be stopped. The Donais defendants should litigate without abusing and seeking to castigate/oppress the Plaintiffs at every turn.

57. Smith here is seeking to routinely make scandalous statements to prejudice plaintiffs and to color the court's perception. It is a psychological framing game: paint the plaintiffs as difficult or unreasonable, and hope the court will view them with a jaundiced eye, or their pleadings with skepticism. This is precisely what is happening here. Smith characterizes Bisasor's filings as excessive when they are not, characterizes her own misconduct as inadvertent error when it is knowing violation, and seeks to shift blame to the Plaintiffs for problems of her own making.

58. Smith knew upon the filing of the amended complaint that Anderson did not have efiling access because no motion for her efiling access had been filed with the court. Yet, Smith acknowledged the service to Anderson's Burlington address in the 8-11-25 motion to extend time to respond to amended complaint, meaning that she got the message and acted accordingly regarding Anderson's address. Yet, further, as of the 9-15-25 clerk order, Smith knew for certain that Anderson did not have efiling access or e-service receipt, and that service to Anderson by mail was required. From there, Smith filed several documents with the court that were never served on Anderson.  Smith is a seasoned lawyer and has experience with the rules of this court. There is no excuse.  But even with all of that being out aside for a moment, when plaintiffs alerted the court and defendants to the fact that Anderson was not served the motion to dismiss, Smith refused to serve Anderson properly and sought to hold Anderson to a 14 deadline to respond to the motion to dismiss that Anderson was never served, and made the bad faith argument that service upon Bisasor is service upon Anderson, and then thereafter proceeds and persists in mailing documents on/after 11-7-25 to an address that Anderson has not listed as her address in this case, and in purporting to email Anderson documents without Anderson's consent. Thus, in Smith's view, Anderson must be made to suffer prejudice from the lack of proper service to her.

59. This is a major problem with attorneys who are bent on heaping every advantage to themselves while seeking to be unfair and disadvantage the opposing party. This violates the rules of candor and fairness to

opposing counsel. Either the rules apply to Smith or they don't. This is willful contumacious conduct. Smith evidently thinks she is entitled to get away with it because she is entitled to privilege, deference, grace and favor by this court, as a powerful big law firm white female attorney, while Anderson the powerless, African-American pro se woman plaintiff, should be subjected to moving targets, uneven application of rules, and unfair treatment. This is what Smith evidently believes. Not even counsel for Hilliard, Dan Sonneborn, has gone this far and has parted ways with Smith on this ill-advised gambit.

60. Smith is clearly practicing "Rambo-style" litigation and she evidently thinks this court will allow her to get away with it, because of what: she is a white female attorney who deserve special treatment, special grace/favors from the white female judge, in some kind of unspoken solidarity? Who knows? Yet, these are the subtle implicit things that law scholars point to in court operations/occurrences, showing manifest differences in treatment, attitudes and outcomes for black litigants in the court system. Smith is blatant and fragrant here. There is no conscience or ethical constraint. She evidently wants to win at all costs and she will smear, attack, and try to 'rig the game' against the pro se plaintiffs, no matter what, even when it makes no logical sense to persist in such acts.

61. The state of the legal profession is in shambles because lawyers have run amok and too few judges are willing to rein them in, while judges have been overly inclined to police/punish pro se litigants for far lesser infractions. The whole court system falls into disrepute when parties see that attorneys receive favorable treatment while self-represented litigants face harsh scrutiny for comparable or lesser conduct. This is part of why the 'average joe' does not trust the court, lawyers or the legal system.  This is especially true of black people in the local community and across this country, at least for the most part. Renown civil rights icon James Baldwin once said: "*If one really wishes to know how justice is administered in a country, one does not question the policemen, the lawyers, the judges, or the protected members of the middle class. One goes to the unprotected – those, precisely, who need the law's protection most! – and listens to their testimony.*"— No Name in the

Street. [6] This is no less true today.  Black people in this country know when they are treated fairly or unfairly, or when their white counterparts are treated more favorably than them. They have had to deal with this for much of their lives. The courts have largely been hostile, unfair, eager to punish and penalize them while allowing similarly situated white parties to get away with 'proverbial murder'.

62. Here, the court is presented with a situation where the white defendant attorney has repeatedly violated the rules and when it was brought to her attention, she doubles down, become defiant and refuse to properly serve Anderson, while making arguments that she knows contradicts the court's order barring conflation of Bisasor with Anderson for filing and administrative purposes. The court now has an opportunity to treat Smith with an even-hand and by the same rules.

## XVIII. CONCLUSION

63. Smith has repeatedly violated Federal Rule of Civil Procedure by failing to properly serve Anderson. When this violation was brought to her attention, she refused to correct it and instead made arguments she knows contradict the Court's order prohibiting conflation of Bisasor with Anderson for filing and administrative purposes. Smith's own objection is a case study in recalcitrant conduct, refusing to take responsibility and refusing to comply with the rules.

64. The Court should grant the motion for sanctions. Further, the Court should order that all future service on Anderson be made to her correct address in Burlington, Massachusetts, as indicated in the amended complaint, and should extend Anderson's time to respond to the motion to dismiss to account for the Donais defendant's failure to properly serve her.

65. Note: As this is a dispositive motion, plaintiff understands that a reply is allowed automatically and that a motion to reply is not necessary.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

November 13, 2025

---

[6] Note: Bisasor is a black man in America and he should not be afraid to cite James Baldwin or address issues from an African-American perspective, nor should be penalized or excoriated for doing so. The intersection of race and legal system is a serious and significant that deserves attention and application not only in law journals but also in the actual courtrooms of America. This should not be shied away from or avoided but must/should be dealt with forthrightly fairly justly and conscientiously.

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor

Andre Bisasor