UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ANDRE BISASOR and<br>NATALIE ANDERSON,<br>    Plaintiffs,<br><br>v.<br><br>CRAIG S. DONAIS, RUSSELL F.<br>HILLIARD, DONAIS LAW OFFICES<br>PLLC, MARY K. DONAIS, UPTON &<br>HATFIELD, LLP, and AMY MESSER,<br>    Defendants. | Case No. 1:25-cv-00251-SE-AJ |

## MEMORANDUM IN SUPPORT OF DEFENDANTS RUSSELL F. HILLIARD'S AND UPTON & HATFIELD, LLP'S AND MOTION TO DISMISS

### I.    INTRODUCTION

The Court should dismiss all claims against Defendants Russell F. Hilliard ("Hilliard") and Upton & Hatfield, LLP ("Upton & Hatfield") (collectively the "Hilliard Defendants") pursuant to Fed. R. Civ. P. 12(b)(6), as Plaintiffs' Amended Complaint fails to state a claim against them. The claims are also barred by the applicable statute of limitations and the litigation privilege.

Plaintiffs' Amended Complaint alleges the following claims against Hilliard: Violations of the New Hampshire Consumer Protection Statute (Count 8); Interference with Contractual Relations (Count 13); Interference with Advantageous Relations (Count 14); Interference with Settlement Contract (Count 15). Plaintiffs' Amended Complaint alleges the following claims against Upton & Hatfield: Individual Misconduct Liability (Count 17); Firm Vicarious Liability under Respondeat Superior (Count 18); Direct Firm Negligence & Partnership Liability (Count 19); Partnership Liability under RSA 358-A (Count 20); and Professional Negligence (Count 21).

All claims are barred by the applicable statute of limitations.

Moreover, Each of Plaintiffs' claims against the Hilliard Defendants arise from Hilliard's legal representation of co-Defendant Craig Donais in litigated or administrative matters initiated by

1

or involving the Plaintiff, Andre Bisasor. *See* Amended Complaint generally, and at ¶¶ 24, 73. But the well-recognized "absolute legal privilege" bars each of those claims.

Finally, each of the counts against Hilliard and Upton & Hatfield fail on their own terms to state a claim for which relief can be granted.

The Motion to Dismiss should be granted and Plaintiffs' claims should be dismissed with prejudice.

## II. BACKGROUND

Plaintiff, Andre Bisasor ("Bisasor") filed a similar action against Hilliard, and co-defendants Craig Donais and Donais Law Offices, PLLC in the Bristol (MA) Superior Court on June 20, 2022 (the "Original Action"). *See Bisasor v. Donais, et al.*, United States District Court for the District of New Hampshire, 1:23-cv-00374-JL-TSM, Doc. no. 18. Bisasor filed an Amended Complaint on May 4, 2023, adding new parties, including current co-defendant Mary Donais. *See* Original Action Doc. no. 1-4. The Original Action was removed to the United States District Court for the District of Massachusetts on June 12, 2023, and was transferred to the District of New Hampshire on July 27, 2023.

On October 26, 2023, Hilliard filed a Motion to Dismiss the First Amended Complaint in the Original Action. *See* Original Action at Doc. nos. 81 and 81-1. Bisasor sought leave to file a Second Amended Complaint and a "Corrected" Second Amended Complaint. *Id.* at Doc. no. 159, 159-1, 161, 161-1.

After multiple, lengthy hearings regarding the Defendants' Motions to Dismiss and Plaintiff's Motions to Amend, Bisasor filed a "Notice of Voluntary Dismissal without Prejudice Pursuant to F.R.C.P. 41(a)(1)(A)(i)." *Id.* at Doc. no. 234.

One year later, on June 3, 2025, Bisasor filed the his Complaint in this matter, which is styled as a "[Re-Filed] Complaint and Demand for Jury Trial. *See* Doc. no. 1-1, p.4. After Hilliard filed a Motion to Dismiss, Bisasor and new Plaintiff Natalie Anderson filed an Amended Complaint. *See* Doc. no. 13.

Whether in the Original Action or the current matter, all of Bisasor's iterations of the Complaint take issue with actions of the Defendants with respect to Defendant Craig Donais' decision to decline to represent Plaintiff in an unrelated matter and the events that have followed. *See* Amended Complaint, generally. As in the Original Action, the lengthy Amended Complaint states throughout that the alleged damages caused by Hilliard arise out of his representation of Craig Donais in matters regarding Bisasor and Plaintiff goes into detail alleging issues with Mr. Hilliard's representation of Mr. Donais in other lawsuits and before the New Hampshire Attorney Discipline Office.

Plaintiffs allege the following against Hilliard that appear to be the basis for their causes of action:

1. His unfair and deceptive acts include interfering with their contractual and advantageous relationships to undermine plaintiffs in order to protect his career and professional reputation. *Id.* at ¶ 572.
2. He contacted the Primmer Law Firm in September 2020 and as a result of such contact, Primmer ceased representing Plaintiffs. *Id.* at ¶¶ 686-690.
3. He interfered with the Plaintiffs relationship with Attorney Jane Doe in March/April 2022 and as a result Attorney Jane Doe ceased representing the Plaintiffs. *Id.* at ¶¶ 702-705.
4. He interfered with a potential settlement contract in a case brought by Bisasor against Donais in which Hilliard represents Donais. *Id.* at ¶¶ 760-762.

Plaintiffs allege a series of claims against Upton & Hatfield that argue it is liable for Hilliard's actions if Hilliard was acting within the scope of his employment. *Id.* at ¶¶ 792-808.

### III.   STANDARD OF REVIEW

A defendant is entitled to relief under Rule 12(b)(6) if the complaint fails to make factual allegations sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "Determining whether a complaint states a plausible claim for relief will…be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

25102004.1

In deciding a motion to dismiss, the court employs a two-pronged approach. *See Ocasio-Hernandez v. Fortuno-Burset*, 640 F. 3d 1, 12 (1st Cir. 2011). First, the court screens the complaint for statements "that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." *Id.* A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed. *Id.* Second, the court credits as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then determines if the claim is plausible. *Id.* The plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of improper conduct. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The "make-or-break standard is that those allegations and inferences, taken as true, must state a plausible, not a merely conceivable, case for relief." *Sepluveda-Villarini v. Dep't of Educ.*, 628 F. 3d 25, 29 (1st Cir. 2010); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

## IV.    ARGUMENT

### A. All Claims are Time Barred

All claims alleged against Hilliard and Upton & Hatfield in the Plaintiffs' Amended Complaint are subject to a three-year statute of limitations. *See RSA 508:4, I.*[1] Styling this lawsuit as a "Re-Filed" version of the Original Action does not save Plaintiffs or act as an exception such that this Complaint is considered timely filed. *See Furbush v. McKittrick*, 149 N.H. 426, (2003).

The New Hampshire savings statute, NH RSA 508:10 says "[i]f judgment is rendered against the plaintiff in an action brought within the time limited therefor, or upon a writ of error thereon, and the right of action is not barred by the judgment, a new action may be brought thereon in one year after the judgment." As applied, the New Hampshire savings statute "benefits suitors who are

---

[1] The claims are: Violations of the New Hampshire Consumer Protection Statute (Count 8); Interference with Contractual Relations (Count 13); Interference with Advantageous Relations (Count 14); Interference with Settlement Contract (Count 15). Plaintiffs' Amended Complaint alleges the following claims against Upton & Hatfield: Individual Misconduct Liability (Count 17); Firm Vicarious Liability under Respondeat Superior (Count 18); Direct Firm Negligence & Partnership Liability (Count 19); Partnership Liability under RSA 358-A (Count 20); and Professional Negligence (Count 21).

compelled to abandon their present action, whether by their own act or the act of the court, when either would leave them with a cause of action, yet undetermined. A second action will be precluded where the amended complaint fails to cure the deficiency." *Fastrack Crushing Services, Inc. v. Abatement International/Advatex Associates, Inc.,* 153 N.H. 284, 289 (2006) (internal citations and quotations omitted). The statute "allows a plaintiff, under certain circumstances, to bring a second suit within one year following disposition of a prior action." *Arsenault v. Scanlon*, 139 N.H. 592, 594 (1995).

Plaintiffs cannot take advantage of the New Hampshire savings statute to revive any claims. Rather than risking dismissal of the Original Action, Bisasor filed a Notice of Voluntary Dismissal Without Prejudice Pursuant to F.R.C.P. 41(a)(1)(A)(i). *See* Original Action at Doc. no. 234. At that time, this Court had conducted several hours of argument on Bisasor's Motions to Amend and the Defendants' Motions to Dismiss. No reasons were provided for the dismissal and the current Amended Complaint follows the same form of Complaints that were filed or Bisasor sought to file in the Original Action. The Original Action was not dismissed to remedy a deficiency or for reasons that the savings statute might apply to, like personal jurisdiction or other reasons that do not go to the merits of the case.

Bisasor has not cured any deficiency with the Complaint originally filed in this matter, which he styled as being "[Re-Filed]." To the extent that he has alleged new claims against Hilliard, those do not benefit from the savings statute. Nor do any of Anderson's claims, which were never brought against Hilliard until the Amended Complaint was filed. Likewise, Bisasor did not re-file his claims against Upton & Hatfield within the time allowed under the savings statute and as such, even if the savings statute may apply to some claims against Hilliard (which is disputed), they cannot save any claims against Upton & Hatfield.

Moreover, while prior iterations of the Complaint alleged facts related to the Primmer firm and Attorney Jane Doe, for the reasons stated above, those claims do not receive the benefit of the savings statute to the extent it even applies as Plaintiffs finally try to clarify the claims related to alleged contact with other attorneys. The alleged contact with the Primmer firm was in September

2020. *Amended Complaint* at ¶¶ 686-690. The alleged contact with Attorney Jane Doe was in March/April 2022. *Id.* at ¶¶ 702-705. Both events were more than three years before the June 3, 2025 filing of the Complaint in this matter. And because these events appear to be the crux of Plaintiffs' Consumer Protection Act claim against Hilliard (*see* ¶ 572), that claim is also barred by the statute of limitations as that claim was not previously made against Hilliard.

When faced with potential dismissal under Rule 12, Bisasor voluntarily dismissed the Original Action, and then re-filed a nearly identical lawsuit against Hilliard a year later. Plaintiffs' Amended Complaint changed some allegations and claims against Hilliard. The Original Action was not dismissed for lack of personal jurisdiction or by the Court for a similar technical reason such that it would be unfair to bar the claims by the applicable statute of limitations. Bisasor voluntarily chose to dismiss the Original Action after potential fatal issues (that still exist in the current Amended Complaint) were raised and his attempts to amend were pending. The savings statute cannot reward Plaintiffs' behavior in this instance. Plaintiffs' claims against Hilliard are time-barred and the Complaint should be dismissed.

> **B. The Absolute Legal Privilege Protects Hilliard from any Claims and for any Statements Hilliard made Related to Prior Proceedings in which he Represented Craig Donais Against Plaintiffs.**

Like with the statute of limitations, the absolute legal privilege bars all of Plaintiffs' claims as well. With the benefit of multiple Complaints and Motions to Dismiss, the Plaintiffs try to argue that Hilliard's actions were unrelated to his representation of Donais. Looking back at the original Complaint filed in this matter, it is clear the Plaintiffs' alleged damages arise out of Hilliard's prior representation of Craig Donais in matters regarding Bisasor. *See* Original Complaint, generally, and specifically ¶¶ 934-1030. Even if the allegations in the Amended Complaint are true (which Hilliard denies), the absolute legal privilege precludes Plaintiffs' causes of action against Hilliard. Plaintiff simply saying otherwise does not defeat the privilege.

"It is well-settled in New Hampshire that 'certain communications are absolutely privileged and therefore immune from civil suit.'" *Lath v. Manchester, NH*, 2018 DNH 013 (D.N.H. 2018) (Apr. 9, 2018), quoting *Pickering v. Frink*, 123 N.H. 326, 328 119 (1983). *See also McGranahan v. Dahar*, 119 N.H. 758, 762-63 (1979). An absolute privilege is "tantamount to an immunity" and "not conditioned on the actor's good faith." *Id*. "Because an absolute privilege bars an injured party from recovering any recompense, it 'must be reserved for those situations where the public interest is so vital and apparent that it mandates complete freedom of expression without inquiry into a defendant's motives.'" *McGranahan*, 119 N.H. at 762, quoting *Supry v. Bolduc*, 112 N.H. 274, 276 (1972).

Statements made in the course of judicial proceedings are one class of communications that are absolutely privileged from liability in civil actions, if the statements are pertinent or relevant to the proceedings. *McGranahan*, 119 N.H. at 763. Whether a statement is "pertinent or relevant" is a matter of law and can be decided at this stage. *Id.* at 766.

"A statement is presumed relevant unless the person allegedly [injured] demonstrates that it was so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy or impropriety.**"** *Id.* at 766 (quotation omitted); *Provencher*, 142 N.H. at 853 (parallel citations omitted). "The requirement of pertinence eliminates protection for statements made needlessly and wholly in bad faith." *McGranahan*, 119 N.H. at 763 (applying privilege to statements made in petition for interpleader). The party seeking to defeat the legal privilege bears the burden of rebutting the presumption of relevancy and "[a]ll doubts are to be resolved in favor of pertinency or relevancy." *McGranahan*, 119 N.H. at 766 (citations omitted). If statements are made regarding potential criminal charges, but no criminal charges are brought as a result of the statements, "the harm suffered by the person thus accused is minimal" and the potential harm to a

25102004.1

person's reputation is outweighed by the substantial interest of society in encouraging citizens to report suspected criminal activity." *Id.* at 768.

The First Circuit, in interpreting *McGranahan*, held that the privilege provides "very broad protection" and extends "to any civil claim arising from statements made in the course of a judicial proceeding." *Hugel v. Milberg, Weiss, Bershad, Hynes & Lerach, LLP*, 175 F.3d 14, 16-17 (1999). The First Circuit approvingly wrote that "it is clear that the Supreme Court of New Hampshire views the privilege to extend to any civil claim arising from statements made in the course of a judicial proceeding." *Id.* at 17.

The absolute privilege is not limited to statements made in a courtroom or in pleadings. It also extends "to both formal and informal complaints and statements to a prosecuting authority as part of the initial steps in a judicial proceeding, and as such [are] entitled to absolute immunity from an action for defamation." *McGranahan*, 119 N.H. at 770. Similarly, "[t]he same absolute immunity or privilege applies to statements made to the city or county attorney or those investigating a suspected crime." *Id.* citing *Vogel v. Gruaz*, 110 U.S. 311 (1884); *Bergman v. Hupy*, 64 Wis.2d 747 (1974). *See also Doyle v. YMCA of New Hampshire*, 2023 DNH 107 (D.N.H. 2023) (August 23, 2023).

The scope of the privilege includes statements made before suit is brought. "[P]ertinent pre-litigation communications between a witness and a litigant or attorney are absolutely privileged from civil liability if litigation was contemplated in good faith and under serious consideration by the witness, counsel, or possible party to the proceeding at the time of the communication." *Provencher v. Buzzell-Plourde Associates*, 142 N.H. 848, 855, 711 A.2d 251, 256 (1998) (citations omitted).

25102004.1

The absolute privilege also extends to statements made in disciplinary board hearings. *See Reenstierna v. Currier*, 873 F.3d 359 (1st Cir. 2017) (applying absolute litigation privilege in claim against witness testifying at disciplinary board hearing before the New Hampshire Real Estate Appraisal Board and affirming dismissal of claims for violation of New Hampshire's Consumer Protection Act, defamation, and tortious interference with the appraiser's advantageous business relations).

Hilliard's only involvement with Plaintiffs is through his representation of Mr. Donais in matters involving them. Whether Hilliard made other statements to other attorneys regarding Plaintiffs (which is denied), all statements were made during or incidental to legal proceedings arising from that representation, and Counts 13 and 14 are barred. Plaintiffs' Count 15 relates to a settlement negotiation in a case where Hilliard represented Donais. Those actions are absolutely privileged and that claim is barred. Plaintiffs acknowledge as much, noting that they will seek to recover for this claim in the lawsuit in which Hilliard represents Donais. *Id.* at ¶ 1003. Plaintiffs also note that communications made during an attorney discipline proceeding support certain of their claims. *Id.* at ¶ 92. The privilege extends to that matter as well. Plaintiffs' CPA claim is based on then same allegations supporting Counts 13-15, and as such must be dismissed.

The privilege protects Hilliard from the exact type of claims Plaintiff has filed against him. All of Plaintiffs claims against the Hilliard Defendants must be dismissed.

### C. Separately, each Count Alleged by Plaintiffs Fail to State a Claim Upon Which Relief may be Granted.

Plaintiffs' Amended Complaint alleges the following claims against Hilliard: Violations of the New Hampshire Consumer Protection Statute (Count 8); Interference with Contractual Relations (Count 13); Interference with Advantageous Relations (Count 14); Interference with Settlement

9

Contract (Count 15). Plaintiffs' Amended Complaint alleges the following claims against Upton & Hatfield: Individual Misconduct Liability (Count 17); Firm Vicarious Liability under Respondeat Superior (Count 18); Direct Firm Negligence & Partnership Liability (Count 19); Partnership Liability under RSA 358-A (Count 20); and Professional Negligence (Count 21). None of the claims can survive scrutiny; they all fail to state a claim upon which relief can be granted.

1. **Count 8: Consumer Protection Statute**

Plaintiffs allege that Hilliard is liable under the Consumer Protection Statute because of:

> Hilliard' [sic] conduct in interfering with plaintiff's contractual and advantageous relationships was undertaken to undermine the plaintiffs in order to protect his career and professional reputation. This constitutes an 'entrepreneurial' business interference actionable under RSA 358-A. Wong v. Ekberg, 175 N.H. 127 (2022).

*See Amended Complaint*, at ¶ 572.

As an initial matter, the undersigned counsel was unable to find a case cite for "Wong v. Ekberg, 175 N.H. 127 (2022)." The closest cite is 175 N.H. 121, which is a civil lawsuit *Provenza v. New Canaan*. There is a *Wong v. Ekberg* case, which is cited at 148 N.H. 369 (2002). In that matter, the New Hampshire Supreme Court held that, among other things, expert testimony is required to establish the standard of care and breach thereof in a legal malpractice claim.

Plaintiffs appear to allege, without any support, that Hilliard interfered with their contractual and advantageous relationships to undermine the Plaintiffs in order to protect his career and professional reputation. *Amended Complaint* at ¶ 572. The CPA applies to "unfair method[s] of competition or any unfair of deceptive act[s] or practice[s] in the conduct of any trade or commerce within this state." *See* RSA 358-A:2.

To the extent that Plaintiffs allege Hilliard's attempts to protect his career and professional reputation bring the allegations within the definition of the CPA as "trade or commerce," the claim fails.

New Hampshire Courts have recognized that "not all conduct in the course of trade or commerce falls within [the CPA's] protection." *Barrows v. Boles*, 141 N.H. 382, 390 (1996), *citing Roberts v. General Motors Corp.,* 138 N.H. 532, 538.: "The objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." *Id. citing Levings v. Forbes & Wallace, Inc.,* 8 Mass. App. Ct. 498, 396 N.E.2d 149, 153 (1979); *see Tagliente v. Himmer,* 949 F.2d 1, 7 (1st Cir.1991) (applying "rascality" test). Moreover, "an ordinary breach of contract claim does not present an occasion for the remedies under the Consumer Protection Act." *Barrows*, 141 N.H. at 390, *citing Atkinson v. Rosenthal*, 33 Mass. App. Ct. 219 (1992).

Plaintiff has not sufficiently alleged that Hilliard was engaged in "trade or commerce" when the unspecified CPA violations occurred. As noted by the Donais Defendants:

> Plaintiffs do not allege any act that implicates the commercial aspects of the practice of law, so this claim fails as a matter of law. *See Judge David Anderson's 12/9/21 order in Stewart v. Ang, Docket No. 216-2019-CV-00305, attached hereto as Exhibit E.* The sound reasoning of Judge Anderson's order, applying a "business/professional distinction when interpreting CPA claims against professionals," dictates that dismissal of Count 8, as Plaintiffs' allegations do not implicate any business or entrepreneurial interests. *See Ex. E, p. 14.* As in *Stewart,* Plaintiffs do not allege any wrongdoing in connection with any pricing or other commercial activity.

*See* Doc. no. 36 at pp. 18-19. A vague assertion that Hilliard's actions were done to protect his career and professional reputation does not save this claim. It should be dismissed.

### 2. Counts 13 and 14: Interference with Contractual Relations and Interference with Advantageous Relations

To properly state a claim for tortious interference with contractual or advantageous relations, Plaintiffs need to allege "(1) an economic relationship with a third party; (2) the defendant knew of this relationship; (3) the defendant *intentionally* and *improperly* interfered with this relationship;

11

and (4) the plaintiff was damaged by such interference." *Tessier v. Rockefeller*, 162 N.H. 324, 337 (2011) (emphasis in original), citing *Hughes v. N.H. Div. of Aeronautics*, 152 N.H. 30, 40–41 (2005). And more specifically,

> One who intentionally and improperly interferes with the performance of a contract ... between another and a third person by inducing or otherwise *causing the third person not to perform the contract,* is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract. Thus, where contractual obligations were performed, there can be no claim for tortious interference with contractual relations.

*Tessier*, 162 N.H at 337 (emphasis in original). In earlier versions of his Complaints, Bisasor claimed he had "contractual relationships" and "affiliations" with the state police/police department including the chief and the NAACP and that Hilliard aided, abetted, and sanctioned Donais's statements to the police. *See* Original Complaint at ¶ 775. Now, that claim has shifted to Hilliard's alleged interference with legal representation by the Primmer Law Firm and Attorney Jane Doe. *See* Amended Complaint at ¶¶ 686-690 and ¶¶ 702-705. Aside from being barred by the litigation privilege and the statute of limitations, these claims must be dismissed under Rule 12(b)(6).

"In the context of an intentional interference with prospective contractual relations claim, the court has limited actionable claims to those situations in which the plaintiff 'seeks relief for the defendants' interference with already existing relationships that give rise to a reasonable expectation of economic advantage.'" *Preyer v. Dartmouth College*, 968 F.Supp. 20, 26 (D.N.H. 1997), *citing Heritage Home Health, Inc. v. Capital Region Health Care Corp.,* 1996 WL 655793 (D.N.H. Oct.1, 1996).

Plaintiffs appear to allege that attorneys ceased to represent them because of Hilliard's actions. Plaintiffs cannot cite to any actual damages stemming from these "contracts" ending, as it appears Plaintiffs are taking issue with other attorneys not representing them anymore and not

and (4) the plaintiff was damaged by such interference." *Tessier v. Rockefeller*, 162 N.H. 324, 337 (2011) (emphasis in original), citing *Hughes v. N.H. Div. of Aeronautics*, 152 N.H. 30, 40–41 (2005). And more specifically,

> One who intentionally and improperly interferes with the performance of a contract ... between another and a third person by inducing or otherwise *causing the third person not to perform the contract,* is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract. Thus, where contractual obligations were performed, there can be no claim for tortious interference with contractual relations.

*Tessier*, 162 N.H at 337 (emphasis in original). In earlier versions of his Complaints, Bisasor claimed he had "contractual relationships" and "affiliations" with the state police/police department including the chief and the NAACP and that Hilliard aided, abetted, and sanctioned Donais's statements to the police. *See* Original Complaint at ¶ 775. Now, that claim has shifted to Hilliard's alleged interference with legal representation by the Primmer Law Firm and Attorney Jane Doe. *See* Amended Complaint at ¶¶ 686-690 and ¶¶ 702-705. Aside from being barred by the litigation privilege and the statute of limitations, these claims must be dismissed under Rule 12(b)(6).

"In the context of an intentional interference with prospective contractual relations claim, the court has limited actionable claims to those situations in which the plaintiff 'seeks relief for the defendants' interference with already existing relationships that give rise to a reasonable expectation of economic advantage.'" *Preyer v. Dartmouth College*, 968 F.Supp. 20, 26 (D.N.H. 1997), *citing Heritage Home Health, Inc. v. Capital Region Health Care Corp.,* 1996 WL 655793 (D.N.H. Oct.1, 1996).

Plaintiffs appear to allege that attorneys ceased to represent them because of Hilliard's actions. Plaintiffs cannot cite to any actual damages stemming from these "contracts" ending, as it appears Plaintiffs are taking issue with other attorneys not representing them anymore and not

any actual loss suffered by them. Aside from being barred by the applicable statute of limitations and the litigation privilege, these claims must be dismissed for failure to state a claim.

### 3. Count 15: Interference with Settlement Contract

Plaintiffs allege that Donais and Hilliard interfered with a settlement contract in a lawsuit in which Hilliard represented Donais. *See Amended Complaint* at ¶¶ 756-773. As noted above, these allegations relation to Hilliard's representation of Donais in a litigated matter, and as such are protected by the litigation privilege. Also, as detailed above, these events occurred from April 2021 to January 2022, and are barred by the statute of limitations. As with Counts 13 and 14, there is no support for this claim and it should be dismissed.

### 4. Counts 17-20: Individual Misconduct Liability, Firm Vicarious Liability under Respondeat Superior, Direct Firm Negligence & Partnership Liability, and Partnership Liability under RSA 358-A.

Counts 17-20 make claims against Upton & Hatfield to the extent that Hilliard's actions were taken in his capacity as an employee of Upton & Hatfield. None of these counts allege any causes of action. Rather, they argue potential alternative theories of liability, and not independent causes of action. *See Marquay v. Eno*, 138 N.H. 708, 718-719 (1995). To the extent these claims seek vicarious liability for Hilliard's actions, because Hilliard is not liable for the reasons stated above, there is no vicarious liability for Upton & Hatfield.

## V. CONCLUSION

As detailed above, the Court has several avenues to dismiss this matter: (1) because the statute of limitations bars all claims, (2) due to the absolute privilege afforded Hilliard as counsel for Craig Donais, or (3) because Plaintiffs have failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The Hilliard Defendants adopt the argument set forth by the Donais Defendants regarding the violations of Fed. R. Civ. P. 8 and request that dismissal of this matter be with prejudice.

Respectfully submitted,
The Defendants,
RUSSELL F. HILLIARD and
UPTON & HATFIELD, LLP,
By their attorneys,

Dated: December 1, 2025

*/s/ Daniel R. Sonneborn*
Daniel R. Sonneborn, NH Bar #20947
dsonneborn@preti.com
Preti Flaherty Beliveau & Pachios, PLLP
P.O. Box 1318
57 North Main Street
Concord, NH 03302-1318
T: (603) 410-1500

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of this document to be served via electronic filing on all counsel of record and Andre Bisasor on December 1, 2025 and will be served on Plaintiff, Natalie Anderson by first-class mail and electronic mail as follows:

Natalie Anderson, Pro Se
101 Middlesex Turnpike, #270
Burlington, MA 01801

and

679 Washington St, Ste # 8-206
Attleboro, MA 02703
liberty_6@msn.com

*/s/ Daniel R. Sonneborn*
Daniel R. Sonneborn