UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251 |BISASOR v. DONAIS, et. al.

## PLAINTIFF'S EMERGENCY MOTION TO SYNCHRONIZE DEADLINES FOR RESPONSES TO MOTIONS TO DISMISS

1. Plaintiff Andre Bisasor ("Plaintiff") respectfully moves this Court, on emergency/expedited basis, to align the deadline for Plaintiff's response to the Donais Defendants' Motion to Dismiss with the deadline for the response to Hilliard Defendants' Motion to Dismiss. In support, Plaintiff states:

2. Currently, there are two separate motions to dismiss pending; one by the Donais Defendants filed on 10-21-25, the response deadline for which is due on 12-17-25, and one by the Hilliard Defendants filed on 12-1-25, the response deadline for which is 1-14-26.

3. After the Hilliard Defendants assented to a 30-day extension for Plaintiff to file an opposition to their Motion to Dismiss, the court granted extension of the deadline to 1-14-26.

4. The deadlines for responding to these motions are thus currently disjointed.

5. It serves judicial economy and efficient case management to synchronize the briefing schedules for these dispositive motions. Aligning the deadlines allows the Court to receive and consider the Plaintiff's oppositions, which will likely address overlapping legal and factual issues simultaneously, rather than in a fragmented manner.

6. The Court has previously recognized the logic of staying dismissal briefing pending resolution of remand issues. (See 8-26-25 order). The Court recently granted Plaintiff an extension until 12-24-25 to file response pertaining reconsideration of the remand order. Because the issue of subject matter jurisdiction (remand) remains active via the upcoming reconsideration motion, it is premature and inefficient to force disjointed briefing on dismissal motions before jurisdiction is final.

7. Further, Defendants will suffer no prejudice from this alignment of deadlines Defendants cannot identify any cognizable harm from consolidating the response briefing to the defendants' motions.

1

8. The case is still in its infancy stage[1]. No trial date has been set, and discovery has not begun. This alignment of response deadlines will cause no delay in the ultimate resolution of the case, particularly if reconsideration results in remand to the state forum. In contrast, Plaintiffs face significant prejudice without relief. They must expend limited resources preparing responses to a dispositive motion, that may become moot, before responding to final briefing of the pending complex jurisdictional issues.

9. Similarly, counsel for the Hilliard defendants benefitted from the underlying assumption that they did not have to provide their motion to dismiss until after remand fully decided, and received extra time, and they a huge New England law firm.

10. Further, Donais' motion package, with attachments, contains approx. 182 pages that plaintiff has to address, including approx. 100 pages separate from the complaint. By any measure, any attorney seeking relief of time under these circumstances would be given it. In fact, Donais' counsel sought extension herself because the amended complaint had 82 pages[2]. How much more is it applicable to pro se plaintiffs.

11. It should be noted that plaintiff Anderson has not yet been allowed e-filing access. She has filed a motion for e-filing access by mail, and also via confidential option via the clerk's office. There has been no ruling on her motion, nor has she been granted e-filing access. She thus has not been able to file anything in this case and will not be able to by the time of the current deadlines. Time is needed to resolve Plaintiff Anderson's access issues.

---

[1] This Court has already recognized the appropriateness of staying certain case proceedings until a later time. On 7-29-25, this Court entered an order stating: "Given the issues raised in the motion, the court finds good cause to extend the deadline for issuing the scheduling order pursuant to Fed. R. Civ. P. 16(b) to after the rescheduled pretrial conference." This order demonstrates that the Court has already determined that "good cause" exists to postpone certain case management activities. The Court's July 29 order reflects the practical reality that proceeding with case management activities while fundamental jurisdictional and substantive challenges remain unresolved creates inefficiency and potential waste of judicial resources.

[2] See 8-11-25 motion to extend time by Donais stating: "Counsel requests until September 3, 2025 to review the 82-page amended complaint with their clients and prepare a Response to the Plaintiff's Amended Complaint."

12. It should be noted that Plaintiff requested assent from the Donais Defendants' counsel (Linda Smith) via email on 12-12-25, and she withheld assent. Ms. Smith indicated no good reason for withholding assent, and when I asked her to reconsider, even in light of the e-filing access issue of Anderson, she essentially indicated, my paraphrasing, that she simply will never agree to any extension ever because I have requested extensions in the past, which is a bad faith position that violate the rules of fairness to opposing counsel. I could go into more detail about this, but I will let this go here at this point, unless the court is interested in this further (which I doubt), or unless Ms. Smith wants to take this up further, at which point I can then include email attachments. I am trying to keep this simple. Note: Anderson has separately requested assent to an extension to respond to the motion to dismiss but has not received a response from Donais' counsel as of the time of filing of this motion.

13. The bottom line is that the Donais defendants' insistence on disjointed briefing serves no legitimate purpose and appears calculated to burden Plaintiffs.

14. Donais' motion will likely be decided at the same time at Hilliard's, since these are dispositive motions, will likely be set for hearing to be heard at the same time as well. There is likely no procedural benefit to separating the hearing or decision of the motions, as the motions will likely be heard and decided together after remand is decided.

15. The Court should reject this approach to ensure that jurisdictional questions are resolved before scarce judicial and party resources are devoted to potentially moot merits arguments, thus serving the interests of judicial economy, preserve resources, uphold the law of the case, and prevent prejudice to the plaintiffs. Further, given that the counsel for co-defendants (Hilliard) assented to a 30-day extension, the court extending the Donais response deadline to match is eminently reasonable and prejudices no party. Therefore, Plaintiff requests that the deadline to respond to the Donais Defendants' Motion to Dismiss be extended to match the deadline for the Hilliard Defendants' Motion to Dismiss (i.e., 1-14-26).

16. Further, the court has extended the deadline to file a reply to objection to remand until 12-24-25 based on grounds raised confidentially. Those same confidential apply here as well. If necessary, plaintiff will supplement this filing with further information confidentially. The bottom line is that given the need for extension of the deadline to reply to objection to remand, the similar need exists with respect to objecting to Donais' motion. It simply makes sense to consolidate the deadlines to be the same 1-14-26. It does not hurt anyone. It does not fundamentally change the posture of the case. Moreover, Anderson cannot litigate without obtaining access to the court's ECF system.

17. For all these reasons, Plaintiff respectfully requests that the Court grant this motion and align the response deadlines as requested; and grant such other relief as is just and proper. Plaintiff asks the court to rule on this motion as soon as possible in advance of tomorrow's deadline.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

December 16, 2025

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor