UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE CIVIL
ACTION NO: 1:25-cv-00251 |ANDRE BISASOR v. CRAIG DONAIS, et. al.

## CORRECTED[1] - PLAINTIFF BISASOR'S EMERGENCY MOTION FOR ONE-TIME ACCOMMODATION

1. Plaintiff Bisasor moves this Court, on emergency basis, for a one-time accommodation as follows. The court indicated in its 12-23-25 order on Bisasor's motion to clarify the 12-16-25 order, that Anderson's motion for e-filing access was denied on 11-17-25 and/or 12-2-25.

2. Anderson received no notification of this denial or denials previously[2]. Without any notice, she labored under the assumption that the court could grant the request for e-filing access by email/confidential option, as the court did for Bisasor in or around July 10, 2025.

3. Further, the court's 12-16-25 order, about a week ago, was the first time the plaintiff[3] was notified that Anderson's mail had not been received by the court.

4. Anderson also sought to follow-up with the clerk's office by email about the status of her requests, on Monday of this week on 12-22-25 (3 business days after the court's 12-16-25 order was issued electronically), and she only received a response from the clerk yesterday afternoon, after continuing to press on 12-23-25, for a response from the clerk, in follow-up to prior emails (to which there had no response prior including the ones in early November 2025). Then the court issued its order thereafter in the evening yesterday at 5pm, stating that her requests had been denied, as mentioned above.

5. Plaintiff is not clear why Anderson did not receive any notice prior. Please note that her address is **101 Middlesex Turnpike, #270, Burlington MA 01803**. This is the only address that Anderson has provided to the court, through her signature in the signature line in the amended

---

[1] This is corrected for scrivener errors discovered after filing the first version. Please use this version instead.

[2] In light of Bisasor's motions from November 2025 through December 16, 2025, raising concerns or citing issues with Anderson's access on more than one occasion, it should have been evident to the court that neither Bisasor nor Anderson had received any notice about the denials of Anderson's requests. If they had, these motions or the related statements therein would have been nonsensical.

[3] It should be noted that if there were electronic notices for the 11-17-25 and 12-2-25 denials of Anderson's requests, neither Bisasor nor Anderson received any such e-notices from the court.

complaint[4], and through her signature line in subsequent filings. At no time did either Bisasor or Anderson tell the court that Anderson's address was any other address other **than 101 Middlesex Turnpike, #270, Burlington MA 01803.** This was also made clear in the motions filed by Bisasor at the end of October 2025 and/or early November 2025. It has further been made clear via a notice of correct address since filed by Bisasor on 12-12-25.

6. NB: By the way, the electronic notice of the 12-16-25 order sent to Bisasor, states that the 12-16-25 notice was mailed to **Natalie Anderson, 679 Washington St, Ste # 8-206, Attleboro, MA 02703.** Why is the court/clerk mailing Anderson at an incorrect address that she has never provided to the court, and especially after Bisasor filed a notice of correct address for **the plaintiffs**,[5] on 12-12-25, to be *the 101 Middlesex Turnpike, #270, Burlington MA 01803*?

7. The only way for the court to be sending notices by mail to *Natalie Anderson, 679 Washington St, Ste # 8-206, Attleboro, MA 02703* is if the court assumed that Bisasor's address that initially appeared on the state court complaint's signature line, prior to removal, continued to be Bisasor's address in federal court after removal (which Bisasor did not tell the federal court himself that this was his address), AND then when the amended complaint was filed on 7-29-25, adding Anderson as a plaintiff, then the court must have further assumed that the **679 Washington St, Ste # 8-206, Attleboro, MA 02703** address that the court ascribed previously for Bisasor, was somehow automatically the same for Anderson. This is court error. The court had no basis to ascribe the address of one plaintiff to another plaintiff, especially when

---

[4] By the way, if the amended complaint could be e-filed by Bisasor with joint signatures with Anderson, then Bisasor is puzzled as to why his joint motion for e-filing access for Anderson could not be e-filed with both signatures as well. As long as Bisasor's name is on it, then a duly approved e-filing signatory is on it. To deny the whole thing in order to deny Anderson e-filing access when the court knows that, as a pro se plaintiff, we both need e-filing access, and without it, we would incur unnecessary difficulty and hardship, seems unnecessarily rigid (the rules allows for judges to make adjustments to the rules when justice so requires). In Bisasor's insignificant opinion, this seems like an inflexible elevation of form over substance, that has worked an injustice to Anderson. Yet, Bisasor understands that his insignificant opinions will likely not be countenanced.

[5] This means the corrected address is for both plaintiffs. Further, given the corrected address for Bisasor, no mail should be going to Attleboro thereafter, especially if the reason it went there in the first place, was to follow Bisasor's address signed on the original complaint. It cannot be had both ways. It cannot be that Bisasor was used to define Anderson's address in the first place, but now, with the correction, this is not followed. Either way, the corrected address explicitly states it's for both plaintiffs.

Anderson explicitly listed her address as **101 Middlesex Turnpike, #270, Burlington MA 01803** in her signature line of the amended complaint. Obviously, the court would not do this for the defendants. So why was it done for the plaintiffs?

8. Moreover, neither Bisasor nor Anderson have access to Pacer and cannot see what the online court information is for the plaintiffs' address. But that should not matter because parties are not required to have access to Pacer to participate in the case, because the court is supposed to notify the parties of any action or change made in the case. Either way, the court seems to have wrongly attributed the Attleboro address to Anderson, when Anderson provided another address, which address she provided evidently was overlooked or ignored by the court. Anderson cannot be blamed for this court error.

9. Given that today is the deadline for filings regarding the outstanding remand issue, and the court did not provide any additional time to the deadline due today, as Bisasor reasonably requested in his 12-23-25 motion, and which was denied in the 12-23-25 order, Anderson is left without recourse. If she mails her motion for e-filing access today, it won't reach the court until some days later. Also, by the time the court receives it from the mail, processes it and then ostensibly grants it, and after the court then provides the backend technical setup to implement it, it will likely be at least another week. This means that Anderson will not be able to e-file anytime soon even if she mails it today.

10. Anderson has not been receiving any notices from the court, whether electronically or by mail. Due process requires proper notice. Apparently, her requests for accommodation have also been denied, of which notice was only received by Bisasor yesterday.

11. Given all of this, Bisasor asks permission for Bisasor to e-file on Anderson's behalf her motion for e-filing access and her remand filing due today, as a one-time accommodation under the

3

circumstances. This is, at a minimum, a fair, equitable and reasonable accommodation given the issues with notice mentioned above.

12. NB: It should be noted (and Bisasor says this at some personal risk of unintentional offense) that Bisasor is concerned that the court might be inclined to blame Anderson for not receiving notice. Bisasor hopes this will not be the case and that the court will acknowledge its role in the above-mentioned notice problems and the attendant issues (accountability should be taken when it is true requirement). Anderson has had no control over the processes of the court and how her situation has been handled. She has tried everything to get access. She has tried everything to get resolution. What else was she supposed to do? First, she co-signed a joint motion for her e-filing access, that was e-filed by Bisasor on 10-28-25. She did not know this would be rejected. But the court denied it and surprisingly warned Bisasor not to e-file anything with Anderson's signature on it (including apparently if it's a joint-motion by the plaintiffs). After that, Anderson confidentially emailed her e-filing access request to the clerk on 11-6-25 via applicable court procedures. Thereafter, she mailed her e-filing request to the clerk via postal mail. But apparently it did not reach the clerk (i.e., the court claims the clerk has not received it). Bisasor raised these issues in his recent motion on 12-16-25 and then the court stated that the mail was not received but was silent on Anderson's confidential submission by email. Anderson then contacts the First Circuit on 12-22-25 to raise concerns about the lack of communication and notification, in order to get resolution to her access issues and accommodation issues. Apparently, the First Circuit forwarded this to the Chief Judge on Monday 12-22-25, who also is the judge on this case (evidently Judge Elliott recently became chief judge; plaintiffs did not realize this because a prior complaint by Bisasor about problems with the administration of the case, was responded to by another Chief Judge). Then comes the court's order at 5pm yesterday, wherein Bisasor was told for the first time that Anderson's requests have been denied on prior dates. Further, the court

4

denied Bisasor's reasonable request to allow Anderson time to meet today's deadline for the outstanding remand-related filings. The court also denied Bisasor's request for him to be able to coordinate filings with Anderson (i.e., to allow 7 days for these issues to be resolved and given that Bisasor has had to spend precious time dealing with these issues of Anderson's access, etc.).

13. Therefore, Bisasor and Anderson are required to submit their filings today. But Anderson cannot do so and thus cannot meet the deadline today because even if she placed her filing in the mail today, it won't reach the court until days later. She cannot e-file. She does not live in NH, and the courthouse is located at a far distance, for her to travel from MA, and there are other difficulties associated with coming to the courthouse (as she explained confidentially). These things have placed an unreasonable burden on Anderson as a pro se plaintiff.

14. Now, Bisasor understands that federal courts can be a cold inhospitable place for the average pro se plaintiff, as the esteemed retired federal judge Richard Posner has documented[6]. But given the notice and due process issues mentioned above, Bisasor believes some kind of reasonable equitable relief is proper.

15. Bisasor therefore asks the court to either reconsider its order denying any additional time to meet today's deadline, or allow a one-time accommodation to the plaintiffs to allow Bisasor to e-file Anderson's documents today.

16. In the alternative, Bisasor requests that the court treats Anderson's filing due today as timely, as long it is postmarked and placed in the mail by today's date regardless of when the mailing is received and processed by the court.

---

[6] See article on Justice Richard Posner's explication of this issue:
https://abovethelaw.com/2018/03/judge-posner-files-first-brief-since-leaving-the-bench-lights-into-federal-judiciary/
See also article on the reasons for Justice Richard Posner's retirement: https://abovethelaw.com/2017/09/the-backstory-behind-judge-richard-posners-retirement/
See also: https://abovethelaw.com/2019/09/judge-posner-highlighted-the-pro-se-litigant-crisis-the-end-of-his-project-underscores-it/

17. As this motion is being filed in the morning, Bisasor asks the court to rule on this motion as soon as possible before expiration of today's deadline.

18. Note: Bisasor has other things to say/address about these and related issues, but he will reserve those for later in a subsequent filing, as the issues and relief sought herein are the most urgent and pressing.

19. Bisasor asks for liberal construction of his writings and that nothing be construed against him or Anderson, and that this pleading be interpreted in a light most unfavorable to him or to Anderson. Bisasor would like to make clear that he respects the judge and does not intend to offend the judge. Bisasor asks the court not to be harsh or lash out at him or castigate him or threaten him with adverse action[7] because he has raised uncomfortable issues or has pointed to certain problems. Bisasor is simply trying his best to communicate with the court howbeit however inartfully or imprecisely, and to address these administrative and due process issues, and obtain fair resolution. This is also another reason why the court should have allowed a case management conference that Bisasor requested recently, as there are several issues that could have been cleared up and several problems could have been avoided with a simple hearing. Bisasor will soon file a renewed motion for case management hearing.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

Date: 12-24-25

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor

---

[7] Bisasor further would like to be treated with respect, dignity, courteousness and fairness, and granted the benefit of the doubt where possible, in the same way a Mitt Romney or a CEO or a governor or a police chief or Big Law Firm president would be treated or granted. Bisasor is an upstanding African American citizen who contributes productively to his community and society. Although Bisasor is not a lawyer, he asks that he not be looked down on or treated with implicit or explicit suspicion or treated as an outsider (especially given that he lives in MA). He also asks that the defendants' words, or that of their counsel, not be given automatic deference or more weight or credibility over his words, simply because they are lawyers and he is not. Bisasor believes these things are not unreasonable to ask because everyone is supposed to be treated equally under the law and the judicial conduct code requires these things from judges including when dealing with pro se parties (and especially so), and further when dealing with parties that have ADA issues. Bisasor trusts he is making sense and that these words will be taken in the spirit intended.