UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251 | ANDRE BISASOR v. CRAIG DONAIS, et. al.

**BISASOR'S REPLY TO DONAIS' OBJECTION TO MOTION TO RECONSIDER REMAND**

1. Bisasor submits this Reply to Donais Defendants' Objection to Motion for Reconsideration of Remand.

### I. The Defendants' Jurisdictional Theory Conflates Distinct Legal Concepts

2. Defendants assert that "*the issue here is not the basis of removal but whether the Court has subject matter jurisdiction*" and that "*the Court does, and Plaintiffs' motion was properly denied.*" This argument conflates three distinct legal concepts and thereby obscures the controlling legal principles. First, diversity of citizenship between parties is not the same as diversity jurisdiction. Even if complete diversity exists based on citizenship allegations in the amended complaint, the statutory prerequisites for diversity jurisdiction must still be independently satisfied. Second, diversity jurisdiction is not the same as a valid diversity basis for removal. Even if diversity jurisdiction could theoretically exist after amendment of the complaint, the procedural requirements for establishing removal on that basis must be met within the strict time constraints imposed by 28 U.S.C. §1446(b). Third, there is a critical distinction between potential diversity jurisdiction and actualized diversity jurisdiction. The mere fact that parties may be citizens of different states does not automatically trigger diversity jurisdiction; rather, specific jurisdictional prerequisites must be properly pleaded and perfected within statutory deadlines. The removal statute establishes a narrow window during which defendants may invoke federal jurisdiction. That window closed 30 days after removal. Defendants removed this case solely on federal question jurisdiction on 7-2-25. Plaintiff filed an amended complaint eliminating all federal claims on 7-29-25. At that point, defendants had until approx. 8-1-25 or alternatively at latest 8-28-25 to file an amended notice of removal asserting diversity jurisdiction as an alternative basis. They didn't do so. They filed no motion seeking to amend their notice of removal. They filed no motion seeking an extension of time. They made no attempt whatsoever to comply with statutory requirements for perfecting diversity jurisdiction as a removal basis. Instead, they simply pointed to citizenship allegations in plaintiff's amended complaint and asked this Court to excuse their procedural defaults. That's not how federal removal jurisdiction works.

3. The Supreme Court made clear in Stevens v. Nichols, 130 U.S. 230, 231 (1889), that a notice of removal cannot be amended after the 30-day statutory period to add an entirely new jurisdictional ground. The Court held that "*the petition to remove is analogous to a pleading,*" and consequently the standard rules governing amendments to

1

pleadings apply. See White v. Wellington, 627 F.2d 582, 587 (2d Cir. 1980). Where defendants fail to plead a jurisdictional basis in their notice of removal, and where the 30-day period has expired, they cannot cure that fundamental defect through a belated assertion of jurisdiction months later. See Geismann v. Aestheticare, LLC, 2008 U.S. Dist. LEXIS 106545, at *7-8 (D. Kan. Apr. 9, 2008) (holding 28 U.S.C. § 1653, which permits amendment of defective allegations of jurisdiction, "does not allow for the addition of a new ground for removal" after the 30-day period has expired).

4. Defendants' failure to timely assert diversity jurisdiction is fatal to their attempt to remain in federal court. The removal statute does not permit defendants to hedge their bets by removing solely on federal question jurisdiction, waiting to see if plaintiffs eliminate the federal claims, and then retroactively invoking diversity jurisdiction months after the statutory deadline. Such gamesmanship would eviscerate the strict procedural requirements Congress enacted to cabin federal court jurisdiction and protect plaintiffs' right to their chosen forum. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941) (holding that removal statutes must be strictly construed and that "the policy of the successive Acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such jurisdiction").

## II. Royal Canin Mandates Remand When Federal Claims Are Eliminated

5. Defendants mischaracterize Royal Canin by suggesting it "only" dictates that "*the federal court loses its supplemental jurisdiction over the state-law claims*." That is an incomplete/misleading description of the Supreme Court's holding in Royal Canin, which established a clear rule; namely, that when a plaintiff amends her complaint after removal to eliminate all federal claims, thereby eliminating the federal "anchor" for jurisdiction, the federal court loses jurisdiction entirely and must remand the case to state court. Royal Canin, 604 U.S. at 28-30. The Court explicitly rejected the argument that removal creates a special exception to this rule, holding that "*Nothing in § 1367's text...distinguishes between cases removed to federal court and cases originally filed there*." Id. at 32. The Supreme Court further emphasized that "*jurisdiction follows the operative pleading*," id. at 38, and that this principle "*ensures that the case, as it will actually be litigated, merits a federal forum*." Id. at 39. Here, the operative pleading is the amended complaint filed 7-29-25. Because defendants failed to properly invoke an alternative basis for federal jurisdiction within the statutory deadline, this Court lacks subject matter jurisdiction and must remand.

6. Defendants quote Royal Canin for the proposition that "*the appropriateness of federal jurisdiction…depends on the substance of the suit*." But they stop there, conveniently omitting the critical limiting principle that immediately follows in the Supreme Court's analysis. The full import of Royal Canin is that federal jurisdiction depends not only on the substance of the suit but also on whether that substance has been properly invoked through compliance with jurisdictional statutes and removal procedures. A federal court cannot retain jurisdiction simply because diversity might theoretically exist; rather, defendants must take affirmative procedural steps to perfect that jurisdictional basis within the time limits Congress has imposed.

### III. Defendants Cannot Retroactively Perfect Diversity Jurisdiction

7. Defendants point to citizenship allegations in plaintiff's amended complaint and argue these allegations "*establish diversity jurisdiction*." But citizenship allegations standing alone don't establish diversity jurisdiction for purposes of removal. Federal courts have repeatedly held defendants seeking to remove on diversity grounds must satisfy multiple statutory prerequisites, and these prerequisites must be properly pleaded in a timely filed notice of removal. Specifically, defendants must plead: (1) that complete diversity existed at the time the complaint was filed in state court; (2) that complete diversity existed at the time the case was removed to federal court; (3) that the amount in controversy exceeds $75,000; and (4) that they are invoking 28 U.S.C. § 1332 as the basis for removal. See 28 U.S.C. §§ 1332(a), 1441(a), 1446(a). These allegations must be made within 30 days of the point at which diversity jurisdiction becomes ascertainable. See 28 U.S.C. § 1446(b)(3) (providing that where "the case stated by the initial pleading is not removable," a notice of removal based on subsequently discovered grounds "may be filed within 30 days after receipt by the defendant…of a copy of an amended pleading…from which it may first be ascertained that the case is one which is or has become removable"). Defendants' notice of removal, filed 7-2-25, contained none of these allegations regarding diversity jurisdiction. That notice invoked only federal question jurisdiction under 28 U.S.C.§1331 based on plaintiff's now-eliminated §1981 claim. When plaintiff filed the amended complaint on 7-29-25 eliminating the federal claim, defendants had 30 days from that date to file an amended notice of removal asserting diversity jurisdiction. They did not do so. They filed nothing. They now ask this Court to excuse their default and to treat plaintiff's citizenship allegations as a substitute for their own obligation to properly plead diversity jurisdiction within the statutory deadline. This Court should decline that invitation.

8. The statute governing amendment of jurisdictional allegations, 28 U.S.C. § 1653, provides that *"[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.*" But § 1653 "*addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves.*" Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830-31 (1989). More importantly, § 1653 does not permit defendants to add an entirely new ground for removal after the statutory deadline has expired. See Geismann, 2008 U.S. Dist. LEXIS 106545, at *7-8; see also CBS, Inc. v. Snyder, 762 F. Supp. 71, 73 (S.D.N.Y. 1991) (holding that "fundamental defects in the allegations [in a notice of removal] may not be untimely amended").

9. The Fifth Circuit explained this principle clearly in Whitmire v. Victus Ltd., 212 F.3d 885, 889-90 (5th Cir. 2000). The court held that § 1653 permits only amendments that "*add neither new causes of action, new parties, nor new substantive facts to the case, but merely state and support an alternative pre-existing jurisdictional base.*" Critically, however, the court limited this principle to technical defects discovered promptly and cured without delay. Here, by contrast, defendants seek to assert an entirely different jurisdictional basis months after the deadline, not to correct a technical error but to salvage removal after the basis they originally invoked disappeared. This is precisely the sort of belated jurisdictional maneuvering that the strict construction principle and the 30-day deadline are designed to prevent. Further, even if this Court were inclined to construe §1653 liberally, defendants failed to demonstrate that diversity jurisdiction actually existed at the relevant times. The amended complaint alleges that plaintiffs are MA citizens and that defendants are NH citizens "at the present time" (i.e., as of 7-29-25). But the amended complaint makes no allegation about defendants' citizenship on 6-3-25 (the date the original complaint was filed in state court) or on 7-2-25 (removal date). For all this Court knows from the pleadings, one or more defendants may have been MA citizens on those critical dates and only subsequently changed their domicile to NH. If that were the case, diversity would not have existed at the time of removal, and any subsequent change in citizenship would not cure the jurisdictional defect. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996) (holding that diversity jurisdiction must exist at the time of removal).

10. Defendants have the burden of establishing jurisdiction. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). They have failed to carry that burden. They haven't pled diversity jurisdiction. They haven't alleged citizenship as of the relevant dates. They haven't moved to amend their notice of removal.

4

They have simply pointed to allegations in plaintiff's amended complaint and asked this Court to do their work for them. That's insufficient as a matter of law.

### IV. The Forum Defendant Rule Creates Bar to Removal

11. The forum defendant rule creates an absolute statutory bar to removal on diversity grounds where forum defendants are properly joined and served. The Court's failure to properly apply this mandatory statutory bar constitutes manifest error. Defendants may attempt to argue that the forum defendant rule does not apply because they removed on federal question grounds rather than diversity grounds. That argument fails. First, defendants' original removal on federal question grounds is now moot because the federal claim has been eliminated. If defendants wish to remain in federal court, they must identify a current basis for jurisdiction, and the only theoretical basis remaining is diversity. Hence, the forum defendant rule applies to bar any such assertion. Second, the forum defendant rule is not merely a limitation on the initial removal; it is a statutory prerequisite to the exercise of diversity jurisdiction in removed cases. Even if a case was initially removed on federal question grounds, once that federal anchor disappears, any attempt to maintain federal jurisdiction on diversity grounds must comply with § 1441(b)(2). Defendants can't satisfy that requirement.

### V. The Court's 10-9-25 Order Contains Manifest Errors of Law

12. Donais Defendants assert plaintiff has identified "*no manifest error of fact or law*" warranting reconsideration. That assertion is demonstrably false. The Court's 10-9-25 order contains at least 2 manifest errors of law.

13. First, the Court held that it retains jurisdiction under the operative complaint because "*the substance of the amended complaint establishes diversity jurisdiction*." But the substance of the amended complaint does not and cannot establish diversity jurisdiction for removal purposes. Diversity jurisdiction for removal requires compliance with specific statutory procedures, including timely filing of a notice of removal containing proper allegations about citizenship as of relevant dates and an invocation of 28 U.S.C. § 1332 as jurisdictional basis. Defendants have failed to comply with these requirements. The Court's conclusion that jurisdiction exists based solely on citizenship allegations in plaintiff's complaint constitutes manifest error.

14. Second, the Court failed to properly apply the Supreme Court's holding in Royal Canin. The Court's order does not cite or discuss Royal Canin despite the fact plaintiff's motion to remand was based primarily on that decision and despite the fact that the Supreme Court issued Royal Canin specifically to resolve a circuit split

on the precise question presented here. The Court instead relied on pre-Royal Canin authority that is no longer good law. Royal Canin unambiguously holds that when a plaintiff amends a complaint after removal to eliminate all federal claims, the federal court loses jurisdiction and must remand. The Court's failure to apply this controlling precedent constitutes manifest error.

### VI. Any Doubts Must Be Resolved in Favor of Remand

15. Federal courts have long adhered to the principle that removal statutes must be strictly construed and that any doubts regarding removability must be resolved in favor of remand. See Shamrock Oil, 313 U.S. at 108-09; see also Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999) (holding that "removal statutes are construed restrictively, resolving any doubts against removability"). This principle reflects the constitutional structure of our federal system, reserving to states broad authority over matters of state law and permitting federal courts to exercise jurisdiction only within narrow bounds prescribed by Congress/Constitution. Here, substantial doubts exist regarding this Court's jurisdiction. Defendants failed to properly invoke diversity jurisdiction within the statutory deadline. Defendants failed to allege citizenship as of the relevant dates. Defendants failed to comply with Royal Canin. Under these circumstances, the strict construction principle requires remand. The Court should not strain to find jurisdiction where defendants have failed to properly establish it through compliance with statutory requirements. Removal jurisdiction is the exception, not the rule, and defendants bear the burden of demonstrating that removal is proper. They have failed to carry that burden. Consequently, remand is required.

### VII. Specific Responses

16. Contrary to defendants' assertion, the Royal Canin cases does not "only" dictate that "*the federal court loses its supplemental jurisdiction over the state-law claims*." It also dictates that the removal of the federal claim in an amended complaint, where the sole basis for removal pled by the defendants was federal question, requites automatic remand without further inquiry. Defendants thus ascribe to the US Supreme Court something the Court did not say in its Royal Canin opinion.

17. Contrary to defendants' assertion or insinuation, diversity jurisdiction is not met simply because the amended complaint cites differing citizenship of the parties. Without more, this is insufficient to trigger the full and proper requirements for diversity jurisdiction for a removed case. The amended complaint made no mention

of the citizenship of the parties at the time the complaint was filed in the state court. The amended complaint made no mention of the citizenship of the parties at the time the complaint was removed from state court by defendants. This is a critical point. If any of the defendants had MA citizenship at the time of the filing of the original complaint in state court, there could be no diversity. Similarly, if any of the defendants had MA citizenship at the time of the filing of the removal of the case from state court, there could be no diversity. Yet, at the time of the amendment of the complaint, if any of the defendants changed their citizenship to NH, from MA, prior to the amendment of the complaint, then would that establish diversity? Plaintiff does not believe it does because then a clever defendant could manipulate their address, in order to create diversity, after the complaint was filed in state court, and/or after the case was removed to federal court, in anticipation of a remand motion and to preemptively defeat remand.

18. This scenario shows why the inquiry regarding citizenship of the parties at the time of filing of the complaint in state court and at the time of removal are critically important. The court has made no such inquiry in this case. The amended complaint does not address these questions, so the court has no basis to assume that defendants' citizenship was only in NH and did not change from the time of the filing of the original complaint or as of the time of federal court removal. The amended complaint thus does not establish diversity according to statutory requirements. Typically, it is the defendants who would plead in their removal notice, the citizenship of the parties at the time of the filing of the original complaint and at the time of the removal to federal court. This is why the removal notice is crucial in assessing whether the court has diversity jurisdiction over the case. In this case, defendants were silent as to the citizenship of the parties in their removal pleadings. Further, defendants were silent as to the citizenship of the parties at the time of the filing of the original complaint and at the time of federal court removal. The amended complaint does not establish this. The court has no information on this. But this information is required to establish diversity jurisdiction. Note: The original complaint also made no mention of the citizenship of the parties in general, nor about the citizenship of the parties at the time of the filing of the original complaint.

19. Contrary to defendants' assertion, the issue here is the perfecting of diversity jurisdiction. Subject matter jurisdiction is only met with the triggering of certain requirements for diversity jurisdiction. Subject matter

jurisdiction can only be established by first meeting the statutory requirements for a case to be in and remain in federal court. For example, in Royal Canin, the court had subject matter jurisdiction only because defendants had pled federal claim jurisdiction. If they had not pled that in their removal notice, the court would not have had jurisdiction even if it was evident in the complaint there was a federal claim.

### VIII. Other Further Response

20. The Eastern District of Pennsylvania in Carlton Properties, Inc. v. Crescent City Leasing Corp., 212 F. Supp. 370, 372 (E.D. Pa. 1962) directly addressed the situation at hand:

> The petition for removal alleges diversity of citizenship at the time of the filing of the petition, but is altogether silent as to citizenship at the time suit was instituted... The record must show diversity at both times."…"[t]here has been no sufficient allegation of the diversity of citizenship required by 28 U.S.C. § 1332(c). In the absence of facts in the record upon which diversity jurisdiction can rest, this Court has no jurisdiction." Id.

21. Further, the Supreme Court in Stevens v. Nichols, 130 U.S. 230, 232 (1889), held that *"[a] petition for removal which alleges the diverse citizenship of the parties in the present tense is defective, and if it does not appear in the record that such diversity also existed at the commencement of the action, the cause will be remanded."*

22. The amended complaint doesn't allege the citizenship of defendants individually but only collectively. The amended complaint alleges diversity of citizenship collectively in present tense, not at the *commencement of the action*. So, defendants are essentially arguing that the allegation of diversity didn't need to be alleged in the amended complaint because whether it was alleged or not, it somehow exists. This leads to a philosophical & logical conundrum. Can something exist, in the law, without it being alleged? Once it is acknowledged that it is the allegation that's determinative, not simply the existence, then the allegation must be scrutinized to ensure that allegation meets requirements for diversity jurisdiction where *the record must show diversity at both times.*

23. It should be noted that the amended complaint asserts a contradictory allegation. It states there is no diversity of citizenship ("There are no grounds for this court to have jurisdiction over this case including under diversity of citizenship" Para. 34). But it also states that all defendants are citizens of NH ("all of the defendants in this case are citizens of New Hampshire." Para. 34). Thus, the amended complaint contains statements that contradict each other and that effectively cancel out the diversity allegation. Either way, the allegation is in the present tense thus violating the holding in Stevens v. Nichols, 130 U.S. 230, 232 (1889). The court has not addressed this issue. It is not clear why. Plaintiff asks the court to address this issue.

24. So, if the defendant could switch because federal claim later existed, then the court would not have opposed the changing of grounds. What is the reason why courts object to changing grounds after removal? This court is arguing that no court should ever have a problem with changing grounds after removal. This contradicts well-established jurisprudence on this issue. The court appears to not only be contradicting the rulings of this very court and the first circuit court but also appears to be making new law. How can the court justify this? The court seems to be saying that it is acceptable for a defendant to change his bases for jurisdiction long after removal, in order to salvage errors in the removal, to protect against remand.

25. Did diversity come into existence when the complaint was amended? Or did it exist before? How do we know that it existed before the amendment of the complaint. The amended complaint does not allege that it existed before. Only that, in the present tense, the defendants "are" citizens of New Hampshire.

26. The court errs here because the key question is not whether all defendants are currently citizens of NH but whether all defendants were citizens of NH at time of removal and at time of filing of the original complaint.

27. Both the defendants and the court must recognize that if the amended complaint did not say this, then defendants would be unable to assert diversity jurisdiction. This confirms that the mere existence of diversity between parties, doesn't by itself confer diversity jurisdiction or diversity bases for removal. It must be pled and secured, by pleading and by taking steps to plead it, and perfect it. Here, defendants seem to rely on plaintiffs to do the work of pleading the diversity between the parties in the amended complaint[1]. But simply pointing to the fact the amended complaint stated the existence of diversity does not establish diversity jurisdiction or diversity bases for removal by itself. But defendants cannot rely on the amended complaint with nothing else. There is a difference between stating that parties are citizens of different states and establishing the diversity jurisdiction or meeting the requirements thereof

---

[1] This evidently was a rookie mistake by plaintiffs. If they had known this, they simply would have said nothing about citizenship. The intent of the plaintiffs was to litigate this case in state court, and by removing the federal claim from the amended complaint, they sought to effectuate their choice of forum, which as plaintiffs they have a right to choose. Yet, by simply commenting on the citizenship of the parties, the defendants are seeking to use their own words against them to nullify the effect of removing the federal claim, this trying to make the endeavor of eliminating the federal claim of none effect. Yet, plaintiffs do not have any real basis to be making any definitive comments about the citizenship of all parties. Plaintiffs can only speak to their own citizenship. Plaintiffs now seek to question the citizenship of all defendants as will be more fully set forth below.

28. Defendants have not met statutory requirements to establish diversity jurisdiction for removal. Defendants have offered no explanation for these failures, nor why they should be exempt from these requirements.

29. Consider this scenario. If plaintiff had not stated in the amended complaint that plaintiffs are MA citizens and defendants are NH citizens, then could defendants still claim diversity jurisdiction? No, because the existence of diversity doesn't exist in some platonic realm, where it can be plucked from the "ether" at any time. Diversity jurisdiction must be asserted and triggered by certain acts, without which diversity (though it may exist **potentially**), has not been **actualized** or perfected[2]. The whole removal endeavor is predicated on meeting strict statutory requirements and if these aren't perfected to the letter, then remand is required. Also, removal jurisprudence requires strict construction against removal and any doubt must be resolved in favor of remand. Here, there are legitimate doubts[3] that require strict construction against removal and in favor of remand[4].

### IX. Conclusion[5]

30. Defendants removed this case solely on federal question jurisdiction. That jurisdictional basis no longer exists. They failed to timely invoke diversity jurisdiction as an alternative basis. Even if they had timely invoked diversity, the forum defendant rule bars removal. The Court's 10-9-25 order denying remand was based on manifest errors of law, including failure to properly apply Royal Canin and failure to enforce the forum defendant rule. Plaintiff requests[6] that the Court grant the motion for reconsideration, vacate its October 9 order, and remand this action to NH Superior Court where it belongs. See attached prior replies incorporated.

Respectfully submitted,<br>
/s/ Andre Bisasor<br>
Andre Bisasor

Date: 12-24-25

---

[2] With respect to the pending motion to dismiss, defendants will certainly make several overly technical arguments about why plaintiffs did not meet certain requirements. Plaintiffs should be allowed to make technical arguments here. Plaintiff hereby incorporates the facts, points and arguments from the prior motion to remand and the replies by both Bisasor and Anderson, as if fully stated herein.

[3] Further, Plaintiffs dispute that defendants are all citizens of NH. The fact of the matter is that plaintiffs do not really know the citizenship of the defendants. Plaintiffs have no way of knowing for certain the citizenship of all of the defendants including individual defendants. For example, plaintiffs previously raised issues with the citizenship of Donais law firm, as Donais claim that he has practice in Massachusetts. Before the court assumes citizenship is established, discovery is needed. Plaintiff will be filing a motion for discovery.

[4] NB: The court cannot switch theories of jurisdiction in the middle of the case without the proper pleading of and triggering of all of the requirements to meet diversity jurisdiction. The court's procedure and case law are clear. If a defendant wishes to change the basis for removal from federal to diversity or diversity to federal, the defendant must seek to amend the notice of removal within the time allowed by the law (30 days after removal). Note: The Holbean and Clary cases are not controlling. The court wrongly uses defendants' reference to these cases outside of this circuit.

[5] Plaintiff respectfully submits this 10-page reply on the understanding that the underlying remand issue is dispositive in nature under LR 7.1(e)(1), warranting a 10-page limit. The court has not addressed this issue previously. Plaintiff thus stands on this view in good faith. But in the abundance of caution, Plaintiff requests leave to file 10-pages to the extent the court believes that it is not dispositive.

[6] Anderson will/has separately filed her own reply by mail. There was an emergency motion filed today but there was no ruling today.

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor