UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Andre Bisasor and Natalie Anderson

    v.      Civil No. 25-cv-251-SE

Craig S. Donais, et al.

ORDER

Pro se plaintiffs Andre Bisasor and Natalie Anderson bring this suit against certain individuals and a law firm alleging several state-law claims. Although Bisasor participates in electronic filing, Anderson does not. Bisasor moved for a "one-time accommodation" to allow him to submit certain filings on Anderson's behalf because she has not received any of the court's orders through the mail and was unaware of certain deadlines.[1] Doc. no. 67.

Because Anderson has not yet mailed to the court a Pro Se Motion to Obtain Permission to File Electronically as directed in the court's November 5, 2025 and December 23, 2025 endorsed orders (or any motion containing the same information requested in that form), she does not yet have electronic filing privileges and instead receives from the court a hard copy of each court order via postal mail. The court notes that the plaintiffs are married, see doc. no. 13, ¶ 40, and reside at the same address, see doc. no. 67, ¶¶ 5-6. Bisasor does have access to electronic filing and access to the electronic docket. Nonetheless, the court has learned that, due to a clerical error, the clerk's office has mailed copies of the court's orders to Anderson at an incorrect address, and, therefore, she has not received from the court physical copies of any court

---

[1] Bisasor filed a motion for a "one-time accommodation" (doc. no. 66) but then filed a "corrected" version of the same motion shortly thereafter and requested that the court consider the latter motion only (doc. no. 67). Therefore, doc. no. 66 is terminated as moot.

order. The clerical error has been corrected, and the clerk's office will send Anderson copies of all court orders, including those already issued, to her current address until or unless she requests and the court grants her permission to participate in electronic filing.[2]

Bisasor's request to file documents electronically on Anderson's behalf is denied. However, to protect Anderson's rights, the court will extend Anderson's existing deadlines. Therefore, her deadline to respond to the Donais Defendants' motion to dismiss and the Hilliard Defendants' motion to dismiss is January 21, 2026. Further, her deadline to file a motion for reconsideration of the court's denial of Bisasor's motion to remand is also extended until January 21, 2026.[3] The defendants need not respond to such motion for reconsideration unless ordered to do so by the court.

Again, Anderson can request electronic filing access by mailing to the court a pro se motion to participate in electronic filing. The clerk's office shall include the form with this order, and the form is available on the court's website here: https://www.nhd.uscourts.gov/electronic-case-files-ecf.

Conclusion

For the foregoing reasons, Bisasor's motion for an accommodation (doc. no. 67) is denied. Anderson's deadlines are extended as provided in this order.

---

[2] The court has also learned that the same clerical order led the clerk's office to mail copies of its sealed orders to Bisasor at an incorrect address. The clerk's office will send copies of all sealed orders to Bisasor at his correct address.

[3] The court notes that Bisasor has already filed a motion for reconsideration and a reply to the defendants' objection. Rather than filing a second motion for reconsideration, which would invite additional briefing from the defendants, Anderson may instead, but is not required to, submit a notice joining Bisasor's motion for reconsideration and reply.

SO ORDERED.

                                                              _____
                                                              Samantha D. Elliott
                                                              United States District Judge

Dated:   January 2, 2026

cc:      Counsel of record.
          Andre Bisasor, pro se.
          Natalie Anderson, pro se.