UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251 |BISASOR v. DONAIS, et. al.

## BISASOR'S EMERGENCY MOTION TO SYNCHRONIZE DEADLINES FOR BOTH PLAINTIFFS' RESPONSES TO THE MOTIONS TO DISMISS

1. Plaintiff Andre Bisasor ("Bisasor") respectfully moves this Court, on an emergency basis, to align and synchronize the deadline for his response to the Donais Defendants Motion to Dismiss and the Hilliard Defendants' Motion to Dismiss (together, "Defendants Motions to Dismiss"), with the deadline for Natalie Anderson's ("Anderson") response to those same motions. In support, Bisasor states as follows:

### I. THE MISALIGNMENT OF DEADLINES

2. On 1-2-26, this Court issued an order extending Anderson's deadlines. The order stated, in part:

   "However, to protect Anderson's rights, the court will extend Anderson's existing deadlines. Therefore, her deadline to respond to the Donais Defendants' motion to dismiss and the Hilliard Defendants' motion to dismiss is January 21, 2026."

3. Bisasor's deadline to respond to those same motions to dismiss is currently 1-14-26.

4. This creates a misalignment whereby the two co-plaintiffs have separate and distinct response deadlines to identical motions challenging identical claims. The deadlines for responding to these motions are thus currently disjointed for the plaintiffs.

5. The disjointed deadlines stem from the fact that Bisasor's original deadline was established before the Court became aware of the clerical errors in notice that necessitated the extension of Anderson's deadline, or that resulted in adjustments to the deadlines for Anderson's responses, by an additional week, until 1-21-26.

### II. THE COURT'S OWN RATIONALE SUPPORTS SYNCHRONIZATION

6. The Court's decision to extend Anderson's deadlines was expressly grounded in a protective purpose; namely, "to protect Anderson's rights." Arguably, that same protective rationale applies to Bisasor. Extending Bisasor's deadline to match Anderson's 1-21-26 deadline would align both plaintiffs within the protective framework the Court has already established.

7. Aligning both plaintiffs' response dates within the already-extended 1-21-26 timeframe thus promotes parity between co-plaintiffs, and avoids fragmented briefing on overlapping issues, and does not alter any other case deadlines beyond what the Court has already ordered.

### III. JUDICIAL ECONOMY AND EFFICIENT CASE MANAGEMENT

8. Synchronized deadlines serve judicial economy and promote efficient case management. The motions to dismiss raise overlapping legal and factual issues that both plaintiffs must address. Aligning the deadlines allows the Court to receive and consider both Plaintiffs' responses, at the same time, which will address overlapping legal and factual issues simultaneously, rather than in a fragmented manner.

9. Aligned deadlines will allow both plaintiffs to submit their responses simultaneously, enabling the Court to review their positions side-by-side, ensuring clarity and efficiency.

10. The motions to dismiss will likely be decided together after the remand question is resolved; there is no procedural benefit to separating plaintiffs' responses. In fact, consolidated briefing on the same motions from both co-plaintiffs is far more coherent and manageable than sequential filings separated by a week.

### IV. NO PREJUDICE TO DEFENDANTS OR THE CASE SCHEDULE

11. Defendants will suffer no prejudice from alignment of these deadlines. The case remains in its infancy. No trial date has been set, discovery has not begun, and no deadline for dispositive motions has passed. Extending Bisasor's deadline from 1-14-26 to 1-21-26 creates an extension of only 7 days and does not alter any external case schedule.

12. The Court has already extended this same deadline for Anderson; aligning Bisasor's deadline merely places both plaintiffs within that same already-ordered window. Alignment of response deadlines will cause no delay in the ultimate resolution of the case.

13. There is no further impact on case progression, and defendants lose no material advantage by allowing both plaintiffs the same time to respond to motions that challenge claims asserted by both. There is

no procedural benefit to separating the response deadlines for both plaintiffs, as the motions will likely be heard and decided together, after remand is decided.

## VI. REQUEST FOR EXPEDITED RULING

14. This motion is filed on 1-8-26, with Bisasor's original deadline that is approaching on 1-14-26. Bisasor respectfully requests that the Court rule on this motion as soon as possible to provide clarity on the applicable deadline before the 1-14-26 date arrives.

## VII. CONCLUSION

15. Bisasor respectfully requests that this Court grant his motion to synchronize and align the deadline for his response to the Defendants' Motions to Dismiss to 1-21-26, matching the deadline already established for Anderson's response to those same motions. This alignment is consistent with the Court's stated protective purpose, serves judicial economy, prejudices no party, and imposes no material delay on the case schedule. Bisasor further requests such other and further relief as this Court deems just and proper.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

Date: January 8, 2026

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor

3