UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251 |BISASOR v. DONAIS, et. al.

**BISASOR'S EMERGENCY REPLY TO DONAIS DEFENDANTS' OBJECTION TO EMERGENCY MOTION TO SYNCHRONIZE DEADLINES**

1. Plaintiff Andre Bisasor respectfully submits this emergency reply[1] to the Donais Defendants' Objection to his Emergency Motion to Synchronize Deadlines.

    **I. The Objection Ignores the 1-2-26 Order That Provides the Entire Predicate for Request**

2. First, the objection does not engage with, or even cite, the Court's 1-2-26 order, which is the entire predicate for this narrow request. In that order, the Court expressly extended only Anderson's deadlines to 1-21-26, "to protect Anderson's rights," after acknowledging clerical errors that had caused her not to receive prior court orders. The Court also acknowledged that the same clerical error led to sealed orders being mailed to Bisasor at an incorrect address (certain which orders relate to or impact the motion to dismiss matter as well). Bisasor's motion simply asks the Court to harmonize his response dates within the framework of relief the Court has already granted, in light of a problem the Court has already found and corrected. The objection ignores this context and instead re-litigates prior extension history that pre-dates the 1-2-26 order.

    **II. The Objection Misreads the December 16 Order by Ignoring the 1-2-26 Clarification**

3. Second, the Donais Defendants misread the 12-16-25 order. That order stated that "*No further extensions of time will be permitted to object to the Donais Defendants' motion to dismiss (doc. no. 36)*" and that "*Whether Ms. Anderson has obtained approval to e-file will not justify further extensions of time, including time to object to the pending motions to dismiss.*" At that time, the Court did not yet know that the clerk's office had been mailing Anderson's orders to the wrong address; that fact, and the resulting due process concerns, were expressly recognized only later in the 1-2-26 order. Once the Court discovered those clerical errors, it itself revisited the deadlines and extended Anderson's time to 1-21-26. In other words, the Court has already determined that the situation warranted modification of prior deadlines in order

---

[1] As it pertains to a dispositive motion, plaintiff assumes he is entitled to reply. Further, the objection raises unfair points that need to be addressed. If permission is required, plaintiff hereby requests.

to protect Anderson's rights. Bisasor's motion merely asks the Court to make a limited, parallel adjustment for Bisasor; it does not ask the Court to revisit its 12-16-25 order in the abstract, but to apply the same corrective logic to both plaintiffs in light of the same underlying clerical problems.

### III. No Substantive Prejudice; Defendants Seek Only Form Over Substance

4. Third, the objection's focus on how long the case has existed, or how many times Bisasor has sought extensions since July 2025, does not address the narrow, practical question presented: whether it is more efficient and fair for both pro se plaintiffs, who share overlapping claims, to respond to the same motions to dismiss on the same date. Synchronizing deadlines promotes judicial economy by allowing the Court to consider both plaintiffs' responses together, avoids fragmented briefing on identical motions, and does not alter any schedule beyond the extension the Court has already granted to Anderson. Defendants identify no concrete prejudice from moving Bisasor's deadline from 1-14-26 to 1-21-26, particularly where discovery has not begun and no trial date has been set.

5. Fourth, the Donais Defendants overstate the import of the 12-16-25 language by treating it as an absolute bar under any circumstances, even after the Court itself later uncovered and corrected a material clerical error affecting notice. Courts retain inherent authority to adjust schedules when new facts come to light, especially where those facts show that a party (here, both plaintiffs) did not receive proper notice of orders. The 1-2-26 order is exactly that kind of corrective exercise of the Court's authority. Asking that Bisasor's deadline be harmonized with Anderson's within that same corrective framework is not an attempt to evade the Court's authority; it is an attempt to implement the Court's own stated protective purpose in a consistent way.

6. Defendants identify no concrete prejudice from moving Bisasor's deadline from 1-14-26 to 1-21-26, particularly where discovery has not begun and no trial date has been set. The case remains in early stages; there is no trial date looming, no discovery cutoff approaching, and no case management conference scheduled. This is objectively true despite the Donais Defendants' curious and strange

disagreement. Further, there is simply no procedural advantage to defendants or to the Court in maintaining staggered deadlines for co-plaintiffs responding to the same dispositive motions. Defendants' only identified interest appears to be a preference for separate deadlines as a way to procedurally hurt Bisasor, rather than any substantive benefit. Furthermore, Donais defendants are seeking to elevate form over substance, for no good reason other than to try to stick it to Bisasor. This kind of pedantic nitpicking, elevating form over substance for no reason other than to simply block or complicate Bisasor's task, is unbecoming of the professional obligations counsel owe to opposing parties, particularly pro se litigants. The professional rules governing counsel explicitly require fairness to opposing parties. Defendants have identified no procedural benefit that would justify their position here.  There is simply no procedural benefit to the defendant or to the court to prevent the deadlines to be aligned.

7. Moreover, hearkening back to long ago prior cases in this or other courts is not a just or reasonable position to take to justify blocking a basic reasonable request. If this were correct, then Defendants should have not asked for extension of time to respond to the complaint, since they purport that this is the same exact case and they previously filed motions to dismiss, in prior cases. They should have simply used the same motion from prior cases then. But they would never require that of themselves.

**IV. The Objection Improperly Conflates This Case with Prior Litigation**

8. The Donais Defendants attempt to portray this matter as merely a continuation of prior cases involving some of the same parties. They seek to treat this case as though all prior cases including filed in Massachusetts and removed and transferred is the same exact case and the same procedural history. But this is not correct. In paragraph 14, they reference other cases Bisasor has initiated and cite the complaint's discussion of the savings statute. However, this approach improperly conflates distinct lawsuits and misapplies prior procedural history to this case. This is a civil action filed in this Court on 7-3-25 (Case No. 1:25-cv-00251). It has its own procedural history in this forum. To treat it as the

exact same[2] or merely the extension of prior cases would logically require that all prior orders and judgments pertaining to defendants be enforced in this case, and that all of defendants' prior procedural failures, including failures to timely answer complaints, to file responsive motions, and to comply with orders from Judges William Young and Saint-Marc in prior cases, also be held against them with equal force. This includes orders on holding case management conferences and hearings on motion to dismiss and hearing on amending the complaint and allowing plaintiff to amend the complaint in the interests of justice, and other developments in those prior cases.

9. Defendants do not propose such a consistent, two-way application of prior case history. Instead, they seek a one-sided approach; namely, to use prior procedural history as a cudgel against Bisasor while avoiding any reciprocal application of their own prior conduct or the Court's prior orders in those related matters. This is inconsistent and unfair. The defendant only seeks a one-sided approach to bar Bisasor from basic fairness in this case.

10. Bisasor is entitled to have this case evaluated on its own merits and procedural posture in this Court, not prejudged by the totality of prior disputes involving some of the same parties.

### V. Fairness and Due Process Concerns Require Non-Public Attention

11. The objection also reveals a broader fairness concern that Bisasor must raise with the Court, though he respectfully requests that this matter be addressed in a non-public manner due to its sensitive nature. Bisasor understands that Ms. Linda Smith, counsel for the Donais Defendants, is relying upon information she confidentially was privy to from sealed proceedings in prior cases (specifically, sealed hearings before Judge Saint-Marc) to try to harm or prejudice Bisasor in this case, including using certain tactics that were exposed during said sealed hearings and that were not looked upon favorably by Judge Saint-Marc. Linda Smith is using information from a prior sealed hearing with Judge Saint-Marc to try to injure and prejudice Bisasor, in a way that may not be obvious to this court because the

---

[2] It would also nullify the procedural effect of the voluntary dismissal. No other case in this court has been so treated like this, even where cases have been voluntarily dismissed, or re-filed.

court is not privy to those sealed hearings. This is a fairness and due process issue. The use of sealed information to prejudice a pro se party raises significant fairness and due process concerns.

12. Bisasor respectfully requests an opportunity to address this matter with the Court in a sealed or confidential submission, or in a hearing, as a due process and fairness issue, so that these issues may be fully explored without compromising the integrity of the prior sealed proceedings.

## VI. Conclusion

13. For these reasons, Bisasor respectfully requests that the Court overrule the Donais Defendants' objection and grant the Emergency Motion to Synchronize Deadlines, aligning his deadline to respond to the Donais and Hilliard Defendants' motions to dismiss, with Anderson's 1-21-26 deadline.

Respectfully submitted,<br>
/s/ Andre Bisasor<br>
Andre Bisasor

Date: January 9, 2026

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor<br>
Andre Bisasor