UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251 |BISASOR v. DONAIS, et. al.

## BISASOR'S MOTION FOR RECONSIDERATION OF EMERGENCY MOTION TO SYNCHRONIZE DEADLINES

1.  Plaintiff Andre Bisasor (Bisasor) respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 54(b) and Local Rule 7.2, for reconsideration of the Court's 1-2-26 denial of his Emergency Motion to Synchronize Deadlines. This motion is warranted because:

   (1) The Court's order provided no written explanation or reasoning, making it impossible to identify the grounds for denial;

   (2) The Court's own 1-2-26 order requires reconsideration because that order demonstrates the synchronization was correct;

   (3) Confidential circumstances that were not presented in the prior motion support reconsideration;

   (4) The Court may have been unduly influenced by the defendants' objections.

### I. The Order's Lack of Reasoning Warrants Reconsideration

2.  The Court denied Bisasor's motion without issuing any written order explaining its reasoning. Federal Rule of Civil Procedure 54(b) and the Court's local rules require sufficient reasoning to allow a party to understand the grounds for denial and preserve issues for appeal.

3.  When an order lacks reasoning, it is appropriate to seek reconsideration, particularly where the denial conflicts with a stated order of the Court.

4.  The Court's order expressly extended Anderson's deadline to 1-21-26 *"to protect Anderson's rights"* based on clerical errors in notice that affected both plaintiffs. The synchronization motion asked only that the same protective logic be applied to Bisasor.

5.  Without an explanation, it is difficult to understand how the Court's protective rationale applies to one plaintiff but not the other, particularly when both were harmed by the same clerical errors the Court acknowledged

### II. The Court's January 2 Order Actually Supports Synchronization

6.  The Court's 1-2-26 order extended Anderson's deadline to 1-2-26, explicitly stating: "*However, to protect Anderson's rights, the court will extend Anderson's existing deadlines.*" The order also acknowledged that "*the same clerical error led the clerk's office to mail copies of its sealed orders to Bisasor at an incorrect address.*"

7.   In other words, both plaintiffs were harmed by the same clerical errors[1]. Both were entitled to protection. Yet the Court's 1-2-26 order protected only Anderson, leaving Bisasor subject to the 1-14-26 deadline despite the acknowledged harm to him.

8.   The synchronization motion asked simply that Bisasor receive the same protective extension granted to Anderson, not a new or different accommodation, but parity within the framework the Court had already established for exactly these circumstances.

### III. The Court's 1-2-26 Order Overrode the 12-16-25 "No Further Extensions" Language

9.   The Donais Defendants argued (and may have persuaded the Court) that the 12-16-25 endorsed order's language, "*No further extensions of time will be permitted*", was an absolute bar. But the Court itself demonstrated that this language was not absolute when it issued the 1-2-262 order, extending the deadline for Anderson. The 1-2-26 order was issued after the 12-16-25 statement, and the Court specifically revisited and modified deadlines based on newly discovered facts (the clerical errors in notice). The Court thus modified the prior deadline for Anderson, even though the 12-16-25 order applied both to Bisasor and Anderson. The synchronization motion simply asked for that same to be extended to Bisasor.

### IV. Confidential Circumstances

10. Bisasor will file a separate confidential motion, which will include confidential circumstances that were not presented in the synchronization motion, which will support reconsideration.

### V. Potential Influence of Defendants' Objections

11. It is possible (and concerning) that the Court's 1-2-26 denial was influenced by the Donais Defendants' objection, which did not adequately engage with the 1-2-26 order but instead re-litigated prior extensions.

12. A reasoned reconsideration would require the Court to explain how the 1-2-26 order's protective rationale does not extend to Bisasor, or why one plaintiff merits protection but the other does not, or it would not serve the interests of justice.

### VI. Judicial Economy and Consistency

13. Reconsidering this motion would serve judicial economy by ensuring:

   a) Both co-plaintiffs file their oppositions on the same date (1-2-26), allowing the Court to review them together.

---

[1] Note: For example, Bisasor also did not receive court orders on his ADA motions, including seeking oral hearing and extension of time. This ostensibly is related to the present issue as it prevented him from seeking further relief including reconsideration, etc. With the intervening holidays and the pending issues, there has been no time to address those issues.

b) No fragmented briefing on identical motions to dismiss

c) Consistent application of the Court's protective purpose as stated in the 1-2-26 order

## VII. Conclusion

14. For the foregoing reasons, Bisasor respectfully requests that the Court:

(1) Reconsider and grant the Emergency Motion to Synchronize Deadlines;

(2) Extend Bisasor's deadline to respond to the Donais and Hilliard Defendants' Motions to Dismiss to

1-21-26, matching Anderson's deadline; and

(3) Grant such other and further relief as is just and proper.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

Date: January 12, 2026

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor