| | |
|---|---|
| **From:** | Andre Bisasor |
| **To:** | Samantha Elliott |
| **Cc:** | Tracy Uhrin; Vincent Negron |
| **Subject:** | URGENT: Request for Intervention by Judge | NH Federal Court | Case No. 1:25-cv-00251 | Bisasor et al. v. Donais et al |
| **Date:** | Tuesday, January 20, 2026 4:58:44 PM |

CAUTION - EXTERNAL:


Dear Chief Judge,


I write to respectfully request your immediate intervention in an urgent procedural matter in this case:


Plaintiffs have a firm deadline of January 21, 2026 (tomorrow) to file documents in this case.


I have an urgent need to seek extension relief but cannot do so because my ECF access has been impeded due to a new technical issue with the system and due Anderson's inability to obtain access, as follows


I. GROUNDS FOR RELIEF:


A. Andre Bisasor's PACER/ECF MFA Backup Code Problem

On 1-14-26, I emailed the PACER Service Center (pacer@psc.uscourts.gov) reporting that my PACER account had been recently forced to migrate to a new multi-factor authentication (MFA) system. I was provided a limited number of backup codes, all of which have now been exhausted or expired as of 1-14-26, preventing me from completing the MFA login step necessary to access my PACER/ECF account. I then sent an urgent email to the PACER Service Center on 1-14-26 (6 days ago) requesting immediate assistance. I also attempted to call the PACER Service Center at 800-676-6856 on that date and remained on hold for approximately two hours past close of business without reaching anyone. Despite this email request sent well in advance of the January 21 deadline, I received no response to my email from the PACER Service Center. Also, as today is the next business day after the holiday, I also has called the Pacer service center again today but it was announced there were over 484 people in queue, with hold times of approx. 6 hours. Thus, I cannot access my PACER account and therefore cannot file documents electronically despite having an active filing account. The PACER Service Center's non-responsiveness has created this emergency. I cannot even file this request for extension by e-filing. Thus, I am emailing it to the court under these extraordinary circumstances. Also, given the sensitive nature of the below regarding concerns about the clerks, it seemed proper to not publicly address those but direct them to you as chief judge.


B. Natalie Anderson's ECF Access Problem

Anderson is a pro se plaintiff in this action. She filed a motion requesting electronic filing access, which was mailed to the Clerk's Office over a week ago. Despite multiple emails to the Clerk's Office beginning January 15, 2026 requesting confirmation that her motion was received and asking for expedited ruling, she has received no response from the District Court Clerk's Office as of today at 4pm, a period of five days of complete non-responsiveness. Thus, Anderson still has no ECF access and cannot electronically file the three documents due tomorrow without a response from the Clerk's Office to her pending motion for e-filing access. The Clerk's non-responsiveness to her urgent communications has created this deadline crisis. At this point, even if the court issued an order, it would require time for the IT support services to setup her access especially since Anderson has never had access to this system before.

C. Illustration of the Problems

*    Attachment A (PACER Email): Copy of Bisasor's January 14, 2026 email to PACER Service Center requesting urgent assistance and reporting that all backup MFA codes have been exhausted.
*    Attachment B (MFA Documentation): PACER's official MFA Tips and Resources page, showing that the MFA system is newly implemented (September 2025), creating system-wide problems for existing users attempting to migrate to the new security protocol.
*    Attachment C: Screenshot of the access problem to get into ECF through the Pacer login gateway.
*    Attachment D (Communications): Documentation of Natalie Anderson's five emails sent to the NH District Court Clerk's Office between January 15-20, 2026, requesting confirmation of ECF motion receipt and expedited ruling, with zero responses.

D. Additional Points:

Further, my co-plaintiff Anderson had mailed a motion for electronic filing access to the Clerk's Office over a week ago but it has not been docketed or ruled on as yet. So, beginning January 15, 2026, she sent multiple emails to the Clerk and Case Clerk asking for simple confirmation that her mailed e-filing motion was received and docketed; and assurance that the motion would be presented to the assigned judge for expedited ruling so that she can file my documents on time. Despite at least several emails over five days (January 15, 16, and 20), she received no response at all, not even a "yes" or "no" that her motion was received. This non-responsiveness now places her at imminent risk of prejudice because she cannot know whether she will be able to file by tomorrow's deadline.

Separately, on January 16, 2026, she emailed the Clerk's Office with an urgent concern that sealed orders containing ADA-related information may be visible on the public docket. She requested verification that all sealed filings and orders remain properly sealed. She received no response to that urgent confidentiality inquiry either, which raises ongoing privacy concerns.

She understands the Clerk's Office manages a substantial caseload, but as pro se litigants, we rely entirely on basic, timely communication with the clerk on administrative matters and for information that we can only get from the clerk office. Here, a simple confirmation and minimal action by the Clerk's Office would have sufficed.

She also submitted a written complaint regarding the Clerk's Office conduct to the appropriate judicial authorities, but she does not believe that process will not resolve the immediate risk posed by tomorrow's deadline and the potential confidentiality breach. She therefore has no choice but to seek your emergency intervention.

Note: This is not the first time we have raised these concerns.  We both have encountered ongoing difficulty obtaining confirmation from the Clerk's Office regarding critical filings and docket issues, despite multiple attempts to communicate.  See attached.

I also have experienced a similar non-responsiveness. I previously raised concerns to the prior chief judge and she expressed that my concern was valid but that this was not going to be an ongoing issue. Yet, these issues have continued for both me and Anderson. In fact just recently, again I emailed the clerks on important issues including a deadline to inform them of my wishes as instructed by the court and there has been no response. This pattern is prejudicing the plaintiffs.

This is on top of irregularities like the clerk sending sensitive court rulings by mail to the wrong address resulting in plaintiffs missing deadlines and other harm involving our ADA rights, and the clerks continued to do this even after a notice of correct address was filed. This appears intentional.  Why would the clerks intentionally do this? I am not certain but It should be noted that shortly after I filed separate racial discrimination complaint against a deputy clerk of the court (for acts she committed before she was employed by this court) via a separate lawsuit prior to this suit, the tone and responsiveness of the Clerk's Office staff noticeably deteriorated. Past inquiries were handled more courteously by Mr. Negron; but after my protected complaint, communications ceased entirely; or Ms. Uhrin also

went silent and/or became strident in tone. This suggests retaliatory motif for opposing discrimination by a deputy clerk now employed by this court. I am not sure what else explains this. Obviously, that lawsuit resulted in the recusal of the entire court including yourself and the case was transferred to Maine. This shows that the concern I here raises is not far-fetched.

E. Circumstances Beyond Plaintiffs' Control
Both plaintiffs have made reasonable efforts to comply with filing deadlines as follows. I only recently discovered MFA problem on 1-14-26. I immediately contacted PACER Service Center by email, and followed up with an attempted to call the PACER Service Center on the same date, and thus made reasonable, prompt effort to resolve the issue with the federal system's technical support. But despite sending an urgent email SIX DAYS in advance of the deadline, I received zero response from the PACER Service Center, making it impossible for me to resolve the technical access problem.

Anderson filed motion for ECF access from over a week ago. The motion has not been docketed much less ruled on. She began requesting confirmation via email on January 15, 2026. She sent five separate emails over five days to the Clerk's Office requesting simple confirmation of motion receipt. She escalated to the First Circuit Executive (Susan Goldberg) and First Circuit Complaint Manager (Gina Riccio) seeking emergency intervention She made multiple good-faith attempts to resolve the access issue through proper channels. Despite these reasonable efforts, she received zero response from the Clerk's Office, making it impossible for her to know whether her motion was received or whether e-filing access would be granted in time.

F. System Failures, Not Plaintiff Negligence
The failures are attributable to:
1. PACER Service Center non-responsiveness (failure to respond to urgent access request within six days, despite email specifically noting January 21 deadline)
2. New MFA system implementation failure (PACER's new MFA requirement (Sept. 2025) has created widespread access problems for existing users migrating to the system, as documented in the official PACER MFA Tips and Resources page)
3. District Court Clerk's Office non-responsiveness (complete failure to respond to five emails over five days regarding urgent ECF motion)
20. These are circumstances clearly beyond the control of the plaintiffs and represent failures of federal court administrative systems.

G. Reasonable Diligence
Plaintiffs are not seeking extension due to negligence, lack of preparation, or carelessness. Rather:
• I contacted PACER Service Center before my codes expired, well in advance of the deadline
• Anderson filed her ECF motion and began requesting confirmation five days before the deadline, and escalated to higher court officials when initial contacts were unsuccessful
• Both of us are attempting to comply with all procedural requirements

II. INTERESTS OF JUSTICE SUPPORT EXTENSION
Granting a five (5) business-day extension (until January 28, 2026) serves the interests of justice because: Failure to file by tomorrow's deadline exposes plaintiffs to:
• Dismissal of claims
• Loss of the right to prosecute significant causes of action (defamation, discrimination, IIED, and civil conspiracy claims potentially valued at over $1.85 million in damages)

III. CONCLUSION
Plaintiffs have demonstrated good cause for an extension of time. The delay is not due to negligence, procrastination, or lack of diligence, but rather to documented failures of federal court administrative systems (Clerk's Office and PACER Service Center) to respond to urgent, time-sensitive requests made well in advance of

the deadline. Granting a modest one-week extension to January 28, 2026 will allow time for the federal systems (PACER and Clerk's Office) to remedy their own administrative failures, and will serve the interests of justice and fair administration of the courts.

I respectfully request that this Court extend the time to file the pending documents until January 28, 2026 (or such other date as the Court deems appropriate).

Thank you very much for your prompt attention to this urgent matter. I am available to provide any additional information the Court may require.

Respectfully,
Andre Bisasor
Pro se Plaintiff

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.