Filed
File Date: 9/26/2025 11:59 PM
Hillsborough Superior Court Northern District
E-Filed Document

STATE OF NEW HAMPSHIRE – HILLSBOROUGH SUPERIOR COURT NORTH
Case: #216-2020-CV-00027 | Natalie Anderson, et al v Hilton Hotels Worldwide Inc., et. al.

**PLAINTIFF ANDRE BISASOR'S MOTION FOR LIMITED DISCOVERY TO REBUT DONAIS'
MOTION TO DISMISS AMENDED COMPLAINT
AND/OR
BISASOR'S MOTION FOR CONVERSION TO SUMMARY JUDGMENT
AND/OR [IN THE ALTERNATIVE]
BISASOR'S SUPPLEMENT TO BISASOR'S REPLY TO DONAIS' OBJECTION TO MOTION
FOR LIMITED DISCOVERY AND BISASOR'S REPLY MOTION TO CONVERT TO SUMMARY
JUDGMENT**

1. Plaintiff Andre Bisasor respectfully moves this Court for an Order permitting limited pre-answer discovery to rebut the factual and legal assertions in Defendant Craig Donais' Motion to Dismiss the Amended Complaint, and/or to convert the motion to dismiss amended complaint into one for summary judgment. In the alternative, this filing serves as a supplement to Bisasor's earlier reply[1] to the objection to Anderson's motion to allow discovery and to convert to summary judgement

2. This discovery is necessary to resolve critical factual disputes raised by Donais' defenses (including his 142 pages of attachments to his motion to dismiss and his 60 plus paged of attachments to his reply) evidently designed/intended to influence this court in its decision), which cannot be adjudicated fairly without development of the record.

3. This motion is justified by the need to rebut the factual assertions and defenses raised by Donais.

## I. INTRODUCTION

4. Plaintiffs are only seeking very limited discovery. The court can narrowly tailor discovery to the proper limits.

5. Plaintiffs simply ask for the minimum necessary discovery to defend their case against the defendants' assertion and use of disputed facts outside of the complaint. Plaintiffs are also seeking limited discovery.

6. Discovery is needed to demonstrate the sufficiency of the claims, without which could result in unjust dismissal based on an incomplete record.

## II. LEGAL STANDARD FOR LIMITED DISCOVERY

7. New Hampshire courts have broad discretion to allow discovery prior to ruling on a motion to dismiss, particularly where the motion raises fact-based defenses such as privilege or malice. See State v. Laux, 168 N.H. 404, 409 (2015) (discovery may be granted upon a showing of particularized need); See Krainewood Shores

---

[1] Technically, the deadline to reply expires today so Bisasor is free to supplement his reply. Anderson is not able to reply on her own for reasons stated confidentially.

Ass'n v. Town of Moultonborough, 174 N.H. 71, 74 (2021) (court must allow plaintiffs to cure defects before dismissal); See also NH Superior Court Rule 35(b)(1) which permits discovery "relevant to the subject matter" of the action, even before an answer is filed.

8.  New Hampshire courts allow limited discovery before ruling on a motion to dismiss when:

    a.  The motion relies on factual defenses that require evidentiary rebuttal.

    b.  The plaintiff shows the discovery is necessary to oppose the motion fairly and is narrowly tailored to the disputed issues.

9.  Courts thus have inherent authority to order discovery if the plaintiff shows a "particularized need" to address issues central to the case. State v. Laux, 168 N.H. 404 (2015).

10. Federal courts applying analogous rules have also recognized that when a defendant's motion to dismiss relies on factual assertions outside the complaint, limited discovery is appropriate to allow the plaintiff to oppose the motion. See, e.g., Doe v. Brown Univ., 943 F.3d 61, 71 (1st Cir. 2019) (Rule 56(d) allows discovery where facts essential to opposition are unavailable).

11. While Federal Analog (Rule 56(d)) is directly not binding, NH courts often consider federal principles, and thus here, through this consideration, it is established that courts may defer a motion to dismiss if discovery is needed to test factual assertions.

12. Courts may thus permit discovery before resolving a motion to dismiss if the plaintiff demonstrates a particularized need to address factual issues critical to the motion.

### III. DISPUTED FACTS RAISED BY DONAIS' MOTION TO DISMISS

13. The factual disputes created include content of the January 9, 2017 conversation, the extent of confidential information disclosed, and the nature of legal advice provided. Donais's unilateral assertion that no confidential communications occurred cannot be accepted at face value without the opportunity to conduct discovery.

14. In paragraph 9 of his motion to dismiss, the defendant asserts that no attorney-client relationship existed and that "it is undisputed that this never existed". But this is in fact disputed. Discovery is needed to establish critical facts regarding the existence of any attorney client relationship.

15. In his motion to dismiss, the defendant further asserts that "any claim related to an expectation of confidentiality does not lie". Such an assertion implies a factual position regarding representations made on the 1-9-17 call, which Bisasor contends includes indication that the conversation would be confidential.

16. Also, the defendant asserts that "the plaintiffs waived any applicable privilege by injecting the issue into the 2017 litigation". This is disputed and it implies factual issues that go to whether any privilege was waived. There are several antecedent facts that also go to establishing how and when "the issue" was inserted or "injected" into the 2017 litigation and who first "injected" it.

17. In paragraph 10 of his motion to dismiss, the defendant asserts "there was no contract between the parties in this case, actual or implied." The existence of a contract, actual or implied, is a factual issue and it is here disputed. The defendant cannot dispute facts through a motion to dismiss but he has done so any way. Given that he has done, discovery is appropriate.

18. It should be noted that the defendant cites in a footnote that "The January 2017 circuit court litigation proceeded in the name of Natalie Anderson only. See Case Summary in 459-2017-LT-00010, attached as Exhibit J at 146." This evidently is intended to support his specious contentions but it is misleading because the February 2017 litigation in superior court proceeded in both of plaintiffs' names.

19. It should be noted further that the defendant inserts another footnote stating that:

> Even if Attorney Terrell [successor counsel] is later admitted to appear in this case pro hac vice, the Court would still deny the plaintiff's motion to disqualify him. Based on the parties' pleadings and the evidence adduced at the hearing on April 27, 2017, Attorney Terrell did not receive any confidential or privileged information from his contact with Attorney Donais. From his testimony, it appears that Attorney Terrell only spoke with Attorney Donais about the factual outlay of the already-filed 540-A petition. That information was part of the public record, and therefore not confidential or privileged.

20. Here the defendant is seeking to introduce facts to contradict the amended complaint. This is not allowed. And since he has done so, the plaintiff is now entitled to seek discovery on the factual issues that he seeks to dispute. The issue of whether "Attorney Terrell only spoke with Attorney Donais about the factual outlay of the already-filed 540-A petition" has not been fully or properly tested as Donais has never been examined under oath and in fact, with respect to the proceeding referenced, Donais evaded a subpoena from a Hillsborough county sheriff by hiding in his office when the sheriff knocked on his office door. Donais needs to be examined under oath via deposition and written discovery regarding all that was said by him to Terrell,

to Akridge, to Terrell's assistant, to Obrien, and to others. Donais cannot offer tailored limited one-sided affidavits from 8 years ago from Akridge, Obrien, and himself, etc., and expect that to be the end of it in terms of establishing facts and contradicting facts in this lawsuit, with no opportunity to test/examine these affiants and himself under oath.

21. Similarly, the defendant asserts that "there were no advantageous relations to be interfered with on the face of the complaint." What face of the complaint? The original complaint? This is an erroneous argument. The defendant still wants to hold plaintiff to the original complaint as a basis for dismissal, of the amended complaint. Yet, in any event, here Donais asserts a factual position and seeks to dispute the facts in the amended complaint. The issue of whether there were any advantageous relations to be interfered with is a matter that needs to be established via discovery. The same thing goes for Donais asserting that there was no contractual relations to interfere with.

22. Further in paragraph 17, the defendant asserts that "Nothing about the defendant's alleged conduct could be characterized as "reprehensible,"". Here he seeks to contradict the amended complaint. This also warrants discovery regarding all of the statements made by Donais, to whom, what exactly did he say, and how many times, and what was the effect or intended effect. These are factual questions that can only be resolved after discovery.

23. By his own admission, in paragraph 8, Donais attaches: "

> The Donais affidavit and the pleadings in the circuit and superior courts relating to disqualification of counsel (Exhibits A-F, at 10). In addition, the original landlord tenant petition filed in the circuit court by plaintiff Anderson on January 9, 2017 (Exhibit G, at 64), the motion to dismiss this petition filed January 17, 2017 by defendant Donais (Exhibit H3, at 72), and the superior court order issued May 5, 2017 (Exhibit I, at 140) are attached to this motion.

24. But this does not tell the whole story. Each of these attachments contain numerous other evidentiary attachments designed to introduce new facts in to this case that are outside of the amended complaint and to contradict facts in the amended complaint. These include multiple one-sided affidavits by affiants that have never been cross-examined/tested under oath, phone records of other parties that are not part of the case, multiple unauthenticated emails between/among other parties that have never been subject to any verification, and several one-sided cherry-picked motions from 8 years ago that contain factual assertions and arguments designed to attack the credibility of the plaintiffs. The strategy here is clear: to use these attachments as a trojan

4

horse to introduce factual disputes to attack the amended complaint while attempting to do an end-run around the prohibition to not do so. Discovery is more than warranted under these circumstances.

### IV. FURTHER POINTS

25. Moreover, the 6-5-25 order explicitly stated that consideration of materials outside the pleadings is improper on a motion to dismiss. The Court noted that plaintiffs were correct about the impropriety of considering extraneous materials and that such materials would not be considered. See screenshot of the 6-5-25 order on summary judgment conversion:

> In ruling on the defendant's motion to dismiss, the Court has accepted as true, and relied only upon, the factual allegations as set forth in the Complaint. While the plaintiffs are correct that consideration of, and reliance upon, defendant's evidence submitted in conjunction with their motion to dismiss would not be proper, the Court has not done so. Accordingly, the Court has treated the defendant's motion as it was filed-- as a motion to dismiss. Therefore, there is no basis at this juncture to treat it as a motion for summary judgment. Accordingly, the motion is DENIED.
>
> This is a Service Document For Case: 216-2029-CV-00027
> The Borough Superior Court Northern District                    June 5, 2025
> 6/5/2025 4:21 PM   Honorable Amy B. Messer

26. Despite this clear guidance/directive, Donais repeated the identical procedural violation in his motion to dismiss the amended complaint, including the very same documents the Court previously found improper.

27. Thus, Donais's motion and reply directly violates this court's explicit 6-5-25 guidance that consideration of materials outside the pleadings is improper on motions to dismiss. This willful disregard further demonstrates that Donais understood the Court's position but chose to proceed anyway, knowing the Court could convert to summary judgment, **allow discovery**, or strike his materials. His reply's objection to these procedural remedies while introducing additional evidence compounds the violation, and confirms his intent to exploit procedural irregularities for tactical advantage. This creates the kind of unfair procedural advantage that mandates discovery or conversion to summary judgment.

28. Donais's approach creates fundamental procedural unfairness, creating impossible procedural burdens for plaintiffs while claiming procedural advantages for himself. He attaches over 200 pages of exhibits (including attachments in his recent reply) spanning 8 years while plaintiffs have been afforded no adequate time to prepare, organize, or incorporate responsive exhibits. Preparation of exhibits requires substantial time to line up, incorporate, and attach documents with proper headers/numbering. This procedural burden, imposed without adequate extension of time, while Donais claims plaintiffs have seen these before (from 8 years ago), is wholly unfair and draconian. So, in sum, he attaches over 200 pages of exhibits spanning 8 years, then demands immediate response claiming plaintiffs have seen these before from 8 years ago. This position further

ignores the substantial work required to, minimally, organize, prepare, and incorporate responsive exhibits with proper headers and numbering, beyond the analytical work involved in reviewing the substance of the exhibits and preparing substantive response to that.

29. For example, Donais now asserts that his motion to dismiss amended complaint had missing several exhibits H, K and L (with multiple pages totaling around/over 12 pages), from a 60-page motion to dismiss in the circuit court, which he now includes for the first time in his reply to the objection to the motion to dismiss. In order for plaintiff to have caught this, he would have had to meticulously compare the original circuit court motion to his exhibit attached to the motion to dismiss amended complaint. This takes an extraordinary amount of time to review, compare and catch issues like this. It is totally unfair to expect plaintiff, who is pro se, and has ADA issues, to accomplish superhuman tasks like this, that no trained lawyer (without ADA issues) would be expected to accomplish. This inclusion of new exhibits in the reply further highlights the complete unfairness and lobsided nature of these proceedings and how things are stacked against the plaintiff but in favor of the defendant.

30. Plaintiffs have been afforded no adequate time extension despite the overwhelming nature of Donais's materials. The Court limited plaintiffs' amended complaint to 25 pages while allowing Donais to present 151 pages in response, creating fundamental unfairness that his reply compounds by introducing additional evidence. Moreover, plaintiffs cannot determine how to respond properly because Donais objects to every procedural remedy while the Court has not yet ruled on whether his extraneous materials will be considered, converted, or stricken. Thus, plaintiffs cannot know whether the Court will strike or consider the extraneous materials, making it impossible to determine how to properly respond and with exactly what attachments. This uncertainty is precisely why rules exist against including facts and materials outside the complaint, as it unfairly burdens opposing parties and prevents effective response. [Note: The last time around, the court informed the plaintiff that it would not consider the extraneous facts and materials[2], but did so **after** it ruled on the motion to dismiss original complaint, while never allowing the plaintiff to supplement his objection (which would

---

[2] Note: Although the court stated this in the summary judgment conversion order, a close review of the 6-5-25 order on the motion to dismiss shows that the court did use/rely on certain information/facts supplied only by the motion to dismiss original complaint, that were not present in the original complaint. This was not fair and the plaintiff is concerned that the court is going to do this again.

include substantive arguments which were not really included in the initial placeholder objection that focused on procedural issues such as the need to strike the extraneous materials/facts, etc.) which the plaintiffs strenuously requested to do several times but was ignored and eventually denied after the court ruled on the motion to dismiss. This was unfair and highly prejudicial. Moreover, the court never allowed plaintiff adequate time to file reconsideration motion where he could raise substantive arguments. Furthermore, the court should resolve these extraneous issues before ruling on a motion to dismiss.

31. Donais's approach represents unprecedented manipulation of motion practice rules. He files defective exhibits, waits for objections, introduces expanded versions in reply, then objects to allowing plaintiffs any response. This sequence violates every principle of fair adversarial proceedings and demonstrates why discovery and further briefing is necessary to prevent tactical abuse of procedural rules. Further, this involves one-sided presentations that deny fundamental fairness.[3]

32. Allowing defendants to introduce new evidence in reply while denying plaintiffs the opportunity to respond violates fundamental principles of adversarial proceedings. The necessity for discovery becomes even more critical if the Court determines not to hold a hearing on the motion to dismiss. Donais has systematically objected to plaintiffs' motion for hearing while simultaneously introducing new evidence and procedural arguments in his reply that were not presented in his original motion. If the Court resolves this potentially case-ending motion based solely on written submissions, fundamental fairness demands that impermissible material be stricken from the record so that plaintiffs can truly know what is or remains on the table to be addressed. Without a hearing and without discovery, the Court will have no opportunity to examine witnesses, test the credibility of competing factual assertions, or explore the procedural irregularities that plaintiffs have identified. If the written record becomes the sole basis for resolution, then making record clear/streamlined is essential to fair adjudication. Donais's introduction of new exhibits and procedural arguments in reply creates the type of one-sided record that violates due process, especially when hearings are not conducted.

---

[3] Note: Hilliard is a seasoned 74 year old attorney who is well-versed in manipulative tactics. The pro se African American plaintiffs are no match for his unfair tactics. The court should not countenance such tactics and should seek to protect plaintiffs from such gamesmanship.

33. The complexity of the procedural issues, including whether materials should be stricken, converted to summary judgment, or subjected to discovery, requires proper resolution of the record.

### V. FURTHER ON SCOPE OF REQUESTED DISCOVERY

34. Plaintiffs seek narrowly tailored discovery limited to the following topics, all of which are critical to rebutting Donais's defenses:

### A. Communications Pertaining to the March 2017 Affidavit and Disqualification Motion

35. Donais attached to his motion to dismiss several documents pertaining to his affidavit and his objection to a disqualification motion. Evidently, the purpose of him doing this is to try to establish facts regarding what occurred on the 1-9-17 call, as well as before and after the call. Either way, Donais has made this an issue by attaching these documents and so, if these documents will not be stricken, then discovery is needed as follows:

   a.  All emails, drafts, and written communications between Craig Donais and Karl Terrell, Brian Snow, Dave Akridge, and any Hilton representatives from January 23, 2017 (Donais's withdrawal as counsel) through May 2017, concerning the preparation, content, and purpose of the March 2017 affidavit, and the motion to disqualify.

   b.  All communications regarding the decision to include the racism accusation in the affidavit, and whether it was discussed as relevant to the disqualification issue.

   c.  Any communications, notes, or documents reflecting Donais's knowledge of the truth or falsity of the statements in his affidavit, including prior versions of the affidavit and any discussions with other attorneys about the content of the January 9, 2017 call.

   d.  Any communications with Attorney Elliott Berry, Attorney Robert O'Brien, or others about the January 9, 2017 call.

   e.  All communications between Donais and Robert O'Brien regarding the contents of the call.

   f.  All communications between Donais, Karl Terrell, and Hilton (e.g., emails, drafts of the affidavit).

   g.  Any evidence that goes to whether Donais knew his assertion of an accusation of racism against him by plaintiff was false (e.g., internal notes, prior inconsistent statements).

### C. Conflict Check and Timeline Evidence

36. All documents reflecting when Donais first communicated with Hilton, Akridge, or their counsel regarding representation in this matter, and when any conflict check was performed.

37. Any documents or communications showing Donais's knowledge of a conflict of interest at the time of the January 9, 2017 call.

38. These conflict check records goes to whether Donais knew of his conflict before advising plaintiff and before representing Hilton.

### D. Other Narrowly Tailored Requests

39. Documents and testimony directly tied to Donais' defenses including emails/communications (Jan–Mar 2017): Between Donais, Terrell, and Hilton regarding the disqualification motion and affidavit.

40. Drafts of Donais' Affidavit to show when the racism accusation was added and whether it was relevant.

## VI. NO PREJUDICE TO DEFENDANT

41. The discovery is limited to specific, time-bound issues.

42. Donais' own motion relies on factual assertions that require testing.

## VII. NO PRIVILEGE BARS DISCOVERY
### A. Communications with Third Parties

43. Communications between Donais and third parties (such as Terrell and Snow) after his withdrawal are not privileged unless they meet all requirements and were made for the purpose of legal advice, intended to be confidential; and were between attorney and client only (not just between two lawyers or between a former lawyer and current counsel).

44. The February and March 2017 communications between Craig Donais (after his withdrawal as counsel for Hilton defendants) and Brian Snow, Karl Terrell, and Hilton representatives, including emails and drafts relating to the March 2017 affidavit, are generally subject to discovery in New Hampshire Superior Court unless they are protected by a valid privilege. However, Donais's ability to claim attorney-client privilege or work product protection over those communications is limited and, in this context, inapplicable.

### B. Attorney-Client Privilege After Withdrawal

45. The privilege only protects communications between an attorney and a client made for the purpose of facilitating legal services. See N.H. R. Evid. 502(b); Hampton Police Assn., Inc. v. Town of Hampton, 162 N.H. 7, 15 (2011). After Donais withdrew as counsel in January 2017, he was no longer acting in a legal capacity for Hilton or its agents. Communications after his withdrawal are not automatically privileged simply because they are with former clients or their new attorneys.

46. If Donais was not acting as Hilton's lawyer in February/March 2017, his communications with Hilton, Terrell, or Snow are not privileged.

47. If Donais was acting as a witness (e.g., preparing an affidavit about a prior event), those communications are not privileged legal advice, but are discoverable as fact witness communications.

### C. Work Product Doctrine

48. The work product doctrine (Superior Court Rule 35b(2)) protects documents prepared by or for a party or its representative in anticipation of litigation. However, this protection is qualified, not absolute. If Donais was not a representative of Hilton at the time, or if the documents were prepared as a witness statement rather than as legal work for a client, the work product privilege does not apply.

49. If Donais was not representing Hilton, but was merely a witness, his communications and drafts are not protected work product. Even if some work product protection applies, it can be overcome if the materials are essential to one' case and cannot be obtained elsewhere.

### VIII. CONVERSION TO SUMMARY JUDGMENT

50. When a defendant introduces matters outside the pleadings in support of a motion to dismiss, the motion must be treated as one for summary judgment. Donais's objection fails to address the central issue: his motion to dismiss relies on extensive extraneous materials that create genuine issues of material fact requiring summary judgment procedures. See also White v. Peabody Construction Co., 386 Mass. 121, 126 (1982) ("a motion to dismiss under rule 12(b)(6) generally may not rely on facts outside the pleadings").

51. This underscores that affidavits cannot be used to establish matters outside the pleadings without procedural safeguards, and that reliance on such affidavits without considering them as part of a summary judgment record is fundamentally procedurally flawed. Further, the use of affidavits outside the pleadings in the context of motions to dismiss violates procedural due process when the opposing party is deprived of the opportunity to respond, challenge, or develop contrary evidence.

52. Further, when material outside the pleadings is presented, the judge may convert the motion to summary judgment, but only after providing notice "to ensure that neither party is taken by surprise by the judge's reliance on material outside the pleadings and thereby deprived of an opportunity to present further material in response."

53. The fundamental purpose of the conversion requirement is to prevent parties from being "deprived of an opportunity to present further material in response" when courts consider materials beyond the pleadings. Here, Defendant submitted extensive affidavits and attachments containing disputed factual assertions that go far beyond the amended complaint.

54. It should be evident that the above grounds for discovery also support conversion to summary judgment and are essentially flipsides of the same coin. Granting conversion to summary judgment would effectively mean discovery should be allowed, and vice versa.

55. Further, the amended complaint alleges that during the January 9, 2017 conversation, Donais provided legal advice, created an attorney-client relationship, and received confidential information from plaintiff's husband regarding their landlord-tenant dispute with Homewood Suites. Donais's affidavit and supporting materials dispute these factual allegations, creating precisely the type of genuine issues of material fact that require summary judgment procedures.

56. The factual disputes include:

   a. <u>Duration and Nature of Communication:</u> The amended complaint alleges a substantive attorney-client consultation, while Donais characterizes it as a brief declination of representation. This fundamental disagreement about what occurred during their conversation cannot be resolved by accepting the plaintiff's allegations as true while simultaneously considering defendant's contradictory evidence.

   b. Scope of Information Disclosed: Plaintiff alleges disclosure of confidential information sufficient to create ethical obligations, while Donais claims no confidential communications occurred. This dispute goes to the heart of multiple claims in the amended complaint.

   c. <u>Formation of Attorney-Client Relationship</u>: The amended complaint alleges facts establishing implied contractual and fiduciary relationships arising from the consultation, which Donais denies. This factual dispute affects multiple counts in the amended complaint.

   d. <u>Subsequent Use of Information</u>: The complaint alleges Donais improperly used information gained during the consultation to advantage his representation of Homewood Suites, while Donais denies having

received any usable information. This dispute bears on claims of breach of fiduciary duty and professional misconduct.

57. Allowing Donais to rely on extensive extraneous materials while denying plaintiff the opportunity for discovery and counter-evidence violates basic due process. Donais's motion essentially asks the court to weigh competing versions of disputed facts without providing plaintiff the procedural protections afforded in summary judgment proceedings.

58. The one-sided nature of Donais's presentation is particularly problematic. His affidavit and supporting materials present only his version of events, while plaintiff has been afforded no opportunity to conduct discovery, depose witnesses, or present countervailing evidence. This procedural asymmetry violates the fundamental principle that factual disputes must be resolved through appropriate procedures with adequate safeguards for all parties.

59. The court should grant plaintiff's motion to convert and provide appropriate notice and opportunity for discovery before ruling on what will then be a motion for summary judgment. This procedural step is essential to ensure fundamental fairness and proper application of the summary judgment standard.

60. By relying on these extraneous materials, Defendant has transformed the motion into one that seeks adjudication on factual disputes that require evaluation under Rule 56 standards. Plaintiff will be prejudiced if these extraneous materials are considered without affording an opportunity for discovery or submission of countervailing evidence.

61. If conversion is denied, it will cause substantial and irreparable prejudice to Plaintiffs. Defendants have introduced numerous disputed factual assertions through their affidavits and attachments.

62. These assertions directly contradict factual allegations in Plaintiff's complaint.

63. By permitting Defendants to rely on these affidavits while denying Plaintiff any opportunity for discovery, the Court has created a fundamentally unfair procedural situation where one party can introduce disputed evidence while the other is prevented from testing or rebutting that evidence.

64. This violates basic due process principles and the adversarial nature of our legal system.

65. As other courts recognized, parties should not be "taken by surprise by the judge's reliance on material outside the pleadings and thereby deprived of an opportunity to present further material in response."

## IX. CONCLUSION

66. Without this discovery, Plaintiffs will be severely prejudiced, as key evidence about Donais's intent, the relevance of his statements, and the factual context of his statements is exclusively in the possession of Donais and his former co-counsel. The defense's motion to dismiss relies on factual assertions that cannot be tested or rebutted without access to these materials.

67. For the foregoing reasons, Plaintiffs respectfully request that the Court grant limited pre-answer discovery on the topics outlined above, including:

   a. All communications between Donais and Hilton/Akridge from December 2016 to January 2017;

   b. Drafts of Donais' affidavit and correspondence with Terrell regarding its contents;

   c. Donais' conflict check records;

   d. Post-affidavit communications where Donais repeated the racism accusation;

   e. All communications and documents related to the factual issues and disputes identified herein.

68. This discovery is narrowly tailored, essential to resolving factual disputes, and consistent with New Hampshire's policy favoring merits-based adjudication.

## V. PRAYER FOR RELIEF

69. WHEREFORE, Plaintiffs respectfully request that the Court:

   a. Grant this motion for limited discovery prior to resolution of Defendant Donais's pre-answer motion to dismiss;

   b. Order Defendant Donais to produce the discovery described above within 30 days; or

   c. Grant such further relief as the Court deems just and proper.

Respectfully submitted,
/s/ Andre Bisasor
ANDRE BISASOR

Date: September 26, 2025

## CERTIFICATE OF SERVICE

I certify that the foregoing was served on all parties/counsel of record via the court's electronic filing system.

/s/ Andre Bisasor
ANDRE BISASOR