Filed
File Date: 9/2/2025 11:53 PM
Hillsborough Superior Court Northern District
E-Filed Document

STATE OF NEW HAMPSHIRE – HILLSBOROUGH SUPERIOR COURT NORTH
Case: #216-2020-CV-00027 | Natalie Anderson, et al v Hilton Hotels Worldwide Inc., et. al.

## PLAINTIFF NATALIE ANDERSON'S MOTION FOR LIMITED DISCOVERY

1. Plaintiff Natalie Anderson respectfully moves this Court to allow limited discovery with respect to Donais's Motion to Dismiss the Amended Complaint, and in support thereof state as follows:

2. All facts stated in the complaint are to be assumed true for purposes of a motion to dismiss.

3. All pleadings shall be construed as to do substantial justice. BURT VS. CITY OF NEW YORK, 2Cir., (1946) 156 F.2d 791

4. Courts should not dismiss a complaint in which the plaintiff has a legal basis for a claim but has made a technical error that renders the complaint invalid. In such a case, courts should allow the petitioner to amend the complaint. No "complaint" should be dismissed if that complaint is supported by a valid claim.

5. "A complaint should not be dismissed for failure to state a claim, even though inartistically drawn and lacking in allegations of essential facts, if it cannot be said that under no circumstances will the party be able to recover." JOHN EDWARD CROCKARD VS. PUBLISHERS, SATURDAY EVENING POST MAGAZINE OF PHILADELPHIA, PA (1956) Fr Serv 29, 19 F.R.D. 511, DCED Pa 19 (1958).

6. A motion to dismiss is properly denied if further discovery would yield material evidence or material facts in the movant's exclusive knowledge which would allow them to proceed with their claim. See, Rochester Linoleum and Carpet Center, Inc. v. Cassin, 61 A.D.3d 1201 (3d Dep't 2009).

7. In this case, further discovery would yield material evidence and material facts in the defendant's exclusive knowledge which would allow plaintiffs to proceed with the claims.

8. No discovery has occurred as yet. No defendant has yet provided an Answer to the complaint.

9. Defendant's Motion improperly introduces disputed facts outside the pleadings. At the motion-to-dismiss stage, the Court must accept as true all well-pleaded allegations in the Complaint and may not consider extrinsic evidence unless converting the motion into one for summary judgment. For example, the inclusion of one-sided unverified untested affidavits by Donais and his colleagues, which introduces not only additional facts but facts that dispute facts stated in the complaint, further underscores this procedural impropriety.

10. Plaintiffs hereby ask the court to defer decision on the motion to dismiss, to allow discovery on disputed facts asserted by the defendants, including in the affidavits, emails, pleadings, filed by them, that go outside of the four corners of the amended complaint.

11. Whenever a plaintiff demonstrates that his complaint allegations can be supplemented through discovery, the law is well-settled that a plaintiff has the right to conduct discovery.

12. Discovery is warranted here because the record currently before the court is plainly inadequate.

13. This discovery will elicit further information about the above issues.

14. The defendants cannot challenge or dispute these factual issues in a motion to dismiss or ask the court to resolve them in a motion to dismiss, without any discovery or summary judgment procedure.

15. These are critical issues to resolve before the court can look at any of the larger questions of this case including any alleged failure to state a claim.

16. Plaintiffs therefore request, in the interests of judicial equity, that the court permits an opportunity for plaintiffs to take limited discovery in order to properly defend against the expanded nature of the defendants' motions to dismiss (without which plaintiffs believe they would be deprived of proper due process, and of the right to a fair opportunity for a fair trial/proceeding).

17. Plaintiffs are only seeking limited discovery. The court can narrowly tailor discovery to the proper limits.

18. Plaintiffs ask for the minimum necessary discovery to defend the case against the defendants' assertions and use of disputed facts outside of the complaint. Limited discovery is needed to establish necessary facts that go to the disputed factual arguments raised implicitly or explicitly by the defendants in the motion to dismiss. This also goes to the issue of the defacto conversion to a motion for summary judgment.

19. Limited discovery is appropriate in this case, in order to gather necessary information to support plaintiffs' claims and ensure a fair and just resolution of this case. Limited discovery is in the interest of justice, as it will ensure a fair and thorough examination of the relevant facts, and contribute to the just resolution of this case.

20. If the court is inclined to rule in the defendants' favor in all aspects, at this motion to dismiss stage, without any discovery at all, then that would be unfair and would constitute reversible error.

21. WHEREFORE, the Plaintiff respectfully request that this Court:

a.  Allow limited discovery;
b.  In the alternative, schedule a hearing on this motion;
c.  In the alternative, schedule a case management conference;
d.  Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,
/s/Natalie Anderson
NATALIE ANDERSON

Date: September 2, 2025

## CERTIFICATE OF SERVICE

I certify that the foregoing was served on all parties/counsel of record via the court's electronic filing system.

/s/Natalie Anderson
NATALIE ANDERSON

3