Filed
File Date: 9/2/2025 11:53 PM
Hillsborough Superior Court Northern District
E-Filed Document

STATE OF NEW HAMPSHIRE – HILLSBOROUGH SUPERIOR COURT NORTH
Case: #216-2020-CV-00027 | Natalie Anderson, et al v Hilton Hotels Worldwide Inc., et. al.

**PLAINTIFF NATALIE ANDERSON'S MOTION TO CONVERT TO SUMARY JUDGMENT**

1. Plaintiff Natalie Anderson respectfully moves this Court to convert to summary judgment with respect to Donais's Motion to Dismiss the Amended Complaint, and in support thereof state as follows:

2. Plaintiffs request that the Court to convert the Defendants' Motion to Dismiss into a Motion for Summary Judgment.

3. Defendants' Motion to Dismiss improperly includes and relies upon materials outside the pleadings, including affidavits and exhibits that introduce disputed facts and extraneous evidence not contained within the four corners of the Complaint. Under the rules of procedure, when matters outside the pleadings are presented and not excluded by the Court in connection with a Rule 12(b)(6) motion, the motion must be treated as summary judgment under Rule 56. The inclusion of one-sided unverified, untested, uncrossed affidavits from Donais and his colleagues/friends, along with other attached exhibits ( including unauthenticated emails, letters, unsigned pleadings purportedly from other cases, phone records, etc.), as well as other such issues that the defendant is disputing in the motion to dismiss, constitutes reliance on materials outside the pleadings that require conversion of Defendants' motion to dismiss into a motion for summary judgment.

4. When converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment, all parties must be given notice and a reasonable opportunity to present all material pertinent to such a motion. Courts have consistently held that reliance on extraneous materials in support of a motion to dismiss mandates conversion into a summary judgment motion (see Swedberg v. Marotzke, Vorleamesi v. Esper, and related authorities).

5. By relying on these extraneous materials, Defendant has transformed the motion into one that seeks adjudication on factual disputes that require evaluation under Rule 56 standards. Plaintiff will be prejudiced if these extraneous materials are considered without affording an opportunity for discovery or submission of countervailing evidence.

6. WHEREFORE, the Plaintiff respectfully request that this Court:

   a. Convert to summary judgment;
   b. In the alternative, schedule a hearing on this motion;
   c. In the alternative, schedule a case management conference;
   d. Grant such other and further relief as this Court deems just and proper.

1

Respectfully submitted,
/s/Natalie Anderson
NATALIE ANDERSON

Date: September 2, 2025

## CERTIFICATE OF SERVICE

I certify that the foregoing was served on all parties/counsel of record via the court's electronic filing system.

/s/Natalie Anderson
NATALIE ANDERSON