**Filed**
**File Date: 10/6/2025 8:31 AM**
**Hillsborough Superior Court Northern District**
**E-Filed Document**

STATE OF NEW HAMPSHIRE – HILLSBOROUGH SUPERIOR COURT NORTH

Case: #216-2020-CV-00027 | Natalie Anderson, et al v Hilton Hotels Worldwide Inc., et. al.

## [CORRECTED] PLAINTIFFS' [EMERGENCY] MOTION FOR PARTIAL SUMMARY JUDGMENT ON BREACH OF FIDUCIARY DUTY

1. Plaintiffs move for partial summary judgment on the breach of fiduciary count of the amended complaint, seeking judgment as a matter of law that Craig Donais ("Donais") breached his fiduciary duty to plaintiffs arising from the prospective attorney-client relationship established in the direct 1-9-17 consultation (and indirect 1-5-17 consultation).

## I. INTRODUCTION

2. This motion seeks partial summary judgment on a narrow issue: whether Donais breached fiduciary duties owed to plaintiffs as prospective clients by disclosing confidential information from their consultation to unauthorized 3rd parties. Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Undisputed facts establish all elements necessary for claim liability as a matter of law.

## II. STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

3. Below are uncontroverted facts established by Donais own admissions/court records, etc with no genuine issue for trial.

### A. Establishment of Prospective Attorney-Client Relationship

4. On 1-6-17, plaintiff Andre Bisasor left a voicemail for defendant Donais seeking legal representation regarding a landlord-tenant dispute with Homewood Suites. On 1-9-17, Donais returned Bisasor's call and engaged in a 7-minute telephone consultation. Donais admits this consultation occurred and lasted approx. 7 minutes. During this consultation, Bisasor disclosed confidential information about plaintiffs' claims against Homewood Suites, the allegations of disparate treatment, and the urgent legal predicament. This consultation was conducted with mutual understanding that it was for the purpose of evaluating potential legal representation and was subject to attorney-client confidentiality.

### B. Judicial Recognition of Attorney-Client Relationship

5. On 1-18-17, in the Nashua District Court case involving plaintiffs and Homewood Suites, during a hearing, Judge Paul Moore found that an attorney-client relationship [and thus fiduciary duty] existed between Donais and plaintiffs based on the 1-9-17 consultation. As a direct result of this finding, Donais was required to withdraw from representing Homewood Suites due to conflict of interest created by his prior consultation with plaintiffs. That Donais withdrew as a result Judge Moore's finding and guidance in the 1-18-17 hearing, is undisputed. NB: This also included indirect consultation with Plaintiff Natalie Anderson through Attorney Robert Obrien. See attached for further on this point.

### C. Subsequent Breaches of Confidentiality

6. Despite the confidential nature of the 1-9-17 consultation, Donais subsequently disclosed information obtained during that consultation to multiple third parties without plaintiff's consent, including his wife Mary Donais, his sons Garrett and Aiden Donais, members of the Manchester Crime Line Board, and other family members and colleagues.

1

7. These disclosures occurred well outside of any possible litigation context. The disclosures were made for purposes of harming plaintiff's reputation and protecting Donais's own interests rather than for any legitimate legal purpose.

8. Further, prior to being hired by Homewood Suites, Donais disclosed confidential information from the 1-9-17 call to Homewood Suites' principals and agents. He did so without obtaining consent from the plaintiffs. This is undisputed. Donais was not required to disclose, and should not have disclosed, this information to them as unauthorized third parties. Donais' desire to represent Homewood Suites does not relieve him of his fiduciary duty to the plaintiffs to protect the confidentiality of the 1-9-17 consultation with him. There is no way around this hard cold fact. Donais has admitted to this unauthorized disclosure to them, prior to being hired by them. See also attached memorandum/exhibits.

### D. Fabricated Allegations

9. Furthermore, in connection with these disclosures, Donais fabricated false allegations that Bisasor had accused him of racial discrimination during the 1-9-17 consultation. These fabricated allegations were designed to portray Bisasor as an unreasonable person, who makes frivolous accusations of racism, on a whim and without any logical reason or evidence, thereby damaging Bisasor's reputation/credibility, but also breaching the fiduciary duty owed to him.

### III. SUMMARY OF ARGUMENT
### A. Fiduciary Relationship Established as Matter of Law

10. Under NH law and NH Rule of Professional Conduct 1.18, prospective clients are entitled to the same confidentiality protections as actual clients. Rule 1.18 explicitly states: "*a person who provides information to a lawyer regarding the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client*" and that "*a lawyer who has received and reviewed information from a prospective client shall not use or reveal that information.*"

11. The 1-91-17 consultation unquestionably created a prospective attorney-client relationship. Bisasor contacted Donais seeking legal advice, Donais engaged in a substantive consultation lasting 7 minutes, and confidential information was disclosed for the purpose of evaluating potential representation. Judge Paul Moore's finding that an attorney-client relationship existed confirms this conclusion as a matter of law. The existence of this fiduciary relationship cannot be disputed by defendant. His own affidavit acknowledges the consultation occurred, and his withdrawal from Homewood representation demonstrates his recognition of the ethical obligations created by that consultation.

### B. Breach of Fiduciary Duty Established Without Dispute

12. The elements of breach of fiduciary duty are: (1) existence of a fiduciary relationship, (2) breach of duty arising from that relationship, (3) causation, and (4) damages. Each element is established without genuine dispute.

2

13. First, the fiduciary relationship exists as established above. Second, Donais breached this duty by disclosing confidential information to unauthorized third parties for improper purposes. The duty of confidentiality owed to prospective clients is absolute and continues indefinitely. Donais disclosed consultation information to family members and colleagues without any legitimate justification. Third, causation is established by the direct connection between Donais's disclosures and harm to plaintiffs' reputation and case. Donais further used confidential information as the foundation for fabricated allegations designed to damage plaintiffs' credibility. Fourth, damages are established through reputational harm, emotional distress, and other injuries flowing from these breaches. See attached memorandum, affidavits & exhibits.

### C. No Legitimate Defense Exists

14. NH Prof. Conduct Rule 1.6(b)(3) permits disclosure only "to defend claims regarding [the lawyer's] conduct," but this exception does not authorize wholesale disclosure to unauthorized 3rd parties including to adverse parties in order to be hired by said adverse parties, nor to family members, colleagues, and community organizations for purposes of damaging a former client's reputation. Donais cannot claim any legitimate defense for disclosures to private parties that occurred years after litigation concluded. Moreover, even if Donais were permitted to defend against specific claims in this instance, he cannot fabricate false allegations or disclose confidential information beyond what is necessary for such defense. His conduct far exceeded any legitimate defensive purpose and was designed to inflict harm.

### D. Undisputed Facts Compel Judgment

15. The critical facts establishing liability are undisputed: the consultation occurred, confidential information was disclosed, Donais subsequently revealed that information to unauthorized 3rd parties, and the disclosures were improperly made. Donais cannot genuinely dispute these facts because they're established by his own admissions, court records, and objective evidence. The only remaining question concerns scope of damages, which is properly reserved for trial or subsequent proceedings. The threshold liability issue should be resolved as a matter of law based on undisputed record.

### IV. CONCLUSION

16. This motion is accompanied by affidavits in support, a supporting memorandum of law and a record of exhibits, and statement of material facts. The undisputed facts establish defendant's breach of fiduciary duty as a matter of law. Judge Paul Moore's finding of an attorney-client relationship, combined with defendant's own admissions regarding the consultation and subsequent disclosures, eliminate any genuine factual dispute regarding liability. Partial summary judgment will narrow the issues for trial and serve judicial efficiency by resolving this clear-cut claim of misconduct.

17. WHEREFORE, plaintiffs respectfully request that this Court grant partial summary judgment on Count 6 of the amended complaint, finding defendant liable for breach of fiduciary duty as a matter of law. See also the attached.

Respectfully submitted[1],

/s/ Natalie Anderson
NATALIE ANDERSON

/s/ Andre Bisasor
Date: October 6, 2025                                                                ANDRE BISASOR

## CERTIFICATE OF SERVICE

I certify that the foregoing was served on all parties/counsel of record via the court's electronic filing system.

/s/ Andre Bisasor
ANDRE BISASOR

---

[1] NB: This is submitted as a corrected version of the prior submission of this motion, which is now hereby being submitted by both plaintiffs ( and is also done prior to a response by the defendant). This also is now accompanied by a memorandum of law, affidavits in support and exhibits, which points, facts and arguments are fully incorporated herein as if fully stated herein. As it is a dispositive motion, Plaintiffs request hearing on the motion and also that it is heard/decided at the same time as any other dispositive motion including defendants' motion to dismiss amended complaint.