**Filed**
**File Date: 9/23/2025 12:44 PM**
**Hillsborough Superior Court Northern District**
**E-Filed Document**

STATE OF NEW HAMPSHIRE – HILLSBOROUGH SUPERIOR COURT NORTH

Case: #216-2020-CV-00027 | Natalie Anderson, et al v Hilton Hotels Worldwide Inc., et. al.

## PLAINTIFF ANDRE BISASOR'S EMERGENCY MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT DONAIS'S REPLY TO OBJECTION TO MOTION TO DISMISS

1. Plaintiff Andre Bisasor ("Bisasor") respectfully move for [emergency] leave to file a surreply to defendant Donais's reply to plaintiffs' objection to his motion to dismiss the amended complaint. Exceptional circumstances mandate this relief because Donais's reply introduces new evidence while simultaneously seeking to silence plaintiffs' response through calculated procedural gamesmanship that violates fundamental fairness principles.

2. NB: Bisasor is quickly filing this motion one day after the filing of Donais' reply. This is because Bisasor does not know the timetable by which the court plans to rule on the pending motions including the motion to dismiss. Therefore, time is of the essence in getting this motion before the court and is the reason why this motion is styled as an emergency. Furthermore, Bisasor is not able to prepare/complete a proposed surreply to attach to this motion, if that is the expectance, as there is literally no adequate time to do so under the circumstances. Bisasor asks the court to allow a reasonable time to file the surreply if this motion is granted.

### I. PREFACE: RESERVATION OF RIGHTS INCLUDING FOR CO-PLAINTIFF

3. Plaintiff Anderson ("Anderson") is not able to file a motion today. Further, the plaintiffs have not been able to confer due to reasons outlined in the pending sealed ADA motion.

4. Bisasor therefore specifically reserves the right of co-plaintiff Natalie Anderson to file her own separate motion. Anderson has independent standing as a co-plaintiff and possesses separate rights to challenge the defendant's motion to dismiss and reply. Nothing herein should be construed as waiving or limiting Anderson's independent right to file her own pleadings regarding this issue, and she retains full discretion regarding her rights which remain intact. Also, Bisasor files this pleading, protectively, in the abundance of caution. Further, Bisasor filed this in haste.

5. Moreover, Donais used his reply to the objection to the motion to dismiss to complete his motion to dismiss which contained unsigned and missing documents, by attaching purportedly signed documents, along with new exhibits, that were missing from the motion to dismiss. This is totally unfair. Donais wants to get away with all kinds of improper conduct. He wants to use his reply as a vehicle to complete his motion to dismiss. This is simply outrageous.

6. Note: This continuing situation is unsustainable and untenable and highly prejudicial to the plaintiffs. The plaintiffs need to have a hearing/case management conference in order to address these issues, among others. The failure of the court to hold a hearing/case management conference is severely prejudicing the plaintiffs.

## II. GROUNDS FOR SURREPLY
### A. New Evidence Introduced for First Time in Reply

7.  Donais's reply introduces material evidence not presented in his original motion by attaching "a complete, executed, as filed copy of Exhibit H as received from the Circuit Court Clerk this day. The executed copy includes Exhibits K and L that were not part of the unsigned copy previously submitted." This constitutes new factual material that plaintiffs had no opportunity to address in their original objection and creates precisely the exceptional circumstances that justify surreply briefing. This admission confirms plaintiffs' argument that his motion relies on improper materials outside the pleadings that violate established procedural requirements. The Court cannot fairly evaluate a motion to dismiss when the movant continues supplementing his evidentiary submissions through reply briefs.

8.  Further, this procedural irregularity directly contradicts NH Superior Court Rule 7, which provides that unsigned filings may be stricken and proceedings may continue as though the filing had not been made. Donais further exploits the reply process to introduce new so-called materials or "evidence", while simultaneously arguing that plaintiffs cannot respond. He thus uses the reply as an opportunity to supplement his evidentiary record. This tactical manipulation of procedural rules violates fundamental fairness.

9.  The timing of this "evidence" is particularly troubling, further revealing the calculated nature of Donais's approach. Donais acknowledges his original exhibits were incomplete and unsigned, violating NH Superior Court Rule 7 which provides that unsigned filings may be stricken. After filing the motion containing incomplete and unsigned exhibits, he waited for plaintiffs to object, then introduced the missing materials in reply while objecting to plaintiffs' procedural remedies. This sequence demonstrates willful gamesmanship designed to prevent fair adjudication.

### B. Systematic Suppression of Plaintiffs' Defense Rights

10. Donais's reply reveals a coordinated strategy to suppress plaintiffs' ability to mount an effective defense to his dispositive motion and defend against dismissal. He, at the same time, objects to plaintiffs' motion to convert to summary judgment, motion for limited discovery, motion to strike extraneous materials, and motion for hearing. This pattern demonstrates his intent to create an asymmetrical proceeding where he presents extensive materials while blocking/eliminating every procedural avenue for plaintiffs to respond and for fair resolution while maintaining his overwhelming evidentiary advantage.

11. The asymmetry Donais creates violates fundamental due process principles. He presents 151 pages of motion materials attacking a 25-page amended complaint, introduces new evidence in reply, yet objects when plaintiffs seek

appropriate procedural relief to address these irregularities. This approach essentially converts motion practice into a one-sided presentation where defendants present unlimited materials while opponents are silenced.

12. This Court previously ruled on 6-5-25, that "when faced with an excessively burdensome and muddled pleading, the trial court may require the submitting party to file a more orderly and concise pleading," yet Donais filed a 151-page motion with 142 pages of exhibits attacking plaintiffs' 25-page amended complaint. When plaintiffs sought appropriate procedural relief, Donais objects to each remedy while demanding immediate resolution in his favor.

13. Judge Messer's 6-5-25 order recognized this unfairness, noting that "when faced with an excessively burdensome and muddled pleading, the trial court may require the submitting party to file a more orderly and concise pleading." Donais's current motion exceeds even the problems the Court previously identified, yet he demands immediate resolution without allowing procedural corrections.

### C. Direct Violation of Court's Prior Guidance

14. The 6-5-25 order explicitly stated that consideration of materials outside the pleadings is improper on a motion to dismiss. The Court noted that plaintiffs were correct about the impropriety of considering extraneous materials and that such materials would not be considered. See screenshot of the 6-5-25 order on summary judgment conversion:

> In ruling on the defendant's motion to dismiss, the Court has accepted as true, and relied only upon, the factual allegations as set forth in the Complaint. While the plaintiffs are correct that consideration of, and reliance upon, defendant's evidence submitted in conjunction with their motion to dismiss would not be proper, the Court has not done so. Accordingly, the Court has treated the defendant's motion as it was filed-- as a motion to dismiss. Therefore, there is no basis at this juncture to treat it as a motion for summary judgment. Accordingly, the motion is DENIED.
>
> This is a Service Document For Case: 216-2029-CV-00027
> The Borough of... Northern District
> 6/5/2025 4:21 PM   Honorable Amy B. Messer
> June 5, 2025

15. Despite this clear guidance/directive, Donais repeated the identical procedural violation in his motion to dismiss the amended complaint, including the very same documents the Court previously found improper.

16. Thus, Donais's motion and reply directly violates Judge Messer's explicit June 5, 2025 guidance that consideration of materials outside the pleadings is improper on motions to dismiss. This willful disregard further demonstrates that Donais understood the Court's position but chose to proceed anyway, knowing the Court could convert to summary judgment, allow discovery, or strike his materials. His reply's objection to these procedural remedies while introducing additional evidence compounds the violation, and confirms his intent to exploit procedural irregularities for tactical advantage. This creates the kind of unfair procedural advantage that surreply briefing is designed to address,

17. The Court's order established clear boundaries for motion practice in this case. Donais's deliberate violation of these boundaries while objecting to appropriate remedies creates precisely the type of exceptional circumstances that justify surreply briefing to preserve procedural integrity.

### D. Procedural Asymmetry / Unfair Burden Violates Due Process

18. Donais's approach creates fundamental procedural unfairness, creating impossible procedural burdens for plaintiffs while claiming procedural advantages for himself. He attaches over 200 pages of exhibits (including attachments in his recent reply) spanning 8 years while plaintiffs have been afforded no adequate time to prepare, organize, or incorporate responsive exhibits. Preparation of exhibits requires substantial time to line up, incorporate, and attach documents with proper headers/numbering. This procedural burden, imposed without adequate extension of time, while Donais claims plaintiffs have seen these before (from 8 years ago), is wholly unfair and draconian.

19. So, in sum, he attaches over 200 pages of exhibits spanning 8 years, then demands immediate response claiming plaintiffs have seen these before from 8 years ago. This position further ignores the substantial work required to, minimally, organize, prepare, and incorporate responsive exhibits with proper headers and numbering, beyond the analytical work involved in reviewing the substance of the exhibits and preparing substantive response to that.

20. For example, Donais now asserts that his motion to dismiss amended complaint had missing several exhibits H, K and L (with multiple pages totaling around/over 12 pages), from a 60-page motion to dismiss in the circuit court, which he now includes for the first time in his reply to the objection to the motion to dismiss. In order for plaintiff to have caught this, he would have had to meticulously compare the original circuit court motion to his exhibit attached to the motion to dismiss amended complaint. This takes an extraordinary amount of time to review, compare and catch issues like this. It is totally unfair to expect plaintiff, who is pro se, and has ADA issues, to accomplish superhuman tasks like this, that no trained lawyer (without ADA issues) would be expected to accomplish. This inclusion of new exhibits in the reply further highlights the complete unfairness and lobsided nature of these proceedings and how things are stacked against the plaintiff but in favor of the defendant.

21. Plaintiffs have been afforded no adequate time extension despite the overwhelming nature of Donais's materials. The Court limited plaintiffs' amended complaint to 25 pages while allowing Donais to present 151 pages in response, creating fundamental unfairness that his reply compounds by introducing additional evidence.

22. Moreover, plaintiffs cannot determine how to respond properly because Donais objects to every procedural remedy while the Court has not yet ruled on whether his extraneous materials will be considered, converted, or stricken. Thus, plaintiffs cannot know whether the Court will strike or consider the extraneous materials, making it impossible to determine how to properly respond and with exactly what attachments. This uncertainty is precisely why rules

exist against including facts and materials outside the complaint, as it unfairly burdens opposing parties and prevents effective response. [Note: The last time around, the court informed the plaintiff that it would not consider the extraneous facts and materials[1], but did so **after** it ruled on the motion to dismiss original complaint, while never allowing the plaintiff to supplement his objection (which would include substantive arguments which were not really included in the initial placeholder objection that focused on procedural issues such as the need to strike the extraneous materials/facts, etc.) which the plaintiffs strenuously requested to do several times but was ignored and eventually denied after the court ruled on the motion to dismiss. This was unfair and highly prejudicial. Moreover, the court never allowed plaintiff adequate time to file reconsideration motion where he could raise substantive arguments. Furthermore, the court should resolve these extraneous issues before ruling on a motion to dismiss.

### E. Unprecedented Procedural Gamesmanship

23. Donais's approach represents unprecedented manipulation of motion practice rules. He files defective exhibits, waits for objections, introduces expanded versions in reply, then objects to allowing plaintiffs any response. This sequence violates every principle of fair adversarial proceedings and demonstrates why surreply briefing is necessary to prevent tactical abuse of procedural rules. Further, the coordinated nature of his objections reveals the calculated strategy. Rather than address the procedural defects plaintiffs identified, he seeks to silence response while maintaining his overwhelming evidentiary advantage. This involves one-sided presentations that deny fundamental fairness.[2]

### F. Previous Court Allowance of Surreplies

24. The docket reflects that Judge Messer previously allowed surreply briefing in this case by both parties. Index 52 shows plaintiffs filed a "Motion to File Surreply to Obj. to Mo to Dismiss" in February 2022, and Index 139 shows a "Response Surreply to Response to Obj to Mot Dismiss" was filed. This establishes that the Court recognizes the appropriateness of surreply briefing when circumstances warrant such relief. It certainly is proper in this situation.

### G. Case-Ending Nature of Motion Requires Full Briefing

25. Donais's motion seeks dismissal with prejudice on multiple claims, effectively ending substantial portions of this litigation. The stakes involved in this potential case-ending dispositive motion demand complete and fair briefing.

---

[1] Note: Although the court stated this in the summary judgment conversion order, a close review of the 6-5-25 order on the motion to dismiss shows that the court did use/rely on certain information/facts supplied only by the motion to dismiss original complaint, that were not present in the original complaint. This was not fair and the plaintiff is concerned that the court is going to do this again.

[2] Note: Hilliard is a seasoned 74 year old attorney who is well-versed in manipulative tactics. The pro se African American plaintiffs are not match for his unfair tactics. The court should not countenance such tactics and should seek to protect the pro se African American plaintiffs from such unsavory gamesmanship.

Allowing defendants to introduce new evidence in reply while denying plaintiffs the opportunity to respond violates fundamental principles of adversarial proceedings.

### H. Preview of Further Substantive Points/Rebuttals To Be Made in The Surreply

26. Plaintiff intends to make additional points/rebuttal arguments in the surreply. This includes addressing Donais' arguments, which he raises for the first time in his reply, that *"The "placeholder" objection to the motion to dismiss is 103 pages long, incorporating issues raised and resolved in other motions and addressing many aspects of this proceeding that have no bearing on the validity of the amended complaint. This diffuse and prolix style of pleading imposes undue burdens on the Court and defense counsel, and ought not to be tolerated. More substantively, the objection fails to recognize the limitations on new causes of action and substantially different evidence established in the order granting leave to amend."* First, there are no other motions that have resolved the issues in the objection and Donais has not cited what he is talking about. This kind of vague insinuations, leaving the plaintiff and the court to figure out/divine what he is referring to, should not be countenanced by the court. Second, the plaintiff has explained the length of the objection to the court, including having inadequate time to edit/proof the objection, and has requested to allow time to file a proper objection but this has not yet been allowed. Moreover, Donais filed a 151 page motion to dismiss so the plaintiff has filed less pages in the objection than Donais. What should not be tolerated is Donais' flagrant defiance/violation of the court's 6-5-25 order that warned against inclusion of extraneous materials in a motion to dismiss. Thus, his claims about "prolix" and "burdensome" pleadings ring hollow when he files 151 pages attacking 25 pages while objecting to every procedural remedy and attempting to characterize plaintiffs' necessary responses as excessive. Third, regarding new claims, it should be noted that the court ruled on plaintiffs' motion to amended complaint, on 6-5-25, stating that it was moot because plaintiff was allowed to amend complaint, in the ruling on motion to dismiss. But yet in the motion to amend complaint, plaintiffs detailed examples of things they intended to include in amended complaint. The court, in its 6-5-25 orders, did not limit those things stated in the motion to amend complaint. If the court intended to do so, it would have so stated it, because otherwise it would leave unfairly plaintiffs in a total state of confusion/ambiguity as to what could be included in the amended complaint, by remaining silent. Plaintiff has further points to make on these things in surreply.

### I. Surreply Is Necessary Especially If There Will Not Be A Hearing On The Motion to Dismiss

27. The necessity for surreply briefing becomes even more critical if the Court determines not to hold a hearing on the motion to dismiss. Donais has systematically objected to plaintiffs' motion for hearing while simultaneously introducing new evidence and procedural arguments in his reply that were not presented in his original motion. If

the Court resolves this potentially case-ending motion based solely on written submissions, fundamental fairness demands that plaintiffs have the opportunity to respond to all materials and arguments presented.

28. Without a hearing, the Court will have no opportunity to examine witnesses, test the credibility of competing factual assertions, or explore the procedural irregularities that plaintiffs have identified. The written record becomes the sole basis for resolution, making complete briefing essential to fair adjudication. Donais's introduction of new exhibits and procedural arguments in reply while blocking plaintiffs' response creates precisely the type of one-sided record that violates due process when hearings are not conducted.

29. The complexity of the procedural issues presented, including whether materials should be stricken, converted to summary judgment, or subjected to discovery, requires complete briefing for proper resolution without a hearing. Donais's coordinated objections to all procedural remedies demonstrate his intent to force resolution based on incomplete briefing that favors his position. If the Court determines these issues without hearing, plaintiffs must have opportunity to respond to all arguments/evidence presented, including those introduced the first time in reply.

30. Moreover, the case-ending nature of the motion makes complete briefing particularly critical when resolution occurs without hearing. Any dismissal would terminate substantial portions of this litigation based solely on the written record. Allowing defendants to supplement that record through reply while denying plaintiffs responsive opportunity creates fundamental unfairness that becomes insurmountable without hearing procedures to correct the imbalance.

### III. LEGAL STANDARD AND TIMING

31. New Hampshire courts possess inherent authority to permit additional briefing when circumstances warrant such relief. This authority has been exercised in cases like Dover v. Scanlan, where courts permitted surreply briefing to address new arguments raised in reply briefs. This motion is filed promptly after receiving defendant's reply. The surreply will be tailored to address new issues raised in the reply and the systematic suppression of plaintiffs' procedural rights. Permitting surreply serves judicial efficiency by ensuring complete briefing on all relevant issues.

### IV. CONCLUSION

32. Donais's reply confirms that his motion to dismiss violates fundamental procedural requirements through introduction of new evidence, systematic suppression of defense rights, willful disregard of the Court's guidance, and unprecedented procedural gamesmanship. His coordinated objections to every procedural remedy while introducing new materials in reply demonstrates precisely why surreply briefing is necessary to preserve adversarial integrity.

33. Defendant's reply confirms systematic procedural violations plaintiffs identified while introducing additional evidence that compounds these irregularities. His coordinated objections to every procedural remedy plaintiffs seek reveals a calculated strategy to create an unfair advantage in this potential case-ending motion.

34. The Court should recognize that allowing this coordinated suppression of rights would establish dangerous precedent permitting defendants to overwhelm opponents with defective materials while blocking all procedural remedies. Fair adjudication requires that plaintiffs have meaningful opportunity to respond to new evidence and address the systematic procedural violations Donais's reply further reveals.

35. In sum, the exceptional circumstances created by defendant's introduction of new evidence, systematic objection to all procedural remedies, direct violation of the Court's prior guidance, and fundamental procedural unfairness warrant granting leave to file the proposed surreply. A surreply should certainly be allowed on a potential case-ending dispositive motion where the defendant has engaged in coordinated efforts to suppress plaintiffs' defense against dismissal while introducing new materials in reply.

36. WHEREFORE, plaintiff Bisasor respectfully requests that this Court grant leave to file a surreply to ensure fundamental fairness and complete resolution of the procedural and substantive issues presented.

Respectfully submitted,
/s/andre bisasor
Andre Bisasor

Date: September 23, 2025

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served on all parties/counsel of record via the court's electronic filing system.

/s/ Andre Bisasor
Andre Bisasor