**Filed**
**File Date: 9/2/2025 11:53 PM**
**Hillsborough Superior Court Northern District**
**E-Filed Document**

STATE OF NEW HAMPSHIRE - HILLSBOROUGH SUPERIOR COURT-NORTHERN DISTRICT

#216-2020-cv-00027 | Natalie Anderson, et. al. v. Hilton Hotels Worldwide, Inc., et al.

## PLAINTIFFS NATALIE ANDERSON'S MOTION
## FOR HEARING ON PENDING MOTION TO DISMISS AND OTHER MOTIONS
## AND
## FOR EVIDENTIARY HEARING

1. The plaintiff hereby request a hearing on the following pending motions:

    a. Donais' motion to dismiss the amended complaint.
    b. Plaintiffs' motion to strike the motion to dismiss the amended complaint.
    c. Other prior pending motions such as motion for limited discovery and motion to convert to summary judgment.

2. Grounds are as follows.

3. There is a pending motion for hearing on the motion to dismiss the amended complaint, that was filed on

4. A hearing on any motion to dismiss is mandated by superior court rule, upon request.

5. Rule 12 states the following:

    **Rule 12. Motions -- Specific**
    (d) Motions to Dismiss. **Upon request of a party, hearings on motions to dismiss shall be scheduled as soon as practicable,** but no later than 30 days prior to the date set for trial on the merits, unless the court shall otherwise order in the exercise of discretion. All parties shall be prepared, at any such hearing, to present all necessary arguments.

6. The word "shall" means mandatory and therefore there is no discretion at all by the superior court in being required to schedule and conduct a hearing on any motion to dismiss, once a request for such a hearing is made (which in this case the request has been made by the plaintiffs on 5-23-22).

7. Hence, upon request of a party, the court must schedule a hearing on a motion to dismiss. This is mandatory.

8. Superior court rules are clear that a hearing is mandatory, once a party requests a hearing on a motion to dismiss (i.e., the term "shall hold a hearing" means it is mandatory as shown in Rule 12(d)).

9. The plaintiffs request a hearing on the motion to dismiss the amended complaint.

10. Given that there is a pending motion for hearing on the motion to dismiss in the superior court, the superior court should hold such a required/mandatory hearing on the motion to dismiss prior to ruling on the motion to dismiss.

11. Furthermore, a hearing on the pending motion to dismiss in this court is critical to the fair disposition of that motion to dismiss because there is a need to complete the record.

12. This is critical to protect the rights of the plaintiffs.

13. This is also why the superior court rule mandates a hearing when requested because plaintiffs need an opportunity to protect their rights when a movant is trying to end the case so early in the process via a motion to dismiss. No motion to dismiss can be fully or fairly or properly resolved without a hearing on a motion to dismiss when requested.

14. Similarly, the plaintiffs requests an evidentiary hearing in order to get to the bottom of what actually occurred in this matter and to complete the record. Hence, if the superior court does not hold the required/mandatory hearing then that will have the effect of depriving the plaintiffs of their rightful opportunity to be heard as guaranteed by superior court rule (and to be fully and meaningfully heard as guaranteed by the principles of due process) and thus would also result in a deprivation of due process rights. Similarly, Donais should not be able to circumvent the full process that governs the proper/fair resolution of a motion to dismiss (including avoiding having to answer truthfully in a hearing). Resolution of the motion to dismiss does not preclude these things but in fact requires them.

15. Further, NH Superior Court Rule 11 states the following;

> **Rule 11. Motions -- General**
> (b) The court will not hear any motion grounded upon facts, unless such facts are **verified by affidavit**…

16. A hearing is further needed because Donais has not filed any affidavit or anything under oath attesting to the assertions in the motion to dismiss or the attachments. This means that the factual assertions or denials by Donais are not verified.

17. But to give the defendant an opportunity to address these issues, a hearing is needed. Otherwise, the unverified factual assertions by the defendant must be stricken.

18. A motion to dismiss is not simply a motion but also it is a process that usually involves a hearing and attendant procedures required for due process and fairness.

19. The plaintiffs humbly request that the superior court rules on the pending motions, and provide a hearing and then rule on the pending motion to dismiss. The plaintiffs request a hearing on these motions.

20. Please grant the relief requested herein or any relief the court deems proper, fair, equitable, just, or right.

Respectfully Submitted,
/s/ Natalie Anderson
**NATALIE ANDERSON**

September 2, 2025

## CERTIFICATE OF SERVICE

I certify the foregoing was served to the parties in this case via the court's electronic filing/service system.

s/ Natalie Anderson
**NATALIE ANDERSON**

3