**Filed**
**File Date: 9/2/2025 11:53 PM**
**Hillsborough Superior Court Northern District**
**E-Filed Document**

STATE OF NEW HAMPSHIRE – HILLSBOROUGH SUPERIOR COURT NORTH
Case: #216-2020-CV-00027 | Natalie Anderson, et al v Hilton Hotels Worldwide Inc., et. al.

## PLAINTIFF NATALIE ANDERSON'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

1. Plaintiff Natalie Anderson respectfully moves this Court to strike the Defendant Craig S. Donais's Motion to Dismiss the Amended Complaint, and in support thereof state as follows:

2. On Friday, 8-22-25, (just before the weekend), the defendant filed a 151-page motion to dismiss amended complaint.

3. On Wednesday, 8-27-25, (three business days later) Plaintiff filed a sealed ex parte emergency ADA motion for an accommodation of an extension of time to object to the motion to dismiss, along with a redacted sealed non-ex parte version served on the defendant. On 8-28-25, the defendant publicly filed an objection without sealing.

4. It has been 4 business days or 7 calendar days since the filing of the emergency ADA motion, but there has not been any ruling by the court.

5. NB: Because the deadline expires today, the plaintiffs had expected a ruling by today on the pending emergency ADA motion, but evidently none is forthcoming today.

6. Hence, Plaintiffs file this motion to strike now, in light of the procedural uncertainty and the Court's lack of response, at this juncture, to Plaintiff's emergency ADA motion submitted on 8-27-25.

7. It should be noted that the court limited the plaintiffs to 25 pages of the amended complaint yet the defendant filed a 151 page motion to dismiss. The defendant has given the court and the plaintiffs 151 pages to read, review, digest and analyze. This court could not have intended to allow the defendant such unhinged/unfettered leeway to dump 151 pages in a motion to dismiss an amended complaint (a complaint that the court sought to limit to 25 pages citing the extensive nature of the 66 page original complaint). This is unfair. Moreover, defendant added 142 pages of attachments but then argues that plaintiffs can't have any attachments to their amended complaint i.e. the plaintiff affidavit (notwithstanding the fact that the court didn't limit attachments by plaintiffs). The double standard, and abuse of the defendant is staggering. He wants all the benefits, advantages, and leeway for himself and none for plaintiffs, and unequal enforcement of rules/standards, one set for himself and another lesser set for plaintiffs.

1

8. Plaintiffs reasonably presume that the Court will soon provide a ruling on the emergency ADA motion. Nevertheless, because the Court has not yet issued an order, Plaintiffs formally request an extension to ensure that their rights are fully protected. [Note: As a concomitant that should go without saying, Plaintiffs further request that the Court not take any adverse action based on the expiration of the current deadline while the ADA emergency motion remains pending and in light of the pending request to extend the deadline prior to expiration of the deadline.]. Granting extension will serve the interests of justice, and avoid prejudice to Plaintiffs. The plaintiffs believe it is logical to infer that the court will grant the ADA motion. But the plaintiffs have enough experience with courts in general to know not to take anything for granted or make assumptions without getting clear indications from the court, otherwise plaintiffs could be exposed to adverse consequences that are unfair or even draconian. Plaintiffs are not saying that this court will be draconian or unfair. Plaintiffs are simply saying that they believe it is proper to take protective measures to try to avoid or limit any potential adverse consequences or misunderstanding. Thus, this filing is made in the abundance of caution. Plaintiffs trust the court understands what plaintiffs are trying to say here.

9. Therefore, Plaintiffs now submit this motion to strike also to preserve their rights and to avoid any risk of procedural default.

10. Furthermore, as substantive grounds for striking, Defendant's motion to dismiss makes statements, assertions and references that are extraneous materials/ attachments/references that are out of scope as it relates to the plaintiff's amended complaint and are thus not permitted, and thus should be stricken.

11. The text of the motion to dismiss itself is 9 pages but it incorporates 142 pages of exhibits, spanning multiple court proceedings, and including an unsigned 60 page motion to dismiss, affidavits, email communications, case summaries and numerous other materials that require careful analysis in context. Also, the motion to dismiss should not contain facts or argument to rebut or dispute facts in the amended complaint. By involving extraneous materials[1], this opens the door for the need for discovery and/or to convert to summary judgment.

---

[1] As one example, plaintiffs didn't reference Donais' 2017 affidavit in the amended complaint. So why attach that here or involve that here in a motion to dismiss? Further, why attach a 60 page motion to dismiss the original 2017 Homewood Suites case in Nashua circuit court, that appears irrelevant to the amended complaint? Further, that document is unsigned. Moreover, why does the defendant attach 142 pages of exhibits? Was this really necessary? This appears further intended to overwhelm and burden the plaintiffs. Similarly, the attachments appear confusing, and some seem repetitive. This further adds to why time is needed to ferret through the 142 pages of attachments.

12. Further, this represents an abuse. Defendant improperly included extensive materials outside the pleadings, which this Court previously ruled should not be considered in a motion to dismiss. Rather than heed the Court's prior instruction, defendant repeats this improper practice. Defendant cannot keep getting away with violating the rules. The court last time said plaintiff was right, in that material outside the complaint should not be considered or used. But instead of heeding the instruction, defendant does it again. This constitutes grounds for why the court should strike[2] the motion to dismiss and/or the extraneous attachments. Otherwise, the motion to dismiss should be converted to summary judgment. Note: Plaintiffs ask that the Court to no longer countenance any of these tactics and shenanigans of the defendant and his counsel.

13. In sum, without a ruling on this motion strike, the plaintiff is unable to know how to address this section without prejudicing himself by introducing extraneous references and materials (as well as his own attachments) himself in order to rebut or counter these statements and assertions. This also affects the length of this pleading and size of any attendant attachments. In order to save on judicial economy and space, the plaintiffs reserve the right to rebut or supplement these issues after the court has issued a decision on the motion to strike.

14. The plaintiffs therefore hereby reserve the right to further rebut the motion to dismiss, or to provide a supplement to this objection.. The plaintiff needs a response from the court on motion to strike in order to meet any deadline for filing an objection to defendants motion to dismiss. This was also expressed in plaintiff's motion to extend time.

15. This is significant issue for the plaintiffs because this issue of not knowing what the court decision is. If the court denies plaintiff's motion to strike, then plaintiff's objection to defendants' motion to dismiss will need to include rebuttal of the defendants' extraneous material, attachments and references in the 8-22-25 motion

---

[2] Further, by his own admission, the defendant attached an unsigned motion to dismiss in Nashua circuit court, as an exhibit, and amazingly asks the court for more time to obtain a signed motion to dismiss to include in his motion to dismiss. So, he needs time to submit a completed motion to dismiss but wants plaintiffs to respond before he completes his motion to dismiss. It should be stricken. See NH Superior Court Rule 7("If a filing is not signed…it may be stricken and the action may proceed as though it had not been filed."). The plaintiffs needs to know whether the court will allow this to stand or be stricken, before being required to respond to the motion to dismiss.

to dismiss. The plaintiff cannot just assume that the court will deny his motion to strike. The plaintiff cannot assume either way.

16. The plaintiff cannot simply go ahead and include a rebuttal of the defendants' extraneous material, attachments and references in objecting to the motion to dismiss, including attaching own materials and attachments, if the court could grant the motion to strike, because if plaintiff does so then this will prejudice plaintiff by himself introducing more material extraneous to the complaint. So this is a conundrum for the plaintiff.

17. This has impacted the filing of this objection because no decision from the court will be forthcoming as yet.

18. Plaintiff has thus been unable to prepare a proper filing of his objection without a decision from the court on plaintiff's motion to strike extraneous materials/references. The plaintiff simply needs to know what the court decides.

19. The plaintiffs thus reserves the right to amend or supplement this filing in light of the court's decision on the motion to strike when it is issued.

20. This is eminently reasonable and provides adequate basis for plaintiffs to further rebut, or supplement objection to, the motion to dismiss

21. NB: The plaintiffs thus will not at this time address the substance of the motion to dismiss and explicitly reserves the right to provide a substantive response to the motion to dismiss.

22. WHEREFORE, the Plaintiff respectfully request that this Court:

   a. Strike Defendant Donais's Motion to Dismiss and/or the extraneous attachments;
   b. Require the Defendant to re-submit his motion to dismiss without inclusion of extraneous attachments or references.
   c. In the alternative, schedule a hearing on the motion to dismiss;
   d. In the alternative, schedule a case management conference;
   e. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,
/s/Natalie Anderson
NATALIE ANDERSON

Date: September 2, 2025

## CERTIFICATE OF SERVICE

I certify that the foregoing was served on all parties/counsel of record via the court's electronic filing system.
/s/Natalie Anderson
NATALIE ANDERSON

4