UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

### PLAINTIFFS' MOTION FOR LIMITED JURISDICTIONAL DISCOVERY PERTAINING TO THE PLAINTIFF'S MOTION TO REMAND TO STATE COURT

1. NOW COMES the Plaintiff and respectfully submits this Motion for Limited Jurisdictional Discovery Pertaining To The Plaintiff's Motion to Remand to State Court, and in support thereof, state as follows.

## I. INTRODUCTION

2. This motion is made necessary by the scope and content of the Defendants' notice of removal and the respective oppositions to remand, making it necessary to obtain additional information from the Defendants in order for a fair and reasonable response to be provided by me.

3. In no way should this request for limited jurisdictional discovery be taken as an admission of any of the Defendants' allegations or arguments nor should this motion be taken as a waiver of the arguments made in my reply to the oppositions filed by the defendants.

4. The Federal Rules of Civil Procedure, and court decisions applying and interpreting these Rules, recognize the right of the non-moving party to obtain the facts that they need to properly and fairly counter the moving party's claims through expedited and limited jurisdictional discovery, and to place in abeyance the court's consideration and resolution of the relevant issues, until such time as the expedited and limited jurisdictional discovery process is completed.

5. The allowance of this motion would accomplish leveling the playing field for the purpose, and provide the means recognized in the Federal Rules and by the courts to provide me with the facts and information I need to respond to the Defendants' filings on a fair and effective basis.

6. At a minimum Defendants' practices add further weight to the need and importance of permitting the limited jurisdictional discovery, as one means that would help even the playing field and make it possible for me to respond to the oppositions, on a fairer basis.

1

7. In support of this motion, I have attached a memorandum of law to this motion, as **the first attachment** to this motion.

8. NB: This reply incorporates by reference, as if fully stated herein, all of the factual and legal arguments found in the plaintiff's filings related to remand, including those contained in the plaintiff's motions to remand filed in this court (Doc.# 84), as well as the motion to remand filed in the MA federal court, which was re-filed in this court (as Doc.# 87) on or about 10-27-23 and 10-30-23, and the attendant exhibits for the motion to remand filed separately due to file size, as Doc.#88).

9. I thus incorporate all arguments and authorities contained in these Motions to Remand as if fully rewritten herein.

10. I also hereby incorporate the facts, arguments and authorities contained in my Reply to the Objection of the Donais Defendants to the Motion to Remand as well as my Reply to the Objection of the Hilliard Defendants to the Motion to Remand, that were also concurrently filed on this same date.

11. I refute the arguments, reasoning, claims, considerations, suggestions, insinuations, pleadings, statements, conclusions and requests and relief sought in the defendants' oppositions.

12. The court also must view the facts and all reasonable inferences therefrom in the light most favorable to the plaintiff.

13. I need discovery pertaining to this motion to remand. This must be addressed before any motion to remand can be resolved. This court does not have jurisdiction over this case because the defendants failed to meet the removal prerequisites. This case should be remanded because the court does not have jurisdiction, as outlined in the previously filed motion to remand that was pending in the MA federal court prior to transfer to this court. Hence, the remand issues must be addressed first before any motion to dismiss is addressed.

## II. REQUEST FOR ORAL ARGUMENT/HEARING

14. Due to the complex legal and factual assertions involved and the conflicting factual statements averred and which are disputed, I request that the Court schedule oral argument/hearing on this motion.

2

15. Furthermore, the case has a complicated procedural posture because of the transfer to NH federal court and the pending motions from MA federal court, this further supports the need for oral argument and hearing.

16. I request limited discovery and/or an evidentiary hearing, under oath, to address the factual disputes regarding the remand issues.

### III. CONCURRENCE

17. Because this relates to a dispositive motion, it is thus to be treated as a dispositive motion itself and concurrence can be assumed to not be necessary or to not be forthcoming.

18. Similarly, however, I previously conferred with the defendants' counsel regarding remand and did not obtain concurrence and hence I had inferred that the defendants' counsel does not concur with this motion or to the relief requested herein. Nonetheless, even though it was not necessary in light of the above, I still in the abundance of caution reached out and I did not obtain concurrence. I thus attempted in good faith to obtain concurrence from the defendants.

### IV.  CONCLUSION

19. Please grant a pro se liberal construction to this pleading in accordance with the attendant US supreme court rulings and other supporting case law as well as pursuant to the dictates of modern socially responsible and conscientious jurisprudence.

20. In light of the foregoing, it is evident that good cause exists therefore to grant this request.

21. I also request a hearing on this motion[1].

22. Accordingly, I respectfully request that the Court allow this motion.

23. WHEREFORE, I hereby humbly request this Honorable Court grant my request and/or other relief that the Court deems just and proper as follows:

    a. Allow me to have a hearing on this motion.
    b. Allow me the opportunity to take limited jurisdictional discovery.

---

[1] NB: I also requested a hearing on the motion to remand. I here reiterate my request for a hearing on that motion. Given the factual and disputed issues raised in the motion to remand, it is only proper that a hearing be scheduled on this matter. Furthermore, if this motion is in fact considered or to be treated as a dispositive motion (in the sense that it ends the case in federal court forever), then a hearing is that much more proper.

c.  Allow me to have an evidentiary hearing to show why limited discovery is needed.
d.  Grant other relief deemed just and proper.

Respectfully submitted,
Andre Bisasor
/s/andre bisasor
679 Washington Street, Suite # 8206
Attleboro, MA 02703

Dated: December 11, 2023

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was or will be served to the parties in this case via the court's electronic filing/service system.

/s/andre bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703