UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251 |BISASOR v. DONAIS, et. al.

## NATALIE ANDERSON'S MOTION FOR DISCOVERY ON REMAND

1. Plaintiff Anderson respectfully submits this Motion for Discovery on Remand Issues.

2. Anderson requests discovery on remand. There are serious questions about the citizenship of the defendant corporations including Donais Law Offices and Upton & Hatfield, especially where there is reason to believe that individual partner citizenship of these entities include citizenship in Massachusetts.

3. The Court has no information on the individual owners of these firms. This may in fact be part of the reason why the defendants were hesitant to say anything about citizenship themselves, instead relying solely on the limited allegation in the amended complaint, which cannot be the definitive source for such information. Anderson hereby challenges the citizenship of defendants as including Massachusetts and so the court cannot rely on plaintiff's allegations alone at this stage. Discovery is thus needed.

4. I request discovery related to remand to establish citizenship of all of the partners of Upton & Hatfield.

5. Diversity jurisdiction exists only where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The citizenships of all defendants must be different from the citizenships of all plaintiffs. Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2d Cir. 1990). On information and belief, Upton & Hatfield has partners/members who reside or own property in Massachusetts or did so at the time of the complaint. Therefore, on information and belief, some partners/members of the firm may be citizens of Massachusetts, and therefore there is or might not be complete diversity. According to information found on the internet:

   a. Michael S. McGrath is a partner of the firm who regularly practices in "All Massachusetts State Courts" and "Massachusetts Federal District Court" and is currently sits on the Massachusetts Board of Bar Overseers (from 1997 – Present). He attended the evening division of New England School of Law while working as a paralegal at a general civil litigation firm and a trusts and estates firm in the Greater Boston area. During law school, Michael also served as an editor on Law Review, was a judicial honors intern with the Massachusetts Superior Clerk, and graduated cum laude in

1

2012. He is admitted to practice in Massachusetts and New Hampshire.

b. Jeanne Saffan, a partner, is admitted to practice in Massachusetts, New Hampshire, and New York and graduated Cum Laude from Suffolk University Law School in 2003.

c. Brooke L. Shilo, after college, worked for several years at the Harvard Stem Cell Institute and Massachusetts General Hospital. d. Timothy J. Sullivan, a partner, began his legal career at a law firm in Chelmsford, Massachusetts where he represented individuals, municipalities, and businesses. Tim is admitted to practice in Massachusetts and New Hampshire in both state and federal courts.

d. Madeline K. Osbon, prior to joining Upton & Hatfield, was a legal extern at an employment and business litigation firm in Cambridge, Massachusetts, and also worked as an extern with the General Counsel of the Worcester Red Sox.

e. There are several more lawyers who have ties, affiliations to Massachusetts and/or actively practice in Massachusetts..

f. This shows that several of the lawyers at Upton & Hatfield have significant ties to Massachusetts, actively practice law in Massachusetts and/or lived in Massachusetts. It appears from these facts that Upton & Hatfield may have partners/lawyers who are citizens of Massachusetts. Neither the court nor I should be required to take their word for it especially since the removing defendant has already submitted false or perjurious statements to the court.

g. NB: Limited liability companies and partnerships are considered citizens of the states in which their members or partners are citizens. In larger LLCs or partnerships, this can be a large number of states, which often precludes removal on the basis of diversity jurisdiction

6. Discovery is needed to further attest to whether any of these lawyers of Upton & Hatfield live in or own property or businesses in Massachusetts. It is also relevant whether any of these partners reside both in MA and NH or maintains dual residences.

7. Jurisdictional discovery is appropriate prior to a determination on a motion for remand. (See Abrego Abrego v. Dow Chem. Co. (9th Cir. 2006) 443 F.3d 676, 69). To the extent it may be helpful in proving

that complete diversity does not exist, the court should allow an opportunity to take discovery.

8. I ask the court to defer decision on the motion to remand, as necessary, to allow discovery on the issue of the citizenship of the partners of the Upton & Hatfield firm.

9. Therefore, it has not been established that there is complete diversity in this case and there are real indications that there might not be. 88. Although the Hilliard defendants have offered statements regarding the citizenship of the partners of Upton & Hatfield, I have contested the sufficiency of such statements and therefore jurisdiction is in dispute. See Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC, 374 F. 3d 1020, 1023 (11th Cir. 2004). (Remanding the case to district court for the limited purpose of determining the citizenship of the parties).

10. Further, evidence of the dispute as to diversity of citizenship exists due to prior allegations against complete diversity between the parties.

11. Whenever a plaintiff contests lack of jurisdiction for removal to federal court and the plaintiff demonstrates that its jurisdictional allegations can be supplemented through discovery, the law is well settled that such a plaintiff has the right to conduct jurisdictional discovery.

12. "A plaintiff… is entitled to reasonable discovery lest the defendant defeat the jurisdiction of a federal court by withholding information..." El-Fadl v. Central Bank of Jordan, 75 F.3d 668, 676 (D.C. Cir. 1996); see also GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1351 (D.C. Cir. 2000); Edmond v. United States Postal Serv. Gen. Counsel, 949 F.2d 415, 425 (D.C. Cir. 1991); Crane v. Carr, 814 F.2d 758, 760 (D.C. Cir. 1987).

13. Through jurisdictional discovery, I can supplement the existing factual basis supporting the remand of this case to state court. Jurisdictional discovery is warranted because the record currently before the court is plainly inadequate. See also Edmond, 949 F.2d at 425 (holding that, given the plaintiff's specific allegations, "it [w]as an abuse of discretion to deny jurisdictional discovery . . . .").

14. Discovery related to remand is needed to establish the citizenship of all of the partners of Upton & Hatfield and to establish when the defendants received the original complaint and amended complaint,

facts which are or can be determinative of the remand issue. These are critically important issues that must be resolved in order to determine whether this court has jurisdiction over this case. This discovery should elicit more detailed information about the defendants and I am entitled to examine the basis for the statements made by the defendants.

15. Limited discovery would reveal important facts. This includes important facts pertaining to jurisdiction. The law authorizes discovery where there is doubt about the underlying facts regarding jurisdiction and factual matters germane to a motion to dismiss. See Udeen v. Subaru of America, Inc., No. 18 17334(RBK/JS) (D.N.J. Mar. 12, 2019).

16. Jurisdiction is not only a legal question but it's also a fact question. There are certain facts that are germane to whether this court has jurisdiction. For example: Although the Donais defendants stated that the place of business for Donais Law Offices is New Hampshire, it is not clear exactly where Donais Law Offices operates as a place of business. In a document to the Attorney Discipline Office (ADO), Craig Donais avers that he has a place of business for his law practice in Massachusetts. If Donais Law Offices has a place of business in Massachusetts, then its citizenship is in question. This is contravening evidence that Craig Donais' place of business or operating activities are located in Massachusetts. This timeline should take into account the upcoming holiday period and the upcoming deadline for the amended complaint in January 2023. Discovery is needed to determine exactly the corporate setup for his law office operations. NB: Craig Donais evidently has had shadowy setups for businesses that he owns in Massachusetts with someone else placed in the front of the business, obscuring his ownership and involvement in said Massachusetts business [discovery is needed on this]. See Exhibit referencing ownership of a Massachusetts business named Bon Courage LLC, but which business registration of said business appears to obscure Craig Donais' involvement as owner of the business.

17. This further goes to whether Craig Donais's law business is hiding or obscuring is operations in Massachusetts. Discovery is needed to clarify the location and operations of Donais Law Offices. Thus, discovery is also needed to confirm the members, managers, investors, owners and/or employees of the

law business of Donais Law Offices.

18. I simply should not be required to take the defendants' word for it; neither should the court, given the dubious nature of the representations made by the Donais defendants regarding their operating activities. In addition to the above, there is further information demonstrating the need for further jurisdictional discovery in this matter as it relates to the Donais defendants.

19. Further information is needed to flesh out these statements of the defendants. This contradiction needs to be addressed and it can only be addressed via discovery. In order to resolve these factual issues, some limited discovery is needed.

20. The court should conclude that I am entitled to jurisdictional discovery, including on the issue of diversity of citizenship between the Plaintiff and Defendants.

21. This motion should be granted to allow discovery limited to jurisdictional issues regarding the citizenship of the parties. The court should defer ruling on the Motions for Remand until the end of the limited discovery period.

22. Therefore, in order to decide this issue, limited jurisdictional discovery is required and possibly even an evidentiary hearing is required (and I hereby request such a hearing).

23. Moreover, the party seeking removal bears the burden of demonstrating that removal was proper. See Steele v. Ocwen Federal Bank (In re Steele), 258 B.R. 319, 321 (D.N.H. 2001). Courts should not carry the defendant's burden of proving jurisdiction for them, or worse, shifting it onto the plaintiff. There is a need for balance and fairness in this process where if a party wants to assert diversity, they need to prove it. Doing so impermissibly lightens the defendants' burden of establishing jurisdiction. A court should not participate in a one-sided subversion of the rules.

24. It is thus evident that some limited jurisdictional discovery is reasonable and should not be denied.

25. Anderson also requests oral hearing on remand discovery.

Respectfully submitted,
/s/ Natalie Anderson
Natalie Anderson

January 21, 2026

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Natalie Anderson
Natalie Anderson
