UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251 | BISASOR v. DONAIS, et. al.

# NATALIE ANDERSON'S [EMERGENCY[1]] MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT PURSUANT TO 28 U.S.C. § 1292(b)

1. Plaintiff Natalie Anderson respectfully moves this Court, pursuant to 28 U.S.C. § 1292(b), to certify the Order Denying Motion to Remand, for immediate interlocutory appeal to the First Circuit. The Order presents controlling questions of law to which there is substantial ground for difference of opinion, and certification would materially advance the ultimate termination of this litigation by resolving dispositive jurisdictional issues that should be decided by the appellate court before further proceedings in this case.

## I. STATUTORY REQUIREMENTS FOR CERTIFICATION ARE MET

2. Section 1292(b) provides that a district court may certify an order for interlocutory appeal when: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion on the question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. All three requirements are satisfied here.

## II. THE ORDER INVOLVES CONTROLLING QUESTIONS OF LAW

3. The Court's ruling on remand presents three distinct controlling questions of law that are central to determining whether this Court possesses subject matter jurisdiction to adjudicate this case.

### A. Whether Federal Courts May Exercise Diversity Jurisdiction When Diversity Was Never Pleaded in a Timely Notice of Removal

4. The controlling question is whether a federal court may retroactively assert diversity jurisdiction over an amended complaint containing only state law claims when diversity jurisdiction was not pleaded in the original notice of removal and the thirty-day deadline for asserting alternative jurisdictional bases under 28 U.S.C. § 1446(b) has expired. This is a controlling question because it determines the very foundation of this Court's authority to hear the case. If diversity jurisdiction cannot be invoked retroactively, this Court lacks subject matter jurisdiction and must remand the case. Furthermore, the question of what must be alleged in an amended complaint in order to determine or establish diversity or diversity jurisdiction, including whether allegations of diversity at the time of filing and at the time of removal

---

[1] This is construed as an emergency because of the time-sensitive issues and implications herein.

1

must be cited, especially where the defendants completely rely on the allegations in the amended complaint, is another controlling issue that goes to the heart of the remand issue in this case.

5. The Supreme Court has never directly addressed whether a federal court may exercise diversity jurisdiction that was never pleaded within the statutory deadline. The Court's decision in Royal Canin, established that when federal question jurisdiction is eliminated through amendment, federal courts lose jurisdiction. But Royal Canin did not address whether a court can exercise a jurisdiction that was never invoked in the first place. This question is controlling because the entire jurisdictional posture of the case depends on whether retroactive assertion of diversity jurisdiction is permissible.

### B. Whether the Forum Defendant Rule Prohibits Diversity Removal When All Defendants Are Forum Defendants, Regardless of When Diversity Jurisdiction Is Asserted

6. Another controlling question is whether 28 U.S.C. § 1441(b)(2), the forum defendant rule, prohibits removal based on diversity jurisdiction when all defendants are citizens of the forum state, even if diversity jurisdiction is asserted after original removal on different grounds. This is controlling because it implicates fundamental purposes Congress built into the removal statutes, that is protecting a plaintiff's choice of forum by preventing in-forum defendants from unilaterally moving cases to federal court.

7. The First Circuit has held that removal of a diversity case by an in-forum defendant transgresses § 1441(b). Samaan v. St. Joseph Hospital, 670 F.3d 21 (1st Cir. 2012). But the circuit has not directly addressed whether forum defendant rule applies when defendants initially remove on federal question grounds and then assert diversity jurisdiction after federal question basis collapses. This question is controlling because it determines whether defendants may use federal question removal to circumvent the forum defendant rule by preserving unpleaded diversity jurisdictional theories for later invocation.

### C. Whether Royal Canin Permits Federal Courts to Retain Jurisdiction Over an Amended Complaint Containing Only State Law Claims When No Alternative Jurisdictional Basis Was Ever Properly Invoked

8. Another controlling question is whether the Supreme Court's holding in Royal Canin, that federal jurisdiction follows the operative pleading and federal courts lose jurisdiction when federal claims are eliminated, permits federal courts to exercise jurisdiction over amended complaints containing only state law claims when no alternative jurisdictional basis was ever properly asserted through timely pleading.

This is controlling because it directly implicates the constitutional limits on federal court jurisdiction and the procedures Congress established for invoking that jurisdiction.

9. Royal Canin established that when federal claims enabling removal are eliminated, federal courts lose supplemental jurisdiction over remaining state law claims. The logical corollary, that federal courts cannot exercise jurisdiction when no federally-grounded jurisdictional anchor ever existed, remains unaddressed by the Supreme Court. This question is controlling because it goes to the heart of whether this Court possesses authority to adjudicate this case.

### III. SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION EXISTS

10. There is substantial ground for difference of opinion on all 3 controlling questions, as evidenced by conflicting interpretations of removal law across and within circuits, tension between this Court's Order and Supreme Court precedent, and apparent novelty of the jurisdictional theory accepted by this Court.

#### A. Conflict with Long-Established Supreme Court Precedent

11. The Supreme Court established over 130 years ago in Jackson v. Allen, 132 U.S. 27 (1889), and Stevens v. Nichols, 130 U.S. 230 (1889), that jurisdictional defects cannot be cured through amendment after the thirty-day removal deadline expires. The Court held that when "*the citizenship of the parties...was not sufficiently shown*" in the removal petition, the defect "*cannot be cured by amendment*." Jackson v. Allen, 132 U.S. at 34. This Court's acceptance of post-hoc diversity jurisdiction arguments filed months after the statutory deadline appears to conflict with this century-old precedent.

12. Reasonable jurists could differ on whether Jackson v. Allen and Stevens v. Nichols apply to cases where diversity jurisdiction was never mentioned in the removal notice (a "missing" allegation) versus cases where diversity was pleaded imperfectly (a "defective" allegation). The Supreme Court and lower courts have not definitively resolved whether the distinction between missing and defective allegations survives Royal Canin's emphasis on jurisdiction following the operative pleading. This is a substantial ground for difference of opinion.

#### B. Tension with Royal Canin's Logic

13. While this Court cited Royal Canin for the proposition that diversity jurisdiction exists, it could be reasonably argued that Royal Canin's actual reasoning suggests a different conclusion. Diversity

jurisdiction, if it exists, was never pleaded as a basis for federal jurisdiction over that complaint. Reasonable jurists could differ on whether Royal Canin's framework permits exercise of jurisdiction that was never properly invoked through timely pleading.

### C. Conflicting Circuit Approaches to the Forum Defendant Rule

14. Different courts have interpreted the forum defendant rule's relationship to post-removal jurisdictional changes. This Court relied on Holbein v. TAW Enterprises, Inc., 983 F.3d 1049 (8th Cir. 2020), an Eighth Circuit case holding that the forum defendant rule does not strip jurisdiction after removal. However, Holbein involved a case where diversity jurisdiction was actually pleaded in the removal notice. The First Circuit has not directly addressed whether Holbein applies when diversity jurisdiction was never mentioned in the removal notice.

15. Similarly, courts differ on whether forum defendant rule applies only "*when diversity of citizenship is the sole basis for removal*" (as this Court held, relying on Clary) or whether it applies whenever all defendants are forum defendants (as First Circuit precedent in Samaan appears to suggest). This difference of opinion goes to the heart of whether defendants may use federal question removal as a vehicle to circumvent the forum defendant rule. Reasonable appellate jurists could reach different conclusions on this issue.

### D. No Definitive Supreme Court or First Circuit Authority

16. Neither the Supreme Court nor the First Circuit has directly addressed the specific fact pattern presented here: removal on federal question grounds, subsequent elimination of federal claims through amendment, and retroactive invocation of diversity jurisdiction that was never pleaded in the removal notice. The Supreme Court's Royal Canin decision left open important questions about the interaction between removal deadlines, jurisdictional pleading requirements, and the principle that jurisdiction follows the operative pleading. This gap in authority creates substantial ground for difference of opinion on how these principles should be applied.

### IV. IMMEDIATE APPEAL WOULD MATERIALLY ADVANCE ULTIMATE TERMINATION OF THIS LITIGATION

17. Immediate interlocutory appeal would materially advance the ultimate termination of this litigation by resolving foundational jurisdictional issues that determine whether this case belongs in federal or state

court. Allowing the case to proceed through discovery, motion practice, and trial in federal court when jurisdictional questions remain unresolved would create inefficiency or risk inconsistent rulings.

### A. Avoidance of Wasteful Litigation in Potentially Wrong Forum

18. If this Court lacks subject matter jurisdiction, as Plaintiff contends, every hour and dollar expended in federal court proceedings represents waste of judicial and party resources. Plaintiffs would be forced to prepare federal court filings, respond to federal rules and procedures, and potentially litigate on the merits in a forum that lacks constitutional authority to hear the case. Discovery conducted in federal court might need to be repeated if the case is eventually remanded. Dispositive motions resolved by this Court might be relitigated in state court.

19. An immediate appellate decision would avoid this waste by determining, at the threshold, whether this Court has jurisdiction. If the First Circuit agrees with Plaintiff that remand is required, the case can be sent back to state court immediately and litigation can proceed efficiently in the proper forum. If the First Circuit agrees with this Court that jurisdiction exists, Plaintiff's concerns are resolved and litigation can proceed with certainty about the forum's authority. Either way, judicial and party resources are conserved through early resolution of the jurisdictional question.

### B. Resolution of a Novel and Recurring Problem

20. The issue presented, whether federal courts may exercise retroactive diversity jurisdiction after the federal question basis for removal collapses, is not unique to this case. It involves a recurring procedural problem that will arise repeatedly when plaintiffs amend complaints to eliminate federal claims in removed cases. An early appellate resolution would establish clear precedent for district courts and practitioners, avoiding future uncertainty and inconsistent outcomes.

21. The Supreme Court's recent Royal Canin decision created new circumstances in which plaintiffs will amend complaints to eliminate federal claims after removal. Federal courts nationally will face questions about how to handle cases where federal question jurisdiction is lost and defendants attempt to assert diversity jurisdiction retroactively. This Circuit's resolution of this question would provide needed guidance, and avoid complications from district courts reaching different conclusions on the same issue.

5

### C. Efficient Case Management

22. If Plaintiff is wrong about jurisdiction and this Court has the authority to retain the case, the case will be able to proceed with various pre-trial motions, summary judgment, and ultimately trial. But if Plaintiff is right and this Court lacks jurisdiction, no further proceedings should occur in federal court. An immediate appellate resolution prevents the inefficiency of proceeding with motion practice and discovery only to have the entire federal proceeding vacated as a nullity if remand is ultimately required.

### D. Constitutional Significance of Jurisdictional Questions

23. Federal question and diversity jurisdiction go to the constitutional foundations of federal court authority under Article III. Whether courts have jurisdiction is not merely a procedural question; it is a constitutional question that should be resolved early in litigation. Once subject matter jurisdiction is established or rejected at the appellate level, the parties can proceed with confidence in the forum's authority. Allowing the case to proceed through substantial federal court proceedings while jurisdictional questions remain unresolved is inconsistent with the constitutional significance of jurisdictional limits.

## V. THIS CERTIFICATION IS APPROPRIATE GIVEN THE CIRCUMSTANCES

24. Certification is appropriate here because the jurisdictional questions are not merely important but dispositive. The case cannot meaningfully proceed until the fundamental question of this Court's authority is resolved. Moreover, the legal questions presented are novel enough that appellate guidance would benefit future litigants and district courts encountering similar removal jurisdictional problems.

25. The First Circuit's intervention at this early stage would serve important interests in judicial efficiency, consistency, and constitutional adherence to jurisdictional limits. Rather than allowing federal proceedings to advance while the jurisdictional foundation remains contested, certification would allow the appellate court to resolve the threshold issue and direct the case to its proper forum.

## VI. SPECIAL ISSUES: REMAND DISCOVERY MOTION IS PENDING

26. Plaintiff sought jurisdictional discovery to test defendants' unverified citizenship allegations, particularly regarding partners of Upton & Hatfield who practice extensively in Massachusetts and may be Massachusetts citizens. In their motions, both plaintiffs raised concerns about citizenship of the defendants, and requested jurisdictional recovery on remand citizenship issues. It was also stated that a

motion for remand discovery would be separately filed. An exhibit containing factual challenges to the diverse citizenship of the corporate defendants was attached to Anderson's motion for reconsideration of remand, showing that there are legitimate concerns about citizenship.

27. Plaintiff's Motion for Jurisdictional Discovery remains pending and demonstrates substantial questions about whether complete diversity actually exists given that multiple partners of Upton & Hatfield practice extensively in Massachusetts.

28. However, Plaintiff discovered that the Court denied reconsideration of remand this afternoon, shortly before Plaintiff's discovery motion was being submitted to the Court, and so it appears that Plaintiff may be prevented from challenging the factual predicate for diversity jurisdiction with evidence that the defendants are not completely diverse.

29. If the Court denies jurisdictional discovery, as moot, it would illustrate a procedural trap Plaintiff faces, in not having a chance to test the factual basis for diversity jurisdiction, thereby preventing Plaintiff from disproving the jurisdictional allegations defendants never properly pleaded.

30. The court's rushed ruling, without addressing or allowing jurisdictional discovery, ostensibly may further support the argument that the remand denial was erroneous. The court's quick ruling also did not provide any findings of fact or rulings of law on critical issues raised in the motions and that were identified in the motions as absent from the prior court order. This further supports the need for certification because the Court has avoided addressing these key issues, especially the question of what must be alleged in an amended complaint in order to determine or establish diversity or diversity jurisdiction, including whether allegations of diversity at the time of filing and at the time of removal must be cited, if the defendant is going to completely rely on the allegations in the amended complaint, which is a very serious question that the Court has failed to address or grapple with.

31. Furthermore, Plaintiff is not certain how the court will handle this, i.e., will it rule in the discovery motion first, and then rule on this motion for certification? Or will it rule on both at the same time?

32. Either way, the rush to deny reconsideration on the early afternoon on January 22, 2026, without

addressing the discovery issues raised in the reconsideration motions, suggests the Court might have been hasty in shutting down all challenges to the Court's jurisdiction, resulting in prevention of legitimate jurisdictional inquiry, that supports certification arguments herein.

33. The discovery motion allegations about Upton & Hatfield partners support the plaintiffs' position regarding remand to state court. These allegations create substantial ground for, and add more fuel to, differences[2] of opinion on whether diversity jurisdiction exists in this case.

## VII. CONCLUSION

34. For the foregoing reasons, Anderson respectfully requests that this Court certify the Order Denying Motion to Remand for interlocutory appeal to the United States Court of Appeals for the First Circuit pursuant to 28 U.S.C. § 1292(b). The Order involves controlling questions of law regarding whether federal courts may exercise retroactively-asserted diversity jurisdiction, whether the forum defendant rule prohibits removal in cases where all defendants are in-forum defendants, and whether Royal Canin permits federal courts to retain jurisdiction over amended complaints containing only state law claims when no alternative jurisdictional basis was ever properly invoked.

35. Substantial ground for difference of opinion exists on these questions, as evidenced by tension with Supreme Court precedent dating to 1889, the conflicting approaches of different circuits, and the absence of definitive First Circuit authority on the specific fact pattern presented. An immediate interlocutory appeal would materially advance the ultimate termination of this litigation by resolving the foundational jurisdictional issue that determines whether this case belongs in federal or state court, thereby avoiding wasteful litigation in a potentially improper forum and providing guidance to district courts and practitioners nationwide.

36. Although plaintiffs are not lawyers, it does not mean they are not right on this issue or that their interpretation of the law is incorrect. Anderson asks that the Court consider this request in full fairness and openness as if it were requested by lawyers.

---

[2] Additional issues include equitable and fairness grounds, supporting abstention, that were presented in the original motions, but were not addressed, or at minimum, not fully addressed, by the Court.

37. Wherefore, Plaintiff respectfully requests that this Court grant this motion or other such relief that is just, equitable, fair, right and proper.

Respectfully submitted,
/s/ Natalie Anderson
Natalie Anderson

January 22, 2026

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Natalie Anderson
Natalie Anderson