UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251 |BISASOR v. DONAIS, et. al.

## **PLAINTIFFS' NOTICE OF INTENT TO FILE CRITICALLY IMPORTANT MOTIONS**

1.  Plaintiffs hereby provide notice to this Court of his intent to file the following motions:

    a.  Motion to Amend the Complaint with Proposed Amended Complaint[1]

    b.  Motion for Case Management Conference on Recurring Procedural Issues Affecting the Plaintiff[2]

    c.  Motion to Submit Audio Evidence to the Court[3] and For In Camera Hearing before the Court to Establish Undisputable Evidence of Wrongdoing By Craig Donais

    d.  Motion for Limited Discovery on the Motion to Dismiss[4]

    e.  Motion to Strike Extraneous Material from Motion to Dismiss[5]

---

[1] Note: The plaintiffs recently filed a motion to amend the complaint, but it was denied for failure to comply with the local rules, which the plaintiff now seeks to cure. The plaintiff is now seeking to confer with defendants and will provide a proposed amended complaint. It is critical that the court await re-filing of this motion before addressing the motion to dismiss because the amended complaint will moot the motion to dismiss.

[2] Plaintiffs have raised several concerns of certain continuing problems for the past several months and there appears to be no way to properly address/resolve these concerns. A case management hearing is necessary to address critical procedural issues/problems that will hamper, impede or obstruct the ability of the plaintiffs to properly and effectively prosecute this case. Plaintiff is concerned that this is not being addressed or taken seriously or seriously enough. Several issues have not been addressed by the clerk office or the court. Since the clerk office seems not willing or able to address these concern/issues, then the plaintiff has no choice but to seek a case management conference with the court. Note: It does not have to be called a case management conference. It could be called a "procedural issues" hearing or an administrative issues hearing. It does not matter what it is called, what matters is the function of it to address critical problems that the plaintiff have been facing.

[3] This motion is necessary because Plaintiff Bisasor contends that it will prove the dishonesty of Craig Donais and directly goes to both establishing the undisputed grounds for partial summary judgment as well as defense against early dismissal. Plaintiff Bisasor has evidence that is so explosive in nature that it will completely unravel defenses of defendant Donais. It will establish his conclusive guilt/liability of wrongdoing that will be undeniable to this court once the court reviews this evidence. It goes to his integrity and honesty as a lawyer, and it will shock the court as to the highly egregious blatant bareface and unrepentant lies the defendant Donais has been propounding publicly. Surely, the court as an institution of truth has interest in the truthfulness of lawyers before it. Further, also, because the evidence involves protected privilege, it cannot be submitted publicly and must be done in camera before the court. However, there is no way for plaintiffs to submit audio evidence to the court without permission or instruction from the court.

[4] This motion is necessary because the defendants' motion to dismiss assert several issues of disputed fact and make several assertions of fact that go beyond the complaint. Further, the defendants have invoked certain arguments that require discovery. Plaintiffs have also asserted objection argument that implicate the need for discovery. It would be unfair to rush to dismissal decision without allowing plaintiffs a fair opportunity to defend against dismissal. This motion will lay out the facts supporting this request, but plaintiffs need an opportunity to do so.

[5] This motion is necessary because the defendants' motion to dismiss make several assertions of fact that go beyond the complaint. This extraneous material should be stricken so that plaintiffs are not forced to respond to such illicit material or to prejudice themselves by addressing material that they should not be required to address, thereby themselves introducing the very issues that they contend needs to be stricken, thus creating a catch 22 conundrum, It would be unfair to rush to dismissal decision without informing the plaintiffs as to whether such extraneous information will be stricken or not considered by the court. This motion will lay out the facts supporting this request, but plaintiffs need an opportunity to do so.

    f. Motion to Convert to Summary Judgment Based on Extraneous Material from Motion to Dismiss and Based on Disputed Facts in the Motion to Dismiss[6]

    g. Motion to Stay Decision on the Motion to Dismiss Pending Resolution of Discovery on Motion to Dismiss, Pending Hearing on the Motion to Dismiss, and Pending Resolution of Other Related Motions[7]

    h. Motion for Hearing on the Motion to Dismiss[8]

    i. Motion to Stay Proceedings Pending Parallel Related State Court Case[9]

    j. Motion to Reconsider Certification of Appealability[10]

    k. Motion for Partial Summary Judgment on Plaintiff's Claims Including Breach of Fiduciary Duty, Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing.[11]

    l. Motion to Disqualify Counsel for the Donais Defendants[12]

---

[6] This motion is necessary because the defendants' motion to dismiss assert several issues of disputed fact and make several assertions of fact that go beyond the complaint and if the court is not going to strike the extraneous information or the assertions of disputed fact, then the matter must be converted to one for summary judgment in accordance with the rules and to protect the rights of the plaintiffs. It would be unfair to rush to dismissal decision without allowing plaintiffs a fair opportunity to defend against dismissal. This motion will lay out facts supporting this request, but plaintiffs need an opportunity to do so.

[7] The defendants' motion to dismiss assert several issues of disputed fact and make several assertions of fact that go beyond the complaint. Further, the defendants have invoked certain arguments that require discovery. Plaintiffs have also asserted objection argument that implicate the need for discovery. It would be unfair to rush to dismissal decision without allowing plaintiffs a fair opportunity to defend against dismissal.

[8] Note. It is critical that the court await this motion before addressing the motion to dismiss because a hearing is important part of due process and being heard especially with pro se plaintiffs. Further, hearing on dispositive motions is standard practice in this court and there would be no reason to deviate from this with respect to this that contains a complex history and multiple complex legal claims the amended complaint will moot the motion to dismiss.

[9] There are complicated procedural issues with respect to the parallel state court case that likely will affect this case and these issues must be resolved before this case can proceed. Plaintiff needs an opportunity to lay this out to the court.

[10] Note: The plaintiff recently filed a motion to certify appeal to the First Circuit, but it was denied for a couple of reasons including failure to show persuasive authority for the underlying basis for remand, or something to that effect. Plaintiff will file a motion to reconsider seeking to provide the court with the persuasive grounds it states was absent from this motion. However, because of the pending motion for discovery remand, plaintiff will likely await resolution of that motion first.

[11] Plaintiffs have a right to seek partial summary judgment on facts that are undisputed at the same time the defendants seek dismissal. Plaintiffs ask the court to allow equal opportunity and weight to plaintiffs' motion which other lawyers often do in this court. It would be unfair to rush to resolve the motion to dismiss, in particular on failure to state grounds, without allowing plaintiffs a fair chance to present proof of this motion.

[12] As previously indicated, counsel for the Donais Defendants, has been using privately obtained information from sealed hearing in order to exploit the plaintiff. This needs to be addressed under seal or in a sealed hearing due to the sensitive nature of the issues. This warrants disqualification as it will prejudice the rights of the plaintiff to have a fair trial in this case.

2

    m. Motion to Recuse and Transfer Case[13]

2. This notice is provided to inform the Court and opposing counsel of the anticipated motions practice in this case. Plaintiff has sought assent from opposing counsel as to these motions by email dated January 29, 2026, but have not yet received a response.

3. While awaiting response, plaintiffs are filing this notice of intent so that the court is aware that these motions will be filed soon.

4. In light of the fact that it appears that the initial remand motion has been denied, and the pending remand discovery motion will soon be resolved, the Plaintiffs will prepare and file the above-referenced motions in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of New Hampshire. This is the first opportunity that plaintiffs will have to properly file these motions, given the current procedural posture of the case.

5. However, it is anticipated that the defendants will not agree with these motions and that they will try to persuade the court to rush this case at the expense of due process and fairness to the plaintiffs, in order to effectuate a quick and dirty windfall. It is expected that, in an attempt to seek to capitalize on their advantages as lawyers who regularly practice before this court and because we are non-lawyer outsiders who are apparently may not be popular or welcomed in this court, the defendants will try to pressure the court to be party to this imbroglio, while trying to stigmatize the plaintiffs as somehow being undeserving of equal fair treatment (the treatment that a Mitt Romney or Governor or CEO or Big Law president might receive or hat they themselves would expect to receive if the shoe were on the other foot and they were the plaintiffs in a case) and that somehow our case is somehow especially deserving of irregular practice to quickly and swiftly dismiss this case because of their say so or because of emotional reasons like they are tired of waiting and they simply don't want to have

---

[13] Plaintiff is reluctant to file such a motion but because of the continuing problems for the past several months and because there appears to be no way to address these concerns, because the court has not held a case management hearing to address critical procedural issues/problems that will hamper, impede or obstruct the ability of the plaintiffs to properly and effectively prosecute this case, then plaintiff unfortunately believes there is no choice but to seek recusal and transfer from this court.

to defend this case anymore because of prior extensions in this case or because a number of other irrelevant straw man reasons that have nothing to do with whether the plaintiffs deserve their full day in court under the law as equal citizen before this court. They will likely use dog whistles to stigmatize the plaintiffs as "the other", as "persona non grata", and use psychological manipulation and suggestive tactics to try to paint negative picture of the plaintiffs, thereby putting the plaintiffs on trial simply because they do not have a lawyer to stand as a buffer between them and the court, as the defendant do, and they will likely try to stir or inflame the sensibilities of this court using their seasoned litigation tactics to try to outmaneuver the plaintiffs. Plaintiffs pray the court will not countenance such attempts or tactics, designed ultimately to frustrate the fair administration of justice and to deprive the little guy of the right to a fair trial. The plaintiffs have strong valid claims, and they deserve their full day in court.

6. Plaintiff respectfully requests that the Court take notice of these anticipated filings, and await these filings which are procedurally relevant to any consideration of the pending Motion to Dismiss filed by Defendants.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

/s/Natalie Anderson
Natalie Anderson

This is to certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor

/s/Natalie Anderson
Natalie Anderson