UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251 | BISASOR v. DONAIS, et. al.

## PLAINTIFFS' NOTICE OF INTENT TO FILE RESPONSE TO DISCLOSURE STATEMENTS

1. Plaintiffs hereby provide notice to this Court that they are seeking further information[1] from the defendants that appear to be missing from their disclosure statements and that they intend to file a response to said disclosure statements thereafter.

2. For example, it appears that Upton & Hatfield underwent a merger with another law firm and that no partner or owner of that merged law firm appears on their disclosure list.

3. Similarly, for the Donais defendants, they have not addressed the presence or operations of Donais Law Offices in Massachusetts, which would ostensibly go to the issue of dual citizenship.

4. There are other issues as well including the date of citizenship with respect to when the case was first filed in state court.  This includes:

    a. The citizenship of all partners of Upton & Hatfield, LLP as of the date this action was first initially filed in state court including going back to 2022 and 2023;

    b. The citizenship of all current partners of Upton & Hatfield, LLP, including any new partners added through the firm's merger;

    c. Confirmation whether any partner's citizenship changed from 2022 or 2023 to the present date;

    d. Any other information required by Federal Rule of Civil Procedure 7.1(a)(2) and Local Rule 7.1.1 necessary to determine the citizenship of Upton & Hatfield, LLP for diversity jurisdiction purposes.

5. This omission of the merger information is material because diversity jurisdiction requires complete diversity between all plaintiffs and all defendants. For an LLP such as U&H, citizenship is determined by the citizenship of *all* of its partners. The merger constitutes a "later event" under Federal Rule of

---

[1] See attached.

Civil Procedure 7.1(a)(2)(B) that "could affect the court's jurisdiction under § 1332(a)," thereby triggering an obligation to file supplemental disclosures.

6. Additionally, the disclosure fails to identify the citizenship of U&H's partners *at the time the action was originally filed in state court*, and at the time of removal, which is the critical date for determining whether diversity jurisdiction existed when Defendants removed this case to federal court.

7. Similarly, the disclosure fails to address whether any partners have left the firm since the time of filing in state court or at the time of removal.

8. U&H disclosure lists ten partners but does not state:

    a. Whether all ten partners were partners of U&H at the time of filing or removal;

    b. Whether any partner joined or departed U&H since time of filing or removal;

    c. Whether any listed partner's citizenship since time of filing or removal;

    d. Whether any partner not listed on the disclosure was a partner at the time of filing or removal;

9. Because the burden is on Defendants to establish jurisdiction, and because an LLP's citizenship is determined by all of its partners, the disclosure is insufficient. Defendants must file a supplemental disclosure confirming the identity and citizenship of all U&H partners as of time of filing or removal.

10. The party asserting federal jurisdiction bears the burden of proving that jurisdiction exists. Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010); Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). For an LLP, this requires identifying the citizenship of every partner. Failure to do so is fatal to diversity jurisdiction. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

11. Here, Defendants have disclosed the citizenship of only ten partners, despite the fact that the firm evidently has more partners than that. This incomplete disclosure does not satisfy Defendants' burden.

12. Moreover, Defendants have not confirmed that the citizenship of the disclosed partners remained constant from the date of state court filing through the present. Without this confirmation, the Court cannot determine whether diversity jurisdiction existed at the time of filing.

13. If Defendants cannot or will not provide complete information demonstrating that complete diversity existed at the time of filing or removal, this case must be remanded to state court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

14. Similarly for Donais and Donais Law offices, they have not provided any information regarding the citizenship of each defendant and the partners or owners thereof at the time of filing or removal, or regarding possible dual citizenship in Massachusetts;

15. These issues have not been addressed which is relevant to remand.

16. Plaintiffs have reached out to the defendants seeking their response to the above and are awaiting their responses. See attached.

17. Once they respond, the Plaintiffs will or reserve the right to then file a response to the court with any further objections regarding the disclosure statements that go to the issue of remand discovery, along with any evidence pertaining to the diversity of citizenship issues.

18. Plaintiffs respectfully request that the Court take notice of these issues and the anticipated response filing.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

/s/Natalie Anderson
Natalie Anderson

This is to certify that a copy of the foregoing was served to the defendants in this case.
/s/ Andre Bisasor
Andre Bisasor

/s/Natalie Anderson
Natalie Anderson

## Disclosure Upton & Hatfield

From: Andre Bisasor (quickquantum@aol.com)

To: dsonneborn@preti.com

Date: Friday, January 30, 2026 at 09:33 AM EST

Dan,

Can you please let me know if the citizenship of the partners are the same when the case was first filed in state court?

Also, are there new partners on the list of partners that are missing from your list?

Andre

## Disclosure | Donais Law Office

From: Andre Bisasor (quickquantum@aol.com)

To: lsmith@morrisonmahoney.com

Date: Friday, January 30, 2026 at 09:36 AM EST

Linda:

Does Donais Law Office maintain presence or operations in MA?

Does Donais Law Office have an office or address in MA, and did Donais Law Office have an address or office in MA at the time of first filing of the case in state court?

Andre