UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251 |BISASOR v. DONAIS, et. al.

**PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO SUPPLEMENT DIVERSITY DISCLOSURES, PLAINTIFFS' MOTION TO GRANT LIMITED REMAND DISCOVERY ON DIVERSITY, AND PLAINTIFFS' RENEWED MOTION TO REMAND BASED ON INCOMPLETE JURISDICTIONAL SHOWING**

1. Plaintiffs respectfully move this Court pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 7.1.1 to require Defendants to file supplemental diversity disclosure statements addressing material gaps in the disclosures already filed. Defendants' current disclosure statements fail to establish complete diversity jurisdiction as required for federal court retention of this action. The incomplete disclosures support renewal of Plaintiffs' motion to remand to state court for lack of subject matter jurisdiction. Otherwise, it at a minimum, supports the need for limited remand discovery on obesity issues.

## I. INTRODUCTION

2. Defendants filed diversity disclosure statements on 1-26-26 and 1-29-26. However, the disclosures contain material omissions and fail to provide information necessary to determine citizenship of all parties. Specifically:

3. First, Defendant Upton & Hatfield's disclosure identifies only 10 partners, does not confirm when they became partners relative to the date this case was filed in state court or removed to federal court, and fails to address the firm's recent merger with another firm whose partners' citizenship is unidentified.

4. Second, the Donais Defendants fail to address Donais Law Offices' operations in Massachusetts or the citizenship status of Donais Law Offices when it operated across state lines.

5. Third, all disclosures fail to confirm that the identified citizens maintained their disclosed citizenship continuously from the date of filing in state court through date of removal and through the present date.

6. These omissions are material because diversity jurisdiction requires complete diversity between all plaintiffs and all defendants as of the date the action was filed in state court. Incomplete or ambiguous disclosure of party citizenship defeats jurisdiction.

## II. LEGAL STANDARD
### A. Overview

7.  Federal Rules of Civil Procedure 7.1(a)(2) require parties to disclose the citizenship of all parties and their agents or representatives. Local Rule 7.1.1 implements this requirement with specific mandates that parties file diversity disclosure statements identifying each party's citizenship and the citizenship of all owners, members, partners, or other parties to the disclosed entity.

8.  The burden of establishing diversity jurisdiction rests on the party asserting it. Here, Defendants are now asserting, for the first time, diversity jurisdiction and thus bear the burden of proving complete diversity.

9.  The party asserting federal jurisdiction must establish it with clarity and cannot rely on ambiguous or incomplete disclosures.

10. The rule further provides: "A party must file a supplemental statement promptly when any later event occurs that could affect the court's jurisdiction under § 1332(a)." Fed. R. Civ. P. 7.1(a)(2)(B).

11. The Advisory Committee Notes to the 2022 amendment goes further to explain:

    The prompt filing of a supplemental statement is important because the existence of diversity of citizenship is determined at the time of filing and may be challenged at any time. It is desirable to facilitate early determination of diversity questions to avoid the waste that results from belated discovery of a diversity-destroying citizenship.

    Fed. R. Civ. P. 7.1 advisory committee's note to 2022 amendment

### B. Citizenship of a Limited Liability Partnership

12. For diversity jurisdiction purposes, a limited liability partnership (LLP) is treated as a general partnership: the LLP is deemed a citizen of every state in which any of its partners is a citizen.

13. An LLC or LLP is a citizen of every state of which its members/partners are citizens. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see also Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010) ("For purposes of diversity jurisdiction, we have held that the citizenship of an unincorporated association is determined by the citizenship of all of its members.").

14. Accordingly, to establish complete diversity, the party asserting diversity jurisdiction must identify the citizenship of every partner of an LLP defendant.

## C. Complete Diversity and Burden of Proof

15. Diversity jurisdiction under 28 U.S.C. § 1332(a) requires "complete diversity" between all plaintiffs and all defendants, that is, no plaintiff may be a citizen of the same state as any defendant.

16. The party asserting federal jurisdiction, here, the removing defendants, bears the burden of establishing that jurisdiction exists. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The party invoking federal jurisdiction bears the burden of establishing its existence. Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010).

17. Because diversity must exist at time the action was filed (or, in removal cases, at the time the action was commenced in state court), defendants must disclose citizenship of all partners as of the time of filing.

## III. KEY ARGUMENT: SPECIFIC GAPS IN DEFENDANTS' DISCLOSURES
## A. UPTON & HATFIELD'S INCOMPLETE PARTNERSHIP DISCLOSURE
### i. Overview

18. The Upton & Hatfield disclosure identifies 10 named partners, all listed as New Hampshire citizens. However, the disclosure fails to address several material issues:

   a. **Merger and new partners**. Upton & Hatfield recently underwent a merger with another firm. The disclosure does not identify the merged firm, does not list its partners, and does not state the citizenship of any new partners added through the merger. The lack of complete partner information is fatal to the diversity disclosure. When Plaintiffs asked the defendant's counsel about this, they remained silent. This is not acceptable, and the apparent evasion and/or omission raises serious questions that have not been answered.

   b. **Partner status at time of filing and removal.** The disclosure does not state whether all 10 listed partners were partners of Upton & Hatfield at the time this case was filed in state court or at the time it was removed to federal court. Some listed partners may have joined the firm after those critical dates, while others may have departed. Citizenship at the time of filing and removal is what matters for diversity jurisdiction, not citizenship at the time of disclosure. The failure to establish continuity of partnership and citizenship is a material gap.

c. **Addition or departure of partners.** The disclosure does not state whether any listed partner joined or departed the firm since the time of filing or removal, or at any other time. If partners have left the firm, complete diversity may be lost as the successor partnership includes different members.

d. **Complete list requirement.** For a partnership or LLC, citizenship is determined by the citizenship of all partners or members. The partial list of partners is insufficient. The disclosure must list all partners, not just 10. If more than 10 partners exist, the disclosure is incomplete. If the new partners pose no problem to diversity, then why not simply and forthrightly address this issue?

19. See screenshot of one announcement of the merger below.

Upton & Hatfield, LLP and Martin, Lord & Osman, P.A. to Expand Statewide Presence



NEWS PROVIDED BY
**Upton & Hatfield ➔**
Jan 22, 2026, 10:00 ET

SHARE THIS ARTICLE

CONCORD, N.H., Jan. 22, 2026 /PRNewswire/ -- Upton & Hatfield, LLP and Martin, Lord & Osman, P.A., two of New Hampshire's premier law firms, are proud to announce that the firms have joined to bring together two of New Hampshire's oldest firms, strengthen their statewide footprint, and expand their service capabilities in key practice areas, including real estate, business law, estate planning, probate administration, tax law, and alternative dispute resolution.

20. The disclosure as currently drafted thus does not satisfy Local Rule 7.1.1's requirements.

**ii. The Merger Is a "Later Event" That Triggers the Duty to File a Supplemental Disclosure Under Rule 7.1(a)(2)(B)**

21. Federal Rule 7.1(a)(2)(B) explicitly requires a party to file a supplemental statement promptly when any later event occurs that could affect the court's jurisdiction under § 1332(a)." Fed. R. Civ. P. 7.1(a)(2)(B).

22. The addition of new partners changes the citizenship profile of the LLP and, accordingly, "could affect" whether complete diversity exists. If any of the three new partners is a citizen of Massachusetts, diversity jurisdiction is destroyed, because Plaintiffs are Massachusetts citizens.

23. Even if all new partners are New Hampshire citizens, the merger still qualifies as a "later event" because it could have affected jurisdiction, and the rule imposes a duty to disclose so that the Court can make an informed jurisdictional determination without delay.

24. As the Advisory Committee Notes emphasizes, "it is desirable to facilitate early determination of diversity questions to avoid the waste that results from belated discovery of a diversity-destroying citizenship." Fed. R. Civ. P. 7.1 advisory committee's note to 2022 amendment.

25. Defendants filed their disclosure statement but failed to disclose the citizenship of the new partners. This omission defeats the purpose of Rule 7.1(a)(2)(B).

26. Accordingly, Defendants must file a supplemental disclosure identifying citizenship of any new partners.

### iii. Disclosure Statement Fails to Establish Complete Diversity as of Date of State Court Filing

27. Diversity jurisdiction must exist at the time the action was filed in state court. Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 570-71 (2004) ("jurisdiction is determined at the time of filing").

28. To satisfy their burden of proof, Defendants must demonstrate that every partner of U&H was a New Hampshire citizen at the time of filing and removal. Yet the 1-29-26 disclosure does not confirm this.

29. The disclosure lists 10 partners but does not state:

    a.  Whether all 10 partners were partners of U&H at the time of filing and removal.

    b.  Whether any partner joined or departed U&H between time of filing and/or removal and present.

    c.  Whether any listed partner's citizenship changed between time of filing and/or removal and present.

    d.  Whether any partner not listed on the disclosure was a partner at the time of filing and/or removal.

30. Because the burden is on Defendants to establish jurisdiction, and because an LLP's citizenship is determined by all of its partners, the disclosure is insufficient. Defendants must file a supplemental disclosure confirming identity and citizenship of all U&H partners as of the time of complaint filing and/or removal, and through to the present.

### iv. Defendants Have Not Met Their Burden to Establish Complete Diversity

31. The party asserting federal jurisdiction bears the burden of proving that jurisdiction exists. Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010); Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

5

32. For an LLP, this requires identifying the citizenship of every partner. Failure to do so is fatal to diversity jurisdiction. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

33. Here, Defendants have disclosed the citizenship of only 10 partners, despite the fact that the firm has more partners as of the recent merger. This incomplete disclosure does not satisfy Defendants' burden.

34. Moreover, Defendants have not confirmed that the citizenship of the disclosed partners remained constant from the date of state court filing through the present. Without this confirmation, the Court cannot determine whether diversity jurisdiction existed at the time of filing.

35. If Defendants cannot or will not provide complete information demonstrating that complete diversity existed at the time of filing and/or removal, this case must be remanded to state court for lack of subject matter jurisdiction.

### v. Plaintiffs Sought Informal Clarification Before Filing This Motion

36. In accordance with Local Rule 7.1(c), Plaintiffs attempted to resolve this matter informally before filing this Motion. On 1-30-26, Plaintiffs sent the following email to counsel for the Hilliard Defendants:

> Subject: Disclosure Upton & Hatfield| Dan, Can you please let me know if the citizenship of the partners are the same when the case was first filed in state court? Also, are there new partners on the list of partners that are missing from your list? Andre

37. As of the filing of this Motion, Defendants have not responded to address this issue of the new partners. Plaintiffs should not be required to speculate about citizenship of defendants' partners or completeness of defendants' disclosures. The burden is on Defendants to provide complete/accurate information.

### B. DONAIS ENTITIES' INCOMPLETE DISCLOSURE

38. The Donais disclosure identifies Craig Donais, Mary Donais, and Donais Law Offices PLLC, all listed as New Hampshire citizens. However, material gaps exist:

   a. **Massachusetts operations and citizenship.** Donais Law Offices' operations in Massachusetts are referenced in prior filings and public documents but are not addressed in the disclosure. If Donais Law Offices operated or currently operates a Massachusetts office with Massachusetts personnel or members, this affects citizenship determination. An LLC that operates in multiple states may have

members from those states. The disclosure must clarify whether Donais Law Offices has or had members in Massachusetts at the time of filing.

b.  It should be noted that Donais Law Offices is registered in Massachusetts and Donais himself is licensed in Massachusetts, and is noted for carrying malpractice insurance in Massachusetts on the Mass BBO website. See screenshot showing Donais' Massachusetts coverage, bar number and admission date.

| | |
|---|---|
| **Admitted to the Mass. Bar**<br>Dec 18, 1996 | Covered |
| **Board of Bar Overseers Number**<br>634112 | |

c.  He first was licensed as an attorney in Massachusetts and began law practice in Massachusetts.

d.  He also has told the ADO of NH, during an attorney discipline investigation of him, based on an ethics complaint initiated by a Connecticut Superior Court judge, that he maintains a Massachusetts practice in Massachusetts.

e.  Further, he was born and raised in Massachusetts, has family in Massachusetts, lived in Massachusetts for most of his life growing up.  He went to high school in Massachusetts and went to undergrad college in Massachusetts and law school in Massachusetts.

f.  He also owns or has owned multiple businesses in Massachusetts to the present.  See screenshot below for example.

g.  Donais has gone through a lot of effort to hide his name from businesses and entities operating in Massachusetts, evidently including ownership of real property.

h.  In the screenshot below of a Radaris public records website, it shows that Donais went to high school in Attleboro, and it shows an address for Donais in Chelmsford, MA. It also shows businesses that he owns in Massachusetts.



7/23/23, 1:02 PM                                    Craig Donais Phone Number, Address, Age, Contact Info, Public Records ▷ Radaris

Bachelors, Bachelor of Arts, Economics, Political Science *1988 - 1992*
North Attleboro High School

Skills:
Civil Litigation, Litigation, Commercial Litigation, Appeals, Courts, Corporate Law, Estate Planning, Trusts, Wills, Employment Law, Real Estate, Legal Assistance, Legal Research, Nonprofits, Legal...

Languages:
English

Certifications:
Rule 170 Certified Mediator
Rule 170-A Arbitrator
Nh Judicial Branch, Office of Mediation & Arbitration

**CRAIG DONAIS PHONE NUMBERS & HOME ADDRESSES**

| Name | Address | Phone |
| --- | --- | --- |
| **Craig Donais**, age 52 | 39 Buzzell St, Manchester, NH 03104 | (603) 289-**** |
| **Craig Donais** | 15 Warren Ave, Chelmsford, MA 01824 | (978) 256-8370 |
| **Craig Donais** | Manchester, NH | (603) 647-2767 |
| **Craig J Donais** | 24 Story Dr, Gaithersburg, MD 20878 | |

**SKILLED EXPERTS AND PROFESSIONALS**

| | |
| --- | --- |
| Construction | Real Estate Manager |
| Real Estate Sales Agent | Team Member |

**CRAIG DONAIS PLACES OF EMPLOYMENT**

| Name / Title | Company / Classification | Phones & Addresses |
| --- | --- | --- |
| **Craig Donais**<br>Attorney | Getman, Stacey, Schulthess & Steere, P A<br>Legal Services Office | 1838 Elm St, Manchester, NH 03104<br>3 Executive Park Dr, Manchester, NH 03110<br>(603) 634-4300<br>Website: http://www.gss-lawyers.com |
| **Craig Donais**<br>Managing Attorney | Donais Law Offices, PLLC<br>Attorney · Family · Lawyers·Litigation · Lawyers·Estate Planning · Attorney·Wills | 444 Willow Street, Manchester, NH 03103<br>(603) 624-7100<br>Website: http://www.donaislaw.com |
| **Craig Donais**<br>Principal | Donais Bostock<br>Legal Services Office | 15 High St, Manchester, NH 03101 |
| **Craig Donais**<br>Principal | Bon Courage LLC<br>Business Services at Non-Commercial Site | 205 High Street, Newburyport, MA 01950 |

i.  There are real questions about where Donais truly operates and is a citizen of.

j.  Further, other documents show that he and his wife spend much of their time in Massachusetts including with family, recreational activities, and that he works in Massachusetts representing numerous clients in Massachusetts and appearing in Massachusetts courts.

k.  Donais cannot defeat diversity by pointing to one property he owns in New Hampshire. Full disclosure is required, including at the time of filing and of removal. Otherwise, discovery must be granted. Plaintiffs have limited resources to conduct their own discovery, to ferret out further these

facts and where they lead but something seems opaque and incomplete regarding the full picture of what is going on with Donais and his operations.

l. **Principal place of business.** An LLC's citizenship is determined by the citizenship of its members and its principal place of business. The disclosure identifies the New Hampshire principal place of business but does not clarify whether there are other significant operations or members elsewhere.

m. **Manager and member identification**. The disclosure states that "Donais Law Offices PLLC is a professional limited liability company whose manager and member reside in New Hampshire." This statement is ambiguous. Does it mean there is only one manager and one member, both in New Hampshire? Or does it mean that among multiple managers and members, the ones identified reside in New Hampshire? Has there been only one member and manager for this entity? The disclosure fails to identify all managers and members, their residences, and their citizenship. Does he operate through any other entities such that they might need to be added to this case as a necessary party?

### IV. LEGAL CONSEQUENCES OF INCOMPLETE DISCLOSURE

39. Incomplete diversity disclosures raise serious jurisdictional questions. The party asserting federal jurisdiction must establish complete diversity with specificity. Vague or incomplete disclosures do not satisfy this burden. If disclosures are ambiguous or incomplete, the presumption favors lack of diversity and remand to state court. Otherwise, at a minimum, discovery must be granted.

40. Courts have held that when a party fails to provide complete diversity information in response to disclosure requirements, the failure constitutes inadequate proof of diversity jurisdiction. The moving party bears the burden and cannot meet that burden through partial or ambiguous disclosures.

### V. CONCLUSION

41. The burden of establishing diversity jurisdiction rests on the removing party. That burden requires complete clarity about party citizenship. Defendants' disclosures do not meet this burden. Supplemental disclosures are necessary before the Court can determine with certainty that complete diversity exists. Requiring supplemental disclosure serves judicial efficiency and ensures the foundational question of jurisdiction is resolved with clarity.

## VI. PLAINTIFFS' REQUESTED RELIEF

42. Plaintiffs request that the Court require Defendants to file supplemental disclosures providing complete, specific information about party citizenship. Once supplemental disclosures are filed, Plaintiffs will have opportunity to assess whether complete diversity actually exists or whether gaps in citizenship reveal lack of diversity.

43. Specifically, Plaintiffs request that Defendants clarify:

   a. For Upton & Hatfield:

      i. Identify all partners, including any added through merger

      ii. State the citizenship of each partner including those added through merger

      iii. Confirm the citizenship status of each partner at the time of state court filing, removal, and present

      iv. Identify the merged firm and its prior partners' citizenship

      v. Explain any changes in partnership composition since the critical dates

   b. For Donais entities:

      i. Identify all members and managers of Donais Law Offices at the time of original complaint filing and of removal

      ii. State citizenship of each member and manager at time of original complaint filing and removal

      iii. Clarify operations in Massachusetts and identify any Massachusetts-based members or managers at the time of original complaint filing and of removal

      iv. Confirm the principal place of business and explain any other significant business locations

      v. Identify when the Massachusetts operations began and whether they continue

44. Otherwise, remand should be granted or at least discovery should be granted. Further, plaintiffs' request a hearing on this matter as there are several fact intensive issues that are involved, and a complicated nexus of moving facts and legal issues that are interwoven with this issue. This is critical because the court's very subject matter jurisdiction is at stake and as the advisory committee of the federal court (2022) warned, "it is desirable to facilitate early determination of diversity questions to avoid the waste

that results from belated discovery of a diversity-destroying citizenship." Fed. R. Civ. P. 7.1 advisory committee's note to 2022 amendment.

45. The plaintiffs sought to confer with the defendants on the above but have not received answers to the questions/issues identified in this motion or in the Plaintiffs' 1-30-26 notice of intent. See **Exhibit 1.** The plaintiff's 1-30-26 notice of intent is also hereby attached and incorporated into this motion.

46. WHEREFORE, Plaintiffs respectfully request that this Court:

    a.  Require Defendants to file supplemental diversity disclosure statements forthwith providing the complete information specified in this motion;

    b.  In the alternative, deem Defendants' existing diversity disclosures insufficient to establish complete diversity jurisdiction;

    c.  Renew Plaintiffs' motion to remand to state court based on failure to establish complete diversity as required by 28 U.S.C. § 1332 and § 1441(b);

    d.  Grant Plaintiffs opportunity to file supplemental briefing on the remand motion once or if supplemental disclosures are received;

    e.  Remand this case to the New Hampshire Superior Court, Hillsborough County, for lack of subject matter jurisdiction;

    f.  Otherwise, Grant limited discovery on remand/diversity issues;

    g.  Also, Grant a hearing on this motion; and Grant such othe relief as the Court deems just and proper.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

/s/Natalie Anderson
Natalie Anderson

This is to certify that a copy of the foregoing was served to the defendants in this case.
/s/ Andre Bisasor
Andre Bisasor

/s/Natalie Anderson
Natalie Anderson

# **EXHIBIT 1**

UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251 |BISASOR v. DONAIS, et. al.

**PLAINTIFFS' NOTICE OF INTENT TO FILE RESPONSE TO DISCLOSURE STATEMENTS**

1.  Plaintiffs hereby provide notice to this Court that they are seeking further information[1] from the defendants that appear to be missing from their disclosure statements and that they intend to file a response to said disclosure statements thereafter.

2.  For example, it appears that Upton & Hatfield underwent a merger with another law firm and that no partner or owner of that merged law firm appears on their disclosure list.

3.  Similarly, for the Donais defendants, they have not addressed the presence or operations of Donais Law Offices in Massachusetts, which would ostensibly go to the issue of dual citizenship.

4.  There are other issues as well including the date of citizenship with respect to when the case was first filed in state court.  This includes:

    a.  The citizenship of all partners of Upton & Hatfield, LLP as of the date this action was first initially filed in state court including going back to 2022 and 2023;

    b.  The citizenship of all current partners of Upton & Hatfield, LLP, including any new partners added through the firm's merger;

    c.  Confirmation whether any partner's citizenship changed from 2022 or 2023 to the present date;

    d.  Any other information required by Federal Rule of Civil Procedure 7.1(a)(2) and Local Rule 7.1.1 necessary to determine the citizenship of Upton & Hatfield, LLP for diversity jurisdiction purposes.

5.  This omission of the merger information is material because diversity jurisdiction requires complete diversity between all plaintiffs and all defendants. For an LLP such as U&H, citizenship is determined by the citizenship of *all* of its partners. The merger constitutes a "later event" under Federal Rule of

---

[1] See attached.

1

Civil Procedure 7.1(a)(2)(B) that "could affect the court's jurisdiction under § 1332(a)," thereby triggering an obligation to file supplemental disclosures.

6.  Additionally, the disclosure fails to identify the citizenship of U&H's partners *at the time the action was originally filed in state court*, and at the time of removal, which is the critical date for determining whether diversity jurisdiction existed when Defendants removed this case to federal court.

7.  Similarly, the disclosure fails to address whether any partners have left the firm since the time of filing in state court or at the time of removal.

8.  U&H disclosure lists ten partners but does not state:

    a.  Whether all ten partners were partners of U&H at the time of filing or removal;

    b.  Whether any partner joined or departed U&H since time of filing or removal;

    c.  Whether any listed partner's citizenship since time of filing or removal;

    d.  Whether any partner not listed on the disclosure was a partner at the time of filing or removal;

9.  Because the burden is on Defendants to establish jurisdiction, and because an LLP's citizenship is determined by all of its partners, the disclosure is insufficient. Defendants must file a supplemental disclosure confirming the identity and citizenship of all U&H partners as of time of filing or removal.

10. The party asserting federal jurisdiction bears the burden of proving that jurisdiction exists. Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010); Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). For an LLP, this requires identifying the citizenship of every partner. Failure to do so is fatal to diversity jurisdiction. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

11. Here, Defendants have disclosed the citizenship of only ten partners, despite the fact that the firm evidently has more partners than that. This incomplete disclosure does not satisfy Defendants' burden.

12. Moreover, Defendants have not confirmed that the citizenship of the disclosed partners remained constant from the date of state court filing through the present. Without this confirmation, the Court cannot determine whether diversity jurisdiction existed at the time of filing.

13. If Defendants cannot or will not provide complete information demonstrating that complete diversity existed at the time of filing or removal, this case must be remanded to state court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

14. Similarly for Donais and Donais Law offices, they have not provided any information regarding the citizenship of each defendant and the partners or owners thereof at the time of filing or removal, or regarding possible dual citizenship in Massachusetts;

15. These issues have not been addressed which is relevant to remand.

16. Plaintiffs have reached out to the defendants seeking their response to the above and are awaiting their responses. See attached.

17. Once they respond, the Plaintiffs will or reserve the right to then file a response to the court with any further objections regarding the disclosure statements that go to the issue of remand discovery, along with any evidence pertaining to the diversity of citizenship issues.

18. Plaintiffs respectfully request that the Court take notice of these issues and the anticipated response filing.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

/s/Natalie Anderson
Natalie Anderson

This is to certify that a copy of the foregoing was served to the defendants in this case.
/s/ Andre Bisasor
Andre Bisasor

/s/Natalie Anderson
Natalie Anderson

# Disclosure Upton & Hatfield

From:   Andre Bisasor (quickquantum@aol.com)

To:     dsonneborn@preti.com

Date:   Friday, January 30, 2026 at 09:33 AM EST

Dan,

Can you please let me know if the citizenship of the partners are the same when the case was first filed in state court?

Also, are there new partners on the list of partners that are missing from your list?

Andre

## Disclosure | Donais Law Office

From:   Andre Bisasor (quickquantum@aol.com)

To:   lsmith@morrisonmahoney.com

Date:   Friday, January 30, 2026 at 09:36 AM EST

Linda:

Does Donais Law Office maintain presence or operations in MA?

Does Donais Law Office have an office or address in MA, and did Donais Law Office have an address or office in MA at the time of first filing of the case in state court?

Andre