UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Andre Bisasor and Natalie Anderson</u>

      v.                                                        Civil No. 25-cv-251-SE

<u>Craig S. Donais, et al.</u>

## CASE MANAGEMENT ORDER

Plaintiffs Andre Bisasor and Natalie Anderson have indicated a "notice of intent to file critically important motions." Doc. no. 87. In that filing, they list 13 motions that they intend to submit: (1) a motion to amend their complaint, (2) a motion for a case management conference, (3) a motion to submit audio evidence to "establish undisputable evidence of wrongdoing by one of the defendants, (4) a motion for limited discovery on the defendants' motion to dismiss, (5) a motion to strike extraneous material from the defendants' motion to dismiss, (6) a "motion to convert to summary judgment based on extraneous material from motion to dismiss and based on disputed facts in the motion to dismiss," (7) a motion requesting that the court refrain from ruling on the defendants' motions to dismiss pending resolution of the plaintiffs' impending motions, (8) a motion for a hearing on the motion to dismiss, (9) a motion to stay proceedings pending in a parallel related state court case, (10) a motion to reconsider the court's denial of their motion for a certification of appealability, 11) a motion for partial summary judgment on the plaintiffs' claims, 12) a motion to disqualify defendants' counsel, and (13) a motion to recuse and transfer the case. Since that filing, they have filed two of the anticipated motions: a motion to compel the defendants to supplement their diversity disclosures (doc. no. 89) and a motion for a hearing on the pending motion to dismiss (doc. no. 90).

Not including their requests to participate in electronic filing, the plaintiffs have filed more than 35 motions in this case, many of which were mislabeled as "emergency" motions. The

plaintiffs' excessive and often redundant filings have served to delay addressing the plaintiffs' claims on their merits. In light of the plaintiffs' repeated filings and their recent indication of their intent to file several new motions which will only further delay resolution of this case, the court issues the following case-specific Case Management Order in this matter in an effort to assist the court in managing its docket and bringing this matter to an expeditious resolution:

1. The plaintiffs will be allowed to file the following documents in this matter without first seeking the court's permission:

   A. A **single** motion to amend their complaint, to be filed no later than February 23, 2026, which complies with the court's local rules, including LR 15.1.

   B. Documentation from a medical provider substantiating Bisasor's representations in his prior request for an extension of time, which shall be sealed at Level II. Bisasor failed to file such medical documentation, which he had offered to do in his motion, by the court's January 21, 2026 deadline. Bisasor shall file such medical documentation no later than February 23, 2026, or the court will conclude that he made a knowing and intentional misrepresentation to the court and may impose sanctions.

2. In addition to the documents listed above, each plaintiff will be allowed to file the following documents in this matter without seeking prior leave of court:

   A. a **single** objection to any motion filed by any other party, other than a motion for summary judgment, no later than fourteen days after the date of service of such motion;

   B. a **<u>single</u>** objection to any motion for summary judgment filed by any other party, no later than thirty days after service of such motion, <u>see</u> LR 7.1(b);

   C. a **<u>single</u>** motion to reconsider any order issued by the court in this matter, no later than fourteen days after the date such order is issued, <u>see</u> LR 7.2(d);

   D. a motion to extend any deadline in this matter, not to exceed three pages, provided the motion is filed prior to the deadline they seek to extend. Given the excessive number of requests for extensions of time that the plaintiffs have filed in this case, the court will grant such a motion only in extraordinary circumstances. Any such motion shall include a declaration, made under the penalty of perjury, explaining the circumstances that the plaintiffs believe justify the extension. <u>See</u> 28 U.S.C. § 1746.

 3. Other than the filings specifically listed in Paragraphs 1(A)-(B) and 2(A)-(D) of this Case Management Order, the plaintiffs may not file any motion, objection, response, reply, surreply or other document in this court, without first seeking the court's permission to file such document, in compliance with this Case Management Order.

 4. To seek the court's permission to file any motion, objection, response, reply, surreply or other document not listed in Paragraphs 1(A)-(B) and 2(A)-(D) of this Case Management Order, each plaintiff must comply with the following instructions:

   A. As to each document they wish to file, they must file a single motion, not to exceed three pages, which includes the words "Motion for Leave to File" in the title of the motion;

    B. The plaintiffs must certify, in the motion for leave to file, that the motion or document that they seek to file: (1) seeks relief that has not already been denied in this case, (2) seeks relief which is not repetitive of other filings either plaintiff has made in this case; or (3) seeks relief that the court previously denied without prejudice to the either plaintiff's ability to renew that request at a later date, but as to which the court did not make a substantive ruling on the merits of the request for relief; and

    C. The plaintiffs must attach, to the "Motion for Leave to File," a copy of the motion or document they are asking the court to allow them to file.

 5. Should the plaintiffs seek leave to file a second or subsequent motion of a type identified in Paragraphs 1(A) and/or 2(A)-(D) of this Case Management Order, raising new grounds, the "Motion for Leave to File" concerning that second or subsequent motion, in addition to the other requirements set forth above, must demonstrate good cause for their previous failure to assert the facts or argument they seek to include in the subsequent filing.

 6. Should the plaintiffs seek permission to file any motion, objection, or other document after the expiration of the deadline for filing such a document, the "Motion for Leave to File" accompanying such filing, in addition to the other requirements set forth above, must demonstrate, in a declaration made under the penalty of perjury, good cause for their failure to file the document before the deadline.

 7. The defendants need not object or respond to any of the plaintiffs' filings, motions or otherwise, unless directed to do so by the court.

8. No motion or other document, otherwise timely filed, will be deemed to be late-filed due to any delay in filing or docketing created by compliance with this Case Management Order.

9. Motions or other documents filed in violation of this Order may be summarily denied or stricken by the court. Further, the plaintiffs' failure to comply with this Order may result in the imposition of additional filing restrictions or other sanctions, including, but not limited to, monetary sanctions.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

Dated: February 9, 2026

cc: Andrew C. Bisasor, pro se
    Natalie Anderson, pro se
    Counsel of Record.