UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Andre Bisasor and Natalie Anderson</u>

     v.                                                              Civil No. 25-cv-251-SE

<u>Craig S. Donais, et al.</u>

## **ORDER**

     The plaintiffs' motion to compel the defendants to supplement their diversity disclosures (doc. no. 89) is denied in part and granted in part. As the court has previously explained, this case was properly removed on the basis of 28 U.S.C. § 1441(a), federal question jurisdiction. After removal, Mr. Bisasor amended his complaint. The amended complaint (doc. no. 13) added Ms. Anderson as a plaintiff and abandoned the federal claim. Nonetheless, the court found that it continues to have jurisdiction under 28 U.S.C. § 1332(a), diversity jurisdiction. To reach that conclusion, the court relied, in part, on the plaintiffs' amended complaint in which they allege that the defendants are all citizens of New Hampshire and that the plaintiffs are citizens of Massachusetts. After the court decided the issue, the plaintiffs began raising questions regarding the defendants' citizenship. Because the court is required to confirm jurisdiction if a potential defect exists, further limited inquiry into jurisdiction is appropriate. The court will require the defendants to supplement the record because, as the parties invoking diversity jurisdiction, the defendants carry the burden of proving it exists. Coventry Sewage Associates v. Dworkin Realty Co., 71 F.3d 1, 4 (1st Cir. 1995) (quoting Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir.1993), <u>cert</u>. <u>denied</u>, 510 U.S. 823 (1993)).

It is established law that the existence of federal diversity jurisdiction "depends on the citizenship of the parties at the time suit is filed." Dole Food Co. v. Patrickson, 538 U.S. 468, 478, (2003) (citations omitted). The First Circuit has not addressed whether the court should assess diversity at the time of the filing of the original complaint or at the time of the amended complaint when the amended complaint withdraws the claims that give rise to the federal question jurisdiction that justified removal. See BI3, Inc. v. Hamor, No. 08 CV 2384, 2011 WL 5023394, at *10 (N.D. Ill. Oct. 20, 2011) (compiling and discussing cases dealing with similar issues). Here, Ms. Anderson joined the case as a plaintiff only in the amended complaint. Out of an abundance of caution, the court will assess diversity at the time of the original complaint through the time of the amended complaint.

Any mergers, relocations, or change in members or partners subsequent to the date of the amended complaint are irrelevant. If a party changes citizenship, the parties' citizenship "at the time suit is filed [here, either June 3, 2025, or July 29, 2025, which are the dates on which Mr. Bisasor filed the original action and the plaintiffs filed their amended complaint] is the test and jurisdiction once established is not lost by a subsequent change in citizenship." Valedon Martinez v. Hospital Presbiteriano de la Comunidad, Inc., 806 F.2d 1128, 1132 (1st Cir.1986) (quoting Hawes v. Club Ecuestre El Comandante, 598 F.2d 698, 701 (1st Cir.1979)).

On or before February 23, 2026, the defendants shall submit sworn statements certifying their citizenship from June 3, 2025, through July 29, 2025. The statements should include any additional information that the defendants believe is relevant to the court's inquiry into its jurisdiction, taking into consideration the challenges the plaintiffs have raised in their filings (including but not limited to doc. nos. 88 and 89). Consistent with the case management order

also issued today, the plaintiffs are not permitted to file any response to the defendants' sworn statements unless directed to do so by the court.

    SO ORDERED.

                                           _____
                                           Samantha D. Elliott
                                           United States District Judge

Dated: February 9, 2026

cc:  Andre C. Bisasor, pro se
      Natalie Anderson, pro se
      Counsel of Record