UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251 | BISASOR v. DONAIS, et. al.

## PLAINTIFF'S MOTION FOR CORRECTION OF THE RECORD

### I. INTRODUCTION

1. Plaintiff Andre Bisasor respectfully moves this Court for an order correcting the record, as it pertains to the Court's 2-9-26 Case Management Order[1].

2. The Court's order states Bisasor "*failed to file*" medical documentation supporting his prior request for an extension of time and that if such documentation is not filed by 2-23-26, "*the court will conclude that he made a knowing and intentional misrepresentation to the court and may impose sanctions*."

3. This statement is factually incorrect. Bisasor timely submitted the medical documentation to the Court's case manager, Vincent Negron, on 1-15-26, well in advance of the 1-21-26 deadline.

4. The case manager has admitted, in writing, that he failed to process the submission.

5. The court's order was thus premised on a clerical error by the Court's own staff, not on any failure or misrepresentation by Bisasor.

### II. STATEMENT OF FACTS

6. On 1-13-26, this Court directed Bisasor to file medical documentation supporting his request for an extension of time, with such documentation to be sealed at Level II. The order stated: "*Mr. Bisasor shall file medical documentation supporting his request, which shall be sealed at Level II.*"

7. On 1-15-26, Bisasor emailed the confidential medical documentation to case manager Vincent Negron under Level II seal, stating: "*Pursuant to the court's 1-13-26 order that you attached below, I hereby submit a confidential Level II sealed filing containing medical documentation supporting my 1-12-26 confidential motion*." See <u>Exhibit A.</u> This submission was made 6 days before the 1-21-26 deadline.

---

[1] Given the special nature of this motion, and that it pertains to a correction of a prior order, it is not clear if the Court expects Bisasor to seek leave for this kind of motion. Bisasor understand that it is not necessary since falls under a class of motions related to revision to a prior court order, and thus no leave to reply. If Bisasor is mistaken, then Bisasor asks that this motion be so construed as one for leave to file. Note: This is one of many problems with the sweeping overly restrictive case management order, which Bisasor does not have time or chance to address them all in this motion.

1

8. On 2-9-26, the Court issued a Case Management Order, stating, in part, that Bisasor "*failed to file such medical documentation*" and that said documentation must be filed by 2-23-26 or else face possible negative consequences.

9. Upon reading this order, Bisasor immediately emailed the Court, the Clerk of Court Tracy Uhrin, and case manager Vincent Negron to alert them to the error and forwarded the original January 1-15-26 email as proof of timely submission and requested urgent corrective action[2].

10. Within 20 minutes, Vincent Negron replied to Bisasor, copying Tracy Uhrin, stating: "*My apologies, Mr. Bisasor. Looks like I missed your email containing the medical documentation*". See Exhibit A.

11. On 2-13-26, Tracy Uhrin, Clerk of Court, emailed Bisasor informing him that the case had been "*reassigned to Judge Elliott's other case manager, Lianne.*" Yet, although Vincent Negron was evidently removed from this case, Ms. Uhrin's email did not acknowledge the clerk's office error, did not state that any corrective order would be issued, and did not address the outstanding warning. Instead Clerk Uhrin appeared to try to change the subject to technicalities of confidential submission, notwithstanding that the Cour's order stated Bisasor should email the Clerk.

12. As of the date of this filing, no corrective order has been issued, even though Bisasor asked for a correction, in the urgent email communication to the Court and the Clerks. The warning remains on the record, and the docket continues to reflect that Bisasor failed to comply with the Court's order, when in fact there was no failure on his part, and to the extent the Court did not know about or receive the documentation that was timely submitted by Bisasor, this was entirely attributable to the Court's own case manager.

---

[2] Given the imminency of the threat of possible negative consequences and the current problems with the clerk office and the case manager, including them not providing Bisasor's important confidential filings to the judge, which signaled a substantial breakdown in the processes of the court (or the reliability and integrity thereof), this was an extraordinary situation that required direct urgent intervention with the judge, so as to ensure that no clerk personnel could block, or fail to provide, the urgent alert and attendant proof of submission of the required confidential timely filing that had been made to the judge, who was evidently poised to act on the imminent threat to Bisasor but which was based on false or incorrect premises caused by the Court's own staff.

2

## III. ARGUMENT

13. The record before this Court has material factual error that, if left uncorrected, will or may cause harm to Bisasor. The Court's 2-9-26 order states that Bisasor "*failed to file*" medical documentation, with possible suggestion he may have "*made a knowing and intentional misrepresentation to the court.*" This possible suggestion is demonstrably wrong[3].

14. Bisasor submitted the documentation on 1-15-26, a total of 6 days before the deadline. The Court's own case manager admitted to his failure in this regard as it pertains to the submission.

15. The Court's order was also hasty, and lacked the diligence, measuredness and carefulness required of any Court before jumping to such an extreme conclusion about a litigant. The Court should have checked with its own case manager first before issuing such prejudicial (or potentially prejudicial) statements about Bisasor on the record. If the case manager told the Court that no submission was made, then that further compounds the problem. Bisasor thus asks for a full accounting of what happened here, to be made on the record, for transparency purposes. Bisasor would like an accounting of this evident breakdown in the court processes, that ostensibly worked to cause him prejudice, so that this never happens again. Bisasor has a a protective/property interest in ensuring his rights are not subjected to mishandling or sabotage.

16. Federal courts are required to correct clerical errors in their records. See Fed. R. Civ. P. 60(a) (permitting correction of "*a clerical mistake or a mistake arising from oversight or omission*" at any time).

---

[3] Note: The irony is not lost here, in that this case, in its substance, involves a defendant lawyer who has engaged in serious pathological dishonesty, on an immense and far-reaching scale (based on the allegations in the complaint, which if true would be a huge scandal for NH especially where or because the NH legal establishment has reflexively sought to be protective of him and shield him from accountability, something that Judge Andrew Schulman of the Merrimack Superior Court warned of in his self-recusal from a related case that implicated his past relationship with Donais). Yet, the Court here appears to be so quick and ready to have a big "gotcha" on a medical-based request for a brief extension of time on a procedural issue in the early stages of this case. Further, when Defendants' counsel Linda Smith made clear and unambiguous misrepresentations about service of the motion to dismiss to Anderson via her email and also to her physical address, on 10-21-25 (none of which happened and both of which representations were 100% untrue), and when plaintiff requested sanctions, the Court flatly denied the motion without explanation, even though it was 100% clear that Attorney Smith had made statements that were not accurate or true when they were made to the court.

17. The Court has an obligation to ensure the accuracy of its record, particularly when the inaccuracy forms the basis for a threat of deleterious repercussions against a pro se litigant. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (noting the importance of courts maintaining the accuracy of their records).

18. The warning threat by the court is not only based factually erroneous or unfounded premise (that Bisasor "failed to file") but is deeply prejudicial. If left uncorrected, it creates a false impression on the docket. Bisasor is a pro se litigant who has acted in good faith throughout this litigation, and he should not be forced to litigate under a cloud of suspicion created by an error of the Court's own staff.

19. Furthermore, the stated "reassignment" or apparent removal of case manager Vincent Negron from the case, only 4 days after he admitted the error, without any accompanying corrective order, compounds the appearance of unfairness. While Bisasor does not know for certain the reasons for the reassignment, it is inferred that it was likely related to this episode of mishandling or failure to inform the judge of Bisasor's timely filing, especially in light of the temporal proximity[4]. Either way, the absence of any acknowledgment of the error or correction of the record leaves the matter in an untenable and prejudicial posture.

---

[4] Moreover, plaintiffs have previously raised several concerns about the clerk's office and the handling or mishandling of this case that create unfairness or the appearance of unfairness in this case, in particular as it relates to case manager Vincent Negron. Both within the case, in filings to the court, and outside of the case to the First Circuit complaint administrators. These include several complaints about case manager Vincent Negron specifically, and the Court (J. Elliott) has not addressed these concerns. The prior Chief Judge (J. McCafferty) acknowledged there was a valid concern but essentially indicated it would not be ongoing issue (implying essentially that it would be corrected). But it was not corrected and has been ongoing especially once Judge McCafferty was no longer chief judge shortly thereafter. Plaintiffs have requested a hearing to address these and other related procedural/administrative issues and problems (including also problems related to confidential ADA filings and attendant procedures), but these have been denied or ignored. If the court had simply held an administrative hearing as requested by the plaintiff, these problems would have been likely addressed from long ago. This is on top of the prior errors by the clerk office in sending important notices to the incorrect address for plaintiffs which cause significant harm to the plaintiffs when the court acted on deadlines (pertaining to certain ADA requests) that the plaintiffs were not aware and never received timely notice of. Without a hearing, these and other problems will likely continue to manifest to the prejudice of the plaintiffs, until inevitably the case is so tainted with utter unfairness that any possibility of the fair administration of this case will become impossible.

## IV. RELIEF REQUESTED[5]

20. For the foregoing reasons, Bisasor respectfully requests that this Court enter an order correcting the record to reflect that Bisasor timely submitted the medical documentation to the Court's case manager on 1-15-26, and that Bisasor was in compliance with the Court's 1-13-26 order.

21. Given the 2-23-26 deadline's imminence, Bisasor requests the Court rule expeditiously on this[6].

22. On a final note, Bisasor respectfully requests an apology from the Court. This is in the interests of accountability. The plaintiffs have been trying to tell the Court that there are problems with the Clerk's office and the handling of the case in ways that harmed, prejudiced, or even potentially sabotaged plaintiff's case or plaintiffs' rights. The Court evidently did not take these concerns seriously, instead apparently giving unfettered benefit of the doubt to its own staff. This latest episode demonstrates that plaintiff's concerns were not specious, ill-advised, or a figment of their imagination but real and palpable.

23. Furthermore, Bisasor should not have to deal with hasty, unwarranted or false misjudgments about him, his intent, his motives or his character by a sitting federal judge. It appears that this federal judge has been too quick to jump to biased or stereotypical conclusions, or has been too quick to employ a punitive heavy-handed approach with the pro se African-American plaintiffs (as evidenced by the extraordinarily punitive and restrictive case management order that was unilaterally issued without any request from the defendants, without any hearing or opportunity

---

[5] It should be further noted that, given the special nature of this motion, and that it pertains to a correction of a prior order, and given the contours of the one-sided nature of the restrictions in the order, it is not clear if the Court expects Bisasor to seek concurrence from the defendants. In fact, Bisasor does not know if the concurrence issue has been suspended altogether, especially since the Court told the defendants they do not need to respond to anything filed by the plaintiffs. This is one of many problems with the sweeping overly restrictive case management order, which Bisasor does not have time or chance to address them all in this motion, and given the imminence of the key issue raised herein.

[6] It should be noted also that Bisasor submitted a confidential (level I sealed) motion for reasonable accommodation seeking an extension of time to file amended complaint, yesterday, via the clerk's office by copying the Clerk of Court and the Clerk's Office intake email address. Bisasor received a bounce notice that Clerk Uhrin is out of office and will be for several days. So, Bisasor is alerting the Court here that such filing was submitted, so that there is no error regarding the submission of this confidential motion or the receipt thereof. Bisasor asks for expeditious ruling on that motion as well. Further, Bisasor hope to seek reconsideration of the case management order in total, with numerous issues and problems that cannot be address here. Bisasor asks that a reasonable extension of time be allowed on the filing for reconsideration of the case management order for similar reasons outlined in the confidential motion filed yesterday.

5

to be heard, or without any showing of extreme contumacious conduct by plaintiffs, especially for newly added plaintiff Anderson (who was only recently added to the case as co-plaintiff has not done any mistakes at all in this court and Anderson cannot be held to be the same person as Bisasor especially when the Court went to great pains to deny her access to e-filing on the premise that she is not Bisasor and must be individually and separately so treated), that warranted such a heavy-handed and oppressive one-sided order.

|  | Respectfully submitted, |
|---|---:|
|  | /s/ Andre Bisasor |
| Dated: February 19, 2026 | Andre Bisasor |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all parties via the Court's ECF system.

/s/ Andre Bisasor
Andre Bisasor

# **EXHIBIT A**

2/17/26, 2:06 PM
AOL Mail - RE: Urgent Alerting to the Judge of Prior Confidential Submissiom of Medical Documentation / Fw: Bisasor v. Donais et al
Case 1:25-cv-00351-SE-AJ   Document 96   Filed 02/19/26   Page 8 of 10

# RE: Urgent Alerting to the Judge of Prior Confidential Submissiom of Medical Documentation / Fw: Bisasor v. Donais et al

From: Vincent Negron (vincent_negron@nhd.uscourts.gov)

To: quickquantum@aol.com; tracy_uhrin@nhd.uscourts.gov

Date: Monday, February 9, 2026 at 09:49 AM EST

My apologies, Mr. Bisasor. Looks like I missed your email containing the medical documentation.

Thank you.

Vincent L. Negron
Case Manager
United States District Court
55 Pleasant Street
Concord, NH 03301
603-226-7733
vincent_negron@nhd.uscourts.gov



**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Monday, February 9, 2026 9:30 AM
**To:** Samantha Elliott <Samantha_Elliott@nhd.uscourts.gov>; Tracy Uhrin <Tracy_Uhrin@nhd.uscourts.gov>; Vincent Negron <Vincent_Negron@nhd.uscourts.gov>
**Subject:** Urgent Alerting to the Judge of Prior Confidential Submissiom of Medical Documentation / Fw: Bisasor v. Donais et al

**CAUTION - EXTERNAL:**

Dear Judge Elliott:

2/17/26, 2:06 PM                 AOL Mail - RE: Urgent Alerting to the Judge of Prior Confidential Submission of Medical Documentation -Fw: Bisasor v. Donais et al

Case 1:25-cv-00351-SE-AJ   Document 96   Filed 02/19/26   Page 9 of 10

I saw the ruling today, which in part states:

"Documentation from a medical provider substantiating Bisasor's representations in his prior request for an extension of time, which shall be sealed at Level II. **Bisasor failed to file such medical documentation, which he had offered to do in his motion,** by the court's January 21, 2026 deadline. Bisasor shall file such medical documentation no later than February 23, 2026, or the court will conclude that he made a knowing and intentional misrepresentation to the court and may impose sanctions."

I am puzzled by this because I did email to the case clerk my confidential medical documentation under level seal II on 1-15-26. I do not understand why the judge is saying that I failed to do so. Because the order warned of sanctions regarding this issue, I take it as an urgent serious matter that requires swift correction. I am concerned that the case clerk is not handling this case properly.

It appears that the case clerk did not forward to the court this confidential filing. If this is the case, then I would like to understand why it was not presented to the judge?

So, in any event and in the abundance of caution, I am forwarding below my email submission to the case clerk of the confidential medical documentation supporting my last request for extension of time, which was submitted to the case clerk on 1-15-26 in compliance with the court's order of 1-13-26.

Can the judge please issue an order of correction stating that there was an error and I did comply with the court's order regarding providing the medical documentation supporting the last request for extension of time?

Sincerely,

Andre Bisasor


----- Forwarded Message -----

**From:** Andre Bisasor <quickquantum@aol.com>

**To:** Vincent Negron <vincent_negron@nhd.uscourts.gov>

**Sent:** Thursday, January 15, 2026 at 11:24:50 AM EST

**Subject:** Re: Bisasor v. Donais et al

> Dear Clerk Vincent,
>
> Pursuant to the court's 1-13-26 order that you attached below, I hereby submit a confidential Level II sealed filing containing medical documentation supporting my 1-12-26 confidential motion.
>
> I assume that because the court already ordered that this be sealed at level II (i.e., "Mr. Bisasor shall file medical documentation supporting his request, which shall be sealed at Level II"), that I do not need to submit another motion to seal. Please correct me if I am mistaken.
>
> Sincerely,

2/17/26, 2:06 PM AOL Mail - RE: Urgent Alerting to the Judge of Prior Confidential Submission of Medical Documentation / Fw: Bisasor v. Donais et al

Case 1:25-cv-00251-SE-AJ    Document 96    Filed 02/19/26    Page 10 of 10

Andre Bisasor

On Thursday, January 15, 2026 at 10:23:33 AM EST, Vincent Negron <vincent_negron@nhd.uscourts.gov> wrote:

Vincent L. Negron

Case Manager

United States District Court

55 Pleasant Street

Concord, NH 03301

603-226-7733

vincent_negron@nhd.uscourts.gov



**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.