UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251 |BISASOR v. DONAIS, et. al.

## **PLAINTIFF BISASOR'S MOTION FOR AN EXTENSION OF TIME TO FILE MOTION TO RECONSIDER THE COURT'S 2-9-26 ORDERS**

1. Plaintiff Bisasor respectfully requests an extension of the deadline to file a motion to reconsider the 2-9-26 orders including primarily the case management order, as well as the attendant order prohibiting plaintiffs from responding to the affidavits to be filed by defendants regarding diversity of citizenship.

2. The grounds for this request are similar to that advanced in the recent motion for reasonable accommodation filed, last week, which was granted.

3. Further, Plaintiff filed a motion to correct the record last week, and, although the court acknowledged the error, by the case manager, cited therein, the motion was still stricken for purportedly not adhering to the case management order.[1] In it, plaintiff stated the following in footnote 6 on page 5:

   > Further, Bisasor hope(s) to seek reconsideration of the case management order in total, with numerous issues and problems that cannot be address(ed) here. Bisasor asks that a reasonable extension of time be allowed on the filing for reconsideration of the case management order for similar reasons outlined in the confidential motion filed yesterday.

4. Since the motion was stricken, it appears this footnote might have been lost in translation, so to speak.

5. Plaintiff thus reiterates that request here (i.e., "…*that a reasonable extension of time be allowed on the filing for reconsideration of the case management order for similar reasons outlined in the confidential motion filed yesterday*".) as

---

[1] NB: Plaintiff is not sure where the lack of adherence occurred here, as it was a "sort of" motion to revise or "correct" the 2-9-26 order, which is in effect "a kind of" motion to reconsider, at least with respect to the specific portion of the order for which correction was sought, and furthermore, the plaintiff stated that if leave to file was in fact needed (which he was not certain of), in any event, plaintiff sought it to be construed as such (as a motion for leave to file…), in footnote 1. This is another reason, among many, why an administrative hearing is needed because several things are not clear in this order (among numerous other unresolved administrative and procedural issues) and the plaintiff is concerned he could inadvertently run afoul of the order without knowing it. This kind of problem is, for example, reflected in the court stating, in its order on the motion to correct the record, that the plaintiff improperly emailed the medical documentation, that the court requested, to case manager Vincent Negron, and not to the general clerk intake email. Yet the court's 1-13-26 order did not specify that the plaintiff was to email the clerk intake email and is not supposed to email the case manager for this case. In the past, I was told that the case manager is the key point of contact for the case and that he is an appropriate person to email, regarding matters for this case. Moreover, why is there a case manager if it is ineffective to email him, as a clerk assigned to this case. This is very confusing and the plaintiff fears there are unspoken expectations and customs, with some that are changing/evolving, that he will be held to that he is not aware of, or that has been vaguely/ambiguously communicated resulting in confusion on the plaintiff's part. Similarly, as another quick example, by no means exhaustive, plaintiff's motion to seal was denied last week, and the plaintiff is unclear what level of information is needed for motions for reasonable/ADA accommodations, or what is needed for sealing. And there are several other questions that are known to plaintiff, that time and space do not permit to be addressed here. The bottom line is that, with a case management order pending that warns of negative deleterious consequences, the plaintiff is concerned that it will only be a matter of time that, inevitably, he will be prejudiced, despite his best efforts, due to factors unknown to him or that are outside his control. Plaintiff will further explain these and other issues in a motion to reconsider the case management order but needs a reasonable time to prepare/file it. Plaintiff asks for at least until **March 16, 2026**, to do so.

its own request, so that it maybe specifically ruled upon by the Court. As it is a simple motion to extend time, filed under oath, it is in adherence to the 2-9-26 case management order.

6. Plaintiff further requests the Court liberally construe this filing, as is appropriate for a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

Dated: February 23, 2026

### VERIFICATION UNDER OATH

I, Andre Bisasor, declare under penalty of perjury that the foregoing statements of fact are true and correct to the best of my knowledge, information, and belief.

/s/ Andre Bisasor
Andre Bisasor

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all parties via the Court's ECF system.

/s/ Andre Bisasor
Andre Bisasor