UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Andre Bisasor and Natalie Anderson

      v.                                      Civil No. 25-cv-251-SE

Craig S. Donais, et al.

**ORDER**

Plaintiff Andre Bisasor seeks an extension of time to file a motion for reconsideration of the court's case management order (doc. no. 91) and its order granting in part and denying in part the plaintiffs' motion to compel the defendants to supplement their diversity disclosures (doc. no. 92). Doc. no. 100.

The plaintiffs filed their amended complaint on July 29, 2025. Doc. no. 13. The Donais Defendants moved to dismiss on October 21, 2025, (doc. no. 36) and the Hilliard Defendants moved to dismiss on December 1, 2025 (doc. no. 61). Although the court extended the deadlines for the plaintiffs to respond to those motions several times at their request, both motions to dismiss have been ripe for some time. The court is refraining from ruling on the motions in order to accommodate the plaintiffs' stated intention to file a motion requesting leave to amend their complaint. Their deadline to file that motion is March 25, 2026.[1]

---

[1] The court notes that only Bisasor filed a motion asking the court to extend the deadline to move for leave to file an amended complaint. Given the plaintiffs' pro se statuses, the court interprets the motion to request an extension of the deadline for both of the plaintiffs to file a motion for leave to file an amended complaint. The court reminds Bisasor that he is not entitled to request relief on behalf of Anderson. Nonetheless, the court imposes the same deadline upon both plaintiffs for case management purposes. Ms. Anderson will not be permitted to move for leave to file an amended complaint after March 25, 2026. Moreover, Bisasor's February 18, 2026 motion asked the court to extend the deadline "at least 30 days." The court's February 20, 2026 order granting the motion did not specify a particular deadline. It is March 25, 2026.

The plaintiffs continue to seek to litigate matters that are extraneous to their claims in this case. For example, they routinely request a case management conference and seek to file countless motions that appear to be designed to delay resolution of their claims on the merits, such as a motion for reconsideration of the court's order denying a certificate of appealability of the court's order denying the plaintiffs' motion to remand.[2]

The court will not allow further delay or entertain matters unrelated to the merits of this case until it can determine whether the plaintiffs have asserted viable claims. The plaintiffs have indicated their intent to file a motion requesting leave to amend their complaint. If they do so by the March 25, 2026 deadline, the court will consider whether to order the defendants to respond to the motion and whether to allow the plaintiffs to file a reply before ruling on the motion. If the plaintiffs fail to file by that deadline a motion requesting leave to amend that complies with the court's local rules, the court will rule on the pending motions to dismiss.[3]

Bisasor's motion for an extension of time to file a motion for reconsideration (doc. no. 100) is denied.

SO ORDERED.

Samantha D. Elliott
United States District Judge

Dated: March 5, 2026
cc: Andrew Bisasor, pro se
    Natalie Anderson, pro se
    Counsel of Record

---

[2] It is worth nothing that Bisasor previously brought nearly identical claims against many of the same defendants. See Bisasor v. Donais, et al., No. 23-cv-374 (D.N.H. June 9, 2023). Bisasor litigated that case for nearly a year, unsuccessfully challenged many of the same issues that the plaintiffs continue to challenge here, such as the existence of diversity jurisdiction, and then voluntarily dismissed all his claims without prejudice before the court ruled on the defendants' motions to dismiss.

[3] The plaintiffs have requested a hearing on the defendants' motions to dismiss. The court will consider that request after reviewing the motions and will grant a hearing if it deems it necessary to adjudicate the motions.