UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE
Andre Bisasor and Natalie Anderson v. Craig S. Donais, et al. | Civil No. 1:25-cv-00251-SE

PLAINTIFF BISASOR'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S
FEBRUARY 19, 2026 ORDER STRIKING DOC. NO. 96

1. Plaintiff Andre Bisasor respectfully moves this Court for partial reconsideration of its 2-19-26 order striking Document No. 96. This motion is filed pursuant to Paragraph 2(C) of the Court's Case Management Order (CMO) (Doc. No. 91), which permits each plaintiff to file motion to reconsider any order issued by the Court within 14 days after the date such order is issued. The 2-19-26 order was issued 10 days ago.  This motion is therefore timely filed under the CMO and requires no prior leave of court.

2. The Court's 2-19-26 order states that Document No. 96 "*does not comply with the restrictions set forth in the court's Case Management Order (doc. no. 91) and is stricken in accordance with Paragraph 9 of that order.*" The order does not identify specifically how plaintiff did not comply with the Case Management Order.

3. Plaintiff respectfully requests clarification as to the specific restriction that was not followed, so that Plaintiff can ensure proper adherence going forward.

4. However, Plaintiff submits that Document No. 96 was, in substance, a motion to reconsider a portion of the 2-9-26 Case Management Order, specifically, the factual finding in Paragraph 1(B) that Plaintiff "*failed to file such medical documentation*" by the January 21, 2026 deadline. Document No. 96 was filed on 2-9-26, exactly 10 days after the 2-9-26 order, well within the 14-day window established by Paragraph 2(C) of the Case Management Order. Under Paragraph 2(C), a motion to reconsider any order is a permitted filing that does not require prior leave of court. Plaintiff respectfully submits that Document No. 96 fell within this category of expressly authorized filings.

5. Alternatively, Footnote 1 of Document No. 96 expressly requested that the Court construe the filing as a motion for leave to file if the Court determined that leave was required. The 2-19-26 order did not address that alternative request. Plaintiff respectfully suggests the Court could have granted such leave nunc pro tunc. In any event, the key issue now is clarification of what procedural steps are necessary for Plaintiff to properly seek correction of the record regarding the medical documentation issue or any other issue going forward. NB: A motion to correct the record regarding an error the Court

acknowledges, is such a basic request that it appears confusing as to how the Court is processing things that the plaintiff writes and plaintiff is concerned about how his writings are construed.

6.  Although the Court's 2-19-26 order acknowledges that Plaintiff did in fact send the medical documentation via email to the clerk's office prior to the 1-21-26 deadline, and this acknowledgment largely resolves the substantive factual issue, however, the absence of clarity regarding how plaintiff failed to adhere to the Case Management Order creates uncertainty for Plaintiff in ensuring adherence to Court's procedures in future filings.

7.  Note: The court issued a case management order, without holding a case management conference, which normally the reverse occurs (i.e., a case management hearing is held then a case management order is issued), and so plaintiff is effectively left to fill in gaps that are not stated in the order. Further, the court has not allowed plaintiffs to be heard so that they can explain why they are requesting certain things and evidently assumed the worst without knowing the reasons).

8.  For the foregoing reasons, Plaintiff respectfully requests the Court reconsider its order striking Document No. 96, or in the alternative, clarify how plaintiff failed to adhere to the Case Management Order so that Plaintiff may know how to do so going forward.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

Dated: March 5, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon all parties via the Court's ECF system.

/s/ Andre Bisasor
Andre Bisasor