UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:25-cv-00251 |BISASOR v. DONAIS, et. al.

**PLAINTIFF ANDRE BISASOR'S MOTION UNDER RULE 59(e) TO ALTER OR AMEND THE JUDGMENT BASED ON THE DENIAL OF THE PLAINTIFFS' MOTION FOR A HEARING ON THE MOTIONS TO DISMISS (DOC. NO. 90)**

1. Plaintiff Andre Bisasor moves under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the judgment entered on September 14, 2026. The motion is directed at the part of the Court's Order of that date, Doc. No. 109, that denied the plaintiffs' motion for a hearing on the defendants' motions to dismiss, Doc. No. 90. That ruling appears in footnote 4 on page 2 of the Order and in the Conclusion on page 44. Bisasor asks the Court to set the denial aside, to hear oral argument on the motions that ended this case before the case is finally decided, and to vacate the judgment as necessary or required.

**INTRODUCTION**

2. The local rule says the Court may allow oral argument "after consideration of a written statement by a party outlining the reasons why oral argument may provide assistance to the court." The plaintiffs filed that statement. It was 41 paragraphs long and it gave the Court specific reasons tied to this case. The Court's ruling on it is one sentence in a footnote, issued 7 months later, on the same day the Court dismissed every claim and entered judgment.

3. The problem is not only that the ruling is short. It is that the ruling gives no sign that the reasons were weighed, that it came at a moment when nothing could be done about it, and that the Order which followed made the very kinds of mistakes a hearing is designed to prevent. The Court relied on a defendant's exhibit about the wrong meeting. It stated that Bisasor did not dispute points he disputed in writing. It found pleadings too vague without saying what was missing from them, when the missing details are in the complaint. It decided that plaintiffs acted in bad faith without hearing their explanation. And it ended the case without asking whether any of the problems it saw could be fixed. Each of those is the kind of thing a judge asks about at oral argument. None of them was asked about, because there was no oral argument.

4. Rule 59(e) allows the Court to alter or amend a judgment to correct a clear error or to prevent manifest injustice. Bisasor asks the Court to use that authority to do what the local rule contemplated in the first place: consider the plaintiffs' reasons for a hearing, and hold one.

## II. BACKGROUND

### A. The Court's Earlier Statement About Oral Argument

5. In the fall of 2025, Bisasor asked the Court to allow oral argument as an accommodation, Doc. No. 42, and filed medical documentation under seal in support, Doc. No. 44. On November 17, 2025, the Court entered an endorsed order stating that it intended to deny that request. The Court said the Americans with Disabilities Act does not apply to federal courts, that Bisasor had shown he could express himself in writing, and that the medical documentation supported an earlier extension of a deadline but not oral argument on the motions then pending. The order closed the subject with this sentence: "The court will consider requests for oral argument in the future on a motion-by-motion basis."

6. The plaintiffs understood that sentence as an instruction. A general request would not be granted. A request directed to a particular motion, explaining why argument on that motion would help, would be considered on its own merits. That is the request the plaintiffs made when the motions to dismiss were fully briefed.

### B. The Plaintiffs' Motion for a Hearing

7. The Donais defendants' motion to dismiss, Doc. No. 36, and the Hilliard defendants' motion to dismiss, Doc. No. 61, together ran to roughly two dozen pages of argument and attached more than 90 pages of exhibits, including meeting minutes, state court filings, and correspondence that were not part of the amended complaint. Bisasor filed written objections to both motions on January 21, 2026, Doc. Nos. 78 and 79, each with sixteen attachments of his own, including affidavits and the summary judgment record from the related Superior Court action.

8. On February 3, 2026, the plaintiffs filed their motion for a hearing on the motions to dismiss, Doc. No. 90. Anderson signed and filed it, and it was titled and written as the plaintiffs' motion. It asked for oral argument on both motions to dismiss and it explained why. It described the number of claims and defendants and the procedural history across 4 courts, and it said the defendants' account of that history was disputed. Doc. No. 90, paragraphs 3, 18 through 24. It pointed to the volume of outside material the defendants had attached and the factual arguments they built on it, and it said a hearing would help the Court decide what it could consider on a motion to dismiss. Id., paragraphs 34, 36 through 38. It listed specific misstatements in the defendants' briefs that were difficult to correct within the limits of written objections. Id., paragraphs

25 through 33. It noted that the plaintiffs are pro se, that accommodation requests remained unresolved, and that argument is a practical accommodation for a litigant who communicates better in person than through long briefs. Id., paragraphs 10 through 15, 39 through 41. And it said, carefully, that denying oral argument on a case-ending motion in this case, when such hearings are common in this District, would risk the appearance of unequal treatment. Id., paragraphs 4, 16, 17.

### C. The 7 Months That Followed

9. The Court did not rule on the hearing motion when it was filed. About 6 days later it entered a Case Management Order, Doc. No. 91, restricting what the plaintiffs could file and providing in paragraph 9 that noncompliant filings would be stricken and threatened other sanctions including monetary sanctions (which for pro se plaintiffs would be unduly burdensome and serve as an ultimate deterrent). On February 19, 2026, the Court struck one of Bisasor's motions under that paragraph. The hearing motion was neither granted nor denied nor set for oral argument, and no order indicated that the Court intended to decide the motions to dismiss on the papers. The plaintiffs, who had just been told to limit their filings, did not think it wise to file more motions asking about the status of the one that was pending. They waited.

### D. The Denial

10. The Court ruled on September 14, 2026. The ruling on the hearing motion is footnote 4 on page 2 of the Order, in full: "Anderson moved for a hearing on the defendants' motions to dismiss. Doc. no. 90. The court does not find that oral argument would 'provide assistance to the court.' LR 7.1(d). The motion is denied." The Conclusion on page 44 repeats the denial. The same Order granted both motions to dismiss, denied both motions for leave to amend, denied Bisasor's motion for recusal, and dismissed the case. Judgment entered that day.

## III. THE LEGAL STANDARD

11. Rule 59(e) permits a court to alter or amend a judgment to correct a manifest error of law or fact, to account for newly discovered evidence, or to prevent manifest injustice. Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997); Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006). It is a vehicle for pointing out what the court overlooked. The denial of the hearing motion is a proper subject for the rule because it

was folded into the final judgment, because it affected how every other issue in the case was decided, and because the Order does not show that the plaintiffs' reasons were considered.

12. Local Rule 7.1(d) provides that the Court "shall decide motions without oral argument" except as otherwise provided, and that the Court "may allow oral argument after consideration of a written statement by a party outlining the reasons why oral argument may provide assistance to the court." Rule 78(b) permits a court, by rule or order, to decide motions on the briefs. The local rule describes a process, in which the party gives reasons and the Court considers them. That process was not followed.

13. A discretionary ruling is still subject to review for whether the discretion was actually exercised. The First Circuit has described an abuse of discretion as occurring when a court ignores a material factor deserving significant weight, relies on an improper factor, or assesses the proper factors and makes a serious mistake in weighing them. A ruling that recites the governing phrase and nothing else gives no basis for anyone, including the Court itself on reconsideration, to tell which of those things happened.

## IV. THE DENIAL WAS ERROR

### A. The Reasons Given Were Not Addressed

14. The footnote denying the motion quotes the words of the local rule. It does not mention a single reason the plaintiffs gave. It does not refer to the exhibits, the procedural history, the misstatements, the pro se status of the plaintiffs, the accommodation issue, the Court's earlier statement, or the practice of other judges. A reader of the Order would not know the motion said anything at all beyond asking for a hearing. The local rule conditions the Court's decision on consideration of the party's written statement. A ruling that gives no indication the statement was read does not satisfy that condition, and it leaves the plaintiffs unable to tell whether their reasons were found wanting or simply were not reached.

### B. The Court Did Not Follow Its Own Stated Process

15. The Court told the plaintiffs in November 2025 that oral argument would be considered motion by motion. The plaintiffs followed that instruction. The result was indistinguishable from the result of the general request the Court had already turned down, except that it came in a footnote instead of an endorsed order and arrived with the judgment instead of before it. If a motion-specific request supported by detailed

reasons is treated the same way as a general one, the motion-by-motion process the Court announced did not occur. The plaintiffs were entitled to rely on what the Court said, and they did.

### C. The Timing Foreclosed Any Response

16. Had the hearing motion been denied in February or March 2026, the plaintiffs could have responded. They could have asked for reconsideration and pointed to the specific items that needed discussion. They could have asked leave to file a short supplement addressing the defendants' exhibits and the Rule 12(d) question. Anderson had not filed a separate written objection for several reasons explained elsewhere but one reason was that she was awaiting the hearing where she could explain her position. Every one of those options disappeared on September 14, 2026, because the hearing motion and the case were decided together. A ruling that a party cannot respond to is a ruling that, as a practical matter, has been placed beyond review in the district court. The Court could have ruled separately on the hearing motion at any time in 7 months. The decision to hold it until judgment is further what makes this motion necessary.

### D. The Accommodation Issue Was Left Open

17. The hearing motion stated that accommodation requests remained unresolved and that oral argument would serve as a practical accommodation. Doc. No. 90, paragraphs 14 and 15. Although the Court made the statement that the ADA technically does not apply to the federal courts, the federal judiciary has its own policy on access for litigants with disabilities, and the Court's November 2025 order itself acknowledged that requests for oral argument could be considered in the context of specific motions. The hearing motion made that request. The Order does not address it.

## V. WHY THE DENIAL MATTERED

18. Bisasor has filed a separate Rule 59(e) motion addressing the substantive errors in the Order. In this motion, Bisasor describes several of the errors pertaining to the motion for hearing, specifically, for one purpose: to show that a hearing would have prevented them, and that the denial of a hearing therefore was not harmless.

### A. The Minutes of the Wrong Meeting

19. In dismissing Count 2, the Court relied on meeting minutes attached to the Donais defendants' motion to conclude that the statements alleged in the complaint were not made at the public meeting in question. Doc. No. 109 at 33. The minutes the defendants submitted, Doc. No. 36-5, are for a session on June 2,

2023. The statements alleged in Count 2 concern a later session in 2023, and the minutes are in any event a summary that does not record every statement made. Bisasor flagged the date issue in his objection, Doc. No. 79, paragraph 58. At a hearing, the first question from the bench on Count 2 would likely have been which meeting the complaint referred to, and the answer would have made clear that the exhibit did not address it. On the papers, the exhibit was treated as settling the point.

**The Findings That Bisasor Did Not Dispute**

20. On pages 34 and 35 the Court stated that Bisasor "did not address or dispute" certain arguments and exhibits offered by the defendants, and it ruled against him on that basis. Bisasor did dispute them, in his objections and in the thirty-two attachments filed with them, including affidavits and the Superior Court summary judgment record. The Order does not mention those attachments. Whether the Court overlooked them or chose not to consider them, a hearing would have resolved the matter. The Court would have asked whether Bisasor disputed the point, and he would have said yes and pointed to where. A finding that a party did not dispute something is exactly the kind of finding that argument exists to test before it becomes part of a judgment.

**B. Outside Material Without Notice**

21. The Order relies on defense exhibits at pages 16, 33, 34 and 35 to resolve what happened, but it never says whether it was treating the motions as ones for summary judgment under Rule 12(d), and it never mentions the plaintiffs' own exhibits. Rule 12(d) requires that when matters outside the pleadings are presented and not excluded, the motion be treated under Rule 56 and all parties be given a reasonable opportunity to present pertinent material. That requirement is also about notice. A hearing is where the Court would have said what it intended to consider, and the parties would have known. Instead, the plaintiffs learned how the exhibits had been treated when they read the Order, after judgment.

**C. Vagueness Findings That the Complaint Answers**

22. The Court dismissed the fiduciary duty and implied contract claims on the ground that the amended complaint did not identify the confidential information disclosed or the people to whom it was disclosed. Doc. No. 109 at 36 and 37. Paragraph 385 of the amended complaint names the recipients, Donais's wife, his two sons, the Manchester Crime Line board, and friends on a Manchester nonprofit board, and gives

the years. Paragraphs 371 through 373 and 381 describe the information. Either the Court did not see those paragraphs or it had a concern about them it did not state. A single question at oral argument would have identified which, and the plaintiffs would have answered it. Claims were dismissed instead.

### D. A Bad Faith Finding Without Hearing the Party

23. The denial of leave to amend rests heavily on the Court's conclusion that the plaintiffs engaged in gamesmanship in their handling of the federal and state claims around removal and remand. That is a finding about Bisasor's purposes. He has an explanation, which is that he responded in good faith to the Court's own remand ruling and to its reading of Royal Canin, and that the defendants, who removed on federal question grounds and later relied on diversity, shifted positions at least as much. Whether that explanation would have persuaded the Court is not the point. The point is that a court about to find that a party acted in bad faith ordinarily lets the party speak to the question. The plaintiffs asked to. They were not allowed to, and the finding was made on the papers without their explanation being addressed. The effect was to marginalize plaintiffs from speaking in their very own case and smacks of unfair prejudice or at least does not serve the interests of justice or the appearance thereof. The plaintiffs were effectively denied their day in court after years of vigorously seeking a redress of their grievances in a court of law. Even Judge William Young of the Massachusetts Federal Court said that Bisasor's claims deserved their day in court when he transferred them to NH Federal Court after hearing and review. Plaintiffs never got that chance in this court. How would it have hurt for this court to simply allow a hearing, something which it routinely gives to parties in other cases? Further, the standard should not involve whether it would assist the court; it should be to allow the plaintiffs a fair opportunity to be fully, properly and meaningfully heard, especially with all the other restrictions on their written statements via the case management order.

### E. Dismissal Without Any Discussion of a Cure

24. The Order ends the case and denies leave to amend without considering whether the defects it identified could be cured, whether a more definite statement under Rule 12(e) would address its concerns about clarity, or whether a narrower amendment would be acceptable. Those are the questions a court ordinarily puts to a pro se party at a hearing on a motion to dismiss, so that a case is not lost for a fixable reason. They were

not put to the plaintiffs. The proposed second amended complaint, which answered the specific defects the defendants had identified, was rejected without a hearing as well.

## VI. RELIEF REQUESTED

25. Bisasor asks the Court to alter or amend the judgment as follows. First, to vacate the judgment to the extent necessary and to schedule oral argument on the motions to dismiss, Doc. Nos. 36 and 61, and on the motions for leave to file a second amended complaint, Doc. Nos. 104 and 105, before any judgment is re-entered. Second, in the alternative, to hold a hearing on the Rule 59(e) motions filed by the plaintiffs, so that the errors they identify can be addressed with the Court directly before any appeal. Third, in the further alternative, to amend the Order to state the reasons for denying Doc. No. 90, addressing the grounds the motion raised, so that the record on that ruling is complete.

26. None of this would prejudice the defendants. Local Rule 7.1(d) limits oral argument to 15 minutes a side unless the Court orders otherwise. The defendants have briefed everything they wish to say. If the Court's rulings are right, oral argument will confirm it. If they are not, the Court will have the chance to correct them without an appeal. The cost is an afternoon. The cost of not doing it is a record in which the plaintiffs' only request to be heard on the motions that ended their case was denied in a footnote without reasons.

## VII. CONCLUSION

27. The plaintiffs did what the Court told them to do. They asked for oral argument on a specific motion and gave their reasons. The Court held the request for 7 months and denied it, without reasons, in the same document that ended the case. The Order that followed contains errors a hearing would have caught. Bisasor asks the Court to vacate the judgment, to hear oral argument on the motions to dismiss and the motions to amend, and to hear oral argument on the plaintiffs' Rule 59(e) motions or to state its reasons for denying the hearing so that the record is complete.

28. Bisasor also incorporates herein Bisasor's other Rule 59E motions and Anderson's Rule 59E motions.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

October 13, 2026

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor

**CONCURRENCE**

Under Local Rule 7.1(c), Bisasor sought the defendants' concurrence in the relief requested here. On October 13, 2026, he sent counsel for the Donais defendants and counsel for the Hilliard defendants a written request by email identifying the post-judgment motions the plaintiffs intended to file, including this one, and asking for a response by 5pm. Both counsel responded indicating that their clients dd not concur.