UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR and NATALIE ANDERSON,
Plaintiffs

Vs. CASE NO.: 1:25-CV-00251

CRAIG DONAIS, RUSSELL HILLIARD, DONAIS LAW OFFICES PLLC, MARY K. DONAIS, UPTON HATFIELD and AMY MESSER,
Defendants

**DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S OPPOSITION TO PLAINTIFF ANDRE BISASOR'S MOTION TO ALTER OR AMEND JUDGMENT UNDER FEDERAL RULE CIVIL PROCEDURE RULE 59(e) (Doc. 114)**

Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC (the "Donais Defendants"), by their attorneys, hereby oppose Plaintiff Andre Bisasor's ("Plaintiff" or "Bisasor") Motion to Alter or Amend Judgment Under Federal Rule Civil Procedure Rule 59(e) ("Plaintiff's Motion"). See *Doc. 114*. The Donais Defendants request that this Honorable Court deny the Plaintiff's Motion as untimely and because Plaintiff has not demonstrated sufficient grounds under Rule 59 to alter or amend the judgment. The Donais Defendants further state as follows:

1. On October 16, 2026, Bisasor filed a 35-page document consisting of a joint motion by Bisasor and Plaintiff Natalie Anderson ("Anderson") (Bisasor and Anderson jointly "Plaintiffs"), as well as a second attached motion by Anderson. *See Doc. 114, pp. 1 and 18*[1]. The filing also includes more than 1350 pages of exhibits, which are not referenced in the motion. *Doc. 114-1 through Doc. 114-3*. In Plaintiff's Motion, Plaintiff requests that this court: (a) reinstate 16 of the 31 counts because the savings statute was misapplied, (b) grant leave to file a second amended complaint

[1] The second motion appearing at pp. 18-35 of *Doc 114* is identical to the document filed by Anderson as *Doc. 118*.

(and reconsider leave to amend), (c) vacate the dismissal of Count 31, and (d) reinstate two other counts as “defended by Bisasor’s objections”. *Doc. 114, ¶44*. The Donais Defendants object.

2. First, the motion is untimely, since it was filed on October 16, 2026, 32 days after this Court issued its judgment on September 14, 2026. *See Fed.R.Civ.P. Rule 59(b)*; see also *Docs. 109 and 110*. Bisasor claims that he had technical difficulties filing his motion. However, Anderson filed, without technical issue, a Notice of Appeal on October 14, 2026. *See Doc. 111*. Yet the instant motion was not filed for two more days. The motion was not filed within 28 days, and is untimely.

3. Next, Plaintiff does not seek to alter or amend a judgment. Rather, he asks this court to vacate the judgment of dismissal altogether with respect to 19 of the 31 counts. Rule 60 “prescribes the exclusive methods by which federal judgments may be attacked.” *George P. Reintjes Co., Inc. v. Riley Stoker Corp.*, 71 F.3d 44, 46 (1995). However, it appears “in general that the grounds for relief from judgment under Rule 60(b) may also be grounds for a new trial under Rule 59, if the motion is timely made.” *Perez-Perez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 283 (1993).

4. “Rule 60(b) invested the federal courts, in certain carefully delimited situations, with the power to ‘vacate judgments whenever such action is appropriate to accomplish justice.’” *Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transportation Co., Inc.*, 953 F.2d 17, 19 (1st Cir. 1992).

5. To the extent Plaintiff seeks Rule 59 relief, “it is very difficult to prevail on a Rule 59(e) motion. The general rule in this circuit is that the moving party must either establish a manifest error of law or must present newly discovered evidence.” *Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, fn. 2, (2005) (internal citations and quotations omitted).

6. Here, Plaintiff has not demonstrated a manifest error of law or that the judgment should be altered due to newly discovered evidence. Plaintiff’s Motion, *Doc. 114*, should be denied.

7. For all the foregoing reasons, Craig S. Donais, Mary K. Donais and Donais Law Offices PLLC, respectfully request that this Court deny the Plaintiff Andre Bisasor’s Motion to Alter or Amend Judgment Under Federal Rule Civil Procedure Rule 59(e).

WHEREFORE, this Court should deny Plaintiff's Motion.

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG DONAIS, DONAIS LAW OFFICES
PLLC and MARY K. DONAIS

Date: October 30, 2026

*/s/ Linda M. Smith*

Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
(603) 622-3400

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was this day forwarded to all counsel via the Court's ECF system.

Andre Bisasor, Pro Se
101 Middlesex Turnpike, #270
Burlington, MA 01801
quickquantum@aol.com

Natalie Anderson, Pro Se
101 Middlesex Turnpike, #270
Burlington, MA 01801
liberty_6@msn.com

Daniel R. Sonneborn, Esq.
Preti Flaherty
60 State Street, Suite 1100
Boston, MA 02109
dsonneborn@preti.com

Date: October 30, 2026

*/s/ Linda M. Smith*
Linda M. Smith



105481840.v1