UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR and NATALIE ANDERSON,
Plaintiffs

Vs. CASE NO.: 1:25-CV-00251

CRAIG DONAIS, RUSSELL HILLIARD, DONAIS LAW OFFICES PLLC, MARY K. DONAIS, UPTON HATFIELD and AMY MESSER,
Defendants

**DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S OPPOSITION TO PLAINTIFF ANDRE BISASOR'S RULE 59(e) MOTION TO ALTER OR AMEND THE JUDGMENT BASED ON THE DENIAL OF THE PLAINTIFFS' MOTION FOR A HEARING ON THE MOTION TO DISMISS (Doc. 116)**

Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC (the "Donais Defendants"), by their attorneys, hereby oppose Plaintiff Andre Bisasor's ("Plaintiff" or "Bisasor") Rule 59(e) Motion to Alter or Amend the Judgment Based on the Denial of the Plaintiffs' Motion for a Hearing on the Motion to Dismiss (Doc. No. 90) ("Plaintiff's Motion"). See *Doc. 116*. The Donais Defendants request that this Honorable Court deny the Plaintiff's Motion as an untimely motion for reconsideration, untimely under Rule 59, and because if Rule 59 applies, which it does not, Plaintiff has not demonstrated sufficient grounds under Rule 59 to warrant any alteration to this Court's decision to deny the Motion to Amend Complaint. The Donais Defendants further state as follows:

1. On October 16, 2026, Bisasor filed a 9-page document. In Plaintiff's Motion, Plaintiff requests that this court, as he does in another motion filed the same day, vacate its judgment entered on September 14, 2026. *Doc. 116, ¶1*. Specifically, Plaintiff requests that the Court "set the denial aside, [ ] hear oral argument on the motions [ ] and vacate the judgment as necessary or required." *Id*. The Donais Defendants object.

2. First, the motion is untimely, since it was filed on October 16, 2026, 32 days after this Court issued its judgment on September 14, 2026. *See Fed.R.Civ.P. Rule 59(b)*; see also *Docs. 109*

*and 110*. Bisasor claims that he had technical difficulties filing his motion. However, Anderson filed, without technical issue, a Notice of Appeal on October 14, 2026. *See Doc. 111*. Yet the instant motion was not filed for two more days. The motion was not filed within 28 days, and is untimely.

3. Next, Plaintiff in this motion, as he did in another motion, *see Doc. 114*, does not seek to alter or amend a judgment. Rather, he asks this court to vacate the judgment of dismissal altogether based upon the Court's denial of his motion for hearing. Rule 60 "prescribes the exclusive methods by which federal judgments may be attacked." *George P. Reintjes Co., Inc. v. Riley Stoker Corp.*, 71 F.3d 44, 46 (1995). However, it appears "in general that the grounds for relief from judgment under Rule 60(b) may also be grounds for a new trial under Rule 59, if the motion is timely made." *Perez-Perez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 283 (1993).

4. "Rule 60(b) invested the federal courts, in certain carefully delimited situations, with the power to 'vacate judgments whenever such action is appropriate to accomplish justice.'" *Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transportation Co., Inc.*, 953 F.2d 17, 19 (1st Cir. 1992).

5. To the extent Plaintiff seeks Rule 59 relief, "it is very difficult to prevail on a Rule 59(e) motion. The general rule in this circuit is that the moving party must either establish a manifest error of law or must present newly discovered evidence." *Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, fn. 2, (2005) (internal citations and quotations omitted).

6. Here, Plaintiff has not demonstrated a manifest error of law or that the judgment should be altered due to newly discovered evidence. Plaintiff's Motion, *Doc. 116*, should be denied.

7. To the extent his motion seeks reconsideration of this Court's denial of his Motion for a Hearing, *Doc. 90*, it is untimely. *See Local Rule 7.2(d).*

8. For all the foregoing reasons, Craig S. Donais, Mary K. Donais and Donais Law Offices PLLC, respectfully request that this Court deny the Plaintiff Andre Bisasor's Motion to Alter or Amend the Judgment Based on the Denial of the Plaintiffs' Motion for a Hearing on the Motions to Dismiss Under Federal Rule Civil Procedure Rule 59(e).

WHEREFORE, this Court should deny Plaintiff's Motion.

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG DONAIS, DONAIS LAW OFFICES PLLC and MARY K. DONAIS

Date: October 30, 2026

*/s/ Linda M. Smith*

Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
(603) 622-3400

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was this day forwarded to all counsel via the Court's ECF system.

Andre Bisasor, Pro Se
101 Middlesex Turnpike, #270
Burlington, MA 01801
quickquantum@aol.com

Natalie Anderson, Pro Se
101 Middlesex Turnpike, #270
Burlington, MA 01801
liberty_6@msn.com

Daniel R. Sonneborn, Esq.
Preti Flaherty
60 State Street, Suite 1100
Boston, MA 02109
dsonneborn@preti.com

Date: October 30, 2026

*/s/ Linda M. Smith*
Linda M. Smith