UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Andre Bisasor and Natalie Anderson

v. Civil No. 25-cv-251-SE-AJ

Craig S. Donais, et al.

ORDER

Pro se plaintiffs Andre Bisasor and Natalie Anderson brought suit against certain attorneys and law firms, a New Hampshire Superior Court Judge, and an individual, alleging various state-law claims.[1] Broadly speaking, the plaintiffs' claims arose out of certain defendants': 1) decision not to represent them in other legal matters; 2) behavior in other litigation matters; and 3) alleged private and public statements about the plaintiffs.

On September 14, 2026, the court issued an order on several pending motions. Bisasor v. Donais, No. 25-CV-251-SE, 2026 WL 2690119 (D.N.H. Sept. 14, 2026). In that order, the court denied Bisasor's motion for recusal and the plaintiffs' motions for leave to file a second amended complaint, granted the defendants' motions to dismiss and dismissed all claims, and denied Anderson's motion requesting a hearing on the defendants' motions to dismiss. Id. The clerk of court entered judgment that same day. Doc. no. 110.

---

[1] The defendants named in the amended complaint (doc. no. 13), which was the operative complaint, are Attorneys Craig Donais and Russell Hilliard, their law firms, Donais Law Offices, PLLC and Upton & Hatfield, LLP (Upton), New Hampshire Superior Court Judge Amy Messer, and Donais's wife, Mary Donais. As it did in the underlying order that is the subject of the plaintiffs' motions, the court refers to Donais, Donais Law Offices, PLLC, and Mary collectively as the "Donais Defendants."

The plaintiffs filed a notice of appeal on October 14, 2026. Doc. no. 111. Two days later, they filed five separate motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Doc. nos. 114-118. Those motions are: 1) the plaintiffs' joint motion for reconsideration of the entirety of the court's September 14, 2026 order (doc. no. 114);[2] 2) Bisasor's motion for reconsideration of the portion of the order denying the plaintiffs' motions for leave to file a second amended complaint (doc. no. 115); 3) Bisasor's motion for reconsideration of the portion of the order denying Anderson's request for a hearing (doc. no. 116); 4) Bisasor's motion for reconsideration of the portion of the order denying his motion for recusal (doc. no. 117); and 5) Anderson's motion for reconsideration of the portion of the order granting the defendants' motions to dismiss and denying the plaintiffs' motions for leave to file a second amended complaint (doc. no. 118).

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Taking into account the October 12, 2026 federal holiday, the plaintiffs' Rule 59(e) motions were due no later than October 13, 2026. They filed their motions on October 16, 2026.

The ECF entries to each of the plaintiffs' motions state:

> Re-Submitted Due to Technical Failure with PACER on October 13, 2026 | Originally Submitted on October 13, 2026 to Court via Email to the Court Clerks and Resubmitted via ECF Under Instructions from the Clerk | Accompanying Declaration of Technical Failure Per Rule AP 2.10(e) To Follow . . . .

---

[2] Doc. no. 114 includes a 16-page joint motion, an 18-page motion by Anderson also filed as doc. no. 118, and more than 1,300 pages of exhibits. See doc. nos. 114-1, 114-2 & 114-3.

Dkt. nos. 114, 115, 116, 117 & 118. And the plaintiffs communicated by email and phone with the clerk's office and the clerk of court on October 13, 2026, during which the plaintiffs represented that they were both having difficulty filing their motions electronically on that date.[3]

The plaintiffs' references to "AP 2.10(e)" in their docket entries refer to Rule 2.10(e) of the court's Supplemental Rules for Electronic Case Filing. AP 2.10(e) states:

> **Extension of Filing Deadline for Technical Failure.** If a Filing User misses a filing deadline due to an inability to file electronically as a result of a technical failure, such a failure shall constitute a condition rendering the office of the clerk of court inaccessible within the meaning of Fed. R. Civ. P. 6 and Fed. R. Crim. P. 45. In such circumstances, the Filing User may electronically or conventionally file the document, accompanied by a declaration stating the reasons for missing the deadline, no later than 12:00 noon of the first day on which the court is open for business following the original filing deadline. Jurisdictional deadlines, however, cannot be extended by the court for any reason and counsel is responsible to ensure that a document is timely filed to comply with a jurisdictional deadline.

AP 2.10(a) provides:

> A technical failure is deemed to have occurred when the court's ECF system cannot accept filings continuously or intermittently over the course of any period of time greater than one hour after 12:00 pm (noon) on a given day, excepting such periods resulting from scheduled court maintenance for which public notice was provided.

As the clerk of court noted in her emails responding to the plaintiffs' concerns, she confirmed that the court's ECF system remained operational and available to users generally on

[3] As they have done in the past, the plaintiffs attempted to effectuate their filings by emailing copies of pleadings to a member of the clerk's office. Those attempts do not constitute timely filings for two reasons. First, the motions that the plaintiffs electronically filed on October 16, 2026, are not identical to, and are often more substantial than the versions of the documents that the plaintiffs emailed to the clerk's office overnight on October 13/14, 2026. Second, the court has previously made the plaintiffs aware that they are not allowed to file documents by emailing them to the clerk's office unless the court specifically grants them permission to do so and must instead follow the court's local rules regarding filings to which every litigant in this court, pro se or otherwise, is held. Because the local rules provide an adequate procedure to remedy the alleged technical failure, the plaintiffs were required to follow it.

October 13 and October 14, 2026. Nevertheless, the plaintiffs represented in an October 14, 2026 email that they spoke with a PACER representative who purportedly confirmed that there had been a technical issue with the system reported by other users on the night of October 13, 2026.

Assuming without deciding that the plaintiffs' circumstances constitute a technical failure,[4] their motions are untimely.[5] AP 2.10 requires a filer to file either electronically or conventionally both the document and a declaration stating the reasons for missing the deadline by noon on the first business day following the deadline. Therefore, the plaintiffs' deadline for filing their motions and accompanying declarations pursuant to AP 2.10 was noon on October 14, 2026. As stated, the plaintiffs did not file their motions until October 16, 2026, and they have not filed any declarations as of the date of this order.[6] Thus, they are untimely under AP 2.10 and, consequently, under Rule 59(e).

---

[4] To reiterate, the clerk of court confirmed that ECF was operational during the relevant time period. Although the plaintiffs stated in an email to the clerk's office that they spoke with a PACER representative who informed them that the system was having issues on the night of October 13, 2026, they did not file a declaration as required under AP 2.10(e). Their circumstances would more likely appropriately fall under AP 2.10(f), which provides: "**Filing User Systems Failure.** A problem with the Filing User's systems or equipment shall not constitute a technical failure nor excuse an untimely filing. In such circumstances, however, a Filing User may file the document conventionally with a declaration explaining how the systems failure precluded filing in ECF." Therefore, their motions would be untimely under AP 2.10(f). However, because the plaintiffs insist that AP 2.10(e) applies and because their motions are untimely under that rule in any event for the reasons stated below, the court assumes for the purposes of this order only that AP 2.10(e) applies.

[5] The First Circuit has left open the question of whether Rule 59(e)'s 28-day time limit is a jurisdictional rule, which the court cannot extend, or a claim-processing rule. See White v. Kubotek Corp., No. 19-2200, 2020 WL 8270446, at *1 (1st Cir. July 20, 2020). The court follows the First Circuit's practice for the purposes of this order and "assume[s], without deciding, that Fed. R. Civ. P. 59(e)'s time limit is a non-jurisdictional, claim-processing rule."

[6] The court notes that the plaintiffs electronically filed their joint notice of appeal on October 14, 2026, and represented in an email to the clerk of court on that date that their accounts were operational.

Moreover, the defendants have objected to each of the motions on the ground, in part, that it is untimely. See doc. nos. 119-124. Assuming without deciding that the court were inclined to extend Rule 59(e)'s time limit under the circumstances and had the power to do so because it "is a non-jurisdictional, claim processing rule, '[i]f properly invoked, mandatory claim-processing rules must be enforced[.]'" White, 2020 WL 8270446 at *1 (quoting Hamer v. Neighborhood Hous. Servs. of Chicago, 138 S. Ct. 13, 17 (2017)). Therefore, the court cannot extend the deadline, the plaintiffs' motions to alter or amend the judgment are untimely, and the court denies them on that basis.

The untimeliness of the plaintiffs' motions in this case also raises a jurisdictional issue. The plaintiffs filed their notice of appeal on October 14, 2026, two days before they filed their Rule 59 motions. Because the case was already on appeal when the plaintiffs filed their motions, the court does not have jurisdiction to consider them on the merits. See Bradford-Scott Data Corp. v. Physician Computer Network, 128 F.3d 504, 505 (1st Cir. 1997).

In an abundance of caution, with deference to the standards applicable to questions of recusal, and based on the recognition that a judge may recuse sua sponte, the court reconsidered the request for recusal after reviewing Bisasor's motion for reconsideration of the portion of the order denying his motion for recusal. Doc. no. 117. It contains many arguments and allegations already considered prior to denying recusal in the September 14, 2026 order and the procedural and evidentiary issues it newly highlights do not alter my conclusion. I find that no "objective, reasonable member of the public, fully informed of all the relevant facts, would fairly question [my] impartiality." In re United States, 441 F.3d 44, 56–57 (1st Cir. 2006).

## Conclusion

For the foregoing reasons, the plaintiffs' motions for reconsideration (doc. nos. 114, 115, 116, 117, and 118) are denied.

SO ORDERED.

Samantha D. Elliott
United States District Judge

Dated: November 2, 2026

cc: Andre C. Bisasor, pro se
Natalie Anderson, pro se
Counsel of Record.